# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Michael C. Mulè – Partner**
**Direct E-Mail Address: michaelmule@mllaborlaw.com**
**Direct Dial: (516) 303-1442**

May 1, 2023

<u>**VIA ECF**</u>
Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   **RE: SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**
     **Civil Action No.  2:23-cv-02084-GRB-ST**

Dear Judge Brown:

  We submit this letter on behalf of Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp. ("Garden Dept."), 3670 Route 112 LLC ("3670 Route"), and 9 4th St. LLC ("9 4th," collectively, the "Don Defendants"), in accordance with Rule II(f) of this Court's Individual Practice Rules, to request a pre-motion conference to dismiss the Complaint of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") against the Don Defendants.

  <u>Background</u>: In January 2020, SiteOne (NYSE: SITE) purchased the assets of Garden Dept., a Long Island landscape supply company whose sole shareholder was Don. Garden Dept. and Don are subject to restrictive covenants.[1] In 1976, co-defendant Victor ("Vic") Caroleo, Don's father, founded Garden Dept. where he has continued working in the business, maintaining and developing strong relationships with customers and vendors. SiteOne operates on Long Island as the "Garden Dept." SiteOne leases real property in three locations, including Coram ("Coram Lease"), from entities owned by Don and/or Vic. SiteOne leases the Coram location from 3670 Route, 9 4th, and co-defendant Group 5 Associates, Ltd. ("Group 5," collectively, the "Coram Owners"), with co-defendant Narrow Way Realty Ltd. ("Narrow Realty"), designated as the "Landlord."

  The individual defendants became employed by SiteOne in 2020. Don and Vic were terminated without cause in October 2022. Co-defendant, Nicholas Giordano ("Giordano"), was hired by Vic for the Garden Dept. two decades ago. He managed day-to-day operations and served as branch

---

[1]Those are contained in the Asset Purchase Agreement ("APA") (Doc. No. 36-3), and there are similar covenants in Don's Employment Agreement ("Employment Agreement"), and the Employee Restricted Stock Unit Agreement ("RSUA") (Doc. Nos. 36-4 and -5). The covenants in the APA, Employment Agreement and RSUA are referred to, collectively, as the "Don Covenants." Don contends that he has abided by these covenants, and from the allegations in the Complaint, it cannot plausibly be inferred that he is in violation of them.

May 1, 2023
Page 2

manager. He was terminated in February 2023. Neither Vic nor Giordano are subject to any restrictive covenant. Either Vic or Giordano is fully capable of starting and operating a nursery on his own.

       <u>After</u> Vic was terminated without cause, he sought to make a living, and Narrow Way 2 LLC ("Narrow Way 2"), whose only member is Vic, purchased real property at 38 Yaphank Middle Island Road, Middle Island (the "Subject Property"), approximately 4 miles from SiteOne Coram. (Doc. No. 1-8 at ¶14; Doc. No. 1-9; Doc. No. 42-1,¶5). Vic planned to open a nursery there (Doc. No. 1-8 at ¶2), and Giordano planned to join him. (We note that, although Narrow Way and Vic contend that they have every right to compete against SiteOne at the Subject Property, they have abandoned their plans to do so, which should resolve any issue SiteOne has regarding the Subject Property. *See* Doc. No. 42-1,¶5.)

       <u>Motion to Dismiss</u>: The Complaint asserts 13 counts against 9 defendants in 3 categories of claims concerning: (i) the lease, (ii) Don and the Don Covenants, and (iii) Giordano.  The category of claims addressed here concerns Don and the Don Covenants.[2] As against the Don Defendants, the Complaint is masked in the following theories: breach of contract, misappropriation of trade secrets under the Defend Trade Secrets Act and common law, violation of the Computer Fraud Abuse Act ("CFFA"), unfair competition, tortious interference with business relations and contract, aiding and abetting breach of fiduciary duty, and civil conspiracy. The Complaint concludes Don *must be* acting with Vic and Giordano because Don knows them, because SiteOne conveniently claims that two or three unidentified people said Don was starting a nursery with one or the other, or because three SiteOne employees supposedly said they were going to work for "Don and Giordano." These claims are conclusory, speculative, and lack the requisite factual predicate to satisfy plausibility.

       Courts in the Second Circuit routinely dismiss claims based on these types of unsubstantiated allegations. *See, e.g.*, *Cummings v. City of NY*, No. 19-cv-7723, 2020 U.S. Dist. LEXIS 31572, at \*36 (S.D.N.Y. Feb. 24, 2020) ("entirely unsubstantiated musings of Plaintiff's unidentified colleague are not enough to raise a plausible inference"); *Quirk v. Katz*, No. 20-cv-9910, 2022 U.S. Dist. LEXIS 165373, at \*9, 30 (S.D.N.Y. Sept. 13, 2022) ("unsubstantiated double hearsay"); *Scott-Monck v. Matrix Absence Mgmt.*, No. 19 Civ. 11798, 2022 U.S. Dist. LEXIS 130700, at \*2-3, 18 (S.D.N.Y. July 22, 2022) ("overheard" conversation fails to raise a "plausible inference" of discrimination); *Gertskis v. N.Y. City Dep't of Health & Mental Hygiene*, No. 07 Civ. 2235, 2008 U.S. Dist. LEXIS 75288, at \*3 (S.D.N.Y. Sept. 29, 2008). Also, the Complaint fails to plead the necessary elements for the claims against the Don Defendants. *See* Zabell Letter for citations. Also, conclusory assertions that Don has acted "in concert" with Vic or Giordano are patently insufficient as a matter of law. *See, e.g.*, *Palmer v. City of NY*, 564 F. Supp. 3d 221, 243 (E.D.N.Y. 2021).

       Thus, the Complaint should be dismissed. We thank the Court for its attention to this matter.

       Respectfully submitted,

       MILMAN LABUDA LAW GROUP PLLC

       *Michael C. Mulè*

       Michael C. Mulè, Esq.

cc:     All counsel via ECF

---

[2] To the extent the claims against the Don Defendants concern the Coram Lease, the Court is respectfully referred to the letter submitted today by counsel for co-defendants, Saul Zabell, Esq. (the "Zabell Letter"), which the Don Defendants join in.