UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

          Plaintiff,  **REPORT AND RECOMMENDATION**

   -against-        23-CV-2084 (GRB) (ST)

NICHOLAS GIORDANO, DOMINICK
CAROLEO, VICTOR CAROLEO, NARROW
WAY REALTY, LTD., NARROW WAY
REALTY 2 LLC, THE GARDEN DEPT. CORP,
GROUP 5 ASSOCIATES, LTD., 3670 ROUTE
112 LLC and 9 4TH ST. LLC,

          Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

  Before the Court is a motion for preliminary injunction by SiteOne Landscape Supply, LLC ("SiteOne"). The above captioned defendants, hereinafter collectively referred to as "Defendants," and discussed individually below, are individuals and entities engaged in the wholesale and retail landscaping industry. SiteOne acquired Defendant's business and began operating their landscaping and nursery locations on Long Island under the Defendants' previously used business name, The Garden Department. SiteOne now alleges that Defendants are wrongfully competing against it and is seeking a preliminary injunction to enjoin such competition. At the outset, the Court notes that this Report and Recommendation is limited only to the motion for a preliminary injunction. SiteOne has brought several claims against Defendants. The Court makes no observations as to the merits of those claims except as to the extent necessary to provide this Report and Recommendation on the instant motion. For the reasons discussed below I recommend SiteOne's motion for a preliminary injunction be DENIED.

## BACKGROUND

I. **The Parties.**

SiteOne is a publicly traded company and the largest supplier of wholesale landscaping goods in the United States and Canada. ECF Nos. 13 at 3, 64 at 1.[1] Victor ("Vic") Caroleo and his son, Dominick ("Don") Caroleo have worked extensively in the landscaping industry in the Long Island region. ECF No. 13 at 4. Vic founded The Garden Department Corporation around 1976 and began doing business as The Garden Department. *Id.* The Garden Department has three wholesale and retail nursery locations in Coram, Dix Hills, and Speonk, New York. *Id*. Around 2005, the business passed to Don, who became—and remains—the sole shareholder of The Garden Department. *Id*. Nicholas ("Nick") Giordano began working for The Garden Department in the 2000s and eventually became responsible for managing the business' day-to-day operations. *Id* at 4-5.

The Caroleos also have interests in multiple other corporate entities that are parties to this suit, (collectively, with The Garden Department Corp., the "Corporate Defendants"). Narrow Way Realty, Ltd. is a New York corporation and is the appointed landlord of the parcel of land on which the Coram location of The Garden Department operates. *Id* at 5. Vic Caroleo is the CEO of Narrow Way Realty, Ltd. The land the Coram store sits on is owned by three entities: Group 5 Associates, Ltd., 3670 Route 112 LLC, and 9 4th St. LLC. *Id*. Vic is the CEO of Group 5 while Don is the sole member of both landowner LLCs. *Id*. Narrow Way 2 LLC is a New York limited liability company of which Vic Caroleo is the sole member. *Id*; ECF No. 63 at 1 n. 1.

---

[1] The briefings for the instant motion have been separated among numerous filings and letters across this docket. *See e.g.,* ECF Nos. 12-22, 36, 42, 44-45, 62-66. To avoid needless confusion, the Court will cite directly to each ECF filing simply as "ECF No. [X] at [page number]."

## II.   SiteOne Acquires The Garden Department.

On January 14, 2020, SiteOne purchased the assets of The Garden Department Corp. and began operating at its locations under the name "The Garden Department." ECF Nos. 13 at 6, 64 at 2. As part of the Asset Purchase Agreement (the "APA") Don agreed to not, directly, or indirectly:

> solicit or assist in the solicitation of, any Person employed or engaged by [SiteOne] in the Business in any capacity (as an employee, independent contractor, or other-wise) during the two year period ending on the Closing Date to terminate his or her employment or other engagement, whether or not such employment or engagement is pursuant to a Contract and whether or not such employment or engagement is at will. ECF No. 13 at 6.

Don further agreed to work as an employee of SiteOne following the acquisition of The Garden Department. *Id*. As part of the terms of that employment, Don signed a one-year non-competition covenant prohibiting him from providing the same type of services performed for SiteOne to another employer in the same business within a 75-mile radius of any of The Garden Department locations. *Id*.

Rather than purchase the real property on which The Garden Department nurseries are located, SiteOne leased the land from Narrow Way Realty, Ltd. in an agreement which is signed by Vic Caroleo as CEO of the entity. *See* ECF Nos. 13 at 9, 62 at 2, 63 at 1. That lease contains a restrictive covenant which states:

> During the Term of this Lease, Landlord shall not buy, sell, lease, license or otherwise make available any land or building either now controlled by Landlord or which becomes subject to Landlord's control after the Effective Date of this Lease within ten (10) miles of the Premises…to any person or business entity that engages in a business activity that includes the sale of landscapes, pavers, stone, concrete, or other landscape materials (including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage products, turf care products (i.e. fertilizers and control products), grass seed, and/or turf care equipment (i.e. mowers, sprayers, spreaders, turf renovators, hand-held power equipment, etc.)). This covenant shall be binding upon Landlord and Landlord's successors, assigns, or beneficiaries… ECF No. 62 at 2.

As outlined above, Narrow Way Realty Ltd. is owned by three other entities held by either Vic or Don Caroleo. Vic Caroleo did not execute any restrictive covenants on his ability to compete with SiteOne in an individual capacity, although SiteOne maintains Vic remains bound via the lease agreement. *See* ECF No. 63 at 1. Nick Giordano was offered an equity grant by SiteOne which included a non-compete provision, but he declined to sign it. ECF No. 13 at 17.

### III. Defendants Allegedly Begin Competing with SiteOne.

Both Don and Vic continued working with SiteOne until October of 2022. See ECF Nos. 13 at 17, 63 at 1. Both Don and Vic maintain they were terminated by SiteOne without cause. ECF No. 64 at 2. It was at this point that SiteOne alleges that Don, Vic, and Nick began competing against SiteOne in violation of the lease agreement, while Defendants maintain that Vic and Nick, without involvement from Don, have been lawfully conducting a new landscaping business as they are not bound by any restrictive covenants. ECF Nos. 13 at 9-21, 64 at 2.

Around November of 2022 SiteOne became aware of reports that Don had allegedly purchased a parcel of land at 38 Yaphank Middle Island Road, Middle Island, New York. ECF No. 13 at 10. SiteOne believed that Don intended to use this land to begin competing with SiteOne's operation. *Id*. However, it has since become clear to SiteOne that the parcel is owned by Narrow Way 2 LLC, whose sole member is Vic Caroleo, not Don. *See* ECF No. 62 at 2.

At the time SiteOne began having these initial suspicions, Nick was still a SiteOne employee. However, SiteOne began to receive reports that led it to conclude that Nick was working with Vic on the competing business. He allegedly did so by visiting the Middle Island property, assisting SiteOne / The Garden Department employees prepare the site to open as a competing nursery, staying onsite at SiteOne locations after hours, and removing his SiteOne desktop computer from company premises. ECF No. 13 at 12-13. These reports prompted SiteOne to hire

a private investigator who confirmed that Nick was making frequent visits to the Middle Island property during company hours. *Id* at 14. Nick was subsequently terminated by SiteOne on February 20, 2023. *Id* at 18.

SiteOne initiated this action against Defendants on March 17, 2023, alleging, *inter alia*, breach of contract, misappropriation of trade secrets, fraud, conversion, and unfair competition. ECF No. 1 at ¶¶ 103-225. On the same day, SiteOne filed a motion seeking a temporary restraining order, preliminary injunction, and expedited forensic discovery seeking to enjoin Defendants from continuing to operate a competing landscaping business. ECF Nos. 12-22. Judge Brown previously granted the temporary restraining order. *See* ECF No. 27. At a previous status conference, I denied SiteOne's request for expedited forensic discovery after finding SiteOne had failed to state a sufficient justification. ECF No. 46.

Following settlement discussions and initial discovery, the parties were able to narrow the scope of SiteOne's remaining motion for a preliminary injunction. ECF No. 53. The same discovery also prompted SiteOne to amend its complaint, which it filed on July 7, 2023. ECF No. 55. SiteOne also filed a substantially narrowed motion for preliminary injunction on July 14, 2023, basing the renewed motion solely on the theory that the lease for the Coram SiteOne location binds Vic and others personally from competing against SiteOne. ECF No. 62. Judge Brown referred the renewed motion to me for this Report and Recommendation. *See* Min. Order dated Aug. 29, 2023. Following the referral, I granted Defendants' limited request for additional briefing on the renewed motion for a preliminary injunction, which is considered in this Report and Recommendation. ECF No. 89.

# DISCUSSION

In order to succeed on a motion for a preliminary injunction a plaintiff must show: 1) that the plaintiff is likely to succeed on the merits; 2) that the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in plaintiff's favor; and 4) that an injunction is in the public interest. *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010); *Walsh v. Caribbean Island Restaurant & Bar, LLC*, 22-CV-4054 (ARR) (JST), 2022 WL 2713725, at *1 (E.D.N.Y. Jul. 13, 2022).

The typical purpose of a preliminary injunction is to preserve the status quo of the parties until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395, (1981). However, where the moving party seeks to alter the status quo, a higher standard of proof applies. *VOX Amplification Ltd v. Meussdorffer*, 50 F.Supp.3d 355, 370 (E.D.N.Y. 2014). In such a case a party "seek[ing] a preliminary injunction that will alter the status quo must demonstrate a 'substantial' likelihood of success on the merits." *New York Progress and Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013).

SiteOne is seeking to change the current status of the parties by halting Vic and Nick's operation of a competing landscaping business. Therefore, the heightened standard applies. Examining each of the four factors, SiteOne ultimately has failed to show a substantial likelihood of success on the merits on its breach of contract claim, and therefore the motion for preliminary injunction should be denied.

### I. SiteOne Has Not Demonstrated a Substantial Likelihood of Success on the Merits.

SiteOne's motion for preliminary injunction, as revised, rests solely on its breach of contract claim in which SiteOne asserts that certain defendants have violated the terms of the lease

agreement through which SiteOne operates its Coram, NY nursery location. ECF No. 62 at 2. More specifically, SiteOne argues that Vic, and by extension, others, are personally bound by the terms of the lease agreement. *Id*. I cannot recommend the Court adopt SiteOne's interpretation of the agreement.

> The lease agreement states, in relevant part, that:
>
> During the Term of this Lease, Landlord shall not buy, sell, lease, license or otherwise make available any land or building either now controlled by Landlord or which becomes subject to Landlord's control after the Effective Date of this Lease within ten (10) miles of the Premises…to any person or business entity that engages in a business activity that includes the sale of landscapes, pavers, stone, concrete, or other landscape materials (including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage products, turf care products (i.e. fertilizers and control products), grass seed, and/or turf care equipment (i.e. mowers, sprayers, spreaders, turf renovators, hand-held power equipment, etc.)). This covenant shall be binding upon Landlord and Landlord's successors, assigns, or beneficiaries… *Id*.

The lease defines "Landlord" as defendant "Narrow Way Realty Ltd." *Id*. There is no dispute that Narrow Way Realty Ltd. is bound by the restrictive covenant of the lease. *See id*; ECF No. 63 at 1. However, the competing business is owned by Narrow Way 2 LLC, a separate entity, whose sole member is Vic Caroleo, and he is also the sole member of Narrow Way Realty Ltd. *See* ECF No. 62 at 2. No argument has been raised that Narrow Way Realty Ltd. has breached the covenant. Instead, SiteOne argues that Vic is personally bound by the covenant and has breached it by operating the competing business. SiteOne presents two theories to support this argument: First, that Vic is personally bound by the terms of the lease by virtue of being a beneficiary of the landlord; and second, that Federal Rule of Civil Procedure ("FRCP") Rule 65(d)(2) extends preliminary injunctions beyond corporations to those who are "agents, servants, [and] employees" of the bound entity. *See* ECF No. 66 at 2-4. SiteOne asserts that Vic is acting as an agent of Narrow Way Realty Ltd, along with Nic Giordano and the various corporate entities involved with the competing business. Neither rationale shows a substantial likelihood of success.

### *A. SiteOne has Failed to Show that Vic is a Beneficiary of the Landlord.*

Before any likelihood of a breach of the lease agreement can be shown, SiteOne must first show that Vic is personally bound by the restrictive covenant contained therein. SiteOne's theory stems from language in the restrictive covenant extending the provision to the "Landlord's . . . beneficiaries." ECF No. 62 at 2. The lease agreement does not define the term beneficiary, but SiteOne proposes a definition of "[s]omeone who is designated to receive the advantages from an action or change; esp., one designated . . . to receive something as a result of a legal arrangement or instrument." ECF No. 36 at 3 (quoting *Beneficiary*, Black's Law Dictionary (11th ed. 2019)).

Even adopting SiteOne's proposed definition, SiteOne has failed to show it is satisfied. Vic serves as CEO to Narrow Way Realty, Ltd., the landlord under the Coram lease agreement. ECF No. 62 at 2. Vic signed the lease agreement as CEO of the landlord. ECF No. 91 at 1. SiteOne argues that Vic qualifies as a beneficiary as he received payments under the lease agreement. ECF No. 36 at 3. However, while SiteOne argues this to be the case, SiteOne provides no basis to support this claim. Despite SiteOne's claim, the lease agreement does not contain a provision entitling Vic to payments. Rather, the lease appoints Narrow Way Realty, Ltd. as landlord despite Narrow Way having no actual possessory interest in the Coram land. *See* ECF Nos. 66 at 1 n. 2, 64 at 2. The land itself is owned by three different entities, only some of which have any documented connection to Vic (the others appear to have Don as the sole shareholder or member). *Id*. Thus, based on the evidence submitted thus far, it is unclear exactly where the rental payments went and who personally benefited from them. Moreover, even if Narrow Way Realty, Ltd. did in fact keep the rental payments from SiteOne, there is insufficient evidence at this stage that they passed that money on to Vic. While Vic may be the CEO, there is no evidence that Vic took a salary for the position and Plaintiff has failed to present any authority demonstrating that a salary

which would presumably be paid whether or not the lease agreement existed could qualify as a benefit under Plaintiff's proposed definition. Furthermore, the Court notes that Plaintiff has wholly failed to allege who, if anyone, holds shares in Narrow Way Realty, Ltd. Presuming, for the sake of argument, that Vic is the sole shareholder, it is possible that Narrow Way Realty, Ltd. used the rental payments from SiteOne to pay business expenses, reinvest in the business or used the funds for some other legitimate purpose that did not involve paying dividends to its shareholders. This same rationale would apply if the money went to one of the companies that owns the property rather than the landlord, even if it went to a company for which Vic was the sole shareholder or member.

Far from meeting the substantial likelihood standard needed to secure a preliminary injunction in this case, SiteOne simply concludes that Defendants are operating through a series of shell companies in order to circumvent the lease agreement. *See* ECF 62 at 2. But the law in this District is clear that allegations alone are insufficient to change the general truth that corporate entities such as LLCs are treated separately absent some showing justifying piercing the corporate veil to the individuals behind. *Orenbuch v. North Shore Health Systems, Inc.*, 250 F.Supp.2d 145, 151 (S.D.N.Y. 2003) (conclusory allegations insufficient to justify veil piercing); *Weber v. King*, 110 F. Supp. 2d 124, 128 (E.D.N.Y. 2000) ("an LLC is a 'separate legal entity' . . . members do not have personal liability for the debts, obligation, or liabilities of the LLC"). SiteOne has raised no such veil piercing claim, presumably because—at this stage—it recognizes such a claim would be unsuccessful. Therefore, the Court is aware of no basis to hold Vic personally bound by a restrictive covenant merely because he is a shareholder or sole member of one of the entities that own the Coram property and/or the landlord.[2]

---

[2] If SiteOne truly intended to bind Vic personally under the terms of the lease, they could easily have accomplished this by having him sign the lease agreement personally rather than merely as a corporate representative.

Nor can Vic be bound because he signed the lease in a representative capacity on behalf of Narrow Way Realty Ltd. "An individual who signs a corporate contract and indicates the name of the corporation and the nature of his representative capacity on the contract is generally not subject to personal liability." *Cottam v. Global Emerging Capital Group, LLC*, No. 16-CV-4584 (LGS), 2020 WL 1528526, at *15 (S.D.N.Y. Mar. 30, 2020) (quoting *Metro. Switch Bd. Co. v. Amici Assocs., Inc.*, 799 N.Y.S.2d 531, 531 (2d Dep't 2005)). SiteOne does not meaningfully respond to Defendants' argument here, responding only with an unpersuasive argument rooted in FRCP Rule 65, which is addressed below. There is, therefore, no reason that this Court is aware of to treat Vic's signature in a representative capacity as binding on him personally. While SiteOne may ultimately be able to demonstrate that Vic and the other Defendants have abused the corporate form in such an egregious manner that a veil-piercing argument could secure personal liability for the individuals like Vic, they have failed to do so at this stage and their request for a preliminary injunction must therefore fail.

### B. SiteOne has Failed to Make the Prerequisite Showing that a Preliminary Injunction is Warranted in Order for FRCP Rule 65(d)(2)'s Reach to Apply.

Alternatively, SiteOne argues that Vic is bound by the restrictive covenant pursuant to FRCP Rule 65(d)(2), which expands the scope of a preliminary injunction beyond just the particular entity bound to the entity's "officers, agents, servants, employees, and attorneys." Fed. R. Civ. P. 65(d)(2). SiteOne therefore argues that "an injunction against Narrow Way Realty, Ltd. . . . must extend to Vic Caroleo . . . ." ECF No. 66 at 2. Once again, this argument blurs the distinctions between entities in SiteOne's claim. SiteOne raises this argument despite failing to

---

Alternatively, they could have specified in the lease that the restrictive covenant bound not just the "landlord," but also Vic in his personal capacity (or even just a general catchall that the lease binds both the corporation and all of its members). They did neither. A more clearly drafted lease would have left SiteOne in a far better position than relying on a tortured interpretation of "beneficiaries" that essentially ignores the distinction between the corporation itself and the individual members of the corporation.

- 10 -

make any meaningful argument that an injunction against Narrow Way Realty, Ltd. is warranted. SiteOne has failed to show, in any of its briefing, that Narrow Way Realty, Ltd. has in any way breached the restrictive covenant in the lease agreement. SiteOne does not allege that Narrow Way Realty, Ltd. is participating in the competing business or owns any interest in the enterprise. All that is alleged is that the sole member of Narrow Realty, Ltd, Vic Caroleo, is also the sole member of Narrow Way 2, LLC, which owns the competing business. ECF No. 62 at 1-2. As previously discussed, while SiteOne alleges that Narrow Way 2, LLC is a shell company, merely alleging that fact without some amount of proof is insufficient to support a preliminary injunction. ECF No. 62 at 3; *see also Bowen v. Goldstein*, No. 07-CV-10997 (RMB), 2007 WL 4457242, at *5 (S.D.N.Y. Dec. 13, 2007) (denying preliminary injunction in First Amendment claim where plaintiff failed to produce proof of viewpoint discrimination). SiteOne may not rely on a Federal Rule to bind Vic because he is an officer of Narrow Way Realty Ltd., without first showing that there is a substantial likelihood that Narrow Way itself has breached the lease agreement in some way. Having failed to do so, SiteOne's argument for an injunction against Vic under Rule 65(d)(2) must fail.

SiteOne's reliance on this Court's opinion in *Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186 (E.D.N.Y. 2013) is misplaced. Put simply, the corporate structure in *Golden Krust* cannot be compared to the case at hand. In *Golden Krust*, an injunction was entered against a former Golden Krust franchise enjoining the business from operating as a new Caribbean restaurant after the business was caught selling unauthorized products. 957 F. Supp. 2d at 190-91, 200. After finding a substantial likelihood that the defendant restaurant (i.e. *the corporation*) had breached its non-competition agreement, this Court extended that injunction to a non-party manager under FRCP Rule 65(d)(2) because the manager was acting as an agent of the restaurant. *Id* at 201. However, the same cannot be said of the instant case. SiteOne has offered no evidence

- 11 -

that while operating the competing business, Vic was acting on behalf of Narrow Way Realty as opposed to acting on his own behalf or on behalf of a different corporation. Thus, SiteOne has shown no likelihood of a breach of the restrictive covenant by Narrow Way itself. In the absence of this critical element, there is simply no ground on which to sustain an injunction in this case against Narrow Way, and therefore no underlying injunction that could be extended by Rule 65(d)(2) to encompass Vic.

Having recommended that Vic cannot be enjoined as an agent of Narrow Way Realty, Ltd, SiteOne's subsidiary argument that Nic Giordano, Scapes Supply, LLC, Neway Management, LLC, and Neway Trucking should also be enjoined as agents of Vic must also fail.[3] *See* ECF No. 62 at 3. This argument relies entirely on the premise that Vic may be enjoined as an agent of Narrow Way Realty, Ltd. Having failed to make such a showing, I recommend that the Court deny SiteOne's request for a preliminary injunction on this ground as well.

## II. SiteOne Should be Granted Leave to Renew Its Motion Considering the Other Factors.

While SiteOne has failed to meet its burden to demonstrate a substantial likelihood of success on the merits, the Court recognizes that SiteOne continues to be harmed by the presence of unexpected competition in the landscaping industry. Furthermore, were SiteOne able to show that any of the individual defendants were personally bound by the lease terms, then the balance of the equities and the public interest would surely weigh in favor of enjoining further competition. *See Golden Krust Patties*, 957 F.Supp.2d at 199-200 (finding balance of equities and public interest to weigh in favor of injunction where defendant had breached non-competition agreement).

---

[3] Plaintiff previously sought to enjoin 99 Long Island Avenue North, LLC and 99 Long Island Avenue South, LLC as well, *see* ECF No. 62 at 3, but has since voluntarily dismissed both LLC defendants from this action. *See* ECF No. 80.

It is beyond question that SiteOne purchased Defendant's business with the intent of minimizing competition in order to obtain the full benefit of its purchase. ECF 62 at 1. In some ways, SiteOne has achieved that, as it successfully extracted a non-compete agreement from Don, who at the time SiteOne acquired The Garden Department, was the sole shareholder of the company. ECF 64 at 2. What remains to be seen is whether the resulting harm from SiteOne's failure to secure comparable individual agreements from Vic or Nick is redressable. Given time, and discovery, SiteOne may yet develop a meritorious veil piercing claim needed to bind Vic personally to the terms of the lease agreement. However, as such facts have yet to be developed, I recommend SiteOne be granted leave to renew their motion once the record is more complete.

## CONCLUSION

For the reasons discussed herein, I recommend SiteOne's motion for a preliminary injunction be DENIED with leave to renew.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
October 25, 2023