UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                        Plaintiff,

          -against-

NICHOLAS GIORDANO, DOMINICK
CAROLEO, VICTOR CAROLEO,
NARROW WAY REALTY, LTD.,
NARROW WAY 2 LLC, THE GARDEN
DEPT. CORP., GROUP 5 ASSOCIATES,
LTD., 3670 ROUTE 112 LLC, and
9 4TH ST. LLC,

                    Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF OPINION & ORDER**
23-CV-2084 (GRB)(ST)

**GARY R. BROWN, United States District Judge:**

> [T]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs,—not on the parties' having *meant* the same thing but on their having *said* the same thing.

Oliver Wendell Holmes, *The Path of the Law*, 10 Harvard Law Rev. 457, 464 (1897).

When parties enter a contract, they enter a world of private law of their own creation that, if unambiguous, will be enforced by courts of law. Litigants, such as the plaintiff herein, often forget this sometimes inconvenient principle.

Presently before the Court are plaintiff's objections to a thoughtful Report and Recommendation issued by Magistrate Judge Tiscione on October 25, 2023 (the "R&R"), counseling against the issuance of the extraordinary remedy of a preliminary injunction to enforce what plaintiff claims is the intent of the parties in what it describes as a comprehensive business deal codified in several agreements. Docket Entry ("DE") 93; DE 94. Unfortunately for plaintiff, the contractual provisions upon which it relies simply do not support this position.

1

And though plaintiff's counsel attempts to cast blame upon the defendants, and in several instances, this Court, such finger pointing does not remedy the poor drafting of the legal instruments documenting the $35 million acquisition underlying this lawsuit, which leave plaintiff, at this early juncture, without access to the exceptional remedy it seeks.

For the reasons set forth herein, the Court overrules the objections and adopts Magistrate Tiscione's Report and Recommendation in its entirety.

*Background*

The detailed factual situation and procedural history underlying the instant objections are set forth in Judge Tiscione's Report and Recommendation, which discussion is incorporated herein by reference, except as noted. DE 93. In sum and substance, plaintiff SiteOne, a large national landscaping firm, entered into several agreements with Victor ("Vic") and Dominick ("Don") Caroleo, father and son respectively, who were involved in the operation of The Garden Department, a Long Island-based garden nursery business with three locations in Suffolk County. The assets of the Garden Department Corporation, which operated the business, were acquired by plaintiff at a cost of approximately $35 million dollars. Several different entities owned the parcels of land used by the business. Rather than acquire those entities or their assets, though, plaintiff relied upon lease agreements to rent the facilities.

Plaintiff's counsel opens its reply papers with the assertion that:

> This is a simple case: SiteOne purchased Garden Department for $30+ million and asked only that Defendants act in good faith and honor the deal they made, including not competing with SiteOne.

DE 101 at 1. This opening salvo is emblematic of the problems with plaintiff's approach to this motion: SiteOne continually oversimplifies the case, aggregating the defendants into a single unit, even though plaintiff entered into discreet agreements imposing particular obligations upon various defendants. For example, while the agreements involved a web of transactions,

SiteOne's counsel repeatedly attempts to characterize the acquisition as a comprehensive, indivisible deal. *See, e.g.*, DE 94 at 1 (describing defendants' alleged unfair competition with "the business SiteOne purchased from them"). Moreover, plaintiff charges that Vic "is now running a competing business just five miles away," glossing over the fact that this purported competitive location only competes with one of the three facilities operated by plaintiff, characterized by plaintiff as the "flagship" store. *Id.* at 3-4.

The sole factual issue raised on these objections relates to a finding regarding whether "Vic is personally bound by the non-compete provision at issue." *Id.* at 2. That non-compete is contained in the lease for the Coram location now operated by SiteOne, which provides as follows:

> During the Term of this Lease, Landlord shall not buy, sell, lease, license or otherwise make available any land or building either now controlled by Landlord or which becomes subject to Landlord's control after the Effective Date of this Lease within ten (10) miles of the Premises . . . to any person or business entity that engages in a business activity that includes the sale of landscapes, pavers, stone, concrete, or other landscape materials (including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage products, turf care products (i.e. fertilizers and control products), grass seed, and/or turf care equipment (i.e. mowers, sprayers, spreaders, turf renovators, hand-held power equipment, etc.)). This covenant shall be binding upon Landlord and Landlord's successors, assigns, or beneficiaries....

DE 93 at 3 (quoting DE 62 at 2). The lease, signed by Vic in his corporate capacity, defines "Landlord" to mean defendant Narrow Way Realty, Ltd., an entity uninvolved in the competing business. *Id.* at 7. Plaintiff seeks relief barring Vic from opening a competing business solely on the theory that the agreement binds him personally as a beneficiary of the agreement. *Id.* at 5. Magistrate Judge Tiscione rejected that argument, recommending against the grant of a preliminary injunction. *See generally id.* This opinion follows.

**Discussion**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific and timely objections to a Magistrate Judge's findings or recommendations as to dispositive motions, the district court must apply a de novo standard of review to the portions of the R&R to which the objection is made. *See* Fed. R. Civ. P. 72(b); *see also LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); 28 U.S.C. § 636(b)(1). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Killoran v. Westhampton Beach Sch. Dist.*, No. 2:17-CV-00866 (GRB)(SIL), 2021 WL 665277, at *1 (E.D.N.Y. Jan. 25, 2021) (quoting *Caldarola v. Town of Smithtown*, No. 09-CV-272 (SJF)(AKT), 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011)).

By and large, the objections here are directed to the legal standards used in the R&R and other legal arguments previously made to the Magistrate Judge. Plaintiff does not raise any challenges to the Magistrate Judge's factual findings other than a general assertion that the R&R "minimizes" certain evidence and purportedly makes misstatements of fact. All of the arguments relate, however, to the solitary question of whether Vic is bound by the non-compete provision contained in the lease, and a *de novo* review is limited to the relevant agreements, which are uncontested and have been reviewed by the undersigned. Otherwise, the Court's factual review has been limited to clear error.

Initially, plaintiff makes an argument attempting to distinguish between the "likelihood of success" standard for a preliminary injunction that maintains the *status quo*, versus the "probable likelihood of success" requisite that applies to injunctions that alter the *status quo*. *See* DE 94 at 9. Plaintiff's argument emanates from the fact that, at the time of filing of its temporary

4

restraining order application, Vic was on the cusp of opening a competing business which subsequently began operations. Thus, counsel concludes, Magistrate Judge Tiscione applied the wrong standard in suggesting that, via the requested preliminary injunction, "SiteOne is seeking to change the current status of the parties by halting Vic['s] operation of a competing landscaping business." DE 93 at 6. Though vigorously argued, in this case the question proves immaterial: under either standard, SiteOne has not satisfied the standard for issuance of a preliminary injunction.[1]

As Magistrate Judge Tiscione's careful analysis reveals, plaintiff is overreading the obligations arising from the lease agreement. The lease "appoints" Narrow Way Realty, Ltd. as the Landlord though the land is owned by three other entities. DE 93 at 8. SiteOne principally argues its application to Vic as its sole member via the phrase extending the covenant to "successors, assigns, or beneficiaries" of the LLC, and that Vic qualifies as a beneficiary because he received payments under the lease. *Id.* Most importantly, as the Magistrate Judge correctly found "SiteOne provides no basis to support this claim [as] the lease agreement does not contain a provision entitling Vic to payments."[2] *Id.* SiteOne urges the Court to interpret "beneficiary"— a term it acknowledges is not defined in the lease—to include "any person or entity . . . that may

---

[1] On a related note, counsel repeatedly criticizes the Magistrate Judge for summarily noting in the background section of the R&R that the undersigned "granted the temporary restraining order" when, according to counsel, the undersigned "did **not** grant SiteOne any relief whatsoever." DE 94 at 10 (quoting DE 27); *id.* at 8, n.7. In fact, although this Court did not grant any *ex parte* injunctive relief on March 20, 2023, the Court directed the defendants to show cause, on one day's notice, as to why an injunction should not be entered, and ordered them to appear within five days of the application for a hearing. DE 27. As explained at the hearing, the reason for the Court's refusal to grant injunctive relief was the plaintiff's failure, as demanded by the rule, to make efforts to contact the defendants before seeking *ex parte* relief. DE 36-1 at 3. At that hearing, one defendant was directed not to use business data misappropriated from plaintiff. *Id*. at 19. Moreover, following a blizzard of filings by plaintiff (including some which were facially defective, *see, e.g.*, Electronic Order dated 3/30/23), within a month, Magistrate Judge Tiscione issued an order requiring the immediate return of a panoply of items to plaintiff and the preservation of electronic evidence. DE 46. While perhaps not everything that plaintiff was seeking, it seems a bit unfair to characterize this as not granting "any relief whatsoever." Furthermore, before plaintiff complains of "the more than seven months that SiteOne has awaited a ruling on its preliminary injunction motion," DE 94 at 10, counsel should think carefully about the causes for any delay.

[2] To the extent the plaintiff makes an implicit attempt to pierce the corporate veil, such effort fails as the record is devoid of facts that could support such relief at this stage. *See, e.g.*, DE 94 at 16.

5

otherwise be receiving a benefit from the Landlord." DE 94 at 14.  Under this formulation, the restrictive covenant would extend to the Landlord's landscaper or snow removal service or the utility companies that provide service to the property if paid by the Landlord.  The plain meaning of the words used cannot possibly support such an interpretation.

Finally, SiteOne argues that Vic would be within the reach of Rule 65.  Again, as the Magistrate Judge correctly determined, this presents a cart-before-the-horse issue: without establishing its entitlement to preliminary injunctive relief, the scope of such an injunction is a question that cannot be reached.

Thus, for all of the reasons set forth herein, the objections are overruled, and the report and recommendation is adopted in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
       January 4, 2024

/s/ Gary R. Brown
HON. GARY R. BROWN
United States District Judge