UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                       Plaintiff,

       - against -

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;
3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES
SUPPLY, LLC; NEWAY MANAGEMENT, LLC;
AND NEWAY TRUCKING;

                       Defendants.
------------------------------------------------------------X

Civil Action No.: 2:23-CV-02084-GRB-SIL

**ANSWER AND COUNTERCLAIM**

Defendants DOMINICK CAROLEO ("Don"), THE GARDEN DEPT. CORP. ("Garden Dept."), 3670 ROUTE 112 LLC ("3670 Route 112"), and 9 4TH ST. LLC ("9 4th," collectively, "Defendants"), by and through their attorneys, Milman Labuda Law Group, PLLC, hereby answer the Amended Complaint ("Complaint") of SiteOne Landscape Supply, LLC ("Plaintiff" or "SiteOne") as follows:

**INTRODUCTION**

1. Defendants deny the allegations contained in ¶ 1 of the Complaint.

2. Defendants deny the allegations contained in ¶ 2 of the Complaint.

3. Defendants deny the allegations contained in ¶ 3 of the Complaint.

4. Defendants deny the allegations contained in ¶ 4 of the Complaint.

5. Defendants deny the allegations contained in ¶ 5 of the Complaint.

## THE PARTIES, JURISDICTION, AND VENUE

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint, except admit that Don is a resident of the State of New York.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

10.      Defendants admit the allegations contained in ¶ 10 of the Complaint.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Complaint.

12.      Defendants admit the allegations contained in ¶ 12 of the Complaint.

13.      Defendants admit the allegations contained in ¶ 13 of the Complaint.

14.      Defendants deny the allegations contained in ¶ 14 of the Complaint.

15.      Defendants deny the allegations contained in ¶ 15 of the Complaint.

16.      Defendants deny the allegations contained in ¶ 16 of the Complaint.

17.      Defendants deny the allegations contained in ¶ 17 of the Complaint.

18.      Defendants deny the allegations contained in ¶ 18 of the Complaint.

19.      Defendants deny the allegations contained in ¶ 19 of the Complaint and direct all questions of law to the Court.

20.     Defendants deny the allegations contained in ¶ 20 of the Complaint and direct all questions of law to the Court.

## FACTS

### I.      SiteOne.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Complaint.

### II.     Garden Department.

22.     Defendants deny the allegations contained in ¶ 22 of the Complaint except admit that Garden Dept. was founded by defendant Vic Caroleo and eventually operated from three locations in Dix Hills, Coram and Speonk.

23.     Defendants deny the allegations contained in ¶ 23 of the Complaint except admit that Don became the sole owner of Garden Dept. long before SiteOne acquired the assets of Garden Dept.

### III.    SiteOne Acquires the Garden Department.

24.     Defendants deny the allegations contained in ¶ 24 of the Complaint, except admit that an Asset Purchase Agreement ("APA") was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Complaint, except admit that an APA was consummated

3

on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

**IV.     The APA's Restrictive Covenants.**

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Complaint, except admit that an APA was consummated on or about January 14, 2020 and refer to the APA for a true recitation of all of its terms and conditions.

**V.    The Coram Lease Agreement and Its Non-Compete Restriction.**

33.    Defendants deny the allegations contained in ¶ 33 of the Complaint, except admit that a lease agreement, dated January 14, 2020, was entered into between co-defendant Narrow Way Realty Ltd. ("Narrow Realty") and SiteOne (the "Lease") and refer to the Lease for a true recitation of all of its terms and conditions.

34.    Defendants deny the allegations contained in ¶ 34 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Realty and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

35.    Defendants deny the allegations contained in ¶ 35 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Realty and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

36.    Defendants deny the allegations contained in ¶ 36 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Realty and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

**VI.    Don Caroleo.**

37.    Defendants deny the allegations contained in ¶ 37 of the Complaint, except admit that Don became an employee of SiteOne on or about January 14, 2020.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 38 of the Complaint.

39.     Defendants deny the allegations contained in ¶ 39 of the Complaint except admit that Don executed an employment agreement on or about January 14, 2020 ("Employment Agreement") and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the Complaint and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Complaint, refer to the Employment Agreement for a true recitation of all of its terms and conditions, and aver that the provision referenced has expired.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Complaint and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 43 of the Complaint, refer to the Employment Agreement for a true recitation of all of its terms and conditions, and aver that the provision referenced has expired.

44.     Defendants admit the allegations contained in ¶ 44 of the Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 45 of the Complaint, refer to the Employment Agreement for a true recitation of all of its terms and conditions, and aver that the provision referenced has expired.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the Complaint except admit that Don executed an employee

restricted stock unit agreement on or about March 1, 2022 ("RSUA") pursuant to which he received restricted stock units and refer to the RSUA for a true recitation of all of its terms and conditions.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the Complaint except admit that Don executed the RSUA pursuant to which he received restricted stock unit, refer to the RSUA for a true recitation of all of its terms and conditions, and aver that any non-compete or non-solicitation provisions expire, at the latest, on April 19, 2024.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the Complaint except admit that Don executed the RSUA pursuant to which he received restricted stock unit, refer to the RSUA for a true recitation of all of its terms and conditions, and aver that any non-compete or non-solicitation provisions expire, at the latest, on April 19, 2024.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the Complaint except admit that Don executed the RSUA pursuant to which he received restricted stock unit, refer to the RSUA for a true recitation of all of its terms and conditions, and aver that any non-compete or non-solicitation provisions expire, at the latest, on April 19, 2024.

**VII.   Nicholas "Nick" Giordano.**

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the Complaint.

**VIII.  Vic Caroleo.**

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the Complaint.

IX. **Giordano's Duplicity.**

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the Complaint, except admit that Don and Nick worked together for many years and know each other fairly well.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny the allegations contained in ¶ 54 of the Complaint.

X. **Defendants Undertake a Scheme to Steal SiteOne's Business and Employees.**

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 56 of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny the allegations contained in ¶ 58 of the Complaint and refer to deed for Middle Island Road property (Dkt. Nos. 1-9), showing "Narrow Way 2 LLC" as owner, not Don.

59. Defendants deny the allegations contained in ¶ 59 of the Complaint.

60. Defendants deny the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the Complaint.

64.     Defendants deny the allegations contained in ¶ 64 of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 65 of the Complaint.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 68 of the Complaint.

**XI.**     **Giordano and Other SiteOne Employees Prepare the Site for the New Business.**

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 69 of the Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 70 of the Complaint.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 71 of the Complaint.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 72 of the Complaint.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 73 of the Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 74 of the Complaint.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 75 of the Complaint.

**XII.     SiteOne Hires a Private Investigator.**

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 76 of the Complaint.

77.     Defendants deny the allegations contained in ¶ 77 of the Complaint.

78.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 78 of the Complaint.

**XIII.     The Town of Brookhaven's Lawsuit Confirms Defendants' Activities.**

79.     Defendants admit the allegations contained in ¶ 79 of the Complaint and refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

80.     Defendants deny the allegations contained in ¶ 80 of the Complaint and refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

81.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 81 of the Complaint and refer to the referenced affidavit of Luke Ormand filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

82.     Defendants deny the allegations contained in ¶ 82 of the Complaint but refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

83.     Defendants deny the allegations contained in ¶ 83 of the Complaint but refer to the referenced affirmation of Annette Eaderesto filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

84.     Defendants deny the allegations contained in ¶ 84 of the Complaint but refer to the temporary restraining order dated February 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

85.     Defendants deny the allegations contained in ¶ 85 of the Complaint and refer to the referenced affidavit of defendant Victor Caroleo filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

86.     Defendants deny the allegations contained in ¶ 86 of the Complaint and refer to the referenced memorandum of law dated March 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 87 of the Complaint.

**XIV.   Giordano Is Fired.**

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 88 of the Complaint.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 89 of the Complaint.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 90 of the Complaint.

91.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 91 of the Complaint.

92.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 92 of the Complaint.

93.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 93 of the Complaint.

**XV.    Giordano, in Concert with Don and Vic Caroleo, Raid SiteOne's Coram Location.**

94.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 94 of the Complaint.

95.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 95 of the Complaint.

96.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 96 of the Complaint.

97.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 97 of the Complaint.

98.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 98 of the Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 99 of the Complaint.

100.    Defendants deny the allegations contained in ¶ 100 of the Complaint.

101.    Defendants deny the allegations contained in ¶ 101 of the Complaint.

102.     Defendants deny the allegations contained in ¶ 102 of the Complaint.

103.     Defendants deny the allegations contained in ¶ 103 of the Complaint.

**XVI.   Don Caroleo Covertly Steals Company Financial Performance Data.**

104.     Defendants deny the allegations contained in ¶ 104 of the Complaint.

105.     Defendants deny the allegations contained in ¶ 105 of the Complaint.

**XVII.  Defendants Brazenly Defy a Court Order.**

106.     Defendants deny the allegations contained in ¶ 106 of the Complaint and refer to the temporary restraining order dated February 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

107.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 107 of the Complaint.

**XVIII. Defendants Open Another Competing Business Within the Restricted Area.**

108.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 108 of the Complaint, except admit that SiteOne filed the instant lawsuit and request for injunctive relief on March 17, 2023.

109.     Defendants deny the allegations contained in ¶ 109 of the Complaint.

110.     Defendants deny the allegations contained in ¶ 110 of the Complaint and refer to the transcript of proceedings occurring on March 22, 2023 for a full and complete recitation of its contents and context.

111.     Defendants deny the allegations contained in ¶ 111 of the Complaint.

112.     Defendants deny the allegations contained in ¶ 112 of the Complaint.

113.    Defendants deny the allegations contained in ¶ 113 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the subparts thereto.

114.    Defendants deny the allegations contained in ¶ 114 of the Complaint.

115.    Defendants deny the allegations contained in ¶ 115 of the Complaint.

116.    Defendants deny the allegations contained in ¶ 116 of the Complaint.

117.    Defendants deny the allegations contained in ¶ 117 of the Complaint.

118.    Defendants deny the allegations contained in ¶ 118 of the Complaint.

119.    Defendants deny the allegations contained in ¶ 119 of the Complaint.

120.    Defendants deny the allegations contained in ¶ 120 of the Complaint.

121.    Defendants deny the allegations contained in ¶ 121 of the Complaint.

122.    Defendants deny the allegations contained in ¶ 122 of the Complaint.

123.    Defendants deny the allegations contained in ¶ 123 of the Complaint.

124.    Defendants deny the allegations contained in ¶ 124 of the Complaint.

## CAUSES OF ACTION

### COUNT I

**Breach of Contract**
**(Against All Defendants Except Giordano)**

125.    Inasmuch as an answer is required to the allegations contained in ¶ 125 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

126.    Defendants deny the allegations contained in ¶ 126 of the Complaint, except admit that various defendants are parties to various agreements and refer to those agreements as to the particular parties to each. Defendants also refer all questions of law to the Court.

127.     Defendants deny the allegations contained in ¶ 127 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court.

128.     Defendants deny the allegations contained in ¶ 128 of the Complaint.

129.     Defendants deny the allegations contained in ¶ 129 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court.

130.     Defendants deny the allegations contained in ¶ 130 of the Complaint.

131.     Defendants deny the allegations contained in ¶ 131 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court.

132.     Defendants deny the allegations contained in ¶ 132 of the Complaint.

133.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 133 of the Complaint and refer all questions of law to the Court.

134.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 134 of the Complaint and refer all questions of law to the Court.

135.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 135 of the Complaint and refer all questions of law to the Court.

136.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 136 of the Complaint and refer all questions of law to the Court.

137.     Defendants deny the allegations contained in ¶ 137 of the Complaint.

138.     Defendants deny the allegations contained in ¶ 138 of the Complaint.

<u>**COUNT II**</u>

**Misappropriation of Trade Secrets in
Violation of the Defend Trade Secrets Act
(Against All Defendants)**

139.    Inasmuch as an answer is required to the allegations contained in ¶ 139 of the
Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

140.    Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in ¶ 140 of the Complaint and refer all questions of law to the Court.

141.    Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in ¶ 141 of the Complaint and refer all questions of law to the Court.

142.    Defendants deny the allegations contained in ¶ 142 of the Complaint.

143.    Defendants deny the allegations contained in ¶ 143 of the Complaint.

144.    Defendants deny the allegations contained in ¶ 144 of the Complaint.

145.    Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in ¶ 145 of the Complaint and refer all questions of law to the Court.

146.    Defendants deny the allegations contained in ¶ 146 of the Complaint.

147.    Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in ¶ 147 of the Complaint and refer all questions of law to the Court.

148.    Defendants deny the allegations contained in ¶ 148 of the Complaint.

149.    Defendants deny the allegations contained in ¶ 149 of the Complaint.

150.    Defendants deny the allegations contained in ¶ 150 of the Complaint.

151.    Defendants deny the allegations contained in ¶ 151 of the Complaint.

152.    Defendants deny the allegations contained in ¶ 152 of the Complaint.

153.    Defendants deny the allegations contained in ¶ 153 of the Complaint.

154.     Defendants deny the allegations contained in ¶ 154 of the Complaint.

155.     Defendants deny the allegations contained in ¶ 155 of the Complaint.

156.     Defendants deny the allegations contained in ¶ 156 of the Complaint.

157.     Defendants deny the allegations contained in ¶ 157 of the Complaint.

158.     Defendants deny the allegations contained in ¶ 158 of the Complaint.

<u>**COUNT III**</u>

**Misappropriation of Trade Secrets**
**(Against All Defendants)**

159.     Inasmuch as an answer is required to the allegations contained in ¶ 159 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

160.     Defendants deny the allegations contained in ¶ 160 of the Complaint.

161.     Defendants deny the allegations contained in ¶ 161 of the Complaint.

162.     Defendants deny the allegations contained in ¶ 162 of the Complaint.

163.     Defendants deny the allegations contained in ¶ 163 of the Complaint.

164.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 164 of the Complaint.

165.     Defendants deny the allegations contained in ¶ 165 of the Complaint.

166.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 166 of the Complaint.

167.     Defendants deny the allegations contained in ¶ 167 of the Complaint.

168.     Defendants deny the allegations contained in ¶ 168 of the Complaint.

169.     Defendants deny the allegations contained in ¶ 169 of the Complaint.

170.     Defendants deny the allegations contained in ¶ 170 of the Complaint.

171.     Defendants deny the allegations contained in ¶ 171 of the Complaint.

172.     Defendants deny the allegations contained in ¶ 172 of the Complaint.

173.     Defendants deny the allegations contained in ¶ 173 of the Complaint.

174.     Defendants deny the allegations contained in ¶ 174 of the Complaint.

## COUNT IV

### Violation of the Computer Fraud and Abuse Act
### (Against All Defendants)

175.     Inasmuch as an answer is required to the allegations contained in ¶ 175 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

176.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 176 of the Complaint and refer all questions of law to the Court.

177.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 177 of the Complaint and refer all questions of law to the Court.

178.     Defendants deny the allegations contained in ¶ 178 of the Complaint.

179.     Defendants deny the allegations contained in ¶ 179 of the Complaint.

180.     Defendants deny the allegations contained in ¶ 180 of the Complaint.

181.     Defendants deny the allegations contained in ¶ 181 of the Complaint.

182.     Defendants deny the allegations contained in ¶ 182 of the Complaint.

183.     Defendants deny the allegations contained in ¶ 183 of the Complaint.

184.     Defendants deny the allegations contained in ¶ 184 of the Complaint.

185.     Defendants deny the allegations contained in ¶ 185 of the Complaint.

186.     Defendants deny the allegations contained in ¶ 186 of the Complaint and refer all questions of law to the Court.

<u>**COUNT V**</u>

**Conversion**
**(Against Giordano)**

187.     Inasmuch as an answer is required to the allegations contained in ¶ 187 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

188.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 188 of the Complaint.

189.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 189 of the Complaint.

190.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 190 of the Complaint.

191.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 191 of the Complaint.

192.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 192 of the Complaint.

193.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 193 of the Complaint.

194.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 194 of the Complaint.

<u>**COUNT VI**</u>

**Unfair Competition**
**(Against All Defendants)**

195.     Inasmuch as an answer is required to the allegations contained in ¶ 195 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

196.    Defendants deny the allegations contained in ¶ 196 of the Complaint.

197.    Defendants deny the allegations contained in ¶ 197 of the Complaint.

198.    Defendants deny the allegations contained in ¶ 198 of the Complaint.

199.    Defendants deny the allegations contained in ¶ 199 of the Complaint.

200.    Defendants deny the allegations contained in ¶ 200 of the Complaint.

201.    Defendants deny the allegations contained in ¶ 201 of the Complaint.

202.    Defendants deny the allegations contained in ¶ 202 of the Complaint.

<u>**COUNT VII**</u>

**Tortious Interference with Business Relationships**
**(Against All Defendants)**

203.    Inasmuch as an answer is required to the allegations contained in ¶ 203 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

204.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 204 of the Complaint.

205.    Defendants deny the allegations contained in ¶ 205 of the Complaint.

206.    Defendants deny the allegations contained in ¶ 206 of the Complaint.

207.    Defendants deny the allegations contained in ¶ 207 of the Complaint.

208.    Defendants deny the allegations contained in ¶ 208 of the Complaint.

209.    Defendants deny the allegations contained in ¶ 209 of the Complaint.

210.    Defendants deny the allegations contained in ¶ 210 of the Complaint.

211.    Defendants deny the allegations contained in ¶ 211 of the Complaint.

212.    Defendants deny the allegations contained in ¶ 212 of the Complaint.

## COUNT VIII

**Tortious Interference with Contractual Relationships**
**(Against All Defendants)**

213.     Inasmuch as an answer is required to the allegations contained in ¶ 213 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

214.     Defendants deny the allegations contained in ¶ 214 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court.

215.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 215 of the Complaint and refer all questions of law to the Court.

216.     Defendants deny the allegations contained in ¶ 216 of the Complaint.

217.     Defendants deny the allegations contained in ¶ 217 of the Complaint.

218.     Defendants deny the allegations contained in ¶ 218 of the Complaint.

219.     Defendants deny the allegations contained in ¶ 219 of the Complaint.

220.     Defendants deny the allegations contained in ¶ 220 of the Complaint.

221.     Defendants deny the allegations contained in ¶ 221 of the Complaint.

222.     Defendants deny the allegations contained in ¶ 222 of the Complaint.

## COUNT IX

**Fraud**
**(Against Giordano)**

223.     Inasmuch as an answer is required to the allegations contained in ¶ 223 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

224.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 224 of the Complaint.

225.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 225 of the Complaint.

226.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 226 of the Complaint.

227.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 227 of the Complaint.

228.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 228 of the Complaint.

229.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 229 of the Complaint.

### **COUNT X**

**Unjust Enrichment**
**(Against Giordano)**

230.     Inasmuch as an answer is required to the allegations contained in ¶ 230 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

231.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 231 of the Complaint.

232.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 232 of the Complaint.

233.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 233 of the Complaint.

234.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 234 of the Complaint.

235.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 235 of the Complaint.

## COUNT XI

**Breach of Fiduciary Duty**
**(Against Giordano)**

236.     Inasmuch as an answer is required to the allegations contained in ¶ 236 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

237.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 237 of the Complaint.

238.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 238 of the Complaint.

239.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 239 of the Complaint.

240.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 240 of the Complaint.

241.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 241 of the Complaint.

242.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 242 of the Complaint.

243.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 243 of the Complaint.

## COUNT XII

### Aiding and Abetting Breach of Fiduciary Duty
### (Against All Defendants Except Giordano)

244.     Inasmuch as an answer is required to the allegations contained in ¶ 244 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

245.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 245 of the Complaint.

246.     Defendants deny the allegations contained in ¶ 246 of the Complaint.

247.     Defendants deny the allegations contained in ¶ 247 of the Complaint.

248.     Defendants deny the allegations contained in ¶ 248 of the Complaint.

249.     Defendants deny the allegations contained in ¶ 249 of the Complaint.

## COUNT XIII

### Civil Conspiracy
### (All Defendants)

250.     Inasmuch as an answer is required to the allegations contained in ¶ 250 of the Complaint, Defendants repeat their answers to ¶¶ 1 through 124 to the allegations in the Complaint.

251.     Defendants deny the allegations contained in ¶ 251 of the Complaint.

252.     Defendants deny the allegations contained in ¶ 252 of the Complaint.

253.     Defendants deny the allegations contained in ¶ 253 of the Complaint.

254.     Defendants deny the allegations contained in ¶ 254 of the Complaint.

255.     Defendants deny the allegations contained in ¶ 255 of the Complaint.

256.     Defendants deny the allegations contained in ¶ 256 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state sufficient facts to constitute a cause of action against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred to the extent any claims in the Complaint are barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Plaintiff is estopped from claiming any amounts allegedly due, by reason of its own conduct and activities, or that of its agents or other necessary parties.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Plaintiff has waived any right, if any, to claim any sums due, by reason of its own conduct, or that of its agents or other necessary parties.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Plaintiff comes to this Court with unclean hands and cannot complain of the acts or omissions of the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Plaintiff has failed to mitigate its damages, if in fact it has sustained any, and has failed to act reasonably to control or limit any loss.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Causal Connection)

There is no causal connection, whether actual or proximate, between any of the conduct of the Defendants and the alleged loss or damage that the Plaintiff contends it has sustained.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

Without admitting the allegations in the Complaint, any claim against Defendants is barred, in whole or in part, due to Defendants having acted in good faith and reasonably with respect to the matters alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Statute of Repose)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third Party Action)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because any damage allegedly suffered is solely the proximate result of conduct, acts, and/or omissions of persons or entities other than Defendants, over whom Defendants had no control.

## TWELTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because Defendants did not breach any duty owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Documentary Evidence)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by documentary evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because Plaintiff has suffered no actual damages and/or any such alleged damages cannot be proven at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach by Plaintiff)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by Plaintiff's breach of its obligations and duties to Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because the instant venue is not the proper venue for this alleged dispute.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

Without admitting the allegations in the Complaint, any claim against Defendants is barred, in whole or in part, due to this Court's lack of subject matter jurisdiction. More particularly, Plaintiff's claims are based on federal question jurisdiction grounded in the Defend Trade Secrets Act and Computer Fraud Abuse Act. Plaintiff fails to state viable federal claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

To the extent that Plaintiff asserts contract claims against non-parties, those claims are barred due to lack of privity of contract.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Law of the Case)

To the extent legal issues concerning the Lease have already been determined, Plaintiff's claims are barred by the law of the case doctrine.

## TWENTIENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendants reserve the right to assert additional affirmative defense should such defenses be warranted based on the facts disclosed through discovery.

## COUNTERCLAIM

3670 ROUTE 112 LLC and 9 4TH ST. LLC (collectively, the "Property Owners"), as and for their Counterclaim against SiteOne, allege as follows:

1.     The Property Owners own real property which is the subject of the Lease.

2.     SiteOne is the Tenant under the Lease.

3.     SiteOne has brought claims against the Property Owners in this lawsuit pertaining to the Lease, including claims that the Property Owners breached Section 6.5 of the Lease.

4.     Section 6.5 of the Lease states in part:

**Non-Competition Covenant**. During the Term of this Lease, Landlord shall not … otherwise make available any land or building either now controlled by Landlord or which becomes subject to Landlord's control … within 10 miles of the Premises … to any person or business entity that engages in a business activity that includes the sale of landscapes, pavers, stone, concrete, or other landscape materials (including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage products, turf care products (i.e. fertilizers and control products), grass seed, and/or turf care equipment (i.e. mowers, sprayers, spreaders, turf renovations, hand held power equipment, etc.)). This covenant shall be binding upon Landlord and Landlord's … beneficiaries….

29

5.      Section 6.5 of the Lease, among other things, also states: "If Landlord is found to be in default of this Section 6.5, Tenant shall immediately notify Landlord in writing of said default and shall identify the Competing Property by name in the written notice."

6.      SiteOne's claims against the Property Owners based on breach of lease are meritless.

7.      Nevertheless, based on the Lease, SiteOne was required, prior to bringing this lawsuit, to comply with the notice provisions of Section 6.5.

8.      SiteOne failed to comply with the notice provisions of Section 6.5.

9.      Section 24.4 of the Lease states:

**Attorneys' Fees**: Any party in breach of this Lease (the "Breaching Party") shall reimburse the other party (the "Nonbreaching Party") upon demand for any legal fees and court (or other administrative proceeding) costs and related expenses that the Nonbreaching Party incurs in connection with the breach, regardless of whether suit is commenced or judgment entered. Such costs shall include legal fees and costs incurred for the negotiation of a settlement, enforcement of rights or otherwise. Furthermore, in the event of litigation, the court in such action shall award to the party most substantially obtaining the relief sought a reasonable sum as attorneys' fees and costs, which sum shall be paid by the losing party.

10.     SiteOne has materially breached the Lease.

11.     By reason of the foregoing, the Property Owners are entitled to a reasonable sum as attorneys' fees and costs.

12.     By reason of the foregoing, Property Owners have suffered damages in an amount to be determined at trial but believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00).

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Amended Complaint in its entirety and for such other and further relief as the Court deems just and proper, and the Property Owners demand judgment against Plaintiff on their Counterclaim in the sum of

ONE MILLION DOLLARS ($1,000,000.00), plus interest from March 13, 2023, along with such other and further relief as the Court deems just and proper.

### <u>JURY TRIAL DEMAND</u>

Defendants hereby demand a trial by jury on all issues so triable as set forth herein.

Dated:   Lake Success, New York
         March 12, 2024

**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Defendants DOMINICK CAROLEO, THE GARDEN DEPT. CORP., 3670 ROUTE 112 LLC, and 9 4TH ST. LLC*

By:     /s/ Michael C. Mulè, Esq.
        Michael C. Mulè, Esq.
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY 11042-1073
        (516) 328-8899 (office)
        (516) 303-1442 (direct dial)
        (516) 328-0082 (facsimile)
        michaelmule@mllaborlaw.com