UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                Plaintiff,

                                         Civil Action No.: 2:23-CV-02084-
                                         GRB-SL

              - against -

NICHOLAS GIORDANO; DOMINICK CAROLEO;    **ANSWER AND COUNTERCLAIM**
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;
3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES
SUPPLY, LLC; NEWAY MANAGEMENT, LLC;
AND NEWAY TRUCKING;

                           Defendants.
------------------------------------------------------------X

       Defendants NICHOLAS GIORDANO, ("Nicholas"), VICTOR CAROLEO, ("Victor"),

NARROW WAY REALTY, LTD., ("Narrow Way"), NARROW WAY 2, LLC., (Narrow Way

2"), GROUP 5 ASSOCIATES, LTD., ("Group 5"), SCAPES SUPPLY, LLC, ("Scapes"), and

NEWAY MANAGEMENT, LLC, ("Neway Management"), (collectively, "Defendants"), by and

through their attorneys, Rivkin Radler, LLP, hereby answer the Amended Complaint

("Complaint") of SiteOne Landscape Supply, LLC ("Plaintiff" or SiteOne) as follows:

### INTRODUCTION

    1.     Defendants deny the allegation contained in ¶ 1 of the Complaint.

    2.     Defendants deny the allegation contained in ¶ 2 of the Complaint.

    3.     Defendants deny the allegation contained in ¶ 3 of the Complaint.

    4.     Defendants deny the allegation contained in ¶ 4 of the Complaint.

    5.     Defendants deny the allegation contained in ¶ 5 of the Complaint.

### THE PARTIES, JURISDICTION, AND VENUE

6.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 6 of the Complaint.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 7 of the Complaint, and direct all questions of law to the Court, and all questions of fact to the trier of fact.

8.      Defendants deny admit the allegation contained in ¶ 8 of the Complaint.

9.      Defendants deny the allegation contained in ¶ 9 of the Complaint, and direct all questions of law to the Court, all questions of fact to the trier of fact.

10.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 10 of the Complaint.

11.      Defendants admit the allegation contained in ¶ 11 of the Complaint.

12.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 12 of the Complaint.

13.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 13 of the Complaint.

14.      Defendants deny the allegation contained in ¶ 14 of the Complaint, and direct all questions of law to the Court, and all questions of fact to the trier of fact.

15.      Defendants deny the allegation contained in ¶ 15 of the Complaint.

16.      Defendants deny the allegation contained in ¶ 16 of the Complaint.

17.      Defendants deny the allegation contained in ¶ 17 of the Complaint.

18.      Defendants deny the allegation contained in ¶ 18 of the Complaint.

19.      Defendants deny the allegation contained in ¶ 19 of the Complaint and direct all questions of law to the Court, and all questions of fact to the trier of fact.

20.     Defendants deny the allegation contained in ¶ 20 of the Complaint and direct all questions of law to the Court, and all questions of fact to the trier of fact.

**FACTS**

**I.      SiteOne.**

21.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 21 of the Complaint.

**II.      Garden Department.**

22.     Defendants deny the allegation contained in ¶ 22 of the Complaint except admit that Garden Dept. was founded by defendant Vic Caroleo and eventually operated from three locations in Dix Hills, Coram and Speonk.

23.     Defendants deny the allegation contained in ¶ 23 of the Complaint except admit that Don became the sole owner of Garden Dept. long before SiteOne acquired the assets of Garden Dept.

**III.      SiteOne Acquires the Garden Department.**

24.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 24 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

25.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 25 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

26.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 26 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

3

27.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 27 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

28.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 28 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

29.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 29 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

**IV.     The APA's Restrictive Covenants.**

30.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 30 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

31.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 31 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

32.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 32 of the Complaint, and refer to the APA for a true recitation of all of its terms and conditions.

**V.     The Coram Lease Agreement and Its Non-Compete Restriction.**

33.     Defendants deny the allegation contained in ¶ 33 of the Complaint, except admit that a lease agreement, dated January 14, 2020, was entered into between Narrow Way and SiteOne, (the "Lease"), and refer to the Lease for a true recitation of all of its terms and conditions.

34.    Defendants deny the allegation contained in ¶ 34 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Way and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

35.    Defendants deny the allegation contained in ¶ 35 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Way and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

36.    Defendants deny the allegation contained in ¶ 36 of the Complaint, except admit that the Lease was entered into between co-defendant Narrow Way and SiteOne and refer to the Lease for a true recitation of all of its terms and conditions.

**VI.    <u>Don Caroleo.</u>**

37.    Defendants deny having knowledge or information sufficient to form a belief the allegation contained in ¶ 37 of the Complaint.

38.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 38 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

39.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 39 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

40.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 40 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

41.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 41 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

42.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 42 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

43.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 43 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

44.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 44 of the Complaint.

45.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 45 of the Complaint, and refer to the Employment Agreement for a true recitation of all of its terms and conditions.

46.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 46 of the Complaint and refer to the Employment Restricted Stock Unit Agreement, ("RSUA"), for a true recitation of all of its terms and conditions.

47.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 47 of the Complaint, and refer to the RSUA for a true recitation of all of its terms and conditions.

48.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 48 of the Complaint, and refer to the RSUA for a true recitation of all of its terms and conditions.

49.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 49 of the Complaint, and refer to the RSUA for a true recitation of all of its terms and conditions.

**VII.   Nicholas "Nick" Giordano.**

50.     Defendants deny the allegation contained in ¶ 50 of the Complaint, except admit that Nicholas began working for Garden Department in approximately the mid-2000s and continued to work for SiteOne.

**VIII.   Vic Caroleo.**

51.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 51 of the Complaint, but admit that Victor's employment with SiteOne ended on or about October 21, 2022.

**IX.   Giordano's Duplicity.**

52.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 52 of the Complaint, except admit that Don and Nick worked together for many years and know each other fairly well.

53.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 53 of the Complaint.

54.     Defendants deny the allegation contained in ¶ 54 of the Complaint.

**X.   Defendants Undertake a Scheme to Steal SiteOne's Business and Employees.**

55.     Defendants deny the allegation contained in ¶ 55 of the Complaint.

56.     Defendants deny the allegation contained in ¶ 56 of the Complaint.

57.     Defendants deny the allegation contained in ¶ 57 of the Complaint.

58.     Defendants deny the allegation contained in ¶ 58 of the Complaint and refer to deed for Middle Island Road property showing "Narrow Way 2 LLC" as owner, not Don.

59.     Defendants deny the allegation contained in ¶ 59 of the Complaint.

60.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 60 of the Complaint.

61.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 61 of the Complaint.

62.     Defendants deny the allegation contained in ¶ 62 of the Complaint.

63.     Defendants deny the allegation contained in ¶ 63 of the Complaint.

64.     Defendants deny the allegation contained in ¶ 64 of the Complaint.

65.     Defendants deny the allegation contained in ¶ 65 of the Complaint.

66.     Defendants deny the allegation contained in ¶ 66 of the Complaint.

67.     Defendants deny the allegation contained in ¶ 67 of the Complaint.

68.     Defendants deny the allegation contained in ¶ 68 of the Complaint.

**XI.    Giordano and Other SiteOne Employees Prepare the Site for the New Business.**

69.     Defendants deny the allegation contained in ¶ 69 of the Complaint.

70.     Defendants denythe allegation contained in ¶ 70 of the Complaint.

71.     Defendants deny the allegation contained in ¶ 71 of the Complaint.

72.     Defendants deny the allegation contained in ¶ 72 of the Complaint.

73.     Defendants deny the allegation contained in ¶ 73 of the Complaint.

74.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 74 of the Complaint.

75.     Defendants deny the allegation contained in ¶ 75 of the Complaint.

**XII.**   **SiteOne Hires a Private Investigator.**

76.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 76 of the Complaint.

77.     Defendants deny the allegation contained in ¶ 77 of the Complaint.

78.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 78 of the Complaint.

**XIII.**   **The Town of Brookhaven's Lawsuit Confirms Defendants' Activities.**

79.     Defendants admit the allegation contained in ¶ 79 of the Complaint and refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

80.     Defendants deny the allegation contained in ¶ 80 of the Complaint and refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

81.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 81 of the Complaint, and refer to the referenced affidavit of Luke Ormand filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

82.     Defendants deny the allegation contained in ¶ 82 of the Complaint, but refer to the Amended Complaint filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

83.     Defendants deny the allegation contained in ¶ 83 of the Complaint, but refer to the referenced Affirmation of Annette Eaderesto filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

84.     Defendants deny the allegation contained in ¶ 84 of the Complaint, but refer to the temporary restraining order dated February 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

85.     Defendants deny the allegation contained in ¶ 85 of the Complaint, and refer to the referenced Affidavit of Victor Caroleo filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

86.     Defendants deny the allegation contained in ¶ 86 of the Complaint. and refer to the referenced Memorandum of Law dated March 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

87.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 87 of the Complaint.

**XIV.   Giordano Is Fired.**

88.     Defendants deny the allegation contained in ¶ 88 of the Complaint.

89.     Defendants deny the allegation contained in ¶ 89 of the Complaint.

90.     Defendants deny the allegation contained in ¶ 90 of the Complaint, and direct all questions of law to the Court, and all questions of fact to the trier of fact..

91.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 91 of the Complaint, but admit that a meeting took place on or about February 20, 2023.

92.     Defendants deny the allegation contained in ¶ 92 of the Complaint, but admit that a meeting took place on or about February 20, 2023.

93.     Defendants deny the allegation contained in ¶ 93 of the Complaint, but admit that a meeting took place on or about February 20, 2023.

**XV.**     **Giordano, in Concert with Don and Vic Caroleo, Raid SiteOne's Coram Location.**

94.     Defendants deny the allegation contained in ¶ 94 of the Complaint.

95.     Defendants deny the allegation contained in ¶ 95 of the Complaint.

96.     Defendants deny the allegation contained in ¶ 96 of the Complaint.

97.     Defendants deny the allegation contained in ¶ 97 of the Complaint.

98.     Defendants deny the allegation contained in ¶ 98 of the Complaint.

99.     Defendants deny the allegation contained in ¶ 99 of the Complaint.

100.    Defendants deny the allegation contained in ¶ 100 of the Complaint.

101.    Defendants deny the allegation contained in ¶ 101 of the Complaint.

102.    Defendants deny the allegation contained in ¶ 102 of the Complaint.

103.    Defendants deny the allegation contained in ¶ 103 of the Complaint.

**XVI.**    **Don Caroleo Covertly Steals Company Financial Performance Data.**

104.    Defendants deny the allegation contained in ¶ 104 of the Complaint.

105.    Defendants deny the allegation contained in ¶ 105 of the Complaint.

**XVII.**   **Defendants Brazenly Defy a Court Order.**

106.    Defendants deny the allegation contained in ¶ 106 of the Complaint, and refer to the temporary restraining order dated February 10, 2023 filed in the New York Supreme Court, Suffolk County under Index No. 602154/2023 for a full and complete statement of its contents.

107.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 107 of the Complaint.

**XVIII.**  **Defendants Open Another Competing Business Within the Restricted Area.**

108.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 108 of the Complaint, except admit that SiteOne filed the instant lawsuit and request for injunctive relief on March 17, 2023.

109.    Defendants deny the allegation contained in ¶ 109 of the Complaint.

110.    Defendants deny the allegation contained in ¶ 110 of the Complaint, and refer to the transcript of proceedings occurring on March 22, 2023 for a full and complete recitation of its contents and context.

111.    Defendants deny the allegation contained in ¶ 111 of the Complaint.

112.    Defendants deny the allegation contained in ¶ 112 of the Complaint.

113.    Defendants deny the allegation contained in ¶ 113 of the Complaint and deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the subparts thereto.

114.    Defendants deny the allegation contained in ¶ 114 of the Complaint.

115.    Defendants deny the allegation contained in ¶ 115 of the Complaint.

116.    Defendants deny the allegation contained in ¶ 116 of the Complaint.

117.    Defendants deny the allegation contained in ¶ 117 of the Complaint.

118.    Defendants deny the allegation contained in ¶ 118 of the Complaint.

119.    Defendants deny the allegation contained in ¶ 119 of the Complaint.

120.    Defendants deny the allegation contained in ¶ 120 of the Complaint.

121.    Defendants deny the allegation contained in ¶ 121 of the Complaint.

122.    Defendants deny the allegation contained in ¶ 122 of the Complaint.

123.    Defendants deny the allegation contained in ¶ 123 of the Complaint.

124.    Defendants deny the allegation contained in ¶ 124 of the Complaint.

## CAUSES OF ACTION

### COUNT I

**Breach of Contract**
**(Against All Defendants Except Giordano)**

125.    To the extent an answer is required to the allegation respective contained in ¶ 125 of the Complaint, Defendants repeat their answers to the respective allegations contained in ¶¶ 1 through 124 of the Complaint.

126.    Defendants deny the allegation contained in ¶ 126 of the Complaint, except admit that various defendants are parties to various agreements, and refer to those agreements as to the particular parties to each. Defendants also refer all questions of law to the Court, and all questions of fact to the trier of fact.

127.    Defendants deny the allegation contained in ¶ 127 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

128.    Defendants deny the allegation contained in ¶ 128 of the Complaint.

129.    Defendants deny the allegation contained in ¶ 129 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

130.    Defendants deny the allegation contained in ¶ 130 of the Complaint.

131.    Defendants deny the allegation contained in ¶ 131 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

132.    Defendants deny the allegation contained in ¶ 132 of the Complaint.

133.     Defendants deny of the allegation contained in ¶ 133 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

134.     Defendants deny the allegation contained in ¶ 134 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

135.     Defendants deny the allegation contained in ¶ 135 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

136.     Defendants deny the allegation contained in ¶ 136 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

137.     Defendants deny the allegation contained in ¶ 137 of the Complaint.

138.     Defendants deny the allegation contained in ¶ 138 of the Complaint.

## COUNT II

**Misappropriation of Trade Secrets in
Violation of the Defend Trade Secrets Act
(Against All Defendants)**

139.     To the extent that an answer is required to the allegation contained in ¶ 139 of the Complaint, Defendants repeat their answers the respective allegations contained in ¶¶ 1 through 138 of the Complaint.

140.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 140 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

141.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 141 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

142.     Defendants deny the allegation contained in ¶ 142 of the Complaint.

143.   Defendants deny the allegation contained in ¶ 143 of the Complaint.

144.   Defendants deny the allegation contained in ¶ 144 of the Complaint.

145.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 145 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

146.   Defendants deny the allegation contained in ¶ 146 of the Complaint.

147.   Defendants deny the allegation contained in ¶ 147 of the Complaint.

148.   Defendants deny the allegation contained in ¶ 148 of the Complaint.

149.   Defendants deny the allegation contained in ¶ 149 of the Complaint.

150.   Defendants deny the allegation contained in ¶ 150 of the Complaint.

151.   Defendants deny the allegation contained in ¶ 151 of the Complaint.

152.   Defendants deny the allegation contained in ¶ 152 of the Complaint.

153.   Defendants deny the allegation contained in ¶ 153 of the Complaint.

154.   Defendants deny the allegation contained in ¶ 154 of the Complaint.

155.   Defendants deny the allegation contained in ¶ 155 of the Complaint.

156.   Defendants deny the allegation contained in ¶ 156 of the Complaint.

157.   Defendants deny the allegation contained in ¶ 157 of the Complaint.

158.   Defendants deny the allegation contained in ¶ 158 of the Complaint.

## COUNT III

### Misappropriation of Trade Secrets
### (Against All Defendants)

159.   To the extent an answer is required to the allegation contained in ¶ 159 of the Complaint, Defendants repeat their answers contained in the respective allegations contained in ¶¶ 1 through 158 of the Complaint.

160.    Defendants deny the allegation contained in ¶ 160 of the Complaint.

161.    Defendants deny the allegation contained in ¶ 161 of the Complaint.

162.    Defendants deny the allegation contained in ¶ 162 of the Complaint.

163.    Defendants deny the allegation contained in ¶ 163 of the Complaint.

164.    Defendants deny the allegation contained in ¶ 164 of the Complaint.

165.    Defendants deny the allegation contained in ¶ 165 of the Complaint.

166.    Defendants deny the allegation contained in ¶ 166 of the Complaint.

167.    Defendants deny the allegation contained in ¶ 167 of the Complaint.

168.    Defendants deny the allegation contained in ¶ 168 of the Complaint.

169.    Defendants deny the allegation contained in ¶ 169 of the Complaint.

170.    Defendants deny the allegation contained in ¶ 170 of the Complaint.

171.    Defendants deny the allegation contained in ¶ 171 of the Complaint.

172.    Defendants deny the allegation contained in ¶ 172 of the Complaint.

173.    Defendants deny the allegation contained in ¶ 173 of the Complaint.

174.    Defendants deny the allegation contained in ¶ 174 of the Complaint.

## <u>COUNT IV</u>

**Violation of the Computer Fraud and Abuse Act**
**(Against All Defendants)**

175.    To the extent an answer is required to the allegation contained in ¶ 175 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 174 of Complaint.

176.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 176 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

177.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 177 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

178.    Defendants deny the allegation contained in ¶ 178 of the Complaint.

179.    Defendants deny the allegation contained in ¶ 179 of the Complaint.

180.    Defendants deny the allegation contained in ¶ 180 of the Complaint.

181.    Defendants deny the allegation contained in ¶ 181 of the Complaint.

182.    Defendants deny the allegation contained in ¶ 182 of the Complaint.

183.    Defendants deny the allegation contained in ¶ 183 of the Complaint.

184.    Defendants deny the allegation contained in ¶ 184 of the Complaint.

185.    Defendants deny the allegation contained in ¶ 185 of the Complaint.

186.    Defendants deny the allegation contained in ¶ 186 of the Complaint.

## COUNT V

### Conversion
### (Against Giordano)

187.    To the extent an answer is required to the allegation contained in ¶ 187 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 186 of Complaint.

188.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 188 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

189.    Defendants deny the allegation contained in ¶ 189 of the Complaint.

190.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 190 of the Complaint, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

191.     Defendants deny the allegation contained in ¶ 191 of the Complaint.

192.     Defendants deny the allegation contained in ¶ 192 of the Complaint.

193.     Defendants deny the allegation contained in ¶ 193 of the Complaint.

194.     Defendants deny the allegation contained in ¶ 194 of the Complaint.

## COUNT VI

**Unfair Competition**
**(Against All Defendants)**

195.     To the extent an answer is required to the allegation contained in ¶ 195 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 194 of the Complaint.

196.     Defendants deny the allegation contained in ¶ 196 of the Complaint.

197.     Defendants deny the allegation contained in ¶ 197 of the Complaint.

198.     Defendants deny the allegation contained in ¶ 198 of the Complaint.

199.     Defendants deny the allegation contained in ¶ 199 of the Complaint.

200.     Defendants deny the allegation contained in ¶ 200 of the Complaint.

201.     Defendants deny the allegation contained in ¶ 201 of the Complaint.

202.     Defendants deny the allegation contained in ¶ 202 of the Complaint.

## COUNT VII

**Tortious Interference with Business Relationships**
**(Against All Defendants)**

203.    To the extent an answer is required to the allegation contained in ¶ 203 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 202 of the Complaint.

204.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 204 of the Complaint.

205.    Defendants deny the allegation contained in ¶ 205 of the Complaint.

206.    Defendants deny the allegation contained in ¶ 206 of the Complaint.

207.    Defendants deny the allegation contained in ¶ 207 of the Complaint.

208.    Defendants deny the allegation contained in ¶ 208 of the Complaint.

209.    Defendants deny the allegation contained in ¶ 209 of the Complaint.

210.    Defendants deny the allegation contained in ¶ 210 of the Complaint.

211.    Defendants deny the allegation contained in ¶ 211 of the Complaint.

212.    Defendants deny the allegation contained in ¶ 212 of the Complaint.

## <u>COUNT VIII</u>

**Tortious Interference with Contractual Relationships
(Against All Defendants)**

213.    To the extent an answer is required to the allegation contained in ¶ 213 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 212 of Complaint.

214.    Defendants deny the allegation contained in ¶ 214 of the Complaint, refer to those agreements for a true recitation of all of its terms and conditions, and refer all questions of law to the Court, and all questions of fact to the trier of fact.

215.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 215 of the Complaint and refer all questions of law to the Court, and all questions of fact to the trier of fact.

216.    Defendants deny the allegation contained in ¶ 216 of the Complaint.

217.    Defendants deny the allegation contained in ¶ 217 of the Complaint.

218.    Defendants deny the allegation contained in ¶ 218 of the Complaint.

219.    Defendants deny the allegation contained in ¶ 219 of the Complaint.

220.    Defendants deny the allegation contained in ¶ 220 of the Complaint.

221.    Defendants deny the allegation contained in ¶ 221 of the Complaint.

222.    Defendants deny the allegation contained in ¶ 222 of the Complaint.

## COUNT IX

### Fraud
### (Against Giordano)

223.    To the extent an answer is required to the allegation contained in ¶ 223 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 222 of the Complaint.

224.    Defendants deny the allegation contained in ¶ 224 of the Complaint.

225.    Defendants deny the allegation contained in ¶ 225 of the Complaint.

226.    Defendants deny the allegation contained in ¶ 226 of the Complaint.

227.    Defendants deny the allegation contained in ¶ 227 of the Complaint.

228.    Defendants deny the allegation contained in ¶ 228 of the Complaint.

229.    Defendants deny the allegation contained in ¶ 229 of the Complaint.

## COUNT X

### Unjust Enrichment

**(Against Giordano)**

230.    To the extent an answer is required to the allegation contained in ¶ 230 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 229 of the Complaint.

231.    Defendants deny the allegation contained in ¶ 231 of the Complaint.

232.    Defendants deny the allegation contained in ¶ 232 of the Complaint.

233.    Defendants deny the allegation contained in ¶ 233 of the Complaint.

234.    Defendants deny the allegation contained in ¶ 234 of the Complaint.

235.    Defendants deny the allegation contained in ¶ 235 of the Complaint.

## COUNT XI

**Breach of Fiduciary Duty**
**(Against Giordano)**

236.    To the extent an answer is required to the allegation contained in ¶ 236 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 235 of the Complaint.

237.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 237 of the Complaint.

238.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 238 of the Complaint, and refer all questions of law to this Court.

239.    Defendants deny the allegation contained in ¶ 239 of the Complaint.

240.    Defendants deny the allegation contained in ¶ 240 of the Complaint.

241.    Defendants deny the allegation contained in ¶ 241 of the Complaint.

242.    Defendants deny the allegation contained in ¶ 242 of the Complaint.

243.    Defendants deny the allegation contained in ¶ 243 of the Complaint.

## COUNT XII

**Aiding and Abetting Breach of Fiduciary Duty**
**(Against All Defendants Except Giordano)**

244.    To the extent an answer is required to the allegation contained in ¶ 244 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 243 of the Complaint.

245.    Defendants deny the allegation contained in ¶ 245 of the Complaint.

246.    Defendants deny the allegation contained in ¶ 246 of the Complaint.

247.    Defendants deny the allegation contained in ¶ 247 of the Complaint.

248.    Defendants deny the allegation contained in ¶ 248 of the Complaint.

249.    Defendants deny the allegation contained in ¶ 249 of the Complaint.

## COUNT XIII

**Civil Conspiracy**
**(All Defendants)**

250.    To the extent an answer is required to the allegation contained in ¶ 250 of the Complaint, Defendants repeat their answers in the respective allegations contained in ¶¶ 1 through 249 of the Complaint.

251.    Defendants deny the allegation contained in ¶ 251 of the Complaint.

252.    Defendants deny the allegation contained in ¶ 252 of the Complaint.

253.    Defendants deny the allegation contained in ¶ 253 of the Complaint.

254.    Defendants deny the allegation contained in ¶ 254 of the Complaint.

255.    Defendants deny the allegation contained in ¶ 255 of the Complaint.

256.    Defendants deny the allegation contained in ¶ 256 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state sufficient facts to constitute a cause of action against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred to the extent any claims in the Complaint are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

The Plaintiff is estopped from claiming any amounts allegedly due, by reason of its own conduct and activities, or that of its agents or other necessary parties.

### FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

The Plaintiff has waived any right, if any, to claim any sums due, by reason of its own conduct, or that of its agents or other necessary parties.

### FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The Plaintiff comes to this Court with unclean hands and cannot complain of the acts or omissions of the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

The Plaintiff has failed to mitigate its damages, if in fact it has sustained any, and has failed to act reasonably to control or limit any loss.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Causal Connection)

There is no causal connection, whether actual or proximate, between any of the conduct of the Defendants and the alleged loss or damage that the Plaintiff contends it has sustained.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

Without admitting the allegations in the Complaint, any claim against Defendants is barred, in whole or in part, due to Defendants having acted in good faith and reasonably with respect to the matters alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Statute of Repose)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third Party Action)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because any damage allegedly suffered is solely the proximate result of conduct, acts, and/or omissions of persons or entities other than Defendants, over whom Defendants had no control.

## TWELTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because Defendants did not breach any duty owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Documentary Evidence)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by documentary evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because Plaintiff has suffered no actual damages and/or any such alleged damages cannot be proven at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach by Plaintiff)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, by Plaintiff's breach of its obligations and duties to Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

Without admitting the allegations in the Complaint, Plaintiff's claims are barred to the extent any claim against Defendants is barred, in whole or in part, because the instant venue is not the proper venue for this alleged dispute.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

Without admitting the allegations in the Complaint, any claim against Defendants is barred, in whole or in part, due to this Court's lack of subject matter jurisdiction. More particularly, Plaintiff's claims are based on federal question jurisdiction grounded in the Defend Trade Secrets Act and Computer Fraud Abuse Act. Plaintiff fails to state viable federal claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

To the extent that Plaintiff asserts contract claims against non-parties, those claims are barred due to lack of privity of contract.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Law of the Case)

To the extent legal issues concerning the Lease have already been determined, Plaintiff's claims are barred by the law of the case doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendants reserve the right to assert additional affirmative defense should such defenses be warranted based on the facts disclosed through discovery.

## COUNTERCLAIM

GROUP 5 as and for its Counterclaim against SiteOne allege as follows:

1.      GROUP 5 owns real property which is the subject of the Lease.

2.      SiteOne is the Tenant under the Lease.

3.      SiteOne has brought claims against GROUP 5 in this lawsuit pertaining to the

Lease, including claims that Property Owners breached Section 6.5 of the Lease.

4.      Section 6.5 of the Lease states in part:

**Non-Competition Covenant**. During the Term of this Lease, Landlord shall not
… otherwise make available any land or building either now controlled by Landlord
or which becomes subject to Landlord's control … within 10 miles of the Premises
… to any person or business entity that engages in a business activity that includes
the sale of landscapes, pavers, stone, concrete, or other landscape materials
(including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage
products, turf care products (i.e. fertilizers and control products), grass seed, and/or
turf care equipment (i.e. mowers, sprayers, spreaders, turf renovations, hand held
power equipment, etc.)). This covenant shall be binding upon Landlord and
Landlord's … beneficiaries….

5.      Section 6.5 of the Lease, among other things, also states: "If Landlord is found to

be in default of this Section 6.5, Tenant shall immediately notify Landlord in writing of said default

and shall identify the Competing Property by name in the written notice."

6.      SiteOne's claims against the GROUP 5 based on breach of lease are meritless.

7.      Nevertheless, based on Lease, SiteOne was required, prior to bringing this lawsuit,

to comply with the notice provisions of Section 6.5.

8.      SiteOne failed to comply with the notice provisions of Section 6.5.

9.      Section 24.4 of the Lease states:

**Attorneys' Fees**: Any party in breach of this Lease (the "Breaching Party") shall
reimburse the other party (the "Nonbreaching Party") upon demand for any legal
fees and court (or other administrative proceeding) costs and related expenses that
the Nonbreaching Party incurs in connection with the breach, regardless of whether
suit is commenced or judgment entered. Such costs shall include legal fees and
costs incurred for the negotiation of a settlement, enforcement of rights or

27

otherwise. Furthermore, in the event of litigation, the court in such action shall award to the party most substantially obtaining the relief sought a reasonable sum as attorneys' fees and costs, which sum shall be paid by the losing party.

10.     SiteOne has materially breached the Lease.

11.     By reason of the foregoing, the GROUP 5 are entitled to a reasonable sum as attorneys' fees and costs.

12.     By reason of the foregoing, GROUP 5 have suffered damages in an amount to be determined at trial.

**WHEREFORE**, Defendants demands judgment against Plaintiff dismissing the Amended Complaint in its entirety and for such other and further relief as the Court deems just and proper, and GROUP 5 demands judgment against Plaintiff on its Counterclaim in an amount to be determined at trial, plus interest from March 13, 2023, along with such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants hereby demand a trial by jury on all issues so triable as set forth herein.

Dated:     Uniondale, New York
            March 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By:     *Kenneth A. Novikoff*
        Kenneth A. Novikoff (KAN- - 0350)
        A Member of the Firm
        926 RXR Plaza
        Uniondale, New York 11556-0921

4886-7238-9550, v. 1

29