UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

    Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

    Defendants.

Civil Action No.: 23-CV-02084-GRB-SL

---

**PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO DEFENDANTS
3670 ROUTE 112 LLC AND 9 4TH ST. LLC'S COUNTERCLAIM**

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, as and for its reply to the counterclaim of Defendants 3670 Route 112 LLC and 9 4th St. LLC (the "Counterclaim") contained in Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4th St. LLC's (collectively, "Defendants") Answer to the Amended Complaint, dated March 12, 2024, states as follows:

## ANSWER TO COUNTERCLAIM

1.     The Property Owners own real property which is the subject of the Lease.

**RESPONSE**: With respect to the allegations contained in Paragraph 1 of the Counterclaim, SiteOne admits only that 3670 Route 112 LLC and 9 4th St. LLC are identified, in Section

23 of the Lease,[1] as owning "in fee simple" certain parcels of the "Land" (as defined in the Lease). However, SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim that the Property Owners actually own any real property that is the subject of the Lease; SiteOne therefore denies the allegations contained in Paragraph 1 of the Counterclaim on that basis.

2.  SiteOne is the Tenant under the Lease.

**RESPONSE**: SiteOne admits the allegations contained in Paragraph 2 of the Counterclaim.

3.  SiteOne has brought claims against the Property Owners in this lawsuit pertaining to the Lease, including claims that the Property Owners breached Section 6.5 of the Lease.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 3 of the Counterclaim to the extent they misstate, in any way, the facts and/or claims set forth in SiteOne's Amended Complaint (and/or any prior or subsequent versions of same). The allegations set forth in Paragraph 3 of the Counterclaim are otherwise admitted.

4.  Section 6.5 of the Lease states in part:

> **Non-Competition Covenant**. During the Term of this Lease, Landlord shall not … otherwise make available any land or building either now controlled by Landlord or which becomes subject to Landlord's control … within 10 miles of the Premises … to any person or business entity that engages in a business activity that includes the sale of landscapes, pavers, stone, concrete, or other landscape materials (including rock, gravel, mulch, bark, topsoil, compost and sand, irrigation/drainage products, turf care products (i.e. fertilizers and control products), grass seed, and/or turf care equipment (i.e. mowers, sprayers, spreaders, turf renovations, hand held power equipment, etc.)). This covenant shall be binding upon Landlord and Landlord's … beneficiaries….

---

[1] The term "Lease" is defined in the Answer and Counterclaim of Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4th St. LLC at Paragraph 33 as the lease agreement dated January 14, 2020 between Defendant Narrow Way Realty Ltd. and SiteOne.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 4 of the Counterclaim to the extent they misstate, in any way, the terms of the Lease. The allegations set forth in Paragraph 4 of the Counterclaim are otherwise admitted.

5.     Section 6.5 of the Lease, among other things, also states: "If Landlord is found to be in default of this Section 6.5, Tenant shall immediately notify Landlord in writing of said default and shall identify the Competing Property by name in the written notice."

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 5 of the Counterclaim to the extent they misstate, in any way, the terms of the Lease. The allegations set forth in Paragraph 5 of the Counterclaim are otherwise admitted.

6.     SiteOne's claims against the Property Owners based on breach of lease are meritless.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 6 of the Counterclaim.

7.     Nevertheless, based on the Lease, SiteOne was required, prior to bringing this lawsuit, to comply with the notice provisions of Section 6.5.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 7 of the Counterclaim.

8.     SiteOne failed to comply with the notice provisions of Section 6.5.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 8 of the Counterclaim.

9.     Section 24.4 of the Lease states:

**Attorneys' Fees**: Any party in breach of this Lease (the "Breaching Party") shall reimburse the other party (the "Nonbreaching Party") upon demand for any legal fees and court (or other administrative proceeding) costs and related expenses that the Nonbreaching Party incurs in connection with the breach, regardless of whether suit is commenced or judgment entered. Such costs shall include legal fees and costs incurred for the negotiation of a settlement, enforcement of rights or otherwise. Furthermore, in the event of litigation, the court in such action shall award to the party most substantially obtaining the relief sought a reasonable sum as attorneys' fees and costs, which sum shall be paid by the losing party.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 9 of the Counterclaim to the extent they misstate, in any way, the terms of the Lease. The allegations set forth in Paragraph 9 of the Counterclaim are otherwise admitted.

3

10. SiteOne has materially breached the Lease.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 10 of the Counterclaim.

11. By reason of the foregoing, the Property Owners are entitled to a reasonable sum as attorneys' fees and costs.

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 11 of the Counterclaim.

12. By reason of the foregoing, Property Owners have suffered damages in an amount to be determined at trial but believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00).

**RESPONSE**: SiteOne denies the allegations contained in Paragraph 12 of the Counterclaim.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Amended Complaint in its entirety and for such other and further relief as the Court deems just and proper, and the Property Owners demand judgment against Plaintiff on their Counterclaim in the sum of ONE MILLION DOLLARS ($1,000,000.00), plus interest from March 13, 2023, along with such other and further relief as the Court deems just and proper.

**RESPONSE**: SiteOne denies the allegations set forth in the "WHEREFORE" paragraph of the Counterclaim and denies that Defendants 3670 Route 112 LLC and 9 4th St. LLC are entitled to any of the relief described therein, or to any other relief whatsoever. All other allegations or prayers for relief contained in the Counterclaim that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Each of the defenses and affirmative defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein, or which may hereafter be pleaded.

1. Defendants' claims fail to state any causes of action upon which relief can be granted and should therefore be dismissed in their entirety.

2. To the extent discovery of the evidence may show, some or all of Defendants' claims are barred by the doctrines of estoppel, unclean hands, bad faith, acquiescence, waiver, *in pari delicto*, ratification, laches, and/or other equitable doctrines.

3. Defendants' claims are barred by Defendants' failure to satisfy a condition precedent.

4. Defendants' claims are barred insofar as Defendants failed to mitigate their alleged damages.

5. Defendants' claims are barred in whole or in part by acts, omissions, or events caused not by SiteOne, but instead by Defendants and/or third parties.

6. Any losses or damages suffered by Defendants were not proximately or legally caused by SiteOne.

7. Defendants' claims are barred under the doctrines of accord and satisfaction and/or novation.

8. Defendants' claims are barred under the doctrine of anticipatory breach.

9. SiteOne's alleged breach of the Lease is excused because compliance with the notice provisions of the Lease would have been useless and infeasible, and would have constituted a useless gesture.

10. SiteOne's alleged breach of the Lease is excused because the breach of the Lease by Defendants (as set forth in SiteOne's Amended Complaint) was not curable.

11. SiteOne's alleged breach of the Lease is excused due to Defendants' fraudulent and deceptive conduct in hiding Defendants' and others' breaches of the Lease and other unlawful conduct.

12. Defendants' claims are barred, in whole or in part, by documentary evidence.

13. Defendants' claims for damages are barred in whole or in part because the damages sought are too speculative and/or remote to be compensable.

14. Defendants 3670 Route 112 LLC and 9 4th St. LLC lack standing to assert the cause of action contained in the Counterclaim.

15. Defendants' claims are barred in whole or in part by setoff.

16. Defendants' claims are barred because granting the relief sought would unjustly enrich Defendants.

17. Defendants 3670 Route 112 LLC and 9 4th St. LLC's claims fail because their purported damages, if any, are attributable to Defendants' acts or omissions.

18. Defendants' claims are barred because SiteOne has, at all times, fully complied with all notice, cure, and other applicable provisions in the Lease.

19. Defendants' claims are barred because Defendants were on actual notice of their breaches of the Lease.

SiteOne reserves the right to rely upon any other defense or to assert any other claim that is revealed as this litigation proceeds; and SiteOne further reserves the right to amend its Answer to reflect those defenses or assert such claims if and when they are discovered.

Dated: April 2, 2024

| | |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS LLP | FARRELL FRITZ, P.C. |
| By: */s/ John S. Gibbs III* | By: */s/ Kevin P. Mulry* |
| John S. Gibbs III (admitted *pro hac vice*)<br>600 Peachtree Street, NE, Suite 3000<br>Atlanta, Georgia 30308<br>Phone: (404) 885-3000<br>Email: evan.gibbs@troutman.com | Kevin P. Mulry<br>400 RXR Plaza<br>Uniondale, New York 11556<br>Phone: (516) 227-0620<br>Email: kmulry@farrellfritz.com |
| Daniel E. Gorman<br>875 Third Avenue<br>New York, New York 10022<br>Phone: (212) 704-6000<br>Email: daniel.gorman@troutman.com | |

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*