

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

May 9, 2024

**VIA ECF**
Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

    **Re:**    **SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**
            **Civil Action No. 2:23-cv-02084-GRB-ST**
            <u>**Motion to Quash and for a Protective Order**</u>

Dear Magistrate Judge Locke:

    This firm, Rivkin Radler LLP, represents Defendants, Victor Caroleo, ("Victor"), Narrow Way Realty, Ltd., ("Narrow Way"), Nicholas Giordano, ("Nicholas"), Narrow Way 2, LLC., ("NW2"), Group 5 Associates, Ltd., ("Group 5"), Scapes Supply, LLC, ("Scapes"), and Neway Management, LLC, ("Neway")(collectively, "Defendants") in the above-referenced action. In accordance with Rule 4(A)(i) of your Honor's individual rules, and Local Civil Rules 37.1 and 37.3, Defendants respectfully submit this application requesting an Order, pursuant to FRCP 45; (i) quashing the subpoena issued by Plaintiff to American Community Bank ("Bank"), dated April 26, 2025 ("Subpoena"); and (ii) the issuance of protective order with respect the documents requested in the Subpoena. Attached as **Exhibit A** is a copy of the Subpoena.

    On May 3, 2024, Defendants wrote Plaintiff requesting a meet and confer, and demanding the Subpoena be withdrawn, as it is palpably improper, overbroad, and, to be generous, nothing more than invasive fishing expedition which seeks documents related to *every transaction* made for the last six years by Victor and Narrow Way. Attached as **Exhibit B** is a copy of Defendant's May 3, 2024 correspondence.

    Specifically, the Subpoena improperly requests that the Bank:

> "Produce any and all documents that refer to, relate to, evidence, or reflect in any way the **complete account history detailing all transactions** associated with any and all American Community Bank accounts bearing the name of Victor Caroleo and/or "Narrow Way Realty, Ltd." … from January 1, 2018 through the present, including but not limited to: records of checking transactions, savings transactions, monthly bank statements, deposit slips, wire transfer confirmations, copies of fronts and backs of checks, and any and all other such records." **Exhibit A**, p. 4.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

Magistrate Judge Locke
May 9, 2024
Page 2

Clearly, "the complete account history detailing all transactions" associated with any account owned by Victor or Narrow Way cannot possibly be construed as a proper discovery request, much less a request that is narrowly tailored to the facts, claims, or legal issues in this action.

On May 4, 2024, Plaintiff's counsel wrote Defendants' counsel, positing that Defendants lacked standing to quash the Subpoena, that only the Bank can assert such arguments, and Defendants' demand for withdrawal of the Subpoena was untimely, despite the Subpoena being returnable the following week on May 10, 2024. In response, Defendants' counsel advised Plaintiff's counsel that: (i) the Second Circuit is in uniform agreement that financial records, such as bank records, fall within the scope of information to which a party "enjoys a personal right or privilege" (Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., No. CV126383JFBAKT, 2017 WL 1133349, at *5 [E.D.N.Y. Mar. 24, 2017]); and (ii) Defendants may move to quash at any time before the return date of the Subpoena (Est. of Tillman by Tillman v. City of New York, 345 F.R.D. 379, 385 [E.D.N.Y. 2024]). Attached as **Exhibit C** is the correspondence between counsel for the parties on May 4, 2024 and May 6, 2024.

On May 7, 2024, counsel for the parties appeared for a meet and confer via Zoom to see if they could resolve issues concerning the Subpoena without the Court's intervention. Plaintiff proposed entering a protective order, limiting the requests from January 2020 (rather than January 2018), and all transactions in Victor's accounts among the named Defendants. However, for Narrow Way's accounts, other than the temporal scope, Plaintiff did not agree to modify the Subpoena in any manner whatsoever.

Instead, Plaintiff posits that *every single transaction* in any account owned by Narrow Way, as well as *every single transaction* from Victor's account among the Defendants, are somehow relevant to this action because such transactions *might* show which individuals or entities received payments from Narrow Way, thus bringing such individuals or entities within the gambit of Plaintiff's strained definition of "beneficiaries," and subject to the non-compete provision contained in the lease between Plaintiff and Narrow Way ("Lease"). Attached as **Exhibit D** is a copy of the Lease.

Essentially, Plaintiff's breach of contract claim turns on the tortured reading of the non-compete provision within the Lease, which states that the non-compete is binding upon Narrow Way and Narrow Way's "*successors, assigns, or beneficiaries*." **Exhibit D**, at Section 6.5. Plaintiff disingenuously claims that "beneficiaries" means any individual or entity that "benefits" or receives a "benefit" or money from the Narrow Way. Under this strained argument, Plaintiff suggests it is somehow entitled to discovery about any and all documents relating to every single payment, transfer, deposit, withdrawal, or transaction made by Narrow Way – so it can determine what "beneficiaries" are subject to the non-compete provision of the Lease.

It strains credulity for Plaintiff to rely on this argument to feign relevance of the requested documents, especially when the Court already astutely stifled Plaintiff's previous attempts to stretch the definition of "beneficiaries" to include Victor, or other individuals or entities alleged to be receiving a benefit from Narrow Way. In the Court's Memorandum of Opinion and Order, dated January 4, 2024 (the "Order"), Judge Brown

**RIVKIN RADLER** LLP

Magistrate Judge Locke
May 9, 2024
Page 3

rejected Plaintiff's interpretation of "beneficiaries" in this context, and unequivocally held that: "[u]nder this formulation, the restrictive covenant would extend to the Landlord's landscaper or snow removal service or the utility companies that provide service to the property if paid by Landlord. <u>The plain meaning of the words cannot possibly support such an interpretation</u>." **ECF No. 104**, at p. 6 (emphasis added).

Plaintiff's argument that Victor and Narrow Way lack standing to challenge the palpably improper Subpoena issued for their bank accounts is simply wrong as a matter of law. <u>Sky Med. Supply Inc.</u>, 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017) ("courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege"); <u>see</u> also <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (standing where subpoenaed information encompassed bank records); <u>Arias-Zeballos v. Tan</u>, No. 06 CV 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (finding that "individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution").

After determining that Defendants have standing, the next inquiry of the Court is "whether Plaintiff has demonstrated the relevance of the information being sought" by the Subpoena." <u>Sky Med. Supply Inc.</u>, 2017 WL 1133349, at *8 (E.D.N.Y 2017); <u>see</u> also <u>Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.</u>, 650 F. Supp. 3d 199, 203 (S.D.N.Y. 2023) (holding that where the movant has standing, the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests asserted). The subpoenaed information must be both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

This Court should not countenance Plaintiff's brazen attempt to partake on what can only be generously characterized as an invasive fishing expedition. There can be no question that the grossly overbroad Subpoena, which Plaintiff failed to tailor in any meaningful manner, has no relevancy whatsoever to the instant action. Plaintiff should not be permitted to continue to stretch the definition of "beneficiaries" in the face of the Court's Order which definitely held that a plain reading of the words cannot possibly support such an interpretation. **ECF No. 104**, at p. 6. Accordingly, the undersigned respectfully requests the Court quash the Subpoena and the issuance of a protective order enjoining Plaintiff from requesting discovery on the pretense that Victor, or other individuals or entities, are "beneficiaries" under the Lease by virtue of them receiving monies from Narrow Way.

We thank the Court for its attention to this matter.

Respectfully submitted,
/s/
Kenneth A. Novikoff, Esq.