# EXHIBIT B

## Michael N. Impellizeri

| | |
|---|---|
| **From:** | Michael N. Impellizeri |
| **Sent:** | Friday, May 3, 2024 1:35 PM |
| **To:** | Evan.Gibbs@troutman.com; Matt.Adler@troutman.com; Paris.Kent@troutman.com; Daniel.Gorman@troutman.com; kmulry@FarrellFritz.com |
| **Cc:** | Ken Novikoff; Michael Mule; NKoster@mllaborlaw.com |
| **Subject:** | Demand to Withdraw Subpoena - Siteone Landscape Supply, LLC v. Giordano et al. / 2:23-cv-02084-GRB-SIL |

Counsel:

As you know, this firm, Rivkin Radler LLP, represents Defendants, Victor Caroleo, ("Victor"), Narrow Way Realty, Ltd., ("Narrow Way"), Nicholas Giordano, ("Nicholas"), Narrow Way 2, LLC., (Narrow Way 2"), Group 5 Associates, Ltd., ("Group 5"), Scapes Supply, LLC, ("Scapes"), and Neway Management, LLC, ("Neway Management")(collectively, "Defendants") in the above-referenced action.

We write to demand the immediate withdrawal of Plaintiff's Subpoena *Duces Tecum* to American Community Bank (the "Bank"), dated April 26, 2024 ("Subpoena"), which was served for no other reason than to harass Defendants. Please accept this letter as a request to meet and confer to resolve this issue short of motion practice.

Initially, the Subpoena is palpably improper in that it seeks all documents related to every transaction made for the last six years of Victor and Narrow Way, none of which are remotely relevant or material to the claims in this action. Further, the Subpoena's request for a "complete account history detailing all transactions" of accounts in the name of Victor and Narrow Way is both grossly overbroad and unduly burdensome. Additionally, the Subpoena fails to tailor its request in any manner whatsoever, much less identify categories of documents tailored to the facts, claims, or legal issues in Plaintiff's Amended Complaint.

For these reasons, and others, please confirm that Plaintiff will withdraw the Subpoena by 10:00 AM, on May 6, 2024.

Although we would prefer to avoid costly and ultimately unnecessary motion practice, if Plaintiff fails to confirm its withdrawal of the Subpoena by 10:00 AM on May 6, 2024, Defendant will have no choice but to bring a motion to quash. Additionally, Defendants will be notifying the Bank that Defendants intend to move to quash the Subpoena, and will request the Bank not respond to the Subpoena until the motion is resolved by the Court.

All rights reserved. Please be guided accordingly.



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



1