Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



John "Evan" Gibbs III
evan.gibbs@troutman.com

Magistrate Judge Steven I. Locke  May 13, 2024
District Court for the Eastern District of New York

**Re:  SiteOne Landscape Supply, LLC v. Nicholas Giordano et. al. (23-CV-02084)**
      **SiteOne's Opposition to Defendants' Motion to Quash a Non-Party Bank Subpoena**

Dear Judge Locke:

Defendants' motion to quash [Dkt. 125] suffers from two fundamental errors. First, in direct contravention of the Court's prior rulings, including specific questions from the Court about "where the rental payments went and who personally benefited from them" [Dkt. 93, pp. 8-9], Defendants manufacture a purported "law of the case" that precludes SiteOne from discovering financial transactions that would establish both Defendant Narrow Way Realty's breach of contract and related transactions flowing from this breach that would further establish the causes of action against the other Defendants. The Court expressly permitted discovery along this path. Second, the motion to quash incorrectly portrays the limited discovery served by SiteOne (and which SiteOne then cut down still further after a meet and confer) as an overbroad fishing expedition, when it is narrowly tailored to serve the precise discovery permitted by the Court. As the parties commence long-delayed discovery, the parties and the Court would be well-served to proceed without being hindered by baseless and costly objections.

## FACTUAL BACKGROUND

The following facts are undisputed by the parties. SiteOne purchased a landscape supply and nursery business from Garden Department in January 2020. SiteOne continued operating the business at the same location (Coram) after the sale. Contemporaneous with the purchase, SiteOne entered into a lease agreement for the Coram location with Narrow Way Realty, which is the entity Vic and Don, who own the land on which the store sits, designated as the landlord under the lease. Vic is CEO and sole shareholder of Narrow Way Realty and signed the Coram lease on its behalf. SiteOne has been and is currently paying six figures in rent to Narrow Way Realty annually. The Coram lease has a noncompete provision prohibiting Narrow Way Realty and its "successors, assigns, and beneficiaries" from operating a competing business within 10 miles of the Coram location during the term of the lease. Vic, along with Defendant Giordano, opened a competing business, Scapes Supply, LLC, less than five miles from SiteOne's Coram location in 2023.

## LEGAL ARGUMENT

### I.  **Defendants Construct a "Law of the Case" that Does Not Exist.**

SiteOne sought a TRO and preliminary injunction at the outset of this case to enjoin the operation of Scapes Supply on the basis that Vic is personally bound by the noncompete in the Coram lease as a "beneficiary" of Narrow Way Realty since he is its CEO and sole shareholder, and thus receiving a direct, personal benefit from SiteOne's substantial rent. While the Court denied the injunction request, it repeatedly stated that discovery might ultimately prove Vic and Narrow Way Realty were involved with the new competing activities as alleged — a fact which would give rise to liability not only on the noncompete but on other causes of action as well.

Defendants now attempt to resist that very same relevant discovery, arguing that "the Court already astutely stifled Plaintiff's previous attempts to stretch the definition of 'beneficiaries' to include Victor, or other individuals or entities alleged to be receiving a benefit from Narrow Way . . . [in the Court's Memorandum of Opinion and Order, dated January 4, 2024." But any purported "stifling" was procedurally based in the setting of an injunction request. It was in no way a protective order as Defendants now misleadingly assert.

The R&R which denied immediate equitable relief also foreshadowed and thus permitted the discovery to come: the Court commented that "based on the evidence submitted thus far, it is unclear exactly where the rental payments went and who personally benefited from them." [Dkt. 93, pp. 8-9.]. These comments are particularly noteworthy and dispositive of the motion to quash, given that they were made on full notice of precisely the discovery SiteOne now served.[1]

Defendants now try to conceal the very evidence that the Court recognized might be in their possession and that the Court warned against at oral argument. The Court stated it would be looking for exactly this evidence and it would bode ill for Defendants if it emerged: "I will put on the record at this point, to the extent the defendants do anything, they do it at their own peril … And it strikes me that, viewed at the 50,000 foot mark, these folks spent $30 million on a business from a small group of individuals and companies and said, please, you are not going to compete with us and they agreed on some level to that in certain respects and there is a lot of technicalities to be addressed. But it strikes me that there may be a thinly veiled attempt to try to end run an agreement and if I find that that happens that's not going to go well." [Dkt. 34-1, Tr. 73.]

## II.     The Subpoena is Narrowly Tailored and Seeks Relevant Information.

The vehemence of Defendants' opposition to this discovery would indicate that they are well aware of the Court's admonition and are so doing all they can to keep this information from coming out. That includes, unfortunately, a complete distortion of the Subpoena.

The transaction information is **directly** relevant to SiteOne's claims. It will show the nature of the financial relationship between Narrow Way Realty, Vic, and the other Defendant co-conspirators, including what is being done with the rent payments from SiteOne. This is the very issue identified by Judges Tiscione and Brown as critical to SiteOne's injunction request. Defendants have submitted no explanation or evidence identifying any burden on the Bank to produce account(s) transaction history — some of the most routine information stored by a bank.[2]

---

[1] Indeed, in SiteOne's opposition to Defendants' pre-motion letter to dismiss [Dkt. 106, fn. 4], which motion to dismiss was denied in its entirety, SiteOne was clear that it sought "limited discovery related to Vic's role as a beneficiary of Narrow Way Realty, including, but not limited to, the production of bank statements for both accounts of Narrow Way Realty and Vic from American Community Bank where rent payments under the Coram Lease are being made."

[2] The parties met and conferred via videoconference about the Subpoena. SiteOne agreed to limit the time period to January 1, 2020 (the date the transaction closed) to the present, and, with respect to records sought from Vic's personal account(s) with the Bank, only transactions between Vic and any other Defendants (or their agents/representatives). Defendants did not propose any alternatives, simply rejecting SiteOne's proposals and filing their motion. SiteOne also sent Defendants' counsel a proposed protective order for submission to this Court for the purpose of safeguarding Defendants' privacy concerns, and SiteOne's counsel agreed to treat any records produced by the Bank as confidential or even attorneys' eyes only. Any privacy concerns raised by Defendants are thus moot. New York courts routinely direct that confidential information be produced subject to the terms of a confidentiality order, particularly where a party makes "no effort to demonstrate why the confidentiality order in place is inadequate to protect the confidentiality." *Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc.*, 236 F.R.D. 129, 136 (E.D.N.Y. 2006).

The Second Circuit has broadly construed relevance in the context of non-party subpoenas "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *See Lopez v. Setauket Car Wash & Detail Ctr.*, 2015 WL 13753675, at *3 (E.D.N.Y. May 19, 2015); *Zou v. Han*, 2024 WL 707285, at *3 (E.D.N.Y. Feb. 21, 2024) (denying motion to quash subpoena and finding subpoena issued to defendant's bank was proper where all documents requested appeared to be part of an alleged pattern and scheme and relevant to plaintiff's claims that they were defrauded by defendant and to the flow of funds); *see also Conopco, Inc. v. Wein*, 2007 WL 2119507, at *3 (S.D.N.Y. July 23, 2007) (denying motion to quash non-party subpoena to a bank where financial information may have been relevant to defendants' participation in a scheme).

The manner in which Vic, as Narrow Way Realty's CEO and sole shareholder, is directing Narrow Way Realty's money will demonstrate whether Vic and the other Defendants may be Narrow Way Realty's "beneficiaries" (thus bound by the noncompete) by virtue of receiving/using those funds personally, as well as whether and to what extent others are involved in Defendants' competition with SiteOne. For example, if Vic has been utilizing Narrow Way Realty's account(s) as his own piggy bank, he is Narrow Way Realty's "beneficiary" under the noncompete provision. This is a far cry from the "fishing expedition" argued by Defendants.

Further, in their zeal to hide the relevant information it is plain will emerge, Defendants misrepresent the Subpoena's contents and the meet and confer history. In a passage replete with adjectives, Defendants inaccurately argue overbreadth: "Plaintiff's **brazen** attempt to partake on . . . an **invasive fishing expedition**. There can be no question that the **grossly overbroad** Subpoena, which Plaintiff **failed to tailor in any meaningful manner** . . ." (emphasis added). This is longer on emotion than it is on accuracy, as SiteOne confined the Subpoena temporally and in scope. *See supra*, fn. 2. SiteOne made these adjustments after meeting and conferring in good faith. The only change Defendants would tolerate is one that would prevent any information at all from emerging.

### III.     Production of the Requested Information Will Not "Burden" the Bank.

"Once relevance [is] shown …the responding party [must] justify curtailing discovery." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 2355451, at *4 (S.D.N.Y. May 28, 2013). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Id.* Rather, "[a] party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory [or document demand] is not relevant or…is overly broad, burdensome or oppressive . . . submitting affidavits or offering evidence revealing the nature of the burden.'" *Id.*

Defendants have not submitted any affidavits or evidence revealing the nature of the burden on the Bank. They have not attempted to explain how the Bank would be burdened by responding to the Subpoena. That is likely because there is no burden on the Bank to prepare documents reflecting the account(s) transaction history, which is routine information stored by a bank and even accessible to Defendants themselves. *See e.g.*, *Zou*, 2024 WL 707285, at *4 (denying motion to quash where there was no burden on a bank to produce 7 years of banking activities).

As Defendants have not shown that the information sought is not sufficiently germane, nor on the other side of the scale, have they provided any specific evidence of burden, the Court should deny Defendants' motion and direct the Bank to respond to the Subpoena as issued.