# EXHIBIT

# 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

    Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

    Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

---

## **STIPULATED PROTECTIVE ORDER**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff SiteOne Landscape Supply, LLC and Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, Neway Management, LLC, and Neway Trucking (the "Parties") hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Protective Order").

    **A.    General Provisions**

    1.    <u>Scope.</u>  This Protective Order governs the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admissions, responses to requests for production of documents, initial disclosures, and other written, recorded, computerized, electronic, and graphic matter produced by any party or nonparty

(a "Producing Party") in the above-styled case (the "Action") and to all copies, excerpts, and summaries of such matter and to all testimony taken at any deposition, hearing, or other proceeding in the Action (collectively "Discovery Material"). This Protective Order shall apply to, and be binding on, any named party to this Action (including its officers, directors, employees, retained experts, outside counsel, and their support staff), any nonparty that receives a subpoena for testimony, documents, or electronically stored information, and any person or entity that obtains access to Confidential Discovery Material subject to this Protective Order.

**B.     Confidential Discovery Material and Designation Thereof**

2.     <u>Confidential Discovery Material</u>. "Confidential Discovery Material" shall include the following documents and tangible things produced or otherwise exchanged:

a. Confidential Material: A party may designate material as "Confidential" if it contains (1) sensitive technical information, including current research, development, and manufacturing information; (2) sensitive business information, including financial, customer, or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitors' products or services; (4) competitive business information, including non-public financial and marketing analyses, comparisons of competitors' products or services, or strategic product/service expansion plans; (5) personal health or medical information, including but limited to medical evaluation and treatment and related records and counseling or mental health records; (6) an individual's personal credit, banking or other financial information; (7) information designated as confidential pursuant to any agreement between the parties or between any party and any non-party; (8) any other commercially sensitive information, the disclosure of which to

      non-qualified persons subject to this Protective Order the Producing Party reasonably and in good faith believes would likely cause harm, including but not limited to tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information; or (9) records restricted or prohibited from disclosure by statute.

   b. Attorneys' Eyes Only Material: A party may designate as "Attorneys' Eyes Only" any Confidential Material that a party believes in good faith contains highly sensitive, non-public, proprietary, competitive, financial, business or personal information, the disclosure of which to any persons other than those identified in paragraphs 8(a)(ii)-(iii) and 8(a)(v)-(vii) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party.

3. <u>Method of Designation.</u>  A Producing Party may designate a document as Confidential Discovery Material by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. Such a designation shall subject the Confidential Discovery Material to the confidentiality requirements of this Protective Order without any further

act on the part of the Producing Party. Where Confidential Discovery Material is not capable of being labeled, a Producing Party may provide the designation by a written notice accompanying production of the Confidential Discovery Material or as soon thereafter as practicable.

4. <u>Effect of Designation.</u>  A Producing Party's designation of Confidential Discovery Material shall apply regardless of the form in which the Confidential Discovery Material is kept or maintained and extends to any documents, including without limitation, exhibits, copies, notes, abstracts, summaries, or analyses, that reflect Confidential Discovery Material.  All Confidential Discovery Material shall be handled in strict accordance with the terms of this Protective Order.

5. <u>Designation of Deposition Testimony.</u>  The Producing Party may, on the record at a deposition, or within thirty (30) days after receipt of the final transcript of a deposition, designate in good faith any portion or portions of the deposition as Confidential Discovery Material under the terms of this Protective Order. All copies of deposition transcripts that contain Confidential Discovery Material shall be prominently marked with the appropriate designation provided in this Protective Order on the cover thereof and on each page that contains Confidential Discovery Material. If filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of this Protective Order.

6. <u>Failure to Designate.</u>  The  failure to label Confidential Discovery Material, or a portion thereof, with the confidentiality designation described in this Protective Order, or the unintentional disclosure of Confidential Discovery Material, in no way alters or waives the protected and confidential nature of Confidential Discovery Material otherwise deserving of a confidentiality designation and does not remove it from the protections of this Protective Order, provided that the Producing Party gives notice in writing within thirty (30) days after becoming aware that the Confidential Discovery Material was not designated as provided in this Protective

Order or that Confidential Discovery Material was unintentionally disclosed other than as provided in this Protective Order. In the case of Confidential Discovery Material that is produced without a confidentiality designation, the written notice shall identify with specificity the information or documents the Producing Party is then designating as confidential and shall promptly provide a replacement copy of such material with the appropriate confidentiality designation described in this Protective Order. In the case of unintentionally disclosed Confidential Discovery Material, the written notice shall identify with specificity the information or documents that have been disclosed.

**C.     Challenging a Designation of Confidential Discovery Material**

7.      <u>Challenges by a Party to Designation of Confidential Discovery Material.</u>  The designation of any material or document as Confidential Discovery Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

    a. A party challenging the designation of Confidential Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating Party or nonparty. In conferring, the challenging Party must identify the documents at issue by bates number, explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party or nonparty an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party or nonparty shall respond to any request under this paragraph within a reasonable time given the scope of the request.

    b. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for

the challenge. Any such motion must be accompanied by a statement that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party or nonparty, who shall have the right to respond to any motion filed by the challenging party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Discovery Material under the terms of this Protective Order. Any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them publicly in a manner that would reveal Confidential Discovery Material.

**D.     Disclosure of Confidential Discovery Material**

8.     <u>Disclosure of Confidential Discovery Material Generally</u>. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party only to the following persons:

    a. Confidential Material:

        i.   The parties, employees, officers, and directors of each party to the Action, provided that each such individual execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the party making the disclosure;

        ii.  Counsel for the parties, including attorneys, para-professionals, and employees of such law firms;

        iii. Experts and consultants retained to assist counsel for the Parties, provided that such experts and consultants execute Exhibit A prior to disclosure

6

and that a copy of such signed Exhibit A is retained by counsel for the party making the disclosure to such experts or consultants;

iv. During their depositions or in preparation for their deposition, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing that such information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and may receive sealed copies of exhibits for a remote deposition pursuant to any remote deposition stipulation or order that the Court may subsequently enter. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Discovery Material pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

v. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action and persons operating video recording equipment during such testimony;

      vi.    The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

      vii.    Any other person with the prior written consent of the person producing the document, pleading, or deposition testimony.

    b.    Attorneys' Eyes Only Material: Any persons covered by paragraphs 8(a)(ii)-(iii) and 8(a)(v)-(vii).

9.    <u>Control of Documents.</u>  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material in accordance with the requirements in this Order.

10.    <u>Disclosure of Confidential Discovery Material in Response to a Subpoena.</u>  Any party or person in possession of Confidential Discovery Material who receives a subpoena (or other process) from any person (including without limitation, natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) who is not a party to this Protective Order, which subpoena seeks production or other disclosure of Confidential Discovery Material, shall promptly give written notice by email to the counsel for the party who produced or designated the material as confidential, enclosing a copy of the subpoena or other process. The Producing Party may move against the subpoena or other process or otherwise oppose entry of any order by a court compelling production of the Confidential Discovery Material. If the Producing Party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process shall not produce Confidential Discovery Material before the actual due date for compliance and shall not object to or interfere

with any effort by the Producing Party to seek a judicial determination on the Producing Party's motion or objection before compliance is required.

### E. Protection and Use of Confidential Discovery Material

11. <u>Restrictions on Use of Confidential Discovery Material.</u>  Confidential Discovery Material shall be used or disclosed only for the prosecution and defense of this Action, including any appeal thereof. Confidential Discovery Material shall not be used for any other business purpose, personal purpose, or other purpose whatsoever and may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order or subsequent Court orders, unless the Producing Party consents in writing otherwise.

12. <u>Permissible Use.</u>  This Protective Order shall not enlarge or affect the scope of permissible discovery in this Action. Discovery Material produced in this Action may only be used in conjunction with this Action except as otherwise specified herein or with written consent of the Producing Party.

13. <u>Restrictions on Attorneys.</u>  This Protective Order shall not bar any attorney representing a party in the Action, in the course of rendering advice to his client with respect to the Action, from conveying to any party client his or her evaluation in a general way of Confidential Discovery Material designated.

14. <u>Use of Confidential Discovery Material in Judicial Proceedings.</u>  This Protective Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of Confidential Discovery Material is anticipated, the Parties shall meet and confer regarding the use of the Confidential Discovery Material. If the Parties cannot agree, the Parties shall request the Court to rule on such procedures. In the event

9

that any party intends to file any Confidential Discovery Material in the public record, such party shall file a Motion for leave to file such Confidential Discovery Material under seal. For the avoidance of doubt, nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Discovery Material by counsel or the Parties is admissible as evidence for any purpose in this litigation or any other proceeding.

15. <u>No Prohibition on Party's Use of its Own Confidential Discovery Material.</u> Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

### A. Miscellaneous Provisions

16. <u>Production of Privileged Material</u>. Disclosure (including production) of information that a Producing Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, shall not constitute a waiver of, or estoppel as to, any claim of privilege for withholding production as to which the Producing Party would be entitled. If a Producing Party provides notice to a receiving party that certain produced material is subject to a claim of privilege or other protection from discovery, the obligations of the receiving party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

17. <u>Governing Law.</u> This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

18. <u>Order Continues in Force.</u> Any Confidential Discovery Material designated as such under this Protective Order shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Parties agree to the contrary or the Court renders a

decision that a particular document, material, or other thing, or portion thereof, is not subject to this Protective Order and any and all appeals, proceedings, or interlocutory appeals challenging such decision have been concluded.

19.  <u>Return or Destruction of Confidential Discovery Material.</u>  Except as otherwise agreed in writing by the Parties, within sixty (60) days after final resolution of this Action (including resolution of appeals and petitions for review), Parties' counsel shall either:

   a. return all Confidential Discovery Material supplied by a Producing Party to the Producing Party;

   b. destroy all Confidential Discovery Material (and all notes, synopses, or summaries of Confidential Discovery Material).

In the event that any receiving party chooses to destroy Confidential Discovery Material, such Party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such Confidential Discovery Material, and that such Confidential Discovery Material has been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specifically retained for this case, to represent any individual, corporation or other entity adverse to any party or nonparty or their affiliate(s) in connection with any other matter.

20.  <u>Survival.</u>  This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material. This Court retains jurisdiction over the

Action for enforcement of the provisions of this Protective Order following the final resolution of the Action.

21. <u>No Prejudice to Rights</u>.  Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the Parties with respect to the matters covered herein.

22. <u>Modification.</u>  This Protective Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Any motion to modify shall certify that notice has been provided to Parties and nonparties that have produced Confidential Discovery Material pursuant to this Protective Order. Any time limit contemplated by this Protective Order may be extended by an agreement in writing, signed by counsel of record for all Parties subject to the agreement.

[*Remainder of page intentionally left blank*]

Dated: May 24, 2024

| | |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS LLP | FARRELL FRITZ, P.C. |
| By: */s/ John S. Gibbs III* | By: */s/ Kevin P. Mulry* |
| John S. Gibbs III (admitted *pro hac vice*)<br>600 Peachtree Street, NE, Suite 3000<br>Atlanta, Georgia 30308<br>Phone: (404) 885-3000<br>Email: evan.gibbs@troutman.com<br><br>Daniel E. Gorman<br>875 Third Avenue<br>New York, New York 10022<br>Phone: (212) 704-6000<br>Email: daniel.gorman@troutman.com | Kevin P. Mulry<br>400 RXR Plaza<br>Uniondale, New York 11556<br>Phone: (516) 227-0620<br>Email: kmulry@farrellfritz.com |

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

| | |
|---|---|
| MILMAN LABUDA LAW GROUP PLLC | RIVKIN RADLER LLP |
| By: */s/ Michael C. Mulè* | By: */s/ Kenneth A. Novikoff* |
| Michael C. Mulè<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, New York 11042-1073<br>Phone: (516) 328-8899 (office)<br>Phone: (516) 303-1442 (direct dial)<br>Email: michaelmule@mllaborlaw.com | Kenneth A. Novikoff<br>926 RXR Plaza<br>Uniondale, New York 11556-0921<br>Phone: (516) 357-3110<br>Email: ken.novikoff@rivkin.com |
| *Attorneys for Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC and 9 4th St. LLC* | *Attorneys for Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC* |

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

    Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

    Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

---

    By my signature, I declare under penalty of perjury that I have read in its entirety and understand the Protective Order issued by the United States District Court for the Eastern District of New York in the case *SiteOne Landscape Supply, LLC v. Giordano, et al.*, Civil Action No. 23-cv-02084 (GRB-SL). I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to all matters relating to compliance with the Protective Order.

I further agree that, upon termination of the above-referenced litigation, I will promptly destroy all original and copies of Confidential Information and/or Attorneys' Eyes-Only Information that came into my possession or return all original and copies of Confidential Information and/or Attorneys' Eyes-Only Information that came into my possession to the person who supplied me with the same. I will also destroy any notes and/or documents that contain references to Confidential Information and/or Attorneys' Eyes-Only Information unless it is practicable to permanently delete any and all such references.

_____          _____
DATE                                                                  SIGNATURE