**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 8, 2024

<u>VIA ECF</u>
Hon. Steven I. Locke
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:** *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
      Case No. 2:22-cv-5204

Dear Judge Locke,

  This firm represents Defendant Dominick Caroleo ("Don" or "Defendant") in the above-referenced action. Defendant respectfully submits this letter motion for an order pursuant to FRCP 45(d)(3)(A)(iii) modifying the subpoena issued by Plaintiff to Webster Bank, dated June 24, 2024 (the "WB Subpoena"), seeking records from Don's personal bank account. (A copy of the WB Subpoena is attached hereto as Exhibit "A").

  Specifically, and for the reasons discussed below, Defendant seeks an order modifying the WB Subpoena to require Webster Bank to produce documents responsive to the WB Subpoena to Defendant, in the first instance, and permitting Defendant to review the production to ensure that all transactions and information outside the scope of the WB Subpoena have been properly redacted by the bank before transmitting the production to Plaintiffs, along with a privilege log setting forth any items Defendant redacted, to the extent any items were redacted at all.

  The WB Subpoena requires Webster Bank to:

  Produce documents sufficient to show all transactions between [Don] and all of the
  named Defendants form January 1, 2020 through the present . . ..

  By way of background, as the Court will recall, earlier in this action, co-Defendant Victor Caroleo ("Vic") sought an order quashing a different subpoena (the "AC Subpoena") served by Plaintiff on American Community Bank ("AC Bank") for "the complete account history detailing all transactions associated with any and all [AC Bank] accounts bearing the name of [Vic]." ECF No. 125. Recognizing both Vic's privacy interest in his personal financial records and Plaintiff's

right to develop its case at the outset, the Court denied Vic's motion to quash, but ordered a modification of the AC Subpoena, such that the only documents to be produced were transactions between and among Vic and his co-Defendants. This modification to the AC Subpoena was thereafter transmitted to AC Bank, and it was left to AC Bank to identify and redact transactions that fell outside the scope of the AC Subpoena, as modified. *See* ECF 130; Transcript of Civil Cause for Motion Hearing, May 30, 2024.

In keeping with the Court's ruling regarding the AC Subpoena, Plaintiff tailored the WB Subpoena such that it only seeks documents reflecting transactions between Don and his co-Defendants. Accordingly, Defendant is not seeking an order quashing the WB Subpoena, or an order otherwise modifying the substance of the Subpoena.

However, for two reasons, Defendant seeks an order requiring WB Bank to make its production to Defendant, in the first instance.

First, AC Bank has now produced documents in response to the AC Subpoena, which production was supposed to include only documents within the scope of the modified AC Subpoena. However, after reviewing the production, it was discovered that, in addition to producing documents reflecting the relevant transactions, AC Bank also produced documents reflecting at least four transactions that were between Vic and a person or entity other than the Defendants, and therefore four transactions that fell outside the scope of the AC Subpoena. In particular, the production included transactions between Vic and non-Defendants, which were conducted on: (i) Sept. 26, 2023; (ii) September 29, 2023; (iii) October 31, 2023; and (iv) November 6, 2023. As a result, despite the Court's efforts to limit the AC Subpoena's intrusion into Vic's private financial matters only to the extent necessary for Plaintiff to obtain relevant information to develop its case, Plaintiff is now privy to personal financial information of Vic's that is wholly irrelevant to this action. Obviously, hindsight is 20/20, but had Vic sought a modification of the AC Bank production such that the production had been sent first to Vic to confirm all proper redactions were made, and had that request been granted, this gratuitous intrusion into Vic's private financial records could have been prevented.

Second, shortly after the WB Subpoena was served, Defendant's counsel spoke on the telephone with a representative of Webster Bank who told counsel that it is not Webster Bank's practice to redact productions. Though this was an informal conversation (the purpose of the phone call had been to obtain an email address for Webster Bank), and not an official statement of the Bank's policy, that statement taken in connection with AC Bank's production of documents outside the scope of the modified AC Subpoena, heightens the concern about relying on a bank to protect Don's privacy interests with regard to his personal financial information that is wholly irrelevant to this action.

Accordingly, Defendant respectfully requests an order modifying the WB Subpoena so that Webster Bank's production comes to Defendant in the first instance, upon which Defendant will review for proper redaction, redact any non-relevant transactions that WB Bank neglected to redact, and then forward the production onto Plaintiff with a privilege log documenting any redactions made by Defendant, if any were made at all. *See, e.g., Government Employees Insurance Co., et al. v. Adams Chiropractic, et al.*, Case No. 19-cv-20633, at ECF No. 77 (D.N.J.

July 27, 2020)(requiring Plaintiffs to reissue subpoena modified so that production is sent to movant in the first instance to protect against disclosure of private financial information not relevant to the case); *see also Sky Medical Supply Inc. v. SCS Support Claim Services*, 2017 U.S. Dist. LEXIS 43668, at *38 (E.D.N.Y. 2017)(ordering modification of bank subpoena to prevent disclosure of documents bearing no relationship to the claims in the lawsuit); *Palumbo v. Shulman*, 1998 U.S. Dist. LEXIS 16009*, at *14(S.D.N.Y. 1998)(granting request for modification of subpoena seeking personal financial records to prevent production of irrelevant material to which movant had a privacy interest).

Before bringing this issue to the Court's attention, the parties met and conferred to try to resolve this issue on their own. The parties were not able to come to an agreement. Plaintiff suggested that Plaintiff may be amenable to a compromise whereby the Webster Bank production is produced to both parties simultaneously with "attorneys' eyes only" designation and then once the parties agree on all appropriate redactions, the restrictive designation could be removed. Defendant, however, does not believe that this proposed potential solution accomplishes the protection of Don's privacy interests, because, by definition, any extraneous document production will be viewed by opposing counsel. Therefore, Defendant rejected Plaintiff's proposal.

Finally, to the extent, there is an argument that the confidentiality order that governs this case should be sufficient to safeguard Don's privacy interests, the confidentiality order is intended to protect Don's privacy interests with respect to the arguably relevant financial information that falls within the scope of the WB Subpoena – it is not intended to be used as a back stop to allow for the production of financial information that is not relevant to the claims and defenses in the action. *See*, *e.g., Zbigniew Zagroba v. York Restoration Corp.*, 2011 U.S. Dist. LEXIS 57118, at *6-*7 (E.D.N.Y. 2011)(noting cases that have held that privacy concerns relating to subpoenaed bank records can be adequately protected by a confidentiality order involve subpoenaed financial information relevant to the claims and defenses in the action, and holding that a confidentiality order is not sufficient protection for subpoenaed financial information that is not relevant to the claims and defenses in the case).

Accordingly, Defendant respectfully requests an Order requiring modification of the WB Subpoena such that production is made to Defendant, in the first instance.

Thank you for your attention to this matter.

Respectfully Submitted,

*Colleen O'Neil*
Colleen O'Neil

cc: All counsel of record (Via ECF)