Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

**John "Evan" Gibbs III**
evan.gibbs@troutman.com

**BY ECF**

Magistrate Judge Steven Locke  July 12, 2024
Eastern District Court New York

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* **(2:23-CV-02084)**
      **SiteOne's Opposition to Don Caroleo's Motion to Modify Subpoena**

Dear Judge Locke:

This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). We write in opposition to the letter motion filed by Defendant Don Caroleo ("Don") on July 8, 2024 which asks the Court to change the method of production for a subpoena SiteOne issued to Don's bank, Webster Financial Corporation, for records that are critical to this case. Don's letter motion asks this Court to order the bank to produce the responsive documents to Don's attorneys; have Don's attorneys redact transactions they view as non-responsive; and then require Don's attorneys to produce the redacted records to SiteOne.

This procedure is unnecessary, prejudicial to SiteOne, contrary to the Federal Rules, and unsupported by the case law in Don's letter motion. SiteOne also offered a reasonable solution to Don's attorneys' request, which was summarily rejected. Don's motion should be denied.

**I.   Brief Factual Background.**

SiteOne sued Don, his father (Vic Caroleo), their co-conspirator Nick Giordano, and multiple corporate entities owned and controlled by the Caroleos in March 2023. This case is about these three individuals unlawfully operating a competing business in violation of multiple noncompete restrictions and their intentional efforts to sabotage SiteOne's business—a business SiteOne purchased for more than $30 million in 2020. SiteOne brings 13 separate claims against the Defendants, including breach of contract, tortious interference, unfair competition, conversion, trade secret theft, fraud, and civil conspiracy, among others.

SiteOne continues to operate the business it purchased from the Caroleos on land owned by the Caroleos and their corporations, including the flagship store in Coram, NY which sits just a few miles away from Defendants' competing business. The lease agreement for the flagship store is between SiteOne and Narrow Way Realty, Ltd. Vic is the sole owner and shareholder of Narrow Way. The lease agreement between SiteOne and Narrow Way contains a noncompete restriction prohibiting Narrow Way and its "beneficiaries" (a term not defined in the lease) from operating a competing within five miles of the Coram store. It is undisputed that the Defendants' business is a competitive business as defined in the lease and that it is located within the restricted area.

Page 2



---

SiteOne contends that Vic, who signed the lease as the CEO and sole shareholder of Narrow Way, is bound personally by the noncompete in the lease. Vic owns and operates Scapes Supply, the competing business (along with his co-conspirators). SiteOne thus contends that Vic is in breach of the noncompete. SiteOne firmly believes and has circumstantial evidence to corroborate that Don is involved in the competing business, using his father as a front for the business—including while Don awaits the expiration of the noncompete agreement Don signed personally in connection with the 2020 purchase of the Caroleos' business by SiteOne. Don also continues to be directly involved with Giordano who appears to be running some of the competing business daily.

## II.     The Importance of Don's Bank Records.

The Defendants' financial records are of the utmost importance in this case. SiteOne pays the Caroleos (via their various corporations) tens of thousands of dollars every month in rent. One of the reasons SiteOne contends that Vic is Narrow Way's beneficiary is because Vic is using SiteOne's rent money for purely personal reasons and to fund the competing business.

Bank records produced by Narrow Way's bank show that Vic has funneled most of the money he has received from SiteOne to Don and a company called Don Caroleo Ventures, LLC (which has not yet been named as a party to this case). Bank records produced by Narrow Way's bank show that—since January 1, 2020—Vic (via Narrow Way) has paid Don approximately $120,000; Don Caroleo Ventures LLC approximately $440,000; and more than $300,000 to other individuals who appear to be Vic's relatives.

The next logical question is: Is Don also receiving money from or distributing money to the other Defendants? Don's bank records are the best source of this information. This is a critical issue since Don's financial involvement with his co-Defendants speaks to his involvement with the competing business and their efforts to sabotage SiteOne. Significantly, Don's letter does not even attempt to dispute the importance and relevance of these records.

## III.    The Dispute.

SiteOne's subpoena to the bank seeks "documents sufficient to show all transactions between Dominick 'Don' Caroleo and all of the named Defendants from January 1, 2020." The scope of this subpoena was narrowly tailored to only transactions with the other Defendants as previously ordered by this Court.

On July 7, 2024, the undersigned met and conferred with Don's counsel who explained that she was told by an unidentified employee of the bank that the bank did not want to review and redact the records as requested by the subpoena. In response, Don's counsel (conveniently) proposed that the bank produce the records to Don's counsel instead who would then screen and redact the records and send the redacted versions to the undersigned.



Despite SiteOne's request, Don's counsel has not provided any information about this person at the bank, or whether she had authority to make that statement. Hearing this for the first time on the day that the bank was supposed to make a production, SiteOne's proposed instead that the records instead be treated as "Attorneys' Eyes Only" pursuant to the protective order in this case and be produced to both parties at the same time (Dkt. No. 128.) Don has rejected that proposal, without explanation, and asks the Court, via his letter motion, require the bank to send the records to Don's attorneys for screening.

But the Federal Rules do not contemplate a party's attorneys screening a third-party's records prior to production to another party. And, tellingly, Don's letter motion cites not a single case supporting such a procedure. The cases cited by Don instead simply stand for the proposition that Court's will modify subpoenas that are overbroad, unduly burdensome or seek irrelevant information, or that HIPPA and confidential medical records require heightened protection (none of which are issued raised by Don's letter motion).

In contrast, numerous courts have held that "attorneys' eyes only" designations are sufficient to ameliorate any privacy concerns around financial records. *See e.g.*, *Zou v. Han*, 2024 WL 707285, at *6 (E.D.N.Y. Feb. 21, 2024) (denying defendants motion to quash and explaining that "[t]o the extent that Defendants allege that the subpoenas 'invade Defendant's rights of privacy and proprietary interests', the parties are directed to file a joint proposed confidentiality order for the Court's review."); *Patane v. Nestle Waters N. Am., Inc.*, 2022 WL 603027, at *7 (D. Conn. Feb. 28, 2022) ("Lastly, in light of the sensitive commercial and proprietary nature of the financial records . . . the content of any documents shall be designated Confidential-Attorneys Eyes Only and the content of such documents shall be subject to all limitations and conditions applicable to such a designation . . ."); *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135–36 (S.D.N.Y. 2016) ("In sum, the motion to quash is hereby denied its entirety, and JP Morgan is directed to promptly comply with the subpoena and produce the records to SPV's [subpoenaing] counsel. Subject to further revision, if appropriate, the bank records so produced will be limited to attorneys'-eyes only.").

For all these reasons, SiteOne asks this Court to deny Don's request and instead order the bank to produce the records directly to SiteOne under an "Attorneys' Eyes Only" designation. We thank Your Honor for your consideration and attention to this matter.

Respectfully submitted,

John "Evan" Gibbs III