# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 19, 2024

<u>**VIA ECF**</u>
Hon. Steven I. Locke
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
     <u>Case No.: 2:23-cv-2084-GRB-SIL      </u>

Dear Judge Locke,

  This firm represents Defendant Dominick Caroleo ("Don" or "Defendant") in the above-referenced action. We write to respectfully request reconsideration of the Court's July 15, 2024 Electronic Order (the "Order") denying Defendant's motion to modify the subpoena issued by Plaintiff to Webster Bank (the "Subpoena") in light of new information recently received from Webster Bank regarding its ability to respond to the Subpoena. (Dkt. No. 134).

  In particular, the parties were recently informed by Sally Morgante, the Director of Legal Processing at Webster Bank, that although the Subpoena, on its face, seeks production of only those transactions specific to Defendant and the co-Defendants:

> the bank is **not able to "pick and choose"** the transactions specific from Dominick "Don" Caroleo to the named defendants in the subpoena as our system does not store the information in this manner. We will **need to provide all transactions** that are stored for the identified accounts that are maintained at Webster Bank.

(*See* July 17, 2024 email from Sally Morgante, a true and correct copy of which is attached hereto)(emphasis added).

  "Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3" *White v. Cnty. of Suffolk,* 2024 U.S.Dist. LEXIS 64728, at *8 (E.D.N.Y. April 9, 2024)(internal quotation and citation omitted). "Reconsideration is justified where: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified; (iii) clear error is established; or (iv) reconsideration is necessary to avoid a manifest injustice."

*Id.* "The decision on a motion for consideration is committed to the sound discretion of the district court." *Gupta v. AG of the United States*, 52 F.Supp.3d 677, 680 (S.D.N.Y. 2014)(internal quotation and citation omitted).

Against this backdrop, Defendant respectfully submits that there is good cause for reconsideration of the Order in light of the newly received information from Webster Bank. As the Court will recall, the ability of a bank to produce only limited relevant transactions from a subpoenaed account, and not every single transaction, was a specific factor the Court considered in its decision to grant in part and deny in part co-Defendant's motion to quash a subpoena served by Plaintiff on American Community Bank (the "ACB Subpoena"), the original version of which requested "all transactions".  (Dkt. No. 125).

In particular, during the May 30, 2024 hearing (the "Hearing") on co-Defendants' motion to quash, the Court considered whether Plaintiff's proposed compromise to limit the ACB Subpoena to only relevant transactions was a workable compromise. Ultimately the Court determined that, in fact, the limited subpoena was a workable compromise, and issued its order reflecting the same. Notably, however, as reflected in the testimony below, before reaching its determination as to the workability of the narrowly tailored ACB Subpoena, the Court first questioned whether a bank has the capability of producing only the relevant subset of transactions from an account and indicated that it would be "problem[atic]" if the bank could not do so. What is more, the Court only gave its "okay" to the compromise after receiving an assurance that it is relatively easy for banks to identify and produce only a limited subset of transactions from an account, exactly what Webster Bank has informed the parties that it cannot and will not do:

> **MR. IMPELLIZERI**: That would be in the tailored version of what actually would possibly be relevant.
>
> **THE COURT**: I agree with that. The problem I'm wondering about is to ask for all the transactions between Narrow Way, ask the bank to identify the transactions between Narrow Way and Vic and Vic and Scapes Supply, now you're requiring the bank to go through all this stuff. Right? And pull it apart.
>
> **MR. IMPELLIZERI**: Well, I believe it would just be the search term of this account is Scapes Supply, this account is Vic. And those are identifiers on the actual transactions. So I don't think it would be hurting someone in any manner.
>
> **THE COURT**: Okay.

*See* Dkt. No. 119 (May 30, 2024 Transcript 25:20-25; 26:1-8).

Against this backdrop, Defendant respectfully submits that the Court should reconsider its denial of Defendant's request for an order modifying the Subpoena so that Webster Bank's production comes to Defendant in the first instance, upon which Defendant will review and redact all non-relevant transactions, and then forward the production onto Plaintiff with a privilege log documenting all redactions made by Defendant. (Dkt. No. 134). This is because, when the Court initially denied Defendant's motion to modify, it did so under the false assumption that Webster

Bank would be able to redact its production such that only the subset of relevant transactions would be produced to Plaintiff. Moreover, at the time the Court made its ruling, Defendant's concern regarding the potential for accidental disclosure of private non-relevant transactions was relatively tenuous. In this context, the Court found that an "attorneys' eyes only" designation was a sufficient safeguard with respect to Defendant's right to privacy.

Now, however, Webster Bank has confirmed that it will not be redacting any transactions, and instead will be producing every transaction from every account that falls under the Subpoena (which could easily include accounts that have nothing at all to do with any of the issues in this case), including every single non-relevant, private transaction. Accordingly, the potential for a violation of Defendant's right to privacy has gone from extremely low to absolutely guaranteed, thus rendering the "attorneys' eyes only" designation no longer a sufficient safeguard for Defendant's right to privacy.

Courts in this district have, in fact, routinely held that documents that are both confidential and relevant, are producible under the protection of a confidentiality order. *See*, *e.g., Sali v. Zwanger & Pesiri*, 2022 U.S. Dist. LEXIS 48699, at *45-*46 (E.D.N.Y. Jan. 10, 2022)(permitting production of private tax returns and bank records under a confidentiality agreement where such documents "are relevant to plaintiff's claim"); *In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016)(holding that where bank records are potentially relevant, "any remaining privacy concerns can be substantially addressed through a confidentiality order"). Courts in this district have not, however, held that non-relevant confidential documents are producible simply because a confidentiality order has been entered in the case. *See, e.g., Zbigniew Zagroba v. York Restoration Corp.*, 2011 U.S. Dist. LEXIS 57118, at *6-*7 (E.D.N.Y. 2011)(holding that a confidentiality order is not sufficient protection for subpoenaed financial information that is not relevant to the claims and defenses in the case). Indeed, if all it took to make non-relevant confidential documents producible was the entry of a confidentiality order, relevancy objections would be rendered futile. Respectfully, this cannot be the law.

Accordingly, Defendant respectfully requests that the Court grant Defendant's motion for reconsideration, and upon reconsideration issue an Order requiring modification of the Subpoena such that production is made to Defendant, in the first instance.

Thank you for your attention to this matter.

Respectfully Submitted,

*Colleen O'Neil*
Colleen O'Neil

cc: All counsel of record (Via ECF)

|  |  |
|---|---|
| **From:** | Morgante, Sally |
| **To:** | Gorman, Daniel E.; Colleen O'Neil |
| **Cc:** | Gibbs, J. Evan; kmulry@farrellfritz.com; Adler, Matt; Colleen O'Neil; michael.impellizeri@rivkin.com; ken.novikoff@rivkin.com; Michael Mule; Nicole Koster; Kent, Paris L.; Zarick, Janet |
| **Subject:** | RE: Siteone Landscape Supply, LLC v. Giordano et al - Order to Produce Subpoena Documents |
| **Date:** | Wednesday, July 17, 2024 1:05:02 PM |
| **Importance:** | High |

Some people who received this message don't often get email from smorgante@websterbank.com. Learn why this is important

Good Afternoon Mr. Gorman and Ms. O'Neill,

Thank you for speaking with us today.

As discussed, the bank is not able to "pick and choose" the transactions specific from Dominick "Don" Caroleo to the named defendants in the subpoena as our system does not store the information in this manner. We will need to provide all the transactions that are stored for all the identified accounts that are maintained with Webster Bank.

Janet Zarick and I have performed a quick review of the transactions and due to the very high volume of transactions (well over 1,500), and as such, we will supply the information as directed in the subpoena to the plaintiff's attorney. We are able to create an online stamp as "Attorneys' Eyes Only" but only the first page of the PDF will include this stamp. The stamp is meant to cover all the included pages within the PDF. Therefore, we will be supplying the documents for ALL transactions that occurred regardless of if they were for any of the named defendants or not.

@Gorman, Daniel E.-please call Janet at 3 as we discussed earlier.

Since this subpoena would have been due yesterday, we will work on gathering all the documents and hope to have them completed no later than July 26, 2024, however, production can be supplied as soon as tomorrow.

Please let us know if you have any questions.

Thank you for your cooperation.



**Sally Morgante**
*Director Legal Processing*
Webster Bank
One Jericho Plaza, Jericho NY  11753
o:516.327.7277 f: 516.684.4340 smorgante@websterbank.com

---

**From:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>

**Sent:** Monday, July 15, 2024 3:54 PM
**To:** Service of Process <serviceofprocess@websterbank.com>
**Cc:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; kmulry@farrellfritz.com; Adler, Matt <Matt.Adler@troutman.com>; Colleen O'Neil <Colleen@mllaborlaw.com>; michael.impellizeri@rivkin.com; ken.novikoff@rivkin.com; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** [EXTERNAL] Siteone Landscape Supply, LLC v. Giordano et al - Order to Produce Subpoena Documents

**This Message Is From an External Sender**
This message came from outside your organization.

Good Afternoon:
This e-mail confirms that the Court has entered an order denying Defendants' application to modify the subpoena issued to Webster Bank (see below). The documents requested in the subpoena should be produced directly to my office, "Attorneys' Eyes Only," pursuant to the Protective Order entered in this case. Please advise who will be handling production and we can provide a sharefile link for upload of the files this week.
Thank you,
Daniel

**Electronic ORDER denying DE [134] Motion to Quash. Defendant Dominick Caroleo's motion to modify the subpoena issued by Plaintiff to Webster Bank is denied. The documents produced by Webster Bank shall be designated "Attorneys' Eyes Only" pursuant to the parties' Protective Order,** see **DE [128]. Ordered by Magistrate Judge Steven I. Locke on 7/15/2024. (JM)**

**Daniel E. Gorman**\*
**Associate**
**troutman pepper**
Direct: 212.704.6333 | Internal: 13-6333
daniel.gorman@troutman.com

\*Licensed to practice law in New York and New Jersey.

---

**From:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Sent:** Tuesday, July 9, 2024 12:17 AM
**To:** serviceofprocess@websterbank.com
**Cc:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; kmulry@farrellfritz.com; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; julie.cohen@skadden.com; michael.impellizeri@rivkin.com; SZabell@laborlawsny.com; ken.novikoff@rivkin.com; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** Re: Siteone Landscape Supply, LLC v. Giordano et al, Docket No. 2:23-cv-02084-GRB-SIL

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Good evening -

I write to advise you that with respect to a subpoena that was served on your bank on or around June 24, 2024, concerning the Siteone Landscape Supply LLC v. Giordano, et al Docket No. 2:23-cv-02084-GRB-SIL, case, a motion to modify was filed with the Court this evening. We therefore request that you continue to hold off on responding to the subpoena until the Court rules on the motion. Please let me know if you have any questions or concerns.

Thank you

Colleen

https://ecf.nyed.uscourts.gov/doc1/123121470827

Get Outlook for iOS

---

**From:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Sent:** Wednesday, June 26, 2024 12:36 PM
**To:** serviceofprocess@websterbank.com <serviceofprocess@websterbank.com>
**Cc:** evan.gibbs@troutmansanders.com <evan.gibbs@troutmansanders.com>; kmulry@farrellfritz.com <kmulry@farrellfritz.com>; matt.adler@troutman.com <matt.adler@troutman.com>; daniel.gorman@troutman.com <daniel.gorman@troutman.com>; julie.cohen@skadden.com <julie.cohen@skadden.com>; michael.impellizeri@rivkin.com <michael.impellizeri@rivkin.com>; SZabell@laborlawsny.com <SZabell@laborlawsny.com>; ken.novikoff@rivkin.com <ken.novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** Siteone Landscape Supply, LLC v. Giordano et al, Docket No. 2:23-cv-02084-GRB-SIL

Good afternoon -

Please see the attached correspondence concerning a subpoena that was served on your bank recently with respect to the Siteone Landscape Supply, LLC v. Giordano et al, Docket No. 2:23-cv-02084-GRB-SIL, case.

Thank you

Colleen O'Neil

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

---

Caution: This email came from outside Webster Bank.

PRIVILEGED AND CONFIDENTIAL: Communications sent from Webster Financial Corporation, and our affiliates and subsidiaries, which contain sensitive information, will be sent via encrypted email. Affiliates and subsidiaries of Webster Financial Corporation include: Webster Bank (including its divisions: HSA Bank, Webster Investment Services, Webster

Private Bank, Webster Business Credit and Webster Capital Finance), and Webster Wealth Advisors. This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential, or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return email and delete this communication and destroy all copies.

Rates and program criteria are subject to change. All loans are subject to credit approval. Other terms and conditions may apply. Consult a Webster representative for more details.