# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 22, 2024

**VIA ECF**
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
    Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

  We represent Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp. ("Garden Dept."), 3670 Route 112 LLC ("3670 Route 112"), and 9 4th St. LLC ("9 4th", collectively, the "Don Caroleo Defendants"). We write in response to the letter today by SiteOne Landscape Supply, LLC ("SiteOne," Dkt.138), seeking an extension to add new parties. SiteOne's letter misstates what occurred.

  Contrary to SiteOne's submission, while SiteOne complains about defendants' discovery responses to its extraordinarily broad demands, it is SiteOne which has failed to provide any meaningful discovery. Indeed, based on our searches, excluding the production of Don's own emails, SiteOne has produced a mere 82 documents of about 375 pages, almost all of which is useless. (Ex. "A").[1]

  Moreover, on June 28, 2024 (nearly a month ago), the Don Caroleo Defendants sent SiteOne a detailed 15-page letter (Ex. "A"), outlining SiteOne's discovery deficiencies. We followed up on July 8 and July 15, 2024. In our July 15, 2024 email, to move things along, we stated that "it would truncate the time necessary for the additional meet & confer sessions and would crystallize the issues if SiteOne responded to [our June 28] letter."[2] SiteOne has yet to respond to that letter or provide meet and confer dates to go over those deficiencies.

---

[1] SiteOne basically did a "document dump" of nearly 500,000 pages of predominately useless information, almost entirely Don's own emails. Its suggestion that it has searched a million documents is, thus, grossly misleading.

[2] On July 19, 2024, SiteOne's counsel stated that it would supply a written response to that letter. While SiteOne has not responded to our deficiency letter, we have participated in meet and confers over seven (7) days with SiteOne. (June 24, 2024; June 28, 2024; July 11, 2024; July 12, 2024; July 18, 2024; and July 19, 2024) to go over the defendants' supposed deficiencies.

      Particularly troubling is the fact that it is defendants' position that this case should not even be in federal court, and the utter lack of discovery from SiteOne concerning its purported federal claims corroborates this. The entire predicate for federal jurisdiction is based on claims supposedly predicated on violations of the Defend Trade Secrets Act, 18 U.S.C. §1831, et seq., ("DTSA") and the Computer Fraud Abuse Act, 18 U.S.C.§1030, et seq. ("CFAA"). Yet, SiteOne has, utterly, failed to produce any documents or give any guidance, whatsoever, as to what precisely is asserted as secret. *See, e.g. Capricorn Mgt. Sys. v. Govt. Emples. Ins. Co.*, No. 15-cv-2926 (DRH)(SIL), 2019 U.S. Dist. LEXIS 123723, at *51-53 (E.D.N.Y. July 22, 2019); *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 270 (S.D.N.Y. 2021). Nor has SiteOne produced any documents to support a CFAA claim. *See, e.g.*, *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015); *Better Holdco, Inc. v. Beeline Loans, Inc.*, No. 20-CV-8686, 2021 U.S. Dist. LEXIS 138908, at *12-13 (S.D.N.Y. July 26, 2021).

      It is fundamental that a party must be able to identify its asserted trade secrets with reasonable specificity **prior to** engaging in significant discovery on trade secret claims. *See, e.g.*, *Moog Inc. v. Skyryse, Inc.*, No. 2:22-cv-09094-GW (MAR)], 2023 US Dist LEXIS 103769, at *6, *19 [CD Cal June 14, 2023) (Observing that fairness requires plaintiff to provide defendants with specific identification of trade secrets and that "early identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery', thereby avoiding 'burdensome and expensive discovery into irrelevant areas' and ordering plaintiff "to amend its Trade Secret Identification"); *Univ. of Tennessee Rsch. Found. v Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-JEM, 2022 US Dist LEXIS 241013, at *7 (E.D. Tenn. July 13, 2022) (finding that plaintiff "has not identified its trade secrets with reasonable particularity" and ordering plaintiff to "supplement its response to Interrogatory No. 1 to provide a list of its trade secrets with reasonable particularity and supplement its responses" to document requests); *Alifax Holding SpA v. Alcor Sci. Inc.*, 404 F. Supp. 3d 552, 560, fn.8 (D. R.I. 2019) (observing that orders requiring plaintiff "to disclose 'with reasonable particularity' the trade secrets" allegedly misappropriated "are commonplace in trade secret misappropriation cases"); *Big Vision Private, Ltd. v. E.I. Dupont De Nemours & Co.*, 1 F. Supp. 3d 224, 257 (S.D.N.Y. Feb. 10, 2014) (noting that the plaintiff must describe "its trade secret with sufficient particularity, <u>both at the time of disclosure and throughout the litigation</u>") (emphasis added).

      In short, while we appreciate that SiteOne's application notes, correctly, that the parties are currently working through discovery disputes, it is a false narrative for SiteOne to suggest that it has produced responsive documents and discovery. Critically, the Don Caroleo Defendants do not believe that, on this record, an extensive extension of the deadline to bring in new parties is warranted, particularly as SiteOne has not even responded to the Don Caroleo Defendants' June 28, 2024 letter, to move discovery along, and has not supplied discovery that would support federal jurisdiction in the first instance. We thank the Court for its attention to this matter.

                                    Respectfully Submitted,
                                      MILMAN LABUDA LAW GROUP PLLC
                                      *Michael C. Mulè*
                                      Michael C. Mulè

Encl.
cc: All counsel of record (Via ECF)