Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

---

**John "Evan" Gibbs III**
evan.gibbs@troutman.com

**BY ECF**

Magistrate Judge Steven Locke                                                                July 23, 2024
Eastern District Court New York

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* **(2:23-CV-02084)**
      <u>SiteOne's Opposition to Don Caroleo's Motion for Reconsideration</u>

Dear Judge Locke:

      This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). We respond in opposition to the letter motion filed by Defendant Don Caroleo ("Don") on July 19, 2024. Don's motion asks the Court to reconsider its prior order requiring Don's bank, Webster Bank, to produce transaction records from Don's accounts with an "Attorneys' Eyes Only" designation.[1] These records are critical to this case.[2] Don's reconsideration motion fails because it presents no new facts or law and because it omits **any** mention of the mechanism this Court already found appropriate—namely, the parties' Stipulated Protective Order—to deal with the production of personal financial information.

      From the outset of this dispute—indeed, even from before litigation was filed, back to the time when Defendants surreptitiously removed records and security camera equipment from SiteOne's premises in order to mask their theft of SiteOne's customers and confidential information—Defendants' dual strategy in this case has been to (1) prevent SiteOne from obtaining relevant information and then (2) claim in court filings that SiteOne has "no evidence" to support its allegations. The motion for reconsideration is the latest display of this tactic.

      SiteOne believed that Defendants' use of this strategy had finally ended when this Court rejected, after an extensive hearing on May 30, Defendants' motion to quash subpoenas to another third-party bank, the bank of Defendants Narrow Way Realty Ltd. and Vic Caroleo. Defendants did not want SiteOne looking at their bank records which show movements of cash supporting SiteOne's claims. But Defendants could not just come out and say, "don't give SiteOne material evidence," so the Court instead heard much about prior rulings, privacy, and confidentiality.

      Defendants lost. The subpoenas to Vic's and Narrow Way Realty's bank went forward and the records since produced support SiteOne's claims. Defendants tried the same tack again on July 12, this time moving for modification of the subpoena to Don's bank. [Dkt. No. 134.] They lost again.

---

[1] There is no docket number associated with the Court's order dated July 15, 2024. It is a docket text only order.
[2] SiteOne refers the Court to its original response in opposition for a full explanation of the relevant facts, context, and a discussion as to why the records sought from the bank are critical. [Dkt. No. 135 pp. 1–2.] SiteOne will omit that discussion from this response due to space limitations and for brevity's sake.



Nothing new has transpired to merit reconsideration, although Don pretends otherwise: Don's reconsideration motion opens by highlighting an email from Webster Bank's Director of Legal Processing explaining that the bank's system cannot "pick and choose" specific account records for production, and that the bank will thus have to produce all transactions records within the date range specified in the subpoena. The second sentence of Don's motion refers to this as "new information recently received from Webster Bank." [Dkt. 136 p. 1.] Don's motion goes on to say that the Court entered its first Order "under the false assumption that Webster Bank would be able to redact its production such that only the subset of relevant transactions would be produced to Plaintiff." [*Id.* p. 3.] This is not true.

**All of this was already presented to and decided by the Court.** Don's original motion states: "Defendant's counsel spoke on the telephone with a representative of Webster Bank who told counsel that it is not Webster Bank's practice to redact productions." [Dkt. No. 134.] This statement by the bank's representative—that the bank would not redact the records—is what prompted Don's original motion to modify the subpoena on July 8 according to the discussion between SiteOne's and Don's counsel earlier in the day on July 8.

The solution to this already-twice-litigated issue is not to revise the Federal Rules of Civil Procedure so as to put a party-litigant in the enviable and novel position of being the regulating valve over third-party discovery. Such a result would obviate the very need for third-party discovery in the first place; SiteOne might just as well be seeking these documents from Don and forget altogether about genuine discovery from a financial institution.

Rather, the solution is to follow precisely the steps laid out in the Stipulated Protective Order whose terms apply plainly and effectively to the present issue. This Court entered the Stipulated Protective Order in this case on May 28, 2024. [Dkt. No. 128.] Defendants provided several redline changes to the draft document during its negotiation with SiteOne. They were thus clearly aware of its terms. The Protective Order was submitted to the Court with the consent of all parties—including Don.

As the Protective Order specifically explains, "[d]iscovery in this action is likely to involve the production of confidential, proprietary, or **private** information for which special protection may be warranted." [*Id.* p. 1, emphasis added.] Don, in agreeing without reservation to entry of the Protective Order, expressly recognized that the Protective Order was intended to protect "**an individual's personal credit, banking or other financial information**" because it permits the parties and any non-party to designate such records as "Confidential" and "Attorneys' Eyes Only." [*Id.* at pp. 2–3, emphasis added.]

The Protective Order—which applies with the force of an Order entered by the U.S. District Court for the Eastern District of New York—provides extensive protections to Confidential and Attorneys' Eyes Only materials. Such documents "shall not be used for any other business purpose, personal purpose, or other purpose whatsoever and may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order." [*Id.* p. 9.] SiteOne and its attorneys are very well aware of all restrictions on the use and disclosure of Confidential and Attorneys' Eyes Only materials; they have and will strictly abide by the Protective Order's terms.



Don's motion conveniently omits any mention of the Protective Order. Instead, it presents old information as "new" while ignoring the very measures the parties and this Court put in place. This is, again, unfortunate but consistent. Defendants are continuing their efforts to have discovery in this action stuck in the mud. Don in particular has produced only 67 documents to date. Vic Caroleo and Nick Giordano have produced only 17 documents combined. Defendants' extensive objections to SiteOne's requests for production have necessitated approximately 10 hours of meet and confer video conferences between the undersigned and Defendants' counsel.

In stark contrast, four attorneys for SiteOne have spent more than 100 hours reviewing documents in an effort to locate and produce any and all responsive and non-privileged documents. SiteOne has collected SiteOne email and other data for 16 individuals; searched more than 1,000,000 documents; and reviewed more than 10,000 documents that hit on SiteOne's search terms. SiteOne also produced to Defendants two entire business email accounts containing thousands of highly confidential records under an "Attorneys' Eyes Only" designation.

Into this situation comes Webster Bank who, it would appear, will actually produce documents: Webster Bank has confirmed that the responsive documents will contain more than 1,500 individual transaction records. [Dkt. No. 136 p. 4.] Plainly, Defendants cannot stand for this to occur, and so we are now faced with more motion practice and more delays.

This must end. The Federal Rules do not contemplate a party's attorneys screening a third-party's records prior to production to a subpoenaing party. Neither Don's first motion nor Don's reconsideration motion cite a single case supporting or even referencing such a procedure; in fact, the cases seem to have little to do with the current dispute. *See White v. Cnty. of Suffolk*, 2024 U.S. Dist. LEXIS 64728, *8 (E.D.N.Y. April 9, 2024) (dealing with special rules for disclosure of confidential Department of Justice records); *Gupta v. Att'y Gen. of U.S.*, 52 F. Supp. 3d 677, 680 (S.D.N.Y. 2014) (in the context of an order relating to U.S. citizenship, the court explained that a motion to reconsider is not "a vehicle for litigants to make repetitive arguments that the court has already considered"); *Sali v. Zwanger & Pesiri Radiology Group, LLP*, 2022 U.S. Dist. LEXIS 48699 (E.D.N.Y. Jan. 10, 2022) (denying as moot defendant's motion to quash non-party subpoenas where the non-parties already complied with the subpoena and further holding the documents be treated as confidential pursuant to a confidentiality order); *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (holding that "even assuming [the] privacy concerns are legitimate, they do not outweigh the probative value of the bank records" where records could show additional evidence of wrongdoing and ordering the bank records be produced); *Zbigniew Zagroba v. York Restoration Corp.*, 2011 U.S. Dist. LEXIS 57118, *6-7, 2011 WL 2133837 (not a situation in which a non-party bank indicated they would be unable to segregate relevant information from irrelevant information).

SiteOne asks this Court to deny Don's reconsideration motion and order the bank to produce the records to SiteOne under an "Attorneys' Eyes Only" designation pursuant to the Protective Order. We thank Your Honor for your (repeated) consideration of this matter.

John "Evan" Gibbs III