Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

Magistrate Judge Steven Locke  August 19, 2024
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084) SiteOne's Letter Motion to Compel and for Sanctions Against Defendants Victor Caroleo; Nicholas Giordano; Narrow Way Realty Ltd.; Narrow Way 2 LLC; Scapes Supply LLC; Neway Management; and Group 5 Associates Ltd.[1]**

Dear Judge Locke:

This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). SiteOne files this Motion to curtail any further unjustified discovery delays by the Vic Defendants. SiteOne seeks an order requiring the Vic Defendants to produce documents and supplement discovery responses in short order and an award of attorneys' fees incurred in connection with this motion against the Vic Defendants based on their inexcusable refusal to engage in discovery, which has put SiteOne in an untenable position and threatens to destroy the discovery schedule entered in this Action.

The genesis of this dispute begins when SiteOne served each Defendant with a set of interrogatories and requests for production on April 25. At the hearing before the Court on May 30, counsel for the Vic Defendants committed to quickly moving through document production and expressly represented—both to the Court and in informal conferences with SiteOne's counsel—that the Vic Defendants were far along in the data and document collection and review process. Defendants stated their rolling productions would begin soon, which would include many responsive documents. **Their representations to SiteOne's counsel and the Court were not true.**

SiteOne does not come lightly to this Court and instead brings this Motion only after an extensive meet and confer process. SiteOne engaged in this process to try and avoid today's Motion and, as is required by Court rules, to resolve this dispute. It would now appear, from the history described below, that the Vic Defendants abused this process and engaged in it only to further stall this case. Vic Defendants served their objections and responses on June 10, asserting blanket objections and refusing to produce documents in response to most of the RFPs or give answers to most of SiteOne's interrogatories.[2] On June 11, the Vic Defendants produced 17 documents. **They have not produced a single document since.**

On June 18, SiteOne sent all Defendants a detailed deficiency memorandum outlining with specificity the deficiencies with each Defendants responses and objections to SiteOne's discovery requests.[3] Then, starting six days later, the parties began extensive meet and confer calls to discuss

---

[1] The group of Defendants against whom this Motion is filed are referred to as the "Vic Defendants." The remaining Defendants in the case, Don Caroleo, and his affiliated corporate entities, are referred to as the "Don Defendants." The Vic Defendants and Don Defendants are collectively referred to as "Defendants."

[2] Copies of SiteOne's discovery requests to the Vic Defendants are attached together as Exhibit 1.

[3] A copy of the June 18 memo is attached as Exhibit 2.

the Defendants' objections and responses to SiteOne's discovery requests. The parties conferred on Defendants' interrogatory responses on June 24 and 28, and on Defendants' RFP responses on July 11, 12, 18, and 19. All told, the undersigned spent more than 10 hours on video calls with Defendants' counsel discussing Defendants' objections and lack of substantive responses. SiteOne narrowed the scope of several interrogatories and RFPs where appropriate and in the spirit of good faith.

The parties completed their conferral with respect to SiteOne's interrogatories on June 28. Defendants indicated they would supplement many of their interrogatory responses. On July 1, the undersigned emailed counsel for all Defendants (six lawyers in total)[4] and requested that Defendants' supplement their interrogatory responses by Friday, July 12, which the undersigned believed to be consistent with his discussion with counsel for the Don Defendants during the June 28 meeting.

When the parties met and conferred on July 12 regarding Defendants' objections to SiteOne's RFPs, the undersigned inquired whether Defendants' counsel would produce the supplemental interrogatory responses that day. Defendants' counsel stated they had "missed" the July 1 email (again, **six** of Defendants' attorneys were copied on that message) and that Defendants were not prepared to provide supplemental interrogatory responses. No alternative date was provided.

The undersigned went on to conduct additional meet and confer conferences with Defendants' counsel on July 11, 12, 18, and 19 to address Defendants' responses to SiteOne's RFPs. By this point, SiteOne still had not received any Defendants' supplemental interrogatory responses. On July 25, the undersigned sent a 24-page correspondence to all Defendants summarizing the discovery issues in the case to date including a memorialization of what Defendants had agreed to supplement.[5] The letter demanded that Defendants provide their supplemental responses to SiteOne's interrogatories by July 31 and their supplemental RFP responses by August 2.

The letter also requested that Defendants, by July 31, identify the custodians and data sources searched for responsive documents; search parameters used to search for responsive documents; and Defendants' progress on searching for, reviewing, and producing documents. This written demand followed repeated requests for this information during the multiple calls with Defendants' counsel— information that SiteOne already provided to all Defendants (as explained below). Vic Defendants refused to acknowledge these demands. Don Defendants, however, responded via letter dated August 1, asking for an extension to August 12 to serve their supplemental responses.[6] The undersigned responded via letter the next day,[7] agreeing to the August 12 extension provided that **all** Defendants— expressly including the Vic Defendants—provide supplemental discovery responses by that date.

The night of Sunday, August 11, Vic Defendants finally responded, promising documents and information requested by SiteOne no later than Friday, August 16. The afternoon of August 16, the Vic Defendants' counsel emailed the undersigned, stating: "We have been dealing with an injunction received yesterday, so we will not be serving our supplemental responses until next week. However, I should have an updated hit report on our search terms shortly, and will forward it upon receipt."[8] Vic Defendants provided their first (not "updated" as misstated by counsel) hit count report that night.

---

[4] A copy of the July 1 email is attached as Exhibit 3.
[5] A copy of SiteOne's July 25 letter is attached as Exhibit 4.
[6] A copy of the Don Defendants' August 1 letter is attached as Exhibit 5.
[7] A copy of SiteOne's August 2 letter is attached as Exhibit 6.
[8] A copy of the Vic Defendants' August 16 email is attached as Exhibit 7.

In sum, the Vic Defendants: (1) only produced 17 documents in total; (2) have not produced a single document in 69 days with no indication as to when additional documents may be forthcoming or any details of their efforts to search for and produce documents; (3) have not served their supplemental interrogatory responses, even though the parties finished meeting and conferring on them 52 days ago; and (4) have not provided their supplemental RFP responses, even though the parties finished meeting and conferring on them 31 days ago.

SiteOne has, to the contrary, been fully engaged in the discovery process with all Defendants. With respect to written discovery, the Vic Defendants have never identified any deficiencies in any of SiteOne's written discovery responses. The Don Defendants, however, identified certain purported deficiencies in SiteOne's responses to the Don Defendants' requests in a letter dated June 28,[9] and SiteOne responded to those issues in SiteOne's July 25 letter (Ex. 4). SiteOne was prepared to serve its supplemental discovery responses on August 2, but ended up serving them on August 12 consistent with the Don Defendants' request in their August 1 letter (Ex. 5) for a simultaneous exchange of supplemental discovery responses that day.

Verbally during the meet and confers and repeatedly in writing (*e.g.*, Ex. 4), the undersigned has been transparent with Defendants' counsel about SiteOne's efforts to locate and produce documents. SiteOne has collected and ingested onto its review platform SiteOne emails and other data for 16 individuals; searched over 1,000,000 documents and reviewed 21,000 documents that hit on SiteOne's original search terms. Consistent with requests from Don Defendants' counsel, SiteOne ran additional search terms on SiteOne's data and agreed to review another 4,300 documents for responsiveness. SiteOne made rolling productions on June 10 and 24, July 26, and August 9. SiteOne has produced 244 documents so far,[10] is gathering more documents to produce (including highly sensitive financial documents) and plans to substantially complete its production by August 31.

The Vic Defendants' refusal to provide SiteOne with supplemental discovery responses leaves SiteOne in an untenable position. SiteOne cannot issue critical third-party subpoenas (for banking information, cell phone provider data, and additional documents from third-party witnesses, including, but not limited to, Scapes Supply customers and employees) because the Vic Defendants have refused to identify them, opting instead to respond to requests seeking such information with blanket objections and no substantive response. SiteOne also cannot identify for this Court at this juncture which of SiteOne's specific interrogatories and RFPs remain in dispute after SiteOne's extensive meet and confer efforts as the Vic Defendants will not provide supplemental responses.

The Vic Defendants have done everything in their power to thwart SiteOne's efforts to obtain basic discovery. Accordingly, SiteOne requests that this Court enter an order: (1) requiring the Vic Defendants to provide all supplemental discovery responses by August 23; (2) requiring the Vic Defendants to immediately begin producing documents on a rolling basis with their production to be substantially completed by no later than September 13; and (3) requiring the Vic Defendants to pay SiteOne's attorneys' fees incurred in connection with this Motion.

John "Evan" Gibbs III

---

[9] A copy is attached as Exhibit 8.
[10] SiteOne also produced to Defendants the entire Garden Department email accounts of Defendants Don Caroleo and Nick Giordano on June 10 to expedite getting the data and documents in those accounts into Defendants' hands.