# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

     Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

     Defendants.

---

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
<u>DEFENDANT VICTOR CAROLEO</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Victor Caroleo ("Defendant" or "Vic Caroleo"). Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## <u>DEFINITIONS</u>

The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

1.    The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "you" or "your" means Defendant Vic Caroleo.

## INSTRUCTIONS

The following instructions apply to each individual interrogatory contained herein:

1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or

2

any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.    Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.    If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.    For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.    In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.    The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

## **INTERROGATORIES**

1.    Identify all banks and other financial institutions with which you have had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify the account type and number.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify every entity of which you are or were a shareholder, member, or owner from January 1, 2019 through the present, including all titles and offices that were or are held and the dates each such title or office was or is held.

5.      Identify the addresses for all properties at which you have resided, owned, operated or rented property from January 1, 2020 through the present.

6.      Identify every mobile phone number associated with you personally or associated with any entity you own, control, or operate from January 1, 2020 through the present and, for each number, identify the dates you had each number and the carrier or service provider.

7.      Identify all sources of income greater than $1,000 from January 1, 2020 through the present.

8.      Identify all email addresses, websites, and social media accounts with which you are currently associated, or have been associated, with from January 1, 2020 through the present.

9.      Excluding services which are purely domestic or household in nature (e.g., plumbers, electricians, cleaners for your personal residence), identify each individual who has performed services for you or any entity you own, control, or operate as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

10.      Identify all entities that provided auditing or accounting services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your

answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

11.     Identify all entities that provided legal services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

12.     Explain the purpose for your purchase of the property located at 2001-2177 Horseblock Road, Medford, New York 11763 (the "Horseblock Road Property") and state the purchase price.

13.     Explain, in detail, the purpose of the development work which has been conducted at the Horseblock Road Property and identify the estimated date of completion.

14.     State whether you intend to use the Horseblock Road Property to operate a nursery, landscaping, and/or landscaping supply business.

15.     Identify the date on which you ceased to be an owner, shareholder, or member of Garden Department and explain, in detail, the reason you ceased to be an owner, shareholder, or member.

16.     Identify all payments or amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Narrow Way Realty, Ltd. and the dates such amounts were received, from January 1, 2020 to the present, and identify what has been done with those amounts.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                     By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)       Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000              400 RXR Plaza
Atlanta, Georgia 30308                            Uniondale, New York 11556
Phone: (404) 885-3000                             Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                    Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant

Victor Caroleo was served on all counsel of record via email on April 25, 2024.


*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
VICTOR CAROLEO**

---

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Victor Caroleo ("Vic Caroleo" or "Defendant"). The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

## DEFINITIONS

       The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

       1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Vic Caroleo.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1.      The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.      All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.      Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document.  The original native files shall be preserved.

3

5.     The documents produced in response to this request shall include all attachments and enclosures.

6.     ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.     For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.     You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state your objection to that portion only and respond as completely as possible to the remainder of the

document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.     In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.     A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.     These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.     The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## **DOCUMENT REQUESTS**

1.      Documents sufficient to show the identity of every corporate entity of which you are an owner, member, or shareholder.

2.      All corporate governance documents, including bylaws and incorporating documents for each and every corporate entity of which you are an owner, member, or shareholder.

3.      All communications discussing or referring to the formation of Scapes Supply, LLC.

4.      Documents sufficient to show all expenses of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

5.      Documents sufficient to show all dividends and other payments to owners, shareholders, and members of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

6.      All payroll costs on an annual, calendar year basis, from January 1, 2020 through the present of any entity of which you are an owner, shareholder, and/or member.

7.      All payments, of any kind, made to Dominick Caroleo from January 1, 2020 through the present.

8.      All payments, of any kind, made to Nicholas Giordano from January 1, 2020 through the present.

9.      All personal tax returns from January 1, 2020 through the present.

10.     All of your paystubs from January 1, 2020 through the present.

11.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

12.     All documents and communications concerning the development of the Middle Island Road Property.

13.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

14.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

6

15.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

16.     All documents and communications concerning any present or future uses of the Middle Island Road Property.

17.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

18.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

19.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

20.     All documents and communications concerning the development of the Long Island Avenue Property.

21.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

22.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

23.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

24.     All documents and communications concerning the development of the Horseblock Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

26.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

27.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

28.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

29.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

30.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

31.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

32.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

33.     All customer lists for any corporate entity of which you are an owner, member, or shareholder.

34.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

35.     All records pertaining to each employee employed by you since October 19, 2022.

36.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

37.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

38.     All emails, text messages, and other written communications referring to any former or current SiteOne or Garden Department employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

39.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

40.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

41.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

42.     To the extent not produced in response to another request herein, all documents and communications referring to SiteOne by name from October 19, 2022 through the present.

43.     To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne customer or client on the other hand from October 19, 2022 through the present.

44.     To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne vendor or supplier on the other hand from October 19, 2022 through the present.

45.     To the extent not produced in response to another request herein, all documents and communications containing any SiteOne contracts, bids, bidding information, requests for pricing, or other SiteOne pricing information from October 19, 2022 through the present.

46.     For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to SiteOne's security system and/or video monitoring system.

47.     For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to all information technology vendors which performed services for SiteOne or you personally.

48.     For the time period of January 1, 2020 to the present, all documents and communications involving LC Consulting Services, Inc.

49.     For the time period of January 1, 2020 to the present, all documents and communications involving ProSysCon or any other vendor which provided information technology services for SiteOne.

50.     Excluding attorney-client and work-product privileged materials, all documents and communications relating to any legal actions filed against you since January 1, 2020, including, but not limited to, *Taffer v. Caroleo*, Case No. 2:24-cv-242, pending in the Middle District of Florida.

51.     Excluding attorney-client and work-product privileged materials, all documents and communications relating to any threatened (but not filed) claims against you since January 1, 2020, including but not limited to, demand letters, notices and settlement agreements.

52.     Excluding attorney-client and work-product privileged materials, all documents and communications relating to any criminal charges, proceedings, convictions, or sentences against you, including but not limited to court records.

10

53.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

54.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

55.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

57.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                           FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                    By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000             400 RXR Plaza
Atlanta, Georgia 30308                           Uniondale, New York 11556
Phone: (404) 885-3000                            Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                   Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

12

## EXHIBIT A

### SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

**Document Information and Metadata To Be Produced**

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---------|-------------|---------|-----------------------------------|---------|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was served on all counsel of record via email on April 25, 2024.

*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

---

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT NICHOLAS
GIORDANO**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Nicholas Giordano ("Defendant" or "Giordano"). Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## **DEFINITIONS**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

      2.      The term "you" or "your" means Defendant Giordano.

## <u>INSTRUCTIONS</u>

The following instructions apply to each individual interrogatory contained herein:

      1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

      2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

      3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

      4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

      5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

      6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or

any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.      Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.      If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.      For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.     In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.     The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

## **INTERROGATORIES**

1.      Identify all banks and other financial institutions with which you have had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify the account type and number.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify every entity of which you are or were a shareholder, member, or owner from January 1, 2019 through the present, including all titles and offices that were or are held and the dates each such title or office was or is held.

5.      Identify the addresses for all properties at which you have resided, owned, operated or rented property from January 1, 2020 through the present.

6.      Identify every mobile phone number associated with you personally or associated with any entity you own, control, or operate from January 1, 2020 through the present and, for each number, identify the dates you had each number and the carrier or service provider.

7.      Identify all sources of income greater than $1,000 from January 1, 2020 through the present.

8.      Identify all email addresses, websites, and social media accounts with which you are currently associated, or have been associated, with from January 1, 2020 through the present.

9.      Excluding services which are purely domestic or household in nature (e.g., plumbers, electricians, cleaners for your personal residence), identify each individual who has performed services for you or any entity you own, control, or operate as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

10.      Identify all entities that provided auditing or accounting services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your

answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

11.     Identify all entities that provided legal services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

12.     Identify, by date and method of communications (i.e., in-person discussion, text message, phone call), each and every communication you have had with Dominick Caroleo since October 19, 2022 through the present.

13.     State whether you reset to factory settings the mobile phone issued to you by SiteOne, the date the aforementioned mobile phone was reset, and an explanation as to why the mobile phone was reset.

14.     State whether you have maintained access to or otherwise viewed any security camera footage of any SiteOne or Garden Department location since February 20, 2022.

15.     Identify all payments or amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Narrow Way Realty, Ltd. and the dates such amounts were received, from January 1, 2020 to the present, and identify what has been done with those amounts.

16.     Identify all amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Victor or Dominick Caroleo and the dates such amounts were received, from October 19, 2022 to the present, and identify what has been done with those amounts.

Dated:  April 25, 2024

TROUTMAN PEPPER                                    FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                        By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)        Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000               400 RXR Plaza
Atlanta, Georgia 30308                             Uniondale, New York 11556
Phone: (404) 885-3000                              Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                     Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Nicholas Giordano was served on all counsel of record via email on April 25, 2024.

*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

_____

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
<u>NICHOLAS GIORDANO</u>**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Nicholas Giordano ("Nicholas Giordano" or "Defendant"). The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

**<u>DEFINITIONS</u>**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.    The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Nicholas Giordano.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Victor Caroleo ("Vic Caroleo"), Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## **INSTRUCTIONS**

The following instructions apply to each individual request for documents contained herein:

1.      The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.      All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.      Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document.  The original native files shall be preserved.

5.      The documents produced in response to this request shall include all attachments and enclosures.

6.      ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.      You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state your objection to that portion only and respond as completely as possible to the remainder of the

document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.     In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.     A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.     These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.     The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## DOCUMENT REQUESTS

1.      Documents sufficient to show the identity of every corporate entity of which you are an owner, member, or shareholder.

2.      All corporate governance documents, including bylaws and incorporating documents for each and every corporate entity of which you are an owner, member, or shareholder.

5

3.      All communications discussing or referring to the formation of Scapes Supply, LLC.

4.      Documents sufficient to show all expenses of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

5.      Documents sufficient to show all dividends and other payments to owners, shareholders, and members of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

6.      All payroll costs on an annual, calendar year basis, from January 1, 2020 through the present of any entity of which you are an owner, shareholder, and/or member.

7.      All payments, of any kind, made to Dominick Caroleo from January 1, 2020 through the present.

8.      All payments, of any kind, made to Vic Caroleo from January 1, 2020 through the present.

9.      All personal tax returns from January 1, 2020 through the present.

10.      All of your paystubs from January 1, 2020 through the present.

11.      All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

12.      All documents and communications concerning the development of the Middle Island Road Property.

13.      All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

14.      All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

6

15.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

16.     All documents and communications concerning any present or future uses of the Middle Island Road Property.

17.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

18.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

19.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

20.     All documents and communications concerning the development of the Long Island Avenue Property.

21.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

22.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

23.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

24.     All documents and communications concerning the development of the Horseblock Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

26.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

27.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

28.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

29.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

30.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

31.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

32.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

33.     All customer lists for any corporate entity of which you are an owner, member, or shareholder.

34.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

35.     All records pertaining to each employee employed by you since October 19, 2022.

36.      All records pertaining to each independent contractor engaged by you since October 19, 2022.

37.      All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

38.      All emails, text messages, and other written communications referring to any former or current SiteOne or Garden Department employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

39.      All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

40.      All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

41.      All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

42.      To the extent not produced in response to another request herein, all documents and communications referring to SiteOne by name from October 19, 2022 through the present.

43.      To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne customer or client on the other hand from October 19, 2022 through the present.

44.      To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne vendor or supplier on the other hand from October 19, 2022 through the present.

45. To the extent not produced in response to another request herein, all documents and communications containing any SiteOne contracts, bids, bidding information, requests for pricing, or other SiteOne pricing information from October 19, 2022 through the present.

46. For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to SiteOne's security system and/or video monitoring system.

47. For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to all information technology vendors which performed services for SiteOne or you personally.

48. For the time period of January 1, 2020 to the present, all documents and communications involving LC Consulting Services, Inc.

49. For the time period of January 1, 2020 to the present, all documents and communications involving ProSysCon or any other vendor which provided information technology services for SiteOne.

50. Excluding attorney-client and work-product privileged materials, all documents and communications relating to any legal actions filed against you since January 1, 2020.

51. Excluding attorney-client and work-product privileged materials, all documents and communications relating to any threatened (but not filed) claims against you since January 1, 2020, including but not limited to, demand letters, notices and settlement agreements.

52. Excluding attorney-client and work-product privileged materials, all documents and communications relating to any criminal charges, proceedings, convictions, or sentences against you, including but not limited to court records.

53.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

54.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

55.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

57.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                       By: */s/ Kevin P. Mulry*

    John S. Gibbs III (admitted *pro hac vice*)     Kevin P. Mulry
    600 Peachtree Street, NE, Suite 3000          400 RXR Plaza
    Atlanta, Georgia 30308                        Uniondale, New York 11556
    Phone: (404) 885-3000                         Phone: (516) 227-0620
    Email: evan.gibbs@troutman.com                Email: kmulry@farrellfritz.com

    Daniel E. Gorman
    875 Third Avenue
    New York, New York 10022
    Phone: (212) 704-6000
    Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## EXHIBIT A

## SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

## Document Information and Metadata To Be Produced

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Request for Production of Documents was served on all counsel of record via email on April 25, 2024.


*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────────────────────

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

─────────────────────────────────────

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT NARROW WAY
REALTY, LTD.**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Narrow Way Realty, Ltd. ("Narrow Way Realty, Ltd." or "Defendant"). Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## **DEFINITIONS**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

      2.     The term "you" or "your" means Defendant Narrow Way Realty, Ltd. and all other persons acting on Narrow Way Realty Ltd.'s behalf, including parents, subsidiaries, and affiliates, as well as its past or present directors, officers, partners, and employees.

## INSTRUCTIONS

      The following instructions apply to each individual interrogatory contained herein:

      1.     The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

      2.     If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

      3.     If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

      4.     If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

      5.     You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

2

6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.      Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.      If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.      For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.     In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.     The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

3

## **INTERROGATORIES**

1.      Identify all banks and other financial institutions with which Narrow Way Realty, Ltd. has had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify all of Narrow Way Realty, Ltd.'s shareholders, members, and owners since Narrow Way Realty, Ltd.'s formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

5.      Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Narrow Way Realty, Ltd.'s formation).

6.      Explain all Narrow Way Realty, Ltd.'s primary business purpose(s) from its formation through the present.

7.      Identify, by name, each of Narrow Way Realty, Ltd.'s customers from January 1, 2020 through the present.

8.      For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

9.      State all revenue for Narrow Way Realty, Ltd. by calendar year from January 1, 2020 through the present.

4

10.     Identify all email addresses, websites, social media accounts, and phone numbers associated with Narrow Way Realty, Ltd.

11.     Identify each individual who has performed services for Narrow Way Realty, Ltd. as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

12.     Identify all entities that provided auditing or accounting services to Narrow Way Realty, Ltd. from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

13.     Explain, in detail, what has been done with the rental income received from SiteOne from January 1, 2020 through the present.

14.     State all amounts issued or otherwise paid to Victor Caroleo and all dates of such payments from January 1, 2020 through the present.

15.     State all amounts issued or otherwise paid to Dominick Caroleo and all dates of such payments from January 1, 2020 through the present.

16.     State all amounts issued or otherwise paid to 3670 Route 112 LLC and all dates of such payments from January 1, 2020 through the present.

17.     State all amounts issued or otherwise paid to 9 4th St. LLC and all dates of such payments from January 1, 2020 through the present.

18.     State all amounts issued or otherwise paid to Group 5 Associates Ltd. and all dates of such payments from January 1, 2020 through the present.

19. To the extent not identified in response to the other interrogatories herein, identify all other entities or individuals to which or to whom you have paid monies from January 1, 2020 to the present.

Dated: April 25, 2024

TROUTMAN PEPPER                           FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: /s/ John S. Gibbs III                 By: /s/ Kevin P. Mulry

John S. Gibbs III (admitted *pro hac vice*)    Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000      400 RXR Plaza
Atlanta, Georgia 30308                    Uniondale, New York 11556
Phone: (404) 885-3000                     Phone: (516) 227-0620
Email: evan.gibbs@troutman.com            Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Narrow Way Realty, Ltd. was served on all counsel of record via email on April 25, 2024.

<u>/s/ John S. Gibbs III</u>
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

_____

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
NARROW WAY REALTY, LTD.**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Narrow Way Realty, Ltd. ("Narrow Way Realty" or "Defendant").  The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

## **DEFINITIONS**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.      The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Narrow Way Realty, Ltd. and all other persons acting on Narrow Way Realty, Ltd.'s behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

2

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1.     The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.     You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.     All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.     Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated

document information and metadata for each document.  The original native files shall be preserved.

5.      The documents produced in response to this request shall include all attachments and enclosures.

6.      ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.      You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state

your objection to that portion only and respond as completely as possible to the remainder of the document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.     In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.     A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.     These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.     The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## **DOCUMENT REQUESTS**

1.      Documents sufficient to show all owners, shareholders, and members of Narrow Way Realty, Ltd. from corporate formation to present.

2.     Documents sufficient to show all officers and directors of Narrow Way Realty, Ltd. from corporate formation to present.

3.     Documents sufficient to show all employees of Narrow Way Realty, Ltd. from corporate formation to present.

4.     Documents sufficient to show the primary business and corporate purpose of Narrow Way Realty, Ltd. from corporate formation to present.

5.     All Narrow Way Realty, Ltd. board meeting minutes from January 1, 2019 through the present.

6.     All Narrow Way Realty, Ltd. corporate governance documents, including bylaws and incorporating documents.

7.     All communications discussing or referring to the formation of Scapes Supply, LLC.

8.     Documents sufficient to show all Narrow Way Realty, Ltd. revenue from January 1, 2020 through the present, on an annual, calendar year basis.

9.     Documents sufficient to show all Narrow Way Realty, Ltd. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

10.    Documents sufficient to show all dividends and other payments by Narrow Way Realty, Ltd. to owners, shareholders, and/or members of Narrow Way Realty, Ltd. from January 1, 2020 through the present.

11.    Documents sufficient to show all of Narrow Way Realty, Ltd.'s payroll costs from January 1, 2020 through the present.

12.    Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Vic Caroleo.

13.     Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Dominick Caroleo.

14.     Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Nicholas Giordano.

15.     To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

16.     All Narrow Way Realty, Ltd. balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

17.     All documents reflecting Narrow Way Realty, Ltd.'s accounts payable from January 1, 2020 through the present.

18.     All documents reflecting Narrow Way Realty, Ltd.'s accounts receivable from January 1, 2020 through the present.

19.     All of Narrow Way Realty, Ltd.'s audited and unaudited financial statements from January 1, 2020 through the present.

20.     All accounting records received from any external auditors and/or accountants pertaining to Narrow Way Realty, Ltd. from January 1, 2020 through the present.

21.     All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

22.     All of your tax returns from January 1, 2020 through the present.

23.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

24.     All documents and communications concerning the development of the Middle Island Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

26.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

27.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

28.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

29.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

30.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

31.     All documents and communications concerning the development of the Long Island Avenue Property.

32.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

33.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

34.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

35.     All documents and communications concerning the development of the Horseblock Road Property.

36.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

37.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

38.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

39.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

40.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

41.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

42.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

43.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

44.     All of your customer lists.

9

45.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

46.     All records pertaining to each employee employed by you since October 19, 2022.

47.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

48.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

49.     All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

50.     All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

51.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

52.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

53.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

54.     All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

55.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

57.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

58.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

59.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated: April 25, 2024

TROUTMAN PEPPER                          FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                 By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000        400 RXR Plaza
Atlanta, Georgia 30308                      Uniondale, New York 11556
Phone: (404) 885-3000                       Phone: (516) 227-0620
Email: evan.gibbs@troutman.com              Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

12

## EXHIBIT A

### SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

**<u>Document Information and Metadata To Be Produced</u>**

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---------|-------------|---------|-----------------------------------|---------|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was

served on all counsel of record via email on April 25, 2024.


<u>/s/ John S. Gibbs III</u>
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

———————————————————————

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT NARROW WAY 2, LLC**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Narrow Way 2 LLC ("Defendant" or "Narrow Way 2"). Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## **DEFINITIONS**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.    The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "you" or "your" means Narrow Way 2 and all other persons acting on Narrow Way 2's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

## INSTRUCTIONS

The following instructions apply to each individual interrogatory contained herein:

1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.      Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.      If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.      For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.     In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.     The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

3

## **INTERROGATORIES**

1.      Identify all banks and other financial institutions with which Narrow Way 2 has had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify all of Narrow Way 2's shareholders, members, and owners since Narrow Way 2's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

5.      Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Narrow Way 2's formation).

6.      Explain all Narrow Way 2's primary business purpose(s) from its formation through the present.

7.      Identify, by name, each of Narrow Way 2's customers from January 1, 2020 through the present.

8.      For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

9.      State all revenue for Narrow Way 2 by calendar year from January 1, 2020 through the present.

10.     Identify all email addresses, websites, social media accounts, and phone numbers associated with Narrow Way 2.

4

11.     Identify each individual who has performed services for Narrow Way 2 as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

12.     Identify all entities that provided auditing or accounting services to Narrow Way 2 from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                           By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)        Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000               400 RXR Plaza
Atlanta, Georgia 30308                             Uniondale, New York 11556
Phone: (404) 885-3000                              Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                     Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Narrow Way 2 LLC was served on all counsel of record via email on April 25, 2024.

*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

———————————————————————

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
NARROW WAY 2, LLC**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Narrow Way 2, LLC ("Narrow Way 2, LLC" or "Defendant").  The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

## **DEFINITIONS**

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.    The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Narrow Way 2, LLC and all other persons acting on Narrow Way 2, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Victor Caroleo ("Vic Caroleo"), Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10. The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11. The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1. The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2. You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3. All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained. All documents are to be produced along with copies of folders in which they are kept.

4. Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below. Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated

document information and metadata for each document.  The original native files shall be preserved.

5.      The documents produced in response to this request shall include all attachments and enclosures.

6.      ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.      You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state

your objection to that portion only and respond as completely as possible to the remainder of the document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.      In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.      A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.      These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.      The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## **DOCUMENT REQUESTS**

1.      Documents sufficient to show all owners, shareholders, and members of Narrow Way 2, LLC from corporate formation to present.

2.      Documents sufficient to show all officers and directors of Narrow Way 2, LLC from corporate formation to present.

3.      Documents sufficient to show all employees of Narrow Way 2, LLC from corporate formation to present.

4.      Documents sufficient to show the primary business and corporate purpose of Narrow Way 2, LLC from corporate formation to present.

5.      All Narrow Way 2, LLC board meeting minutes from January 1, 2019 through the present.

6.      All Narrow Way 2, LLC corporate governance documents, including bylaws and incorporating documents.

7.      All communications discussing or referring to the formation of Scapes Supply, LLC.

8.      Documents sufficient to show all Narrow Way 2, LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

9.      Documents sufficient to show all Narrow Way 2, LLC expenses from January 1, 2020 through the present, on an annual, calendar year basis.

10.     Documents sufficient to show all dividends and other payments by Narrow Way 2, LLC to owners, shareholders, and/or members of Narrow Way 2, LLC from January 1, 2020 through the present.

11.     Documents sufficient to show all of Narrow Way 2, LLC's payroll costs from January 1, 2020 through the present.

12.     Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Vic Caroleo.

13.     Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Dominick Caroleo.

14.     Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Nicholas Giordano.

15.     To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

16.     All Narrow Way 2, LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

17.     All documents reflecting Narrow Way 2, LLC's accounts payable from January 1, 2020 through the present.

18.     All documents reflecting Narrow Way 2, LLC's accounts receivable from January 1, 2020 through the present.

19.     All of Narrow Way 2, LLC's audited and unaudited financial statements from January 1, 2020 through the present.

20.     All accounting records received from any external auditors and/or accountants pertaining to Narrow Way 2, LLC from January 1, 2020 through the present.

21.     All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

22.     All of your tax returns from January 1, 2020 through the present.

23.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

24.     All documents and communications concerning the development of the Middle Island Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

26.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

27.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

28.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

29.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

30.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

31.     All documents and communications concerning the development of the Long Island Avenue Property.

32.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

33.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

34.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

35.     All documents and communications concerning the development of the Horseblock Road Property.

36.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

37.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

38.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

39.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

40.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

41.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

42.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

43.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

44.     All of your customer lists.

45.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

46.     All records pertaining to each employee employed by you since October 19, 2022.

47.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

48.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

49.     All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

50.     All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

51.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

52.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

53.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

54.     All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

55.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

57.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

58.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

59.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                     By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)        Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000               400 RXR Plaza
Atlanta, Georgia 30308                             Uniondale, New York 11556
Phone: (404) 885-3000                              Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                     Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com


*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

12

## EXHIBIT A

## SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

**Document Information and Metadata To Be Produced**

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was

served on all counsel of record via email on April 25, 2024.


*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

---

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT SCAPES SUPPLY, LLC**

       Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Scapes Supply, LLC ("Scapes Supply" or "Defendant"). Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## **DEFINITIONS**

       The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

       1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "you" or "your" means Defendant Scapes Supply and all other persons acting on Scapes Supply's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

## <u>INSTRUCTIONS</u>

The following instructions apply to each individual interrogatory contained herein:

1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.      Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.      If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.      For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.      In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.      The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

3

## **INTERROGATORIES**

1.      Identify all banks and other financial institutions with which Scapes Supply has had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify all of Scapes Supply's shareholders, members, and owners since Scapes Supply's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

5.      Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Scapes Supply's formation).

6.      Explain all Scapes Supply's primary business purpose(s) from its formation through the present.

7.      Identify, by name, each of Scapes Supply's customers from January 1, 2020 through the present.

8.      For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

9.      State all revenue for Scapes Supply by calendar year from January 1, 2020 through the present.

10.      Identify all email addresses, websites, social media accounts, and phone numbers associated with Scapes Supply.

11.     Identify each individual who has performed services for Scapes Supply as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

12.     Identify all entities that provided auditing or accounting services to Scapes Supply from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

Dated:  April 25, 2024

TROUTMAN PEPPER
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                   

John S. Gibbs III (admitted *pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
Email: evan.gibbs@troutman.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

                    FARRELL FRITZ, P.C.

                    By: */s/ Kevin P. Mulry*             

                    Kevin P. Mulry
                    400 RXR Plaza
                    Uniondale, New York 11556
                    Phone: (516) 227-0620
                    Email: kmulry@farrellfritz.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Scapes

Supply, LLC was served on all counsel of record via email on April 25, 2024.

*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

———————————————————————

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
SCAPES SUPPLY, LLC**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Scapes Supply, LLC ("Scapes Supply, LLC" or "Defendant").   The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

## DEFINITIONS

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.   Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Scapes Supply, LLC and all other persons acting on Scapes Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Victor Caroleo ("Vic Caroleo"), Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1.     The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.     You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.     All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.     Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated

document information and metadata for each document.   The original native files shall be preserved.

5.      The documents produced in response to this request shall include all attachments and enclosures.

6.      ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.      You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state

your objection to that portion only and respond as completely as possible to the remainder of the document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.     In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.     A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.     These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.     The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## DOCUMENT REQUESTS

1.      Documents sufficient to show all owners, shareholders, and members of Scapes Supply, LLC from corporate formation to present.

2.      Documents sufficient to show all officers and directors of Scapes Supply, LLC from corporate formation to present.

3.      Documents sufficient to show all employees of Scapes Supply, LLC from corporate formation to present.

4.      Documents sufficient to show the primary business and corporate purpose of Scapes Supply, LLC from corporate formation to present.

5.      All Scapes Supply, LLC board meeting minutes from January 1, 2019 through the present.

6.      All Scapes Supply, LLC corporate governance documents, including bylaws and incorporating documents.

7.      All communications discussing or referring to the formation of Scapes Supply, LLC.

8.      Documents sufficient to show all Scapes Supply, LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

9.      Documents sufficient to show all Scapes Supply, LLC expenses from January 1, 2020 through the present, on an annual, calendar year basis.

10.     Documents sufficient to show all dividends and other payments by Scapes Supply, LLC to owners, shareholders, and/or members of Scapes Supply, LLC from January 1, 2020 through the present.

11.     Documents sufficient to show all of Scapes Supply, LLC's payroll costs from January 1, 2020 through the present.

12.     Documents sufficient to show all payments, of any kind, made from Scapes Supply, LLC to Vic Caroleo.

13.     Documents sufficient to show all payments, of any kind, made from Scapes Supply, LLC to Dominick Caroleo.

14.     Documents sufficient to show all payments, of any kind, made from Scapes Supply, LLC to Nicholas Giordano.

15.     To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Scapes Supply, LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

16.     All Scapes Supply, LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

17.     All documents reflecting Scapes Supply, LLC's accounts payable from January 1, 2020 through the present.

18.     All documents reflecting Scapes Supply, LLC's accounts receivable from January 1, 2020 through the present.

19.     All of Scapes Supply, LLC's audited and unaudited financial statements from January 1, 2020 through the present.

20.     All accounting records received from any external auditors and/or accountants pertaining to Scapes Supply, LLC from January 1, 2020 through the present.

21.     All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

22.     All of your tax returns from January 1, 2020 through the present.

23.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

24.     All documents and communications concerning the development of the Middle Island Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

26.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

27.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

28.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

29.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

30.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

31.     All documents and communications concerning the development of the Long Island Avenue Property.

32.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

33.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

34.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

35.     All documents and communications concerning the development of the Horseblock Road Property.

36.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

37.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

38.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

39.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

40.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

41.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

42.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

43.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

44.     All of your customer lists.

45.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

46.     All records pertaining to each employee employed by you since October 19, 2022.

47.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

48.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

49.     All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

50.     All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

51.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

52.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

53.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

54.     All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

55.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

57.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

58.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

59.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                  By: */s/ Kevin P. Mulry*

    John S. Gibbs III (admitted *pro hac vice*)          Kevin P. Mulry
    600 Peachtree Street, NE, Suite 3000              400 RXR Plaza
    Atlanta, Georgia 30308                            Uniondale, New York 11556
    Phone: (404) 885-3000                             Phone: (516) 227-0620
    Email: evan.gibbs@troutman.com                    Email: kmulry@farrellfritz.com

    Daniel E. Gorman
    875 Third Avenue
    New York, New York 10022
    Phone: (212) 704-6000
    Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## EXHIBIT A

## SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

## Document Information and Metadata To Be Produced

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was served on all counsel of record via email on April 25, 2024.

<u>/s/ John S. Gibbs III</u>
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

---

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT NEWAY
MANAGEMENT, LLC**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Neway Management, LLC ("Neway Management" or "Defendant").  Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## DEFINITIONS

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "you" or "your" means Defendant Neway Management, LLC and all other persons acting on Neway Management's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

## <u>INSTRUCTIONS</u>

The following instructions apply to each individual interrogatory contained herein:

1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

6.      In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.      Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.      If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.      For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.     In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.     The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

## **INTERROGATORIES**

1.      Identify all banks and other financial institutions with which Neway Management has had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify all of Neway Management's shareholders, members, and owners since Neway Management's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

5.      Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Neway Management's formation).

6.      Explain all Neway Management's primary business purpose(s) from its formation through the present.

7.      Identify, by name, each of Neway Management's customers from January 1, 2020 through the present.

8.      For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

9.      State all revenue for Neway Management by calendar year from January 1, 2020 through the present.

10.     Identify all email addresses, websites, social media accounts, and phone numbers associated with Neway Management.

11.     Identify each individual who has performed services for Neway Management as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

12.     Identify all entities that provided auditing or accounting services to Neway Management from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.


Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                          By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)          Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000                 400 RXR Plaza
Atlanta, Georgia 30308                               Uniondale, New York 11556
Phone: (404) 885-3000                                Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                       Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Neway

Management, LLC was served on all counsel of record via email on April 25, 2024.


*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────────

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

───────────────────────────────────

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
<u>NEWAY MANAGEMENT, LLC</u>**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Neway Management, LLC ("Neway Management, LLC" or "Defendant"). The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

<u>**DEFINITIONS**</u>

      The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

      1.    The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Neway Management, LLC and all other persons acting on Neway Management, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1.     The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.     You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.     All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.     Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated

document information and metadata for each document.  The original native files shall be preserved.

5.     The documents produced in response to this request shall include all attachments and enclosures.

6.     ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file.  ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.     For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.     You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state

your objection to that portion only and respond as completely as possible to the remainder of the document request.  No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.     In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.     A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request.  Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.     These requests are continuing in nature.  You must produce all additional responsive information and documents by way of supplemental responses.

13.     The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## **DOCUMENT REQUESTS**

1.      Documents sufficient to show all owners, shareholders, and members of Neway Management, LLC from corporate formation to present.

2.      Documents sufficient to show all officers and directors of Neway Management, LLC from corporate formation to present.

3.      Documents sufficient to show all employees of Neway Management, LLC from corporate formation to present.

4.      Documents sufficient to show the primary business and corporate purpose of Neway Management, LLC from corporate formation to present.

5.      All Neway Management, LLC board meeting minutes from January 1, 2019 through the present.

6.      All Neway Management, LLC corporate governance documents, including bylaws and incorporating documents.

7.      All communications discussing or referring to the formation of Scapes Supply, LLC.

8.      Documents sufficient to show all Neway Management, LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

9.      Documents sufficient to show all Neway Management, LLC expenses from January 1, 2020 through the present, on an annual, calendar year basis.

10.     Documents sufficient to show all dividends and other payments by Neway Management, LLC to owners, shareholders, and/or members of Neway Management, LLC from January 1, 2020 through the present.

11.     Documents sufficient to show all of Neway Management, LLC's payroll costs from January 1, 2020 through the present.

12.     Documents sufficient to show all payments, of any kind, made from Neway Management, LLC to Vic Caroleo.

13.     Documents sufficient to show all payments, of any kind, made from Neway Management, LLC to Dominick Caroleo.

14.     Documents sufficient to show all payments, of any kind, made from Neway Management, LLC to Nicholas Giordano.

15.     To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Neway Management, LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

16.     All Neway Management, LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

17.     All documents reflecting Neway Management, LLC's accounts payable from January 1, 2020 through the present.

18.     All documents reflecting Neway Management, LLC's accounts receivable from January 1, 2020 through the present.

19.     All of Neway Management, LLC's audited and unaudited financial statements from January 1, 2020 through the present.

20.     All accounting records received from any external auditors and/or accountants pertaining to Neway Management, LLC from January 1, 2020 through the present.

21.     All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

22.     All of your tax returns from January 1, 2020 through the present.

23.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

7

24.     All documents and communications concerning the development of the Middle Island Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

26.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

27.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

28.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

29.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

30.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

31.     All documents and communications concerning the development of the Long Island Avenue Property.

32.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

33.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

34.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

35.     All documents and communications concerning the development of the Horseblock Road Property.

36.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

37.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

38.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

39.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

40.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

41.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

42.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

43.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

44.     All of your customer lists.

9

45.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

46.     All records pertaining to each employee employed by you since October 19, 2022.

47.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

48.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

49.     All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

50.     All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

51.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

52.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

53.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

54.     All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

55.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

57.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

58.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

59.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                  By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)   Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000          400 RXR Plaza
Atlanta, Georgia 30308                        Uniondale, New York 11556
Phone: (404) 885-3000                         Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## EXHIBIT A

### SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

**<u>Document Information and Metadata To Be Produced</u>**

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|-------|-----------|-------|----------------------------------|-------|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Request for Production of Documents was

served on all counsel of record via email on April 25, 2024.


*/s/ John S. Gibbs III*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

---

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT GROUP 5
ASSOCIATES, LTD.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, submits this First Set of Interrogatories (the "Interrogatories") to Defendant Group 5 Associates, Ltd. ("Group 5" or "Defendant").  Defendant shall provide answers in writing under oath to each individual interrogatory within thirty (30) days after the date of service hereof.

## DEFINITIONS

The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

1.      The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term "document" specifically includes electronic documents and data – whether such data has been

"deleted" or not – residing on any server, computer, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "you" or "your" means Defendant Group 5 and all other persons acting on Group 5's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

## INSTRUCTIONS

The following instructions apply to each individual interrogatory contained herein:

1.      The provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.      If you object to any part of the following interrogatories and refuse to answer that part, state your objection and answer the remaining portions.

3.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

4.      If any of your answers to the following interrogatories are qualified in any manner, set forth the details of such qualification.

5.      You must furnish all information responsive to these interrogatories that is in your actual or constructive possession, custody or control, including all responsive information within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

6.     In the event you claim that any information called for in any interrogatory is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

7.     Where an interrogatory asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested and the basis upon which your approximation is grounded is to be given if the precise information requested is unknown.

8.     If, in responding to the interrogatories, you claim that there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to answer, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular interrogatory.

9.     For purposes of interpreting or construing the following interrogatories, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the interrogatory itself.

10.    In the event it is claimed that any interrogatory is premature because your investigation of the subject matter of the interrogatory or your discovery is not completed, provide all the information now available to you and promptly supplement the response as soon as further information is found.

11.    The following interrogatories are continuing in nature, and you must provide all additional responsive information by way of supplemental responses.

## INTERROGATORIES

1.      Identify all banks and other financial institutions with which Group 5 has had an account of any kind since January 1, 2020 through the present.

2.      For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

3.      For each account identified in response to Interrogatory No. 1, list all account signatories.

4.      Identify all of Group 5's shareholders, members, and owners since Group 5's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

5.      Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Group 5's formation).

6.      Explain all Group 5's primary business purpose(s) from its formation through the present.

7.      Identify, by name, each of Group 5's customers from January 1, 2020 through the present.

8.      For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

9.      State all revenue for Group 5 by calendar year from January 1, 2020 through the present.

10.     Identify all email addresses, websites, social media accounts, and phone numbers associated with Group 5.

11.     Identify each individual who has performed services for Group 5 as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

12.     Identify all entities that provided auditing or accounting services to Group 5 from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

13.     Identify all amounts you have received from Narrow Way Realty, Ltd. and all dates of such payments from January 1, 2020 to the present and identify what has been done with those monies.

Dated:  April 25, 2024

TROUTMAN PEPPER                          FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                        By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)        Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000               400 RXR Plaza
Atlanta, Georgia 30308                             Uniondale, New York 11556
Phone: (404) 885-3000                              Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                     Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing First Set of Interrogatories to Defendant Group

5 Associates, Ltd. was served on all counsel of record via email on April 25, 2024.


<u>*/s/ John S. Gibbs III*</u>
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————

SITEONE LANDSCAPE SUPPLY, LLC,

       Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

       Defendants.

——————————————————————

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
GROUP 5 ASSOCIATES, LTD.**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and subject to the following instructions and definitions, Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes this First Set of Requests for Production of Documents ("Requests") to Defendant Group 5 Associates, Ltd. ("Group 5 Associates, Ltd." or "Defendant").  The documents shall be produced within thirty (30) days after the date of service hereof, at the offices of Troutman Pepper Hamilton Sanders LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022.

## DEFINITIONS

       The following terms have the following meanings except where the context clearly requires otherwise and shall apply to each individual request for documents herein:

       1.     The definitions and rules of construction set forth in Rules 26.3(c) and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.  Without limitation to the foregoing, the term

"document" specifically includes electronic documents and data – whether such data has been "deleted" or not – residing on any server, computer, phone, electronic device, terminal, hard drive, diskette, CD, DVD, tape, or other storage media.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      The term "you" or "your" means the Defendant Group 5 Associates, Ltd. and all other persons acting on Group 5 Associates, Ltd.'s behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

4.      The term "Action" means the above-captioned action.

5.      The term "Complaint" means the Amended Complaint filed by SiteOne in this Action on July 7, 2023.

6.      The term "Answer" means the Answer filed by Defendants Nicholas Giordano, Victor Caroleo ("Vic Caroleo"), Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

7.      The term "Counterclaim" means the Counterclaim filed by Group 5 Associates, Ltd., on March 22, 2024.

8.      The term "Initial Disclosures" means the Initial Disclosures produced by Defendants Nicholas Giordano, Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC, and Neway Management on March 22, 2024.

9.      The term "Middle Island Road Property" means the property located at or approximately at 38 Yaphank Middle Island Road, Middle Island, New York.

10.     The term "Long Island Avenue Property" means the property located at or approximately at 99 Long Island Avenue, Yaphank, New York.

11.     The Term "Horseblock Road Property" means the property located at or approximately at 2001-2117 Horseblock Road, Medford, New York.

## INSTRUCTIONS

The following instructions apply to each individual request for documents contained herein:

1.     The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules for the United States District Court for the Southern District and Eastern Districts of New York are incorporated by reference as if fully set forth herein.

2.     You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of all of your representatives, agents, employees, attorneys, accountants, investigators and all other persons acting for you or on your behalf.

3.     All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained.  All documents are to be produced along with copies of folders in which they are kept.

4.     Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated

document information and metadata for each document.  The original native files shall be preserved.

5.      The documents produced in response to this request shall include all attachments and enclosures.

6.      ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in a format that is reasonably usable to same extent as the original native file.  Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only.  A duplicate custodian field ("DupCustodian") shall be provided that identifies each custodian the document was collected from but was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.  Specific technical production format details are outlined in Exhibit A.

You shall preserve and maintain all documents in their native format throughout the course of this litigation and shall specifically preserve all metadata concerning all documents.

7.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the document request itself.

8.      You must respond fully to each document request.  If you object to a document request, you must state with specificity all grounds for your objection.  If an objection pertains only to a portion of a document request, or a word, phrase or clause contained therein, you must state

your objection to that portion only and respond as completely as possible to the remainder of the document request. No part of any document request may be left unanswered merely because an objection is interposed to another part of the request.

9.      If your answer to any document request is qualified in any manner, you must set forth the reason for and details of such qualification.

10.      In the event you claim that any information called for in any document request is immune from discovery on the grounds of attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, you must provide in writing all information required by Local Civil Rule 26.2.

11.      A complete original or copy of each document or thing must be produced, even if only a portion of such document or thing is responsive to a document request. Documents should not be edited, cut, redacted (except where you assert a claim of attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure with respect to a portion of a document), or expunged, and should include all attachments, appendices, tables and exhibits, in addition to all covering memoranda, letters, folders or documents.

12.      These requests are continuing in nature. You must produce all additional responsive information and documents by way of supplemental responses.

13.      The relevant time period for these requests, unless otherwise indicated by an individual request, is January 1, 2019 through the present.

## **DOCUMENT REQUESTS**

1.      Documents sufficient to show all owners, shareholders, and members of Group 5 Associates, Ltd. from corporate formation to present.

2.      Documents sufficient to show all officers and directors of Group 5 Associates, Ltd. from corporate formation to present.

3.      Documents sufficient to show all employees of Group 5 Associates, Ltd. from corporate formation to present.

4.      Documents sufficient to show the primary business and corporate purpose of Group 5 Associates, Ltd. from corporate formation to present.

5.      All Group 5 Associates, Ltd. board meeting minutes from January 1, 2019 through the present.

6.      All Group 5 Associates, Ltd. corporate governance documents, including bylaws and incorporating documents.

7.      All communications discussing or referring to the formation of Scapes Supply, LLC.

8.      Documents sufficient to show all Group 5 Associates, Ltd. revenue from January 1, 2020 through the present, on an annual, calendar year basis.

9.      Documents sufficient to show all Group 5 Associates, Ltd. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

10.     Documents sufficient to show all dividends and other payments by Group 5 Associates, Ltd. to owners, shareholders, and/or members of Group 5 Associates, Ltd. from January 1, 2020 through the present.

11.     Documents sufficient to show all of Group 5 Associates, Ltd.'s payroll costs from January 1, 2020 through the present.

12.     Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Vic Caroleo.

13.     Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Dominick Caroleo.

14.     Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Nicholas Giordano.

15.     To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

16.     All Group 5 Associates, Ltd. balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

17.     All documents reflecting Group 5 Associates, Ltd.'s accounts payable from January 1, 2020 through the present.

18.     All documents reflecting Group 5 Associates, Ltd.'s accounts receivable from January 1, 2020 through the present.

19.     All of Group 5 Associates, Ltd.'s audited and unaudited financial statements from January 1, 2020 through the present.

20.     All accounting records received from any external auditors and/or accountants pertaining to Group 5 Associates, Ltd. from January 1, 2020 through the present.

21.     All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

22.     All of your tax returns from January 1, 2020 through the present.

23.     All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

24.     All documents and communications concerning the development of the Middle Island Road Property.

25.     All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

26.     All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

27.     All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

28.     All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

29.     All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

30.     All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

31.     All documents and communications concerning the development of the Long Island Avenue Property.

32.     All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

33.     All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

34.     All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

35.     All documents and communications concerning the development of the Horseblock Road Property.

36.     All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

37.     All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

38.     All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

39.     All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

40.     Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

41.     Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

42.     Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

43.     Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

44.     All of your customer lists.

9

45.     All nursery and landscape supply vendor lists used by you since October 19, 2022.

46.     All records pertaining to each employee employed by you since October 19, 2022.

47.     All records pertaining to each independent contractor engaged by you since October 19, 2022.

48.     All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

49.     All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

50.     All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

51.     All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

52.     All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

53.     All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

54.     All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

55.     To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

56.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

57.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

58.     To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

59.     To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

Dated:  April 25, 2024

TROUTMAN PEPPER                              FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*                   By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)       Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000              400 RXR Plaza
Atlanta, Georgia 30308                            Uniondale, New York 11556
Phone: (404) 885-3000                             Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                    Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## EXHIBIT A

### SPECIFIC TECHNICAL PRODUCTION FORMAT DETAILS

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows:

Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059).

**Document Information and Metadata To Be Produced**

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was served on all counsel of record via email on April 25, 2024.

*/s/ John S. Gibbs III*
Counsel for Plaintiff