# EXHIBIT 4



Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. Evan Gibbs III**
evan.gibbs@troutman.com

July 25, 2024

**VIA E-MAIL**

MILMAN LABUDA LAW GROUP PLLC
Michael Mule
Rob Milman
Colleen O'Neil
Nicole Koster
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073
michaelmule@mllaborlaw.com
rob@mmmlaborlaw.com
nkoster@mllaborlaw.com
colleen@mllaborlaw.com

RIVKIN RADLER LLP
Kenneth Novikoff
Michael Impelizeri
926 RXR Plaza
Uniondale, New York 11556-0921
ken.novikoff@rivkin.com
michael.impellizeri@rivkin.com

Re:     **SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**
        **Civil Action No. 2:23-cv-02084-GRB-SL**

Counsel:

I write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to summarize the status of discovery in this case to date. This letter addresses the following items: (1) a summary of SiteOne's document production methodology, efforts, and results to date; (2) a response to your letter dated June 28, 2024 and your email dated July 15, 2024.

**I.      SiteOne's Document Production Methodology, Efforts, and Results**

In response to Defendants' voluminous document requests, four attorneys for SiteOne have spent more than 100 hours reviewing documents in an effort to locate and produce any and all responsive and non-privileged documents. To date, SiteOne has: (1) collected and ingested onto its review platform SiteOne emails and other data for 16 individuals; (2) searched more than 1,000,000 documents; (3) already reviewed more than 10,000 documents that hit on SiteOne's



search terms; and (3) produced a total of 146,490 documents to Defendants, with 98 of those documents not coming from the two email accounts we produced in their entirety. SiteOne will have another rolling production of documents ready on Friday which SiteOne anticipates will include approximately 70 additional documents.

With respect to the search parameters and terms used by SiteOne to date, we have enclosed a spreadsheet which shows this information along with the hit counts for each search term. SiteOne currently has approximately 20,000 documents left to review which hit on SiteOne's search terms. We anticipate being finished with the review of those documents, and the production of relevant and responsive documents, by August 14, 2024.

SiteOne also produced the entire email accounts for Don Caroleo and Nick Giordano under an "Attorneys' Eyes Only" designation in order to facilitate Defendants having access to those documents. Mr. Mule's letter of June 28, 2024 letter takes issue with this approach, suggesting that this was not "in good faith," which is not true. SiteOne provided Defendants with Don's and Nick's business email accounts to move discovery forward and give Defendants access to all of the data in those accounts. Producing those entire accounts seemed the most expeditious way to handle production of documents from those accounts.

We have also pulled a number of responsive documents outside the of the email and data collection process such as financial and customer information. Some of those have been produced already and additional ones will be produced by August 14, 2024.

## II.    Defendants' Deficient Discovery Responses

SiteOne served each Defendant with a set of interrogatories and a set of requests for production on April 24. Defendants served their objections and responses on June 10.

SiteOne sent all Defendants a detailed deficiency memorandum on June 18 (included here as Appendix 1), outlining with specificity the deficiencies with each Defendants' responses and objections to SiteOne's discovery requests. Because Defendants asserted blanket objections and refused to produce documents in response to most of the RFPs or give answers to most of SiteOne's interrogatories, the parties conducted extensive and good faith meet and confer calls on June 24 and 28, and July 11, 12, 18, and 19 to discuss Defendants' objections and responses. All told, SiteOne has been forced to spend approximately 10 hours on video calls discussing Defendants' objections and lack of substantive responses.

Throughout each and every meeting, I explained—repeatedly and in great detail—why we are entitled to the information requested, and I narrowed the scope of several interrogatories and RFPs where appropriate.

Appendix 2 sets forth the results of our meet and confer efforts with respect to SiteOne's interrogatories, and Appendix 3 sets forth the results of our meet and confer efforts with respect to SiteOne's requests for production.

July 25, 2024
Page 3



### A.     Defendants' Objections and Responses to SiteOne's Interrogatories

The parties completed their review of Defendants' responses and objections to SiteOne's interrogatories during the June 28 meeting. Defendants' counsel advised during that meeting that Defendants would not provide supplemental interrogatory responses next week (the week of July 1), but that Defendants would possibly have their supplemental interrogatory responses to us by the following week, the week of July 8.

On July 1, I emailed all counsel for Defendants (**six** lawyers in total) and specifically asked that Defendants' supplemental interrogatory responses be provided by Friday, July 12, giving Defendants almost two weeks to provide information that should have been provided in the first instance. This was also consistent with Defendants' counsel's statement during the June 28 meeting that Defendants should be able to supplement their interrogatories that week.

When we spoke on July 12 to confer with respect to Defendants' objections to SiteOne's RFPs, I asked Defendants' counsel if we would be receiving the supplemental interrogatories that day. Mr. Mule told me that Defendants' counsel had missed my July 1 email (again, **six** of Defendants' attorneys were copied on that message) and were not prepared to provide supplemental responses that day. Defendants' counsel did not provide an alternative date to provide the supplemental interrogatory responses despite my request for same. We were surprised by this response given Defendants repeated and ongoing assurances that they had collected, reviewed, and were planning to make substantial productions of relevant and responsive documents and information.  Yet, to date, we have received not an iota of relevant information or documents.

Indeed, it has now been almost an entire month since we finished meeting and conferring on Defendants' deficient interrogatory responses. **If we do not have Defendants' supplemental interrogatory responses in hand by July 31, we will file a motion to compel.**

### B.     Defendants' Responses and Objections to SiteOne's RFPs

#### i.     Overarching Issues

During our calls on July 12 and 19, I explained to Defendants' counsel the number of attorneys we have had reviewing documents, the approximate number of documents searched at the time of our calls, and number of custodians for whom we had collected data. The information I conveyed to you is confirmed in this letter with additional details, above, and has also been submitted to the Court in two separate filings.

However, quite concerningly, during our calls, none of the Defendants' counsel shared **any** information with me about what devices and data Defendants have collected, what search criteria and parameters have been applied, or any specific progress with respect to Defendants' review of responsive documents—despite repeated requests for such information. I explained to you during our calls on July 12 and 19 that SiteOne would provide all of the details about our search



methodologies, which we have now done verbally and in writing multiple times. It is clear that SiteOne has been committed to expeditiously completing its document production.

Unfortunately, Defendants' commitment to timely searching for and producing documents seems doubtful, at best. On June 11, the Vic Defendants produced 17 documents. Also on June 11, the Don Defendants produced two documents. On July 2, the Don Defendants produced an additional 65 documents. Defendants' have thus produced a total of 84 documents over the course of discovery as of the date of this letter.[1]

SiteOne therefore demands that each Defendant provide, in writing, the same information SiteOne has shared, namely: (1) the names of the custodians searched; (2) data sources searched for each custodian (including, but not limited to, texts from personal cell phones for the individual Defendants, corporate and personal email accounts, etc.); (3) the search parameters and criteria used; (4) the hit counts for the search terms used; and (5) the number of documents reviewed thus far. **If we do not have this information by July 31, we will bring this issue before the Court.**

At the hearing before the Court on May 30, counsel for Defendants not only committed to quickly moving through document production in this case, but also expressly represented—both to the Court and in informal conferences with SiteOne's counsel—that Defendants were far along in the data and document collection and review process. Although both parties stated their productions would be on a rolling basis, Defendants stated that their rolling begin soon and they would produce many responsive documents in short order. We are concerned that this has not happened; concerned that in fact the productions have been small, let alone much smaller than promised to date; and concerned most of all at Defendants' refusal to explain their document collection and searching efforts so far. Neither silence- nor non-production is going to work.

The Court has made clear that the parties should be actively engaged in discovery, and it appears that Defendants are not taking seriously the Court's directive that this case must continue moving forward with all due haste. Perhaps we are mistaken in our assumption, but Defendants can assuage SiteOne's concerns easily by providing all the information requested—rather than further delaying discovery by prolonged meet and confers.

Finally, **if SiteOne does not have Defendants' supplemental RFP responses in hand by August 2, we will file a motion to compel**.

---

[1] It is equally concerning that throughout the parties' meet and confer efforts, counsel for Defendants have professed ignorance with respect to who Rose Casper is and the nature of the services she provides (or provided) to some or all of the Defendants. This is particularly troubling as multiple discovery requests ask for information about her and/or documents pertaining to her services, and she is named as a potentially important witness in possession of key case documents in SiteOne's original and amended Complaints originally filed in March 2023.  Further, Defendants' counsel also seemed to be unaware as to whether the corporate entity Defendants had email accounts or other sources of data, indicating Defendants may be in the early stages of data retrieval, review, and production, at least with respect to certain Defendants.



---

ii.      **Follow Up on Specific RFPs**

There are a number of RFPs discussed during our meet and confer videoconferences which SiteOne promised to follow up on. Those items are discussed below.

As stated in my email sent to counsel for Defendants on July 1, 2024, counsel for SiteOne is amenable to narrowing the scope of Interrogatory No. 7 to Victor Caroleo and Nicholas Giordano to read as follows: "Identify all sources of income greater than $1,000 (in the aggregate) from January 1, 2020 through the present from any Defendant in this action." For clarity, we are asking for **aggregated** amounts received from any Defendant. For example, if Don gave Nick $100 every month in 2023, we would expect Nick to identify those funds because the income received totals more than $1,000 in the aggregate.

RFP No. 22 to Narrow Way Realty Ltd.: As drafted, this RFP seeks "All of [Narrow Way Realty's] tax returns from January 1, 2020 through the present." SiteOne is amenable to Defendant producing such tax returns with necessary redactions.

RFP No. 22 to Scapes Supply, LLC: As drafted, this RFP seeks "All of [Scapes Supply, LLC's] tax returns from January 1, 2020 through the present." SiteOne is amenable to Defendant producing such tax returns with necessary redactions.

RFP No. 9 to Victor Caroleo and Nicholas Giordano: As drafted, this RFP seeks "All personal tax returns from January 1, 2020 through the present." SiteOne is amenable to Defendant producing such tax returns with necessary redactions, such as redactions to personal identifiable information.

RFP No. 33 to Victor Caroleo and Nicholas Giordano: As drafted, this RFP seeks "All customer lists for any corporate entity of which you are an owner, member, or shareholder." SiteOne is amenable to narrowing this request to "All customer lists for any corporate entity in the nursery or landscaping business of which you are an owner, member, or shareholder."

RFP No. 38 to Victor Caroleo and Nicholas Giordano: This RFP seeks "All emails, text messages, and other written communications referring to any former or current SiteOne or Garden Department employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present." Defendants' counsel indicated we would need to come back to this. SiteOne is not willing to further narrow this request. The temporal scope is sufficiently narrow to capture only communications that would be relevant for purposes of this litigation. Any further limitations may result in the exclusion of documents that are relevant to this action.

RFP No. 48 to Victor Caroleo and Nicholas Giordano: RFP No. 48 requests "all documents and communications involving LC Consulting Services, Inc." "[f]or the time period of January 1, 2020 to the present." Counsel for SiteOne indicated that we would follow up with information regarding who LC Consulting Services, Inc. is. For clarity, on April 7, 2023, Mr. Mule provided the Declaration of Frederick Heidrich, President and sole shareholder of LC Consulting Services, Inc., concerning the Website or application pertaining to Defendants' access to certain sales data.



RFP Nos. 4 and 5 to <u>Narrow Way 2 LLC</u>. RFP No. 4 seeks "Documents sufficient to show the primary business and corporate purpose of Narrow Way 2, LLC from corporate formation to present." RFP No. 5 seeks "All Narrow Way 2, LLC board meeting minutes from January 1, 2019 through the present." Narrow Way 2 LLC's response to these RFPs is simply that "Defendant is not in the nursery or landscaping business." Whether or not Narrow Way 2 LLC is in the nursey or landscaping business is entirely irrelevant. Defendant has no basis to withhold the requested documents and must therefore produce documents responsive to these requests.

## III.  SiteOne's Response to the Don Defendants' June 28 Letter

SiteOne has reviewed the items set forth in the letter from the Don Defendants dated June 28. Below are our responses to the issues raised in that letter.

### A.  Requests to which SiteOne Will Provide Supplemental Responses.

In the spirit of good faith, SiteOne agrees to provide supplemental responses to the following of Don's RFPs: 2-5, 9, 20, 25-26; 30, 32, 36, 37, 51, 54, 56, 57, 68, 90, 92, 97, 98, 100-103, 111, 114-117. SiteOne will also supplement the following interrogatory responses: 1, 2, 12, 15, 17, and 18-20. SiteOne will provide these supplemental responses by August 2.

### B.  Requests to Which SiteOne Stands on Its Objections and Responses at this Time but Is Willing to Meet and Confer Further.

SiteOne is not willing to supplement the following RFPs at this time: 8, 10-15, 55, 82-89, 91; 16-19, 27-29, 31, 41, and 95. SiteOne is not willing to supplement the following interrogatories at this time: 3-7, 9, 10, 11, 13-14, 16, and 21-24. SiteOne, however, is willing to meet and confer via videoconference concerning these requests and has scheduled those meetings via separate email for July 25 and 26.

### C.  Requests SiteOne Is Currently Evaluating.

SiteOne will undertake additional factual and legal review with respect to the following RFPs: 23, 33-35, 38-40, 42-50, 69, 70-74, 78, 81, and the following ROGs: 8. SiteOne will follow up by or before July 31 to confirm whether or not SiteOne will supplement these responses, and any supplemental responses will be provided by August 2.

### D.  Documents Concerning SiteOne's Trade Secrets Claim.

Your June 28 letter erroneously claims that SiteOne has "failed to produce any documents or give any guidance, whatsoever, as to what precisely is asserted as secret." (Letter p. 6.) This is not true. SiteOne provided approximately three full pages of detail in response to Don's interrogatories identifying what trade secrets were misappropriated by Defendants in as much detail as SiteOne is able to provide.

July 25, 2024
Page 7



It seems that what Don wants in response to his document requests are copies of the materials Defendants misappropriated. The problem with this position is that we cannot produce to Defendants what the Defendants took. We no longer have those materials because they were taken, and what was taken is not something that was specifically tracked. For example, SiteOne does not have a list of the files Defendants removed from the filing cabinet. Thus, SiteOne cannot produce copies of those documents to Defendants and say, "Here is a copy of a document we allege you misappropriated."

As detailed above, we have run multiple search terms designed to find documents responsive to the RFPs which seek information about SiteOne's trade secrets theft claim. It is unclear what more Don wants from SiteOne at this point.

Thank you.

John "Evan" Gibbs III



---

**APPENDIX 1:**
**Deficiency Memo Sent to Defendants' Counsel on June 18**

**<u>DEFICIENCIES IN INTERROGATORIES</u>**

**<u>Narrow Way Realty Ltd.</u>**

- **No. 1**: Identifies American Community Bank, but does not say there are no others. Need clarification.
- **No. 3**: Does not identify all signatories, only one (Vic); are there others?
- **No. 4**: Does not state whether he has always been the sole member, only that he is currently; has that always been the case?
- **No. 5**: Only listed one PO Box mailing address; we asked for physical and other addresses used since its formation.
- **No. 6**: Does not answer the question at all; we asked its primary business, they said it's not nursery and landscape supply.
- **No. 7-12; 14-19**: Does not answer the question at all.
- **No. 13**: Extremely vague answer, does not provide enough information.

**<u>Don Caroleo</u>**

- **No. 1-3, 5, 7, 9-11; 16**: Only objections, no response.
- **No. 4**: Only IDs entities that are Defendants; does not identify any others or say this is a full list of all entities.
- **No. 6**: Only provides one number and no other information requested, does not say there are no other phone numbers. We need the carrier information.

**<u>3670 Route 112 LLC; 9 4th St. LLC</u>**

- **No. 1**: Identifies Webster Bank, but does not say there are no others. Need clarification.
- **No. 2**: Does not answer the question at all, referred to production (but nothing currently in production).
- **No 3**: Who are the other signatories, if any?
- **No. 4**: Does not state whether there are other shareholders/members/owners of Defendant.
- **No. 5**: Only listed one PO Box mailing address; we asked for physical and other addresses used since its formation.
- **No. 6**: "Real estate" does not tell us anything; what specifically does the company do?
- **No. 7-8**: States that Defendant is not in the nursery and/or landscape supply business and does not substantively answer the question.
- **No. 10-12**: Does not answer the question at all.
- **No. 13**: Does not answer the question at all, refers to bank production.



**The Garden Dept. Corp.**

- **No. 1**: Identifies Webster Bank but does not say there are no others. Need clarification.
- **No. 2**: Does not answer the question at all, referred to production (but nothing currently in production).
- **No. 3**: Who are the other signatories, if any?
- **No. 4**: Who were the previous shareholders, members and owners and are there currently additional shareholders, members or owners?
- **No. 5**: Are there any additional addresses associated with Garden Dept?
- **No. 7**: Does not answer the question and instead states that all of The Garden Dept.'s customers continued with, and their identity is in the possession of, SiteOne.
- **No. 8; 11**: Does not substantively respond to the Interrogatory.
- **No. 10; 12**: Does not answer the question at all.

**Narrow Way 2 LLC**

- **No. 1-3; 9-12**: Does not answer the question at all.
- **No. 4**: They identify Vic as the current sole member. Were there previously any additional shareholders, members, or owners of Narrow Way 2?
- **No. 5**: Are there additional addresses associated with Narrow Way 2?
- **No. 6**: Does not answer the question at all; we asked its primary business, Defendants said it's not nursery and landscape supply.
- **No. 7-8**: Defendant states it is not in the retail nursery and/or landscape supply business. This does not answer the question.

**Neway Management**

- **No. 1-3; 9-12**: Does not answer the question at all.
- **No. 4**: Identifies Vic as an owner. Who are the other shareholders, members, and owners, if any?
- **No. 5**: Are there additional addresses associated with Neway Management?
- **No. 6**: "Management company" does not tell us anything; what specifically does the company do?
- **No. 7-8**: Defendant states it is not in the retail nursery and/or landscape supply business. This does not answer the question.

**Group 5 Associates Ltd.**

- **No. 1-3; 9-12**: Does not answer the question at all.
- **No. 4**: Identifies Vic. Who are the other shareholders, members, and owners, if any?
- **No. 5**: Only listed one PO Box mailing address; we asked for physical and other addresses used since its formation.
- **No. 6**: Does not answer the question at all; we asked its primary business, they said it's not nursery and landscape supply.



---

- **No. 7-8**: Defendant states it is not in the retail nursery and/or landscape supply business. This does not answer the question.

**Scapes Supply LLC**

- **No. 1-3; 8-9; 11-12**: Does not answer the question at all.
- **No. 4**: Are there any other previous shareholders, members, and owners?
- **No. 5**: Are there any additional addresses associated with Defendant?
- **No. 7**: SiteOne does not have information regarding Scapes Supply's customers. Defendant must produce this information.

**Vic Caroleo**

- **No. 1-3; 5; 7; 9-15**: Only objections, no response.
- **No. 4**: Only identifies entities that are Defendants; does not identify any others or say this is a full list of all entities.
- **No. 6**: Only provides one number and no other information requested, does not say there are no other phone numbers. We need the carrier information.
- **No. 16**: The Interrogatory requests payments received from Narrow Way Realty by Vic or any entity he owns/operates/controls. His response appears to only relate to amounts received by Vic, not about amounts received by any entity he owns/operates/controls.

**Nick Giordano**

- **No. 1-3; 5; 7; 9-12**: Only objections, no response.
- **No. 4**: Only states that he is not an owner of any of the named defendants.
- **No. 6**: Only provides one number and no other information requested, does not say there are no other phone numbers.  We need the carrier information ASAP.
- **No. 15**: The Interrogatory requests payments received from Narrow Way Realty by Nick or any entity he owns/operates/controls. The response appears to only relate to amounts received by Nick, not about amounts received by any entity he owns/operates/controls.
- **No. 16**: The Interrogatory requests payments received from Vic or Don by Nick or any entity Nick owns/operates/controls. The response appears to only relate to amounts received by Nick, not about amounts received by any entity Nick owns/operates/controls.

## DEFICIENCIES IN REQUESTS FOR PRODUCTION

**Narrow Way Realty Ltd.**

- **No. 1-2**: States Vic is the sole owner of Narrow Way Realty and does not indicate whether they will produce documents.
- **No. 3; 6-11; 16-47; 49; 53-54**: No basis to withhold the requested documents.
- **No. 4-5**: Not clear whether Defendant will produce the requested documents. Irrelevant that Defendant is not in the nursery or landscaping supply business.



**Don Caroleo**

- **No. 3; 17-22; 37-38; 42-49; 51; 54-56**: It is not clear exactly what documents are being produced in response. Defendant states, "subject to and without waiving the general and specific objections, and to the extent responsive, see production."
- **No. 4-9; 11-16; 23-28; 39-41; 50**: Only objections, no indication about whether they intend to produce responsive documents**.**
- **No. 29-36**: Improperly narrows the scope of the request:
  - **No. 29**: "construing the request to concern customers of Defendant in a landscape supply business, none."
  - **No. 30**: "construing the request to concern vendors of Defendant in a landscape supply business, none."
  - **No. 31**: "construing the request to concern employees of Defendant in a landscape supply business, none."
  - **No. 32**: "construing the request to concern independent contractors of Defendant in a landscape supply business, none."
  - **No. 33**: "construing the request to concern a current customer list pertaining to the landscape supply business, none."
  - **No. 35**: "construing the request to concern employees of Defendant in a landscape supply business, none."
  - **No. 36**: "construing the request to concern independent contractors of Defendant in a landscape supply business, none."

**3670 Route 112 LLC; 9 4th St. LLC; The Garden Dept. Corp.**

- **No. 1-4; 6-7; 21; 48-54; 56-58**: It is not clear exactly what documents are being produced in response. Defendant states, "subject to and without waiving the general and specific objections, and to the extent responsive, see production."
- **No. 5; 8-20; 22-39**: Only objections, no indication about whether they intend to produce responsive documents.
- **No. 40-44, 46-47**: Improperly narrows the scope of the request:
  - **No. 40**: "construing the request to concern customers of Defendant in a landscape supply business, none."
  - **No. 41**: "construing the request to concern vendors used by Defendant in a landscape supply business, none."
  - **No. 42**: "construing the request to concern employees of Defendant in a landscape supply business, none."
  - **No. 43**: "construing the request to concern independent contractors of Defendant in a landscape supply business, none."
  - **No. 44**: "construing the request to concern a current customer list pertaining to the landscape supply business, none."
  - **No. 46**: "construing the request to concern employees of Defendant in a landscape supply business, none."
  - **No. 47**: "construing the request to concern independent contractors of Defendant in a landscape supply business, none."



**Narrow Way 2 LLC**

- **No. 1-2**: States Vic is the sole owner of Narrow Way 2 and does not indicate whether they will produce documents.
- **No. 3; 6-11; 16-47; 49; 53-54**: No basis to withhold the requested documents.
- **No. 4-5**: Not clear whether Defendant will produce the requested documents. Irrelevant that Defendant is not in the nursery or landscaping supply business.

**Neway Management**

- **No. 1-2**: States Vic is the sole owner of Neway Management and does not indicate whether they will produce documents.
- **No. 3; 5-11; 16-47; 49; 53-54**: No basis to withhold the requested documents.
- **No. 4**: Not clear whether Defendant will produce the requested documents. Irrelevant that Defendant is not in the nursery or landscaping supply business.

**Group 5 Associates, Ltd.**

- **No. 1-2**: States Vic is the sole owner of Group 5 and does not indicate whether they will produce documents.
- **No. 3; 5-11; 16-47; 49; 53-54**: No basis to withhold the requested documents.
- **No. 4**: Not clear whether Defendant will produce the requested documents. Irrelevant that Defendant is not in the nursery or landscaping supply business.

**Scapes Supply, LLC**

- **No. 1-2**: States Vic is the sole member of Scapes Supply and Nick is a former member and does not indicate whether they will produce documents.
- **No. 3; 6-11; 16-39; 42-43; 46-47; 49; 53-54**: No basis to withhold the requested documents.
- **No. 4-5**: Not clear whether Defendant will produce the requested documents. Irrelevant that Defendant is not in the nursery or landscaping supply business.

**Vic Caroleo**

- **No. 1**: Does not indicate whether they will produce documents.
- **No. 2-3; 6; 9-28; 31-33; 35-36; 38; 41-45; 47-52**: No basis to withhold the requested documents.
- **No. 4-5**: Directs Plaintiff to documents produced by American Community Bank. Does not indicate whether Defendant will produce responsive documents.

**Nick Giordano**

- **No. 1-2**: States Defendant is "not currently an owner of any defendant entities" and does not indicate whether they will produce responsive documents.

July 25, 2024
Page 13



- **No. 3-6; 9-28; 31-33; 35-36; 38; 40-45; 47-52**: No basis to withhold the requested documents.



APPENDIX 2:
**Summary of Meet and Confer Efforts re: SiteOne's Interrogatories**

During the meet and confer video calls, counsel for SiteOne explained to counsel for Defendants the relevance and appropriateness of the scope for each of the interrogatories discussed. The responses and agreements from counsel for Defendants and the concessions made by SiteOne are detailed below.

<u>**June 24**</u>:

For the most part, Defendants did not indicate whether they plan to provide the requested information, even where SiteOne agreed to narrow the interrogatories.

*Narrow Way Realty, Ltd.*
- No. 1: Counsel[2] believes American Community Bank is the only bank, but he will confirm.
- No. 3: Counsel believes Vic is the only signatory, but he will confirm.
- No. 4: Counsel believes Vic has always been the sole member, but he will confirm.
- No. 5: Counsel believes this is the only address, but he will confirm.
- No. 6: Counsel believes the purpose is real estate. We explained that if the entity exists only to own a piece of real estate or be the designated landlord for the piece of real estate, we want to know that.
- Nos. 7-8: Counsel stated he does not believe this is tailored to the entity. There was no confirmation as to whether they will produce information in response.
- No. 10: Counsel does not believe there are any social media accounts, but he will confirm.
- No. 11: SiteOne agreed to limit this interrogatory to request information concerning individuals that Narrow Way Realty has issued a 1099 to and true employees of Narrow Way Realty.
- No. 12: Counsel would not agree to provide this information.
- Nos. 14-19: Counsel stated that the requested information should be included in the bank records from American Community Bank. It is not clear whether they intend to provide additional information in response.

*Don Caroleo*
- Nos. 1-3: SiteOne's counsel explained that SiteOne is looking for traditional bank accounts – checking/savings/money market accounts since 2020 to determine where the money from Vic is going.
  - Counsel questioned whether and to what extent such information is discoverable. Counsel did not commit to providing the relevant information.
- No. 4: Counsel did not indicate whether they intend to produce information in response.
- No. 5: SiteOne's counsel explained that we want to understand the properties Don has owned in the relevant time period and that they may caveat the response to state that they

---

[2] "Counsel" refers to the attorney(s) for the specific Defendant being discussed. Michael Impellizeri represented the Vic Defendants on each meet and confer call, and Michael Mule represented the Don Defendants on each meet and confer call. "Counsel for SiteOne" refers to Evan Gibbs, who represented SiteOne during each meet and confer call.



are not including information about short term rentals, vacation properties, etc. Counsel did not indicate whether they will produce the requested information.

- No. 6: Counsel did not indicate whether they would provide the requested information.
- No. 7: SiteOne's counsel stated that they can come up with ways to tailor this request. If Don identifies banks in response to Interrogatory No. 1 and then refer to records produced by such banks, that would be appropriate.
- No. 8: SiteOne's counsel stated that if the emails provided are the only email addresses, Defendants must state that these are the only email addresses.
- No. 9: SiteOne's counsel indicated that SiteOne is most interested in individuals who were or are Garden Dept, SiteOne, or Scapes employees. It is not clear that Defendants intend to produce such information.
- No. 10-11: SiteOne's counsel agreed that SiteOne would hold these interrogatories in abeyance for now.
- No. 16: Not clear whether Defendants intend to provide responsive information.

**June 28:**

While Defendants did not specifically indicate that they would provide supplemental responses to each interrogatory, Mr. Impellizeri said at the end of the June 28 meeting that the only interrogatory the parties were unable to agree on is Interrogatory No. 7 to Nick and Vic. Based on the conversation as a whole, it appeared Defendants intended to supplement most of the responses, even if doing so is simply stating that there is no additional information.

*9 4th St. LLC; 3670 Route 112 LLC*
- Nos. 1, 3-5: Defendants will indicate whether there are any other (1) banks; (3) signatories; (4) shareholders/members/owners; (5) addresses.
- No. 2: Counsel for SiteOne indicated that Defendants' responses may be acceptable, but we do not yet have the documents to confirm.
- No. 6: Counsel for SiteOne explained that we need more information than just "real estate." Defendants seemed amenable to providing more information.
- Nos. 7-8: Counsel for SiteOne explained that we are trying to understand the business of the company and with whom it is doing business. Defendants did not explicitly indicate whether they will provide additional information, but it seemed as though they will.
- No. 10: Defendants will indicate whether there are additional phone numbers and who the carrier is.
- No. 11: Counsel for SiteOne explained that we are looking for information about people performing recurring services for the company in the nature of employ. Unclear whether Defendants will supplement.
- No. 12: Counsel for SiteOne agreed to hold this in abeyance for now.
- No. 13: Counsel for SiteOne explained that there are certain payments (i.e., cash payments) that would not be reflected in the bank records. It is not clear whether Defendants will provide this information.

*The Garden Dept. Corp.*
- The conversations were the same as those related to 9 4th St. LLC and 3670 Route 112 LLC, with the exception of the below:



- No. 5: Counsel for SiteOne stated that we are looking for information related to January 2019 to the present.
- No. 7: Counsel for SiteOne explained that we are interested in Garden Dept. customers since the acquisition that are non-SiteOne customers. We do not want information concerning SiteOne customers. We agreed to limit this interrogatory to October 2022 through the present.
- No. 8: Counsel for SiteOne explained that if there are responsive customers, we want to know what the revenue was from them.

*Narrow Way 2 LLC*
- No. 1: We explained that we are simply asking for Narrow Way 2 to identify its banks. We are looking for information from January 1, 2020 through the present.
- Nos. 2-3: Our position is that we want this information for January 1, 2020 through the present.
- Nos. 4-5: Counsel for SiteOne explained that if there are no additional shareholders/members or owners, and no other addresses, Defendant should state that.
- No. 6: Counsel for SiteOne explained that we are simply asking for an affirmative statement that Narrow Way does X. Counsel explicitly stated that they would supplement the response to this interrogatory.
- No. 7: Counsel agreed to supplement this response.
- Nos. 8-9: Counsel did not indicate whether they would agree to provide supplemental information.
- No. 10: Although somewhat noncommittal, it appeared Counsel intends to supplement this response.
- No. 11: Counsel did not explicitly indicate whether they will provide supplemental information.
- No. 12: Counsel for SiteOne agreed to hold this in abeyance for now.

*Neway Management; Group 5 Associates Ltd.*
- The conversations were the same as those related to Narrow Way 2, with the exception of the below:
- No. 4: Counsel for SiteOne agreed to limit this to January 1, 2019 to the present.

*Scapes Supply LLC*
- No. 7: It is not clear whether Defendant will produce information related to Scapes Supply's customers, though it appears without a stipulation indicating that the parties will not challenge confidentiality/AEO designations, Defendant is unlikely to do so. Counsel for SiteOne said that at this time we cannot agree to such a stipulation.

*Vic Caroleo*
- No. 1: Counsel for SiteOne explained that we are looking for information related to checking/savings/money market accounts. We do not need information related to investment accounts.
- No. 4: Counsel for SiteOne stated that we would not limit this request.



- No. 5: Counsel for SiteOne explained that SiteOne is not interested in short term rentals, but we are looking for information regarding physical addresses in which he is residing. It appeared Counsel will provide this information.
- No. 6: Counsel for SiteOne explained that we are looking for carrier information in addition to phone numbers.
- No. 7: Counsel for SiteOne agreed to limit this interrogatory. *See* July 1 email, below.
- No. 9: Counsel for SiteOne limited the scope of this interrogatory to October 1, 2022 to the present and stated that we are only looking for the identification of individuals Vic has hired as employees/independent contractors from October 1, 2022 through the present.
- Nos. 10-11: Counsel for SiteOne agreed to hold these in abeyance.
- No. 15: Counsel did not indicate whether they would provide this information.
- No. 16: Counsel for SiteOne indicated that the current response is fine, pending a more fulsome response to the other interrogatories (e.g., Interrogatory No. 1).

*Nick Giordano*
- No. 1: Counsel for SiteOne explained that we are looking for information related to checking/savings/money market accounts. We do not need information related to investment accounts.
- No. 4: Counsel does not believe that Nick is an owner of any companies, and it appeared they will provide a response to this effect.
- No. 5: It seems Defendant will provide this information. Counsel stated "just because it is easy to provide doesn't mean it is appropriate."
- No. 6: Counsel for SiteOne indicated that we are looking for carrier information as well.
- No. 7: *See* July 1 email, below.
- No. 9: It appeared Defendant will provide this information.
- Nos. 10-11: Counsel for SiteOne agreed to hold these in abeyance.
- No. 12: There was a lot of discussion about this interrogatory. Counsel believes Don/Nick speak every week, if not every day. Counsel for SiteOne will not withdraw this interrogatory. We want some kind of answer, even if the answer indicates that they speak every day and it is therefore impossible to identify all communications. It seems Defendant will not provide responsive information – Counsel repeatedly stated that the interrogatory is overbroad and unduly burdensome.
- No. 13: Counsel stated that Nick never received a mobile phone from SiteOne.
- Nos. 15-16: Counsel for SiteOne explained that these interrogatories go to the earlier questions about whether there are other entities Nick owns. If he does not own any entities, then they must so state.

**July 1:**

Counsel for SiteOne emailed counsel for Defendants to follow up on Interrogatory No. 7 to Nick and Vic, narrowing that interrogatory to read as follows:

> Identify all sources of income greater than $1,000 (in the aggregate) from January 1, 2020 through the present from any Defendant in this action.



**APPENDIX 3:**
**Summary of Meet and Confer Efforts re: SiteOne's RFPs**

<u>**July 11:**</u>

Counsel for SiteOne stated that if there is an interrogatory that corresponds to an RFP and Defendants provide sufficient information in response to the interrogatory, they may not need to provide specific documents showing the same thing. The date range for the RFPs is 2019-present unless otherwise noted.

*Narrow Way Realty Ltd.*
- Nos. 1-4; 40; 42-43; 47: These RFPs have corresponding interrogatories. To the extent Defendants provide sufficient interrogatory responses, Counsel for SiteOne stated Defendant does not need to provide responsive documents.
- No. 5: Counsel for SiteOne explained this is similar to RFP No. 6. We are seeking corporate governance documents that show what decisions are being made and by whom, who the board members are, etc.
- No. 6: Counsel for SiteOne agreed to limit this RFP to corporate governing documents in effect from 2019-present, including, but not limited to, by-laws, shareholder agreements and incorporating documents.
- No. 7: Counsel for SiteOne will not limit this RFP. Counsel stated that it is likely Narrow Way Realty is not in possession of such documents. If that is the case, it should indicate that in its response.
- Nos. 8-11: If all relevant information has already been provided by way of American Community Bank's production, then Narrow Way Realty need not provide documents, but it should indicate that American Community Bank already provided all responsive documents in its response.
- Nos. 16-18: It appeared Defendant will produce responsive documents.
- Nos. 19-21: Counsel for SiteOne stated that if defendant produces the general ledger documents for the company, Counsel for SiteOne will hold off on pursuing documents responsive to RFP Nos. 19-21 because we should already have all financial information.
- No. 22: Counsel for SiteOne did not narrow this request. Counsel for SiteOne said SiteOne would give this some thought and follow up with defendant.
  - This RFP requests: All of Narrow Way Realty's tax returns from January 1, 2020 through the present.
- Nos. 23-29: Counsel for SiteOne explained that if the response is that defendant is not in possession of any responsive documents, then just say that. That is different than saying you will not produce any documents.
- Nos. 30-33: Counsel for SiteOne explained that if defendant is in possession of these documents, we want to know that.
- Nos. 34-39: Counsel argued that certain requests related to the Horseblock Road property seemed to be outside of the scope of reasonable discovery. Specifically, he took issue with those related to any communications with the City of Brookhaven (RFP No. 38 (and RFP No. 28, which refers to communications with the City of Brookhaven concerning the Middle Island Road property)). It is not clear whether Defendant will produce responsive documents in response to RFP Nos. 38 and 39.
- Nos. 41, 45: Defendant will produce responsive documents.



- No. 44: This RFP requests customer lists. It appeared it will be covered by a response to a corresponding interrogatory.
- No. 49: Counsel for SiteOne said this RFP may be narrowed for other defendants, but we will not narrow it for Narrow Way Realty. Counsel believes there will not be any responsive documents.
- No. 53: Counsel stated that he does not know who Rose Casper is and that he will have to get back to us on this RFP for this reason.
- No. 54: Counsel for SiteOne agreed to narrow this RFP so that it requests "All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present relating to Garden Dept. or SiteOne."

**July 12:**

Defendants stated their intent to provide supplemental responses to most of the Requests for Production but gave no indication as to when these would be provided.

Counsel for SiteOne again agreed to hold in abeyance many of the requests SiteOne believes may be addressed through interrogatory responses. Once we receive the supplemental interrogatory responses, we can make a more informed decision regarding some of Defendants' RFP responses. Counsel for SiteOne encouraged the use of rolling productions.

*Don Caroleo*
- Nos. 3; 17-22; 37-38; 42-49; 51; 54-56: Michael Mule agreed to provide supplemental responses to address what Defendant is objecting to, producing, or clarify a specific subset of documents he is planning to produce.
- Nos.  4-9; 11-16; 23-28; 39-41; 50:
  - Nos. 4-6: Counsel for SiteOne clarified we are primarily looking for documents in Don's possession that are not in the possession of the corporate entity. Counsel for SiteOne is seeking information about entities Don holds a material ownership in. Counsel for SiteOne agreed to narrow the request to any responsive documents not otherwise being produced by another Defendant in the case. Michael Mule said he will get back to us.
  - Nos. 7-8: Counsel for SiteOne agreed to limit these to any payments not contained within the records from Webster Bank. Defendant's supplemental responses may indicate how they are limiting their production and we will determine whether such limitation is appropriate. Michael Mule agreed to respond.
  - No. 9: Michael Mule stated "I think we have our objection" and he "does not think we are entitled to Don's personal tax returns." It is not clear whether Defendant will provide a supplemental response to SiteOne's request for reported income. Counsel for SiteOne explained our purpose for this request was to identify sources of payments and we are open to redactions or withholdings to the extent privacy is implicated.
  - Nos. 11-16; 23-28: Michael Mule agreed to circle back on these. Counsel for SiteOne clarified we are not going to narrow these requests especially with respect to Don. The scope of these RFPs is January 2019-present.



- o   Nos. 29-36: Counsel for SiteOne agreed to hold in abeyance until Counsel for SiteOne receive supplemental interrogatory responses. If Don provides a list of businesses in the interrogatories, we may not need to come back to this.
- o   Nos. 39-41: Counsel for SiteOne expressed that it is difficult to limit these requests to specific topics due to blended/interwoven nature of the relationships at issue. Defendant's supplemental responses may indicate how they are limiting their production and we will determine whether such limitation is appropriate. Counsel for SiteOne agreed to carve out anything of a medical nature but would not limit to business or financial in nature.
  - ▪   No. 39 (Vic communications): Counsel for SiteOne indicated if Defendant proposes reasonable alternative, we will consider.
  - ▪   No. 40 (Nick communications): Counsel for SiteOne indicated we will not limit these beyond attorneys' eyes only at this point. If the objection is due to request being unduly burdensome, we would need some explanation as to why it is unduly burdensome. Counsel indicated he would discuss with his client what he is willing to produce.
  - ▪   No. 41 (Rose Casper communications): Counsel for SiteOne indicated we are unable to limit at this time, but may be able to resolve this if Defendant produces or proposes a subset of the requested documents or provides additional detail about the relationship in an interrogatory.
- o   No. 50: Counsel for SiteOne agreed to hold in abeyance for now.

*3670 Route 112 LLC; 9 4th St. LLC; The Garden Dept. Corp.*
*(requests and responses were the same, no differentiation between entities)*
- •   Nos. 1-4; 6-7; 21; 48-54; 56-58: Counsel for SiteOne asked for supplemental responses that give more detail about what these entities are agreeing to produce. Defendants indicated they will either supplement or not and will get back to us.
- •   No. 5: Counsel for SiteOne explained the relevance to what actions are being discussed or taken. It is not clear whether Defendants will supplement.
- •   Nos. 8-20:
  - o   Nos. 8-18: Counsel for SiteOne explained the relevance of the payments. It is not clear whether Defendants will supplement.
  - o   Nos. 19-20: Counsel for SiteOne agreed to hold in abeyance for now.
- •   Nos. 22-39:
  - o   No. 22: Counsel for SiteOne indicated we are open to receiving redacted copies of tax returns. Counsel for SiteOne encouraged Defendants to supplement, and we will respond accordingly.
  - o   Nos. 23-39: Counsel for SiteOne explained the relevance of the communications and documents related to the competing properties and clarified the scope is from January 2019-present. It is not clear whether Defendants will supplement.
- •   Nos. 40-47: Counsel for SiteOne are trying to understand what these businesses do and asked for supplemental responses to indicate what Defendants are willing to produce. It is not clear whether Defendants will supplement.
  - o   Nos. 40-43: Counsel for SiteOne indicated interrogatories will likely inform these requests and agreed to hold these in abeyance for now.
  - o   No. 41: Counsel for SiteOne agreed that Defendants answered this and can take it off the table.



- o No. 42: Counsel for SiteOne indicated we would like this response to be supplemented. There is an interrogatory that asks for identity of employees, but we would still like clarity. It is not clear whether Defendants will supplement.
- o No. 44: Counsel for SiteOne indicated we would like this response to be supplemented. It is not clear whether Defendants will supplement.

*Narrow Way 2*
- Nos. 1-2: Counsel for SiteOne agreed to hold in abeyance pending interrogatory responses.
- Nos. 3-4: Counsel for SiteOne agreed if these are identified in interrogatories, we do not also need documents.
- No. 5: Counsel for SiteOne explained the relevance to what actions are being discussed or taken. It is not clear whether Defendants will supplement.
- Nos. 6, 7, 8, 9, 10: Counsel for SiteOne indicated we are unable to limit these requests. It is not clear whether Defendants will supplement.
- No. 11: Counsel for SiteOne agreed to limit temporally to Oct 1, 2022-present instead of Jan 1, 2020-present.
- No. 16: Counsel for SiteOne agreed to hold in abeyance pending interrogatory responses. Counsel for SiteOne agreed to limit temporally to Oct 1, 2022-present instead of Jan 1, 2020-present.
- Nos. 17-18: Counsel for SiteOne explained we are looking generally for flow of money. It is not clear whether Defendants will supplement.
- Nos. 19-20: Counsel for SiteOne agreed to hold in abeyance pending interrogatory responses.
- No. 21: Counsel for SiteOne indicated there is an interrogatory asking for the relevant bank. If identified in interrogatory responses, we will do a targeted subpoena of that bank instead of this request.
- No. 22: Counsel for SiteOne indicated we are open to redacted copies of tax returns. Counsel for SiteOne encouraged Defendants to supplement, and we will respond accordingly.
- Nos. 23-39: Counsel for SiteOne indicated we are unable to withdraw or limit these requests. Defendant's supplemental responses may indicate how they are limiting their production and we will determine whether such limitation is appropriate.
- Nos. 40-47: Counsel for SiteOne explained the relevance of these requests for customer, vendor, and employee information. It is not clear whether Defendants will supplement.

**July 18:**

The parties picked up at Narrow Way 2 LLC Request No. 49.

*Narrow Way 2 LLC*
- No. 49: Counsel for Defendant indicated that he does not think Narrow Way 2 will have correspondence with or referring to SiteOne employees.
- No. 53: The parties previously discussed this RFP as it relates to Narrow Way Realty. Counsel indicated that he does not know who Rose Casper is. We stated that we are



looking for communications with Rose Casper related to the finances of Narrow Way 2 or other Defendants.
- No. 54: Counsel for SiteOne agreed to narrow this request to "all emails, text messages, and other written communications between you and any information technology vendors related to SiteOne or the competing business from October 19, 2022 through the present."

After reviewing Narrow Way 2's responses and objections, counsel for Neway and Group 5 (Mr. Impellizeri) stated we did not need to review Neway Management or Group 5 Associates' responses and objections, as they are the same as Narrow Way 2 and would be treated the same. The parties therefore moved on to Scapes Supply.

*Scapes Supply, LLC*
- Nos. 1-3: If Defendant provides interrogatory responses that fully answer the interrogatories that correspond to these RFPs, SiteOne not need the documents.
- No. 6: Counsel for SiteOne indicated that we are looking for incorporating documents, bylaws, etc.
- No. 7: Counsel for SiteOne stated that this RFP is critical. Defendant's counsel argued that they cannot run a search that would reasonably pull up responsive documents. We agreed to narrow the temporal scope to October 22, 2022 through May 31, 2023.
- Nos. 8-11: Counsel for SiteOne explained that the ball is in their court, we are not asking for every single document, we are simply asking for "documents sufficient to show" the requested information.
- No. 16: Defendant seems amenable to producing responsive documents.
- Nos. 17, 18: Counsel for SiteOne agreed to narrow these requests to "documents sufficient to show" instead of "all documents reflecting."
- Nos. 19, 20: Counsel for SiteOne agreed to hold these in abeyance.
- No. 21: If Defendant identifies its bank(s) in response to the corresponding interrogatory, Defendant will not need to produce documents responsive to this request and we will instead issue a third-party subpoena.
- No. 22: Counsel for SiteOne agreed to follow up on this.
  - The request as currently drafted is for "All of your tax returns from January 1, 2020 through the present."
- Nos. 23-39: Counsel for Defendant does not think Scapes will have any communications with the City of Brookhaven. He further stated that he believes everything related to these properties will be the same for each corporate defendant.
- No 42: Counsel for SiteOne agreed to limit this RFP to former SiteOne employees – "Documents sufficient to show all employees employed by you from October 19, 2022 through the present who were formerly employed by SiteOne."
- No. 43: Counsel for SiteOne agreed to limit this RFP to independent contractors who were previously employees or independent contractors of SiteOne.
- No. 44: As before, Counsel for SiteOne stated SiteOne cannot agree that we will not challenge the confidentiality designations of customer lists. Counsel did not indicate whether Defendant will provide the requested documents.
- No. 46: Counsel for SiteOne agreed to limit this RFP to documents sufficient to show the hiring, resignation and/or termination dates for all Scapes employees that were formerly employed by SiteOne.



- No. 47: Counsel for SiteOne agreed to limit this RFP to documents sufficient to show the hiring, resignation and/or termination dates for all Scapes independent contractors who were formerly independent contractors for or employees of SiteOne.
- No. 49: Counsel for SiteOne agreed to limit this RFP to discussions about leaving SiteOne to work for Scapes, discussions related to SiteOne and its business, and discussions about SiteOne's customers/clients.
- No. 53: Counsel for SiteOne previously discussed this RFP as it relates to Narrow Way Realty. Counsel indicated that he does not know who Rose Casper is. Counsel for SiteOne stated that we are looking for communications with Rose Casper related to the finances of Narrow Way 2 or other Defendants.
- No. 54: Counsel for SiteOne agreed to narrow this request to "all emails, text messages, and other written communications between you and any information technology vendors related to SiteOne or the competing business from October 19, 2022 through the present."

**July 19:**

*Vic Caroleo*
- No. 1: If Defendant produces sufficient information in response to the corresponding interrogatory, Defendant does not need to provide documents responsive to this request.
- No. 2: Counsel for SiteOne indicated that we do not need duplicate productions. If all responsive documents in Vic's possession will be produced by another Defendant, Vic need not produce them.
- No. 3: Counsel for SiteOne will not temporally limit this request.
- Nos. 4-6: Defendant can produce documents related only to the Defendant entities. If we later find evidence that other entities are involved, we will revisit this. As with RFP No. 2, if all responsive documents in Vic's possession will be produced by another Defendant, Vic need not produce them.
- No. 9: Counsel for SiteOne will clarify what we are looking for. The RFP as currently drafted seeks "All personal tax returns from January 1, 2020 through the present."
- No. 10: Counsel for SiteOne indicated that we are seeking paystubs from any named Defendant in this action.
- Nos. 11-28: Counsel for Defendant indicated it will be difficult to find all responsive documents. Commitment to produce unclear.
- Nos. 31-32: Counsel for SiteOne agreed to limit this to documents sufficient to show all employees/independent contractors employed/engaged by Defendant who were involved with the preparation or operation of a competing business from October 19, 2022 through the present.
- No. 33: Counsel for SiteOne indicated we would follow up. It appears that with respect to the same RFP to Don, we agreed to hold this in abeyance.
- No. 35: Counsel for SiteOne agreed to limit this RFP to documents sufficient to show the hiring, resignation and/or termination dates for all Scapes employees that were formerly employed by SiteOne.
- No. 36: Counsel for SiteOne agreed to limit this RFP to documents sufficient to show the hiring, resignation and/or termination dates for all Scapes employees that were formerly employed by SiteOne.
- No. 38: Counsel for Defendant stated we will have to come back to this one.



- No. 39: Counsel for SiteOne indicated that we are seeking business and financial communications.
- No. 41: Counsel for SiteOne indicated that we are seeking business and financial communications. Counsel stated that he will have to get back to us, as he does not know who Rose Casper is.
- No. 42: Counsel for SiteOne stated that Defendant can limit this how he sees fit and we will decide whether it will be subject to motion practice.
- Nos. 43-45: Counsel for SiteOne explained that we want to know if Vic kept communications between SiteOne employees and customers/vendors and communications containing SiteOne contracts, bids, etc.
- No. 47: Counsel for SiteOne agreed to limit this to vendors that provided services in connection with competing businesses.
- No. 48: Counsel for SiteOne stated we would get back to them on this regarding who LC Consulting Services is.
- No. 49: Counsel for SiteOne stated we want communications with ProSysCon, as they provided IT services to the Coram location in 2022.
- Nos. 50-51: Counsel for SiteOne agreed to limit this to documents related to competing businesses and the corporate Defendants in this case.
- No. 52: Counsel for SiteOne agreed to limit this to documents and communications related claims similar to those at issue in this case.

*Nicholas Giordano*
- Nos. 1-2: If Defendant produces sufficient information in response to the corresponding interrogatory, Defendant does not need to provide documents responsive to this request.
- Nos. 3-6; 9; 11-28; 31-33; 35-36; 38-52: Same as Vic.
  - No. 38: Counsel for SiteOne indicated that we are looking for communications on personal devices/personal accounts.
- No. 10: Counsel for SiteOne stated that we are looking for paystubs that are not from SiteOne.