# EXHIBIT 5

# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Michael C. Mulè – Partner**
**Direct E-Mail Address:** michaelmule@mllaborlaw.com
**Direct Dial: (516) 303-1442**

**Via Electronic Mail: evan.gibbs@troutman.com**                August 1, 2024

J. Evan Gibbs, Esq.
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

> **Re:**   **SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.**
> **Eastern District of New York, 2:23-cv-02084**

Dear Mr. Gibbs:

As you know, we represent Defendants Dominick Caroleo ("Don"), 3670 Route 112, LLC ("3672 Route 112"), 9 4th St. LLC ("9 4th St."), and the Garden Department Corp.'s ("Garden Department" and collectively the "Don Defendants"). We write in partial response to your July 25, 2024 letter on behalf of plaintiff, SiteOne Landscape Supply, LLC ("SiteOne") as it makes: (i) exaggerated, and outright false, claims of SiteOne's supposed diligence; (ii) unwarranted, hypocritical criticisms of Defendants' efforts to resolve discovery disputes with SiteOne; and (iii) unreasonable, unilateral demands on defendants to produce by "July 31, 2024" with threats to make a motion unless we comply with your demands.[1]

SiteOne's claim that it "has been committed to expeditiously completing its discovery production" is belied by the facts. For example, SiteOne "sat on" the Don Defendants June 28, 2024 letter detailing SiteOne's discovery deficiencies for almost an entire month – only responding last week, in its July 25, 2024 letter. SiteOne has not yet provided any supplemental responses – only its July 25, 2024 letter and unilateral search parameters for its previously inadequate searches. Those searches, purportedly respond to 41 of 117 document demands. It is particularly glaringly, SiteOne's search parameters show that no responsive documents have been supplied by SiteOne for 76 out of 117 of the Don Defendants' document demands.

Most significantly, SiteOne, so far, has failed to provide any meaningful discovery computing damages as required by Rule 26 initial disclosures, as further requested in interrogatories and our June 28 letter. Nor has SiteOne provided a single document, so far as we can tell, concerning SiteOne's claims as to Computer Fraud Abuse Act, trade secrets, confidential, and/or proprietary information that SiteOne claims were misappropriated, even though it is axiomatic that SiteOne is required to produce documents sufficient to put the Don Defendants on notice as to what "secrets" are purportedly at issue, imminently, <u>before significant discovery takes place</u>. Those claims are the sole basis for supposed federal jurisdiction in this case. Yet, conspicuously absent from SiteOne's

_____

[1] SiteOne's letter misstates the facts in material respects that we will not address at present. We reserve our right to further respond.

August 1, 2024
Page 2

July 25, 2024 letter is any response, at all, to the case law that we cite.  SiteOne has simply ignored that.

Moreover, as we pointed out, SiteOne's production of a large *quantity* of documents, in an apparent effort to "bury" us with irrelevant documents, is not a production of *meaningful* discovery.[2] In addition, as the July 25, 2024 letter also concedes, excluding the production of the email account of Don and of co-defendant Nick Giordano ("Nick"), SiteOne has only produced 98 documents; meanwhile, SiteOne complains that the Don Defendants, whose document universe is infinitesimally minute when compared with SiteOne, have already produced 84 documents. For your records, as requested, attached please find the Don Defendants' search parameters for its prior production.

Thus, SiteOne has been far from diligent, and its criticism of the Don Defendants is akin to proverbial "pot calling the kettle black."

Further, as you know, defendants patiently had six meet & confer sessions with SiteOne's attorneys on June 24, 2024; June 28, 2024; July 11, 2024; July 12, 2024; July 18, 2024; and July 19, 2024. Contrary to SiteOne's suggestion, the Don Defendants did not make a date certain commitment for supplementation at any time during the meet & confers. In addition, after having waited for over two weeks, without receiving a response to our June 28 letter from SiteOne, we explicitly advised SiteOne on July 15, 2024, that we were "fine" with the "process" of going over SiteOne's claims of the Defendants' alleged deficiencies, first, but we suggested that SiteOne provide a written response to, hopefully, truncate the meet & confers.  We also explicitly stated that "it is our position that we should schedule a <u>simultaneous</u> exchange of supplemental responses once meet & confers on all discovery responses have been completed." No simultaneous exchange date has been agreed to. In contrast to the numerous meet & confers, taking 10 plus hours of our time over six days, SiteOne had two meet & confers with us on July 25 and July 26, 2024.

We propose a mutual exchange of supplemental discovery responses and production by August 12, 2024. Further, while we have not yet fully vetted all of the issues raised by the six days of meet & confers that we held with SiteOne (again we dispute some of SiteOne's recitation as to what occurred), we anticipate a substantial supplementation, which, realistically, we can do by August 12, 2024 (*see* fn. 2). We can provide some responses sooner, but we suggest that having the supplementation done together probably makes more sense. Also, we await SiteOne's supplemental production.

We believe that, if we agree to a mutual exchange date, thereafter, the remaining discovery disputes will be ripe for the Court. We are happy to discuss.

Very truly yours,

*Michael C. Mulè*

Michael C. Mulè, Esq.

Encl.

---

[2] In fact, as SiteOne concedes, its production included nearly 500,000 pages of Don's emails while he was employed by SiteOne (and those contained a wholly improper blanket designation of "Attorney's Eyes Only"); that was not a meaningful engagement of discovery. While Troutman Pepper and Farrell Fritz, collectively, have approximately 1,300 attorneys, our firm has 14 attorneys, approximately 1/1000th.  In addition, SiteOne's improper discovery dump has caused the Don Defendants to waste valuable time looking at irrelevant documents produced.