Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

troutman.com



**Daniel E. Gorman**
daniel.gorman@troutman.com

Magistrate Judge Steven Locke                                                    August 19, 2024
Eastern District Court New York

**Re:**   ***SiteOne Landscape Supply, LLC v. Nicholas Giordano et al. (2:23-cv-02084)***
          **SiteOne's Motion to Quash Bank Subpoenas**

Dear Judge Locke:

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne') respectfully submits this letter motion for an order pursuant to FRCP 45(d)(3) quashing, in their entirety, two subpoenas issued by Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4th St., LLC (collectively, the "Don Defendants") which seek the production of bank records from Wells Fargo Bank, N.A. ("Wells Fargo") and JP Morgan, Chase Bank, N.A. ("JP Morgan," together with Wells Fargo, the "Banks"), dated July 31, 2024 (the "Subpoenas").

The only category of documents sought that Defendants now refuse to withdraw are purportedly intended to probe whether certain affiants on SiteOne's injunction motion were "paid off", *i.e.*, received payments above their normal compensation, in exchange for that testimony. No such thing happened, and SiteOne repeatedly offered to provide, and has provided, information showing just that: these employees' payroll records. Not satisfied with the word of counsel and with payroll records from a publicly traded company, Defendants maintain that they still want to probe whether secret slush fund payments were effectively slipped under the door, and so demand bank records. This is overbroad under the facts of this case and under New York law.

## I.   Factual Background

SiteOne sued Don, his father (Vic Caroleo), their co-conspirator Nick Giordano, and multiple corporate entities owned and controlled by the Caroleos in March 2023. This case is about these three individuals unlawfully operating a competing business in violation of multiple noncompete restrictions and their intentional efforts to sabotage SiteOne's business—a business SiteOne purchased for more than $30 million in 2020. SiteOne brings 13 separate claims against the Defendants, including breach of contract, tortious interference, unfair competition, conversion, trade secret theft, fraud, and civil conspiracy, among others.

On July 31, 2024, Don Defendants provided SiteOne with notice of their intent to issue the Subpoenas for records from SiteOne's primary bank accounts, which are ***not*** specific to Garden Department. *See* Exhibits A, B. SiteOne immediately emailed the Don Defendants requesting a meet and confer prior to service, as the Don Defendants provided no explanation as to the relevance of the records sought. The Don Defendants ignored SiteOne's request and issued the Subpoenas later that day. On August 7, 2024, and again on August 12, 2024, the parties met and conferred regarding the Subpoenas, which are identical and seek the production of two categories of records.



Category 1: "All documents related to any account holder that has been maintained by [SiteOne] reflecting transactions involving [(i) Anthony Catalano; (ii) Gerard Passaro; (iii) Alex Trauma; (iv) Brian Kernowski; (v) Philip Sausto; (vi) Laura Shartle; (vii) Trisha Earls; (viii) The Hawkins Firm, LLC] including copies of all transaction statements, deposit and/or withdrawal transactions and slips, canceled checks, electronic fund transfers, wire transfers, and account ledgers."

Category 2: "All documents related to [accounts that have been maintained by SiteOne that lists (i) 3672 New York State Route 112, Medford, New York 11763; (ii) 650 Deer Park Avenue, Dix Hills, New York 11746; or (iii) 166 Old Country Road, Remsenburg-Speonk, New York 11972 as its business, main, or principal address], including copies of all transaction statements, deposit and/or withdrawal transactions and slips, canceled checks, electronic fund transfers, wire transfers, and account ledgers."

Although the Don Defendants agreed to withdraw the request for documents under Category 2 without prejudice, the parties are at an impasse with respect to Category 1.

## II.   Argument

### A.   Category 1: The Records Sought Are Irrelevant

The Don Defendants seek SiteOne's payroll records for five current SiteOne employees: Anthony Catalano, Gerard Passaro, Alex Trauma, Brian Kernowski and Philip Sausto (together, the "Employees"); each Employee provided a Declaration in connection with SiteOne's complaint and motion for injunctive relief in this Action. When pressed by SiteOne during the meet and confers, Don Defendants stated the records they were seeking from the Banks are those evidencing the Employees' payroll, bonuses, raises, and any other payments not made in the ordinary course for Employees. The stated relevance was to "confirm" whether the Employees were paid-off by SiteOne to provide sworn testimony in this Action. There is no evidence or reason to believe these individuals were paid for their testimony. The Don Defendants' only reason for seeking the records—as expressly stated by their counsel—is to search for potential impeachment material. SiteOne categorically denies these individuals received any payments of any kind in exchange for testimony or cooperation. It did not happen. And, because SiteOne has nothing to hide, the undersigned explained this to Don Defendants' counsel and offered to provide unequivocal, written confirmation, along with copies of records containing all payments of any kind to the Employees during the relevant time period to satisfy the Don Defendants' foundationless assertion.

SiteOne did this even though the records sought are entirely irrelevant, in the interest of judicial economy and to eviscerate the Don Defendants' baseless suspicions. SiteOne agreed to produce with "Attorneys' Eyes Only" designation, *within one week*, all relevant records for the Employees, including, but not limited to, records reflecting Employees' payroll, bonuses, and raises. SiteOne further conveyed to Don Defendants during a meet and confer on August 12, 2024 that no 1099 or other payments, which would not be recorded within the employee payroll records system, were issued to the Employees. Despite this representation (and agreement to reduce same



to writing), and SiteOne's agreement to provide the ***exact*** information sought by the Subpoenas – which are irrelevant – the Don Defendants refused to withdraw the Subpoenas with respect to this category of documents stating they are not "convinced" there were no other payments.

New York law is clear: where an alternative less intrusive means is available to produce documents, subpoenaing a third party is inappropriate. *See Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, 2013 WL 5652759, at \*4 (W.D.N.Y. Oct. 15, 2013) (granting motion to quash nonparty subpoena where the only relevant documents requested "could easily have been requested [of plaintiff] during the normal course of discovery"); *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 1555685, at \*4 (S.D.N.Y. Apr. 10, 2024) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34" (citation omitted)). SiteOne further objects to the production of records from the payroll account at JP Morgan because the subpoena would produce records reflecting the payroll of all SiteOne employees nationwide. In contrast, the ADP records, would reflect the ***exact*** information sought by the Don Defendants, for each Employee. Overbroad subpoenas for financial records are routinely quashed in similar circumstances. *Solow v. Conseco, Inc.*, 2008 WL 190340, at \*5 (S.D.N.Y. Jan. 18, 2008); *Arias-Zeballos v. Tan*, 2007 WL 210112, at \*2 (S.D.N.Y. Jan. 25, 2007).

As SiteOne has already confirmed there are no additional payments, and SiteOne can produce this information through another ***more reliable and easily accessible source***, this category of documents should be quashed in its entirely.[1]

### B.  Category 2: The Don Defendants Agreed to Withdraw

In Category 2, the Don Defendants seek records concerning all transactions related to Garden Department sales. During the parties' meet and confers, SiteOne explained that the relevant sales information is contained in SiteOne's point of sale and financial record systems, which information SiteOne has agreed to produce. Specifically, SiteOne agreed to and will produce records that show Garden Department customers, sales, profits, and losses under the "Attorneys' Eyes Only" designation. The Don Defendants have agreed to withdraw this portion of the Subpoenas, without prejudice, pending receipt of the information to be produced by SiteOne.[2]

---

[1] The Don Defendants also request the same records regarding Laura Shartle, Trisha Earls, and the Hawkins Firm, LLC. Like the requests for the Employees' records, the documents sought are overbroad and irrelevant. Laura Shartle is a SiteOne employee that does not work at a Garden Department location and has no connection to the claim in this Action. Similarly, Trisha Earls is a partner at the Hawkins Firm, neither of which are related to the claims in this Action. SiteOne objects to the request for records related to these individuals and the law firm in its entirety. Assuming this Court grants SiteOne's request to seal filed concurrently with this letter motion, SiteOne intends to file a separate motion concerning these individuals and the entity – which will address in greater detail why the Don Defendants' request for this information is overbroad, irrelevant, and frankly, appalling.

[2] SiteOne is unaware of any correspondence from the Don Defendants to the Banks informing them of the Don Defendants' withdrawal of this portion of the Subpoenas, and therefore respectfully requests that any Court order issued indicate that the Don Defendants withdrew documents sought under Category 2.



For these reasons, SiteOne respectfully requests an Order quashing the Subpoenas in their entirety.

Respectfully submitted,

*/s/ Daniel E. Gorman*

Daniel E. Gorman