

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**VIA ECF**  August 23, 2024
Magistrate Judge Steven I. Locke
Eastern District of New York

      Re:    **SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**
               **Civil Action No. 2:23-cv-02084-GRB-ST**
               **Opposition Motion to Compel (ECF No. 141)**

Dear Judge Locke:

      This firm, Rivkin Radler LLP, represents the Vic Defendants[1] in the above-referenced action, and respectfully submit this letter in opposition to Plaintiff's motion to compel (**ECF No. 141**), which requests an Order: (i) requiring the Vic Defendants to serve supplemental discovery responses by August 23, 2024 ("Supplemental Responses"); (ii) requiring the Vic Defendants to produce documents on a rolling basis with their production to be substantially completed by no later than September 13, 2024; and (iii) attorneys' fees and costs incurred in connection with Plaintiff's motion.

      Plaintiff's motion was moot before it was filed, and Plaintiff's obstinate refusal to withdraw it underscores Plaintiff's unwillingness to engage in good faith discussions with counsel on even the most trivial discovery issues. Initially, the Vic Defendants served the Supplemental Responses on August 23, 2024[2] – which is the exact timeframe that we advised Plaintiff's counsel that the Supplemental Responses would be served, prior to Plaintiff even filing the instant motion.

      As conceded by Plaintiff, on Friday, August 16, 2024, I emailed Plaintiff's counsel advising that the Vic Defendants would be serving Supplemental Responses the following week, as the Vic Defendants' counsel was inundated with an unexpected emergency injunction.[3] Plaintiff's counsel did not object or otherwise respond to this email or the additional time. Instead, on Monday, August 19, 2024, Plaintiff filed the instant motion seeking an Order compelling Supplemental Responses to be served by August 23rd – the same timeframe set forth in the undersigned's August 16th email.

      In accordance with Rule 4(A)(i) of your Honor's individual rules, and Local Civil Rule 37.3, Plaintiff was required to confer in good faith with the Vic Defendants in person or by

---

[1] The "Vic Defendants" shall refer collectively to Victor Caroleo, ("Victor"), Narrow Way Realty, Ltd., ("Narrow Way"), Nicholas Giordano, ("Nicholas"), Narrow Way 2, LLC., ("NW2"), Group 5 Associates, Ltd., ("Group 5"), Scapes Supply, LLC, ("Scapes"), and Neway Management, LLC, ("Neway").
[2] A copy of the email serving the Supplemental Responses (and attachments) is attached hereto as **Exhibit A**.
[3] A copy of Defendants' August 16, 2024 correspondence is attached as **Exhibit B**; see also **ECF No. 141-7**.

66 South Pearl Street, 11th Floor    25 Main Street    477 Madison Avenue    2649 South Road
Albany, NY 12207-1533    Court Plaza North, Suite 501    New York, NY 10022-5843    Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199    Hackensack, NJ 07601-7082    T 212.455.9555 F 212.687.9044    T 845.473.8100 F 845.473.8777
                                                   T 201.287.2460 F 201.489.0495

RIVKIN RADLER LLP

Page 2

telephone **prior to filing a motion**. Plaintiff did not confer in good faith with the Vic Defendants prior to filing its motion, much less confer with the Vic Defendants in person or by telephone.

Instead, after receiving our email on Friday, August 16th, which stated that Supplemental Responses would be served the following week, on Monday morning, August 19th, Plaintiff filed the instant motion. After receiving the motion, I emailed Plaintiff's counsel requesting the withdrawal of the motion and advising that the Vic Defendants would provide Supplemental Responses by August 23rd – which we had already agreed to three days earlier in our August 16th email.[4] I further advised Plaintiff's counsel that Plaintiff's motion is both procedurally and substantively defective. Procedurally, because Plaintiff failed to contact the Vic Defendants, or meet with them, prior to filing (certainly not by phone or in-person). Substantively, because the Vic Defendants never intimated that they would not be providing Supplemental Responses and, to the contrary, provided Plaintiff with an update that the Supplemental Responses would be forthcoming.

On August 20, 2024, Plaintiff's counsel responded by claiming, among other things, that Plaintiff met its pre-motion conferral requirements, and that the Vic Defendants' August 19th email did not address the substantial completion of document production. I tried calling Plaintiff's counsel after his email in an effort to streamline a resolution of this motion, but Plaintiff's counsel would not take my call, or call me back. I responded to Plaintiff's counsel clarifying the Vic Defendants agree to serve Supplemental Responses by August 23rd, and substantially complete discovery by September 13th – and, requesting Plaintiff withdraw the instant motion.[5]

One would think that by specifically agreeing to provide Plaintiff with what they seek in the instant motion, and then again clarifying that agreement, would be enough. But, unfortunately, that was not the case. Instead, on August 21, 2024, Plaintiff's counsel advised that while they "appreciate [Vic Defendants] willingness to agree to our requested relief … we will not agree to withdraw our motion  because we do not think the Vic Defendants will cooperate in discovery absent an order from the Court."[6] Further, that Plaintiff would not withdraw its motion unless the Vic Defendants agreed to enter into a consent order requiring the Vic Defendants' to pay Plaintiff's attorneys' fees associated with the motion – which, Plaintiff had no legitimate basis to make in the first place. Plaintiff's counsel also took issue with the Vic Defendants' search terms – claiming that they were "woefully inadequate," and that Plaintiff will be sending modified and additional search terms.

In response, the Vic Defendants pointed out that they have been more than cooperative in discovery, having spent hours on meet and confers with Plaintiff's counsel in an effort to redress grossly overbroad and, frankly, palpably improper discovery requests.[7] Further, that Plaintiff, not the Vic Defendants, has fallen woefully short of its discovery obligations – for reasons more particularly outlined in the Vic Defendants' August 21st correspondence – and invited Plaintiff to

---

[4] Attached as **Exhibit C** is a copy of Vic Defendants' August 19th email.
[5] Attached as **Exhibit D** is a copy of the August 20th email change between counsel.
[6] Attached as **Exhibit E** is a copy of Plaintiff's counsel's August 21st email.
[7] Attached as **Exhibit F** is a copy of the Vic Defendants' counsel's August 21st email to Plaintiff's counsel.

**RIVKIN RADLER** LLP

Page 3

explain the basis for why it believes the Vic Defendants' search terms are inadequate, so that there can be a meaningful dialogue to address Plaintiff's concerns. (Ex. F).

Rather than engage in good faith discussions on these issues, on August 22nd, Plaintiff's counsel responded to the undersigned's August 21st email claiming that the Vic Defendants' assertions as to Plaintiff's discovery deficiencies are "false" and "misleading" – while also threatening to move to strike this response if it included these emails, and seek sanctions. In response, the Vic Defendants explained to Plaintiff's counsel how none of the statements were false or misleading – but rather objectively variable facts.[8]

On August 23, 2024, the parties participated in a meet and confer on several issues, including the instant motion. Incredibly, during the meet and confer, Plaintiff's counsel advised that, despite receiving the Supplemental Responses, it would not yet commit to withdrawing that portion of the instant motion.[9] Instead, Plaintiff's counsel stated that it intended to file a "notice" with the Court about its receipt of the Supplemental Responses. The undersigned explained that it objected to Plaintiff's filing of any supplemental or reply papers on this motion. The undersigned further explained to Plaintiff's counsel (during the meet and confer and via email),[10] that the other portion of Plaintiff's motion seeking a firm date to substantially complete document production should also be withdrawn. Although the Vic Defendants will still agree to September 13, 2024 as the date to substantially complete document production using the current search terms, if Plaintiff is going to propose modified or additional search terms (as Plaintiff intimated it would on August 21st – but has not yet sent), then there would need to be a reasonable extension of the September 13th deadline requested in Plaintiff's instant motion. Essentially, since Plaintiff has not yet provided any modified or additional search terms it claims it will be seeking, and those terms may result in thousands of additional documents to be reviewed, the Vic Defendants are unable to agree to a firm date of September 13, 2024 for the substantial completion of document production. During the meet and confer, Plaintiff's counsel stated that it "may be infeasible" for the Vic Defendants to review and produce the additional documents that may hit with the currently unknown modified/additional search terms by September 13th, but that Plaintiff would not withdraw this portion of their motion either.

Accordingly, Plaintiff's motion should be denied, in its entirety, as moot and, given the contemptuous conduct of Plaintiff in first, filing this motion (which was moot at the outset), and then, baselessly refusing to withdraw it – as detailed further in attached correspondence. We thank the Court for its attention to this matter.

Respectfully submitted,
/s/
Michael N. Impellizeri, Esq.

---

[8] Attached as **Exhibit G** is a copy of the August 22nd email exchange between counsel.
[9] On August 23, 2024, at 3:55 PM, just before the deadline to file this opposition, Plaintiff's counsel advised that Plaintiff agrees the Court need not order the Vic Defendants to provide Supplemental Responses, because they were already served, but that Plaintiff still did not view this issue as "moot."
[10] Attached as **Exhibit H** is a copy of the Vic Defendants' counsel's August 23rd email to Plaintiff's counsel.