# EXHIBIT A

| | |
|---|---|
| **From:** | Michael N. Impellizeri |
| **Sent:** | Friday, August 23, 2024 1:56 PM |
| **To:** | Gibbs, J. Evan |
| **Cc:** | Gorman, Daniel E.; kmulry@FarrellFritz.com; Kent, Paris L.; Krystal B. Armstrong; Ken Novikoff; Michael Mule; Nicole Koster; Adler, Matt |
| **Subject:** | 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al |
| **Attachments:** | #4873-4652-0539 - Scapes Supply - Amended Response to Document Demands 1 1.pdf; #4853-6576-0475 - Narrow Way Realty - Amended Responses and Objections to Document Demands 1 1.pdf; #4869-5848-1627 - Giordano - Amended Response to Document Demands 1 1.pdf; #4867-8939-8747 - Neway - Amended Responses and Objections to Document Demands 2 1.pdf; #4866-7071-3051 - Narrow Way 2 - Amended Responses and Objections to Document Demands 2 1.pdf; #4867-5335-3947 - Group 5 - Amended Responses and Objections to Document Demands 1 1.pdf; #4874-5655-5227 - Caroleo - Amended Response to Document Demands 1 1.pdf; #4887-9433-8523 - Vic Caroleo - Amended Response to Interrogatories 1 1.pdf; #4874-7044-5787 - Narrow Way Realty ltd - Amended Response to Interrogatories 1 1.pdf; #4858-9476-3739 - (Giordano) - Amended Response to Interrogatories 1 1.pdf; #4878-5887-7659 - Neway - Amended Response to Interrogatories 2 1.pdf; #4867-1940-3227 - (Scapes Supply) - Amended Response to Interrogatories 3 1.pdf; #4882-6559-4075 - (Group 5) - Amended Response to Interrogatories 2 1.pdf; #4868-5788-0795 - Narrow Way 2 - Amended Response to Interrogatories 2 1.pdf |

Counsel:

As advised on April 16th (and on other subsequent dates and times) – attached are the Vic Defendants' supplemental discovery responses. Thank you.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                                  Plaintiff,

       -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                                Defendants.

--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT <u>NARROW WAY REALTY, LTD.</u>**

Defendant, Narrow Way Realty, Ltd. ("Narrow Way" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first request for production of documents to Defendant Narrow Way Realty, Ltd., dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

<u>**GENERAL STATEMENTS**</u>

By making information and/or documents available to Plaintiff, Defendant does not waive any objections that it may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document

produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating

them for each response. General Objections may be specifically referred to in a response to certain Requests for purposes of clarity.  However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.      Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.  Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.      Defendant will not produce documents that are privileged or are otherwise immune from discovery.  Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.       Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.      Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.      Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.      Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.      Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

4

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## **DOCUMENT DEMANDS**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show all owners, shareholders, and members of Narrow Way Realty, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole owner of Narrow Way Realty, Ltd.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show all officers and directors of Narrow Way Realty, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole owner of Narrow Way Realty, Ltd.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all employees of Narrow Way Realty, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents in response to this Request and refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show the primary business and corporate purpose of Narrow Way Realty, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 5:**

All Narrow Way Realty, Ltd. board meeting minutes from January 1, 2019 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client

privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents in response to this request.


**DOCUMENT REQUEST NO. 6:**

All Narrow Way Realty, Ltd. corporate governance documents, including bylaws and incorporating documents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant corporate governance documents in its possession, custody, or control.


**DOCUMENT REQUEST NO. 7:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show all Narrow Way Realty, Ltd. revenue from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to the records produced, or to be produced, by American Community Bank.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show all Group 5 Associates, Ltd. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show all dividends and other payments by Narrow Way Realty, Ltd. to owners, shareholders, and/or members of Narrow Way Realty, Ltd. from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to the records produced, or to be produced, by American Community Bank.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show all of Narrow Way Realty, Ltd.'s payroll costs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to the records produced, or to be produced, by American Community Bank.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Vic Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce

relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Dominick Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to Nicholas Giordano.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 15:**

To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Narrow Way Realty, Ltd. to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.


**DOCUMENT REQUEST NO. 16:**

All Narrow Way Realty, Ltd. balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 17:**

All documents reflecting Narrow Way Realty, Ltd.'s accounts payable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 18:**

All documents reflecting Narrow Way Realty, Ltd.'s accounts receivable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 19:**

All of Narrow Way Realty, Ltd.'s audited and unaudited financial statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All accounting records received from any external auditors and/or accountants pertaining to Narrow Way Realty, Ltd. from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant refers Plaintiff to the documents produced, or to be produced, from American Community Bank.

**DOCUMENT REQUEST NO. 22:**

All of your tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

16

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 28:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

17

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 29:**

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 38:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 39:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

23

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 44:**

All of your customer lists.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 45:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 46:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 47:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 48:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 49:**

All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Vic Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 51:**

27

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 52:**

All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Nicholas Giordano related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 53:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

28

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 57:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege

and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 58:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 59:**

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
         August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC*

By:   *Michael Impellizeri*
       Michael Impellizeri (MI 5627)
       926 RXR Plaza
       Uniondale, New York 11556-0921

4882-3084-4358, v. 1

32

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                         Plaintiff,

    -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                         Defendants.

--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NICHOLAS GIORDANO**

Defendant, Nicholas Giordano ("Giordano" or "Defendant"), by and through his attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Nichoals Giordano, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## GENERAL STATEMENTS

By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that he may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiffs' use of any information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or his attorneys immediately upon Defendant's or his attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that he will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      Identify all banks and other financial institutions with which you have had an account of any kind since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:** For each bank or other financial institution identified in response to Interrogatory No. 1, identify the account type and number.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:** Identify every entity of which you are or were a shareholder, member, or owner from January 1, 2019 through the present, including all titles and offices that were or are held and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant is a former owner of Defendant Scapes Supply, and

other than former ownership of Defendant Scapes Supply, has not been an owner of any of the other named Defendants in this action.

**INTERROGATORY NO. 5:**        Identify the addresses for all properties at which you have resided, owned, operated or rented property from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**        Identify every mobile phone number associated with you personally or associated with any entity you own, control, or operate from January 1, 2020 through the present and, for each number, identify the dates you had each number and the carrier or service provider.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant's phone number is 631-987-1525.

**INTERROGATORY NO. 7:**        Identify all sources of income greater than $1,000 from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Plaintiff and Defendant Scapes Supply.

**INTERROGATORY NO. 8:**        Identify all email addresses, websites, and social media accounts with which you are currently associated, or have been associated, with from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, other than Defendant's Garden Department email, Defendant identifies nick@scapessupply.com and ngiordano31@gmail.com.


**INTERROGATORY NO. 9:**        Excluding services which are purely domestic or household in nature (e.g., plumbers, electricians, cleaners for your personal residence), identify each individual who has performed services for you or any entity you own, control, or operate as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the

discovery of admissible evidence. Subject to the foregoing objections, and General Objections, Defendant refers Plaintiff to the employees identified in Defendant Scapes Supply's response to Interrogatory No. 11.

**INTERROGATORY NO. 10:**      Identify all entities that provided auditing or accounting services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**      Identify all entities that provided legal services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, as not reasonably calculated to lead to the discovery of admissible evidence, and as seeking information protected by attorney-client privilege or other applicable privilege.

**INTERROGATORY NO. 12:**      Identify, by date and method of communications (i.e., in-person discussion, text message, phone call), each and every communication you have had with Dominick Caroleo since October 19, 2022 through the present.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, as not reasonably calculated to lead to the discovery of admissible evidence, and as seeking information protected by attorney-client privilege, joint defense privilege, or other applicable privilege. Subject to the foregoing objections and General Objections, Defendant will produce non-privileged and relevant documents in response to this interrogatory.

**INTERROGATORY NO. 13:**      State whether you reset to factory settings the mobile phone issued to you by SiteOne, the date the aforementioned mobile phone was reset, and an explanation as to why the mobile phone was reset.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant was never issued a mobile phone by SiteOne.

**INTERROGATORY NO. 14:**       State whether you have maintained access to or otherwise viewed any security camera footage of any SiteOne or Garden Department location since February 20, 2022.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant did not maintain access to or view security camera footage for SiteOne or Gaden Department locations in the identified time period.

**INTERROGATORY NO. 15:**       Identify all payments or amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Narrow Way Realty, Ltd. and the dates such amounts were received, from January 1, 2020 to the present, and identify what has been done with those amounts.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant did not receive any payments from Narrow Way Realty, Ltd.

**INTERROGATORY NO. 16:**       Identify all amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Victor or Dominick Caroleo and the dates such amounts were received, from October 19, 2022 to the present, and identify what has been done with those amounts.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant did not receive payments from Victor or Dominick Caroleo.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
      August 21, 2024

                    Yours, etc.,

                    RIVKIN RADLER LLP
                    Attorneys for Defendant(s)
                    *Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

      By:   *Michael Impellizeri*
              Michael Impellizeri (MI – 5627)
              926 RXR Plaza
              Uniondale, New York 11556-0921

# **VERIFICATION**

My name is Nicholas Giordano. I am a Defendant in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

_____
NICHOLAS GIORDANO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                        Plaintiff,                Civil Action No. 2:23-cv-02084-GRB-SIL

     -against-

NICHOLAS GIORDANO, DOMINICK         **DEFENDANT'S AMENDED**
CAROLEO, VICTOR CAROLEO, NARROW    **RESPONSES AND OBJECTIONS TO**
WAY REALTY, LTD., NARROW WAY 2 LLC,  **PLAINTIFF'S FIRST SET OF**
THE GARDEN DEPT. CORP., GROUP 5     **REQUESTS FOR PRODUCTION OF**
ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9  **DOCUMENTS TO DEFENDANT**
4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY  **NARROW WAY 2 LLC**
MANAGEMENT, LLC, AND NEWAY
TRUCKING,

                       Defendants.
--------------------------------------------------------X

       Defendant, Narrow Way 2 LLC ("Narrow Way 2" or "Defendant"), by and through its

attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and the Eastern District of New York's Local Rules of Civil Procedure, submits the following

amended responses and objections to Plaintiff's first request for production of documents to

Defendant Narrow Way 2 LLC, dated April 25, 2024 (the "Requests" and each a "Request"), as

follows:

## **GENERAL STATEMENTS**

       By making information and/or documents available to Plaintiff, Defendant does not waive

any objections that it may have regarding Plaintiff's use of information or documents, or of the

truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant

expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality,

probative value and admissibility of all information provided, documents produced and the

contents thereof; (2) the right to object to Plaintiff's use of any information provided or document

produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating

them for each response. General Objections may be specifically referred to in a response to certain Requests for purposes of clarity.  However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.      Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.  Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.      Defendant will not produce documents that are privileged or are otherwise immune from discovery.  Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.      Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.      Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.      Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.      Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.     Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## **DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show all owners, shareholders, and members of Narrow Way 2, LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Narrow Way 2 LLC.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show all officers and directors of Narrow Way 2, LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Narrow Way 2 LLC.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all employees of Narrow Way 2, LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents in response to this Request and refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show the primary business and corporate purpose of Narrow Way 2, LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 5:**

All Narrow Way 2, LLC board meeting minutes from January 1, 2019 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 6:**

All Narrow Way 2, LLC corporate governance documents, including bylaws and incorporating documents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant corporate governance documents in its possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show all Narrow Way 2, LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments received by Defendant from other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show all Narrow Way 2, LLC expenses from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show all dividends and other payments by Narrow Way 2, LLC to owners, shareholders, and/or members of Narrow Way 2, LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments made by Defendant to other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show all of Narrow Way 2, LLC's payroll costs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Vic Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.


**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Dominick Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.


**DOCUMENT REQUEST NO. 14:**

Documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to Nicholas Giordano.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.


**DOCUMENT REQUEST NO. 15:**

To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Narrow Way 2, LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 16:**

All Narrow Way 2, LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:**

All documents reflecting Narrow Way 2, LLC's accounts payable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 18:**

All documents reflecting Narrow Way 2, LLC's accounts receivable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 19:**

All of Narrow Way 2, LLC's audited and unaudited financial statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All accounting records received from any external auditors and/or accountants pertaining to Narrow Way 2, LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 22:**

All of your tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.


**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.


**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 28:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 29:**

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 38:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 39:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

      Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 44:**

      All of your customer lists.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

      Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 45:**

      All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

      Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 46:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 47:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 48:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 49:**

All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Vic Caroleo related to the claims and defenses in this action, to the extent any exist.


**DOCUMENT REQUEST NO. 51:**

 All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.


**DOCUMENT REQUEST NO. 52:**

 All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Nicholas Giordano related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 53:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 57:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege

and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 58:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 59:**

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC*

By: *Michael Impellizeri*
Michael Impellizeri (MI 5627)
926 RXR Plaza
Uniondale, New York 11556-0921

4877-7114-8507, v. 1

31

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 2:23-cv-02084-GRB-SIL |

   -against-

NICHOLAS   GIORDANO,   DOMINICK
CAROLEO, VICTOR CAROLEO, NARROW
WAY REALTY, LTD., NARROW WAY 2 LLC,
THE  GARDEN  DEPT.  CORP.,  GROUP  5
ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9
4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY
MANAGEMENT,      LLC,      AND      NEWAY
TRUCKING,

                 Defendants.

**DEFENDANT'S AMENDED
RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT SCAPES SUPPLY,
LLC**

--------------------------------------------------------X

Defendant, Scapes Supply, LLC ("Scapes" or "Defendant"), by and through its attorneys,

Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the

Eastern District of New York's Local Rules of Civil Procedure, submits the following amended

responses and objections to Plaintiff's first set of interrogatories to Defendant Scapes, dated April

25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## **GENERAL STATEMENTS**

By making information and/or documents available to Plaintiffs, Defendant does not waive

any objections that it may have regarding Plaintiffs' use of such information or documents, or the

truth or accuracy of any term, phrase or characterization contained in the Interrogatories or

Defendant's responses.  Defendant expressly reserves: (1) all objections regarding the competency,

privilege, relevancy, materiality, probative value and admissibility of all information provided,

documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any

information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **<u>GENERAL OBJECTIONS</u>**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.     Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.     Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.     Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.     Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1:</u>**     Identify all banks and other financial institutions with which Scapes Supply LLC has had an account of any kind since January 1, 2020 through the present

**<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**        For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**        For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**        Identify all of Scapes Supply's shareholders, members, and owners since Scapes Supply's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections and General

Objections, Defendant identifies Victor Caroleo is the sole member of Scapes Supply and Defendant Nicholas Giordano as a previous member of Scapes Supply.

**INTERROGATORY NO. 5:**        Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Scapes Supply's formation).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Scapes Supply identifies 99 Long Island Ave, Yaphank, New York 11980.

**INTERROGATORY NO. 6:**        Explain all Scapes Supply's primary business purpose(s) from its formation through the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Scapes Supply is a nursey and landscaping supply store.

**INTERROGATORY NO. 7:**        Identify, by name, each of Scapes Supply's customers from January 1, 2020 through the present

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, by Defendant.

**INTERROGATORY NO. 8:**        For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**        State all revenue for Scapes Supply by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**        Identify all email addresses, websites, social media accounts, and phone numbers associated with Scapes Supply.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Scapes Supply's website is scapessupply.com, its phone number is 631-646-9050, and it has a social media account on Instagram (@scapes_supply).

**INTERROGATORY NO. 11:**        Identify each individual who has performed services for Scapes Supply LLC. as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections and General Objections, upon information and belief, Defendant identifies the following individuals as Scapes Supply employees that formerly worked at the Garden Department and/or SiteOne:

- Micheal D. Edwards

- William Fitzgerald

- Juan Suarez Flores

- Nicholas Giordano

- Victor Caroleo

- David Gomez

- Charles Hampton

- Rosemarie Casper

- John P. Hanley

- Saturnino Jimenez Garcia

- Dale Nash

- Martin Rojas Sobert

- Antonio Rios Garcia

- Jose W. Rubi

- Alek T. Rubino

- Marvin Saravia

- Harry G. Scott

- Jorge Saurez Flores

- Hector Tunche Equite

**INTERROGATORY NO. 12:**     Identify all entities that provided auditing or accounting services to Scapes Supply from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
        August 21, 2024

                      Yours, etc.,

                      RIVKIN RADLER LLP
                      Attorneys for Defendant(s)
                      *Nicholas Giordano, Victor Caroleo, Neway*
                      *Management LLC., Narrow Way 2, LLC., Group 5*
                      *Associates, Ltd., Scapes Supply, LLC and Neway*
                      *Management, LLC,*

          By:     *Michael Impellizeri*
                      Michael Impellizeri (MI -5627)
                      926 RXR Plaza
                      Uniondale, New York 11556-0921

## <u>VERIFICATION</u>

My name is Victor Caroleo. I am an owner of Defendant Scapes Supply LLC.  I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document. I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

VICTOR CAROLEO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                             Plaintiff,

    -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                            Defendants.

-------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT <u>GROUP 5 ASSOCIATES, LTD.</u>**

       Defendant, Group 5 Associates, Ltd. ("Group 5" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first request for production of documents to Defendant Group 5 Associates, Ltd., dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

<u>**GENERAL STATEMENTS**</u>

       By making information and/or documents available to Plaintiff, Defendant does not waive any objections that it may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document

produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating

them for each response. General Objections may be specifically referred to in a response to certain Requests for purposes of clarity.  However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.      Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.  Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.      Defendant will not produce documents that are privileged or are otherwise immune from discovery.  Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.     Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.     Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.     Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.     Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.     Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.     Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## **DOCUMENT DEMANDS**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show all owners, shareholders, and members of Group 5 Associates, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole owner of Group 5 Associates, Ltd.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show all officers and directors of Group 5 Associates, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole owner of Group 5 Associates, Ltd.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all employees of Group 5 Associates, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents in response to this Request and refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show the primary business and corporate purpose of Group 5 Associates, Ltd. from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 5:**

All Group 5 Associates, Ltd. board meeting minutes from January 1, 2019 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client

privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 6:**

All Group 5 Associates, Ltd. corporate governance documents, including bylaws and incorporating documents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant corporate governance documents in its possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show all Group 5 Associates, Ltd. revenue from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments received by Defendant from other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show all Group 5 Associates, Ltd. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show all dividends and other payments by Group 5 Associates, Ltd. to owners, shareholders, and/or members of Group 5 Associates, Ltd. from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments made by Defendant to other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show all of Group 5 Associates, Ltd.'s payroll costs from January 1, 2020 through the present

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to the records produced, or to be produced, by American Community Bank.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Vic Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Dominick Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to Nicholas Giordano.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 15:**

To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Group 5 Associates, Ltd. to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist and have not already been produced by American Community Bank.

**DOCUMENT REQUEST NO. 16:**

All Group 5 Associates, Ltd. balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:**

All documents reflecting Group 5 Associates, Ltd.'s accounts payable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 18:**

All documents reflecting Group 5 Associates, Ltd.'s accounts receivable from January 1, 2020 through the present

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 19:**

All of Group 5 Associates, Ltd.'s audited and unaudited financial statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All accounting records received from any external auditors and/or accountants pertaining to Group 5 Associates, Ltd. from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 22:**

All of your tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursery and/or landscaping supply business.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 28:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 29:**

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursery and/or landscaping supply business.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursery and/or landscaping supply business.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 38:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 39:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 44:**

All of your customer lists.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 45:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 46:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 47:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 48:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 49:**

All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Vic Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 51:**

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 52:**

All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Nicholas Giordano related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 53:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable

privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

## DOCUMENT REQUEST NO. 57:

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 57:

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

## DOCUMENT REQUEST NO. 58:

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

## RESPONSE TO DOCUMENT REQUEST NO. 58:

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

## DOCUMENT REQUEST NO. 59:

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By:    *Michael Impellizeri*
Michael Impellizeri (MI 5627 )
926 RXR Plaza
Uniondale, New York 11556-0921

4875-2178-5051, v. 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                            Plaintiff,

      -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                            Defendants.

----------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT <u>NEWAY MANAGEMENT, LLC</u>**

        Defendant, Neway Management, LLC ("Neway" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first request for production of documents to Defendant Neway Management, LLC, dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

<u>**GENERAL STATEMENTS**</u>

        By making information and/or documents available to Plaintiff, Defendant does not waive any objections that it may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document

1

produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating

2

them for each response. General Objections may be specifically referred to in a response to certain Requests for purposes of clarity.  However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.    Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.    Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.  Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.    Defendant will not produce documents that are privileged or are otherwise immune from discovery.  Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.       Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.      Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.      Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.      Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.      Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

4

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## DOCUMENT DEMANDS

## DOCUMENT REQUEST NO. 1:

Documents sufficient to show all owners, shareholders, and members of Neway Management LLC from corporate formation to present.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Neway Management LLC.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show all officers and directors of Neway Management LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Neway Management LLC.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all employees of Neway Management LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show the primary business and corporate purpose of Neway Management LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 5:**

All Neway Management LLC board meeting minutes from January 1, 2019 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client

privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 6:**

All Neway Management LLC corporate governance documents, including bylaws and incorporating documents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant corporate governance documents in its possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show all Neway Management LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments received by Neway from other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show all Neway Management, LLC. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show all dividends and other payments by Neway Management LLC to owners, shareholders, and/or members of Neway Management LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents reflecting any payments made by Neway to other Defendants in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show all of Neway Management LLC's payroll costs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show all payments, of any kind, made from Neway Management LLC to Vic Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show all payments, of any kind, made from Neway Management LLC to Dominick Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to show all payments, of any kind, made from Neway Management LLC to Nicholas Giordano.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 15:**

To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Neway Management LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 16:**

All Neway Management LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:**

12

All documents reflecting Neway Management LLC's accounts payable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 18:**

All documents reflecting Neway Management LLC's accounts receivable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 19:**

All of Neway Management LLC's audited and unaudited financial statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All accounting records received from any external auditors and/or accountants pertaining to Neway Management LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 22:**

All of your tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 28:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 29:**

17

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning the development of the Long Island Avenue Property.

18

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 38:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 39:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct

a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursery and/or landscaping supply business.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursery and/or landscaping supply business.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 44:**

All of your customer lists.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 45:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to its interrogatory responses.

**DOCUMENT REQUEST NO. 46:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 47:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 48:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 49:**

All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Vic Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 51:**

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 52:**

All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

27

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Nicholas Giordano related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 53:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 57:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 58:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 59:**

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
       August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Neway Management LLC, Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By:   *Michael Impellizeri*
      Michael Impellizeri (MI 5627)
      926 RXR Plaza
      Uniondale, New York 11556-0921

4866-5300-0646, v. 1

31

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                              Plaintiff,

        -against-

NICHOLAS GIORDANO, DOMINICK
CAROLEO, VICTOR CAROLEO, NARROW
WAY REALTY, LTD., NARROW WAY 2 LLC,
THE GARDEN DEPT. CORP., GROUP 5
ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9
4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY
MANAGEMENT, LLC, AND NEWAY
TRUCKING,

                              Defendants.

-------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED
RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
<u>DEFENDANT NARROW WAY 2 LLC</u>**

Defendant, Narrow Way 2 LLC ("Narrow Way 2" or "Defendant"), by and through its

attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure

and the Eastern District of New York's Local Rules of Civil Procedure, submits the following

amended responses and objections to Plaintiff's first set of interrogatories to Defendant Narrow

Way 2, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

<u>**GENERAL STATEMENTS**</u>

By making information and/or documents available to Plaintiffs, Defendant does not waive

any objections that it may have regarding Plaintiffs' use of such information or documents, or the

truth or accuracy of any term, phrase or characterization contained in the Interrogatories or

Defendant's responses.  Defendant expressly reserves: (1) all objections regarding the competency,

privilege, relevancy, materiality, probative value and admissibility of all information provided,

documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any

information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all banks and other financial institutions with which Narrow Way 2 has had an account of any kind since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**

For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**

Identify all of Narrow Way 2's shareholders, members, and owners since Narrow Way 2's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated

to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Victor Caroleo, sole member of Narrow Way 2.


**INTERROGATORY NO. 5:**

Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Narrow Way 2's formation).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant identifies 544 NY-25A, Rocky Point, New York 11778.


**INTERROGATORY NO. 6:**

Explain all Narrow Way 2's primary business purpose(s) from its formation through the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant owns and holds real estate, and is not in the nursery and/or landscaping supply business.

**INTERROGATORY NO. 7:**

Identify, by name, each of Narrow Way 2's customers from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is not in the nursery and/or landscaping supply business.

**INTERROGATORY NO. 8:**

For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is not in the nursery and/or landscaping supply business.

**INTERROGATORY NO. 9:**

State all revenue for Narrow Way 2 by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

Identify all email addresses, websites, social media accounts, and phone numbers associated with Narrow Way 2.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, there are no email addresses, websites, social media accounts, or phone numbers associated with Defendant.

**INTERROGATORY NO. 11:**

Identify each individual who has performed services for Narrow Way 2 as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General

Objections, Defendant identifies Janet Damiano as an independent contractor that has provided bookkeeping services to Defendant.

**INTERROGATORY NO. 12:**

Identify all entities that provided auditing or accounting services to Narrow Way 2 from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
        August 21, 2024

                                            Yours, etc.,

                                            RIVKIN RADLER LLP
                                            Attorneys for Defendant(s)
                                            *Nicholas Giordano, Victor Caroleo, Narrow Way*
                                            *Realty, Ltd., Narrow Way 2, LLC., Group 5*
                                            *Associates, Ltd., Scapes Supply, LLC and Neway*
                                            *Management, LLC,*

                        By:     *Michael Impellizeri*
                                Michael Impellizeri (MI -5627)
                                926 RXR Plaza
                                Uniondale, New York 11556-0921

## **VERIFICATION**

My name is Victor Caroleo. I am an owner of Defendant Narrow Way 2 LLC in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

_____
VICTOR CAROLEO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 2:23-cv-02084-GRB-SIL |
| -against- | |
| NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING, | **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NICHOLAS GIORDANO** |
| Defendants. | |

----------------------------------------------------------X

Defendant, Nicholas Giordano ("Giordano" or "Defendant"), by and through his attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first request for production of documents to Defendant Nichoals Giordano, dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

**GENERAL STATEMENTS**

By making information and/or documents available to Plaintiff, Defendant does not waive any objections that he may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or

1

proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or his attorneys immediately upon Defendant's or his attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## <u>GENERAL OBJECTIONS</u>

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain

Requests for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.      Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.      Defendant will not produce documents that are privileged or are otherwise immune from discovery. Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.       Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.      Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.      Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.      Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.     Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

4

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Documents sufficient to show the identity of every corporate entity of which you are an owner, member, or shareholder.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant directs Plaintiff to his interrogatory responses.

**DOCUMENT REQUEST NO. 2:**

All corporate governance documents, including bylaws and incorporating documents for each and every corporate entity of which you are an owner, member, or shareholder.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents related to the incorporation of Scapes Supply and its governing documents, that are his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 3:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

6

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in response to this Request that are his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show all expenses of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in response to this Request that are his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to show all dividends and other payments to owners, shareholders, and members of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in response to this Request that are his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 6:**

All payroll costs on an annual, calendar year basis, from January 1, 2020 through the present of any entity of which you are an owner, shareholder, and/or member.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 7:**

All payments, of any kind, made to Dominick Caroleo from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

All payments, of any kind, made to Vic Caroleo from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 9:**

All personal tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

All of your paystubs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant directs Plaintiff to paystubs already in Plaintiff's possession relating to Giordano's employment with Plaintiff, and to the documents produced, or to be produced, by Scapes Supply.

**DOCUMENT REQUEST NO. 11:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 12:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

10

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 13:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 14:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct

11

a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 15:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 16:**

All documents and communications concerning any present or future uses of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

## DOCUMENT REQUEST NO. 17:

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

## RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

## DOCUMENT REQUEST NO. 18:

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

## RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

## DOCUMENT REQUEST NO. 19:

13

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 20:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 21:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

14

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 22:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Horseblock

Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 27:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 28:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 29:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 30:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent necessary to identify former SiteOne employees, if any, employed by Giordano.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent necessary to identify former SiteOne independent contractors, if any, engaged by Giordano.

**DOCUMENT REQUEST NO. 33:**

All customer lists for any corporate entity of which you are an owner, member, or shareholder.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 34:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as duplicative. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 35:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct

a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 36:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 37:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 38:**

All emails, text messages, and other written communications referring to any former or current SiteOne or Garden Department employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 39:**

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 40:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 41:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 42:**

To the extent not produced in response to another request herein, all documents and communications referring to SiteOne by name from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as duplicative. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications referring to SiteOne by name that relate to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 43:**

To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne customer or client on the other hand from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications between SiteOne agents or employees and SiteOne customers or clients in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 44:**

To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne vendor or supplier on the other hand from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications between SiteOne agents or employees and SiteOne vendors or suppliers in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 45:**

To the extent not produced in response to another request herein, all documents and communications containing any SiteOne contracts, bids, bidding information, requests for pricing, or other SiteOne pricing information from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents responsive to this request that are in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 46:**

For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to SiteOne's security system and/or video monitoring system.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 47:**

For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to all information technology vendors which performed services for SiteOne or you personally.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 48:**

For the time period of January 1, 2020 to the present, all documents and communications involving LC Consulting Services, Inc.

26

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 49:**

For the time period of January 1, 2020 to the present, all documents and communications involving ProSysCon or any other vendor which provided information technology services for SiteOne.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant does not have personal knowledge of every information technology vendor used by SiteOne, but agrees to conduct a reasonable search for and produce non-privileged, relevant documents responsive to this request that are in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any legal actions filed against you since January 1, 2020.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 51:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any threatened (but not filed) claims against you since January 1, 2020, including but not limited to, demand letters, notices and settlement agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 52:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any criminal charges, proceedings, convictions, or sentences against you, including but not limited to court records.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 53:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 57:**

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC*

By:  *Michael Impellizeri*
Michael Impellizeri (MI 5627)
926 RXR Plaza
Uniondale, New York 11556-0921

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                    Plaintiff,                Civil Action No. 2:23-cv-02084-GRB-SIL

   -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                   Defendants.
--------------------------------------------------------X

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO <u>DEFENDANT SCAPES SUPPLY, LLC</u>**

      Defendant, Scapes Supply, LLC ("Scapes" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first request for production of documents to Defendant Scapes Supply, LLC, dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

<u>GENERAL STATEMENTS</u>

      By making information and/or documents available to Plaintiff, Defendant does not waive any objections that it may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or

1

proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **<u>GENERAL OBJECTIONS</u>**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain

Requests for purposes of clarity.  However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.     Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.     Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.  Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.     Defendant will not produce documents that are privileged or are otherwise immune from discovery.  Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.     Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.     Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.     Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.     Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.     Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.     Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

## **DOCUMENT DEMANDS**

## **DOCUMENT REQUEST NO. 1:**

Documents sufficient to show all owners, shareholders, and members of Scapes Supply LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Scapes Supply LLC and Nicholas Giordano is a former member of Scapes Supply LLC.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show all officers and directors of Scapes Supply LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Victor Caroleo is the sole member of Scapes Supply LLC and Nicholas Giordano is a former member of Scapes Supply LLC.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all employees of Scapes Supply LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show the primary business and corporate purpose of Scapes Supply LLC from corporate formation to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to Defendant's interrogatory responses.

**DOCUMENT REQUEST NO. 5:**

All Scapes Supply LLC board meeting minutes from January 1, 2019 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further

7

objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 6:**

All Scapes Supply LLC corporate governance documents, including bylaws and incorporating documents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant corporate governance documents in its possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant

documents that are responsive to this request for the time period between October 22, 2022 and May 31, 2023.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show all Scapes Supply LLC revenue from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show all Scapes Supply, LLC. expenses from January 1, 2020 through the present, on an annual, calendar year basis.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

9

Documents sufficient to show all dividends and other payments by Scapes Supply LLC to owners, shareholders, and/or members of Scapes Supply LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show all of Scapes Supply LLC's payroll costs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show all payments, of any kind, made from Scapes Supply LLC to Vic Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

      Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 13:**

      Documents sufficient to show all payments, of any kind, made from Scapes Supply LLC to Dominick Caroleo.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

      Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 14:**

      Documents sufficient to show all payments, of any kind, made from Scapes Supply LLC to Nicholas Giordano.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

      Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 15:**

To the extent not already produced in response to another request herein, documents sufficient to show all payments, of any kind, made from Scapes Supply LLC to any Defendant in this action and to any other entity of which you are an owner, shareholder, member, officer, or director.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 16:**

All Scapes Supply LLC balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:**

All documents reflecting Scapes Supply LLC's accounts payable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request, except to the extent there are documents reflecting payments to other named Defendants.

**DOCUMENT REQUEST NO. 18:**

All documents reflecting Scapes Supply LLC's accounts receivable from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request, except to the extent there are documents reflecting accounts receivable from other named Defendants.

**DOCUMENT REQUEST NO. 19:**

All of Scapes Supply LLC's audited and unaudited financial statements from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

13

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All accounting records received from any external auditors and/or accountants pertaining to Scapes Supply LLC from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All account statements from each bank and financial institution with which you have an account or accounts from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant bank statements that reflect transactions among the named Defendants.

14

**DOCUMENT REQUEST NO. 22:**

All of your tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

15

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 28:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for

17

and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 29:**

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in its possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning the preparation of the Horseblock Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 38:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.


**DOCUMENT REQUEST NO. 39:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.


**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 44:**

All of your customer lists.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request.

**DOCUMENT REQUEST NO. 45:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request.

**DOCUMENT REQUEST NO. 46:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 47:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 48:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 49:**

All emails, text messages, and other written communications referring to any former or current SiteOne employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

26

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Vic Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 51:**

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 52:**

All emails, text messages, and other written communications between you and Nicholas Giordano from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Nicholas Giordano related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 53:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

All emails, text messages, and other written communications between you and any information technology vendors from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the

foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 55:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 56:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 57:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 58:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 59:**

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
　　　　August 22, 2024

　　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　　RIVKIN RADLER LLP
　　　　　　　　　　　　　　　　Attorneys for Defendant(s)
　　　　　　　　　　　　　　　　*Nicholas Giordano, Victor Caroleo, Scapes Supply*
　　　　　　　　　　　　　　　　*LLC, Narrow Way 2, LLC., Group 5 Associates,*
　　　　　　　　　　　　　　　　*Ltd., Scapes Supply, LLC and Scapes Supply, LLC,*

　　　　　　　　By:　　*Michael Impellizeri*
　　　　　　　　　　　　Michael Impellizeri (MI 5627)
　　　　　　　　　　　　926 RXR Plaza
　　　　　　　　　　　　Uniondale, New York 11556-0921

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                                       Plaintiff,

       -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                                 Defendants.
--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT <u>VICTOR CAROLEO</u>**

Defendant, Victor Caroleo ("Vic" or "Defendant"), by and through his attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set request for production of documents to Defendant Victor Caroleo, dated April 25, 2024 (the "Requests" and each a "Request"), as follows:

<u>GENERAL STATEMENTS</u>

By making information and/or documents available to Plaintiff, Defendant does not waive any objections that he may have regarding Plaintiff's use of information or documents, or of the truth or accuracy of any term, phrase or characterization contained in the Requests. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter covered thereby, in any later stage or

1

proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Request, if any such information and/or documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or his attorneys immediately upon Defendant's or his attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in the Requests.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Request subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Request and are set forth herein to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain

Requests for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to a Request.

1.     Defendant objects to the Requests to the extent that they call for disclosure of documents or information protected by attorney-client privilege, work-product and joint work-produce privilege, constitute attorney work product, were prepared in anticipation of litigation or for trial, other applicable privilege, or are otherwise privileged or exempt from discovery, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

2.     Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Defendant objects to Plaintiff's Requests to the extent that they seek documents and information that are protected from disclosure by the attorney-client privilege, are material prepared for or in anticipation of litigation or for trial, or which reflect mental impressions, conclusions, opinions or legal theories of Defendant, an attorney, including, but not limited to Defendant's attorney(s), or other representatives of Defendant concerning this action or otherwise, or which constitute the work product of counsel.

3.     Defendant will not produce documents that are privileged or are otherwise immune from discovery. Inadvertent production of any document(s) shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall

3

such inadvertent production waive the right of Defendant to object to the use of any such document, or the information contained therein, during this or any subsequent proceeding.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek documents containing confidential data, or confidential and/or proprietary commercial information.

5.       Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, seek documents irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek documents and information over which Defendant lacks possession, custody or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

7.      Defendant objects to the Requests to the extent that they seek information or documentation not relevant any party's claim or defense and proportional to the needs of the case. Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevance of any fact or document.

8.      Defendant objects to the Requests to the extent that they call for speculation on the part of Defendant and/or that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, incomprehensible and/or hypothetical in nature and thus not permitting a reasonable response.

9.      Defendant objects to the Requests to the extent that responding would cause undue expense, embarrassment, disadvantage or prejudice to Defendant, and/or are propounded for the express purpose of harassment.

10.      Defendant objects to the Requests to the extent that they seek information which Defendant cannot possess until further discovery has taken place in this action.

11.     Defendant objects to the Requests to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Request, Defendant neither concedes nor admits that any documents responsive to a particular Request do in fact exist.

12.     Defendant objects to the Requests to the extent that they are redundant or duplicative and call for the production of documents, or categories of documents, more than once. If a document is responsive to more than one Request, Defendant will only produce such document once.

13.     Defendant objects to Plaintiff's Requests to the extent that they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any relevant orders from the Court.

14.     These responses are based on the information available at the present time. Defendant will continue to search for documents that are responsive to Plaintiff's Requests. Defendant reserves the right to supplement, amend or correct these responses in the event that any such documents are located, or that future discovery reveals facts that would justify such supplementation, correction or amendment.

**DOCUMENT DEMANDS**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show the identity of every corporate entity of which you are an owner, member, or shareholder.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

5

Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it calls for the production of information, rather than documents, and would be more appropriately propounded within a different discovery device. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant directs Plaintiff to his interrogatory responses.

**DOCUMENT REQUEST NO. 2:**

All corporate governance documents, including bylaws and incorporating documents for each and every corporate entity of which you are an owner, member, or shareholder.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant refers Plaintiff to the documents produced, or to be produced, by other named Defendants.

**DOCUMENT REQUEST NO. 3:**

All communications discussing or referring to the formation of Scapes Supply, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents or communications subject to attorney-client privilege. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant

documents in response to this Request that are his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show all expenses of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant directs Plaintiff to the documents produced, or to be produced, by American Community Bank and documents produced, or to be produced, by the other named Defendants.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to show all dividends and other payments to owners, shareholders, and members of any entity of which you are an owner, shareholder, and/or member on an annual, calendar year basis, from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant directs Plaintiff to the documents produced, or to be produced, by American Community Bank and agrees to conduct a reasonable

search for and produce all non-privileged, relevant documents showing payments to named Defendants from any Defendant that Vic is an owner, shareholder, and/or member of that are in his possession, custody, or control, and to the extent such documents are not already being produced by another Defendant.

**DOCUMENT REQUEST NO. 6:**

All payroll costs on an annual, calendar year basis, from January 1, 2020 through the present of any entity of which you are an owner, shareholder, and/or member.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 7:**

All payments, of any kind, made to Dominick Caroleo from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 8:**

All payments, of any kind, made to Nicholas Giordano from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 9:**

All personal tax returns from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

All of your paystubs from January 1, 2020 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request, but directs Plaintiff to paystubs already in Plaintiff's possession relating to Vic's employment with Plaintiff, and to the documents produced, or to be produced, by American Community Bank, and other Defendants as to payments, if any, received by Vic from any Defendants.

**DOCUMENT REQUEST NO. 11:**

All documents and communications concerning the purchase, leasing, or use of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 12:**

All documents and communications concerning the development of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

10

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 13:**

All documents and communications concerning all businesses operating or which operated on the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 14:**

All documents and communications concerning the preparation of the Middle Island Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct

11

a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 15:**

All documents and communications concerning the decision to abandon efforts to develop the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control that are responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 16:**

All documents and communications concerning any present or future uses of the Middle Island Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 17:**

All communications between you and all representatives and attorneys for the City of Brookhaven concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 18:**

All communications between you and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Middle Island Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 19:**

13

All documents and communications concerning the purchase, leasing, or use of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 20:**

All documents and communications concerning the development of the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 21:**

All documents and communications concerning all businesses operating or which operated on the Long Island Avenue Property.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

14

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 22:**

All documents and communications concerning the preparation of the Long Island Avenue Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent they relate to the nursey and/or landscaping supply business.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning the purchase, leasing, or use of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and

without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning the development of the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning all businesses operating or which operated on the Horseblock Road Property.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 26:**

All documents and communications concerning the preparation of the Horseblock

Road Property to operate a business.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 27:**

All communications between you (or received by you) and all representatives and attorneys for the City of Brookhaven concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 28:**

All communications between you (or received by you) and all representatives and attorneys for any government agency (besides the City of Brookhaven) concerning the Horseblock Road Property (including all documents sent to or received from same).

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 29:**

Documents sufficient to show all customers serviced by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 30:**

Documents sufficient to show all nursery and landscape supply vendors used by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show all employees employed by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent necessary to identify former SiteOne employees, if any, employed by Vic.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show all independent contractors engaged by you from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in his possession, custody, or control to the extent necessary to identify former SiteOne independent contractors, if any, engaged by Vic.

**DOCUMENT REQUEST NO. 33:**

19

All customer lists for any corporate entity of which you are an owner, member, or shareholder.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 34:**

All nursery and landscape supply vendor lists used by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as duplicative. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 35:**

All records pertaining to each employee employed by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct

a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne employees.

**DOCUMENT REQUEST NO. 36:**

All records pertaining to each independent contractor engaged by you since October 19, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, documents sufficient to show the date of hire, termination, and/or resignation of any former SiteOne independent contractors.

**DOCUMENT REQUEST NO. 37:**

All emails, text messages, and other written communications referring to SiteOne from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 38:**

All emails, text messages, and other written communications referring to any former or current SiteOne or Garden Department employees, including but not limited to, Dale Nash, Antonio Rios Garcia, Jose W. Rubi, Jorge Suarez-Flores, and Juan Suarez-Flores from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce all non-privileged, communications relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes, to the extent any exist.

**DOCUMENT REQUEST NO. 39:**

All emails, text messages, and other written communications between you and Dominick Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Dominick Caroleo related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 40:**

All emails, text messages, and other written communications between you and Vic Caroleo from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 41:**

All emails, text messages, and other written communications between you and Rose Casper from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant business and financial communications between Defendant and Rose Casper related to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 42:**

To the extent not produced in response to another request herein, all documents and communications referring to SiteOne by name from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as duplicative. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications referring to SiteOne by name that relate to the claims and defenses in this action, to the extent any exist.

**DOCUMENT REQUEST NO. 43:**

To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne customer or client on the other hand from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this Request as vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications between SiteOne agents or employees and SiteOne customers or clients in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 44:**

To the extent not produced in response to another request herein, all documents and communications between any SiteOne agent or employee on the one hand, and any SiteOne vendor or supplier on the other hand from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this Request as vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents and communications between SiteOne agents or employees and SiteOne vendors or suppliers in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 45:**

To the extent not produced in response to another request herein, all documents and communications containing any SiteOne contracts, bids, bidding information, requests for pricing, or other SiteOne pricing information from October 19, 2022 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request as vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents more readily available from Plaintiff, and as more appropriately directed towards Plaintiff. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant agrees to conduct a reasonable search for and produce non-privileged, relevant documents responsive to this request that are in his possession, custody, or control, to the extent any exist.

25

**DOCUMENT REQUEST NO. 46:**

For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to SiteOne's security system and/or video monitoring system.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 47:**

For the time period of January 1, 2020 to the present, all documents and communications discussing or relating to all information technology vendors which performed services for SiteOne or you personally.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 48:**

For the time period of January 1, 2020 to the present, all documents and communications involving LC Consulting Services, Inc.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 49:**

For the time period of January 1, 2020 to the present, all documents and communications involving ProSysCon or any other vendor which provided information technology services for SiteOne.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant does not have personal knowledge of every information technology vendor used by SiteOne, but agrees to conduct a reasonable search for and produce non-privileged, relevant documents responsive to this request that are in his possession, custody, or control, to the extent any exist.

**DOCUMENT REQUEST NO. 50:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any legal actions filed against you since January 1, 2020, including, but not limited to, *Taffer v. Caroleo*, Case No. 2:24-cv-242, pending in the Middle District of Florida.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 51:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any threatened (but not filed) claims against you since January 1, 2020, including but not limited to, demand letters, notices and settlement agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 52:**

Excluding attorney-client and work-product privileged materials, all documents and communications relating to any criminal charges, proceedings, convictions, or sentences against you, including but not limited to court records.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 53:**

To the extent not produced in response to another Request herein, produce all documents referenced in your Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**DOCUMENT REQUEST NO. 54:**

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendant objects to this request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

29

## DOCUMENT REQUEST NO. 55:

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing your Answer to the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 55:

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

## DOCUMENT REQUEST NO. 56:

To the extent not produced in response to another Request herein, produce all documents referenced or reviewed in preparing the Counterclaim.

## RESPONSE TO DOCUMENT REQUEST NO. 56:

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

## DOCUMENT REQUEST NO. 57:

To the extent not produced in response to another Request herein, produce all documents that will or may be relied upon by any expert witness you may call to testify at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to this request as seeking documents or information subject to attorney-client privilege and/or work product, and as seeking documents or information subject to other applicable privileges. Subject to, and without waiver of, the General Objections, Defendant will produce relevant, non-privileged documents in response to this Request, to the extent any exist.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 22, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC*

By:     *Michael Impellizeri*
Michael Impellizeri (MI 5627)
926 RXR Plaza
Uniondale, New York 11556-0921

4888-3587-4502, v. 1

31

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                              Plaintiff,

      -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                            Defendants.

--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NARROW WAY REALTY LTD.**

Defendant, Narrow Realty Ltd. ("Narrow Way" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Narrow Way, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## **GENERAL STATEMENTS**

By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that it may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**        Identify all banks and other financial institutions with which Narrow Way Realty, Ltd. has had an account of any kind since January 1, 2020 through the present

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies American Community Bank.

**INTERROGATORY NO. 2:**        For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Plaintiff is already in possession of the account number associated with Defendant's bank account.

**INTERROGATORY NO. 3:**        For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Victor Caroleo.

**INTERROGATORY NO. 4:**        Identify all of Narrow Way Realty, Ltd.'s shareholders, members, and owners since Narrow Way Realty, Ltd.'s formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing

objections and General Objections, Defendant identifies Victor Caroleo, sole member of Narrow Way Realty, Ltd.

**INTERROGATORY NO. 5:**          Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Narrow Way Realty, Ltd.'s formation).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant identifies Post Office Box 97, Commack, New York, United States, 11727.

**INTERROGATORY NO. 6:**          Explain all Narrow Way Realty, Ltd.'s primary business purpose(s) from its formation through the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is a real estate landlord, and is not in the nursery and/or landscaping supply business.

**INTERROGATORY NO. 7:**        Identify, by name, each of Narrow Way Realty, Ltd.'s customers from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant's tenant is SiteOne.

**INTERROGATORY NO. 8:**        For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is equally or more readily and appropriately available from Plaintiff, and identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 9:**        State all revenue for Narrow Way Realty, Ltd. by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 10:**       Identify all email addresses, websites, social media accounts, and phone numbers associated with Narrow Way Realty, Ltd.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is not associated with any websites or social media accounts, and directs Plaintiff to the phone numbers or emails in lease agreement between the parties, and that Plaintiff has contacted, for information responsive to this request.

**INTERROGATORY NO. 11:**       Identify each individual who has performed services for Narrow Way Realty, Ltd. as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General

Objections, Defendant identifies Janet Damiano as an independent contractor that has provided bookkeeping services to Defendant.

**INTERROGATORY NO. 12:**      Identify all entities that provided auditing or accounting services to Narrow Way Realty, Ltd. from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**      Explain, in detail, what has been done with the rental income received from SiteOne from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, rental income would be used for distributions to its owner and to pay expenses of Narrow Way including, without limitation, loans, mortgages, insurance, maintenance, taxes, etc. Notwithstanding the foregoing, the information requested in this Interrogatory is more readily

and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 14:**

State all amounts issued or otherwise paid to Victor Caroleo and all dates of such payments from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 15:**

State all amounts issued or otherwise paid to Dominick Caroleo and all dates of such payments from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and

appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 16:**

State all amounts issued or otherwise paid to 3670 Route 112 LLC and all dates of such payments from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 17:**

State all amounts issued or otherwise paid to 9 4th St. LLC and all dates of such payments from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and

appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 18:**

State all amounts issued or otherwise paid to Group 5 Associates Ltd. and all dates of such payments from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**INTERROGATORY NO. 19:**

To the extent not identified in response to the other interrogatories herein, identify all other entities or individuals to which or to whom you have paid monies from January 1, 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately

identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.


      **PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.


Dated:  Uniondale, New York
       August 21, 2024

               Yours, etc.,

               RIVKIN RADLER LLP
               Attorneys for Defendant(s)
               *Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

     By:   *Michael Impellizeri*
            Michael Impellizeri (MI – 5627)
            926 RXR Plaza
            Uniondale, New York 11556-0921

## **VERIFICATION**

My name is Victor Caroleo. I am an owner of Defendant Narrow Way Realty, Ltd. in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

_____
VICTOR CAROLEO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                            Plaintiff,

      -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                          Defendants.
--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NEWAY MANAGEMENT, LLC**

Defendant, Neway Management, LLC ("Neway" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Neway, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## GENERAL STATEMENTS

By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that it may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter

1

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

3

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      Identify all banks and other financial institutions with which Neway Management LLC has had an account of any kind since January 1, 2020 through the present

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

4

**INTERROGATORY NO. 2:**        For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**        For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**        Identify all of Neway Management's shareholders, members, and owners since Neway Management's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated

5

to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Victor Caroleo, owner of Neway Management.

**INTERROGATORY NO. 5:** Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Neway Management's formation).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant identifies Post Office Box 711, Coram, New York, United States, 11727.

**INTERROGATORY NO. 6:** Explain all Neway Management's primary business purpose(s) from its formation through the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is a management company and not in the retail nursery and/or landscaping supply business.

**INTERROGATORY NO. 7:**         Identify, by name, each of Neway Management's customers from January 1, 2020 through the present

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is not in retail the nursery and/or landscaping supply business.

**INTERROGATORY NO. 8:**         For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is not in the retail nursery and/or landscaping supply business.

**INTERROGATORY NO. 9:**         State all revenue for Neway Management by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**        Identify all email addresses, websites, social media accounts, and phone numbers associated with Neway Management.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, there are no email addresses, websites, social media accounts, or phone numbers associated with Defendant.

**INTERROGATORY NO. 11:**        Identify each individual who has performed services for Neway Management LLC. as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Janet Damiano as an independent contractor that may have provided bookkeeping services to Defendant.

**INTERROGATORY NO. 12:**        Identify all entities that provided auditing or accounting services to Neway Management from January 1, 2020 through the present. Include in your answer

8

the type of service provided, the reason for retaining that entity, and the approximate dates of service.

## RESPONSE TO INTERROGATORY NO. 12:

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 21, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Neway Management LLC., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By:    *Michael Impellizeri*
Michael Impellizeri (MI - 5267)
926 RXR Plaza
Uniondale, New York 11556-0921

4892-6198-8550, v. 1

9

## <u>VERIFICATION</u>

My name is Victor Caroleo. I am an owner of Defendant Neway Management, LLC in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

_____
VICTOR CAROLEO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                               Plaintiff,

     -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                              Defendants.

--------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GROUP 5 ASSOCIATES, LTD.**

Defendant, Group 5 Associates, Ltd. ("Group 5" or "Defendant"), by and through its attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Group 5, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## GENERAL STATEMENTS

By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that it may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or its attorneys immediately upon Defendant's or its attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.  General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that it will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      Identify all banks and other financial institutions with which Group 5 has had an account of any kind since January 1, 2020 through the present

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**          For each bank or other financial institution identified in response to Interrogatory No. 1, identify all accounts by account type and account number with that institution since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**          For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**          Identify all of Group 5's shareholders, members, and owners since Group 5's formation through the present, including the titles and offices held by each such shareholder, member, or owner and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Victor Caroleo, owner of Group 5.

**INTERROGATORY NO. 5:**       Identify all physical locations and addresses associated with Defendant since its formation (including, but not limited to, all registered agents since Group 5's formation).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections and General Objections, Defendant identifies Post Office Box 97, Commack, New York, United States, 11727.

**INTERROGATORY NO. 6:**       Explain all Group 5's primary business purpose(s) from its formation through the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant is a real estate landlord, and is not in the nursery and/or landscaping supply business.

**INTERROGATORY NO. 7:**       Identify, by name, each of Group 5's customers from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies SiteOne as a tenant.

**INTERROGATORY NO. 8:**          For each customer identified in response to Interrogatory No. 7, state all revenue received from each customer by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant refers Plaintiff to the documents produced, or to be produced, by American Community Bank.

**INTERROGATORY NO. 9:**          State all revenue for Group 5 by calendar year from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant refers Plaintiff to the documents produced, or to be produced, by American Community Bank.

**INTERROGATORY NO. 10:**     Identify all email addresses, websites, social media accounts, and phone numbers associated with Group 5.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, there are no email addresses, websites, social media accounts, or phone numbers associated with Defendant.

**INTERROGATORY NO. 11:**     Identify each individual who has performed services for Group 5 as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies Janet Damiano as an independent contractor that has provided bookkeeping services to Defendant.

**INTERROGATORY NO. 12:**     Identify all entities that provided auditing or accounting services to Group 5 from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate date of service.


**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 13:**     Identify all amounts you have received from Narrow Way Realty, LTD. And all dates of such payments from January 1, 2020 to present and identify that has been done with those monies.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.


**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
       August 21, 2024

                            Yours, etc.,

                            RIVKIN RADLER LLP
                            Attorneys for Defendant(s)
                            *Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By:    *Michael Impellizeri*
                            Michael Impellizeri (MI -5627)
                            926 RXR Plaza
                            Uniondale, New York 11556-0921

## **VERIFICATION**

My name is Victor Caroleo. I am an owner of Defendant Group 5 Associates, Ltd. in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

VICTOR CAROLEO

Dated: 8/21/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                                Plaintiff,

      -against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

                              Defendants.

----------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VICTOR CAROLEO**

        Defendant, Victor Caroleo ("Vic" or "Defendant"), by and through his attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Victor Caroleo, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## GENERAL STATEMENTS

        By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that he may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses.  Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiffs' use of any information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or his attorneys immediately upon Defendant's or his attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

## **GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1.      Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2.      By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3.      Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4.      Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6.      Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7.      Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8.      Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist.  By stating below that he will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      Identify all banks and other financial institutions with which you have had an account of any kind since January 1, 2020 through the present.

## **RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**        For each bank or other financial institution identified in response to Interrogatory No. 1, identify the account type and number.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**        For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**        Identify every entity of which you are or were a shareholder, member, or owner from January 1, 2019 through the present, including all titles and offices that were or are held and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and general objections, Defendant is an owner of Defendants Narrow Way Realty Ltd., Narrow Way 2 LLC, Group 5 Associates, Ltd., Neway Management, LLC, and Scapes Supply, LLC.

**INTERROGATORY NO. 5:**        Identify the addresses for all properties at which you have resided, owned, operated or rented property from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 6:**        Identify every mobile phone number associated with you personally or associated with any entity you own, control, or operate from January 1, 2020 through the present and, for each number, identify the dates you had each number and the carrier or service provider.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant's phone number is 631-484-3535.


**INTERROGATORY NO. 7:**        Identify all sources of income greater than $1,000 from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing

objections and General Objections, Defendant has received income from SiteOne and may have received income and/or distributions from the entities identified in response to Interrogatory No. 4.

**INTERROGATORY NO. 8:**        Identify all email addresses, websites, and social media accounts with which you are currently associated, or have been associated, with from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies victor@scapessupply.com and victorcaroleo@aol.com.

**INTERROGATORY NO. 9:**        Excluding services which are purely domestic or household in nature (e.g., plumbers, electricians, cleaners for your personal residence), identify each individual who has performed services for you or any entity you own, control, or operate as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General

Objections, Defendant refers Plaintiff to the interrogatory responses of Defendant Scapes Supply, and also identifies Janet Damiano as an independent contractor that has provided bookkeeping services to Defendant and several of the entities identified in response to Interrogatory #4.

**INTERROGATORY NO. 10:**     Identify all entities that provided auditing or accounting services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**     Identify all entities that provided legal services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, as not reasonably calculated to lead to the discovery of admissible evidence, and as seeking information protected by attorney-client privilege or other applicable privilege.

**INTERROGATORY NO. 12:**       Explain the purpose for your purchase of the property located at 2001-2177 Horseblock Road, Medford, New York 11763 (the "Horseblock Road Property") and state the purchase price.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as seeking information that is irrelevant to the subject matter of this action, as seeking information equally or more readily available to Plaintiff, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**       Explain, in detail, the purpose of the development work which has been conducted at the Horseblock Road Property and identify the estimated date of completion.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**       State whether you intend to use the Horseblock Road Property to operate a nursery, landscaping, and/or landscaping supply business.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**     Identify the date on which you ceased to be an owner, shareholder, or member of Garden Department and explain, in detail, the reason you ceased to be an owner, shareholder, or member.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:**     Identify all payments or amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Narrow Way Realty, Ltd. and the dates such amounts were received, from January 1, 2020 to the present, and identify what has been done with those amounts.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, payments received by Defendant, if any, would have been distributions to him as an owner of Narrow Way Realty, Ltd., and the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
        August 21, 2024

                     Yours, etc.,

                     RIVKIN RADLER LLP
                     Attorneys for Defendant(s)
                     *Nicholas Giordano, Victor Caroleo, Narrow Way*
                     *Realty, Ltd., Narrow Way 2, LLC., Group 5*
                     *Associates, Ltd., Scapes Supply, LLC and Neway*
                     *Management, LLC,*

By:    *Michael Impellizeri*
                     Michael Impellizeri (MI -5627)
                     926 RXR Plaza
                     Uniondale, New York 11556-0921

## VERIFICATION

My name is Victor Caroleo. I am a Defendant in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

_____

VICTOR CAROLEO

Dated: 8/21/2024