# EXHIBIT F

| | |
|---|---|
| **From:** | Michael N. Impellizeri |
| **Sent:** | Wednesday, August 21, 2024 2:40 PM |
| **To:** | Gibbs, J. Evan |
| **Cc:** | Gorman, Daniel E.; kmulry@FarrellFritz.com; Kent, Paris L.; Krystal B. Armstrong; Ken Novikoff; Michael Mule; Nicole Koster |
| **Subject:** | RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel |
| **Attachments:** | Discovery Deficiencies Letter to Plaintiff 4882-2861-2562 v.4.pdf |

Evan:

You have still not returned my call. The Vic Defendants have been more than cooperative in discovery, and I personally spent hours on meet and confers with you trying to redress SiteOne's grossly overbroad and, frankly, palpably improper discovery requests.

As detailed in the attached letter, SiteOne is the party that has fallen woefully short of its discovery obligations. For example, with respect to SiteOne's interrogatory responses, despite **SiteOne's representations more than two (2) months ago**, we have not received any supplemented responses to interrogatory requests 15, 16, 18, 21, 23, 24, and 25.

For further example, with respect to SiteOne's responses to document requests, despite **SiteOne representation more than two (2) months ago** that it would produce documents in response to thirty-nine (39) separate document requests – to date, no such responsive documents have been received.

With respect to search terms, SiteOne did not even include search terms for nineteen (19) of the thirty-nine (39) separate document requests that SiteOne represented it would produce responsive documents.

We disagree that our search terms are inadequate – perhaps you should explain the basis for that characterization, so that there can be a meaningful dialogue to address your concerns.

With respect to your "proposal" to resolve the motion, the same is rejected. We will be requesting costs as a result of SiteOne's frivolous motion practice and baseless refusal to withdraw.



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Wednesday, August 21, 2024 1:26 PM
**To:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff

<Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

Michael –

We appreciate your willingness to agree to our requested relief. But we will not agree to withdraw our motion because, candidly, we do not think the Vic Defendants will cooperate in discovery absent an order from the Court. The Vic Defendants already represented to us—and expressly to the Court—that they would be producing a lot of documents and quickly. That was at the hearing on May 30 and now almost three months gone. This did not occur.

That being said, SiteOne is agreeable to a consent order requiring the Vic Defendants to: (1) provide all supplemental discovery responses by August 23; (2) immediately (by August 23) begin producing documents on a rolling basis with their production to be substantially completed by no later than September 13; and (3) pay SiteOne's attorneys' fees associated with SiteOne's motion to compel.

We do need to be clear about one thing. The search terms you provided are woefully inadequate and we will be sending you modified and additional search terms shortly for you all to run for hit counts. We do not agree that substantial completion for purposes of the consent order will be production of only the documents responsive to your current search terms.

If these terms are agreeable with the Vic Defendants, we will prepare the consent order consistent with these terms.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

---

**From:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Sent:** Tuesday, August 20, 2024 3:35 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan:

I tried calling you after you sent the below email, but you did not pick up. I left you a voicemail –

We strenuously disagree with the characterizations contained in your below email. We sent you an update on Friday that responses would be forthcoming, and you filed a motion on Monday without any further communication.

Notwithstanding the forgoing, I emailed you (and then called you) to resolve your motion in good faith. Your motion requests supplemental responses by August 23rd and for document production to be substantially completed by September 13th – we agree to both.

Accordingly, please confirm that the motion will be withdrawn by 12:00 PM tomorrow, August 21, 2024. Thanks -



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Tuesday, August 20, 2024 2:11 PM
**To:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel


Michael –

We will not be withdrawing our motion, and we have more than satisfied the Court's pre-motion conferral requirements. We've made extensive efforts over the past two months during calls, in letters, and in emails to spur the Vic Defendants into providing supplemental discovery responses and producing documents—all to no avail. Further conferences would only result in more unjustified delays.

There is no excuse (and none have been offered) for the Vic Defendants dragging their feet as they have. It is telling that even now, in the face of our motion, your email makes no mention of a document production when it has been more than two months since the Vic Defendants made their lone production of 17 documents. We will of course advise the Court if the Vic Defendants serve their supplemental discovery responses or produce documents before the Court issues a ruling on our motion.

By way of update, we have finished reviewing the initial 21,000 documents responsive to our search terms and the other approximately 4,000 documents that hit on the revised search terms we developed after our meetings with you all last month. We are finalizing the responsive documents from those sets for production and working on our privilege log. We are continuing to gather additional documents outside of that data, including our most sensitive ones identifying customers and financial information, which we plan to have in our next rolling

production. We still anticipate being substantially finished with our document production by the end of the month.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

---

**From:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Sent:** Monday, August 19, 2024 5:02 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** FW: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan:

We are receipt of SiteOne's below motion to compel which requests, among other things, that the Vic Defendants provide supplemental discovery responses by August 23rd.

This motion should be withdrawn – as it is both procedurally and substantively without merit. Initially, since our email on Friday, your office failed to contact us, or meet with us, to discuss prior to filing (certainly not by phone or in-person – as required by the Court's Part Rules). Substantively, we never intimated that we would not be providing supplemental discovery responses. To the contrary, on Friday, we provided you with an update that supplemental responses would be forthcoming. Had you picked up the phone, and asked if they would be received by August 23rd, the answer would have been "yes." Then, you would not have had to waste the parties' time and, more importantly, the Court's time, with needless motion practice.

Given that our response to your motion is due Friday, August 23, 2024, please confirm by 5:00 PM, tomorrow, August 20, 2024, that your motion will be withdrawn.



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com

www.rivkinradler.com



**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>
**Sent:** Monday, August 19, 2024 9:59 AM
**To:** nobody@nyed.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Gibbs, John on 8/19/2024 at 9:58 AM EDT and filed on 8/19/2024

| | |
|---|---|
| **Case Name:** | Siteone Landscape Supply, LLC v. Giordano et al |
| **Case Number:** | 2:23-cv-02084-GRB-SIL |
| **Filer:** | Siteone Landscape Supply, LLC |
| **Document Number:** | 141 |

**Docket Text:**
**Letter MOTION to Compel** *and for Sanctions Against Defendants Victor Caroleo; Nicholas Giordano; Narrow Way Realty Ltd.; Narrow Way 2 LLC; Scapes Supply LLC; Neway Management; and Group 5 Associates Ltd.* **by Siteone Landscape Supply, LLC. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4, # (5) Exhibit 5, # (6) Exhibit 6, # (7) Exhibit 7, # (8) Exhibit 8) (Gibbs, John)**

**2:23-cv-02084-GRB-SIL Notice has been electronically mailed to:**

Colleen O'Neil     colleen@mllaborlaw.com

Daniel E. Gorman     daniel.gorman@troutman.com

Emanuel Kataev     emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, ekesq2014@recap.email

John Sikes Gibbs , III     evan.gibbs@troutmansanders.com, rachael.best@troutman.com

Julie Elizabeth Cohen     julie.cohen@skadden.com, julie-cohen-0764@ecf.pacerpro.com

Kenneth Adam Novikoff     ken.novikoff@rivkin.com

Kevin Patrick Mulry     kmulry@farrellfritz.com, courtnotifications@farrellfritz.com

Matthew Adler     matt.adler@troutman.com

Michael Charles Mule     michaelmule@mllaborlaw.com

Michael Neal Impellizeri     michael.impellizeri@rivkin.com, impellizerim@gmail.com

Nicole Marie Koster     nkoster@mllaborlaw.com

Richard Johannesen     r.johannesen@johannesenlaw.com

Saul D. Zabell     SZabell@laborlawsny.com, SZabell@ecf.courtdrive.com

**2:23-cv-02084-GRB-SIL Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-0]
[cfc15defebea0a25aebffbe8273154f4cc10faca0709b76d9e015b980f63bfed5815
fb2dea4aef39ec22eb610025f61ae90e952ddecdaaf83bcf0a0707b93d05]]
**Document description:**Exhibit 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-1]
[f1847a4eab5e8c9fad56425bf5f2c7e8822653536b67d56aa7674ede56e92b2982a5
3dbdcac85304e7f3a230a97d5407e3c3a8621c5a93a2f5620a674bcde7f1]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-2]
[b0b3fccb856b26eb32b6cd7c07f6f3734f3086af8eac4f1d278fb6294c05f4f3a5c9
3c61a908d0a3a31c54493d84553f93b4288161d26c09bea5284f8939f3ce]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-3]
[4708182b08ec76b16e6e4bbd0ae8f53b9146b99573ea010063783107663f4c8cfbc9
050878640aecc54e647efae41b56157ae2cb89f7b198d1415a085c210b52]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-4]
[6af5c96af27cd1f73d11c12fbc0c7e3fe52d0e3067cedd6b12cc3cf51fae09793d87
77647c379a8650d8713d28c4a78970fcb9c7036f6653f0bca4edcfbc76ac]]
**Document description:**Exhibit 5
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-5] [5869f368abdfb5fa6a2c644042d8eb46864774304f391e238a7353b2a8ecf4184964 a9a59d0e25c8faec1e478994f443efde6b3b8772d5a4b3b80e1c11ceb6a6]]
**Document description:** Exhibit 6
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-6] [4810d01daa246699951909fa5ef7b0ce5f56efe54d1ff799ad406007f4d577fd8009 b96d52ff37dba2b418813086677f50b32563cee03dc840566c999abf9a28]]
**Document description:** Exhibit 7
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-7] [a5785b1244abcc1ac3fa342b634f23d6e05de342335e83e0fd430f4d238f5f31aec6 87b85bdbfa682b3bb89a7391d270bfefd27cc4d5466e9ed1334cbc81200d]]
**Document description:** Exhibit 8
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-8] [01db1a9348bbd263aef7ed0fc594c92212dde05eae96d5256c07c4784c9a3d73f2e8 d34335b2ec479ebd0cfba00c3f1c31e07e730fda253cad17a80e21f5d338]]

NOTICE: This message may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately and delete this message. See: http://www.rivkinradler.com/disclaimer-electronic-communications/ for further information on confidentiality.

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.



WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

MICHAEL IMPELLIZERI
(516) 357-3118
michael.impellizeri@rivkin.com

August 21, 2024

VIA ELECTRONIC MAIL
J. Evan Gibbs, Esq.
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Email:  evan.gibbs@troutman.com

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
      Civil Action No.  2:23-cv-02084-GRB-ST

Dear Mr. Gibbs:

As you know, Rivkin Radler LLP represents Defendants, Victor Caroleo, ("Victor"), Narrow Way Realty, Ltd., ("Narrow Way"), Nicholas Giordano, ("Nicholas"), Narrow Way 2, LLC., ("NW2"), Group 5 Associates, Ltd., ("Group 5"), Scapes Supply, LLC, ("Scapes"), and Neway Management, LLC, ("Neway")(collectively, the "Vic Defendants") in the above-referenced action.

We write concerning material deficiencies in SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") discovery responses. Specifically, Plaintiff's responses and objections to the Vic Defendants' First Set of Interrogatories, dated June 10, 2024, and Plaintiff's responses and objections to the Vic Defendants' document demands, dated June 10, 2024[1].

**PLAINTIFF'S RESPONSES TO THE VIC DEFENDANTS' INTERROGATORIES**

- Interrogatory No. 2 requested Plaintiff identify vendors and/or suppliers of nursery and/or landscaping related product of specified SiteOne locations. Plaintiff refused to respond to this interrogatory, despite alleged misappropriation of vendor lists being front and center of Plaintiff's purported claims. This response must be amended.

- Interrogatory No. 3 requested Plaintiff describe each occurrence to which Plaintiff contends constitutes aiding and abetting of a breach of fiduciary duty by each Defendant.

---

[1] Upon information and belief, Plaintiff mislabeled the title of Plaintiff's responses and objections to the Vic Defendant's Document Demands – incorrectly titling the document as responses and objections to document demands of other parties.

1

Plaintiff objected, but nonetheless provided an insufficient response, as it was bereft of even basic allegations to form cognizable claims for misappropriation and breach of fiduciary duty. This response must be amended to include, among other things, what confidential information and trade secrets SiteOne claims Defendants were entrusted with by SiteOne, and particularize which were allegedly misappropriated.

- Interrogatory Request No. 12 requested Plaintiff identify the legacy Garden Department employees that noticed Nick Giordano was upset about Don Caroleo leaving the company. Plaintiff objected but nonetheless provided an insufficient response. This response must be supplemented to definitively identify such individuals.

- Interrogatory Request No. 14 requested Plaintiff identify the legacy Garden Department employees Plaintiff regularly made comments to, to portray the company in a bad light. Plaintiff objected and nonetheless provided an insufficient response. This response must be supplemented to definitively identify such individuals.

- Interrogatory Requests Nos. 15, 16, 18, 21, 23-25 - Plaintiff failed to respond to these basic interrogatory requests. Instead, Plaintiff merely stated it will supplement its response(s). More than two months have passed since Plaintiff represented that it would supplement its responses.

Please confirm the foregoing will be supplemented and/or amended by no later than **August 28, 2024**. If Plaintiff intends to stand any of its objections in the foregoing deficient responses, please advise of your availability for a meet and confer.

**PLAINTIFF'S RESPONSES TO THE VIC DEFENDANTS' DOCUMENT REQUESTS**

I.   **Plaintiff's Improper Blanket Objections to Certain Document Requests**

- Document Request No. 7 requested documents related to acquisitions by SiteOne of other nursery and/or landscaping supply companies in the specified geographical region. The framework of SiteOne's acquisition of the Garden Department is front and center of this action. Documents related to other similar acquisitions, including, without limitation, non-compete agreements, and the acquisition and maintenance of purported trade secrets and confidential information, are discoverable.

- Document Requests No. 20 and 21 requested documents relating to allegations contained in paragraph #21 of Plaintiff's Amended Complaint. It strains credulity for SiteOne to object to these requests as irrelevant to the claims and defenses in this action, when it is an allegations made by SiteOne in its pleadings.

- Document Request No. 38 requested documents regarding allegations in ¶56 of Plaintiff' Amended Complaint, including communications with and/or among SiteOne employees concerning Plaintiff's allegation that Giordano attempted to steal information by way of an

2

external drive plugged into Casper's computer. Documents related to specific allegations in Plaintiff's Amended Complaint are clearly discoverable.

- Document Request No. 39 requested documents regarding allegations in ¶57 of Plaintiff's Amended Complaint, including Plaintiff's allegation that Nick Giordano began speaking negatively about SiteOne to his fellow employees to portray the company in a bad light. Again, Documents related to specific allegations in Plaintiff's Amended Complaint are clearly discoverable.

- Document Request Nos. 46-48 requested, among other things, documents received from John Hopkins, and communications between Plaintiff and John Hopkins. Plaintiff objected claiming that responsive documents would include the production of attorney-client communications or documents/information protected by the work-product doctrine. Plaintiff provides no basis for such privileges (or a privilege log). Further, as a non-party, fact witness, whom Plaintiff offered the testimony of in support of this action, these documents and communications are not protected by attorney-client privilege, or the work produce doctrine.

- Document Request No. 60 requested documents related to SiteOne's claimed loss of business and damages in this action. Plaintiff objected to this demand and posited that it will not be producing documents responsive to this request. Clearly, if SiteOne is claiming it has been damaged in this action, documents related to same are discoverable.

- Document Request No. 62 requested documents related text messages between SiteOne employees and named defendants (1) Victor Caroleo; (2) Nicholas Giordano; and (3) Dominick Caroleo. Communications between the SiteOne and Defendants are discoverable. SiteOne's claim that it has no obligation to search for responsive communications is not simply incorrect.

- Document Request No. 63 requested, among other things, documents concerning any investigation by or on behalf of SiteOne concerning the subject matter of the Amended Complaint. Plaintiff objected to the request "in its entirety" and referred to "documents produced in response to other requests." SiteOne's objection and response are both palpably improper. If SiteOne completed investigations (or caused investigations to be completed) concerning the subject matter of this action, then documents and communications related to such investigations are discoverable and should be produced.

Please confirm the foregoing responses will be supplemented and/or amended by no later than **August 28, 2024**, and that Plaintiff will produce documents in response to such requests. If Plaintiff intends to stand any of its objections in the foregoing deficient responses, please advise of your availability for a meet and confer.

### II. Documents Plaintiff Represented It Will Produce, But Has Not Produced.

Plaintiff represented that it would be producing documents responsive to Request Nos. 1-6, 8, 9, 16-19, 22-37, 40-42, 44, 50, 52-54, 58-59, and 61. It has now been more than two months

3

since Plaintiff agreed to produce documents responsive to these requests and, to date, Plaintiff has failed to produce any such documents. Please confirm by **August 28, 2024**, that such documents will be produced by a date certain.

### III. Documents Plaintiff Represented It Will Produce That It Discovers During Litigation

In response to Request Nos. 10-15, 43, 45, 55, and 56, Plaintiff represented that it was not aware of documents responsive to such requests, but that it will produce responsive documents "that it discovers during this litigation."

Please confirm by **August 28, 2024** whether SiteOne will be producing documents responsive to these requests. If not, please confirm by such date that SiteOne is not in possession of any documents responsive to such requests and detail the efforts undertaken by SiteOne to search for responsive documents.

### IV. Other Deficiencies in Plaintiff's Responses to Document Requests

Document Request No. 49 requested, among other things, communications with the Town of Bookhaven or its representatives. Plaintiff's response stated that it was "currently unaware of any documents that are responsive to this request in its possession, custody, or control." Please detail what efforts were undertaken to search for documents responsive to this request, and otherwise explain how Plaintiff is unaware of responsive documents in its possession, but somehow submitted documents in this very action that it received from the Town of Brookhaven.

In response to Document Request Nos. 36, 37, and 50 – Plaintiff responded that it will produce responsive documents, but also that is not aware of any responsive documents in its possession, custody or control. Please clarify which position Plaintiff is taking – i.e., that it will produce responsive documents, or that it does not have responsive documents.

Please confirm by **August 28, 2024** that the Document Request Nos. 49, 36, 37, and 50 will be amended.

If you do not intend to supplement any of the foregoing responses by the date(s) provided, then please advise of your availability for a meet and confer on these issues.

All rights reserved.

Very truly yours,

**RIVKIN RADLER LLP**

*/s/ Michael N. Impellizeri*

Michael N. Impellizeri, Esq.

cc: All counsel of record via email.

4