# EXHIBIT G

| | |
|---|---|
| **From:** | Michael N. Impellizeri |
| **Sent:** | Thursday, August 22, 2024 5:20 PM |
| **To:** | Gibbs, J. Evan |
| **Cc:** | Gorman, Daniel E.; kmulry@FarrellFritz.com; Kent, Paris L.; Krystal B. Armstrong; Ken Novikoff; Michael Mule; Nicole Koster |
| **Subject:** | RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel |

Evan:

First, we will repeat the answers to the first two questions in your below email – 1) as detailed in our initial responses, reiterated during numerous meet and confers, and again stated in my email of just yesterday, SiteOne's requests were grossly overbroad and palpably improper; and 2) (assuming you meant supplemental discovery <u>responses</u> and not "requests") - as stated in my emails to you on August 16th, 19th, and 20th, we agreed to serve them by August 23rd.

With respect to SiteOne's blatant discovery deficiencies, I am confused as to why you would need to spend "significant time" to understand them. I would refer you to the letter we sent yesterday outlining the deficiencies, and then to SiteOne's discovery responses.

If you ever decide to return my phone call, I would be happy to go through them with you. Though, I think they are quite self-evident. Since you will not return my phone call, and apparently have no desire to engage in good faith discussions to resolve basic discovery issues, I will provide you with some additional context on the examples in my email.

SiteOne's responses to the interrogatory and document requests identified in my email (versus the additional requests identified in the letter), are simply the requests that SiteOne already stated it would supplement and/or provide responsive documents – but, to date, has failed to do so. For example, Interrogatory Request No. 15 requested the name and contact information of the "customer" referenced in ¶58 of the Amended Complaint. SiteOne responded that: "SiteOne is working to provide the requested information **and will supplement this response** once that information is available." Two months later, SiteOne has still not supplemented this response, despite representing that it would supplement the response to provide, what should be, readily accessible information (same for the other interrogatories identified). Similarly, in SiteOne's responses to the Vic Defendants' document requests, it represented that it would produce responsive documents to thirty-nine (39) separate document requests and, to date, it has not.

As far as the Vic Defendants "openly compet[ing] against SiteOne despite the serious allegations raised in the Complaint against them," you may correct me if I am mistaken, but I do not believe there was ever an injunction issued preventing them from competing. While you may characterize the allegations as "serious," in reality, they are meritless. It has been nearly eighteen (18) months since SiteOne commenced this action, and SiteOne has still failed to identify a single trade secret or piece of confidential information that it claims were misappropriated, much less substantiate how such documents or information were trade secrets or confidential to begin with.

In connection with the search terms, our letter details which document requests SiteOne represented that it would produce documents in response to. You can simply cross-reference these against the insufficient search terms you provided on August 2nd. It should, I hope, take you less than a minute to understand.

Finally, these are not "false" or misleading statements. Rather, they are objectively verifiable facts. So, your threats ring hollow. Thanks -



Michael N. Impellizeri
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Thursday, August 22, 2024 10:32 AM
**To:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

Michael –

We are disappointed you would not agree to a consent order, given the significant issues raised by our motion. In any event, most of your email leaves us at best confused, and at worst concerned that you are significantly confusing the issues and may mislead the Court. Due to this serious concern, we spent significant time combing through the new issues you raised yesterday for the first time and address each separately below so there is a clear record.

Overall, your messages show that the Vic Defendants have no answers to the questions, "Why have the Vic Defendants not produced documents (and when will they do so), and why haven't the Vic Defendants served supplemental discovery requests?" Instead of answering those questions—which are the only issues presented by our motion to compel—it appears the Vic Defendants' strategy is to counter with untrue and inaccurate representations about SiteOne's discovery efforts to try and deflect.

With that being said, here are our responses to the two key points from your email.

<u>Issue 1</u>:

The first issue is with the following two patently false statements:

- "For example, with respect to SiteOne's interrogatory responses, ***despite SiteOne's representations more than two (2) months ago***, we have not received any supplemented responses to interrogatory requests 15, 16, 18, 21, 23, 24, and 25."

- "For further example, with respect to SiteOne's responses to document requests, ***despite SiteOne representation more than two (2) months ago*** that it would produce documents in response to thirty-nine (39) separate document requests – to date, no such responsive documents have been received."

We have no idea what "representations" you are referencing. Your deficiency e-mail below (and attached letter) is the first and only time that the Vic Defendants have identified any issues with SiteOne's responses and objections to the Vic Defendants' discovery requests. We have not made any "representations" about supplementing our responses to the Vic Defendants' discovery requests because the Vic Defendants <u>never</u> previously identified any issues. We categorically reject these statements.

Instead, the Vic Defendants (who continue to openly compete against SiteOne despite the serious allegations raised in the Complaint against them) have been largely watching discovery in this case from the sidelines while refusing to engage.

We sent all Defendants a detailed deficiency memorandum with respect to Defendants' responses to SiteOne's discovery requests on June 18. We met and conferred on June 24 and 28, and July 11, 12, 18, and 19 about Defendants' responses to SiteOne's discovery requests. The Don Defendants sent their deficiency letter with respect to SiteOne's responses to the Don Defendants' discovery requests on June 28. We responded in writing to many of the issues they identified, and I met and conferred with Mike Mule on July 25 and 26 with regard to SiteOne's responses to the Don Defendants' discovery requests.

What's missing from this timeline—until yesterday—is any letter or email from the Vic Defendants identifying deficiencies in SiteOne's responses to the Vic Defendants' discovery requests. We have thus never met and conferred over your clients' discovery requests; we have never stated (or even indicated) that we would be supplementing any of those responses; and we have thus not made any "representations" (whether two months ago or at any other time) about providing supplemental responses to the Vic Defendants' discovery requests. We are thus seriously concerned with these false statements.

Issue 2:

The second and equally concerning issue is with the following statement:

- "With respect to search terms, SiteOne did not even include search terms for nineteen (19) of the thirty-nine (39) separate document requests that SiteOne represented it would produce responsive documents."

It is again entirely unclear what you are referencing in this statement.

On July 25, we sent all Defendants a spreadsheet containing the search terms SiteOne had applied as of that date. We then had two meet and confer calls on July 25 and 26 to discuss the deficiencies that the Don Defendants had identified in SiteOne's responses to the Don Defendants' discovery requests. During those calls, me, you, and Mike Mule discussed SiteOne's search terms. Mike Mule identified several additional specific RFPs he wanted search terms applied for, and we discussed those. You specifically asked during that discussion for SiteOne to search for Don's, Vic's, and Nick's names starting in March 2023. I told you and Mike that I would put together a set of additional terms (and fix the one Mike identified as misspelled in our original set) and would have a hit count report generated.

Consistent with that discussion, I developed a set of additional search terms and generated a hit count report. I sent the updated spreadsheet with the hit counts to all Defendants on August 2. That list included the search term you expressly requested at line 17. In my letter which accompanied the updated terms, I stated which sets of documents we were willing to review which hit on the new terms. I also expressly stated in my letter that we were not going to review the documents which hit on line 17 because it generated more than 46,000 hits. With respect to the other search terms, I identified which ones we were willing to review and the other two that we were not (due to high hit counts). We have now completed our review of the documents which hit on the original and updated search terms and are working to produce the remaining documents shortly.

Other than our discussions via video call on July 25 and 26, neither you nor anyone else representing the Vic Defendants has made any specific objection whatsoever to SiteOne's search terms.

You are certainly free to raise whatever objections or issues you like in response to SiteOne's motion, but it must be made abundantly clear that the Vic Defendants are raising those objections and issues for the first time now and not at some point in the past.

3

For the avoidance of doubt, to the extent any of these false or misleading statements are raised in the Vic Defendants' reply to SiteOne's motion, we plan to provide the Court with a copy of this correspondence and will move to strike the Vic Defendants' response and seek additional sanctions.

**J. Evan Gibbs**
Partner
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

---

**From:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Sent:** Wednesday, August 21, 2024 2:40 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan:

You have still not returned my call. The Vic Defendants have been more than cooperative in discovery, and I personally spent hours on meet and confers with you trying to redress SiteOne's grossly overbroad and, frankly, palpably improper discovery requests.

As detailed in the attached letter, SiteOne is the party that has fallen woefully short of its discovery obligations. For example, with respect to SiteOne's interrogatory responses, despite ***SiteOne's representations more than two (2) months ago***, we have not received any supplemented responses to interrogatory requests 15, 16, 18, 21, 23, 24, and 25.

For further example, with respect to SiteOne's responses to document requests, despite ***SiteOne representation more than two (2) months ago*** that it would produce documents in response to thirty-nine (39) separate document requests – to date, no such responsive documents have been received.

With respect to search terms, SiteOne did not even include search terms for nineteen (19) of the thirty-nine (39) separate document requests that SiteOne represented it would produce responsive documents.

We disagree that our search terms are inadequate – perhaps you should explain the basis for that characterization, so that there can be a meaningful dialogue to address your concerns.

With respect to your "proposal" to resolve the motion, the same is rejected. We will be requesting costs as a result of SiteOne's frivolous motion practice and baseless refusal to withdraw.



Michael N. Impellizeri
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Wednesday, August 21, 2024 1:26 PM
**To:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

Michael –

We appreciate your willingness to agree to our requested relief. But we will not agree to withdraw our motion because, candidly, we do not think the Vic Defendants will cooperate in discovery absent an order from the Court. The Vic Defendants already represented to us—and expressly to the Court—that they would be producing a lot of documents and quickly. That was at the hearing on May 30 and now almost three months gone. This did not occur.

That being said, SiteOne is agreeable to a consent order requiring the Vic Defendants to: (1) provide all supplemental discovery responses by August 23; (2) immediately (by August 23) begin producing documents on a rolling basis with their production to be substantially completed by no later than September 13; and (3) pay SiteOne's attorneys' fees associated with SiteOne's motion to compel.

We do need to be clear about one thing. The search terms you provided are woefully inadequate and we will be sending you modified and additional search terms shortly for you all to run for hit counts. We do not agree that substantial completion for purposes of the consent order will be production of only the documents responsive to your current search terms.

If these terms are agreeable with the Vic Defendants, we will prepare the consent order consistent with these terms.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

**From:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Sent:** Tuesday, August 20, 2024 3:35 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>

**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan:

I tried calling you after you sent the below email, but you did not pick up. I left you a voicemail –

We strenuously disagree with the characterizations contained in your below email. We sent you an update on Friday that responses would be forthcoming, and you filed a motion on Monday without any further communication.

Notwithstanding the forgoing, I emailed you (and then called you) to resolve your motion in good faith. Your motion requests supplemental responses by August 23rd and for document production to be substantially completed by September 13th – we agree to both.

Accordingly, please confirm that the motion will be withdrawn by 12:00 PM tomorrow, August 21, 2024. Thanks -



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
**D** 516.357.3118 **T** 516.357.3000 **F** 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Tuesday, August 20, 2024 2:11 PM
**To:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** RE: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

Michael –

We will not be withdrawing our motion, and we have more than satisfied the Court's pre-motion conferral requirements. We've made extensive efforts over the past two months during calls, in letters, and in emails to spur the Vic Defendants into providing supplemental discovery responses and producing documents—all to no avail. Further conferences would only result in more unjustified delays.

There is no excuse (and none have been offered) for the Vic Defendants dragging their feet as they have. It is telling that even now, in the face of our motion, your email makes no mention of a document production when it has been more than two months since the Vic Defendants made their lone production of 17 documents. We will of course advise the Court if the Vic Defendants serve their supplemental discovery responses or produce documents before the Court issues a ruling on our motion.

By way of update, we have finished reviewing the initial 21,000 documents responsive to our search terms and the other approximately 4,000 documents that hit on the revised search terms we developed after our meetings with you all last month. We are finalizing the responsive documents from those sets for production and working on our privilege log. We are continuing to gather additional documents outside of that data, including our most sensitive ones identifying customers and financial information, which we plan to have in our next rolling production. We still anticipate being substantially finished with our document production by the end of the month.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

---

**From:** Michael N. Impellizeri <Michael.Impellizeri@rivkin.com>
**Sent:** Monday, August 19, 2024 5:02 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; kmulry@FarrellFritz.com; Kent, Paris L. <Paris.Kent@troutman.com>; Krystal B. Armstrong <Krystal.Armstrong@rivkin.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** FW: [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan:

We are receipt of SiteOne's below motion to compel which requests, among other things, that the Vic Defendants provide supplemental discovery responses by August 23rd.

This motion should be withdrawn – as it is both procedurally and substantively without merit. Initially, since our email on Friday, your office failed to contact us, or meet with us, to discuss prior to filing (certainly not by phone or in-person – as required by the Court's Part Rules). Substantively, we never intimated that we would not be providing supplemental discovery responses. To the contrary, on Friday, we provided you with an update that supplemental responses would be forthcoming. Had you picked up the phone, and asked if they would be received by August 23rd, the answer would have

been "yes." Then, you would not have had to waste the parties' time and, more importantly, the Court's time, with needless motion practice.

Given that our response to your motion is due Friday, August 23, 2024, please confirm by 5:00 PM, tomorrow, August 20, 2024, that your motion will be withdrawn.



**Michael N. Impellizeri**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3118 T 516.357.3000 F 516.357.3333
Michael.Impellizeri@rivkin.com
www.rivkinradler.com



**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>
**Sent:** Monday, August 19, 2024 9:59 AM
**To:** nobody@nyed.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered by Gibbs, John on 8/19/2024 at 9:58 AM EDT and filed on 8/19/2024

| | |
|---|---|
| **Case Name:** | Siteone Landscape Supply, LLC v. Giordano et al |
| **Case Number:** | 2:23-cv-02084-GRB-SIL |
| **Filer:** | Siteone Landscape Supply, LLC |
| **Document Number:** | 141 |

**Docket Text:**
**Letter MOTION to Compel** *and for Sanctions Against Defendants Victor Caroleo; Nicholas Giordano; Narrow Way Realty Ltd.; Narrow Way 2 LLC; Scapes Supply LLC; Neway Management; and Group 5 Associates Ltd.* **by Siteone Landscape Supply, LLC. (Attachments:**

8

# (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4, # (5) Exhibit 5, # (6) Exhibit 6, # (7) Exhibit 7, # (8) Exhibit 8) (Gibbs, John)

**2:23-cv-02084-GRB-SIL Notice has been electronically mailed to:**

Colleen O'Neil     colleen@mllaborlaw.com

Daniel E. Gorman     daniel.gorman@troutman.com

Emanuel Kataev     emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, ekesq2014@recap.email

John Sikes Gibbs , III     evan.gibbs@troutmansanders.com, rachael.best@troutman.com

Julie Elizabeth Cohen     julie.cohen@skadden.com, julie-cohen-0764@ecf.pacerpro.com

Kenneth Adam Novikoff     ken.novikoff@rivkin.com

Kevin Patrick Mulry     kmulry@farrellfritz.com, courtnotifications@farrellfritz.com

Matthew Adler     matt.adler@troutman.com

Michael Charles Mule     michaelmule@mllaborlaw.com

Michael Neal Impellizeri     michael.impellizeri@rivkin.com, impellizerim@gmail.com

Nicole Marie Koster     nkoster@mllaborlaw.com

Richard Johannesen     r.johannesen@johannesenlaw.com

Saul D. Zabell     SZabell@laborlawsny.com, SZabell@ecf.courtdrive.com

**2:23-cv-02084-GRB-SIL Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-0]
[cfc15defebea0a25aebffbe8273154f4cc10faca0709b76d9e015b980f63bfed5815
fb2dea4aef39ec22eb610025f61ae90e952ddecdaaf83bcf0a0707b93d05]]
**Document description:** Exhibit 1
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-1]
[f1847a4eab5e8c9fad56425bf5f2c7e8822653536b67d56aa7674ede56e92b2982a5
3dbdcac85304e7f3a230a97d5407e3c3a8621c5a93a2f5620a674bcde7f1]]
**Document description:** Exhibit 2
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-2]
[b0b3fccb856b26eb32b6cd7c07f6f3734f3086af8eac4f1d278fb6294c05f4f3a5c9
3c61a908d0a3a31c54493d84553f93b4288161d26c09bea5284f8939f3ce]]

**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-3] [4708182b08ec76b16e6e4bbd0ae8f53b9146b99573ea010063783107663f4c8cfbc9050878640aecc54e647efae41b56157ae2cb89f7b198d1415a085c210b52]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-4] [6af5c96af27cd1f73d11c12fbc0c7e3fe52d0e3067cedd6b12cc3cf51fae09793d8777647c379a8650d8713d28c4a78970fcb9c7036f6653f0bca4edcfbc76ac]]
**Document description:**Exhibit 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-5] [5869f368abdfb5fa6a2c644042d8eb46864774304f391e238a7353b2a8ecf4184964a9a59d0e25c8faec1e478994f443efde6b3b8772d5a4b3b80e1c11ceb6a6]]
**Document description:**Exhibit 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-6] [4810d01daa246699951909fa5ef7b0ce5f56efe54d1ff799ad406007f4d577fd8009b96d52ff37dba2b418813086677f50b32563cee03dc840566c999abf9a28]]
**Document description:**Exhibit 7
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-7] [a5785b1244abcc1ac3fa342b634f23d6e05de342335e83e0fd430f4d238f5f31aec687b85bdbfa682b3bb89a7391d270bfefd27cc4d5466e9ed1334cbc81200d]]
**Document description:**Exhibit 8
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/19/2024] [FileNumber=19229066-8] [01db1a9348bbd263aef7ed0fc594c92212dde05eae96d5256c07c4784c9a3d73f2e8d34335b2ec479ebd0cfba00c3f1c31e07e730fda253cad17a80e21f5d338]]

---

NOTICE: This message may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately and delete this message. See: http://www.rivkinradler.com/disclaimer-electronic-communications/ for further information on confidentiality.

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.