# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 23, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

>   **Re:**   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
>            Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp., 3670 Route 112, LLC, and 9 4th St., LLC (collectively the "Don Defendants"), we write in opposition to Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") motion to quash two subpoenas issued by the Don Defendants to Wells Fargo Bank, N.A. and JP Morgan, Chase Bank, N.A. (collectively the "Bank Subpoenas"), respectively. *See* ECF No. 142, Exs. "A", "B".[1] SiteOne's motion should be denied.

SiteOne's motion is the height of hypocrisy. SiteOne, a $7 billion landscape supply company, has engaged in a campaign to harass and bully the Don Defendants with the equivalent of fiscal "body exams" through "fishing expeditions" consisting of overbroad demands and subpoenas.[2] Even so, SiteOne moves to block the Don Defendants from seeking evidence relevant to their defense.

By way of background, SiteOne terminated Don in October 2022. In February 2023, SiteOne and Don entered into a confidential separation agreement (the "CSA"). Then in March 2023 – with the ink on the CSA barely dry – SiteOne commenced this action against the Don Defendants and others, including Don's father, co-defendant Victor Caroleo ("Vic"). The claims against the Don

---

[1] The Bank Subpoenas seek two categories of records - "Category No. 1" and "Category No. 2". The Don Defendants have agreed to withdraw Category No. 2, without prejudice. Accordingly, only the Category No. 1 request is at issue. What is more, Category No. 2 seeks records reflecting payments from SiteOne to two groups, one group of employees that is addressed herein, and a second group connected to Don's termination from SiteOne, which is not addressed herein. SiteOne's does not, at this time, move to quash the Bank Subpoenas in connection with the second group and therefore, the Don Defendants reserve their right to oppose any motion to quash with respect to the second group when and if SiteOne moves to quash that portion of the Bank Subpoenas.

[2] For example, after subpoenaing Don's Webster Bank records, SiteOne then issued subpoenas for Don's individual Morgan Stanley investment account (although Don had already produced redacted records showing all transactions between him and all Defendants), as well as Don's individual Citibank and Charles Schwab accounts, purportedly based on a single transaction from January 2020 (likely from SiteOne's own payment to Garden Dept. as part of the Asset Purchase Agreement (the "APA"), which has absolutely zero relevance to this case). The parties have met and conferred regarding these harassing subpoenas, and, if they are not withdrawn, the Don Defendants intend to move to quash the subpoenas.

Hon. Steven I. Locke, U.S.M.J
Page 2 of 4

Defendants are predicated on a SiteOne "theory" (unsupported by any facts or evidence) that Don violated the restrictive covenant in the APA by, somehow, aiding Vic and co-defendant Nick Giordano ("Nick") with their landscape supply business – despite Vic and Nick together having 75 years of experience in the landscape supply business and despite being highly capable of running a landscape supply business on their own.[3] In keeping with the fact that SiteOne's claims against the Don Defendants are predicated on "theory", not facts or evidence, the Amended Complaint is primarily supported by vague hearsay and double-hearsay-riddled allegations against Don, that were provided by SiteOne's own self-interested employees.[4] What is more, after 17 months of litigation, SiteOne has not produced one iota of evidence that Don acted in competition.[5]

**The Bank Subpoenas are Narrowly Tailored**

Against this backdrop, the Don Defendants maintain that Don's termination and the commencement of this action just one month after the CSA was executed, are connected events and part of SiteOne's campaign to harass Don and anyone associated with Don. Accordingly, in an effort to develop evidence to defend the Don Defendants, the Bank Subpoenas seek a <u>narrow, targeted subset</u> of SiteOne's corporate bank accounts, i.e., records from the limited time period of January 1, 2022 to the present, that reflect payments from SiteOne to the particular SiteOne employees who made the above-referenced scant allegations, *i.e.*, Anthony Catalano, Gerard Passaro, Alex Trauma, Brian Kernowski and Phil Sausto (collectively the "Site One Employees"). SiteOne's contention that the Bank Subpoenas are overbroad because they will "produce records reflecting the payroll of all SiteOne employees nationwide" fails to account for the fact that the Bank Subpoenas are, in fact, narrowly tailored to only seek records for the SiteOne Employees.[6]

**The Bank Subpoenas Seek Relevant Information**

The party issuing a subpoena must demonstrate the relevance of the documents it seeks. *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y.

---

[3] Notably, neither Vic nor Nick is bound by any restrictive covenants.

[4] *See, e.g.,* ECF No. 22, ¶6 ("two [ ] SiteOne customers with whom [Sausto] works regularly told [Sausto] that Mr. Caroleo and Mr. Giordano were starting a new nursery."); ECF No. 19, ¶10 (Passaro "was told by [his] long-time co-worker [Sausto] that he was told by a[n unnamed] SiteOne customer that Don Caroleo was in the process of starting a nursery business on the property located at 38 Yaphank Middle Island Road, Middle Island, NY."); ECF No. 16, ¶9 (According to Catalano, "an [unnamed] customer reported to a SiteOne employee (Phil Sausto) that Mr. Caroleo was opening a new nursery business."); ECF No. ¶4 ("On one occasion, Don told [Kernowski] that he had purchased land near SiteOne's Corman New York location and that he had decided to open a nursery business after his contract with SiteOne 'expired'".)(quote in original).

[5] This is not to mention that SiteOne never had a good faith basis to name Garden Dept., 3670 Route 112, and 9 4th St. in this litigation, as evidenced by the fact that the only allegations pertaining to those entities are that Don is the sole owner, that Garden Dept. sold its assets, and that the other two entities own real estate that is leased to SiteOne. (ECF No. Doc. 55, ¶¶10, 12, 13, 23-24, 34-35, 126).

[6] In fact, the two cases that SiteOne cites to in support of its argument that the Bank Subpoenas should be quashed because they are purportedly overbroad, are inapposite. In *Solow v. Conseco, Inc.*, 2008 U.S. Dist. LEXIS 4277, at *14 (S.D.N.Y. 2008), the Court granted a motion to quash a subpoena because that subpoena sought documents that had "little or no relevance to the claims and defenses in [the] action, while having potential value to [movant] in his . . . competitive relationship with the [non-party target of the subpoena]". In *Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068, the subpoenas at issue were quashed based on the fact that "they target information regarding matters that have been stricken from the . . . complaint."

2017). Subpoenas seeking targeted records concerning a defendant's defense are relevant and discoverable. *See, e.g., City of Almaty v. Ablyazov,* 2017 U.S. Dist. LEXIS 237799, at *8 (S.D.N.Y. 2017)(declining to quash subpoena for records "directly relevant to the Defendants' defenses"). Here, records reflecting payments from SiteOne to the SiteOne Employees are directly relevant to the Don Defendants' defense as they will tend to show the nature of the financial relationship between SiteOne and the SiteOne Employees, and, in particular, whether SiteOne paid any SiteOne Employees compensation in exchange for participation in its harassment campaign. Such records would illuminate the credibility of the SiteOne Employees' allegations. SiteOne also contends that the Bank Subpoenas should be quashed because there purportedly is no evidence indicating payments in exchange for participation.[7] However, so long as the subpoenaed records would, if they exist, be relevant to the subpoenaing party's defense, the fact that there is no definitive proof that such records do, in fact, exist, is not fatal to a subpoena. *See e.g. Padilla v. Sacks & Sacks, LLP*, 2021 U.S. Dist. LEXIS 184557, at *7 (S.D.N.Y. 2021)(declining to quash a subpoena for documents that only might exist because, "to the extent that any such [documents] exist, they may speak to Plaintiff's motive and/or credibility in filing the instant lawsuit against Defendants").

Once relevance has been established, the party moving to quash bears the burden of demonstrating that the subpoena is overbroad, duplicative, and/or unduly burdensome. *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 U.S. Dist. LEXIS 77018, at *14 (S.D.N.Y. 2008). In this case, Plaintiff seeks to justify curtailing discovery by claiming that it has offered a less intrusive means of obtaining the targeted information, i.e., "[e]mployees' payroll, bonuses, and raises", along with "unequivocal written confirmation" that no other payments were made to the SiteOne Employees. However, it is highly doubtful that the documents proffered by SiteOne would reflect any illicit payments made in exchange for cooperation – and it is more likely that such payments would be reflected in bank records. What is more, the Don Defendants should not be required to settle for SiteOne's self-interested declaration that it did not pay any illicit compensation. Indeed, SiteOne cites to no authority in support of its argument that the Don Defendants should be so required.

Accordingly, SiteOne's motion to quash the Bank Subpoenas should be denied.

Thank you for your attention to this matter.

---

[7] It is worth noting that this is the proverbial "pot calling the kettle black". As the Court is aware, federal jurisdiction in this case rests entirely upon SiteOne's allegations of misappropriation of trade secrets in violation of the Trade Secrets Act and violation of the Computer Fraud and Abuse Act. However, to date, SiteOne has not produced one iota of evidence to support either of these federal claims, including not even producing basic evidence from which the Don Defendants can identify what trade secrets they purportedly misappropriated, even though this case is more than a year old and the parties are well into discovery. Even so, SiteOne persists in its fishing expedition. What is more, in its own opposition to a motion to quash a bank subpoena, SiteOne argued that the subpoenaed records were "directly relevant" to its claims because they "will show the nature of the financial relationship between [the Defendants]", even though SiteOne offered zero evidence that there was, in fact, any financial relationship between the Defendants. *See* ECF No. 126, at 2. It is unclear why SiteOne believes that it should be entitled to seek discovery regarding financial relationships between the Defendants in the absence of any evidence indicating that such relationships exist, but the Don Defendants should not be entitled to seek discovery concerning the financial relationships between SiteOne and the SiteOne Employees.

Hon. Steven I. Locke, U.S.M.J
Page 4 of 4

                                        Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        */s/ Colleen O'Neil*

cc: All counsel of record via ECF