# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 27, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York
100 Federal Plaza, Room 820
Central Islip, New York 11722

      **Re:** *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
           Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

    On behalf of Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp., 3670 Route 112, LLC, and 9 4th St., LLC (collectively the "Don Defendants"), we write to oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") August 21, 2024 motion for a second extension of the deadline to join new parties or amend pleadings (ECF No. 144).[1] SiteOne's motion should be denied because this case has been pending for 17 months. As against the Don Defendants, SiteOne's entire case has been founded on baseless suspicions and a theory fabricated out of whole cloth.

    The discovery end date is October 14, 2024. Despite this, SiteOne has yet to conduct a single deposition. Its suggestion that discovery has proceeded at a "glacial pace" is false. In any event, SiteOne created this pace. SiteOne has acted like a "$7 billion dollar bully"[2] issuing numerous overbroad subpoenas for personal information to which it is not entitled.

    Moreover, SiteOne's discovery demands were, likewise, palpably overbroad and improper. Despite this, in an effort to move things along, the Don Defendants have supplied information and documents which they believe are both responsive and relevant (even though they would have been well within their rights to stand on their objections given the palpable impropriety of the requests). In any event, none of the discovery supports SiteOne's fanciful theories. Moreover, to this date, SiteOne has yet to identify any trade secrets, reasonable measures of protection or other facts that would support violations of the Defend Trade Secrets Act, 18 U.S.C. §1831, et seq., or

---

[1] We apologize that this opposition letter, which was due yesterday, is late. We simply failed to have it calendared. We respectfully request that the Court consider this and grant an extension for the opposition.

[2] This is a reference to SiteOne's market capitalization of nearly $7 billion dollars. We refer to our August 23, 2024 letter referencing SiteOne's bank subpoenas. (ECF No. 146). In addition, SiteOne has subpoenaed Don's cell phone records, but rather than seek information limited to defendants, SiteOne improperly seeks every single call and text that Don has received or sent since January 2020. There is no conceivable basis for this. It is just harassment. If not withdrawn or severely limited, the Don Defendants intend to move to quash that subpoena as well.

Hon. Steven I. Locke, U.S.M.J
Page 2 of 2

Computer Fraud Abuse Act, 18 U.S.C.§1030, et seq., which are the sole bases for this Court's jurisdiction.

      Accordingly, SiteOne's motion for an extension should be denied. SiteOne's case should come to an end, so they stop their campaign of harassment.

Respectfully submitted,<br>
**MILMAN LABUDA LAW GROUP PLLC**<br>
*Michael C. Mulè*<br>
Michael C. Mulè

cc: All counsel of record via ECF