Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

Magistrate Judge Steven Locke					September 10, 2024
Eastern District of New York

**Re:**	***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(Case No. 2:23-CV-02084)**
	**SiteOne's Letter Motion to Compel as to Defendant Victor Caroleo**

Dear Judge Locke:

     This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring Defendant Victor Caroleo ("Vic") to answer interrogatories and produce documents in response to RFPs. As detailed in SiteOne's August 19 Motion to Compel and for Sanctions [Dkt. No. 141],[1] the Vic Defendants have shirked their discovery obligations. Their strategy to date has been a combination of: (1) silence to the point of outright defiance of the discovery rules; (2) broken promises, in which they promise cooperation only to do nothing at all; and/or (3) objecting to the relevance of requests. The first two are easily disposed of: silence is not allowed, and broken promises break the rules. As to relevance, this letter (and those for the other Vic Defendants) ties the requested material directly to SiteOne's allegations. The requested material will shed light directly on these subjects and thus the requests are reasonably calculated to lead to the discovery of admissible evidence.

     Discovery from Vic is critical to this case. Vic founded Garden Department in 1976 and ran the business until his son Don took over the company in approximately 2005. Several years later, Vic returned to the business, remaining employed by Garden Department through SiteOne's acquisition of Garden Department for more than $34 million in January 2020. Vic continued as an employee in SiteOne's Coram, New York location after the acquisition with Don. Vic left SiteOne approximately two weeks after his son also departed SiteOne.

     Vic then immediately began working with Don and their co-conspirator, Defendant Nick Giordano (who remained employed by SiteOne until February 2023), to prepare and open their competing business a few miles from SiteOne's Coram location. Vic created a new corporate entity, Narrow Way 2, LLC in December 2022 and purchased a property at 38 Yaphank Middle Island Road. Nick, who was still employed by SiteOne and who was running SiteOne's Coram location, actively helped Vic prep the physical location to open and used SiteOne employees to help him. During this time, Nick also stole from SiteOne a computer containing troves of trade secret protected data and documents; physical files from a filing cabinet; and the recording system for SiteOne's security camera system. SiteOne contends that Vic conspired with and/or directed Nick to abscond with these items and that they have used the stolen materials to operate their business and harm SiteOne.

---

[1] SiteOne refers the Court to its Motion to Compel and for Sanctions [Dkt. No. 141] for a full explanation of the Vic Defendants' efforts to delay discovery. In summary, SiteOne served its discovery requests on April 25the Vic Defendants served objections on June 10, asserting blanket, boilerplate objections and refusing to produce documents in response to almost all of SiteOne's requests. The undersigned spent more than 10 hours in June and July meeting and conferring over Defendants' discovery responses. Vic agreed to supplement his responses but did not do so until August 23—only after SiteOne filed its Motion to Compel and for Sanctions. The Vic Defendants, collectively, have not produced a single document since June 11 (on which date they produced 17). (The Vic Defendants are Vic, Nick, Scapes Supply, Narrow Way Realty, Narrow Way 2, Neway Management, and Group 5 Associates.)

The Middle Island Road property was shut down by the Town of Brookhaven in February 2023 for violating local and state environmental protection laws. Undeterred, Vic formed a new corporate entity, Scapes Supply, LLC, in April 2023 and leased a property at 99 Long Island Avenue. Defendants moved their new business to that location which is the site at which they continue to operate through the present. SiteOne became aware during this litigation that Vic also owns a property located at 2001-2177 Horseblock Road which is a large tract of land currently under development. SiteOne believes Defendants plan to move their business to that property sometime soon.

Vic owns and controls multiple corporate entities, most of which are also Defendants in this case.[2] According to bank records obtained in discovery for Vic and Narrow Way Realty Ltd. (of which Vic is the sole shareholder and CEO), Vic has paid hundreds of thousands of dollars to Don personally, Don Caroleo Ventures, LLC, other family members, and to himself. The bulk of the funds Vic uses to make these payments come directly from SiteOne's monthly rent payments made to Narrow Way Realty Ltd. (SiteOne pays more than $20,000 per month to Narrow Way Realty).[3]

SiteOne has nine claims against Vic in this case: breach of contract; misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse Act; unfair competition; tortious interference with business and contractual relationships; aiding and abetting breach of fiduciary duty; and civil conspiracy. Vic has direct, personal involvement with events giving rise to this litigation; he owns and controls the corporate entities most directly involved with the claims in this case; and he directs some (if not most) of the monies flowing among the Defendants, including the rent payments SiteOne continues to pay. Discovery from him is critical. Vic, however, has done everything he can to thwart and delay discovery. This Motion asks this Court to order Vic to quickly provide critical discovery which is being withheld improperly.

**1. Communications with Co-Defendants and Witnesses.** SiteOne sought all communications with Don, Nick,[4] Rose Casper (one of Vic's bookkeepers), and any other current or former SiteOne employees (including five specifically named individuals) from October 19, 2022 to the present. (RFP Nos. 38, 39-42.) Vic initially objected to these RFPs in their entirety. In his supplemental responses, he maintained his objection with respect to communications with Nick (RFP No. 40) and refused to produce any responsive documents. He agreed to produce "business and financial communications" between the other identified persons "related to the claims and defenses in this action" but he has produced no such documents to date. Vic should be ordered to produce his communications with Nick and the other responsive documents by a date certain. SiteOne also asked Vic to identify all of his phone numbers and carriers since January 1, 2020 (ROG No. 6); Vic only provided his phone number and nothing else. SiteOne needs the other information so it can subpoena Vic's phone carriers for Vic's call logs, etc. (to show his communications with Defendants, SiteOne's customers, etc.).

**2. Requests for Financial Information.** SiteOne asked Vic to identify all banks and financial institutions he has used since January 1, 2020 (the date of SiteOne's acquisition of Garden Department) through the present, along with the account numbers and signatories for each account. (ROG Nos. 1-3.)

---

[2] Vic has confirmed that he owns and controls Defendants Narrow Way Realty, Ltd.; Group 5 Associates, Ltd.; Neway Management, LLC; Narrow Way 2 LLC; and Scapes Supply LLC. Vic also appears to own and control another important non-Defendant entity, Don Caroleo Ventures, LLC.

[3] When SiteOne acquired Garden Department, SiteOne did not purchase the land on which any of Garden Department's three locations sit. SiteOne instead entered into lease agreements for each of those properties which remain in effect.

[4] RFP No. 40 contained a typo, seeking messages with "Vic Caroleo." During the parties' conferrals, counsel for the Vic Defendants agreed to interpret this RFP as replacing "Vic Caroleo" with "Nick Giordano" since SiteOne agreed to overlook a typo in one of the Defendants' discovery requests.

SiteOne also requested that Vic identify sources of income greater than $1,000. (ROG No. 7.) These are to ensure SiteOne can subpoena the relevant financial institutions to have a full picture of Vic's financial relationship with the other Defendants. Vic provided blanket, boilerplate objections and refused to provide the information, except to state in response to ROG No. 7 that he "received income from SiteOne and may have received income and/or distributions" from certain Defendant entities. This is insufficient.

**3. Requests Related to the Competing Business.** SiteOne asked Vic to identify each entity of which he has been or is a shareholder or owner from January 1, 2019 to the present, including all offices held. (ROG No. 4.) Vic simply stated he "is an owner" of the Vic Defendant corporate entities, but provides no dates, offices held, and it is unclear from his answer whether these are all or some of the entities he owns. SiteOne also asked Vic to produce all corporate governance documents (bylaws, etc.) for all corporate entities of which he is an owner. (RFP. No. 2.) Vic objected, refusing to produce anything, referring SiteOne to the productions of other Defendants (who have not produced anything).

SiteOne also asked for all documents related to the formation of Scapes Supply and all documents related to the purchase, leasing, preparation, development, and use of the Middle Island Road, Long Island Avenue, and Horseblock Road properties for a business. (RFP Nos. 3, 11-26.) Vic initially asserted blanket, boilerplate objections and refused to produce any documents whatsoever. In his August 23 supplemental responses, he reasserted his objections but agreed to produce documents "to the extent they relate to the nursey and/or landscaping supply business." Vic has produced no responsive documents to date. In any event, Vic's limitation should be overruled because it could be designed to exclude relevant documents. For example, if Vic is operating other related businesses on these sites (delivery services, landscaping services, etc.) that would certainly be relevant to SiteOne's claims. Vic should be ordered to produce all responsive documents not subject to his self-serving limitations.

SiteOne also requested documents sufficient to show all employees and independent contractors employed by Vic from October 19, 2022[5] to the present, along with documents relating to their relationship with Vic. (RFP Nos. 31-32, 35-36.) SiteOne also requested all customer lists Vic or any of his corporate entities have used. (RFP No. 33.) Vic asserted blanket objections to these requests and refused to agree to produce any responsive documents. SiteOne also asked Vic to identify all properties he has owned since January 1, 2020[6] and to explain the purpose and plans for the Horseblock Road property. (ROG Nos. 5, 12-14.) Vic asserted blanket objections to these interrogatories and refused to provide any substantive response at all. These questions are to ensure SiteOne has a full picture of Vic's commercial property ownership and to understand the anticipated role of the Horseblock Road property, all of which being relevant to SiteOne's claims.

**4. IT Vendors.** SiteOne requested documents and communications related to any information technology services provided to Vic (specifically including LC Consulting Services, Inc.). (RFP Nos. 47-48.) Vic objected to these requests in their entirety and refused to produce anything in response. As explained in the Amended Complaint, SiteOne alleges the Defendants misappropriated SiteOne's trade secrets and unlawfully accessed its computer systems. These documents are directly relevant to those claims and Vic should be ordered to produce responsive materials.

Vic's refusal to provide documents and information responsive to SiteOne's requests for production and interrogatories cannot continue.

John "Evan" Gibbs III

---

[5] This is the date Don left SiteOne.
[6] SiteOne narrowed this request during the meet and confers to exclude personal residences.