Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



---

Magistrate Judge Steven Locke  September 10, 2024
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
**SiteOne's Letter Motion to Compel as to Defendant Nicholas Giordano**

Dear Judge Locke:

    This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring Defendant Nicholas Giordano ("Nick") to answer interrogatories and produce documents in response to RFPs because Nick has effectively refused to participate in discovery.[1]

    Nick began working for Garden Department in the mid-2000's. On January 14, 2020, SiteOne purchased the assets of Garden Department and Nick continued to work at SiteOne after the acquisition. Nick and Defendant Don Caroleo ("Don") worked together for approximately 20 years at Garden Department and then SiteOne until Don's departure from SiteOne on October 19, 2022. Nick had been running the day-to-day operations and served as the branch manager for the Coram location. In December 2022, Defendant Victor Caroleo ("Vic") formed a new corporate entity (Defendant Narrow Way 2) and purchased property at 38 Yaphank Middle Island Road, Middle Island, New York to operate a competing business. While still employed by SiteOne and running SiteOne's Coram location, Nick assisted Vic in preparing that property for a competing business and required other SiteOne employees to help him. Neither Nick nor any of SiteOne's employees were authorized to do this. To help jump start his new business with Don and Vic, Nick stole from SiteOne a computer containing troves of trade secret protected data and documents, including sales, financial, and customer data in January 2023.

    After receiving complaints about Nick opening this new competing business with Don and Vic (about which Nick openly discussed with certain SiteOne employees), Nick was fired by SiteOne in February 2023. During his termination meeting, Nick reset his work iPhone to factory settings, deleting all communications and other data from the device. Around this same time, he stole physical files from a filing cabinet in the Coram office and the DVR recording system for SiteOne's security camera system to hide his actions.

    The Town of Brookhaven ultimately obtained a preliminary injunction barring the operation of a nursery at the Middle Island Road property. Vic and Nick then formed a new corporate entity, Scapes Supply, LLC, in April 2023 and leased property at 99 Long Island Avenue, Yaphank, New York. Defendants moved their new business to that location where they continue to operate today. Vic also owns property located at 2001-2177 Horseblock Road, Medford, New York; SiteOne believes Defendants plan to move their business to the Horseblock Road property.

---

[1] For brevity's sake, SiteOne refers the Court to its Motion to Compel and for Sanctions filed on August 19 [Dkt. 141] for a complete discussion of the procedural history leading to this Motion. The scorched earth approach to discovery taken by Nick and the other Vic Defendants to date is also detailed in SiteOne's August 19 Motion, and in SiteOne's Motion to Compel as to Vic filed contemporaneously with this Motion.

SiteOne asserts twelve claims against Nick: misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse Act; conversion; unfair competition; tortious interference with business and contractual relationships; fraud; unjust enrichment; breach of fiduciary duty; and civil conspiracy. [Dkt. No. 55.] Nick is an integral part of the operation of the competing business. He conspired with the other Defendants in this action to improperly compete with SiteOne, harm SiteOne's business, steal SiteOne's trade secrets, and actively solicit SiteOne's customers and employees. Nick has direct knowledge of and was actively involved in the events giving rise to this litigation.

**1. Communications with Co-Defendants and Witnesses.** SiteOne asked Nick to identify (by date and means of communication), each communication he has had with his former colleague, Don, since October 19, 2022 (Don's last day with SiteOne) through the present. (ROG No. 12.) Nick asserted a number of objections but agreed to produce "non-privileged and relevant documents." There are two problems with this response. First, Nick has produced zero documents as he referenced in his response. Second, Don acknowledged in his interrogatory response to this same inquiry that during the relevant time frame he and Nick "typically" speak weekly, usually in person or via phone calls. Nick makes no effort whatsoever to explain his communications with Don or even acknowledge that such communications have occurred in the relevant time frame.

This inconsistency is glaring considering that every modern smartphone stores call records for months or even years unless deleted. In responding to this interrogatory, Nick (via his attorneys) did not undertake the simple task of reviewing the call logs on his phone to identify his calls with Don. He also did not acknowledge or address whether he texted or emailed with Don during this time. All of this information is readily accessible to Nick and there is no reason why he cannot fully answer this interrogatory with respect to his frequent communications with Don. Nick also made no effort to address his in-person meetings with Don. This Court should require Nick's counsel to review his phone records and identify each text and call he has had with Don since October 19, 2022 through the present and identify the in-person meetings he has had with Don during the same time period.

SiteOne also requested copies of all communications with Don, Vic, Rose Casper (one of Vic's bookkeepers), and any other current or former SiteOne employees (including five specifically named individuals) from October 19, 2022 to the present. (RFP Nos. 38-42.) Nick initially objected to these RFPs in their entirety. In his supplemental responses, Nick agreed to produce communications with SiteOne's former employees "relating to SiteOne and its business, customers, or clients, and communications relating to leaving SiteOne to work for Scapes" (RFP No. 38); communications with Vic and Don "related to the claims and defenses in this action" (RFP Nos. 39-40); "business and financial communications" with Rose Casper "related to the claims and defenses in this action." (RFP No. 41.)

With respect to Vic, he and Nick together planned, prepped, formed, and opened a new business in April 2023 they have been running since then. Nick of course has had extensive communications with Vic throughout that process. And yet Nick has not produced a single document reflecting any such communications. Further, Nick's new company, Scapes Supply, employs several former SiteOne employees, including at least one individual who was hired away from SiteOne in April 2024. SiteOne is also aware that Nick often gives rides to former SiteOne employees who live next door to SiteOne's Coram location and is thus clearly in regular contact with them. Nick, however, has produced no communications (phone logs, text messages, etc.) whatsoever.

**2. Financial Information.** SiteOne requested that Nick identify all banks and financial institutions he has used since January 1, 2020 (the date of SiteOne's acquisition of Garden Department) through the present, along with the account numbers and signatories for each account. (ROG Nos. 1-3.) SiteOne also requested that Nick identify sources of payments of greater than $1,000 from any Defendant in the case (ROG No. 7.) This information will allow SiteOne to issue subpoenas for Nick's bank records to ensure SiteOne has a full picture of Nick's financial relationship with the other Defendants and Scapes Supply. Nick provided blanket, boilerplate objections and refused to provide the information or documents sufficient to show same, except to identify both SiteOne and Scapes Supply, LLC as sources of income greater than $1,000 (in the aggregate) from January 1, 2020 through the present. (ROG No. 7.)

**3. The Competing Business.** SiteOne requested that Nick produce all documents related to the formation of Scapes Supply and all documents related to the purchase, leasing, preparation, development, and use of the Middle Island Road, Long Island Avenue, and Horseblock Road properties for a business. (RFP Nos. 3, 11-26.) Nick initially asserted blanket, boilerplate objections, and explicitly stated he would not produce responsive documents. In his supplemental responses, he asserted the same objections, but agreed to produce certain documents "to the extent they relate to the nursey and/or landscaping supply business" with respect to the Middle Island Road and Long Island Avenue properties. However, Nick maintained his full objections and is refusing to produce any documents relating to the Horseblock Road property. Nick's supplemental response improperly limits the scope of the requests and could result in the exclusion of relevant and responsive documents.[2]

SiteOne also requested all customer lists Nick or any of his corporate entities have used. (RFP No. 33.) Nick once again asserted blanket objections to these requests and refused to agree to produce any responsive documents. SiteOne also requested that Nick identify all properties he has owned since January 1, 2020.[3] (ROG No. 5.) Nick asserted blanket objections and refused to provide any substantive response. SiteOne needs substantive responses to these questions to ensure it fully understands the nature and depth of Nick's involvement with the competing business and whether Defendants plan to operate competing businesses in additional locations.

**4. Confidential Information and Security.** SiteOne seeks documents and communications related to IT services provided to SiteOne or Nick personally (RFP No. 47), including such materials involving LC Consulting Services, Inc., which is the vendor Don and Nick hired to install the clandestine monitoring app which fed real-time and historic financial and other data to a private website or app controlled by Don. SiteOne alleges that Defendants misappropriated SiteOne's trade secrets and unlawfully accessed its computer systems. These documents are directly relevant to those claims and Nick should be ordered to expeditiously produce responsive materials.

Nick's refusal to provide documents and information responsive to SiteOne's requests for production and interrogatories cannot continue. SiteOne requests that this Court enter an order overruling Nick's objections and requiring him to quickly produce responsive documents.

John "Evan" Gibbs III

---

[2] For example, if Defendants are operating other related businesses on these properties, such information would be relevant to SiteOne's claims. Nick must produce all responsive documents and should not be permitted to improperly limit the scope of what is deemed responsive.

[3] SiteOne narrowed this request during the meet and confers to exclude personal residences.