Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

---

Magistrate Judge Steven Locke                                                September 10, 2024
Eastern District Court New York

Re:   *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
      **SiteOne's Letter Motion to Compel as to Defendant Dominick Caroleo**

Dear Judge Locke:

This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring Defendant Dominick Caroleo ("Don") to answer interrogatories and produce documents in response to RFPs.[1]

Defendant Victor Caroleo ("Vic") founded Garden Department in 1976 and ran the business until approximately 2005, when his son, Don, took over. At some point, Don also became the sole shareholder of The Garden Dept. Corp., the entity which owned all Garden Department assets. In January 2020, SiteOne acquired Garden Department for more than $34 million through as Asset Purchase Agreement ("APA"). Don, along with his father, continued on as an employee in SiteOne's Coram, New York location. Don eventually left SiteOne in October 2022. His father followed suit a few weeks later, as did Defendant Nicholas Giordano ("Nick") a few months later.

The APA contains a five-year non-competition covenant, under which Don agreed not to directly or indirectly compete within a 75-mile radius of the Coram, Dix Hills, or Speonk SiteOne locations. Don further agreed not to solicit employees of SiteOne for a period of five years. Pursuant to the APA, Don also agreed that he would not knowingly or intentionally damage the goodwill of the business with suppliers, employees, patrons, or customers.

Following his departure from SiteOne, Don immediately began conspiring with Nick and Vic to prepare and open their competing business a few miles from SiteOne's Coram location in violation of multiple non-compete restrictions.[2] Vic first created a new corporate entity in December 2022 and purchased a property in Middle Island, New York. Nick, who was still employed by SiteOne and who was running SiteOne's Coram location at the time, actively helped Vic and Don prep the physical location to open and used SiteOne employees to help him. Nick also stole from SiteOne a computer containing troves of trade secret protected data and documents; physical files from a filing cabinet; and the recording system for SiteOne's security camera system. SiteOne contends that Vic and Don conspired with and/or directed Nick to abscond with these items and that they have used them to operate their competing business and harm SiteOne.

After the Middle Island Property was shut down by the Town of Brookhaven in February 2023 for having violated local and state environmental protection laws, Vic formed a new corporate entity, Scapes Supply, LLC, in April 2023 and leased a property in Yaphank, New York; Defendants moved

---

[1] For brevity's sake, SiteOne refers the Court to its Motion to Compel and for Sanctions filed on August 19 [Dkt. 141] for a full discussion of the procedural history leading to this Motion.

[2] A few months before leaving SiteOne, Don told a SiteOne co-worker that he was purchasing land near SiteOne's Coram location to open a nursery business after his contract with SiteOne "expired," and that he could "even put the business in [his] sister's name" if he needed to open the business before then. [Dkt. No. 55 ¶¶ 59-60.]

their new business to that location which is the site at which they continue to operate through the present. SiteOne has become aware during this litigation that Vic also owns a property located at 2001-2177 Horseblock Road, Medford, New York which is a large tract of land which is currently under development. SiteOne believes Defendants plan to move their competing business to the Horseblock Road property in the near future.

Don owns and controls multiple corporate entities, most of which are also Defendants in this case.[3] SiteOne asserts nine causes of action against Don: breach of contract; misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse Act; unfair competition; tortious interference with business and contractual relationships; aiding and abetting breach of fiduciary duty; and civil conspiracy. [Dkt. No. 55.]

Don's involvement in this litigation is significant. He has multiple, unambiguous non-compete and non-solicitation agreements with SiteOne. Don owns and controls entities which own certain parcels of land on which the legacy Garden Department business sits. It is clear that Don has documents and information relevant to SiteOne's claims and damages. Don has produced a limited number of documents, *very* few such documents are responsive.[4] SiteOne therefore respectfully requests that this Court enter an order overruling Don's objections as outlined below and requiring that Don provide crucial discovery to SiteOne which is being improperly withheld.

**1. Communications with Nick and Witnesses.** SiteOne asked Don to identify (by date and method of communication), each communication he has had with Nick since October 19, 2022 (Don's last day with SiteOne) through the present. (ROG No. 12.) Don asserted a litany of objections and responded (subject to those objections) that he has "not tracked and does not know every communication" he had with Giordano during that time period. Don then states, however, that he "typically communicate[s] with [Nick] generally weekly...in person or by telephone."

First, Don's response ignores that the interrogatory asks for all communications, expressly including text messages. Although he indicates that he "typically" communicates with Giordano via phone or in person, he does not say that those are the only forms of communication between the two. This Court should require Don to either state affirmatively that he did not exchange any text messages with Giordano during the time period stated or identify all such messages. (Don of course has the option of producing the text messages which is acceptable to SiteOne.)

Second, every modern smartphone stores call records for months or even years unless deleted. In responding to this interrogatory, Don did not undertake the simple task of reviewing the call logs on his phone to identify his calls with Giordano. This information is readily accessible to Don and there is no reason why he cannot fully answer this interrogatory with respect to his frequent calls with Giordano. This Court should require Don to review his call logs and identify each call he had had with Giordano since October 19, 2022 through the present.

SiteOne issued the same interrogatory to Don for communications he has had with former SiteOne or Garden Department employees during the same time period. (ROG No. 14.) Don again asserts several objections, then responds that he has had phone calls with Phil Sausto (a current

---

[3] Don has confirmed in this action that he owns and controls Defendants Garden Dept. Corp., 3670 Route 112 LLC, and 9 4th St LLC. Don has confirmed he also owns and controls 3 Girls 1 Boy LLC and 6 4th St. LLC.

[4] Don produced, for example, LinkedIn updates unrelated to this case and Breathalyzer spam emails.

SiteOne employee), Carlo Brucceleri (a current SiteOne employee), Peter Zangle, Rose Casper, Terri Marx (a current SiteOne employee), and Alex Trauma (a current SiteOne employee). Don again did not even attempt to review his own smartphone to identify the details of those calls, and he has not identified whether he has communicated via text with any of those individuals or other former SiteOne or Garden Department employees. Don should be required to fully respond.

SiteOne also requested that Don produce "all emails, text messages, and other written communications" between Don and Vic and between Don and Nick. (RFP Nos. 39-40.) Don asserts several objections, then stating, "Defendant will produce all non-privileged documents, if any, related to landscape-business-related activities; Defendant is unaware of any such documents." This self-serving limitation too narrowly limits the scope of these RFPs. First, SiteOne and Scapes Supply are in the landscaping supply and nursery business, so this limitation is improperly narrow on its face. Second, other issues that may be the subject of text messages are relevant to this case, such as financial transactions and discussions; communications about employees and customers (even if couched as not directly related to business); etc.

Critically, the undersigned conferred with Don's counsel on September 5, 2024 regarding the searching of text messages by the parties. At that time, no searching of Don's text messages had been conducted by Don's counsel. SiteOne is thus left to assume that the representations in response to these very important RFPs come solely from Don and not his attorneys. This is unacceptable.

SiteOne knows that Don is in regular communication with Nick and Vic, and they are of course discussing Scapes Supply and other related and relevant financial and business matters. The best way for SiteOne to substantiate these allegations is with the communications between the Defendants. Don and his attorneys have an obligation to appropriately search for and produce responsive documents. Self-collection by a party is "strongly disfavored." *Herman v. City of New York*, 334 F.R.D. 377, 386 (E.D.N.Y. 2020) ("It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist."). This Court should thus order that Don appropriately search for responsive information and documents, and fully respond to all of these very important interrogatories and RFPs.

**2. Requests Related to the Competing Business.** SiteOne asked for documents sufficient to show all dividends and other payments to owners or shareholders and the payroll costs of any entity of which he is an owner, shareholder, or member from January 1, 2020 to the present. (RFP Nos. 5-6.) Don objected to these requests in their entirety and is refusing to produce any documents. These documents are critical to showing Don's financial involvement with the other Defendants; his objections should be overruled.

Don's refusal to provide documents and information responsive to SiteOne's requests for production and interrogatories cannot continue. SiteOne requests that this Court enter an order overruling Don's objections discussed herein and requiring him to produce responsive documents and fully answer the interrogatories identified above.

John "Evan" Gibbs III