Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

---

Magistrate Judge Steven Locke　　　　　　　　　　　　　　　　　　September 10, 2024
Eastern District of New York

**Re:**　　*SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
　　　　　**SiteOne's Letter Motion to Compel as to Defendant Scapes Supply, LLC**

Dear Judge Locke:

　　　　This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring Defendant Scapes Supply, LLC ("Scapes") to answer interrogatories and produce documents in response to RFPs. As detailed in SiteOne's August 19 Motion to Compel and for Sanctions [Dkt. No. 141], SiteOne served its discovery requests on April 25. Since then, Scapes has done everything possible to prevent SiteOne from obtaining basic discovery relevant to the claims, defenses, and damages in this case. Scapes has produced no relevant documents about Scapes, its officers/directors, operations, finances, customers, or employees, nor has it answered interrogatories on these same topics. Discovery as to Scapes is at a complete standstill.[1]

　　　　Defendants have so far stolen more than $10 million in business from SiteOne. Scapes is particularly important here because it is the corporate entity SiteOne believes is primarily being used to compete against SiteOne. Discovery from this entity is thus key to this case.

　　　　By way of background most relevant to Scapes, Defendant Victor "Vic" Caroleo initially created Narrow Way 2, LLC on December 6, 2022 (another Defendant in this action which is subject to its own Motion to Compel) and purchased a property in Middle Island, New York. Defendant Nicholas "Nick" Giordano, who was still employed by SiteOne and who was running SiteOne's Coram location, actively helped Vic prep the physical location to open and used SiteOne employees to help him. But the Middle Island property was shut down by the Town of Brookhaven in February 2023 for violating local and state environmental protection laws.

　　　　SiteOne then filed this lawsuit on March 17, 2023, and this Court held a hearing on SiteOne's preliminary injunction request on March 22, 2023. A few days later, Vic formed the corporate entity Scapes Supply, LLC on April 6, 2023 and leased a property at 99 Long Island Avenue. Defendants then proceeded to move their equipment and other necessities to that location and began operating at that location sometime thereafter. This is the site at which they continue to operate through the present. However, SiteOne became aware during this litigation that Vic (and maybe others) also owns a property located at 2001-2177 Horseblock Road which is a large tract of land currently under development. SiteOne believes Defendants plan to move their business to that property sometime soon.

　　　　SiteOne has nine claims against Scapes in this case: breach of contract; misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse

---

[1] A more detailed discussion of the scorched earth approach to discovery taken by the Vic Defendants is set forth in SiteOne's August 19 Motion to Compel and for Sanctions and in the Motions to Compel as to Vic and Nick filed contemporaneously with this Motion.

Act; unfair competition; tortious interference with business and contractual relationships; aiding and abetting breach of fiduciary duty; and civil conspiracy.[2] Discovery from Scapes is critical. It is the entity through which Defendants appear to be operating their competing business. However, Scapes has thwarted discovery at every turn. This Motion asks this Court to order Scapes to quickly provide critical discovery which has been improperly withheld for months.

**1. Requests for customer information.** Scapes has stolen dozens of SiteOne's customers causing more than $10 million in damages to SiteOne to date. SiteOne sought the identity of each of Scapes' customers from January 1, 2020[3] through the present and, for each customer identified, all revenue received by each calendar year for the sale period. (ROG Nos. 7-8.) Scapes asserted blanket, boilerplate objections and refused to provide a substantive response. This information is absolutely vital to this case.[4] This Court should order Scapes to expeditiously produce this information.

**2. Requests for Financial Information.** Scapes seems to be the primary entity Defendants are using to unlawfully compete with SiteOne. Its financial information is thus critical to SiteOne's claims and damages. To that end, SiteOne asked Scapes to identify all banks and financial institutions it has used since January 1, 2020 (the date of SiteOne's acquisition of Garden Department) through the present, along with the account numbers and signatories for each account. (ROG Nos. 1-3.) SiteOne also requested that Scapes state all revenue from the same time period. (ROG No. 9.) These interrogatories are to ensure SiteOne can subpoena the relevant financial institutions to gain insight into the financial relationship between Scapes and the remaining Defendants. Scapes asserted blanket, boilerplate objections and refused to provide the requested information. In response to a corresponding RFP, which seeks account statements, Scapes similarly provided blanket, boilerplate objections and refused to provide responsive documents.[5] (RFP No. 21.) In its supplemental response, Scapes agreed to search for and produce bank statements that reflect transactions among the named Defendants. Scapes has failed to do so, and this narrow response is too limiting. SiteOne needs information showing transactions with former SiteOne employees and other corporate entities, such as Don Caroleo Ventures, LLC.

SiteOne further requested that Scapes produce its tax returns and documents sufficient to show its expenses, balance sheets, general ledgers, income statements, and cash flow statements. (RFP Nos. 9, 16, 22.) SiteOne requires this information in order to understand Scapes' financials, including (but not limited to) the flow of funds from Scapes to the remaining Defendants in this case.

**3. Requests Related to Officers and Directors and Corporate Purpose.** SiteOne requested that Scapes identify its shareholders, members, and owners since formation, including the titles and offices held by each individual identified and the dates each such title was held. (ROG No. 4.) In response, Scapes identified Vic as its current sole member and Nick Giordano as a previous member.

---

[2] SiteOne refers to its Motion to Compel as to Vic and Nick filed herewith for a more in-depth discussion of the claims.
[3] Although Scapes was not formally formed until April 6, 2023, it is unclear whether Defendants had been previously using the name or otherwise conducting activities under the "Scapes Supply" name prior to the corporate entity's formation. SiteOne thus asks for discovery going back to the date SiteOne's acquisition of Garden Department to ensure all relevant information is captured.
[4] SiteOne has already produced to Defendants a full customer list containing all revenues and other financial information associated with each customer from January 1, 2020 to the present for the three legacy Garden Department branches at issue in this case.
[5] SiteOne has already produced to Defendants all relevant financial data and details for the three legacy Garden Department branches at issue in this case.

Scapes, however, failed to provide relevant dates and whether there have ever been other members. SiteOne further requested all of Scapes' board meeting minutes from January 1, 2019 through the present. (RFP No. 5.) In its initial response, Scapes asserted blanket, boilerplate objections and stated that Scapes "is not in the nursery or landscaping supply business." This initial response shows Scapes' complete unwillingness to participate in discovery: Scapes expressly admitted that it "is a nursey [sic] and landscaping supply store" in response to an interrogatory asking for an explanation of Scapes' primary business purpose(s). (ROG No. 6.)

In its supplemental response to RFP No. 5, Scapes again asserted blanket, boilerplate objections and this time explicitly stated that it would not produce responsive documents. Without an order from this Court requiring that Scapes produce responsive documents and information, Scapes will continue to thwart SiteOne's discovery efforts. SiteOne also requested all communications discussing or referring to the formation of Scapes. (RFP No. 7.) Scapes initially asserted boilerplate, blanket objections and explicitly stated it would not produce responsive documents. In its supplemental response, Scapes agreed to search for and produce responsive documents "for the time period between October 22, 2022 and May 31, 2023." This improperly limits the scope of SiteOne's request. It is entirely possible that Defendants discussed the formation of Scapes prior to October 22, 2022, and the May 31, 2023 limit makes no sense. This Court should therefore order Scapes to produce responsive documents without the limitation imposed by Scapes.

**3. Requests Related to Scapes' Employees.** SiteOne sought documents sufficient to show employees of Scapes from corporate formation to present. (RFP No. 3.) In response, Scapes asserted boilerplate objections and explicitly stated it would not produce responsive documents. In response to a corresponding interrogatory, Scapes initially asserted blanket, boilerplate objections and refused to provide any responsive information. (ROG No. 11.) In its supplemental responses, Scapes identifies several former employees of SiteOne and/or Garden Department that now work at Scapes. However, Scapes failed to state whether this list is exhaustive. As explained in detail in the Motion to Compel as to Don, filed in conjunction herewith, SiteOne asserts claims for improper solicitation of SiteOne's employees, in violation of certain covenants in agreements between the parties. Scapes must therefore be required to provide an exhaustive list of *all* employees currently working at Scapes that were formerly employed by SiteOne and/or Garden Department.

**4. Requests Related to the Competing Business.** SiteOne requested documents related to the purchase, leasing, preparation, development, and use of the Middle Island Road and Long Island Avenue properties. (RFP Nos. 23-33.) In response, Scapes agreed to produce documents only "to the extent they relate to the nursey [sic] and/or landscaping supply business." First, Scapes has failed to produce any such documents. Second, Scapes' attempts to narrow the scope of these requests is improper. Scapes should be required to produce all requested documents, not subject to the limitation it unilaterally imposed since other business operations (transport and delivery services, etc.) may have been conducted at these locations. SiteOne also requested documents related to the purchase, leasing, preparation, development, and use of the Horseblock Road property for a business. (RFP Nos. 34-39.) Scapes initially refused to produce responsive documents. In its supplemental responses, Scapes maintained its full objections to RFP Nos. 35-39, but revised its response to RFP No. 34 relating to leasing of the Horseblock property, stating it would search for and produce responsive documents "to the extent they relate to the nursey [sic] and/or landscaping supply business." Scapes once again attempts to unilaterally narrow the scope of the documents it will produce. It cannot be permitted to do so.

John "Evan" Gibbs III