Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com



Magistrate Judge Steven Locke  September 10, 2024
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
**SiteOne's Letter Motion to Compel as to Defendant Narrow Way Realty, Ltd.**

Dear Judge Locke:

    This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring Defendant Narrow Way Realty, Ltd. ("Narrow Way") to answer interrogatories and produce documents in response to RFPs. As detailed in SiteOne's August 19 Motion to Compel and for Sanctions [Dkt. No. 141], SiteOne served its discovery requests on April 25. Narrow Way has fought discovery tooth and nail every step of the way since then.[1]

    The importance of discovery from Narrow Way cannot be overstated. When SiteOne acquired Garden Department in January 2020 for more than $34 million, SiteOne did not purchase the property on which the Garden Department locations sit. Instead, SiteOne entered into long-term lease agreements to continue using those properties. The property on which the main legacy Garden Department store sits is in Coram, New York. The property is subdivided into multiple parcels owned by three corporate entities: 3670 Route 112 LLC, 9 4th St. LLC, and Group 5 Associates, Ltd. (each of which is a Defendant in this case and subject to their own Motions to Compel). Those three entities entered into a lease agreement with SiteOne for the property, and they designated Narrow Way as the landlord for the property under the lease (Narrow Way is also a party to the lease).

    The lease agreement contains a valid, binding non-compete provision barring Narrow Way and its "beneficiaries" (an undefined term) from "buy[ing], sell[ing], leas[ing], licens[ing], or otherwise mak[ing] available any land or building…within ten (10) miles" of SiteOne's Coram location "to any person or business entity that engages in" the nursery and/or landscaping supply business. SiteOne contends that Defendant Victor "Vic" Caroleo (and possibly other Defendants) is Narrow Way's beneficiary and is thus prohibited from operating a competing business within the restricted area.

    SiteOne's contention is based on the following facts. Vic has acknowledged that he is the sole shareholder and CEO of Narrow Way. It is undisputed by all parties in the case that he has been and is operating a directly competing business within the restricted area. SiteOne currently pays Narrow Way more than $22,000 per month in rent for the property. According to bank records obtained in discovery thus far for Vic and Narrow Way, Vic has paid hundreds of thousands of dollars to Don personally, Don's entities, other family members, to himself, and an entity called Don Caroleo Ventures, LLC. The funds Vic uses to make these payments come directly from SiteOne's monthly rent payments made to Narrow Way.

---

[1] SiteOne refers the Court to its Motion to Compel and for Sanctions [Dkt. No. 141] and the Motions to Compel as to Vic and Nick filed contemporaneously with this Motion for a full explanation of the Vic Defendants' efforts to delay discovery despite expressly promising swift cooperation to the Court at the May 30 hearing.


Page 2

The discovery Narrow Way has refused to provide to date will shine further light on Narrow Way's involvement with Defendants' competing business, and the other Defendants' involvement with Narrow Way. This Court should order Narrow Way to expeditiously produce the information and documents detailed below.

**1. Requests for Financial Information.** SiteOne asked Narrow Way to identify all banks and financial institutions it has used since January 1, 2020 (the date of SiteOne's acquisition of Garden Department) through the present, along with the account numbers and signatories for each account. (ROG Nos. 1-3.) These are to ensure SiteOne can subpoena the relevant financial institutions to have a complete picture of Narrow Way's financial relationship with the other Defendants. Narrow Way provided blanket, boilerplate objections. Narrow Way simply stated that it has a bank account with American Community Bank and that Vic is a signatory. It did not, however, confirm whether American Community Bank is the only bank with which it has an account or whether there are any additional signatories.

SiteOne also requested that Narrow Way state all revenue for the same time period. (ROG No. 9.) In response, Narrow Way asserted blanket, boilerplate objections and stated that the requested information is more appropriately identifiable through records already obtained from American Community Bank. As discussed above, it is not clear whether Narrow Way has only one bank account. Thus, this response is insufficient.

SiteOne further requested that Narrow Way produce its tax returns and documents sufficient to show its expenses, balance sheets, general ledgers, income statements, and cash flow statements. (RFP Nos. 9, 16, 22.) In response, Narrow Way explicitly stated it would not search for such documents. In its supplemental responses, Narrow Way agreed to produce only balance sheets, general ledgers, income statements, and cash flow statements. However, Narrow Way has failed to do so. SiteOne requires this information in order to understand Narrow Way's financials, as the financials will inform SiteOne's understanding of Narrow Way's connection to the remaining Defendants and its role in Defendants' improper competition.

**2. Requests Related to Officers and Directors and Corporate Purpose.** SiteOne asked Narrow Way to identify its shareholders, members, and owners since formation, including the titles and offices held by each individual identified and the dates each such title was held. (ROG No. 4.) In response, Narrow Way identified Vic as their current sole shareholder but failed to provide relevant dates and whether there have ever been other shareholders. SiteOne also requested that Narrow Way identify its customers from January 1, 2020 through the present and for each such customer identified, all revenue received from each customer by calendar year for the same time period. (ROG Nos. 7-8.) In response, Narrow Way identified SiteOne as its tenant, but did not confirm that SiteOne is its only customer. With respect to revenue, Narrow Way directed SiteOne to documents produced or to be produced by American Community Bank. As discussed above, however, it is not clear whether Narrow Way has accounts at additional banks. Therefore, this response is insufficient. SiteOne requested all board meeting minutes from January 1, 2019 through the present. (RFP No. 5.) Narrow Way objected, refusing to produce any responsive documents. The production of board meeting minutes is necessary here, as such meeting minutes will shed light on Narrow Way's corporate purpose and activities.

Page 3

      **3. Requests Related to Narrow Way's Employees.** SiteOne sought documents sufficient to show employees of Narrow Way from corporate formation to present. (RFP No. 3.) In response, Narrow Way initially refused to produce responsive documents. In its supplemental responses, Narrow Way simply referred SiteOne to its interrogatory responses. However, in its interrogatory response to a corresponding interrogatory, Narrow Way identified only one individual as an independent contractor that performs bookkeeping services. (ROG No. 11.) Narrow Way did not confirm the dates for which this individual provided such services or whether there are any other employees or independent contractors. Narrow Way should be required to provide responsive information.

      **4. Requests Related to the Competing Business.** SiteOne requested documents related to the purchase, leasing, preparation, development, and use of the Middle Island Road and Long Island Avenue properties. (RFP Nos. 23-33.) In response, Narrow Way agreed to produce documents only "to the extent they relate to the nursey [sic] and/or landscaping supply business."[2] First, Narrow Way has failed to produce any such documents. Second, Narrow Way's attempts to narrow the scope of these requests is improper. Narrow Way could be serving as a landlord, for example, to Scapes Supply, LLC, and thus not functioning as a nursery or landscaping supply business. SiteOne therefore requests that this Court require that Narrow Way produce the requested documents without the limitation unilaterally imposed by Narrow Way.

      SiteOne also requested documents related to the purchase, leasing, preparation, development, and use of the Horseblock Road properties for a business. (RFP Nos. 34-39.) In response, Narrow Way refused to produce responsive documents. This is highly suspicious, given Narrow Way's purported willingness to produce documents responsive to SiteOne's requests related to the other competing properties. Documents related to Horseblock Road are especially significant, given this property is within five miles of SiteOne's Coram location (as are the Middle Island Road and Long Island Avenue properties) and Defendants have completely refused to provide any information or documents related to their plans for this property.

      This Court should therefore order Narrow Way to produce the requested documents and information consistent with the above, as the requested documents and information are relevant to the claims and damages in this action.

John "Evan" Gibbs III

---

[2] Narrow Way agreed to produce responsive documents, without this limitation, in response to a request for documents concerning the decision to abandon efforts to develop the Middle Island Road Property (RFP No. 27.)