Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

---

Magistrate Judge Steven Locke  September 10, 2024
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
**SiteOne's Letter Motion to Compel as to Defendants Narrow Way 2 LLC, Group 5 Associates, Ltd., and Neway Management, LLC**

Dear Judge Locke:

This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). This Motion seeks an order from this Court requiring that Defendants Narrow Way 2 LLC ("Narrow 2"), Group 5 Associates, Ltd. ("Group 5"), and Neway Management, LLC ("Neway") (all together the "Vic Entities" since they are believed to be owned (at least primarily) and controlled by Defendant Victor "Vic" Caroleo) provide sufficient responses to SiteOne's interrogatories and produce documents in response to RFPs.[1]

Discovery from the Vic Entities is vital. Vic founded and ran Garden Department from 1976 until about 2005 when his son, Defendant Dominick "Don" Caroleo, took over the company. Vic later returned to the business, remaining employed by Garden Department through SiteOne's acquisition of Garden Department for more than $34 million in January 2020. Vic continued as an employee in SiteOne's Coram location until he left shortly after his son.

Vic immediately began working with Don and their co-conspirator, Defendant "Nick" Giordano (who remained employed by SiteOne until February 2023), to prepare and open their competing business a few miles from SiteOne's Coram location. Vic created Narrow 2 and purchased property at 38 Yaphank Middle Island Road through that entity. Nick (with the help of SiteOne employees he required assist him) helped Vic prepare the Middle Island Road property to open a competing business. Narrow 2 (and others) was sued by the Town of Brookhaven in Suffolk County Supreme Court for having violated local and state environmental laws. That court issued an injunction in February 2023 which prevented Defendants from opening the business on the property owned by Narrow 2. But the extent to which Narrow 2 remains involved with Defendants' competing business is entirely unclear.[2]

With respect to Group 5, SiteOne did not purchase the land on which the legacy Garden Department stores sit as part of its January 2020 purchase. Instead, SiteOne leases the property on which SiteOne's Coram, Dix Hills, and Speonk locations sit on land owned by various entities owned and controlled by the Caroleos. The property on which the Coram location sits is subdivided into multiple parcels, which are owned by three separate entities, all of which are named Defendants in

---

[1] SiteOne refers the Court to its Motion to Compel and for Sanctions [Dkt. No. 141] and the Motions to Compel as to Vic and Nick filed contemporaneously with this Motion for a full explanation of the Vic Defendants' efforts to delay discovery despite expressly promising swift cooperation to the Court at the May 30 hearing.

[2] Vic then formed a new corporate entity, Scapes Supply, LLC ("Scapes"), in April 2023 and leased a property at 99 Long Island Avenue. Defendants moved their new business to that location which is the site at which they continue to operate through the present. Vic also owns a property located at 2001-2177 Horseblock Road and SiteOne believes Defendants plan to move their business to that property sometime soon.

this action. Group 5 is one of those entities. With respect to Neway Management, SiteOne believes Neway is used to purchase and/or lease vehicles for use in and by Defendants' competing landscape supply and nursery business. This is because SiteOne's private investigator photographed two trucks operating at Defendants' competing business (a dump truck and a flatbed semi-truck) with the name "Neway Trucking" on their doors. [Dkt. No. 55 ¶¶ 120-21.]

SiteOne has nine claims against the Vic Entities in this case: breach of contract; misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse Act; unfair competition; tortious interference with business and contractual relationships; aiding and abetting breach of fiduciary duty; and civil conspiracy. Through discovery requests to the Vic Entities, SiteOne seeks to understand what these companies do, who they do it for, how they are paid, and who they pay. SiteOne requires the requested information to understand how the Vic Entities are related to the remaining Defendants in this action and, significantly, to the competing business.

**1. Requests for Financial Information.** SiteOne asked the Vic Entities to identify all banks and financial institutions they have used since January 1, 2020 (the date of SiteOne's acquisition of Garden Department) through the present, along with account numbers and signatories for each account. (ROG Nos. 1-3.) These requests are to ensure SiteOne can subpoena the relevant financial institutions. SiteOne also requested that the Vic Entities identify all revenue from the same time period. (ROG No. 9.) The Entities provided blanket, boilerplate objections and refused to provide the information. The Entities similarly provided blanket, boilerplate objections and refused to provide documents responsive to a corresponding RFP, which seeks account statements. (RFP No. 21.)

SiteOne further requested that Narrow 2, Group 5, and Neway each produce their tax returns and documents sufficient to show their expenses, balance sheets, general ledgers, income statements, and cash flow statements. (RFP Nos. 9, 16, 22.) SiteOne requires all of this financial information in order to understand the financials of the Vic Entities as it will inform SiteOne's and the Court's understanding of the Vic Entities' connection to the remaining Defendants and their role in Defendants' improper competition.

**2. Requests Related to Officers and Directors and Corporate Purpose.** SiteOne asked each of the Vic Entities to identify their respective shareholders, members, and owners since formation, including the titles and offices held by each individual identified and the dates each such title was held. (ROG No. 4.) In response, the Vic Entities each identified Vic as their current sole shareholder but failed to provide relevant dates and whether there have ever been other members. SiteOne requested that Neway explain its primary business purpose from its formation through the present. (ROG No. 6.) In response, Neway stated only that it is a "management company" and is "not in the retail nursery and/or landscaping supply business." This is woefully inadequate. It does not shed any light on what Neway does. SiteOne believes Neway possibly operates a trucking company which provides services to the competing entity, Scapes Supply, LLC ("Scapes"), or is otherwise providing services to Scapes. Neway must be ordered to provide this information.

SiteOne also requested that each of the Vic Entities identify their customers from January 1, 2020 through the present and for each such customer identified, all revenue received from each customer by calendar year for the same time period. (ROG Nos. 7-8.) In response, each of the Vic Entities simply stated that it is not in the "nursery and/or landscaping supply business." This is insufficient. The response does not indicate, for example, whether Narrow 2 ever had customers. It

was created to open a competing business at the Middle Island Road property and it is therefore relevant to this action whether Narrow 2 ever serviced customers and if so, what revenues from such customers were. Neway's response is also insufficient, as it does not explain what it does, who its customers are, and its revenues. In its supplemental responses, Group 5 identifies SiteOne as a tenant. It does not, however, identify any other customers or confirm that SiteOne was its only customer during the relevant time period. In its supplemental response to SiteOne's interrogatory seeking revenue from all customers identified, Group 5 refers SiteOne to documents produced by American Community Bank. However, SiteOne did not subpoena American Community Bank for Group 5's records. Therefore, this response is insufficient. Finally, SiteOne requested all board meeting minutes from each of the Vic Entities from January 1, 2019 through the present. (RFP No. 5.) The Vic Entities objected, refusing to produce any responsive documents. The production of board meeting minutes is necessary here, as such meeting minutes will shed light on the corporate purpose and activities of each of the Vic Entities.

**3. Requests Related to the Vic Entities' Employees.** SiteOne sought documents sufficient to show employees of each of the Vic Entities from corporate formation to present. (RFP No. 3.) In response, each of the Vic Entities initially refused to produce responsive documents. In their supplemental responses, the Vic Entities simply referred SiteOne to its interrogatory responses. However, the interrogatory responses do not shed light on their employees. The Vic Entities should be required to produce responsive information.

**4. Requests Related to the Competing Business.** SiteOne requested documents related to the purchase, leasing, preparation, development, and use of the Middle Island Road and Long Island Avenue properties. (RFP Nos. 23-33.) In response, the Vic Entities agreed to produce documents only "to the extent they relate to the nursey [sic] and/or landscaping supply business." First, the Vic Entities have failed to produce any such documents. Second, the Vic Entities' attempts to narrow the scope of these requests is improper. The Vic Entities could be serving as a landlord, for example, or otherwise providing services to Scapes, and thus not functioning as a nursery or landscaping supply business. SiteOne therefore requests that this Court require the Vic Entities to produce the requested documents without the limitation unilaterally imposed by the Entities.

SiteOne also requested documents related to the purchase, leasing, preparation, development, and use of the Horseblock Road properties for a business. (RFP Nos. 34-39.) In response, the Vic Entities each refuse to produce responsive documents. This is highly suspicious, given the Vic Entities' purported willingness to produce documents responsive to SiteOne's requests related to the other competing properties. Documents related to Horseblock Road are especially relevant and significant, given this property is within five miles of SiteOne's Coram location (as are the Middle Island Road and Long Island Avenue properties) and Defendants have completely refused to provide any information or documents related to their plans for this property.

SiteOne is entitled to the information and documents it seeks as they are entirely relevant to the claims and damages in this action. This Court should therefore order the Vic Entities to produce the requested documents and information consistent with the above.

John "Evan" Gibbs III