Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

---

Magistrate Judge Steven Locke  September 10, 2024
Eastern District of New York

**Re:**  *SiteOne Landscape Supply, LLC v. Giordano, et al.* (Case No. 2:23-CV-02084) SiteOne's Letter Motion to Compel as to Defendants The Garden Dept. Corp., 3670 Route 112 LLC; 9 4th St. LLC

Dear Judge Locke:

This firm is counsel to Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"). SiteOne herein seeks an order requiring The Garden Dept. Corp. ("Garden Dept."), 3670 Route 112 LLC ("3670 Route 112"), and 9 4th St. LLC ("9 4th St.") (collectively the "Don Entities") to produce relevant documents and provide information in response to SiteOne's interrogatories. Defendant Dominick "Don" Caroleo is believed to currently be the sole owner of these entities.

By way of background, Defendant Victor "Vic" Caroleo founded Garden Department in 1976. He ran the business until about 2005, when his son, Dominick "Don" Caroleo took over. In January 2020, SiteOne acquired the Garden Dept.'s assets for more than $34 million through as Asset Purchase Agreement ("APA"). At the time of the purchase, Don was the sole shareholder of Garden Dept., the corporate entity which owned all Garden Department assets. Don thus received the entire purchase price. However, it is SiteOne's understanding that Don only became Garden Dept.'s sole shareholder shortly before the sale deal was closed and that Vic owned some portion of Garden Dept. until that point. SiteOne's impression is that Vic relinquished his shares a few short weeks or months prior to the closing. It is odd that Vic would give up his shares in Garden Dept.—a company he founded in the 1970s—just before it was sold for more than $34 million with all proceeds going to Don.[1]

In connection with the purchase, SiteOne did not purchase the real property on which the legacy Garden Dept. stores operated. Instead, SiteOne entered into lease agreements with the real property owners of the Garden Dept. sites. The leased property on which the Coram location sits is subdivided into separate parcels owned by three separate entities: 3670 Route 112, 9 4th St., and Group 5 Associates, Ltd.[2] Those three entities entered into a lease agreement with SiteOne for the Coram property but designated another corporate entity—Narrow Way Realty Ltd.—as the landlord under the lease agreement. SiteOne presently pays Narrow Way Realty Ltd. more than $22,000 per month in rent.

The discovery requests served on 3670 Route 112, 9 4th, and Garden Dept. are relevant and necessary, as they seek documents and information relevant to who its owners have been at various points during the relevant time period; what exactly these entities do; who they do it for; how they

---

[1] It is worth noting that Vic, who has been a YouTube preacher by trade for some time, drives multiple high-end luxury vehicles from which he preaches the gospel. His lifestyle (complete with homes in Florida and New York) certainly raises questions about the financial arrangements he has with Don.

[2] Group 5 is believed to be primarily owned and controlled by Vic. It is also the subject of a separate Motion to Compel being filed contemporaneously with this Motion.

are paid; and who they pay. This information is necessary to understand how they are involved with the competing business[3] and the efforts of the individual Defendants to harm SiteOne. The two property-owning entities, 3670 Route 112 and 9 4th, are also significant because they own the land on which SiteOne's Coram location sits and are parties to the lease agreement for that property—which lease SiteOne contends has been breached.

Garden Dept. is significant not only because of the suspicious circumstances under which its ownership changed hands just prior to selling its assets. It is also significant because when Defendants were initially opening their business at the Middle Island Road property (which was purchased via another corporate entity, Narrow Way 2 LLC[4]), they were investigated by the Town of Brookhaven for violations of state and local environmental ordinances. The Town's investigator, Luke Ormand, testified under oath that he stopped at the Middle Island Road property on January 9, 2023 and spoke with an unnamed individual "wearing a Garden Dept. shirt," expressly noting "[t]he work shirt had a clearly visible orange 'The Garden Dept.' logo on it." [Dkt. No. 55 ¶ 81.] Ormand further testified that he asked the man what the plan for the property was and he stated that "they" would be "operating a nursery"; Mr. Ormand asked if it was "for the Garden Dept.," and the individual replied, "yes." [*Id.*] Garden Dept. appears to have potentially been involved with the competing business early on (and perhaps still is).

SiteOne asserts nine causes of action against 3670 Route 112, 9 4th, and Garden Dept.: breach of contract; misappropriation of trade secrets (violations of federal and state law); violation of the federal Computer Fraud and Abuse Act; unfair competition; tortious interference with business and contractual relationships; aiding and abetting breach of fiduciary duty; and civil conspiracy. [Dkt. No. 55.]

**1. Requests for Financial Information.** SiteOne requested that 3670 Route 112, 9 4th, and Garden Dept. each produce documents sufficient to show their revenue expenses, balance sheets, general ledgers, income statements, and cash flow statements. (RFP Nos. 8-9, 16.) In response, these Defendants asserted blanket objections and refused to provide the requested information.[5] SiteOne requires this information in order to understand the financials of the these entities, as it will inform SiteOne of their connection to the other Defendants and their role in Defendants' improper competition.

**2. Requests Related to Officers and Directors and Corporate Purpose.** SiteOne also requested that each of the entities identify their customers from January 1, 2020 through the present and for each such customer identified, all revenue received from each customer by calendar year for the same time period. (ROG Nos. 7-8.) In response, 3670 Route 112 and 9 4th stated that "Defendant…has no customers" and "receives revenue as one of the property owners of the Coram site as a result of SiteOne's lease with the designated landlord, Narrow Way Realty, Ltd." 3670 Route

---

[3] A discussion of Defendants' improper competition at various sites within five miles of SiteOne's Coram location, along with a brief summary of Defendants' theft of trade secrets, among other improper conduct, is included in the Motion to Compel as to Defendant Victor Caroleo, filed in conjunction herewith.

[4] Defendant Narrow Way 2 LLC is believed to be primarily owned and controlled by Vic. That entity is also the subject of separate Motions to Compel being filed contemporaneously with this Motion.

[5] In its supplemental response, Garden Dept. stated that, with the exception of documents already in SiteOne's possession in connection with, or as a result of, its acquisition of SiteOne, it has no additional balance sheets, general ledgers, income statements, and cash flow statements from January 1, 2020 through the present.

112 and 9 4th do not, however, indicate whether they own any additional property and whether they receive revenue from ownership of any additional properties. SiteOne asks that these Defendants be required to provide that information.

**3. Requests Related to The Entities' Employees.** SiteOne requested the identity of each individual who has performed services for 3670 Route 112 and 9 4th as an employee or independent contractor since January 1, 2020 through the present, and for each such individual, the dates on which they provided services and the type of services provided. (ROG No. 11.) In their initial responses, 3670 Route 112 and 9 4th asserted blanket, boilerplate objections and refused to produce any responsive documents. In their supplemental responses, 3670 Route 112 and 9 4th identified Theresa Marx as providing bookkeeping services. But 3670 Route 112 and 9 4th failed provide the dates on which Theresa Marx provided such services and failed to confirm whether any other individuals have provided services.

**4. Requests Related to the Competing Business.** SiteOne requested documents related to the purchase, leasing, preparation, development, and use of the properties located at 38 Yaphank Middle Island Road, 99 Long Island Avenue, and 2001-2177 Horseblock Road. (RFP Nos. 23-39.) Defendants attempted to operate a competing business at the Middle Island Road property, but were enjoined due to violations of local and state environmental protection laws. Defendants then moved their competing business, Scapes Supply, LLC, to the 99 Long Island Avenue property, where they continue to operate the competing business today. SiteOne believes Defendants plan to move their business to the Horseblock Road property sometime soon. In their initial responses, 3670 Route 112, 9 4th, and Garden Dept. asserted blanket, boilerplate objections and refused to produce any responsive documents. In their supplemental responses, these entities stated that they are "unaware" of any documents in their possession. However, it is unclear what, if anything, was done to search for documents responsive to these requests. This is particularly true considering that the search term hit report provided by counsel for these entities to SiteOne on August 1, 2024, demonstrates that no search for documents responsive to these requests was undertaken via those search terms.

SiteOne is entitled to the information it seeks as it is relevant to the claims in this action. This Court should therefore order 3670 Route 112, 9 4th, and Garden Dept. to produce the requested documents and information.

John "Evan" Gibbs III