# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Colleen O'Neil - Partner
Direct E-Mail Address: **colleen@mllaborlaw.com**
Direct Dial: (516) 303-1395

Hon. Steven I. Locke, U.S.M.J.                                          September 12, 2024
Eastern District of New York

      **Re:**    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
             Case No. 2:22-cv-5204_____

Dear Judge Locke,

We represent all Defendants, including Dominick Caroleo ("Don"), in the above-captioned action. We submit this letter motion for an order, pursuant to Fed. R. Civ. P. 45, quashing a subpoena duces tecum issued by Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") to nonparty AT&T, returnable on September 12, 2024 (the "Subpoena," Ex. "A"), making a blanket request for records related to every single call or text to or from Don's personal cell phone number for nearly a five-year time period, *i.e.*, since January 1, 2020. The Subpoena should be quashed because it is the classic "fishing expedition" meant to harass the opposing party, and SiteOne has no justifiable, legal basis for such an extraordinary intrusion into Don's personal life.

Defendants posit that SiteOne's lawsuit is baseless and an effort by a $7 billion company to harass Don, his father, co-defendant Victor Caroleo ("Vic"), co-defendant Nicholas Giordano ("Nick"), and anyone associated with Don. It appears that SiteOne believes that, pursuant to the Asset Purchase Agreement ("APA"), it overpaid for The Garden Dept. Corp.'s ("Garden Dept.") assets in January 2020; over compensated Don; and/or is lashing out in anger at the way its relationship with Don ended. This Subpoena exemplifies the abusive nature of this lawsuit.

Background. Garden Dept. was started by Don's father, co-defendant Victor Caroleo ("Vic") in 1976. Before the APA, Don became Garden Dept.'s sole owner. In connection with the APA, SiteOne employed Don for an initial three-year term pursuant to an employment agreement which included various incentives such as earnouts for years 1 (2020), 2 (2021) and 3 (2022).[1] Don had restrictive covenants. (His last restrictive covenant expires in four months, on January 14, 2025). SiteOne also hired Nick – who had worked at Garden Dept. for two decades managing day-to-day operations – and Vic. Neither had restrictive covenants.

---

[1] Don performed incredibly well, but his earnouts were affected by Covid. SiteOne had promised to make it up to Don by extending earnouts to 2023, but then terminated Don before his 2023 earnout was paid.

September 12, 2024
Page 2

Don was terminated on October 19, 2022. Vic was terminated days later. After Don's termination, this Firm negotiated with SiteOne for Don concerning his termination and compensation to which he was entitled, and would have received but for his termination, including earnouts for 2022 and 2023 (as promised), severance pay, his restricted stock unit grant, bonus, and healthcare. In February 2023, Don settled his claims with SiteOne.[2] Nick was terminated that same month.

Within weeks, SiteOne sued Don, Vic, and Nick, as well as six entities, owned by either Don or Vic. SiteOne makes baseless allegations that Don is in breach of his restrictive covenants because, supposedly, some unnamed people said that Nick and he were starting a nursery.[3] The problem with that claim is that Don is not competing. The problem with the claim against Nick, Vic, and Scapes Supply LLC ("Scapes") is that Nick and Vic are entitled to compete with SiteOne as they are not bound by any restrictions. As part of its "sue first, ask questions later" approach, in July 2023, in its Amended Complaint, SiteOne sued two owners of real property, including 99 Long Island Avenue South, LLC, where Scapes operated, discontinuing as against them in August 2023.

SiteOne's modus operandi has been, and remains, outright abusive, *e.g.*, by suing defendants without basis and issuing multiple, intrusive subpoenas. As to the latter, SiteOne has issued, at least, **12 subpoenas** to defendants' various banks, broker, an entity owned by Vic, Don Caroleo Ventures LLC (not yet sued by SiteOne), longtime friends/associates who had performed limited work for the Caroleos over the years, and now, AT&T.

The Subpoena Must Be Quashed. The Subpoena is but another example of SiteOne using its massive resources to bully and harass Don. It seeks: "[a]ny and all records" from January 1, 2020 to present: (i) "identifying any calls made to or from [Don's cell phone number], including, ... call detail records, call logs, and telephone bills"; and (ii) "identifying any text messages sent to or from [Don's cell phone number], including, … text message logs and text message content." Thus, the Subpoena seeks all records relating to every single call made from or to, and every single text message – including "text message content" – sent from or to Don's cell phone for the past, nearly 5 years. This broad net would include all personal calls, including those with family members, friends, physicians, lawyers, etc.

On September 4, 2024, the parties met and conferred. Don offered to voluntarily provide call and text logs for communications between himself and his co-Defendants. SiteOne rejected this and made a meaningless counteroffer – to push back the start date of the time frame for which it seeks records to January 1, 2022. SiteOne's counteroffer utterly failed to address Don's objection – that SiteOne insistence's on seeing every single call and text is patently impermissible and overbroad.

As an initial matter, SiteOne's demand for AT&T to produce "text message content" is patently inappropriate. Pursuant to the plain language of the Stored Communications Act, 18 U.S.C. §2701-

---

[2] SiteOne refused to provide Don with any compensation based on a 2023 earnout, despite its past promises. In the interest of moving on, Don settled claims with SiteOne in February, 2023.

[3] SiteOne's bad faith in this lawsuit also is exemplified by the fact that, as to Don, the only supposed factual allegation is that some unnamed person supposedly said Don was going to do something, which fails to plausibly allege that Don actually did anything. In addition, the only allegations as to five of the defendant entities merely identify the type of entity, that it is owned by Don or Vic, and that it owns certain real property. (Dkt. 55, ¶¶10, 12, 13, 23-24, 34-35, 126). Yet, as a result, SiteOne has bombarded each entity, knowing they do not belong in this litigation, with onerous discovery demands, wasting time and with the design to increase the cost of defense needlessly.

September 12, 2024
Page 3

2712 ("SCA"), AT&T is prohibited from divulging "text message content." *See, e.g.*, *Mintz v. Mark Bartelstein & Assocs.*, 885 F.Supp.2d 987, 993 (C.D. Ca. 2012) (explaining, that under the SCA, AT&T "may not disclose the content of text messages" except to "'an addressee or intended recipient of such communication or an agent of" one of those without "consent"). SiteOne does not fit into any statutorily-permitted category. Therefore, the SCA prohibits AT&T from disclosing the content of any text message sought by the Subpoena.

Beyond this, the scope of the Subpoena is palpably improper as it seeks information that is not relevant or proportional to the needs of the case. Pursuant to Fed. R. Civ. P. 45, a subpoena to a non-party is subject to the relevancy requirements of Fed. R. Civ. P. 26(b)(1). *See Ford Motor Credit Co. v. Meehan*, 2008 U.S. Dist. LEXIS 53192, at *12 (E.D.N.Y. July 11, 2008); *see also*, *Jalayer v. Stigliano,* 2016 U.S. Dist. LEXIS 135288, at *6 (E.D.N.Y. Sept. 29, 2016) ("information sought must be relevant and material to the allegations and claims at issue in the case").

Here, SiteOne has offered no basis at all – because there is none – why such a sweeping intrusion into Don's private affairs, having no relation whatsoever to the issues of this case, should be permitted. Even so, SiteOne issues a blanket demand, making no effort at all to tailor the Subpoena to seek communications with only those phone numbers that could arguably be relevant. Consequently, the Subpoena seeks information primarily about communications that are not relevant, and simply none of SiteOne's business. SiteOne should not be permitted to pry Don about those irrelevant calls and texts. (Based on SiteOne's history in this case, it will likely use the irrelevant information to subpoena more people to further harass Defendants).

In any event, to the extent any of the communications sought by the Subpoena has any relevance, the only information that would be produced would be the date, time, and length of any call and the date of any text. Such limited information would have marginal utility, if any. Certainly, such information is not sufficiently probative to justify the massive invasion into Don's privacy. *See, e.g., Morocho v. Stars Jewelry by the A Jeweler Corp.*, 345 F.R.D. 292, *294 (S.D.N.Y. 2024). Additionally, "wishful thinking" or speculation does not justify the Subpoena. *See, e.g.*, *Morocho*, at *294 (no evidence that phone records were relevant); *Gonzalez v. Allied Concrete Indus.*, 2016 U.S. LEXIS 112706, at *12-*14 (E.D.N.Y. 2016) (rejecting attempt to obtain cell phone records on "unsupported theory" that records "will lead to promising evidence" because "entirely too speculative to warrant a wholesale intrusion into the private affairs of the Plaintiff").

Finally, the Subpoena is grossly overbroad because it is a "blanket request" for "<u>any and all records</u>" with regard to <u>every single call or text</u> on Don's phone during the specified time period. *See Morocho*, at *293 (defendants' blanket demand that T-Mobile produce "all phone records" was "plainly overbroad and impermissible"); *see also*, *Gropper v. David Ellis Real Estate, L.P.,* 2014 U.S. Dist. LEXIS 16849, at *4 (S.D.N.Y. 2014) (finding request for "any and all" documents inherently overbroad).

The Subpoena should be quashed.

                                                                          Respectfully Submitted,

                                                                          *Colleen O'Neil*
                                                                          Colleen O'Neil

cc: All counsel of record (Via ECF)

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

    Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

    Defendants.

Civil Action No.: 23-CV-02084-GRB-SL

**NOTICE OF SERVICE OF SUBPOENA**

---

Pursuant to Fed. R. Civ. P. 45(a)(4), please take notice that Plaintiff SiteOne Landscape Supply, LLC will serve the attached Subpoena Duces Tecum on AT&T on August 22, 2024.

Dated: August 20, 2024

FARRELL FRITZ, P.C.

By: /s/ Kevin P. Mulry

    Kevin P. Mulry
    400 RXR Plaza
    Uniondale, New York 11556
    Phone: (516) 227-0620
    Email: kmulry@farrellfritz.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Service of Subpoena was served on all counsel of record via email on August 20, 2024.

/s/ Kevin P. Mulry
Counsel for Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SITEONE LANDSCAPE SUPPLY, LLC <br> *Plaintiff* <br> v. <br> NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 2:23-CV-2084-GRB-SL <br> ) <br> ) <br> ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T. 28 Liberty Street New York, NY 10005
1330 Avenue of the Americas New York, NY 10019

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Attn: Kevin P. Mulry, Farrell Fritz, P.C., 400 RXR Plaza, Uniondale, New York 11556 | Date and Time: 09/12/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2024

CLERK OF COURT

_____    OR    *Kevin P. Mulry* (signed)
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SiteOne Landscape Supply, LLC , who issues or requests this subpoena, are:
Kevin P. Multy, Farrell Fritz, P.C. 400 RXR Plaza, Uniondale, New York 11556, kmulry@farrellfritz.com, (516) 227-0620

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-CV-2084-GRB-SL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### Documents To Be Produced for Dominick Caroleo

Please produce all records relating to the telephone number assigned to Dominick Caroleo, including, but not limited to, 1-631-484-3532 from January 1, 2020 to present. This includes the following:

1. Any and all records identifying any calls made to or from the above referenced telephone number and any additional telephone numbers assigned to Dominick Caroleo during the above-referenced period, including, but not limited to, call detail records, call logs, and telephone bills.

2. Any and all records identifying any text messages sent to or from the above-referenced telephone number and any additional telephone numbers assigned to Dominick Caroleo during the above-referenced period, including, but not limited to, text message logs and text message content.