**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Colleen O'Neil - Partner**
**Direct E-Mail Address: colleen@mllaborlaw.com**
**Direct Dial: (516) 303-1395**

September 12, 2024

**VIA ECF**
Hon. Steven I. Locke
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
              Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke,

This firm represents all Defendants in the above-reference actions. On September 10, 2024, Plaintiff filed seven motions to compel with respect to the various Defendants (*See* ECF Nos. 152-158). Pursuant to this Court's Individual Rule 4(A)(i), Defendants are therefore obligated to file oppositions to all seven motions by Monday, September 16, 2024. However, for the reasons set forth below, Defendants respectfully write to request extensions to the deadline to oppose for each of the seven motions to compel.

This firm has represented Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp ("Garden Dept"), 3670 Route 112 LLC ("3670 LLC"), and 9 4th St., LLC ("9 4th LLC") (collectively the "Don Defendants") from the start of this action. However, as the Court is aware, pursuant to the Court's Electronic Order dated September 11, 2024, this firm just substituted in as counsel for the remaining Defendants, *i.e.,* Victor Caroleo ("Vic"), Nicholas Giordano ("Nick"), Scapes Supply, LLC ("Scapes"), Narrow Way Realty, Ltd., ("Narrow Way"), Narrow Way 2, LLC ("Narrow Way 2"), Group 5 Associates, Ltd ("Group 5"), and Neway Management, LLC ("Neway Management")(collectively the "Vic Defendants"). We immediately sought to obtain the Vic Defendants' files for this action from their former counsel and uploaded to our platform. We were just informed that the data is estimated to be exported from former counsels' eDiscovery platform by September 16, 2024, but we do not yet know how long it will take to migrate that data onto our eDiscovery platform, so that it can be available for review, but we anticipate that it would be completed by Friday, September 20, 2024. Accordingly, presently, we are unable to review the Vic Defendants' files with our clients. Five of seven of Plaintiff's seven motions to compel involve various of the Vic Defendants.

Against this backdrop, the Vic Defendants respectfully request that the Court extend the deadline for them to oppose the five motions to compel directed to them (ECF Nos. 152, 153, 155-157) (collectively the "Vic Defendants' MTCs") from September 16, 2024 to October 11, 2024, *i.e.*, three weeks from September 20, 2024, so that we have sufficient time to obtain the files and review them with the Vic Defendants.[1]

In addition, with respect to the remaining motions to compel directed to the Don Defendants (ECF Nos. 154, 158) (collectively, the "Don Defendants' MTCs"), due to numerous commitments and deadlines on other matters, including depositions, court appearances and a deadline on an appellate brief, the Don Defendants respectfully request an extension of the deadline to oppose from Monday, September 16, 2020 to Friday, September 20, 2024.[2]

Accordingly, the Defendants respectfully request: (i) an extension of the Don Defendants' deadline to oppose the Don Defendants' MTCs from September 16, 2024 to September 20, 2024; and (ii) an extension to the deadline for opposition for the Vic Defendants to October 11, 2024, three weeks from the date by which it is anticipated that the Vic Defendants' files will be uploaded to counsel's eDiscovery platform.

This is the first request for an extension with respect to the deadline to file oppositions to ECF Nos. 152-158.

We thank the Court for its attention to this matter.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Colleen O'Neil

---

[1] We conferred with Plaintiff's counsel regarding this request for an extension earlier this evening, before we had an estimate for when the files would be available to us. Because we did not have an estimate, and because this Court's Individual Rules require us to request this extension by today, our request when we conferred with Plaintiff's counsel was for "three weeks from the date when the files are fully uploaded onto our eDiscovery platform". Plaintiff's counsel indicated that it would not consent to an extension to an unknown date. Since that communication, we have received an estimate that allows us to set a firm date for the extension. We communicated this development to Plaintiff's counsel and inquired as to whether they can now consent to the extension request, but have not heard back.

[2] Plaintiff's counsel indicated they would only agree to a two-day extension. However, we are compelled to bring this motion because that does not allow for sufficient time in light of counsels' commitments on other matters next week.

Hon. Steven I. Locke, U.S.M.J.
Page 3 of 3


cc: All counsel of record via ECF.