

**Kevin P. Mulry**
Partner

Direct Dial: 516.227.0620
Direct Fax: 516.336.2262
kmulry@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
40734-100

September 16, 2024

**BY ECF**
Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    **SiteOne Landscape Supply, LLC v. Giordano, et al.**
              <u>**No. 2:23-cv-02084-GRB-ST (E.D.N.Y.)**</u>

Dear Judge Locke:

This firm represents Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") in the above-captioned action. This letter is respectfully submitted in opposition to the letter motion filed by Defendant Dominick Caroleo ("Don") (the "AT&T Letter Motion") (Doc. No. 163), seeking to quash a subpoena directed to AT&T (the "AT&T Subpoena," attached as Exhibit A to the AT&T Letter Motion). The AT&T Letter Motion should be denied.

**<u>Background For Issuance Of The AT&T Subpoena</u>**

Don's activities underlying the claims against him are more fully described in SiteOne's motion to compel discovery responses from Don dated September 10, 2024 (Doc. No. 154), at 1-2. Briefly, in January 2020, Don was the sole shareholder of The Garden Dept. Corp., the entity which owned all Garden Department assets. At that time, SiteOne acquired Garden Department for more than $34 million through an Asset Purchase Agreement ("APA"). Don, along with his father, Defendant Vic Caroleo ("Vic"), continued on as an employee in SiteOne's Coram, New York location. Don eventually left SiteOne in October 2022, based on events commencing in September 2022. His father left SiteOne shortly thereafter, as did Defendant Nicholas Giordano ("Nick") a few months later.

The APA contains a five-year non-competition covenant, under which Don agreed not to directly or indirectly compete within a 75-mile radius of the SiteOne locations in Coram, Dix Hills, or Speonk. Pursuant to the APA, Don also agreed that he would not knowingly or intentionally damage the goodwill of the business with suppliers, employees, patrons, or customers.

Honorable Steven I. Locke
Page 2

The Amended Complaint (Doc. No. 55) alleges that, after his departure from SiteOne, Don immediately began conspiring with Nick and Vic to prepare and open a competing business a few miles from SiteOne's Coram location in violation of multiple non-compete restrictions. Eventually, in April 2023, Vic formed a new corporate entity, Scapes Supply, LLC, and leased a property in Yaphank, New York. Defendants moved their new competing business to that location, which is the site at which they continue to operate and compete through the present.

Don's involvement in this litigation is significant. He has multiple, unambiguous non-compete and non-solicitation agreements with SiteOne. Don owns and controls entities which own certain parcels of land on which the legacy Garden Department business sits. Don's cell phone and text message communications during this period, with co-defendants, vendors, suppliers, and customers, are highly relevant to prove the alleged conspiratorial competitive activity alleged in the Amended Complaint. As demonstrated by the multiple motions to compel filed by SiteOne, Don and the other Defendants have frustrated SiteOne's efforts to obtain discovery directly from Defendants.[1] SiteOne should be permitted to obtain relevant cell phone and text message discovery from AT&T.

**The AT&T Letter Motion Completely Ignores The Meet-And-Confer Process In Which SiteOne Agreed To Narrow The Scope of The AT&T Subpoena**

Don fails to fully advise the Court of the meet-and-confer discussions between the parties concerning the AT&T Subpoena. In response to Don's objections, SiteOne agreed to limit the AT&T Subpoena to:

- Call logs only, and not any other documents, for Don's phone calls and text messages (these records will not reveal the content of any communications; they will only identify the phone numbers with which Don communicated and the duration of phone calls).

- The time period beginning on September 1, 2022, the month when the events leading to Don's exit from SiteOne began, which then led to the competitive activity alleged in the Amended Complaint.

Contrary to Don's assertions, the AT&T Subpoena, as narrowed, does not seek "a blanket request for documents … for a five-year period;" "call detail records;" "telephone bills;" or "text message content." Don's attorneys know that SiteOne agreed to limit the AT&T Subpoena to call logs only and the time period beginning September 1, 2022. The arguments in the AT&T Letter Motion with respect to other documents are therefore moot.

The narrowed scope and time period were presented to Don's attorneys during a meet-and-confer call on Wednesday, September 4, 2024. Don's attorneys said they would respond to SiteOne's proposal. SiteOne's first notice that the proposal was rejected, the meet-and-confer process was over, and Don did not have a counter-proposal, was the filing of the AT&T Letter Motion over a week later, on Thursday night, September 12, 2024.[2]

---

1   Don complains about the other non-party subpoenas issued by SiteOne. AT&T Letter Motion at 2. Don fails to tell the Court, however, that those subpoenas have either been enforced by the Court, responded to by the recipients, or negotiated through meet-and-confers to resolution.
2   While it is unclear why Don's attorneys did not provide a meet-and-confer response, or why it took

Honorable Steven I. Locke
Page 3

**The Don Defendants Seek To Re-Argue The Motion**
**To Dismiss That Was Denied By Judge Brown**

Don's argument that discovery of his phone call and text message activity should not be permitted because the allegations against Don are insufficient, *see* AT&T Letter Motion at 2 & n.3, should be rejected. Judge Brown has already decided that the allegations against all Defendants (including Don) are sufficient, and he also called for "a rapid path in Discovery."

> The question is, does this Complaint -- it's a 55-page Complaint here – satisfy Rule 8(b) notice in absolute (indiscern.) the Rule 8, and I would say that in the instances where 9(b) an analysis is required, it satisfies 9(b) as well. Therefore, I'm deeming the Motions made and denied. So I'm denying the Motions to Dismiss, and the case can move forward. Now let's get to that, because that to me is the most important thing. I would like to -- I will leave to Magistrate Tiscione done a fine job in this case, the management of the Discovery, but I do think that this has to be put on a rapid path in Discovery. I think we have to get this to completion rapidly, because it's an important ongoing business concern.

Ex. A (Oral Decision on Motion to Dismiss), at 34. Discovery with respect to Don's activities when he left SiteOne, and through Scapes Supply's competitive operations, are at the heart of the case against him. His cell phone and text message activity are therefore properly discoverable.

**The AT&T Subpoena Should Be Enforced As Narrowed**

This Court has held that cell phone records are properly discoverable when relevant. *See, e.g., Caputi v. Topper Realty Corp.*, 2015 WL 893663, at *4-5 (E.D.N.Y. Feb. 25, 2015); *Perry v. The Margolin & Weinreb Law Grp. LLP*, 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015). The cell phone records at issue are directly relevant to Don's actions in violation of the non-compete agreements. Moreover, the time period here is narrowly tailored to start with the events leading to Don's exit from SiteOne and the commencement and continuation of competitive activities. *See Caputi*, 2015 WL 893663, at *5 (Court adopted "measured approach" to grant production of cell phone records covering two-year period).

For these reasons, it is respectfully requested that the Court deny the AT&T Letter Motion and enforce the AT&T Subpoena as narrowed.

Respectfully submitted,

*s/ Kevin P. Mulry*

Kevin P. Mulry

cc:   All counsel (By ECF)

---

over a week to file the AT&T Letter Motion, the Thursday night filing did give SiteOne only two business days to respond under the Court's discovery motion rules. *See* Individual Motion Practice Rule 4.A.i. (letter opposition due in four days, which includes Saturday and Sunday).

FF\14950179.1