# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Siteone Landscape Supply, LLC, | Docket #CV-23-2084(GRB)(ST) |
| Plaintiff, | |
| V. | United States Courthouse Central Islip, New York February 27, 2024 |
| Nicholas Giordano, et al., | 3:46 p.m. |
| Defendants. | |

```
              TRANSCRIPT OF PRE-MOTION CONFERENCE
              BEFORE THE HONORABLE GARY R. BROWN
              UNITED STATES DISTRICT COURT JUDGE
```

APPEARANCES:

For The Plaintiff:  Kevin P. Mulry, Esq.
                    Farrell Fritz, PC
                    400 RXR Plaza
                    Uniondale, NY 11556

                    Evan Gibbs, Esq.
                    Troutman Pepper Hamilton
                    Sanders, LLP
                    Ste. 3000
                    600 Peachtree Street, NE
                    Atlanta, GA 30208

                    Daniel Gorman, Esq.
                    Troutman Pepper Hamilton
                    Sanders, LLP
                    875 Third Ave.
                    New York, NY 10022

For The Defendants:  Michael C. Mule, Esq.
                     Milman Labuda Law Group, PLLC
(Dominick Caroleo, The   3000 Marcus Ave.-Ste. 3w8
Garden Dept. Corp., 3670  Lake Success, NY 11556
Route 112, LLC,
9 4th St., LLC)

```
                                  Robert Milman, Esq.
                                  Milman Labuda Law Group, PLLC
                                  3000 Marcus Ave.-Ste. 3w8
                                  Lake Success, NY 11556

                                  Julie E. Cohen, Esq.
(Nicholas Giordano,Victor         Skadden Arps Slate Keagher
 Caroleo, Narrow Way Realty,      & Flom, LLP
 Ltd., Narrow Way 2, LLC,         One Manhattan West
 Group 5 Associates, Ltd.,        New York, NY 10001
 Scapes Supply, LLC and
 Neway Management, LLC)

                                  Saul D. Zabell, Esq.
                                  Zabell & Collotta, PC
                                  One Corporate Dr.-Ste. 103
                                  Bohemia, NY 11716

     Audio Operator:

     Transcribing Firm:           Writer's Cramp, Inc.
                                  1027 Betty Lane
                                  Ewing, NJ 08628
                                  609-588-8043
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1              (Proceeding in progress)
 2              THE CLERK:  -- 3-2084, Siteone Landscape Supply, LLC
 3    vs. Giordano, et al.  Counsel, please state your appearance
 4    for the record.  Plaintiff goes first.
 5              MR. MULRY:  For the Plaintiff, Kevin Mulry from
 6    Farrell Fritz.  Good morning, Your Honor.  Good afternoon,
 7    Your Honor.
 8              THE COURT:  Morning.  Good afternoon.
 9              MR. MULE:  Good afternoon, Your Honor.  Michael
10    Mule, Milman Labuda Law Group, along with my partner, Rob
11    Milman, on behalf of Defendants, Dominick Caroleo, The Garden
12    Department, Corp., 3670 Route 112, LLC, and 9 4th Street, LLC.
13              MS. COHEN:  Good afternoon, Your Honor.  Julie Cohen
14    from Skadden Arps, on behalf of Defendants Nicholas Giordano,
15    Vic Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group
16    5 Associates, Ltd., Scapes Supply, LLC, and New Way
17    Management, LLC.
18              MR. ZABELL:  Good afternoon, Judge. Saul Zabell.  I
19    represent the same individuals Ms. Cohen just identified.
20              MR. GIBBS:  Good afternoon (indiscern.).
21              THE COURT:  (indiscern.)
22              MR. GIBBS:  Evan Gibbs.
23              THE COURT:  Okay.  Go ahead.
24              MR. GIBBS:  I'm sorry, Your Honor.
25              THE COURT:  (indiscern.)
```

```
                                                                 5

 1             MR. GIBBS:  I had trouble getting my phone off of
 2   mute, but this is Evan Gibbs, appearing on behalf of
 3   Plaintiff, Siteone, and I'm here with my colleague, Dan
 4   Gorman, as well.
 5             THE COURT:  Okay.  Anybody else?  Sounds like we've
 6   got everyone.  All right.  This is Judge Brown.  There's a
 7   Pre-Motion Conference we're on for here, and as you know from
 8   my rules and the orders establishing this conference, I don't
 9   stop anyone from making a Motion.  You can make any Motion you
10   like, however, I do reserve the right -- If I think we can
11   resolve this here, to deem the Motion made and resolve it.  So
12   feel free to argue anything you want.  With that said, I'll
13   hand it off.  Who would like to take the lead for the
14   Defendants making (indiscern.) the Motion?
15             MR. MULE:  Your Honor, it's Michael Mule.  I'd like
16   to begin on behalf of my clients, if I may?
17             THE COURT:  Okay.
18             MR. MULE:  Okay?
19             THE COURT:  Sure.
20             MR. MULE:  All right.  Great.  Your Honor, I
21   represent the Defendants Dominick Caroleo, The Garden
22   Department Corp, 3670 Route 112, and 9 4th Street, LLC.  The
23   facts in this case, despite the long Complaint, are really
24   rather simple.  Siteone's a multi-national, publicly traded
25   landscape supply company.  They acquired one Defendant in this
```

1   There were references to the sales data.  Certainly Mr. Don
2   Caroleo set up a app that had a website, and I think there's
3   arguments that this was a public website.  This is not a
4   website that's on The Garden Department website so that
5   everybody can look in and see how much in sales did the store
6   do today, and let's compare that historically to last year,
7   and let's look month-to-month, and look year-to-year.  That,
8   with respect to sales data, plus other information, did give a
9   competitive advantage, and we say that the allegations of the
10  amended Complaint fully support the claims under the Trade
11  Secrets Act, and the Computer Fraud Abuse Act.  I'll stop
12  there.  If the Court has specific questions, I'm happy to
13  respond to those.
14              THE COURT:  All right.  Is that it, Mr. Mulry?  Are
15  you done?
16              MR. MULRY:  Yes, Your Honor.
17              THE COURT:  Excellent.  All right.  Well, I've heard
18  enough, and what I'll say is this.  I think Counsel did a fine
19  job today, an excruciatingly fine job.  I have every detail of
20  the argument on the record.  More importantly, as I've been
21  reminded, and of course I recall, I've seen extensive briefing
22  on this case in the context of the Preliminary Injunction
23  proceedings, and as such I believe I'm in any position to rule
24  on this without further delay to this case, which has already
25  been substantially delayed in a sense, and I don't think

```
 1   that's anyone's fault, but it has just taken a while to get
 2   our arms around these various issues, so I'm going to deem the
 3   Motions made, and I'm going to decide them now.  Will not be
 4   issuing a written decision.  The decision will be on the
 5   record, but I will say that as part of this decision, I've
 6   incorporated everything that was put forth in the parties'
 7   letter briefs to the Court, which were quite good and
 8   thorough, as well as the argument today, which were detailed
 9   down to LEXIS citations, so we have quite an impressive
10   record.
11        With that said, of course which before the Court is a Rule
12   12 Motion to Dismiss the Complaint on the grounds that it
13   fails to state a cause of action.  I will not belabor the
14   record with the standard here, because you all know it quite
15   so very well.  The answer of course is that taking all drawn
16   inferences and (indiscern.) non-movement here the Plaintiff,
17   and question me, and assuming the allegations to be true for
18   these purposes, are there sufficient allegations to go forward
19   with claims that satisfy both Rule 8, as well as in certain
20   instances in this case there are elements of 9(b), but it's
21   mainly Rule 8.  Either way.  But Defendant claims that the
22   allegations are insufficient.  Of course the Court had issued
23   several decisions on this case, and in those Petitions the
24   Plaintiff did not prevail in getting Preliminary Injunctive
25   Relief.  Of course (indiscern.) is adjudged by a completely
```

34

1  different standard.  The standard there is that it's quite
2  extraordinary, because Preliminary Injunctions involve
3  extraordinary efforts and extraordinary exercise of power by
4  the Court.
5      This is a different situation.  The question is, does
6  this Complaint -- it's a 55-page Complaint here -- satisfy
7  Rule 8(b) notice in absolute (indiscern.) the Rule 8, and I
8  would say that in the instances where 9(b) an analysis is
9  required, it satisfies 9(b) as well.  Therefore, I'm deeming
10 the Motions made and denied.  So I'm denying the Motions to
11 Dismiss, and the case can move forward.  Now let's get to
12 that, because that to me is the most important thing.  I would
13 like to -- I will leave to Magistrate Tiscione done a fine job
14 in this case, the management of the Discovery, but I do think
15 that this has to be put on a rapid path in Discovery.  I think
16 we have to get this to completion rapidly, because it's an
17 important ongoing business concern.  So with that in mind, I'd
18 love to hear the parties' input as to what you think a
19 reasonable Discovery schedule would look like.  Let me start
20 with the Plaintiff.  Mr. Mulry, what do you think in terms of
21 how long should it take to go from this point where we're
22 denying Motion to Dismiss, to the point where we're ready for
23 the next step,(indiscern.) or the Summary Judgment, or trial,
24 or whatever?
25          MR. MULRY:  Well, Judge, one thing I'll preface that