# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 20, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

        **Re:**    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
                Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendants The Garden Dept. Corp. ("Garden Dept"), 3670 Route 112 LLC ("3670 Route 112"), and 9 4th St., LLC ("9 4th St," collectively, the "Don Entity Defendants"),[1] we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") motion to compel them to supplement certain of their interrogatory responses and document productions (Dkt. 158). SiteOne's motion is baseless.[2] SiteOne's discovery demands are improper and overbroad, and, even so, the Don Entity Defendants provided reasonable responses. This motion is simply another part of SiteOne's harassment campaign against Don (*e.g.*, Dkt. 146, pp. 1-2, fns.2, 5, 7). Accordingly, and for the reasons set forth below, SiteOne's motion should be denied in its entirety.

Background: Garden Dept was founded in 1976 by Don's father, Vic. In 2020, SiteOne, a $7 billion landscape supply company, purchased Garden Dept.'s assets pursuant to an Asset Purchase Agreement ("APA"). Don was the sole owner. Since the asset purchase, Garden Dept has existed as a shell company, which Don intends to dissolve shortly. (Dkt. 42-3, ¶5). Each of the Real Estate Holding LLCs owns a parcel of property in Coram, New York, on which SiteOne operates its business as a lessee. (In the lease, Co-Defendant Narrow Way Realty, Ltd ("Narrow Way") is designated as the landlord). As owners of real property, the Real Estate Holding LLCs receive revenue from rent. That is their business.

There is no legitimate basis for the onerous discovery demands served by SiteOne on the Don Entity Defendants. SiteOne's attempt to weave some tale of relevance makes no sense. First, SiteOne claims that Vic, along with Don, had an ownership interest in Garden Dept before SiteOne purchased the assets of Garden Dept, and that this is, somehow, "suspicious," warranting discovery as to "who its owners have been at various points …." Certainly, if SiteOne had any concerns

---

[1] Defendant Dominick Caroleo ("Don") is the sole owner of each of these entities. 3670 Route 112 and 9 4th St. are referred to, collectively, as the "Real Estate Holding LLCs".
[2] In fact, SiteOne's entire case against the Real Estate Holding Companies is baseless. SiteOne's only allegations against each Real Estate Holding LLCs, along with the entities owned by co-Defendant Victor Caroleo ("Vic"), consist of the identity of the type of entity, *i.e.*, "LLC," that it is owned by Don or Vic, and that it owns certain real property. (Dkt. 55, ¶¶10, 12, 13, 23-24, 34-35, 126).

about Garden Dept's ownership history, it had the ability to raise such concerns during due diligence prior to executing the APA. But, it did not. Beyond SiteOne's speculation, there is simply nothing suspicious about an eventual transfer of ownership interest from a father to a son.

Next, SiteOne suggests that it needs discovery as to Garden Dept's ownership history because, in January 2023, an unidentified individual purportedly was "wearing a Garden Dept shirt" while on the Middle Island Road Property, which SiteOne takes to mean that "Garden Dept appears to have potentially been involved with the competing business early on (and perhaps still is)." This is preposterous. The allegation that an unidentified individual was wearing apparel with the Garden Dept logo on it, does not tend to make SiteOne's supposed conspiracy to compete with SiteOne any more or less probable. In fact, "Garden Dept [gave] away jackets as part of its marketing for years." (Dkt. 42-3, ¶4). "[E]mployees and non-employees could be seen wearing apparel with the 'Garden Dept' name." *Id.* Moreover, SiteOne, itself, has operated under the Garden Dept name for nearly five years. So, whoever was supposedly wearing this shirt could have received it from SiteOne. By SiteOne's logic, the Yankees could be sued because someone wore a Yankees jersey.

Finally, with respect to 3670 Route 112 and 9 4th St, SiteOne claims that the discovery demands that it served on these two single asset Real Estate Holding LLCs is somehow relevant because they are property owners of the land upon which SiteOne's Coram location operates.

<u>Argument</u>:  Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. As to the Don Entity Defendants, SiteOne's discovery is overbroad, seeks evidence not relevant or proportional to the case, and is based solely on speculation – a classic fishing expedition. Moreover, the Don Entity Defendants have provided reasonable responses.

SiteOne's claim that the Don Entity Defendants' discovery responses are inadequate is wrong. First, RFP ##8, 9, 16, request each of the Don Entity Defendants to produce "documents sufficient to show their revenue expenses, balance sheets, general ledgers, income statements, and cash flow statements." The Don Entity Defendants' objections to these requests and refusal to produce their financial records were proper.[3] SiteOne's request is based entirely on SiteOne's speculation about a supposed conspiracy to compete against SiteOne. There is absolutely no evidence in the record that would support SiteOne's speculation, much less that would support SiteOne's demand for the Don Entity Defendants' financial records. *See, e.g. Tapjets Inc. v. United Payment Servs., Inc.*, 2020 U.S. Dist. LEXIS 267784, at *19 (E.D.N.Y. 2020)(denying motion to compel discovery of Defendant's asset information because Plaintiff was merely "speculat[ing] that [the requested discovery] may reveal useful material, [but] speculation is not a basis for this Court to compel discovery."); *see also Alvarado v. GC Dealer Servs. Inc.*, 2018 U.S. Dist. LEXIS 204147, at *12 (E.D.N.Y. 2018)("[C]ourts should not grant discovery requests based on pure speculation that

---

[3] As a result of SiteOne's acquisition of Garden Dept's assets, SiteOne is already in possession of all relevant Garden Dept financial records.

Hon. Steven I. Locke, U.S.M.J
Page 3 of 3

amounts to nothing more than a fishing expedition"); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 U.S. Dist. LEXIS 112706, at *3 (E.D.N.Y. 2016)(denying motion to compel where Defendants offered nothing more than pure speculation as a basis for broad discovery). Accordingly, SiteOne's motion to compel the Don Entity Defendants to produce their financial records to SiteOne should be denied.

ROG ##7, 8 seek the identity of each Real Estate Holding LLCs' "customers" from January 1, 2020 to the present, and "all revenue from each customer by calendar year for the same time period." In response, the Real Estate Holding LLCs stated that they each "have no customers" and "receive revenue as one of the property owners of the Coram site as a result of SiteOne's lease with the designated landlord, Narrow Way Realty, Ltd." SiteOne apparently wants to know "whether they own any additional property and whether they receive revenue from ownership of additional properties." Without some connection to this litigation, SiteOne's inquiry is irrelevant. Nevertheless, each only owns the real estate after which it was named.

ROG #11 seeks the identity of each individual who has performed services for 3670 Route 112 and 9 4th St as an employee or independent contractor from January 1, 2020 to the present, along with dates of service and a description of the type of services provided. While this interrogatory is palpably improper as it conceivably could include any landscaper, electrician, plumber, etc., who has ever worked at the property, the Real Estate Holding LLCs identified "Theresa Marx" as an individual who "has provided general bookkeeping services" for them during the relevant time period, *i.e.*, since January 1, 2020. Assuming SiteOne is looking for the identity of someone, other than Don, as the owner, who regularly has performed services with respect to the Real Estate Holding LLCs, this answer is complete.

Finally, with regard to RFPs 23-39, SiteOne requests documents related to the purchase, leasing, preparation, and use of properties at three locations: Middle Island Road, 99 Long Island Avenue and 2001-2177 Horseblock Road. As an initial matter, the Horseblock Road property is not a subject of the claims or defenses in this action. In any event, the Real Estate Holding LLCs have no documents to produce, and therefore, they properly responded that they are "unaware of any documents that are responsive …." These entities should not be required to produce what they do not have and would never have. *See, e.g., Tapjets*, at *21 ("[T]he Court cannot require production in light of the representation made by Defendant that it is not in possession of any documents responsive to this request"). As indicated in their interrogatory responses, neither of these entities has an email address. There is no repository of communications for them to search. Those entities receive rent from SiteOne – that is the essence of their business. SiteOne knows this. It is ludicrous for SiteOne to insist that single asset real estate entities provide "documents and communications" regarding various properties, *e.g.*, Middle Island Road, 99 Long Island Road, and 2001-2177 Horseblock Road that they do not own and when Don, acting in his capacity as the owner of either entity, would have no reason to have such documents or communications in that capacity.

                Respectfully submitted,
                **MILMAN LABUDA LAW GROUP PLLC**
                */s/ Michael C. Mulè*
                Michael C. Mulè

cc: All counsel of record via ECF.