# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 20, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

        **Re:** *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
              Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Dominick Caroleo ("Don"), we write to oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") motion to compel Don to supplement certain of his interrogatory responses and document production (Dkt. 154). This motion is baseless. SiteOne's demands are wholly improper and overbroad, and, even so, Don provided reasonable responses. This motion is simply another part of SiteOne's harassment campaign against Don to squeeze him financially (*e.g.*, Dkt. 146, pp. 1-2, fns.2, 5, 7). SiteOne's motion should be denied.

Background: In 2020, SiteOne, a $7 billion landscape supply company, purchased the assets of Defendant The Garden Dept. Corp. ("Garden Dept"), which Don solely owned. After the asset purchase, SiteOne employed Don and had him sign restrictive covenants.[1] After the asset purchase, SiteOne also employed Don's father, co-defendant Victor Caroleo ("Vic"), and Don's long-time friend, co-defendant Nicholas Giordano ("Nick"). Neither Vic nor Nick is bound by any restrictive covenant, so both are free to compete. Don's employment term with SiteOne was set to expire in January 2023, but, just a few months before expiration, in September 2022, SiteOne terminated Don.[2] Then, within days of terminating Don, SiteOne terminated Vic, and, in February 2023, it terminated Nick. The claims against Vic, Nick, Don and the other Defendants are baseless.[3]

---

[1] The last of Don's restrictive covenants will expire in less than four months, on January 13, 2025.

[2] The self-serving statement that Don "departed" from SiteOne is another example of SiteOne's willingness to make false and misleading allegations. Don was terminated. (*Supra*; *see also* Defendants' September 6, 2024 letter filed under seal). Before termination, SiteOne agreed to extend Don's earnout terms to the end of 2023 to compensate for the impact of Covid on his earnout terms in 2020, which were part of the APA purchase price. Apparently not wanting to honor its agreement, likely because it believed Don's compensation was too high, SiteOne concocted a story, which it used as a false basis to terminate Don. This lawsuit is retaliation.

[3] This entire case is the height of bad faith as it is predicated on pure speculation. The claims that Don or the Garden Dept. has competed or is in a "conspiracy" to Vic and Nick lack any plausible factual predicate. In addition, not surprisingly, in 1 ½ years, SiteOne has produced zero evidence to support its Defend Trade Secrets Act and Computer Fraud Abuse Act claims, the only basis for jurisdiction here. The claims against 3670 Route 112 LLC, 9 4th St., LLC, Narrow Way Realty, Ltd., Narrow Way 2, LLC, and Group 5 Associates, Ltd. (the "Real Estate Holding Companies") are the height of frivolity as the pertinent allegations merely identify the type of entity, that it is owned by Don or Vic,

SiteOne's "opening salvo" is that, after his termination, "Don immediately began conspiring with Nick and Vic to prepare and open their competing business ..." (Dkt. 154). As Judge Brown observed in his January 4, 2024 Order (Dkt. 104), this "salvo is emblematic of the problems with plaintiff's approach to this motion: SiteOne continually oversimplifies the case, aggregating the defendants into a single unit, even though plaintiff entered into discreet agreements imposing particular obligations upon various defendants." *Id.* SiteOne strategically employs this tactic to advance its baseless, speculative, and false claims that Don, Nick, and Vic are somehow "conspiring" (despite no evidence of conspiracy), that Don violated a non-compete (despite no evidence of competition), and that Vic, Nick, and Defendant Scapes Supply, LLC somehow competed with SiteOne wrongfully (despite no restrictive covenants preventing such competition).

<u>Argument</u>: Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. SiteOne's discovery requests are overbroad, seek evidence not relevant or proportional to the case, and are based solely on speculation – a classic fishing expedition. Moreover, Don has provided reasonable responses.

SiteOne's claim that Don's discovery responses are inadequate is wrong. First, ROG #12, which requests Don to identify every single communication with Nick, a longtime friend, "by date and method," regardless of subject, for two years, is the quintessential overbroad request, and it is also burdensome (*i.e.*, something that would be incredibly taxing for any person to provide) and a gross intrusion of privacy. Clearly, every communication between Don and Nick is not relevant and proportional to the needs of the case. In addition, SiteOne's overbroad interrogatory is based entirely on SiteOne's speculation about communications between Don and Nick.[4] Further, a text and call log precisely identifying the date and type of communication, without more, would not tend to make Don's supposed conspiracy to compete with SiteOne any more or less probable. In this context, Don's response to Rog #12, that he "has not tracked and does not know each and every communication that he has had with [Nick] from October 19, 2022 through the present" but noting that he "would communicate with Giordano generally weekly... in person or by telephone," is proper.[5] Accordingly, SiteOne's motion to compel a supplemental response to ROG #12 should be denied. *See, e.g. Morocho v. Stars Jewelry by the A Jeweler Corp.*, 345 F.R.D. 292, *294 (S.D.N.Y. 2024)(quashing subpoena for phone records where the basis to warrant the subpoena was entirely speculative and where "the production of phone records, without more, would reveal, at most, that plaintiff was on the telephone at a certain time."); *Gonzalez v. Allied Concrete, Indus.*, 2016 U.S. Dist. LEXIS 112706, at *13 (E.D.N.Y. 2016)(unsupported speculation that phone records "will lead to promising evidence ... is entirely too speculative to warrant a wholesale intrusion into the private affairs of Plaintiffs"). The same reasoning applies to ROG #14, which

---

and that it owns certain real property. (Dkt. 55, ¶¶10, 12, 13, 23-24, 34-35, 126). Despite this, SiteOne has bombarded each entity with onerous discovery demands to harass defendants and impose unnecessary litigation costs (Dkt. 163).

[4] *See e.g.,* Dkt 154, p.3, declaring, <u>with no factual support</u>, that when Don and Nick regularly communicate, "they are <u>of course</u> discussing Scapes Supply and other related and relevant financial and business matters" (emphasis added).

[5] Nick was a groomsman in Don's wedding. They worked together for over two decades. Just as Don does not track communications with his dad, wife or children, he does not track communications with Nick.

Hon. Steven I. Locke, U.S.M.J
Page 3 of 3

seeks every conceivable communication between Don and current or former SiteOne employees over a two-year period. Despite being irrelevant and overbroad, Don named the six individuals with whom he recalls having had communications.[6]

Likewise, RFP ## 39, 40, which seek every email, text, or communication (personal and business related), over a two-year period, between Don and Vic and Nick, are improper because speculative and overbroad, and because those requests seek documents not relevant or proportional to the case. Even so, Don agreed to produce "non-privileged documents, if any, related to landscape-business-related activities," noting that, at the time, he was "unaware of any such documents." Because the search was so broad, we have been manually reviewing emails and texts for any concerning "landscape business-related activities." That no such emails or texts have been identified to date – despite SiteOne's "hope" – is not surprising because <u>Don is not involved in Vic and Nick's business</u>. Don is willing to complete his search by a date certain, produce any responsive documents and provide an affidavit attesting to the fact "that a diligent search has been made for all responsive documents, that full production has been made, and that there are no further documents in [his] possession, custody or control responsive to [Plaintiff's] demand." *Pizarro v. Euros El TINA Rest. Lounge & Billiards Corp.*, 2022 U.S. Dist. LEXIS 133072, at *2 (S.D.N.Y. July 25, 2022).[7] In *Pizarro*, a demand for "access to all the phone records and computers" belonging to plaintiff and a witness for the plaintiff, was rejected by the court as a "fishing expedition." Furthermore, based on a sworn affidavit attesting to the completeness of the production, the court held that "[n]o further discovery is necessary …." *Id.* at *3. The same should apply here.

Finally, RFP ##5, 6 call for production of documents showing "all dividends and other payments" to owners and shareholders, as well as all "payroll costs," for a period of more than four years, for any entity in which Don has an ownership interest. Again, these requests are palpably improper in that they have no factual predicate, but instead are based solely on SiteOne's aggressive harassment and its sheer hope that "something will turn up." Despite the palpable impropriety of the requests, Don produced redacted tax returns for 2020-2022, showing his income, including income from each of the Real Estate Holding Companies, as well as redacted copies of his Morgan Stanley client statements for all relevant years. SiteOne's baseless attempt for a further fiscal "body exam" of Don is continued harassment and should not be countenanced.

> Respectfully submitted,
> **MILMAN LABUDA LAW GROUP PLLC**
> */s/ Michael C. Mulè*
> Michael C. Mulè

cc: All counsel of record via ECF.

---

[6] What is more, and another example of SiteOne's bad faith, Don advises that SiteOne issues company cell phones. So, if SiteOne wants to know when its employees called or texted with Don, it can simply review its own records.

[7] SiteOne, for some reason, cites to *Herman v. City of New York*, 334 F.RD. 377 (E.D.N.Y. 2020), but that case does not help it First, contrary to SiteOne's misleading implication, *Herman* did not state that self-collection is "strongly disfavored," and indeed, took no issue with "self-collection." The issue in *Herman* was the lack of assurance that production is complete. There is no such issue here. In fact, Don is willing to provide assurance by an affidavit attesting to its completeness.