Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308,



troutman.com

**John "Evan" Gibbs III**
evan.gibbs@troutman.com

**BY ECF**

Magistrate Judge Steven Locke                                                                               October 3, 2024
Eastern District Court New York

Re:    *SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* **(2:23-CV-02084)**
        **Letter Motion for Protective Order Staying Depositions**

Dear Judge Locke:

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") submits this letter motion seeking an order staying the depositions of SiteOne employees Alex Trauma and Gerard Passaro until after rulings from the Court on pending discovery motions and the substantial completion of document production. Defendants improperly seek to move forward with the depositions of SiteOne employees, while simultaneously refusing to provide SiteOne with even basic discovery. SiteOne has critical motions to compel discovery pending with the Court, based on Defendants refusal to engage in good faith discovery throughout the pendency of this Action, and SiteOne would be prejudiced by Defendants' taking of these depositions prior to substantial completion of document discovery. Significantly, Defendants previously asked for—and received—an agreement from SiteOne that it would not seek depositions until after SiteOne had substantially completed its document production.

    **I.**     **Factual Background**

SiteOne sued Don, his father (Vic Caroleo), their co-conspirator Nick Giordano, and multiple corporate entities owned and controlled by the Caroleos in March 2023. This case is about these three individuals unlawfully operating a competing business in violation of multiple noncompete restrictions and their intentional efforts to sabotage SiteOne's business—a business purchased for more than $30 million in 2020. SiteOne brings 13 separate claims against the Defendants, including breach of contract, tortious interference, unfair competition, conversion, trade secret theft, fraud, and civil conspiracy, among others.

On September 9, 2024, SiteOne filed seven motions to compel as against all Defendants. With respect to the Vic Defendants,[1] they have only produced 17 documents and have failed to provide any supplemental documents or interrogatory responses. Similarly, as to the Don Defendants, they have only

---

[1] The "Vic Defendants" are Victor Caroleo; Nicholas Giordano; Narrow Way Realty Ltd.; Narrow Way 2 LLC; Scapes Supply LLC; Neway Management; and Group 5 Associates Ltd. The remaining Defendants are referred to as the "Don Defendants." The Vic Defendants were previously represented by separate counsel from the Don Defendants, necessitating the grouping of the various Defendants in this manner.



produced 67 documents, and continue to refuse to provide critical documents and information. These motions are now pending before the Court and are set to be heard on October 15, 2024.

Even though these motions are scheduled for a hearing on October 15, Defendants' stated plan is to proceed with the depositions of SiteOne employees Alex Trauma on October 8, 2024, and of Gerard Passaro on October 9, 2024. (Exhibit A, Deposition Notices.)

SiteOne objected to these notices on the grounds that Defendants' taking depositions of SiteOne employees without meaningful document production and prior to the discovery conference would be unfair and prejudicial. Rather than agreeing to postpone the depositions until after the substantial completion of document discovery, Defendants responded that they would nevertheless be proceeding with both depositions, offering no explanation as to why they could not wait until after the conference, the pending motions are decided, and documents are produced. (Exhibit B, September 25, 2024 Email.)

## II.     The Depositions Are Premature

At the inception of this case, SiteOne noticed the depositions of the corporate representative of Narrow Way Realty and Dale Nash, a former SiteOne employee. Defendants objected to SiteOne's requested depositions at the initial conference before your Honor in May, arguing that deposing witnesses before the substantial completion of discovery would be unfair, including because SiteOne could prepare questions based on unproduced documents. In response, SiteOne agreed to hold off on the depositions it had noticed and explained to the Court that "as far as depositions we've agreed with the defendant's that SiteOne will not press for any depositions until it can represent that it's substantially completed its responses to the discovery requests." (Exhibit C, Hearing Transcript, p. 43.)

Now Defendants want to have it both ways. They asked SiteOne for a stay of depositions until substantial completion of SiteOne's document discovery, and SiteOne agreed, but now they inexplicably seek to depose SiteOne employees before providing their own basic discovery. Defendants offer no explanation why they deviate from their initial position or why these depositions cannot wait until after they produce documents.

SiteOne's request to adjourn the depositions until after the substantial document discovery is not only supported by logic and Defendants' earlier position, but also by the recent case *Trooper 1 v. New York State Police*, No. 22-CV-893, 2024 WL 165159, at *4 (E.D.N.Y. Jan. 16, 2024). In that case, Magistrate Judge Merkl set a strict discovery schedule where significant disputes arose between the parties and directed that discovery be staged with document discovery proceeding first before party depositions. In so holding, the Court explained that "the parties must schedule Cuomo's deposition at an appropriate time, pending substantial completion of documentary discovery, consistent with the Court's rulings on the many pending discovery motions." *Id.* Here, Defendants have produced a total of 84 documents – a minuscule amount of discovery however Defendants attempt to slice it. SiteOne employees should not have to be deposed with effectively no documents and with the imminent October 15 conference already scheduled.

To move forward on these depositions without providing any documents would be wholly prejudicial to SiteOne. Defendants should not be able to collect further discovery from SiteOne until they



provide at least the bare minimum of their own. Moreover, Defendants received the benefit of SiteOne agreeing several months ago to wait for depositions until the substantial completion of discovery, and it would be unfair for Defendants to now schedule its own depositions before it substantially completes document production.  As such, SiteOne has been left with no choice but to file this motion to stay the depositions until after Defendants substantially complete their document productions.

                Respectfully submitted,

                John "Evan" Gibbs III