# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 7, 2024

**VIA ECF**
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
              Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

      We represent the defendants ("Defendants") in the above action.[1] We write in opposition to the October 3, 2024 motion by plaintiff SiteOne Landscape Supply, LLC ("SiteOne," Dkt.169), seeking a stay of the depositions of its employees Alex Trauma ("Trauma") and Gerard Passaro ("Passaro"), noticed in August, until after the ruling from the Court on pending discovery motions and the substantial completion of document production. SiteOne's motion is meritless and should be denied. Discovery methods may be used in any sequence. Moreover, SiteOne will sustain no prejudice, whatsoever, by this discovery moving forward. Any suggestion to the contrary is false.[2] Rather, SiteOne, apparently, wants this discovery "stayed" for its own convenience. That is not

---

[1] Dominick Caroleo ("Don"), The Garden Dept. Corp. ("Garden Dept."), 3670 Route 112 LLC ("3670 Route 112"), and 9 4th St. LLC ("9 4th") are referred to, collectively, the "Don Caroleo Defendants". Defendants Victor ("Vic") Caroleo, Nicholas Giordano ("Giordano"), Group 5 Associates, Ltd. ("Group 5"), Narrow Way Realty Ltd. ("Narrow Realty"), Narrow Way 2 LLC ("Narrow Way 2"), Scapes Supply, LLC ("Scapes") and Neway Management, LLC ("Neway") are referred to, collectively, the "Vic Defendants".

[2] Moreover, SiteOne's claims that Defendants have refused to provide discovery is also false. Rather, SiteOne's demands have been palpably improper and overbroad. In addition, SiteOne has engaged in bad faith by, among other things, failing to supply the most basic discovery to support their trade secret and computer fraud abuse act claims – the only bases for federal question jurisdiction, *e.g.*, it is unable to identify a trade secret and cannot identify any measure to protect trade secrets. SiteOne, without support for any claim, has burdened Defendants with harassing discovery, and even though its demands were overbroad, improper and intrusive. Defendants have produced a significant amount of documents. On August 12 and 22, 2024, after numerous meet and confers, Defendants supplemented their responses. Despite this, on September 10, SiteOne made a series of motions. The next day, this firm came in as counsel for the Vic Defendants. To move this case along, Defendants are attempting to come up with their own additional searches for proportional discovery. As of last week, we were still in the process of obtaining technical information to properly search the Vic Documents with additional searches to move this case along while discovery motions are pending.

grounds for a stay. SiteOne would need a particularized showing of prejudice which they have not and cannot do.

By way of background, Nick and Vic, both of which do not have restrictive covenants with SiteOne, were terminated by SiteOne and are entitled to compete. In an apparent attempt to conjure up some claim against Nick, SiteOne, in its Amended Complaint (herein, "Complaint"), relied heavily on the unsupported assumptions, accusations and innuendo supplied by several of its employees, including Trauma and Passaro. Defendants have had no opportunity to test those allegations – despite the fact that this case was filed nineteen (19) months ago.

The Complaint relies on Passaro's and Trauma's unsupported conclusions to suggest that Giordano tampered with or took computer files, security equipment and physical files. (Dkt. 55, ¶¶ 55, 62-67, 94-96). SiteOne suggests that, because it could not find certain property after Giordano was terminated, Giordano must have taken that property. *Id.* SiteOne seems to suggest that its allegations are supported by the fact that Trauma supposedly heard Giordano making negative comments about SiteOne "[a]round the same time that Don Caroleo left the company" and supposedly suggested that he was not going to be there long. *Id.*, ¶57. Then, Trauma and Passaro make a series of allegations about being told by Giordano, a month before he was terminated, that he threw out his desktop computer in the dumpster. *Id.*, ¶¶ 62-63. Passaro supposedly "went and looked in the dumpster and the computer was not there" – yet he said nothing until this action was filed. *Id.*, ¶63. From this, SiteOne accuses Giordano of stealing the computer. Based on Passaro and Trauma, SiteOne claims that the "desktop computer" contained important customer information, and that it was allegedly "locked, monitored by security cameras and by company employees …." *Id.*, ¶¶ 65-67.

Based on Trauma, the Complaint alleges that Giordano, "[i]n the weeks leading up to" his departure was working late in winter – apparently something "odd" according to Trauma. *Id.*, ¶68. The Complaint makes the ridiculous suggestion, based on Trauma, that Giordano somehow "sens[ed]" he would be terminated on February 20, and four or five days prior thereto, told "Trauma not to come into work" on that day. *Id.*, ¶89.

To this day – nineteen months after this case was commenced, SiteOne has nothing to support its allegations that Giordano took anything or that there was any trade secret material. For none of these allegations has SiteOne identified a single piece of discovery which it, conceivably, would expect to receive from Defendants. Indeed, SiteOne, itself, has only produced 1,075 documents.[3] And, it does not appear that they produced any documents from either Passaro or Trauma – although Defendants certainly requested specific documents concerning the above allegations (*e.g.*, Don Defendants' RFP ##25-30, 56). On August 12, 2024, SiteOne supplemented its responses to ## 25-26, 30 and 56, wherein it objected and responded to each of those requests in identical fashion: "SiteOne will produce non-privileged and responsive documents evidencing such communications, if any." This non-response is emblematic of SiteOne's approach. They want to play by two sets of rules: one for SiteOne and another for Defendants. Not surprisingly, we are still waiting to find out if SiteOne has and will produce responsive documents. Thus, if anyone

---

[3] This excludes Don's own email account (which SiteOne has improperly blanket-marked, "Attorneys' Eyes Only"). Nevertheless, it shows that SiteOne's complaints are like the proverbial "pot calling the kettle black." Indeed, SiteOne has not even performed any searches as to host of discovery requests. When we last checked, SiteOne's own, self-serving search parameters did not provide responsive documents for 65% of Defendants' document requests.

would be harmed by taking Passaro and Trauma's deposition now, it would be Defendants. But, Defendants want to move forward and should be entitled to take the depositions of SiteOne's employees, upon whom SiteOne has based its conclusory complaint allegations, to test SiteOne's conclusory allegations.

The case law does not support the relief SiteOne seeks. As noted in *Century Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 U.S. Dist. LEXIS 20540 (S.D.N.Y. Feb. 8, 2011): "Fed. R. Civ. P. 26(d)(2) provides that, unless the court orders otherwise, 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.'" *Id.* at *6-7. There is no "hard and fast rule," requiring the completion of interrogatory and document discovery prior to depositions. *Id.* at *7. Moreover, for a protective order under Rule 26(c)(1), a party must show "good cause[,]" "demonstrat[ing] that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant not a mere trifle." *NRA of Am. v. Cuomo*, 332 F.R.D. 420, 429 (N.D.N.Y. 2019) (citations, internal quotation marks omitted).

A Court certainly has discretion to sequence the manner of discovery, but this is not the circumstance for such regimented control. Indeed, the case relied upon by SiteOne, *Trooper 1 v. New York State Police*, 2024 U.S. Dist. LEXIS 7796 (E.D.N.Y. Jan. 16, 2024), does not support its position. If anything, it would support a motion by Defendants.[4] In *Trooper 1*, the Court was faced with "an apparent flurry of subpoenas" that were going out (over 48). Under those circumstances, the Eastern District set forth limitations in discovery. *Trooper 1* does not apply here.

SiteOne's motion should be denied. SiteOne has provided no meaningful discovery explaining the support, if any, for its allegations, including how physical and electronic files of which SiteOne cannot even give the slightest description could constitute trade secret. Defendants should be permitted to move forward with these depositions.

We thank the Court for its attention to this matter.

                                                Respectfully Submitted,
                                                MILMAN LABUDA LAW GROUP PLLC
                                                *Michael C. Mulè*
                                                Michael C. Mulè

cc: All counsel of record (Via ECF)

---

[4] Without having a scintilla of evidence in support of its claims, SiteOne has issued at least 14 non-party subpoenas, to harass Defendants. It is the height of hypocrisy for SiteOne to claim that it needs a protective order for its own employees, upon whom they rely in its Complaint, and that Defendants' discovery should be sequenced according to SiteOne's convenience, but that SiteOne may proceed with a flurry of non-party subpoenas before party discovery is completed. The reference to non-party deposition of Dale Nash not going forward is a different circumstance as that non-party subpoena was in May before any paper discovery was produced. Moreover, circumstances now are different than they were five months ago.