Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308



troutman.com

**BY ECF**

Magistrate Judge Steven Locke　　　　　　　　　　　　　　　　　　　October 10, 2024
Eastern District of New York

Re:　*SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
　　　**SiteOne's Letter Motion to Enforce Third Party Subpoenas**

　　　Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") submits this letter motion seeking an order (i) compelling non-parties Don Caroleo Ventures, LLC ("DCV"), Horseblock Road, LLC ("Horseblock"), Rose Casper, and Janet Damiano to comply with SiteOne's subpoenas ("Subpoenas"); and (ii) requiring Defendant[1] to pay SiteOne's attorneys' fees incurred in connection with this motion. Although the information requested is intimately tied to SiteOne's claims, Defendants continue their inexplicable practice of stonewalling discovery.[2]

**I.　　The Subpoenas Seek Highly Relevant Information.**

　　　**DCV:** SiteOne seeks documents and correspondence related to SiteOne's claims, including financial transactions between DCV and Defendants. (Exhibit A.) Narrow Way Realty, Ltd.'s ("Narrow Way") bank records show that DCV received $440,931 from Narrow Way—money SiteOne paid to Narrow Way as rent in return for Narrow Way and its beneficiaries' agreement to not compete with SiteOne. Vic is the sole owner of both Narrow Way and DCV. Therefore, DCV's involvement with Defendants, and the flow of money to and use by DCV is relevant to SiteOne's claims, including whether Narrow Way's funds are being used to compete with SiteOne through DCV. The Court already ruled these transactions are directly relevant and has previously permitted SiteOne to obtain the bank records which evidence these transactions to DCV. (ECF No. 130; May 30, 2024 Hearing Trans. pp. 37-40.) Following this money trail is critical to SiteOne's claims, especially its breach of contract claim.

　　　**Horseblock:** SiteOne seeks financial transactions between Horseblock and Defendants, documents related to land owned by Horseblock, and documents and correspondence relating to this lawsuit, including the relationship between Horseblock and Defendants, and Horseblock's involvement with a landscape supply business—including Scapes Supply—the entity through which Defendants are competing. (Exhibit B.) Horseblock was used to purchase a property, which SiteOne has now confirmed Vic applied to have rezoned for his use as "Vic's Nursery West." (Exhibit C.) SiteOne believes it is (or was, at some point) the expected site for Scapes Supply. SiteOne is therefore entitled to information concerning the ownership and nature of the Horseblock Road property.

---

[1] Defendants' counsel has confirmed they represent each of the non-parties.
[2] SiteOne respectfully refers to its numerous other pending discovery motions (ECF Doc. Nos. 141, 152, etc.) for a detailed background.


**Rose Casper:** SiteOne seeks documents containing Garden Department or SiteOne's financial or customer data, documents related to the commercial property owned or controlled by Defendants, and documents related to work that she performed for Defendants. (Exhibit D.) Casper was hired by Defendants as a bookkeeper and was later employed directly by SiteOne. Casper's computer, believed to contain SiteOne's trade secrets and confidential information, was stolen, an issue featured prominently in SiteOne's trade secrets claims. Casper was/is providing bookkeeping services to Don and/or Vic. Therefore, SiteOne is entitled to documents concerning Casper's access to materials SiteOne contends were stolen, information conveyed to Defendants, and most importantly, bookkeeping records that reveal the transactions among Defendants.

**Janet Damiano:** SiteOne seeks documents containing Garden Department or SiteOne financial or customer data, documents related to the commercial property owned or controlled by Defendants, and documents related to the work she performed for Garden Department, SiteOne, Defendants, Scrapes Supply, Horseblock, and DCV. (Exhibit E.) Like Casper, Damiano was/is a bookkeeper for Defendants and has admitted to having frequent texts with the individual Defendants. Her bookkeeping records and correspondence will likely evidence, at a minimum, the flow of funds among Defendants.

II. **Defendant's Boilerplate Objections Are Baseless.**

The dates for compliance with these subpoenas was August 30, 2024 for DCV and October 7, 2024 for Horseblock. DCV and Horseblock both objected to the subpoenas in their entirety via email from counsel (not formal, written objections), and initially refused to even meet and confer over the subpoenas unless SiteOne "first confirms that it will reimburse DCV [and Horseblock] for [their] costs and legal fees in connection with the subpoena." (Exhibit F.) With respect to Casper and Damiano, they issued formal and, unsurprisingly, boilerplate objections to SiteOne's subpoenas. (Exhibits G and H, respectively.)

During a meet and confer on October 8, 2024, counsel offered no clear explanation as to why the records sought are not relevant after the undersigned explained that the Court has already expressly held at the May 30 hearing that the financial records at issue are directly relevant. Counsel also offered no details as to why the subpoenas constitute an undue burden. Defendants simply assert that the information sought in the Subpoenas is based on "speculation."[3] But this is the very purpose of discovery: to confirm or deny reasonable and relevant allegations.

Counsel incredulously suggested at the October 8 meeting that instead of seeking the requested information from non-parties, SiteOne should obtain the information it seeks from Vic

---

[3] Defendants' position is particularly disturbing with respect to Horseblock. When SiteOne explained that Vic had submitted the land owned by Horseblock to be rezoned into a commercial property for use as "Vic's Nursery West" and thus SiteOne is entitled to the requested documents to determine whether Defendants' planned to use this property as another location for their competing business, counsel responded that as far as SiteOne knows, they could be using the land for an ice-cream shop. Given Vic's express request to the Suffolk County zoning board to have this land rezoned for use as "Vic's Nursery West," Defendants' comments are preposterous. But, to Defendants' point, SiteOne cannot know for sure what this property is or was to be used for without production of the requested documents.



and Narrow Way at their respective depositions. This position is unfounded, especially in light of the Vic Defendants' refusal to provide any responsive discovery. It is axiomatic that SiteOne is entitled to basic document discovery, from both parties and non-parties, and Defendants have failed to explain how the collection of the requested documents is even slightly burdensome.

Finally, despite SiteOne's agreement to limit the temporal scope of the subpoenas to Casper and Damiano from October 1, 2022 to the present, Defendants failed to agree to the production—instead only offering self-serving affidavits from each which would state their "lack of involvement" with the case.[4] Casper and Damiano's bookkeeping records, which are necessarily far more expansive than any bank records, would likely demonstrate the improper flow of funds between the Defendants in their scheme to defraud SiteOne.

### III. To The Extent Defendants Seek Fees in Connection with Responding to the Horseblock and DCV Subpoenas, that Request Should Be Denied.

Although they asserted it twice in separate emails, counsel seemed to abandon their earlier position that SiteOne must reimburse DCV and Horseblock for attorneys' fees incurred in connection with responding to the subpoenas. However, to the extent Defendants renew this request, this Court should overrule such an objection and refuse to grant any related reimbursement of attorneys' fees. New York law is clear: "[g]enerally, a non-party responding to a Rule 45 subpoena is expected to shoulder its costs incurred in compliance with the subpoena unless the costs constitute an 'undue burden' upon the non-party." *In re Kaleida Health*, No. 21-MC-34V(F), 2021 WL 3398929, at *2 (W.D.N.Y. Aug. 4, 2021) (rejecting respondents' motion for reimbursement) (*citing Nike, Inc. v. Wu*, 2020 WL 257475, at *11 (S.D.N.Y. Jan. 17, 2020)). "The party seeking cost-shifting and a protective order bears the burden of establishing the need for such relief." *Id.* (*citing In re Novartis and Par Antitrust Litigation*, No. 18 CIV. 4361 (AKH), 2020 WL 3317203 at * 5-6 (S.D.N.Y. June 18, 2020)).[5] As neither DCV nor Horseblock put forth any evidence of undue burden, neither is entitled to fees or costs.

### IV. Conclusion.

Accordingly, SiteOne respectfully requests entry of an order (i) compelling non-parties DCV, Horseblock, Casper, and Damiano to comply with the Subpoenas; and (ii) requiring the responding parties and/or their counsel to pay SiteOne's attorneys' fees incurred in connection with this motion in light of Defendants' baseless objections to the Subpoenas.

John "Evan" Gibbs III

---

[4] Counsel also repeatedly referenced Casper's age as a factor for her non-compliance with the subpoena.

[5] While under the Federal Rules of Civil Procedure, a court ordering a third party to comply with a subpoena "must protect [the third party] . . . from *significant expense* resulting from compliance" F.R.C.P 45(d)(2)(B)(ii) (emphasis added), "only reasonable expenses are compensable" under Rule 45. *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, No. 9-cv-3855, 2018 WL 1701944, at *4 (E.D.N.Y. Mar. 31, 2018) (internal citations omitted).