# EXHIBIT F

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan – Here are our responses to your email below re third-party subpoenas:

**With regard to the DCV subpoena**
**You state:** "As you all know, bank records show that DCV received hundreds of thousands of dollars from Narrow Way Realty; the Court has already expressly and on the record found such transactions directly relevant to our claims."

**Our response**: If SiteOne believes that it needs to understand why Narrow Way Realty made payments to DCV, SiteOne can ask Narrow Way Realty about the transactions at a deposition. This would be a reasonable means to acquire the information SiteOne seeks – rather than harassing another third party with a subpoena – especially since the information sought is not at all relevant to this case. For this reason, DCV maintains its objection to SiteOne's subpoena. However, if you would like to meet and confer, we will agree to do so (even though SiteOne would again be needlessly harassing a third party).

**With regard to the Horseblock Road subpoena**
**You state:** "Horseblock Road, LLC is the presumptive owner of the Horseblock Road property which we know from public filings is the anticipated location (or second location) for Scapes Supply. These entities and the records we seek are directly relevant to our claims and damages."

**Our response**: I'm not sure how you get from point A to point B here. Maybe if you can explain to me how any "anticipated location" for Scapes Supply is relevant to this case, that would help. But I do not think that you can, because its not. Likewise, Horseblock Road, LLC is not at all relevant to this case. For this reason, Horseblock Road, LLC maintains its objection to SiteOne's subpoena. However, if you would like to meet and confer, we will agree to do so (even though SiteOne would again be needlessly harassing a third party).

**With regard to the Damiano subpoena**
Janet's responses and objections are attached hereto.

**With regard to the Casper subpoena**
Tuesday, October 8th at 2:00pm works.

Regards
Colleen

---

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Wednesday, October 2, 2024 9:44 PM
**To:** Colleen O'Neil <Colleen@mllaborlaw.com>; Michael Mule <MichaelMule@mllaborlaw.com>
**Cc:** Joseph Labuda <joe@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>; Robert Milman <rob@mmmlaborlaw.com>
**Subject:** RE: SiteOne/Caroleo: Letter re Text Messages, etc.

Thank you for your responses, Colleen. To make sure we understand DCV's and Horseblock Road's position, are you saying that you will not even have a call to discuss the objections without a prior agreement from SiteOne that it will pay your firm's legal fees incurred during the meet and confer call?

If that is the case, we will seek enforcement of the subpoenas this week. We will ask in our application for the Court to award our fees and costs incurred in making the motion as we're not aware of any basis for these two entities to take such a position. (Please feel free to forward along any case law supporting your position and we will gladly consider it.)

As you all know, bank records show that DCV received hundreds of thousands of dollars from Narrow Way Realty; the Court has already expressly and on the record found such transactions directly relevant to our claims. Horseblock Road, LLC is the presumptive owner of the Horseblock Road property which we know from public filings is the anticipated location (or second location) for Scapes Supply. These entities and the records we seek are directly relevant to our claims and damages.

For Rose Casper's subpoena, let's talk on Tuesday (10/8) at 2:00. I'll send you a Teams invitation. I'm assuming we will also receive objections for the Damiano subpoena, so let's tentatively plan to discuss that subpoena during the Tuesday call as well.

Thank you and we're of course happy to have a call to discuss any of these issues (although we will not be paying your fees for such a call). Talk soon.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Sent:** Wednesday, October 2, 2024 1:48 PM
**To:** Michael Mule <MichaelMule@mllaborlaw.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Joseph Labuda <joe@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>; Robert Milman <rob@mmmlaborlaw.com>
**Subject:** RE: SiteOne/Caroleo: Letter re Text Messages, etc.

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan –

Responses to your inquiries regarding third-party subpoenas that are set forth on page 5 of your September 23, 2024 letter, are:

- Don Caroleo Ventures, LLC – Our firm is representing DCV for the purposes of the subpoena. We stand by prior counsel's objections to the requests and DCV will not be producing documents in response to the subpoena. DCV remains willing to meet and confer regarding the subpoena, so long as SiteOne first confirms that it will reimburse DCV for its costs and legal fees in connection with the subpoena.

- Horseblock Road, LLC – Our firm is representing Horseblock Road, LLC for the purposes of the subpoena. Horseblock Road – a company with zero relevance to this case – objects to the documents requests because they are, among other things, burdensome, not relevant to any claims or defenses, and not proportional to the needs of the case. Horseblock Road is willing to meet and confer regarding the subpoena, so long as SiteOne first confirms that it will reimburse Horseblock Road for its costs and legal fees in connection with the subpoena.

- Janet Damiano – Our firm is representing Janet Damiano for the purposes of the subpoena.

- Rose Casper – I am available to meet and confer regarding Rose Casper's objections anytime between 10:00am and 3:00 pm on Tuesday 10/8 or any time after 11:30am on Wednesday 10/9.

Colleen

---

**From:** Michael Mule <MichaelMule@mllaborlaw.com>
**Sent:** Tuesday, October 1, 2024 4:17 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Joseph Labuda <joe@mllaborlaw.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Colleen O'Neil <Colleen@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>; Robert Milman <rob@mmmlaborlaw.com>
**Subject:** RE: SiteOne/Caroleo: Letter re Text Messages, etc.

Evan,

We briefly respond, without prejudice to the defendants' rights and remedies, to your September 23, 2024 letter. We have not addressed SiteOne's conclusory and self-serving statements.

First, your letter seems to be a meet & confer letter, but SiteOne already filed seven (7) discovery motions to compel on September 10, 2024. The Don Defendants have, and the Vic Defendants will by October 11, set forth their opposition. We anticipate that Magistrate Judge Locke will address the propriety of the parties' requests and responses, which are at issue, in a couple of weeks. Therefore, we will wait for the Court's guidance before responding further.

Next, as to your client's text messages, we note that SiteOne does not deny, as set forth in the opposition by Don Caroleo ("Don," Dkt. 168), that SiteOne issues company cell phones. As an initial matter, please provide SiteOne's cell phone carrier (presumably the same for each of the 24 persons identified), along with cell phone number(s), company and personal, for each. It is not magnanimous for SiteOne to offer to search from a smaller pool of custodians, *i.e.*, less than the 24 identified, for responsive documents when it is obligated to search for responsive documents from all such custodians. Defendants should not have to negotiate against itself in this regard. In addition, to even consider SiteOne's complaint about costs, we would need to understand the particulars of the estimates for the collection of data on which SiteOne relies because those estimates appear to be grossly exaggerated, perhaps by 200% to 500%. In any event, SiteOne's harassing discovery demands and subpoenas have, unnecessarily, increased the defendants' litigation costs and been grossly disproportionate on defendants, not plaintiff.

SiteOne is in the financial position it is in with respect to the Garden Dept. acquisition because of its own foolish decisions to terminate Don and Vic, without any legitimate cause, followed by its attempt to force restrictive covenants on a long-time Garden Dept. veteran, Nick, causing his separation. Vic and Nick are entitled to compete with SiteOne. Defendants did not choose this lawsuit, but SiteOne chose to sue defendants. As to Don, it is clear that SiteOne decided to sue Don, without a scintilla of evidence that Don is involved in Nick and Vic's business,

9

but rather, based on supposition, apparently for harassment purposes. In addition, as to Nick, SiteOne has made generic claims that "trade secret" information was taken, but it cannot even particularly describe what the supposed trade secrets are, any particulars as to what was supposedly taken, or even how whatever information they claim to be "trade secret" could qualify as trade secret, warranting federal claims.  Indeed, conspicuously absent from your letter is any suggestion that SiteOne took the slightest care to protect whatever information they claim to be "trade secret." This, in itself, is a fatal flaw in SiteOne's "trade secret" claims.

Accordingly, the production of the communications for the identified employees is highly relevant to his defense in this case.  Defendants' ability to defend themselves should not be impaired because SiteOne, a $7 billion company, has a large number of persons under its control who have relevant knowledge. The communications sought by defendants, therefore, are proportional to the needs of the case and should be produced. SiteOne should not be heard to complain about the cost of this discovery in light of its own decision to initiate and proceed with this litigation against defendants on the facts alleged.

Finally, Colleen will respond, separately, as to the third-party subpoenas.

Very truly yours,
Mike Mulè

---

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Monday, September 23, 2024 9:15 AM
**To:** Michael Mule <MichaelMule@mllaborlaw.com>; Colleen O'Neil <Colleen@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>; Joseph Labuda <joe@mllaborlaw.com>
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>
**Subject:** SiteOne/Caroleo: Letter re Text Messages, etc.

Good morning –

Please see the attached.

Thank you.

**J. Evan Gibbs**
**Partner**
Direct: 404.885.3093 | Mobile: 229.425.3745 | Internal: 11-3093
evan.gibbs@troutman.com

———————

**troutman pepper**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
troutman.com

Troutman Pepper is a Mansfield Certified Plus Firm

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com.