# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 11, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

        **Re:**    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
                 Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendant Victor Caroleo ("Vic"), we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") motion to compel Vic to provide supplemental interrogatory responses and documents (ECF No. 152). This motion is baseless.[1] SiteOne's demands are wholly improper, overbroad, and not proportional to the needs of the case. Even so, in many cases, Vic has provided reasonable responses. This motion is simply another part of SiteOne's harassment campaign against Vic's co-Defendant and son, Dominick Caroleo ("Don"), to squeeze Don, and those close to him, financially (*e.g.*, ECF No. 146, pp. 1-2, fns. 2, 5, 7), and it is emblematic of SiteOne's overall hostile approach to this litigation.[2] SiteOne's motion should be denied.

Background: Defendant The Garden Dept Corp. ("Garden Dept") was founded in 1976 by Vic. In January 2020, SiteOne, a $7 billion landscape supply company, purchased Garden Dept's assets pursuant to an Asset Purchase Agreement ("APA") between SiteOne and Don, who at the time of sale, was Garden Dept's sole owner. Pursuant to the APA, Don – but not Vic – was subject to a restrictive covenant not to compete with SiteOne for a five-year period from acquisition. After the asset purchase, SiteOne employed Vic, Don, and Don's long-time friend, co-defendant Nicholas Giordano ("Nick"). Vic and Nick have combined experience of over 75 years in the nursery and landscaping supply business. Either is fully capable of running such a business on his own. In September 2022, SiteOne terminated Don. Within days of terminating Don, SiteOne terminated Vic.[3] SiteOne never had a non-compete with Vic. In February 2023, SiteOne terminated Nick. Like Vic, SiteOne never had a non-compete with Nick. At bottom, SiteOne failed to secure non-

---

[1] SiteOne's claims in this case against Vic are preposterous, as they are dependent upon a "theory" that Vic can be held individually liable under a lease to which Vic is not a party, but rather is between a company owned by Vic, co-Defendant Narrow Way Realty, Ltd ("Narrow Way Realty") and SiteOne.

[2] *See e.g.* Electronic Order dated October 8, 2024 noting, in the context of SiteOne's prolific motion practice, including the instant motion, that "this litigation's primary feature is its hostility." Indeed, the instant motion is gratuitous given that SiteOne already had a motion to compel pending against Vic (*see* ECF No. 141) at the time this motion was filed.

[3] The self-serving statement that Vic "left" SiteOne is an example of SiteOne's routine use of false and misleading allegations. In fact, Vic was terminated, without cause.

competes from Vic and Nick, leaving them free to compete with SiteOne.[4] Despite the absence of any restrictive covenant preventing Vic and Nick from competing, SiteOne forged ahead with this frivolous lawsuit complaining about their rightful competition.[5]

Since April 2023, Vic has operated co-Defendant Scapes Supply, LLC ("Scapes") as the sole member of co-Defendant Narrow Way 2, LLC ("Narrow Way 2"), the corporate entity that owns Scapes. Scapes operates from leased property at 99 Long Island Avenue, Yaphank, New York, and readily acknowledges that it is in competition with SiteOne, as it is entitled to be. Nick operates Scapes with Vic. Don has no involvement in the company.

Against this backdrop, SiteOne seeks onerous discovery from Vic, which amounts to nothing more than a "fishing expedition," based on sheer speculation.

Argument:  Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. As to Vic, SiteOne's discovery is overbroad, seeks evidence not relevant or proportional to the needs of the case, and, in many cases, is based solely on speculation that Vic is subject to Narrow Way Realty's non-compete. Moreover, in many cases, Vic has provided or has agreed to provide reasonable responses.

The Demands: RFP Nos. 38, 39-42, ROG No. 6 seek <u>all</u> communications with Don, Nick, Rose Casper, "and any other current or former SiteOne employees (including five specifically named individuals) from October 19, 2022 to the present." SiteOne also seeks Vic's phone numbers and carriers since January 1, 2020, so that it can "subpoena Vic's [private] phone carriers for Vic's call logs, etc. (to show his communications with Defendants, SiteOne customers, etc.)." In response to this request, Vic agreed to produce "business and financial communications" with all Defendants, except Nick, "related to the claims and defenses in this action." Vic stands by this offer – communications beyond this category are not relevant to the claims and defenses in this case.[6] In particular, there is zero evidence in the record tending to indicate that Vic is personally liable under Narrow Way Realty's lease agreement with Site One, and, thus, there is simply no factual predicate

---

[4] As a result of SiteOne's failure to secure a non-compete agreement with Vic, in this case, SiteOne has had to advance a preposterous argument to the effect that a restrictive covenant contained in a lease between Narrow Way, signed by Vic in a representative capacity, and SiteOne somehow binds Vic personally, despite Vic not being a party to that lease and despite there being no evidence whatsoever tending to indicate that Vic is personally liable under the lease. In fact, as the Court previously noted, "[**i]f SiteOne truly intended to bind Vic personally under the terms of the lease, they could easily have accomplished this by having him sign the lease agreement personally rather than merely as a corporate representative.**" ECF No. 93 at 9 (emphasis added).

[5] Of course, even if SiteOne did secure a non-compete with Vic, it would not be enforceable because SiteOne terminated Vic without cause. *See, e.g.*, *Design Partners, Inc. v Five Star Elec. Corp.*, No. 12-CV-2949, 2018 U.S. Dist. LEXIS 131299, at *47, n 23 (E.D.N.Y. Feb. 23, 2018)(observing, "[a] non-compete agreement is unenforceable under New York law where the termination of employment is involuntary and without cause")(internal quotation marks and citation omitted).

[6] To the extent Plaintiff seeks communications between Vic and "SiteOne Customers" or "SiteOne employees," Vic maintains his objection that such request is overbroad and not proportional to the needs of the case. Vic is entitled to compete. SiteOne has provided no explanation as to why it should have access to this information.

Hon. Steven I. Locke, U.S.M.J
Page 3 of 4

to support Plaintiff's demand for Vic's private communications with anyone beyond those "business and financial communications" with co-Defendants pertaining to the claims and defenses in this action. (*See* ECF No. 93, at 10).

ROG Nos. 1-3 seek the identity of all banks and financial institutions that Vic has used since January 1, 2020 through the present and all sources of income greater than $1,000.00. Plaintiff claims that such information is relevant for SiteOne to obtain "a full picture of Vic's financial relationship with the other Defendants." SiteOne moves to compel such financial information even though SiteOne has already obtained bank records for Vic that reflect all transactions between Vic and his co-Defendants and even though during the May 30, 2024 hearing before the Court, Plaintiff represented that "we only want to know from [Vic's] accounts his transactions with other defendants." (ECF No. 131, 15:13-16). SiteOne's request for records reflecting transactions beyond those between Vic and his co-Defendants is overbroad and not proportional to the needs of the case. There is simply no evidence in the record that would support SiteOne's demand for additional financial records from Vic. *See, e.g. Tapjets Inc. v. United Payment Servs., Inc.,* 2020 U.S. Dist. LEXIS 267784, at *19 (E.D.N.Y. 2020)(denying motion to compel discovery of Defendant's asset information because Plaintiff was merely "speculat[ing] that [the requested discovery] may reveal useful material, [but] speculation is not a basis for this Court to compel discovery."); *see also Alvarado v. GC Dealer Servs. Inc.,* 2018 U.S. Dist. LEXIS 204147, at *12 (E.D.N.Y. 2018)("[C]ourts should not grant discovery requests based on pure speculation that amounts to nothing more than a fishing expedition"); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 U.S. Dist. LEXIS 112706, at *3 (E.D.N.Y. 2016)(denying motion to compel where Defendants offered nothing more than pure speculation as a basis for broad discovery). Accordingly, SiteOne's motion to compel Vic to produce financial records to SiteOne should be denied.

ROG No. 4, RFP No. 2 seek information and records related to "competing businesses." Vic has responded that he is the owner of Narrow Way Realty, Narrow Way 2, LLC, Group 5, Scapes, and Neway Management, LLC (collectively the "Vic Entities").[7] None of the Vic Entities should ever have been named in this lawsuit. SiteOne gives no factual predicate as to why the identity of other companies in which Vic has an ownership interest would be relevant to this action. Therefore, Vic objects to the request as overbroad.

RFP Nos. 3, 11-26 seek all documents related to Scapes and Middle Island Road, Long Island Avenue, and Horseblock Road properties. Vic has agreed to produce all non-privileged documents related to Scapes, the Middle Island Road property, and the Long Island Avenue property, to the extent they relate to the nursery and/or landscaping supply business. This action concerns alleged improper competition – documents not related to the nursery and/or landscaping supply business are overbroad and not relevant to the claims and issue in this case. Additionally, with respect to the Horseblock Road property, Vic does not agree to produce any documents because the Horseblock property is a dormant plot of land that has zero relevance to this case.

RFP Nos. 31-32, 35-36 seek documents sufficient to show all employees and independent contractors employed by Vic from October 19, 2022 to the present, along with documents relating

---

[7] Vic is also the owner of Don Caroleo Ventures, LLC.

to their relationship with Vic; RFP No. 33 seeks all customer lists Vic or any of his corporate entities have used; ROG Nos. 5, 12-14 seek the identity of all properties Vic has owned since January 1, 2020 and to explain the purpose and plans for the Horseblock Road property. Plaintiff claims that the information sought by these demands is necessary to "ensure SiteOne has a full picture of Vic's commercial property ownership and to understand the anticipated role of the Horseblock Road property," all of which Plaintiff alleges, is relevant to its claims. However, Plaintiff never explains how or why any of the requested information or documents is relevant, especially considering that SiteOne has thus far produced zero evidence to support its claims that Vic is subject to Narrow Way's non-compete as a "beneficiary" of Narrow Way. Vic therefore stands by his objections to these requests as overbroad and not proportional to the needs of the case.

RFP Nos. 47-48 seeks documents and communications related to any information services provided to Vic, specifically including LC Consulting Services, Inc. Plaintiff claims that the information sought by these demands is relevant to its allegations that Defendants misappropriated SiteOne's "trade secrets" and unlawfully accessed its computer systems. However, to date, Plaintiff has produced no evidence from which trade secrets purportedly stolen by Defendants can be identified, or from which it can be concluded that SiteOne protected such trade secrets, nor has it produced any evidence to support its CFAA claims.[8] Accordingly, at this time, Vic stands by his objections to these requests, which are palpably improper.

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
*/s/ Michael C. Mulè*
Michael C. Mulè

cc: All counsel of record via ECF.

---

[8] That this case is so deep into discovery, at a cost of hundreds of thousands of dollars to Defendants, but SiteOne has still failed to produce any evidence to support the only two claims upon which jurisdiction in this Court hinges, its DTSA and CFAA claims, is a gross injustice. Defendants are being forced to defend claims by SiteOne that they stole trade secrets which SiteOne suggests are so secretive not even SiteOne has any clue what they are. It is preposterous that SiteOne has provided nothing more than generic labels, e.g., "customer lists" and "confidential customer information" from which Defendants are supposed to identify trade secrets they purported to steal.