# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 11, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

           **Re:**    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
                   Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendant Nicholas Giordano ("Nick"), we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") motion to compel Nick to provide supplemental interrogatory responses and documents (ECF No. 153). In keeping with SiteOne's propensity to "oversimplif[y] th[is] case" and "aggregat[e] the defendants into a single unit, even though plaintiff entered into discreet agreements imposing particular obligations on various defendants" (*see* ECF No. 104, at 3), Nick is neither bound by any non-compete with SiteOne, nor does he have any ownership interest in any of the entity Defendants in this case. What is more, though SiteOne levels serious allegations of impropriety against Nick, in fact, SiteOne offers primarily inadmissible evidence (hearsay and double hearsay) in support of those allegations. Against this backdrop, SiteOne has made onerous discovery demands on Nick. Even so, in many cases, Nick agreed to provide reasonable responses. This motion is simply another part of SiteOne's harassment campaign against the Defendants, and it is emblematic of SiteOne's overall hostile approach to this litigation.[1] SiteOne's motion should be denied.

Background: Defendant The Garden Dept Corp. ("Garden Dept") was founded in 1976 by co-Defendant Victor Caroleo ("Vic"). In January 2020, SiteOne, a $7 billion landscape supply company, purchased Garden Dept's assets pursuant to an Asset Purchase Agreement ("APA") between SiteOne and Nick's long-time friend and co-Defendant Dominick Caroleo ("Don"), who at the time of sale, was Garden Dept's sole owner. Pursuant to the APA, Don – but not Nick – was subject to a restrictive covenant not to compete with SiteOne for a five-year period from acquisition. After the asset purchase, SiteOne employed Nick, Vic, and Don. Combined, Vic and Nick have over 75 years of experience in the nursery and landscaping supply business. Either is fully capable of running such a business on his own. In September 2022, SiteOne terminated Don. Within days of terminating Don, SiteOne terminated Vic. Then, a few months later, in February

---

[1] *See e.g.* Electronic Order dated October 8, 2024 noting, in the context of SiteOne's prolific motion practice, including the instant motion, that "this litigation's primary feature is its hostility." Indeed, the instant motion is gratuitous given that SiteOne already had a motion to compel pending against Nick (*see* ECF No. 141) at the time this motion was filed.

Hon. Steven I. Locke, U.S.M.J
Page 2 of 4

2023, SiteOne terminated Nick. <u>SiteOne never had a non-compete with Nick or Vic</u>. Nick and Vic are thus free to compete with SiteOne. Regardless, SiteOne forged ahead with this frivolous lawsuit complaining about Vic and Nick's rightful competition.

Since April 2023, Vic has operated co-Defendant Scapes Supply, LLC ("Scapes") as the sole member of co-Defendant Narrow Way 2, LLC ("Narrow Way 2"), which owns Scapes. Nick operates Scapes with Vic but has no ownership interest in the company. Don has no involvement with Scapes. Scapes operates from a leased property at 99 Long Island Avenue, Yaphank, New York, and readily acknowledges that it is in competition with SiteOne, <u>as it is entitled to be</u>.

Against this backdrop, SiteOne seeks onerous discovery from Nick as part of a "fishing expedition," based on sheer speculation.

<u>Argument</u>:  Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. As to Nick, SiteOne's discovery is overbroad, seeks evidence not relevant or proportional to the case, and is based solely on inadmissible hearsay and double hearsay allegations.

<u>The Demands</u>: ROG No. 12 seeks to have Nick identify <u>every single communication</u> with Don "by date and method," regardless of subject, for two years. This is the quintessential overbroad request, and it is also burdensome (*i.e.*, something that would be incredibly taxing for any person to provide) and a gross intrusion of privacy. Clearly, every communication between Nick and Don is not relevant and proportional to the needs of the case.[2] In addition, SiteOne's overbroad interrogatory is based entirely on SiteOne's speculation about communications between Don and Nick.[3] Further, a text and call log precisely identifying the date and type of communication, without more, would not tend to make Nick's supposed conspiracy to compete with SiteOne any more or less probable. In this context, Nick has agreed to provide a log of relevant, nonprivileged communications with Don. Accordingly, SiteOne's motion to compel a supplemental response to ROG No. 12 should be denied. *See, e.g. Morocho v. Stars Jewelry by the A Jeweler Corp.*, 345 F.R.D. 292, *294 (S.D.N.Y. 2024)(quashing subpoena for phone records where the basis to warrant the subpoena was entirely speculative and where "the production of phone records, without more, would reveal, at most, that plaintiff was on the telephone at a certain time."); *Gonzalez v. Allied Concrete, Indus.*, 2016 U.S. Dist. LEXIS 112706, at *13 (E.D.N.Y. 2016)(unsupported speculation that phone records "will lead to promising evidence ... is entirely too speculative to warrant a wholesale intrusion into the private affairs of Plaintiffs"). The same reasoning applies to RFP Nos. 38-41, for which Nick has agreed to produce communications with

---

[2] Nick was a groomsman in Don's wedding. They worked together for over two decades. Nick does not track communications with Don.

[3] *See e.g.,* ECF No. 154, p.3, declaring, <u>with no factual support</u>, that when Don and Nick regularly communicate, "they are <u>of course</u> discussing Scapes Supply and other related and relevant financial and business matters" (emphasis added).

Hon. Steven I. Locke, U.S.M.J
Page 3 of 4

SiteOne's former employees "relating to SiteOne and its business, customers, or clients and communications relating to leaving SiteOne to work for Scapes," communications with Vic and Don "related to the claims and defenses in this action," and "business and financial communications" with Rose Casper "related to the claims and defenses in this action."

ROG Nos. 1-3, 7 seek the identity of all banks and financial institutions that Nick has used since January 1, 2020 through the present and all sources of income greater than $1,000.00. Plaintiff claims that such information is relevant for SiteOne to obtain "a full picture of Nick's financial relationship with the other Defendants and Scapes." To provide SiteOne with "a full picture of Nick's financial relationship with the other Defendants and Scapes," Nick agreed to provide a log of all transactions between Nick and the other Defendants, including Scapes, from October 19, 2022 to the present. Additional information beyond such transactions is overbroad and not proportional to the needs of the case, particularly in light of the fact that Nick is not bound by any non-compete with SiteOne, has no ownership interest in any entity currently in competition with SiteOne, and that the bulk of Plaintiff's claims against Nick are based on inadmissible hearsay and double hearsay. There is simply no evidence in the record that would support SiteOne's demand for Nick's personal financial records. *See, e.g. Tapjets Inc. v. United Payment Servs., Inc.,* 2020 U.S. Dist. LEXIS 267784, at *19 (E.D.N.Y. 2020)(denying motion to compel discovery of Defendant's asset information because Plaintiff was merely "speculat[ing] that [the requested discovery] may reveal useful material, [but] speculation is not a basis for this Court to compel discovery."); *see also Alvarado v. GC Dealer Servs. Inc.,* 2018 U.S. Dist. LEXIS 204147, at *12 (E.D.N.Y. 2018)("[C]ourts should not grant discovery requests based on pure speculation that amounts to nothing more than a fishing expedition"); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 U.S. Dist. LEXIS 112706, at *3 (E.D.N.Y. 2016)(denying motion to compel where Defendants offered nothing more than pure speculation as a basis for broad discovery). Accordingly, SiteOne's motion to compel Nick to produce his financial records to SiteOne should be denied.

RFP No. 33, ROG No. 5 seek all customer lists Nick or "any of his corporate entities" have used, as well as the identity of all properties Nick has owned since January 1, 2020. SiteOne claims to require the requested information and documents to "ensure it fully understands the nature and depth of Nick's involvement with the competing business and whether Defendants plan to operate competing businesses in additional places." However, there is no evidence in the record tending to indicate that Nick is prohibited from competing with SiteOne, and, thus, there is simply no factual predicate to support Plaintiff's demand for customer lists Nick or any of his corporate entities have used or the identity of all properties Nick has owned since January 1, 2020. Therefore, Nick maintains his objection to these requests as overbroad.

RFP Nos. 3, 11-26 seek all documents related to Scapes and Middle Island Road, Long Island Avenue, and Horseblock Road properties. Nick has agreed to produce all non-privileged documents related to Scapes, the Middle Island Road property, and the Long Island Avenue property, to the extent they relate to the nursery and/or landscaping supply business. This action concerns alleged improper competition – documents not related to the nursery and/or landscaping supply business are overbroad and not relevant to the claims and issue in this case. Additionally, with respect to the Horseblock Road property, Nick does not agree to produce any documents because the Horseblock property is a dormant plot of land that has zero relevance to this case.

RFP No. 47 seeks documents and communications related to any information technology vendors which performed services for SiteOne or Nick personally from January 1, 2020 to the present. Plaintiff claims that the information sought by these demands is relevant to its allegations that Defendants misappropriated SiteOne's "trade secrets" and unlawfully accessed its computer systems. However, to date, Plaintiff has produced no evidence from which trade secrets purportedly stolen by Defendants can be identified, or from which it can be concluded that SiteOne protected such trade secrets, nor has it produced any evidence to support its CFAA claims.[4] Accordingly, at this time, Nick stands by his objections to these requests, which are palpably improper.

         Respectfully submitted,
         **MILMAN LABUDA LAW GROUP PLLC**
         */s/ Michael C. Mulè*
         Michael C. Mulè

cc: All counsel of record via ECF.

---

[4] That this case is so deep into discovery, at a cost of hundreds of thousands of dollars to Defendants, but SiteOne has still failed to produce any evidence to support the only two claims upon which jurisdiction in this Court hinges, its DTSA and CFAA claims, is a gross injustice. Defendants are being forced to defend claims by SiteOne that they stole trade secrets which SiteOne suggests are so secretive not even SiteOne has any clue what they are. It is preposterous that SiteOne has provided nothing more than generic labels, e.g., "customer lists" and "confidential customer information" from which Defendants are supposed to identify trade secrets they purported to steal.