**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 11, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

          Re:    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
                Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendants Narrow Way 2 LLC ("Narrow Way 2"), Group 5 Associates, Ltd. ("Group 5"), and Neway Management LLC ("Neway")(collectively the "Vic Entities"), we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") motion to compel the Vic Entities to provide supplemental interrogatory responses and documents (ECF No. 157). SiteOne's motion is baseless.[1] SiteOne's discovery demands to the Vic Entities are palpably improper, overbroad, and not proportional to the needs of the case. Indeed, this motion is simply another part of SiteOne's harassment campaign against the Defendants, designed to drive up the costs of this litigation (*e.g.*, ECF No. 146, pp. 1-2, fns.2, 5, 7), and it is emblematic of SiteOne's overall hostile approach to this litigation.[2] Accordingly, and for the reasons set forth below, SiteOne's motion should be denied in its entirety.

Background: Defendant The Garden Dept Corp. ("Garden Dept.") was founded in 1976 by Defendant Victor Caroleo ("Vic"). In January 2020, SiteOne, a $7 billion landscape supply company, purchased Garden Dept.'s assets pursuant to an Asset Purchase Agreement ("APA") between SiteOne and Vic's co-Defendant and son, Dominick Caroleo ("Don"), who at the time of

---

[1] Indeed, SiteOne's entire case against the Vic Entities is baseless. SiteOne's only allegations against Narrow Way 2 and Group 5 consist of the identity of the type of each entity, *i.e.*, "LLC" or "Ltd," that each is owned by Vic, and that each owns certain real property. (ECF No. 55, ¶¶10, 12, 13, 23-24, 34-35, 126). What is more, SiteOne's only allegations against Neway consist of the identity of the type of entity; that – upon information and belief, with no allegation disclosing the basis for the information and belief – it may be "owned and/or controlled by Defendants Giordano, Vic Caroleo, and Don Caroleo"; that it may own or lease vehicles; that it may do business as Neway Trucking; and that a dump truck and flatbed semi-truck at the Long Island Avenue property had the name "Neway Trucking" on their doors. (ECF No. 55, ¶¶17, 120, 121).

[2] *See e.g.* Electronic Order dated October 8, 2024 noting, in the context of SiteOne's prolific motion practice, including the instant motion, that "this litigation's primary feature is its hostility." Indeed, the instant motion is gratuitous given that SiteOne already had a motion to compel pending against the Vic Entities (*see* ECF No. 141) at the time this motion was filed.

sale, was Garden Dept.'s sole owner. Pursuant to the APA, Don – but not Vic – was subject to a restrictive covenant not to compete with SiteOne.

Narrow Way 2 is a single asset real estate holding company owned by Vic. Narrow Way 2 owns property located at 38 Yaphank Middle Island Road ("Middle Island Property"). Group 5 is a single asset real estate holding company also owned by Vic. Group 5 owns a subplot of land upon which the legacy Garden Dept Coram store sits (the "Coram Property"). Group 5 leases its Coram Property subplot to SiteOne. Neway is a management company owned by Vic and it is not involved in the nursery or landscaping supply business.

Against this backdrop, SiteOne seeks onerous discovery from the Vic Entities, despite lacking any factual predicate to support such discovery.

Argument: Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. As to the Vic Entities, SiteOne's discovery is palpably improper, overbroad, and seeks evidence not relevant or proportional to the case. SiteOne's discovery is a classic "fishing expedition."

The Demands: ROG Nos. 1-3, 9 seek the Vic Entities' financial information to "ensure that SiteOne can subpoena the relevant financial institutions." The Vic Entities objected (and maintain their objections) to these demands because they are based entirely on SiteOne's speculation about a supposed conspiracy to compete against SiteOne. Additionally, RFP Nos. 9, 16, 22 seek the Vic Entities' tax returns, expenses, balance sheets, general ledgers, income statements, and cash flow statements. Again, the Vic Entities objected (and maintain their objections) to these demands. There is absolutely no evidence in the record that would support SiteOne's speculation regarding the Vic Entities' supposed conspiracy to compete, much less that would support SiteOne's demand for the Vic Entities' financial records. *See, e.g. Tapjets Inc. v. United Payment Servs., Inc.,* 2020 U.S. Dist. LEXIS 267784, at *19 (E.D.N.Y. 2020)(denying motion to compel discovery of Defendant's asset information because Plaintiff was merely "speculat[ing] that [the requested discovery] may reveal useful material, [but] speculation is not a basis for this Court to compel discovery."); *see also Alvarado v. GC Dealer Servs. Inc.,* 2018 U.S. Dist. LEXIS 204147, at *12 (E.D.N.Y. 2018)("[C]ourts should not grant discovery requests based on pure speculation that amounts to nothing more than a fishing expedition"); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 U.S. Dist. LEXIS 112706, at *3 (E.D.N.Y. 2016)(denying motion to compel where Defendants offered nothing more than pure speculation as a basis for broad discovery). Accordingly, SiteOne's motion to compel the Vic Entities to produce their financial records to SiteOne should be denied.

ROG No. 4 seeks the identity of the Vic Entities' shareholders, members, and owners since formation, including the titles and offices held by each individual identified and the dates each such title was held. The Vic Entities identified Vic their sole owner. SiteOne now seeks to compel the Vic Entities' confirmation that, since each of their inception, each Vic Entity has had no owner

other than Vic. From the time of each Vic Entity's' formations, each Vic Entity has had no owner other than Vic (which is why Vic was the only individual identified). ROG No. 6 seeks the primary business purpose for Neway. Neway responded to this demand by stating that it is a management company and that it is not in the retail nursery and/or landscaping business. SiteOne moves to compel more detailed information about Neway's primary business purpose based on SiteOne's speculation – specifically, "SiteOne believes Neway possibly operates a trucking company which provided services to [Scapes], or is otherwise providing services to Scapes. Neway must be ordered to provide this information." Neway stands by its full and complete response to ROG No. 6.

ROG Nos. 7, 8 seek the identity of each of Vic Entity's customers from January 1, 2020 through the present and, for each customer identified, all revenue received by each calendar year for the sale period. As an initial matter, none of the Vic Entities are in the retail nursery and/or landscaping supply business, and SiteOne has not provided any reason why the identity of any Vic Entity customers would be relevant to the claims and defenses in this case. In addition, Narrow Way 2 and Group 5 are each single asset real estate holding companies. Narrow Way 2 owns the Middle Island Road Property, which is presently dormant. Group 5 identified SiteOne as its tenant at the Coram Property. Now SiteOne appears to be seeking to compel the amount of revenue Group 5 received from SiteOne. Neway is a management company – it does not have customers. RFP No. 5 seeks the Vic Entities' "board meeting minutes from January 1, 2019 through the present" to "shed light on the corporate purpose and activities of each of the Vic Defendants." Again, none of the Vic Entities are in the retail nursery and/or landscaping supply business and SiteOne has provided no factual predicate to support these demands. Indeed, the requested documents have marginal relevance, if any. Additionally, SiteOne claims it needs minutes to "shed light on the corporate purpose" of each Vic Entity, even though each Vic Entity has already disclosed its corporate purpose to SiteOne. Accordingly, the Vic Entities maintain that these demands are not proportional to the needs of the case.

RFP No. 3, ROG No. 11 seek identification of the Vic Entity employees. SiteOne claims that the Vic Entities' responses "do not shed light on their employees." SiteOne is incorrect. Each Vic Entity has identified an individual who performs bookkeeping services for them as an independent contractor. The Vic Entities' responses are full and complete.

RFP Nos. 22-39 seek documents related to the purchase, leasing, preparation, and use of properties at three locations: Middle Island Road, 99 Long Island Avenue, and 2001-2177 Horseblock Road. As an initial matter, the Horseblock Road property is not subject to the claims or defenses in this action. Therefore, documents related to this property – to the extent any exist – are not at all relevant to this case. Thus, the Vic Entities maintain their objections to this request. With respect to Middle Island Road and 99 Long Island Avenue, the Vic Entities have responded that they will produce documents "to the extent they relate to the nursery and/or landscaping supply business." Documents not related to the nursery and/or landscaping supply business are not relevant to the claims and defenses of this case. Thus, the Vic Entities maintain their objections to the production of those documents.

        Respectfully submitted,
        **MILMAN LABUDA LAW GROUP PLLC**
        */s/ Michael C. Mulè*
        Michael C. Mulè

cc: All counsel of record via ECF.