# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 11, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

        **Re:**   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
               Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendant Narrow Way Realty, Ltd. ("Narrow Way"), we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") motion to compel supplemental interrogatory responses and documents (ECF No. 156). This motion is a "motion for the sake of filing a motion," if ever there was one, and it is emblematic of SiteOne's overall hostile approach to this litigation.[1] <u>SiteOne is already in possession of the bulk of information and documents this motion seeks to compel</u>.

<u>Background</u>: In 2020, SiteOne, a $7 billion landscape supply company, purchased the assets of Defendant The Garden Dept. Corp. ("Garden Dept.") pursuant to an asset purchase agreement ("APA") with Defendant Dominick Caroleo ("Don"), who, at the time, was Garden Dept.'s sole owner. In connection with the asset purchase, SiteOne did not purchase the land on which the legacy Garden Dept. stores sit, but, instead, entered into lease agreements to continue using the respective properties. With respect to the legacy Garden Dept. store located in Coram, New York, SiteOne entered into a lease agreement with that property's corporate entity owners – 3670 Route 112 LLC, 9 4th St. LLC, and Group 5 Associates, Ltd (collectively the "Entity Owners"). In turn, the Entity Owners designated Narrow Way as the landlord under the lease.[2] Defendant Victor Caroleo ("Vic") is Narrow Way's sole owner. In its interrogatory responses, Narrow Way, among other things, stated that it "is a real estate landlord, and is not in the nursery and/or landscape supply business." (ECF No. 145-1, p. 259, PageID #:1950).

---

[1] *See e.g.* Electronic Order dated October 8, 2024 noting, in the context of SiteOne's prolific motion practice, including the instant motion, that "this litigation's primary feature is its hostility." Indeed, the instant motion is gratuitous given that SiteOne already had a motion to compel pending against Narrow Way (*see* ECF No. 141) at the time this motion was filed.
[2] No factual allegations are made in the Amended Complaint that Narrow Way violated any restrictive covenant or took any action that would support any claim against it. The only reason to name Narrow Way as a defendant in this case is to add costs and harass the Defendants.

Hon. Steven I. Locke, U.S.M.J
Page 2 of 3

Argument: Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4.

The Demands: ROG Nos. 1-3, 9; RFP Nos. 9, 16, 22 seek financial information and documents purportedly necessary for SiteOne to "have a complete picture of Narrow Way's financial relationship with the other Defendants." SiteOne moves to compel such information even though Narrow Way has already provided full and complete responses to many of these demands and even though <u>SiteOne is already in possession of Narrow Way's bank records</u> and therefore already has a "complete picture of Narrow Way's financial relationship with the other Defendants."

ROG Nos. 1-3 seek the identity of all banks with which Narrow Way has an account and the signatory on each account. In response to these demands, Narrow Way responded that it has a bank account with American Community Bank and that Vic is the signatory on that account. Indeed, SiteOne has already subpoenaed American Community Bank and is in possession of Narrow Way's account. Even though Narrow Way provided full and complete answers to SiteOne's demands, SiteOne moved to compel purportedly to obtain confirmation from Narrow Way that its responses were full and complete – confirmation that, of course, if SiteOne genuinely required, could have easily been obtained with a phone call to counsel. In any event, American Community Bank is the only bank with which Narrow Way has an account (which is why it was the only bank identified in Narrow Way's response) and Vic is the only signatory on Narrow Way's American Community Bank account (which is why Vic is the only signatory identified in Narrow Way's response). Similarly, ROG No. 9 and RFP Nos. 9,[3] 16, 22 seek information and documents reflecting the flow of money into and out of Narrow Way's bank account, in order to "inform SiteOne's understanding of Narrow Way's connection to the remaining Defendants and its role in Defendants' . . . competition." Again, the information SiteOne purports to seek can be found in Narrow Way's bank records, which it already possesses.

SiteOne also purports to require confirmation that the following responses provided by Narrow Way were full and complete responses, even though there is no indication that they were not, and even though any confirmation actually required could have been obtained *via* a simple phone call to counsel:

- ROG Nos. 4 seeks the identity of all Narrow Way shareholders. Narrow Way's response identified "Victor Caroleo, <u>sole</u> [shareholder] of Narrow Way Realty, Ltd." (emphasis added). SiteOne, purports to require confirmation that, in addition to Vic being Narrow Way's "sole" shareholder, Narrow Way has no additional shareholders. It does not (which is why no additional shareholders were listed).

---

[3] Actually, RFP 9 requests documents sufficient to show expenses for Defendant Group 5 Associates, Ltd., but for purposes of this motion we will assume RFP 9 was intended to seek documents sufficient to show expenses for Narrow Way.

- ROG Nos. 7-8 seek the identity of Narrow Way's "customers" and annual revenue per customer. Narrow Way identified SiteOne as its tenant during the relevant time period. Even so, SiteOne purports to require confirmation that SiteOne was Narrow Way's only tenant during the relevant time period. It was (which is why it is the only tenant listed). In addition, because SiteOne is in possession of Narrow Way's bank records, it has full access to the identity of Narrow Way's tenant, i.e., SiteOne, as well as Narrow Way's annual revenue per tenant. Even so, SiteOne again purports to require confirmation that American Community Bank is Narrow Way's only account. Again, it is.[4]

- ROG No. 11 and RFP No. 3 seek the identity of Narrow Way employees. Narrow Way identified one individual as an independent contractor for Narrow Way. Even so, SiteOne purports to require confirmation that the identified individual is Narrow Way's only employee or independent contractor. It is (which is why that individual is the only individual listed).

RFPs Nos. 23-39 seek documents related to the purchase, leasing, preparation, and use of properties at three locations: Middle Island Road, 99 Long Island Avenue, and 2001-2177 Horseblock Road. As an initial matter, the Horseblock Road property is not subject to the claims or defenses in this action. Therefore, documents related to this property – to the extent any exist – are not at all relevant to this case. With respect to Middle Island Road and 99 Long Island Avenue, Narrow Way responded that it will produce documents "to the extent they relate to the nursery and or landscaping supply business." However, Narrow Way is not a real estate landlord with respect to Middle Island Road or 99 Long Island Avenue. SiteOne knows this. Narrow Way receives rent from SiteOne – that is the extent of its business. Therefore, it is highly improbable that this single property landlord will have in its possession, custody, or control "documents and communications" regarding Middle Island Road and 99 Long Island Road – properties that it does not own and for which it does not serve as landlord. Narrow Way cannot produce what it does not have and would never have. *See, e.g., Tapjets*, at *21 ("[T]he Court cannot require production in light of the representation made by Defendant that it is not in possession of any documents responsive to this request").

> Respectfully submitted,
> **MILMAN LABUDA LAW GROUP PLLC**
> */s/ Michael C. Mulè*
> Michael C. Mulè

cc: All counsel of record via ECF.

---

[4] This is not even to mention that SiteOne could easily calculate the amount of annual revenue that Narrow Way received from its one identified tenant, SiteOne, by reviewing its own bank records.