# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 11, 2024

Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York

          **Re:**    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
                  Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke:

On behalf of Defendant Scapes Supply, LLC ("Scapes"), we oppose Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") motion to compel Scapes to provide supplemental interrogatory responses and documents (ECF No. 155). SiteOne's motion is baseless.[1] SiteOne's discovery demands to Scapes are palpably improper, overbroad, and not proportional to the needs of the case. Indeed, this motion is simply another part of SiteOne's harassment campaign against the Defendants (*e.g.*, ECF No. 146, pp. 1-2, fns.2, 5, 7), and it is emblematic of SiteOne's overall hostile approach to this litigation.[2] Accordingly, and for the reasons set forth below, SiteOne's motion should be denied in its entirety.

---

[1] Indeed, SiteOne's entire case against Scapes is baseless. Co-Defendant Victor Caroleo ("Vic") is the sole owner of Scapes, and Vic, who is not bound by any non-compete with SiteOne, does not deny that he is operating Scapes in competition with SiteOne, <u>as he is free to do</u>. Even so, in keeping with SiteOne's propensity to "oversimplif[y]" this case and "aggregat[e] the defendants into a single unit, even though plaintiff entered into discreet agreements imposing particular obligations on various defendants," without any evidentiary support, SiteOne falsely alleges, without any basis, that Defendant Dominick Caroleo ("Don") is an owner of Scapes simply because Don is the only Defendant bound by a SiteOne restrictive covenant. SiteOne has no problem uttering complete falsehoods to this Court. As another example, SiteOne falsely claims that the "Middle Island property was shut down by the Town of Brookhaven in February 2023 for violating local and state environmental protection laws." (ECF No. 155). That is completely false. In February 2023, an order to show cause with a temporary restraining order was signed. The motion has not yet been decided. The TRO essentially requires improvements to take place after permits and approvals are obtained.

[2] *See e.g.* Electronic Order dated October 8, 2024 noting, in the context of SiteOne's prolific motion practice, including the instant motion, that "this litigation's primary feature is its hostility." Indeed, the instant motion is gratuitous given that SiteOne already had a motion to compel pending against Scapes (*see* ECF No. 141) at the time this motion was filed.

Background: Defendant The Garden Dept Corp. ("Garden Dept") was founded in 1976 by Vic. In 2020, SiteOne, a $7 billion landscape supply company, purchased Garden Dept's assets pursuant to an Asset Purchase Agreement ("APA") between SiteOne and Don, who at the time of sale, was Garden Dept's sole owner. Pursuant to the APA, Don – but not Nick or Vic – was subject to a restrictive covenant not to compete with SiteOne. After the asset purchase, SiteOne employed and subsequently terminated Nick, Vic, and Don. In connection with the employment and termination of Nick, Vic, and Don, SiteOne negotiated restrictive covenants with Don, but did not execute restrictive covenants with either Vic or Nick. Accordingly, Vic and Nick are free to compete with SiteOne.

Since April 2023, Vic has operated Scapes from a leased property at 99 Long Island Avenue, Yaphank, New York, in competition with SiteOne. Nick operates Scapes with Vic, but possesses no ownership interest. Nick and Vic each have decades of experience in the landscaping supply business, and each is more than capable of running a landscaping supply business on his own. Don has no involvement in the company. Against this backdrop, SiteOne seeks onerous discovery from Scapes, despite lacking any factual predicate to support such discovery.

Argument: Motions to compel are left to the court's sound discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). It is fundamental that "[d]iscovery … is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support…" *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. June 21, 2002) (citation omitted). "Discovery requests cannot be based on pure speculation or conjecture." *Id.* at *4. As to Scapes, SiteOne's discovery is palpably improper, overbroad, and seeks evidence not relevant or proportional to the case. SiteOne's discovery is a classic "fishing expedition."

The Demands: ROG Nos. 7, 8 seek the identity of each of Scapes' customers from January 1, 2020 through the present and, for each customer identified, all revenue received by each calendar year for the sale period. SiteOne claims that Scapes asserted blanket, boilerplate objections and refused to provide a substantive response to these demands. In fact, Scapes did not issue a blanket, boilerplate objection and refuse to provide a substantive response to SiteOne's demands. Rather, in response to Rog. No. 7, Scapes responded that "the information requested in this Interrogatory is more readily and appropriately identifiable through records already requested by Plaintiff and produced, or to be produced, by Defendant." (*See* ECF No. 145-1, at 84). In this context, RFP No. 40 seeks "documents sufficient to show all customers serviced by [Scapes] from October 19, 2022 through the present." Scapes has indicated that it will produce relevant, non-privileged documents in response to this Request.[3]

ROG Nos. 1-3, 9; RFP 21 seek SiteOne financial information to "gain insight into the financial relationship between Scapes and the remaining Defendants." Scapes objected (and maintains its objection) to these demands because they are based entirely on SiteOne's speculation about a supposed conspiracy to compete against SiteOne. Additionally, RFP Nos. 9, 16, 22 seek Scapes'

---

[3] This firm recently substituted in as counsel for the "Vic Defendants" (ECF No. 170, fn. 2). As of last week, we were still in the process of obtaining technical information to properly search the Vic Defendants' documents.

Hon. Steven I. Locke, U.S.M.J
Page 3 of 4

tax returns, expenses, balance sheets, general ledgers, income statements, and cash flow statements. Again, Scapes objected (and maintains its objection) to these demands. There is absolutely no evidence in the record that would support SiteOne's speculation regarding Scapes' competition being in violation of a restrictive covenant, much less that would support SiteOne's demand for Scape's financial records. *See, e.g. Tapjets Inc. v. United Payment Servs., Inc.,* 2020 U.S. Dist. LEXIS 267784, at *19 (E.D.N.Y. 2020)(denying motion to compel discovery of Defendant's asset information because Plaintiff was merely "speculat[ing] that [the requested discovery] may reveal useful material, [but] speculation is not a basis for this Court to compel discovery."); *see also Alvarado v. GC Dealer Servs. Inc.,* 2018 U.S. Dist. LEXIS 204147, at *12 (E.D.N.Y. 2018)("[C]ourts should not grant discovery requests based on pure speculation that amounts to nothing more than a fishing expedition"); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 U.S. Dist. LEXIS 112706, at *3 (E.D.N.Y. 2016)(denying motion to compel where Defendants offered nothing more than pure speculation as a basis for broad discovery). Accordingly, SiteOne's motion to compel Scapes to produce its financial records to SiteOne should be denied.[4]

ROG No. 4 seeks the identity of Scapes' shareholders, members, and owners since formation, including the titles and offices held by each individual identified and the dates each such title was held. Scapes has identified Vic as Scapes current sole owner and Nick as a previous member. SiteOne now seeks to compel Scapes' confirmation that, since its inception, Scapes has had no owners other than Vic and Nick. From the time of Scapes' formation in April 2023, Scapes has had no owners other than Vic and Nick (which is why they were the only two individuals identified).

RFP No. 5 seeks "Scapes board meeting minutes from January 1, 2019 through the present." Scapes objected (and maintains its objection) to this demand because it is a gross intrusion of privacy based entirely on SiteOne's speculation, with no foundation in fact, about a supposed conspiracy to compete against SiteOne; RFP No. 7 seeks all communications discussing or referring to the formation of Scapes. Scapes will produce relevant, non-privileged documents from the time period between October 22, 2022 (the date of Don's termination) and May 17, 2023 (the date of the commencement of this action).

RFP No. 3; ROG No. 11 seek information and documents sufficient to show employees of Scapes from corporate formation to present. Scapes has produced the names of 19 Scapes employees that formerly worked at the Garden Dept and/or SiteOne. To the extent SiteOne has the names of any additional former Garden Dept and/or SiteOne employees that it believes are currently employed at Scapes, it can provide Scapes with the names, and Scapes will respond if such individuals are or were employed by Scapes. Other than that, Scapes should not be compelled to identify every one of its employees.

---

[4] Though Scapes maintains that there is no factual basis for any discovery of its finances, in keeping with what has been the protocol in this case, Scapes is willing to produce bank statements from the relevant time period redacted to show only transactions between and among the Defendants in this case.

Hon. Steven I. Locke, U.S.M.J
Page 4 of 4

RFP Nos. 22-39 seek documents related to the purchase, leasing, preparation, and use of properties at three locations: Middle Island Road, 99 Long Island Avenue, and 2001-2177 Horseblock Road. As an initial matter, the Horseblock Road property is not subject to the claims or defenses in this action. Therefore, documents related to this property – to the extent any exist – are not at all relevant to this case. Thus, Scapes maintains its objections to these requests. With respect to Middle Island Road and 99 Long Island Avenue, Scapes has responded that it will produce documents "to the extent they relate to the nursery and/or landscaping supply business." Documents not related to the nursery and/or landscaping supply business are not relevant to the claims and defenses of this case. Thus, Scapes maintains its objection to the production of those documents.

                              Respectfully submitted,
                              **MILMAN LABUDA LAW GROUP PLLC**
                              */s/ Michael C. Mulè*
                              Michael C. Mulè

cc: All counsel of record via ECF.