# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>**VIA ECF**</u>   November 22, 2024
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
    <u>Case No.: 2:23-cv-2084-GRB-SIL</u>

Dear Judge Locke:

  We represent the defendants ("Defendants") in the above action. We write to request a three-week extension of the deadline, from November 26, 2024 to December 17, 2024, to produce documents with respect to two items set forth in the October 15, 2024 order (the "Order," Dkt. 178), concerning (i) any communications between the individual defendants regarding landscape related issues and (ii) any employee and customer solicitations, including email searches and manual review of over two years of texts.[1] Defendants have satisfied six of eight items identified in the Court's Order, leaving only these two items. We sought the consent of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by email, on Tuesday, November 19, 2024 (Ex. "A," without attachments) with respect to this application. The reason for the extension is the large volume of documents to be reviewed which has been exacerbated by the unexpected departure of several attorneys at the firm. Despite the limited nature of the requests, SiteOne advised late last night that they refused to consent. This is the first request for an extension.

  At the October 15, 2024 hearing, and then on October 16, 2024, SiteOne supplied a list of broad terms, *e.g.*, "Don," Vic," "Nick," "Janet," "Horseblock Road," etc., which they wanted us to search in multiple locations (Ex. "B"). Since October 15, 2024, our office has been working diligently with our eDiscovery vendor and clients to meet the deadline, personally averaging approximately three to five emails per day as well as numerous Teams conferences with our vendor. The first two weeks following the hearing, approximately, involved setting up the process, including the structuring of search syntax, how the searches would be conducted, organizing and separating over 70,000 documents, setting date parameters, actively addressing the eDiscovery vendor's questions and vice versa.[2] The next week we refined the searches, and on November 6,

---

[1] Once this is completed, we anticipate some minor issues will need to be address by the Court because we have discussed with opposing counsel our differing views as to the appropriate time frame on such communications, but those issues are not ripe before production.

[2] Also, as we stated in Court on October 15 (Ex. "C," October 15, 2024 Tr. at 32-33), we had some issues when we came in as counsel for defendants Nick Giordano ("Nick") and Victor Caroleo ("Vic") in September 2024, as a result of moving from prior counsel's e-discovery platform. Some of those issues persisted after October 15, requiring our

November 22, 2024
Page 2

2024, we supplied Plaintiff with a "hit report" pursuant to the Court's Order, which encompassed a search of broad terms in each of the individual defendants' records (Ex. "D").

Not surprisingly, the report generated over 80,000 direct hits and over 120,000 hits with family members. As to email searches relative to "landscape-related issues," SiteOne, in its objection to this extension, claims that we have not offered a "counter-proposal" to their hit list. This is categorically false. On October 15, 2024, we advised the Court and opposing counsel exactly what we intended to do, relying on the "definition in … the asset purchase agreement" (Ex. "C" at 33). SiteOne knows exactly how we intend to produce emails concerning landscape-related issues, and we are in the process of reviewing those emails. In addition, as required, we are manually searching the individual defendants' text messages. This is a time-consuming process.

As explained in our email to opposing counsel requesting additional time, our firm has had recent turnover with three attorneys leaving since October. We now have, approximately, eleven attorneys, previously fourteen. In addition, some attorneys will only be available through Tuesday of next week due to the Thanksgiving holiday.

Accordingly, despite our best efforts, we simply will not be able to complete our review by next Wednesday, November 26, 2024 for these two items. However, we anticipate being able to complete our review by December 17, 2024. Accordingly, we respectfully request that the Court grant this application. We thank the Court for its attention to this matter.

> Respectfully Submitted,
> MILMAN LABUDA LAW GROUP PLLC
> *Michael C. Mulè*
> Michael C. Mulè

Encl.
cc: All counsel of record (Via ECF)

---

vendor to dedicate a substantial amount of time to data cleanup and additional work so that the searches could be conducted.