Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

November 25, 2024

Magistrate Judge Steven Locke
Eastern District Court New York
100 Federal Plaza, Room 820
Central Islip, New York 11722

**Re:**   *SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* **(2:23-CV-02084)**
Letter in Opposition to Defendants' Request for Three-Week Extension

Dear Judge Locke:

Like a person who lends money and then is made to feel guilty by the borrower when they have the gall to ask for repayment, SiteOne is now put in the position of appearing like The Grinch Who Stole Thanksgiving for opposing the latest [Dkt. 181] of Defendants' many requests for an extension of time to produce documents.

There is no question that Defendants cannot complete their Court-ordered production by the current November 26 deadline. That is now an impossibility. But were Defendants trying to fully comply with this Court's directives from the October 15 hearing, SiteOne would not oppose Defendants' request for additional time. **The problem is that Defendants have outright refused to engage with SiteOne to negotiate search terms as ordered by this Court at the October 15 hearing—so their review and production of emails has not even started, more than 40 days after this Court issued its directives**.

At the October 15 hearing, the Court agreed that Defendants must search email data with search terms that would be negotiated by the parties. [Hearing Transcript, Dkt. 181-3, pp. 41-43.] To that end, the Court recessed to allow the parties time to discuss the process by which they would develop search terms. [*Id.*] During that recess, all parties agreed that Defendants would provide SiteOne with a hit count report for the terms on SiteOne's initial search term list, which SiteOne gave to Defendants at the hearing (the undersigned also emailed Defendants' counsel a Word version of the list the next day, October 16).

SiteOne heard nothing in response. The undersigned thus emailed Defendants' counsel on October 22, stating: "I'm following up on my email below [which attached the Word version of the search terms] to get a sense of the timing on sending over the hit counts for the terms we provided. I think the sooner the better so we can work on any necessary modifications, etc. so that it isn't holding up your review." [*See* email chain attached as Exhibit 1.]

SiteOne heard nothing in response. The undersigned therefore emailed Defendants' counsel again on October 28, stating:

> I'm following up again on my original message from October 16 regarding the hit count report. In my experience, a hit count report can be generated very quickly (i.e.,



within minutes) so I'm not sure why we have not heard back on that yet 12 days later. **Delay in sending us the report delays the review and production of responsive documents. Given the Court's rulings on the timing of Defendants' production (November 26), time is certainly of the essence in moving through this process.**

[Ex. 1.] SiteOne heard nothing in response. The undersigned thus emailed Defendants' counsel yet again on October 31:

> We are growing concerned about the lack of response to our inquiries and request for a call regarding the hit count report. Are you available to discuss tomorrow or Monday? The Court was clear during the hearing that we are to meet and confer over the search terms and hit counts in order to agree on a reasonable scope of review and production from Defendants.

[Ex 1.] Defendants then sent their hit count report on November 6, just before a call scheduled with the undersigned to discuss the search terms.

During the call, it became clear that Defendants did not have a counterproposal to SiteOne's initial search term list, and they could even not identify what email accounts had been searched to generate the hit count report. The undersigned asked Defendants' counsel during the call to provide a counterproposal to SiteOne's initial search terms and to identify the email accounts that had been searched. The undersigned memorialized this in an email to Defendants' counsel on November 15. [*See* email attached as Exhibit 2.] **As of the filing of this letter, SiteOne has still not received a search term counterproposal or identification of the email accounts that Defendants are proposing to search.**

When Defendants' counsel made their request for an extension to the undersigned, the undersigned reiterated the above via email on November 21, stating, inter alia:

> Had Defendants been diligent in working with us to finalize the search terms, we may be more amendable to agreeing to an extension if some progress had been made. But this should have occurred weeks ago, and yet we are on the cusp of the production deadline and it has not been done, even though we have followed up about it multiple times. And while Defendants have produced some documents,[1] they have produced no communications, including ones among Defendants themselves which are at the core of this case.
>
> Again, it is entirely unclear how Defendants can possibly complete their production even with the additional three weeks you have requested. We therefore think that

---

[1] Defendants waited until November 19 to produce any additional documents, which did not include **any** emails or text messages.


in lieu of an extension request, we need to request a telephonic status conference with the Court.

[*See* email attached as Exhibit 3.]

Thus, on its surface, Defendants' request appears reasonable: staffing shortages, holiday schedules, and promises that Defendants have actually been trying really, really hard to make these deadlines. Were that surface story the full story, then SiteOne would never trouble the Court to deal with this issue, and we would of course have extended professional courtesy. The unfortunate reality, however, is that as the above course of events shows the extension request is merely the latest in what is now a years-long campaign by which Defendants wage a two-front attack: they taunt SiteOne for not having any evidence to support its claims (untrue as a threshold matter) and then fail to produce any documents that would disprove those taunts. They do so despite promises to Defendants and to this Court that they will make this deadline and that deadline, only to have those dates come and go without any real production of documents. Meanwhile, SiteOne's litigation costs mount because we have to keep chasing documents, and because Defendants, who claim in this Court to not have resources, have launched an entirely new campaign with separate counsel in state court to evict SiteOne – a case in which they show nothing like the lack of energy that they display here.

SiteOne asks simply that the Court hold Defendants to their latest and last promise, lest the date for real document production recede endlessly into the horizon and this case never progress.

Lest we forget, we are dealing in November with discovery requests first made seven months ago, on April 25, 2024. That led to a May 30 hearing before Your Honor, at which time Defendants promised to start rolling productions of documents over the summer. Defendants waited. And waited. And waited. By August, Defendants had produced only 17 documents, and so SiteOne finally filed a motion to compel [Dkt. 141]. That did not move the needle, forcing SiteOne to file seven additional motions to compel [Dkts. 152-158]. Defendants' opposition to those motions underscores the skepticism with which the Court should consider this latest request for more time. They have again done their familiar two-step, seeking an extension and blaming the need to do so on outside factors. [Dkt. 164]. That is well-travelled ground at this point of the case, and it served only to increase costs, drag out time and require the parties' appearance in this Court.

It is unclear what will motivate Defendants to cooperate. SiteOne filed its complaint in March 2023. It is now November 2024, and Defendants have failed to provide SiteOne with basic discovery despite this Court's clear directives. SiteOne therefore requests a telephonic status conference in order to swiftly adjudicate Defendants' motion.

We thank Your Honor for your consideration and attention to this matter.

John "Evan" Gibbs III