# EXHIBIT 3

| | |
|---|---|
| **From:** | Gibbs, J. Evan |
| **Sent:** | Thursday, November 21, 2024 10:06 PM |
| **To:** | Michael Mule; Kent, Paris L.; Adler, Matt; Gorman, Daniel E.; Mulry, Kevin P. |
| **Cc:** | James Orioli; Colleen O'Neil; Joseph Labuda; Robert Milman; Hope Devito; Kadeem Harper |
| **Subject:** | RE: SiteOne Landscape v. Giordano, et al.; Defendant's Rolling Production #3 RE: Order 10/15/24 |
| **Attachments:** | RE: SiteOne Landscape v. Giordano, et al. - Follow up from today |

Mike –

We cannot agree to an extension at this juncture. Our client has been waiting for months on end for documents, particularly communications among the Defendants. Defendants' stream of requests for extensions and unfulfilled promises to produce forced SiteOne to expend significant resources on filings numerous motions to compel. The Court ruled in our favor and gave Defendants clear directives as to what to produce, how to produce it, and when to produce it.

At this point, not only are Defendants not going to meet that deadline, we have still not received Defendants' search term counter-proposal. What we asked for at the hearing—and what the Court agreed was appropriate—was that you all were going to provide revised proposed search terms in response to our initial list. We would then continue to meet and confer on the list until we reached a final list of search terms. Defendants would then review the documents hitting on that final list of search terms. This is what SiteOne did for its production (we reviewed north of 25k docs), which is why we asked for the same from Defendants. Again, this is what the Court is requiring.

We provided our initial search terms list to you at the October hearing, but we've never received _any_ proposed changes. During our call on November 6, I explained this issue again. We also asked for you to identify which email accounts that were being searched. You all agreed to send us a revised list of search terms and identify the email accounts. I confirmed these and other items in my attached email of November 15 since we hadn't heard back from you all. It is now November 21, five days from the production deadline set by the Court, and we still do not have a final list of search terms and we don't have the email account information. In other words, Defendants have not yet even identified the universe of documents they will be reviewing.

This segues directly into your request for an extension. While we certainly understand staffing and holiday challenges, Defendants should have been producing documents on a rolling basis since the October hearing, but only made their first production this week which does not include any emails or text messages. Your below email states that Defendants will produce "emails consistent with the search terms" by the end of the three-week extension but—in all candor—there is no way Defendants can possibly finish negotiating the search terms and reviewing the responsive documents by that deadline. It simply is not feasible, especially with next week being the week of Thanksgiving.

Had Defendants been diligent in working with us to finalize the search terms, we may be more amendable to agreeing to an extension if _some_ progress had been made. But this should have occurred weeks ago, and yet we are on the cusp of the production deadline and it has not been done, even though we have followed up about it multiple times. And while Defendants have produced some documents, they have produced no communications, including ones among Defendants themselves which are at the core of this case.

Again, it is entirely unclear how Defendants can possibly complete their production even with the additional three weeks you have requested. We therefore think that in lieu of an extension request, we need to request a telephonic status conference with the Court.

We can carve out some time to discuss this tomorrow. Please let us know if you would like to do so. Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Michael Mule <MichaelMule@mllaborlaw.com>
**Sent:** Thursday, November 21, 2024 2:37 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>
**Cc:** James Orioli <James@mllaborlaw.com>; Colleen O'Neil <Colleen@mllaborlaw.com>; Joseph Labuda <joe@mllaborlaw.com>; Robert Milman <rob@mmmlaborlaw.com>; Hope Devito <hdevito@mllaborlaw.com>; Kadeem Harper <kharper@mllaborlaw.com>; Michael Mule <MichaelMule@mllaborlaw.com>
**Subject:** RE: SiteOne Landscape v. Giordano, et al.; Defendant's Rolling Production #3 RE: Order 10/15/24

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Can you please advise if you consent to a three-week adjournment of the November 26, 2024 deadline, as we requested on Tuesday, so that we can advise the Court? If we do not hear back by today, we will just make our motion. Thanks.

---

**From:** Michael Mule <MichaelMule@mllaborlaw.com>
**Sent:** Tuesday, November 19, 2024 2:08 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>
**Cc:** James Orioli <James@mllaborlaw.com>; Colleen O'Neil <Colleen@mllaborlaw.com>; Joseph Labuda <joe@mllaborlaw.com>; Robert Milman <rob@mmmlaborlaw.com>; Hope Devito <hdevito@mllaborlaw.com>; Kadeem Harper <kharper@mllaborlaw.com>; Michael Mule <MichaelMule@mllaborlaw.com>
**Subject:** SiteOne Landscape v. Giordano, et al.; Defendant's Rolling Production #3 RE: Order 10/15/24
**Importance:** High

Evan,

Attached please find the first tranche of Defendants' rolling production #3 in response to the Order issued by Judge Locke dated 10/15/24 (the "Order"). The documents provided in this transmission satisfy the following items of the Order:

> #3 - Amount of business Scapes does
>
> #4 - Nick's bank account records for the period January 1, 2023 to May 31, 2023 (the Court Order erroneously states "2024" but you clearly sought 2023) relating to transactions with defendants.

    #5 - List of entities Don, Vic and Nick have had an interest.

    #6 - Scapes related documents

    #7 - Formation documents for Vic's entities

    #8 - Defendants' IT vendors

We intend to provide, by November 26, documents that satisfy the following items:

    #2 - Defendants communications to SiteOne employees about leaving SiteOne and coming to Scapes. Defendants' solicitations (if any) for the period of April and May 2023.

    #1 (partially satisfied) - electronic searches of documents and emails consistent with the search terms and call logs.

We have been making diligent efforts. We will continue our efforts to provide the text message communications between the Defendants (item #1(b)) by the November 26 deadline. However, since this calls for a manual review, it is, obviously, a laborious task. In addition, some personnel who were previously on this matter are no longer with the firm, and some will not be available starting early next week due to travel for the upcoming Thanksgiving Holiday. Accordingly, we will be seeking a three-week extension, *e.g.*, for the text message production, to December 17, 2024. Please advise if you will you consent to this request, so that we may advise the Court. Thank you.

Sincerely,

Michael C. Mulè, Esq.
Partner
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
michaelmule@mllaborlaw.com
516 303-1442 office
516 328-0082  fax

Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.