*SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-CV-02084)
January 9, 2025 – Joint Status Report as Required by Court

## **SITEONE'S POSITION**

The highlight of this report is the disclosure yesterday by Defendants' counsel of the intentional destruction of key evidence by all three individual Defendants. This revelation is ironic given Defendants' oft-repeated assertions that this case is "frivolous" and that there is "no evidence of conspiracy" among the Defendants [e.g., Dkt. 168 p. 2]. SiteOne has long believed, but can now state conclusively in light of this week's disclosures, that the reason there has been "no evidence" is because Defendants have destroyed it.

The Court's October 15 Order mandates that the parties include in this report a proposed schedule for the remaining case deadlines, including a deposition schedule. In light of this new information regarding destruction, SiteOne respectfully urges that depositions follow the usual course and come after, not before, the conclusion of what is now confirmed to be a presently-incomplete document production. This and further discovery should be prefaced by an evidentiary hearing, which should include the live testimony of the individual Defendants. This will allow counsel (for both parties) and the Court to understand the full extent of Defendants' evidence destruction. Directly related to this request, and critical to the parties' ability to understand the full dimensions of this destruction, SiteOne also requests the appointment of a neutral, third-party forensic discovery vendor to assess the dimensions of the deletions and what evidence may still be available forensically from Defendants' devices and accounts. SiteOne will file a separate motion making these requests and more fully addressing Defendants' spoliation of evidence the week of January 13, 2025.[1]

### I. Destruction of Evidence Known to Date

The reason behind Defendants' Herculean efforts to delay discovery in this case have now become crystal clear. The individual Defendants—Don, Vic, and Nick—have each intentionally destroyed massive amounts of critical evidence in this case. Specifically, these Defendants intentionally erased years' worth of text message data they have been obligated to preserve since the outset of this case on March 17, 2023. Defendants may have also destroyed other forms of evidence, as described below.

During a video conference with Defendants' counsel on January 8, 2025, SiteOne's counsel learned that Vic has a practice of manually erasing all text messages received and sent on his personal phone. The communications relevant to this lawsuit were no exception to his manual deletions, and no text message data has been preserved. His son, Don, has his phone set to only retain text messages for 60 days, after which period all text messages are deleted. There is thus only text message data available for the 60-day period preceding efforts to collect that data.

Nick deleted all text message data preceding an unidentified date in April 2023; it is unclear at this juncture whether Nick manually deleted relevant text messages after that April 2023 date,

---

[1] To distract from their misconduct, Defendants' portion of this report attempts to raise new discovery disputes that have **not** previously been raised by Defendants, were **not** at issue during the October 15 hearing, and are thus—quite unlike the destroyed text messages—**not** the subject of this Court's Order. To be clear, Plaintiff has **not** refused to produce any text messages. Rather, the parties have been in ongoing meet-and-confer negotiations regarding the scope of this production. Defendants dropped the issue for <u>months</u> and have revived the issue as a tit-for-tat to distract from the fact that their clients have destroyed evidence. SiteOne expects the issue to resolve in a further meet and confer. It is nowhere near equivalent to the just-disclosed destruction.

*SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-CV-02084)
January 9, 2025 – Joint Status Report as Required by Court

which is entirely possible. Nick's manual deletion of all data preceding April 2023 is significant because October 2022 through April 2023 is when Defendants were clandestinely stealing SiteOne's trade secrets, confidential information, video recording system, employees, and customers while establishing their competing business.[2] With this in mind, Defendants produced only two text messages, and those two messages were between Nick and Don referencing a former SiteOne employee and miscellaneous plants; the messages were dated May 23 and 24, 2024.

## II. Defiance of the October 15 Order Suggests Further Evidence Destruction

Texts are not all that is missing. Defendants have produced very few emails. They had produced almost nothing as of this past Fall, which forced SiteOne to move this Court for relief. The Court's October 15 Order followed—and yet, Defendants refused to comply with the Court's Order with respect to email searching, have refused to engage in the process ordered by the Court, and have produced only **three** emails since the hearing. This cannot be the universe of responsive documents, especially since Defendants are operating a competing business doing millions of dollars in annual revenue with SiteOne's former customers. Their continued lack of cooperation and defiance of this Court's October 15 Order indicate that Defendants may have also deleted email evidence as well.

At the October 15 hearing, the Court agreed that Defendants must search email data across custodians and search terms that would be **negotiated** by the parties. [Trans. pp. 41-43.] To that end, the Court recessed the hearing for the parties to discuss the process by which they would develop the lists of custodians and search terms. [*Id.*] During that recess, all parties agreed to a collaborative process in which the parties would negotiate search terms and reach agreement on a universe of documents to be reviewed by Defendants for production.

This was explained to the Court on the record at the hearing. The Court agreed with this process, identified the relevant time period as October 19, 2022 to the present, and memorialized this in its October 15 Order. [Trans. p. 43; Dkt. No. 178.] Defendants acknowledged their agreement to the process at the hearing. [Trans. p. 43.] But, after the hearing, Defendants refused to engage with SiteOne—at all—to develop search parameters. All told, the undersigned emailed Defendants' counsel **eight** times to try to engage in the process of developing email search parameters, to no avail.

The undersigned asked for the hit count report for SiteOne's initial search terms on October 16, 22, 28, and 31 with no response from Defendants. Defendants finally sent their hit count report on November 6. After that, Defendants never identified what documents they were willing to review; they presented no counterproposals to SiteOne's initial search term list; and they refused to identify what custodians or email accounts had been searched to generate the hit count report. The undersigned followed up with Defendants' counsel on November 6, 15, 21, and December 2 via email but never received a response. Defendants then produced three emails with a cover letter on December 17. In their cover letter, Defendants explained that they applied SiteOne's original search terms to unidentified email accounts for Don, Nick, and Vic, resulting in more than 54,000 hits. Defendants then applied a set of "relevancy filters" to those documents to "derive documents

---

[2] Defendants' counsel reviewed more than 40,000 text messages from Nick's phone. It is thus clear that Nick is a prodigious sender of text messages, indicating that the volume of communications he destroyed is significant.

*SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-CV-02084)
January 9, 2025 – Joint Status Report as Required by Court

that are 'landscape related.'" The "relevancy filters" are laughable and include terms such as "wheelbarrows" and "shoes."

But Defendants: (1) never met and conferred with SiteOne over these revised terms; (2) they restricted the dates of their searches to October 19, 2022 to April 5, 2023 for Nick and Vic;[3] (3) did not identify what email accounts were searched; (4) did not search email accounts for the other named Defendants, including Scapes Supply (the competing entity); and (4) did not provide hit counts for any of their "relevancy filters." In sum, Defendants refused to engage in the process.

Additionally, the Court ordered that Nick and Vic produce their call logs from October 22, 2022 to the present. [Dkt. 178.] Nick and Vic only produced call logs, however, going back to November 2023. This means either that Defendants refused to produce those records or destroyed that evidence. Defendants were further required to produce customer solicitations for April and May 2023; they produced no customer solicitations even though, according to their own records, they were servicing approximately 30 customers at that time, all of which were former SiteOne customers. Defendants were also required to produce communications with or about former SiteOne employees coming to work for Scapes. Defendants produced no such communications, even though they have hired and currently employ numerous former SiteOne employees (including at least one individual hired in the latter half of 2024).

## DEFENDANTS' POSITION

This lawsuit has been nothing but an effort on the part of SiteOne – a $6 billion landscape supply company that believes it paid too much to acquire Garden Dept.'s assets – to harass and inflict as much financial harm on Don and anyone associated with him, including his father Vic, and friend and colleague, Nick. SiteOne gratuitously named 14 defendants in this action, when Don was the only one bound by any restrictive covenants.[4] Now, as the case unfolds and the evidence reveals that Don has not violated any covenants, SiteOne seeks to further delay depositions to inflict more financial harm. Defendants seek to proceed with depositions and move on to dispositive motions.

Against this backdrop, despite Defendants' efforts, SiteOne has failed to produce, among other things, a single text message. Yesterday, Defendants video conferenced with Plaintiff to address SiteOne's discovery deficiencies.[5] No resolution was reached. If a resolution is not reached by next Friday, Defendants will be forced to seek the Court's intervention. Even so, to move this case forward, Defendants propose that depositions commence and proceed simultaneously with the tail end of document discovery, without prejudice to recall witnesses, if necessary, due to any supplemental productions of documents.

---

[3] The October 15 Order unequivocally identified the date range as October 22, 2022 to the present for email searching. [Dkt. 178.]
[4] The last of the restrictive covenants that Don executed in his personal capacity expires on January 14, 2025, and he will then be free to compete. Nick and Vic, who concededly have competed against SiteOne since April 6, 2024, have never been bound by any restrictions and have always had every right to compete.
[5] In addition to SiteOne's failure to produce text messages, Defendants addressed SiteOne's wishy-washy responses to demands such as "not aware of any documents" or "will produce, if any." Mr. Gibbs, on "Scout's Honor," stated that for document demands with those responses, SiteOne searched extensively and does not have any responsive documents. Defendants take Gibbs at his word but will strenuously oppose any attempt to produce supposedly responsive documents at a later date.

*SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-CV-02084)
January 9, 2025 – Joint Status Report as Required by Court

## 1. Depositions, Status Conference, and Expert Disclosures

Defendants propose the following deposition schedule: (i) February 12, 2025: Alex Trauma; (ii) February 14, 2025: Gerard Passaro; (iii) February 18, 2025: Phil Sausto; (iv) February 20, 2025: Anthony Catalano; (v) March 4, 2025: Kevin Peatie; (vi) March 6, 2025: Brian Kersnowski; (vii) March 11, 2025: Doug Black; (viii) March 13, 2025: Ana Valentin; (ix) March 19, 2025: Jerry Justice; and (x) March 25, 2025: SiteOne.

Defendants propose: (i) the week of March 17, 2025 for a status conference; (ii) April 1, 2025 for fact discovery deadline; (iii) April 25, 2025 for affirmative expert disclosures; and (iv) May 23, 2025 for rebuttal expert disclosures.

## 2. SiteOne's Failure to Produce (or even search for) Responsive Texts and Emails

Defendants contend that Don's termination and this action are related. SiteOne commenced this action while the ink on Don's separation agreement was still wet as a vendetta to inflict financial pain on Don because SiteOne felt it paid too much for Garden Dept. In this context, text messages and emails from specific members of SiteOne's leadership are highly relevant to the defense.[6]

Throughout discovery, SiteOne – the $6 billion company that initiated this lawsuit – has deflected all requests for the production of text messages by complaining about costs and labor. Even after Defendants agreed to reduce the number of custodians from 24 to 13,[7] SiteOne responded, on January 3, 2025, that it would not search <u>any</u> cell phones, despite having those phones in its possession, custody or control.[8] SiteOne's refusal is grossly prejudicial to Defendants' defense.

## 3. Responses to SiteOne's Claims.

<u>Emails</u>. SiteOne falsely claims that the non-existence of responsive emails suggests something nefarious – typical SiteOne gamesmanship. Indeed, in a moment of candor, SiteOne's counsel admitted: "We don't expect -- Don, Vic, and Nick, they're smart guys. They're not going to be putting [in] an email . . . smoking gun sort of bad messages. We don't expect -- I mean, who knows. But a lot of this we believe is going to be in-person meetings [or] phone calls." [Trans. p. 38.]

SiteOne's complaints about Defendants' search process is pure hypocrisy. As agreed during the October 15 hearing, Defendants conducted a search of all of Defendants' email accounts using SiteOne's search terms. Then, as explained on the record at the October 15 hearing, Defendants used SiteOne's own description of landscaping activities contained in the restrictive covenant provision in the Asset Purchase Agreement as relevancy filters to produce emails that were "landscape-related". Defendants provided a hit count report on November 6th. If SiteOne wanted Defendants to use different terms, SiteOne could have offered its suggestions. It did not. Application of the relevancy filter resulted in very few responsive documents.[9] Also, because Nick

---

[6] The requested text messages are called for by numerous of the Don Defendants' April 19, 2024 First Set of Document Demands to Plaintiff, including RFP ## 8, 9, 20, 25, 26, 30, 32, 36, 37, 57, 64, 68, 81, 90, 92, 97, 100-03, 111, 114-17, all which reference, broadly, Don, Nick, Vic, and/or Rose Casper, from September 1, 2022 to present.
[7] *See* Defendants' Exhibit "A" September 13, 2024 email from Michael Mule to Evan Gibbs; November 27, 2024 email from Colleen O'Neil to Evan Gibbs.
[8] For the first time on January 8, 2025, SiteOne indicated that it would, perhaps, entertain producing text messages from maybe "a handful" of custodians. This is not an adequate response.
[9] For example, when SiteOne requested Defendants to search Don's email accounts for the term "Vic" 1,256 documents were hit. However, when filtering down the 1,256 documents to just those that were landscape related, 0 resulted.

*SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-CV-02084)
January 9, 2025 – Joint Status Report as Required by Court

and Vic's competition has been conceded, Defendants applied a date filter exclusively to emails between Nick and Vic so as not to collect emails between those two regarding landscape related activities after the formation of Scapes. In sum, Defendants identified all email accounts and searched them using SiteOne's own terms as agreed during the October 15 conference. That there were limited relevant hits, does not indicate foul-play; it indicates the frivolity of this case.

Call Logs. As SiteOne is aware, Defendants subpoenaed their respective cell carriers for call logs specifying the date range October 22, 2022 to the present.[10] Defendants produced over 65,000 logged calls and identified every call among Defendants. Defendants' production was not deficient.

Text Messages. Defendants undertook the task of manually reviewing 42,939 text messages. The production process involved over 1000 attorney-hours manually reviewing text messages. With their production, Defendants outlined that they extracted a "full image" of all text message data, notwithstanding disclosed gaps in the text message history, from each of Defendants' devices and applied a date filter only to communications between Nick and Vic, as explained above.

From our review and production, there were simply no texts of significance regarding "landscape-related issues." As SiteOne correctly stated, "we believe [communications are] going to be in-person meetings [or] phone calls." [Trans. p. 38.] Even in SiteOne's imaginary world of Defendants engaging in elaborate planning, it would be extremely unlikely that Defendants would communicate by text concerning any landscape-related issues after this lawsuit was filed. As a matter of logic, it would not happen.

Customer Solicitations and Communications with Former SiteOne Employees. As to customer solicitations and communications with or about former employees, SiteOne's accusations are specious. We conducted complete searches, undertaking the exact process that was agreed upon and clearly disclosed this process in a "search logic" letter to SiteOne, but there simply are no responsive documents. The nonexistence of documents does not suggest noncompliance. Rather, it suggests that SiteOne's claims are meritless.

At bottom, SiteOne's recriminations aside, Defendants have spent nearly a thousand hours, costing well over a quarter million dollars in legal fees, to collect business records, bank records, entity records, emails, and to manually review nearly 43,000 text messages, searching for documents concerning "landscape-related issues" in compliance with the Court's October 15 Order. SiteOne's false histrionics and conclusory tale of "intentional destruction of key evidence" is emblematic of its approach throughout this litigation. This is typical SiteOne – shoot first, ask questions later. Yesterday, in full disclosure, we advised SiteOne that upon review of our production from Nick's phone, <u>all</u> text communications between him on the one hand and Vic and/or Don on the other hand from April 2023 were preserved, collected, and reviewed, but not all texts between Don and Vic were preserved, due, in part, to an auto-delete function that, unbeknownst to anyone, had been in place. We will explain the details at an appropriate time. At bottom: (i) there is no prejudice to SiteOne for numerous reasons; (ii) SiteOne's claims remain wholly meritless in light of the lack of evidence of competition by Don; and (iii) it is the height of hypocrisy for SiteOne to complain when they have refused to even search for responsive texts and have not produced a <u>single</u> text.

---

[10] With respect to Nick and Vic, pursuant to Verizon's Record Retention Policy, call logs were only maintained for 12 months, which limited the date range for which their respective call logs could be produced.