# Exhibit "B"

# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Michael C. Mulè – Partner
Direct E-Mail Address: michaelmule@mllaborlaw.com
Direct Dial: (516) 303-1442

January 15, 2025

**Via Electronic Mail: evan.gibbs@troutman.com**
J. Evan Gibbs, Esq.
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

> Re:    **SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.**
> **Eastern District of New York, 2:23-cv-02084**

Dear Evan:

As you are aware, we represent the Defendants in the above-referenced matter. As partially addressed during our meet and confer on January 8, 2025 and in our joint status letter to the Court yesterday, we write, with full reservation of our clients' rights and remedies, to address the alarming discovery deficiencies of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), and in particular its complete and utter failure to provide a single text in its production – despite multiple compromises by Defendants as to the number of custodians (from 24 to 13) to search and similarly has refused to include the thirteen custodians in email searches.  At our meet and confer last week, you stated that you would confer with your clients and get back to us. We have not received any further response from SiteOne.

First, as to SiteOne's responses to twenty-five (25) document demands (Don Defendant RFP ## 8, 9, 20, 25, 26, 30, 32, 36, 37, 57, 64, 68, 81, 90, 92, 97, 100-03, 111, 114-17), during our meet and confer, you stated that SiteOne did, in fact, search for responsive documents to requests even if the search terms that SiteOne provided (in August) did not reflect specific searches for each of those requests. Those RFPs included requested for documents among SiteOne employees regarding, broadly, Don, Nick and Vic, Rose Casper and Scapes Supply, LLC ("Scapes"). Please confirm that for the above RFPs SiteOne has, in fact, searched for responsive documents, and please advise as to what searches were done.

By way of background as to text and email searches, at our September 4, 2024 meet and confer, SiteOne complained that it needed a list of employees to consider our request.  On September 13, 2024, we provided a specific list of SiteOne employees' whose cell phones should be examined for responsive documents.  Our understanding is that SiteOne supplies its employees with cell phones and controls those cell phones. SiteOne next complained that searching 24 employees would be too costly. In a further effort to compromise, by email dated November 27, 2024, Defendants limited their request to 13 SiteOne employees (Doug Black; Lynn Fracassi; Brian Kersnowski; Kevin Peattie; Brian Hoffman; Anthony Catalano; Alex Trauma; Phil Sausto; Anthony Ferrante; Greg Thistle; Gerard Passaro; Joe Ketter; and

January 15, 2025
Page 2

Jerry Justice) from September 2022, but SiteOne still refuses to even review those cell phones and has refused to search the emails of those custodians.[1]  This is grossly prejudicial to Defendants.

Meanwhile, our clients, Defendants Don Caroleo ("Don"), Victor Caroleo ("Vic") and Nicholas Giordano ("Nick"), have produced to us 157,404 texts[2], that we have spent nearly a thousand hours, costing our clients well over a quarter million dollars, to collect and manually review, so that we can produce documents for the period from October 19, 2022, to the date of data collection ("present") relevant to "landscape-related issues" in compliance with the Court's October 15 Order.  Although we anticipated that this costly exercise would not yield responsive documents, we had to comply.  SiteOne's excuses that it would be costly to provide responsive documents or that it would be unlikely that relevant communications be found should not deprive Defendants of responsive documents necessary for their defense. SiteOne engages in discovery as if it were a one-way street with them receiving documents that they want and not applying the same rules to itself. Discovery, however, is a two-way street and unless rules are to be applied, unfairly, the same rules that apply to Defendants should apply to Plaintiff. SiteOne chose to sue Defendants in this vendetta lawsuit – although they have done nothing wrong. There is simply no excuse for SiteOne's refusal to search for necessary, responsive texts and emails. Indeed, our November 27, 2024 email (annexed, sans attachment) gave very simple search terms.

So far, SiteOne has refused to even look, likely knowing that there exists responsive texts and emails that would be damaging to their case and establish the lack of any basis for this lawsuit. We intend to move with respect to the above unless SiteOne reconsiders its position.

In stark contrast to SiteOne's "hide-the-ball" strategy, we, not only have collected and manually searched through 157,404 texts, but we have done so in full disclosure. In this regard, as we discussed on January 8, 2025, upon our review of our production from Nick's phone, all text communications between him on the one hand and Vic and/or Don on the other hand from November 4, 2020,[3] were collected and reviewed, but not all texts between Don and Vic were reviewed due, in part, to an auto-delete function that had unknowingly been in place.

In this regard, Nick's phone contained 151,952 messages dating back to November 4, 2020 which not only contained messages among the Defendants, but all messages Nick sent and received, which if any existed, would include messages with the other identified individuals (*i.e.*, SiteOne employees, customers, etc). That being said, there were gaps in the content available from Don's and Vic's phones which could not be recovered. In this regard, Don's oldest text message was 60 days prior to the collection date due to an auto-delete function that preserves messages for 60 days. As to Vic's text messages, while dating back to August, 2023, the data was largely sparse up to approximately 2 days prior to the collection date. We do not believe that the gaps in Don and Vic's data have any significance or impact on this lawsuit for numerous reasons.

---

[1] The email limiting the request stated "September 1, 2023" but contextually it was clear that it was "September 1, 2022." (Attached). The typo was irrelevant as SiteOne flatly refused to do any review regardless of date.

[2] Our e-discovery consultant had originally provided us with the total number of "conversations" collected, 42,939. We initially understood that number to represent the number of messages. However, after further review and consultation with our e-discovery consultant, we learned that there may be multiples messages per conversation, and further that the total number of individual messages collected was, in fact, 157,404.

[3] Based on our review of a bar chart, starting in October 2022, that had small scaling which made it appear that there were no text messages between October 2022 and March 2023, we initially understood that Nick's text data dates back to April 2023. However, in reality, Nick's text data dates back beyond the relevant look back date of October 19, 2022.

January 15, 2025
Page 3

First, Nick's text message data extends beyond the commencement of the lawsuit and is substantially comprehensive comprising over 150,000 messages. From our review and production, there were absolutely no texts of significance regarding "landscape-related issues." Certainly, if there was any "conspiracy" as between Don, Nick and Vic as SiteOne has alleged – without any substantiation – and if Don, Nick and Vic had communicated by text, you would expect that there would be some texts of significance. As evident from our production, there simply is not – because, to date, Don has not competed with SiteOne or engaged in any conduct in violation of his restrictive covenants, and there has been no "conspiracy."[4]

Second, SiteOne has not produced a hint of evidence to the contrary, *i.e.*, suggesting that Don has competed or been involved in Scapes's business.

Third, even in SiteOne's imaginary world of Don being involved in Scapes, it would be extremely unlikely that Don and Vic would communicate by text concerning any landscape-related issues after this lawsuit was filed on March 17, 2023. As a matter of logic, it just would not happen. Indeed, SiteOne conceded this at the last Court hearing on October 15, 2024: "We don't expect -- Don, Vic, and Nick, they're smart guys. They're not going to be putting an email sort of, you know, all of these, you know, smoking gun sort of bad messages. We don't expect -- I mean, who knows. But a lot of this we believe is going to be in-person meetings [or] phone calls." [Trans. p. 38.]  In addition, Don and Vic would testify that they did not communicate with each other about landscape-related issues but rather would have ordinary father-son communications that are completely irrelevant to this action.

That being said, in full disclosure, we advise that Don's iPhone had an auto-delete setting enabled prior to this action being commenced and that setting remained thereafter, causing the automatic and unintentional deletion of older text messages. We have since assisted Don in disabling this setting, ensuring that his messages are now retained indefinitely. That this was unintentional is buttressed by the fact that, after this action commenced, Don took affirmative steps to preserve messages. In this regard, he retained Werecoverdata.com ("We Recover") in July 2023 to perform an extraction of his text messages. Don obtained a Cellebrite summary report from We Recover, and a hard drive, which is available for SiteOne's inspection. We could not identify or utilize the data from the collection for the reasons stated below, however we welcome SiteOne's inspection of the data.

We supplied the hard drive data to our discovery consultant, Nextpoint, who advised, in turn, that the underlying raw UFDR file was not provided by We Recover. In September 2024, NextPoint sought to obtain the UFDR file from We Recover but was advised by We Recover that they no longer have the raw UFDR file due to their retention policy of client data. Upon our review of the Cellebrite summary report, which contained the substance of texts, none of the texts in that report concerned "landscape related matters." Beyond this, in an effort to see if we could recover any additional data subsequent to our collection, we were able to access Don's texts as stored on iCloud storage, but those texts only went back 60 days from our date of inquiry. Similarly, upon inquiring about the gaps in Vic's text message history, Vic explained that he has long maintained a habit of deleting messages to avoid mailbox clutter. Vic has since been reinstructed to refrain from his normal course of behavior and retain all messages.

---

[4] The last of the restrictive covenants that Don executed in his personal capacity, as contained in the January 14, 2020 Asset Purchase Agreement, expired yesterday, on January 14, 2025. Please be advised that, starting today, Don, personally, is under no contractual obligation with SiteOne.  Please be further advised that, starting today, he is free to compete with SiteOne, and he will be joining Scapes.

January 15, 2025
Page 4

As indicated above, we do not believe that there is any prejudice to SiteOne and that depositions must move forward, particularly in light of the utter absence of any proof even suggesting any competition by Don, the substantial comprehensiveness of Nick's data, and the fact that Vic and Nick are within their rights to compete.

Very truly yours,
MILMAN LABUDA LAW GROUP PLLC

*Michael C. Mulè*

Michael C. Mulè, Esq.

Encl.