Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**troutman**
**pepper locke**

Magistrate Judge Steven Locke                                         January 17, 2025

Re:   *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
      **SiteOne's Letter Motion Regarding Spoilation of Evidence**

Dear Judge Locke:

As the Court knows from the extensive motion practice to date, Defendants have ferociously resisted producing documents at every turn while simultaneously arguing that SiteOne has no evidence to support its claims. Defendants' utter refusal to provide basic discovery forced SiteOne to spend hundreds of thousands of dollars to enforce the basic tenets of the Rules of Civil Procedure.

It is against this backdrop that Defendants disclosed on January 8, 2025 that they intentionally destroyed their text message data. This means that when Defendants forced SiteOne to file eight motions to compel in September 2024 regarding, *inter alia*, their text messages, they already knew that they had intentionally destroyed the evidence SiteOne had been seeking since the inception of this action. Their attorneys knew by September 20, 2024 that Don had destroyed his text messages. [Dkt. 168.][1] Below are the facts currently known, along with the relief sought by SiteOne: (1) targeted depositions and (2) the appointment of a neutral forensic vendor to investigate Defendants' actions.

I.   **Defendants' History of Destroying Evidence and SiteOne's Efforts to Stop Them.**

Nick was fired by SiteOne in February 2023 when it was discovered he was working with Don and Vic to open a competing business nearby. [Dkt. 1 ¶¶ 87-89.] To jumpstart the new business, Nick—in concert with Don and Vic—stole two computers containing extensive company data; thousands of pages of documents from a filing cabinet; and the monitor and DVR recording device for the security cameras at SiteOne's Coram location to hide Nick's actions. [*Id.* ¶¶ 90-98.] Nick also factory reset his SiteOne-issued iPhone, erasing all communications and data on the device.

SiteOne raised these issues to the Court at the outset of this case to prevent Defendants' destruction of evidence. On March 17 and April 2, 2023, SiteOne requested expedited forensic discovery into Defendants' devices and accounts to recover SiteOne's stolen property and **"preserve electronic evidence before it can be tampered with or destroyed."** [Dkt. 13 pp. 43-45; Dkt. 39.] SiteOne's forensic discovery requests were denied, but the Court ordered the preservation of all relevant data wherever stored. [Dkt. 46.] The Court provided clear notice of the need to preserve data, including that Defendants' communications would be subject to production. Defendants ignored this.

II.  **Vic and Don Intentionally Destroyed Their Text Messages.**

Defense counsel informed the undersigned on January 8, 2025 during a call that Vic manually deleted his text messages for the time periods relevant to this case. There are apparently a few

---

[1] It is troubling that on September 20, 2024, in response to one of SiteOne's Motions to Compel, Don's attorneys stated: "[W]e have been manually reviewing [Don's] emails and **texts** for any concerning 'landscape business-related activities.' That no such emails or texts have been identified to date… is not surprising[.]" [Dkt. 168.]. This was prior to the October 15, 2024 hearing at which Defendants' texts were discussed at length with this Court.

messages left undeleted (defense counsel have referred to the volume as "sparse"), but it appears that effectively all texts were manually deleted by Vic. Don deleted his text messages via an auto-delete feature on his iPhone. Shockingly, he left the auto-delete feature on even after he knew text messages had been deleted in July 2023. According to defense counsel, Don hired a third party in July 2023 to recover deleted messages, apparently without success. Don nevertheless left the auto-delete feature enabled on his iPhone, destroying all (or effectively all) messages through the date of the collection.

### III.     It is Unclear What Texts Nick Has Deleted.

Defense counsel initially told the undersigned on January 8, 2025 that Nick had deleted all text message data preceding an unidentified date in April 2023 (i.e., right after this action was filed). Defense counsel offered a contradictory explanation on January 15, 2025 that Nick actually has text messages which "extend beyond the commencement of the lawsuit and is substantially comprehensive comprising over 150,000 messages." Out of 150,000 messages, Nick produced only two texts between he and Don—and one of those two reference a former SiteOne employee. This paucity exists despite Don acknowledging in his written discovery responses that he and Nick are in very regular communication. Further, Nick and Vic are running a large business together, and Nick produced zero texts between he and Vic. Defense counsel has not identified whether Nick deleted specific text messages (or whether they investigated that), specifically including ones between Nick and Vic or Don; defense counsel instead represented only they are in possession of a lot of messages.

### IV.     Defendants Appear to Have Deleted Emails and Other Documents.

As detailed in SiteOne's January 9, 2025 Status Report, Defendants refused to comply with the Court's Order with respect to email searching. In fact, they have produced only three emails since the October 15, 2024 hearing.[2] [Dkt. 183 p. 2.] Additionally, the Court ordered that Nick and Vic produce their call logs from October 22, 2022 to the present. [Dkt. 178.] Nick and Vic only produced call logs going back to November 2023. Defendants were further required to produce customer solicitations for April and May 2023; they produced no customer solicitations even though, according to their own records, they were servicing approximately 30 customers which were former SiteOne customers. Defendants were also required to produce communications with or about former SiteOne employees that work with Scapes. Defendants produced no such communications, even though they have hired and currently employ numerous former SiteOne employees (including at least one individual hired in the latter half of 2024).

### V.      SiteOne's Requested Relief.

It is premature for SiteOne to ask for specific sanctions at this juncture given that the complete extent of Defendants' conduct is not yet known. However, given the significant spoliation issues, SiteOne requests the following relief in anticipation of seeking appropriate sanctions once the following steps have been completed and the relevant facts unearthed. Federal Rule of Civil Procedure 37(b)(2)(A) provides federal courts broad discretion to enforce discovery rules and address a litigant's

---

[2] Defendants repeatedly assert they have been searching for "landscape-related" communications, using what they refer to as "relevancy filters" (i.e., search terms) such as "shoes" and "wheelbarrows." Thus, in addition to having potentially deleted emails, Defendants also appear to be applying an unreasonably narrow view of relevancy in their review of any existing communications and documents.

failure to obey a discovery order. *See, e.g.*, *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1367, n.25 (11th Cir. 2008) (affirming discovery sanctions where a party's conduct "evinced a strategy...of 'we're going to make the judge order us to' produce the...documents.").

**First:** SiteOne respectfully requests that the Court order limited depositions of Don, Vic, and Nick by SiteOne, to occur by no later than March 14, 2025 for the limited purpose of understanding the details of their intentional spoliation. These depositions should cover: (1) the identification of all devices and accounts accessed by Defendants during the relevant time period (October 1, 2022, to the present); (2) all details of their usage of those devices and accounts; (3) all details surrounding their preservation or destruction of data, documents, and/or communications; and (4) all details surrounding their knowledge of their duty to preserve evidence. Defendants should be required to pay SiteOne's attorneys' fees and costs associated with taking these depositions.

This relief is appropriate in the circumstances and supported by well-settled law. *See Pirrello v. Gateway Marina*, No. 08-CV-01798, 2010 U.S. Dist. LEXIS 145505, at *3-4 (E.D.N.Y. Aug. 23, 2010) (ordering deposition with limited scope as to the issues raised in the pending spoliation motions); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 43-53 (S.D.N.Y. 2014) (in the context of evaluating sanctions for the erasure of a hard drive, the court re-opened discovery for the purpose of permitting the plaintiff to take the deposition of the spoliating individual); *United States CFTC v. Gramalegui*, No. 15-cv-02313, 2016 U.S. Dist. LEXIS 115791, at *6-11 (D. Colo. July 28, 2016) (granting a motion for a limited deposition as to the issue of spoliation).

**Second:** SiteOne also requests the immediate appointment of a third-party, neutral forensics vendor to, as expeditiously as possible and at Defendants' expense, image all the individual Defendants' devices and accounts to preserve the relevant data. This includes all personal phones and all work and personal computing devices and email accounts (including their Scapes Supply email accounts). SiteOne asks that the vendor then be permitted to analyze the collected data to identify: (1) whether any relevant but deleted text messages, emails, or other relevant data can be recovered forensically; (2) the dates of the destruction of relevant evidence; and (3) whether any communications exist concerning the destruction of the relevant data. Finally, the vendor should report all findings to the Court and produce all responsive and non-privileged materials to SiteOne.

This relief is also appropriate in the circumstances and supported by precedent. *See Chevron Corporation v. Donziger*, 425 F. Supp. 3d 297 (S.D.N.Y. 2019) (holding there was a need for an examination of defendant's devices by forensic experts where defendant failed to make good faith efforts to produce documents, plaintiff filed a motion to compel, and the court found that defendant "unjustifiably" refused to comply with this discovery obligations); *Genworth Fin. Wealth Management v. McMullan*, 267 F.R.D. 443 (D. Conn. 2010) (finding that a court-appointed forensic expert was warranted to ascertain the nature and scope of evidence spoliation).

To the extent the Court grants SiteOne's request for the appointment of a forensic vendor, SiteOne will submit to the Court a list of proposed qualified vendors and a proposed forensic inspection protocol to govern the forensic examination process.

J. Evan Gibbs III