<u>**VIA ECF - Hon. Steven I. Locke**</u>                                                           February 7, 2025

      Re:    <u>*SiteOne v. Giordano, et al.*, Case No.: 2:23-cv-2084-GRB-SIL</u>

Dear Judge Locke,

      We represent Defendants in the above-referenced matter. In advance of the hearing scheduled in this case for Monday, February 10, 2025, wherein the Court intends to address "any outstanding discovery issues," we write to respectfully request an order compelling SiteOne to supplement its woefully deficient document production.[1] Specifically, Defendants seek an order requiring Plaintiff to: (i) produce all relevant custodians' relevant text messages; (ii) supplement its incomplete email production; and (iii) confirm whether a search was conducted for certain documents, and, if so, describe the search and state whether responsive documents were produced.[2]

      As the Court is aware, Defendants contend that Don's termination and this lawsuit are part of a vendetta motivated by SiteOne's desire for revenge against Don because SiteOne believes that it overpaid for Garden Dept.'s assets in 2020.[3] In this context, communications between and among SiteOne employees who were involved in, or who have knowledge of: SiteOne's purchase of Garden Dept.'s asset; Don's (relatively short) tenure at SiteOne; the activities leading up to Don's termination; the decision to terminate Don; the "investigation" into Nick's activities; the decision to terminate Nick; and the decision to commence this action within weeks of a settlement that was supposed to settle all disputes with Don, are patently relevant to this case and critical to the defense.

      Accordingly, at least 36 RFPs demand production of relevant communications, including text messages and emails, from all relevant custodians.[4] Even so, and despite Defendants' repeated demands, SiteOne has been obstinate in its refusal to produce relevant communications. Indeed, SiteOne <u>has steadfastly refused to produce even a single text message</u> and has refused to so much as collect text message data from all but three of Defendants' targeted list of custodians. What is more, SiteOne strategically limited its email production by applying overly restrictive search terms to a subset of custodians that with surgical precision it tailored to each individual RFP that it bothered to search, rather than applying search terms to all relevant custodians for each RFP.[5]

Additionally, with respect to 15 RFPs, SiteOne responded that it "will produce [relevant documents], if any", but refuses to provide any description of what, if any, searches were

---

[1] Defendants' counsel sought to meet and confer with Plaintiff's counsel before this filing (s*ee* Feb. 4, 2025 ltr to E. Gibbs, at Ex. "A"), but was told that, due to counsel's travel schedule, we could not meet until next week. However, because the Court intends to address outstanding discovery issues on Monday, Defendants do not have the option to wait until next week to meet. Thus, Defendants are submitting this motion without having conferred with counsel, though, as set forth below, the parties have been discussing the issues addressed herein for months without resolution.
[2] True and correct copies of Defendants' First Set of Document Demands to Plaintiff (the "RFPs"), SiteOne's Responses to the Don Defendants' Document Demands and Supplemental Responses to the Don Defendants' Document Demands are attached hereto at Exs. "B", "C", and "D", respectively.
[3] Notably, the three locations taken over from Garden Dept. are now shuttered due to SiteOne's own mismanagement.
[4] RFP Nos. 22-32, 34-38, 41-50, 52, 54, 56, 57, 65, 80, 102, 104-107, 117 all require the production of relevant communications from all relevant custodians.
[5] For several RFPs, SiteOne appears to not have conducted any search, including RFPNos.22, 25, 26, 41, 52, 102.

performed for each RFP, nor whether any relevant documents were, in fact, identified and produced.[6]

Relevant Background

In response to Defendants' RFPs, SiteOne produced 661 potentially relevant documents between June and October 2024, but no text messages and just a mere fraction of relevant emails.[7]

On September 4, 2024, the parties conferred about, among other things, Plaintiff's failure to produce relevant text messages. At that meeting, Plaintiff requested Defendants to provide a list of custodians whose cell phones they wanted searched. Though it was not Defendants' responsibility to identify which SiteOne employees have relevant communications, to move things along, Defendants provided a list of 24 custodians (based on Don's interactions with SiteOne and his understanding of which individuals were most relevant), and identified 29 RFPs to which the identified custodians' communications would be responsive.[8]

Despite being "spoon-fed" these custodians, SiteOne objected to all 24 custodians based on relevance and proportionality. Though Defendants disagreed that SiteOne's searches were disproportionate and believed that each custodian would likely have responsive texts, as a compromise, on November 27, 2024, Defendants reduced the target list to 13 custodians.[9] Defendants reiterated that for each custodian, they seek production of all text messages from September 1, 2022 to present that reference in any manner: Don, Nick, Vic, Rose Casper, and/or Scapes Supply. In addition, noting SiteOne's individually tailored subsets of custodian emails to which it applied its restrictive search terms, Defendants requested that SiteOne rerun its email searches to include all custodians for all communication-seeking RFPs.

Despite Defendants' compromise, SiteOne maintained its blanket objection to all custodians. On January 15, 2025, Defendants notified SiteOne that, unless it withdrew its objection, Defendants would move to compel. On January 17, 2025, SiteOne agreed to review the text messages of three individuals from Defendants' target list– Joe Ketter, Greg Thistle, and Anthony Catalano – but maintained its objection as to the remaining ten custodians. SiteOne also refused to rerun its limited email searches. This is unacceptable – all 13 custodians are relevant and proportional, and Defendants are entitled to discovery of both their emails and their texts.

Discussion

Contrary to SiteOne's claim, the text messages and emails of the specifically targeted custodians are highly relevant. As discussed above, Defendants contend that Don's termination and this frivolous lawsuit are part of a scheme to punish Don. In this context, the text messages

---

[6] The 15 RFPs are RFP Nos. 20, 64, 68, 81, 90, 92, 100-103, 111, 114-117.
[7] The bulk of SiteOne's production was nothing more than a "document dump" consisting of Don's own emails (that he already had) and 390 useless lawyer communications.
[8] *See* September 13, 2024 email to E. Gibbs attached hereto at Ex. "E".
[9] *See* November 27, 2024 email to E. Gibbs at Ex. "F". The 13 custodians are Alex Trama, Gerard Passaro, Phil Sausto, Brian Kersnowski, Anthony Catalano, Greg Thistle, Anthony Ferrante, Joe Ketter, Jerry Justice, Kevin Peattie, Brian Hoffman, Doug Black, and Lynn Francassi. Notably, ten of these custodians were identified as custodians by SiteOne for its email searches (though it cherry picked which custodians' emails it would search in response to each RFP).

and emails of each custodian are patently relevant because each custodian has been intimately involved in the facts of this case.[10] Indeed, Plaintiff has conceded the relevance of sixteen custodians, but has picked and chosen what email searches it would run for each of those custodians and it has refused to run searches for all but three of the custodians' text messages, because, according to Plaintiff, "it is extremely unlikely that any of the individuals' . . . text messages contain any text messages relevant to this action."[11] This is unacceptable. Defendants "are not required to demonstrate that [the relevant custodians] communicated over email [or text] to justify the search of relevant ESI." *Zhulinska v. Niyazov Law Grp., P.C.*, 2021 U.S. Dist. LEXIS 219213, at *11 (E.D.N.Y. 2021); *see also Thomas v. City of New York*, 336 F.R.D. 1, 5 (E.D.N.Y. 2020)(rejecting "flawed assumption that suggests that certain custodians should be excluded from ESI collection" based on client's representation as to how communications occurred).

To avoid production of relevant ESI, SiteOne "must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2). SiteOne provides an inflated estimate of the cost that production of the text messages would entail ($150,000-$320,000 for the original 24 individuals, which translates to $81,250-$173,333 for 13 individuals) and claims that the cost is not proportional to the needs of the case.[12] This is preposterous. Even if the cost of production was within the stated range, which it is not, that cost is most definitely proportional to the needs of this case.[13] This entire litigation is nothing more than SiteOne's weaponized use of the judicial system to punish Don. For two years, SiteOne has been gratuitously driving up the cost of this litigation, issuing subpoena after subpoena and filing motion after motion, all without ever producing one shred of evidence to support any of its claims. That SiteOne is now balking at the cost of discovery critical to Defendants' defense is absurd, particularly considering that SiteOne's inflated estimate is but a drop in the bucket compared to what SiteOne's frivolous lawsuit has cost the Defendants. SiteOne chose to bring this bogus lawsuit based on nothing more than conjecture, speculation, and hearsay. Defendants are entitled to defend themselves and they have a right to discovery in support of that defense.

Finally, in response to 15 RFPs that sought documents other than communications, SiteOne responded that it "will produce" responsive documents, "if any." Despite Defendants' repeated requests for Plaintiff to provide a description of what searches, if any, were performed to identify relevant documents responsive to these RFPs, and to confirm whether any documents were in fact produced in response to each RFP, Plaintiff has refused to respond.

Accordingly, the Court should issue an order requiring Plaintiff to: (i) produce relevant text messages from all 13 custodians (Ex. "G"); (ii) supplement its email production (Ex. "H"); and (iii) confirm whether searches were conducted for documents in response to certain RFPs ( Ex. "K"), and if so, describe the searches and state whether responsive documents were produced.

---

[10] A chart summarizing each custodian's relevance to this action is attached hereto at Ex. "G". A chart setting forth revised email searches SiteOne must conduct is attached hereto at Ex. "H".

[11] *See* January 3, 2025 Ltr from E. Gibbs, at 2, attached hereto at Ex. "I".

[12] *See* September 23, 2024 Ltr from E. Gibbs, at 4, attached hereto at Ex. "J".

[13] For Instance, SiteOne's estimate includes "travel" costs to collect each custodian's data, even though counsel's "award winning eDiscovery subsidiary, eMerge . . . offers customized collection tools to enable **efficient remote collection of client data from. . .mobile device**s." https://troutmanemerge.com/services/advanced-technology/ (emphasis added).

Thank you for your attention to this request.

        Respectfully submitted,

        **MILMAN LABUDA LAW GROUP PLLC**

        */s/ Colleen O'Neil*

cc: All counsel of record via ECF.