# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Colleen O'Neil - Partner
Direct E-Mail Address: colleen@mllaborlaw.com
Direct Dial: (516) 303-1395

February 4, 2025

**VIA ELECTRONIC MAIL**
John Evan Gibbs, Esq.
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Email: evan.gibbs@troutman.com

Re:   *Siteone Landscape Supply, LLC v. Nicholas Giordano, et al.*
      Case No.: 2:23-cv-02084-GRB-SIL

Dear Evan:

Despite Defendants' repeated demands for SiteOne's text message production, SiteOne has been obstinate in its refusal to collect data from all relevant custodians and has yet to produce any relevant text messages from any custodians, at all. This is not acceptable. Discovery is a two-way street.

To recap, during the parties' September 4, 2024 meet and confer, Defendants raised SiteOne's failure to produce relevant text messages in response to Defendants' discovery demands and demanded production of the same. SiteOne responded by requesting a list of SiteOne employees whose phones Defendants were seeking to have searched. It is not Defendants' job to identify which SiteOne employees have documents responsive to Defendants' requests for production ("RFPs"). In this regard, at least 29 of Defendants' RFPs requested communications on specific subjects. It was SiteOne's job to find out which SiteOne employees may have responsive documents, to search text and emails for responsive documents from those employees and to produce responsive material. As to at least 29 RFPs, SiteOne, apparently, made no inquiry to search text messages whatsoever.

Even so, to move things along, on September 13, 2024, Defendants provided a list of 24 names, as well as a list of 29 of the Defendants' RFPs to which the text messages of these individuals were responsive. This list was derived based on Don Caroleo's interactions with SiteOne and his understanding of which individuals were most likely to have responsive texts.

Despite being "spoon-fed" this list of names, on September 23, 2024, SiteOne objected to the entire list of 24 individuals based on relevance and proportionality. Although Defendants disagreed that SiteOne's searches would be disproportionate in any way and believe that all 24 individuals would likely have responsive texts, on November 27, 2024, in the interest of compromise, Defendants further reduced the target list of custodians to the following 13 individuals: Alex Trama, Gerard Passaro, Phil Sausto, Brian Kersnowski, Anthony Catalano, Greg Thistle, Anthony Ferrante, Joe Ketter, Jerry Justice, Kevin Peatie, Brian Hoffman, Doug Black, and Lynn Francassi. Defendants reiterated that for each of the 13 custodians, Defendants are seeking the production of all text messages from September 1, 2022 to present that reference in any manner: Don, Nick, Vic, Rose Casper, and/or Scapes Supply. Despite Defendants' compromise, on January 3, 2025, SiteOne notified Defendants that it is maintaining its objection on the basis of relevance and proportionality. Again, Defendants disagreed. On January 15, 2025, Defendants notified SiteOne that, unless it was willing to reconsider its objections, Defendants intended to move to compel.

On January 17, 2025, SiteOne indicated that it was willing to review the text messages of three cherry-picked individuals from Defendants' target list of 13 employees – Joe Ketter, Greg Thistle, and Anthony Catalano – and again objected to the remaining ten employees on the basis of relevance and proportionality. This is not sufficient – <u>all 13 individuals are relevant and proportional</u>. Defendants do not agree to further reduce their target list.

As to proportionality, Plaintiff provided an inflated estimate of the cost that production of the text messages would entail ($150,000-$320,000 for the original 24 individuals, which translates to $81,250-$173,333 for 13 individuals) and claimed that the cost is not proportional to the needs of the case. This is preposterous. Even if the cost of production was within the stated range, that cost is most definitely proportional to the needs of this case. This entire litigation is nothing more than SiteOne's weaponized use of the judicial system to punish Don because it thinks it paid him too much for the Garden Dept asset (which it has now shuttered due to its own mismanagement). For two years, SiteOne has been gratuitously driving up the cost of this litigation, issuing subpoena after subpoena and filing motion after motion, all without ever producing one shred of evidence to support any of its claims. That SiteOne is now balking at the cost of discovery critical to Defendants' defense is absurd, particularly considering that SiteOne's inflated estimate is but a drop in the bucket compared to what SiteOne's frivolous lawsuit has cost the Defendants. SiteOne chose to bring this bogus lawsuit against the Defendants based on nothing more than conjecture, speculation, and hearsay. Defendants are entitled to defend themselves and they have a right to discovery.

The text messages of the specifically targeted custodians are highly relevant. Plaintiff claims that "this action relates to *Defendants' wrongdoings; it is* extremely unlikely that any of the individuals for which Defendants seek text messages contain any text messages relevant to this action." (emphasis in original). On the contrary, this action relates to *Plaintiff's vendetta against Don and Plaintiff's scheme to punish Don by terminating his employment under false pretenses and then leveling false allegations against the Defendants in this frivolous lawsuit.* In this context, the text messages Defendants seek are patently relevant because each of the 13 custodians has been intimately involved in the facts of this case. For instance, among other things:

**Alex Trama** has been an employee at SiteOne's Coram, New York location for more than twenty years, first as an employee of Garden Department and then as a SiteOne employee. Trama is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative against the Defendants. S*ee* ECF No. 55 at ¶¶ 52, 57, 62, 63, 65, 68, 89, 90; *see also* ECF No. 15. Trama has documented animus toward Don. According to Anthony Catalano, for Trama, "there is no love lost on Don." *See* SITEONE_00479290. Trama is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's: business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

**Gerard Passaro** has been an employee at SiteOne's Coram, New York location for more than seventeen years, first as an employee of Garden Department and then as a SiteOne employee. Passaro is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶55, 62, 63, 65-67, 72, 73, 95-97, 101-103; *see also* ECF No. 19. Passaro has documented animus toward Don. According to Anthony Catalano, Passaro "was in tears" talking about how Don treated him. *See* SITEONE_00479290. Passaro has also revealed that he has communicated with several of his co-workers about Nick and Don. *See* ECF No. 19 at ¶¶10, 17, 21. Passaro filed a complaint with SiteOne ethics hotline regarding Don wherein he confessed, "**The main reason for this report is to stop the nursery from opening up** since their plan is to take current employees with them and go after customers of SiteOne, **which directly impacts my right to make a living and would negatively impact that and the success of SiteOne mainly the Coram branch."** *See* ECF No. 19 at Ex. B, p. 2. Passaro is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's: business operations; business relationships; supposed confidential information; financial information; security, including cameras, network, IT and cybersecurity software and equipment; contracts for employment; contracts with third parties; and alleged damages.

**Phil Sausto** has been an employee on and off at SiteOne's Coram, New York and Dix Hills, New York locations since 1998, first as an employee of Garden Department and then as a SiteOne employee. Sausto is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶69-72. Sausto claims anonymous people had reported to him that Nick and Don were planning to open a nursery. *See* ECF No. 22 at ¶¶3, 6. Based on these anonymous reports, Sausto made a report to SiteOne's ethics hotline definitively stating that Nick "is getting ready to open another nursery for the previous owner of Garden Dept." Sausto is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; security, including cameras, network, IT and cybersecurity; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

**Doug Black** is SiteOne's CEO. Doug and Don were in regular communication throughout Don's employment at SiteOne. Doug, ultimately, decided to terminate Don. Facts concerning Doug's knowledge as to the circumstances of Don's employment, earnout, bonus, and termination are critical to Defendant's defense, particularly, his defense that this lawsuit is a vendetta lawsuit.

In general, Black has knowledge of the parties' obligations under the APA, Employment Agreement and RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third parties, and alleged damages.

**Brian Kersnowski** is SiteOne's Senior Director of Sales Development. Don reported to Kersnowski on a monthly basis. Don supposedly did not take feedback from Kersnowki. *See* SITEONE_00478798. Kersnowski is featured in the Amended Complaint, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶59, 60; *see also* ECF No. 17 at ¶4. Kersnowski is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third-parties, and alleged damages.

**Anthony Ferrante** has been an employee at SiteOne's Coram, New York and Dix Hills, New York, first as an employee of Garden Department and then as a SiteOne employee. Ferrante reported to Nick, has knowledge regarding Don's termination, and has general knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

**Jerry Justice** is SiteOne's Eastern Division President. During Don's tenure at SiteOne, Don reported monthly to Justice. Justice worked with Greg Thistle, Anthony Catalano, and Joe Ketter to "handcuff [Don] significantly" by "mak[ing] a play for Nick" and to terminate Nick once it was determined he was not going to sign a non-compete. *See* SITEONE 00479515, 00479283-84, 00479289-91, 00479295-96, 00478537; ECF No. 55 at ¶¶91-92. Justice is listed in Defendants' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third parties, and alleged damages.

**Kevin Peattie** is a senior branch manager at SiteOne**.** Peattie worked with both Don and Nick and has knowledge regarding Don, Vic, and Nick's terminations. Peattie is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, software and equipment, contracts for employment, contracts with third-parties, and alleged damages.

**Brian Hoffman** is an area business manager at SiteOne. While at Bissett, Don "made a poor impression" on Hoffman and the other Bissett leaders, who were "afraid." *See* SITEONE_00478798. When Don became branch manager at Bissett, Hoffman was transferred

out. In general, Hoffman has general knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

**Lynn Francassi** is Doug Black's executive assistant. Francassi has knowledge of the events that occurred leading up to Don's termination, which is the crux of Defendants' defense.

At bottom, the text messages of the specifically targeted custodians are both relevant and proportional to the needs of this case. Please advise whether SiteOne will withdraw its objections and produce the text messages. If SiteOne continues to object, please provide your availability to meet and confer on Wednesday or Thursday of this week.

Respectfully,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Colleen O'Neil*