UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────────

SITEONE LANDSCAPE SUPPLY, LLC,

              Plaintiff,

    v.

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;
3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES
SUPPLY, LLC; NEWAY MANAGEMENT, LLC;
AND NEWAY TRUCKING,

              Defendants.

───────────────────────────────────

Civil Action No.: 2:23-CV-02084-GRB-SL

**PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC'S RESPONSES TO
DEFENDANTS' DOMINICK CAROLEO, THE GARDEN DEPT. CORP.,
3670 ROUTE 112 LLC, AND 9 4TH ST. LLC's DOCUMENT DEMANDS[1]**

    Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by counsel, hereby responds and

objects to Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9

4TH St. LLC (collectively, the "Don Defendants") First Set of Document Demands, dated April 19,

2024, as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    SiteOne objects to Definition P to the extent it defines "Document" to be more expansive than

    required under Federal Rule of Civil Procedure 34. For example, this definition includes any

    materials "in the possession, custody or control of Plaintiff or its representatives". This

    Definition is overbroad, unduly burdensome, and not proportional to the needs of the case. In

    its responses below to individual document requests, SiteOne defines "Document" as in

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in Plaintiff's Amended Complaint
[ECF 55].

Federal Rule of Civil Procedure 34, and will produce Documents in its possession, custody, or control, and proportional to the needs of the case.

2. SiteOne objects to Definition Q to the extent it defines "Communication" to mean the "transmittal of information". This Definition is vague, overbroad, unduly burdensome, and not proportional to the needs of the case. In its responses below to individual document requests, SiteOne will produce communications in its possession, custody, or control, and proportional to the needs of the case.

3. SiteOne objects to Definition V to the extent it defines "identify" to include an individual's "present address". This Definition is overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne defines "identify" to mean to state his/her or its full name.

4. SiteOne objects to Definition W to the extent it defines "All Requested Documents in the Plaintiffs Possession, Custody, or Control" to include "Plaintiff's attorneys, their investigators, or any third parties". This Definition encompasses individuals and entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne further objects to this Definition to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. In its responses below to individual document requests, SiteOne will produce non-privileged documents in its possession, custody, or control, but SiteOne will not include documents in the possession, custody, or control of SiteOne's attorneys, their investigators, or any third party or parties to whom SiteOne has surrendered possession.

5. SiteOne objects to Definition Y to the extent it requires SiteOne "to state the disposition made of it, the individual or entity currently in possession of the document" for any document that is "no longer in its possession, custody or control". This Definition is unduly burdensome, and not proportional to the needs of the case. SiteOne will produce non-privileged documents as they are kept in the usual course of business as required by Federal Rule of Civil Procedure 34.

6.  SiteOne objects to Definition Z to the extent it requires SiteOne to identify the "date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document" for "any document called for by this request has been destroyed". This Definition is unduly burdensome, and not proportional to the needs of the case. SiteOne will produce non-privileged documents as they are kept in the usual course of business as required by Federal Rule of Civil Procedure 34.

7.  SiteOne objects to Definition AA to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. SiteOne will produce non-privileged documents in its possession, custody, or control, but SiteOne will not include documents in the possession, custody, or control of SiteOne's attorneys, their investigators, or any third party or parties to whom SiteOne has surrendered possession.

8.  SiteOne objects to the phrase "all documents" as referenced in the below requests to the extent it requires SiteOne to produce every copy of every document in its possession, custody, or control related to the requested information, as such a requirement is unduly burdensome and not proportional to the needs of the case. Where SiteOne agrees to produce documents in response to a request, it will conduct a reasonable search and produce responsive documents accordingly.

## RESPONSES AND OBJECTIONS TO DOCUMENT DEMANDS

**1.  All documents identified, referenced or relied upon in preparing your responses to the Don Defendants' Interrogatories.**

## OBJECTION:

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it requires production of documents

that SiteOne "relied upon" in preparing their responses to the Don Defendants' Interrogatories, and/or referenced by SiteOne in its responses to the Don Defendants' Interrogatories. SiteOne also objects to the extent that the phrase "relied upon" would include attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents that it references, if any, in its responses to Don Defendants' Interrogatories. By way of further response, SiteOne refers Defendants to its specific responses to other document requests contained herein.

2. **All documents identified or referenced in any pleadings or motion papers filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents that it identified or included in its complaint.

3. **All documents relied upon in preparing any pleadings filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this demand to the extent it requests production of

4

"documents relied upon in preparing any pleadings" which would involve attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents that it identified or included in its complaint.

4. **All documents concerning any damages calculated or claimed by you in this action, whether economic, non-economic, punitive, or other.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "concerning any damages calculated", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents concerning its damages. SiteOne reserves its right to supplement this response in the future.

5. **All documents produced to you pursuant to a subpoena, deposition, public information request, or other request for information or documents which you directed to a nonparty in the course of this, or any related, litigation, or litigation referenced in any pleadings or motion papers filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that it requests information that is subject to a protective order in "any related litigation or litigation referenced in any pleadings". SiteOne also objects to the requests for documents for "any related litigation" as broad, burdensome, and not directly related to the present litigation.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce documents received from any nonparties subpoenaed by SiteOne in the course of this litigation.

6.    **All documents reflecting the names and/or contact information of customers, referral sources, and vendors that SiteOne purchased from Garden Dept.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand as ambiguous to the extent it requires the "contact information" of "customers, referral sources, and vendors that SiteOne purchased from Garden Dept".

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show the names of customers, referral sources, and vendors that SiteOne became aware of through its acquisition of Garden Dept. to the extent such documents exist.

7. **All documents concerning customer sales at SiteOne Coram, SiteOne Dix Hills, SiteOne Speonk, SiteOne's Holtsville, Long Island store (#714, Bissett) and SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) for customers with over $1,000.00 in purchases in any monthly period, including the total amount of purchases, gross profit and net profit on a monthly, quarterly and yearly basis from January 1, 2020 to present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for documents to the extent it requires SiteOne to produce documents in a format beyond what is kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for any customer with over $1,000 in purchases for any monthly period for SiteOne Coram, SiteOne Dix Hills, SiteOne Speonk, SiteOne's Holtsville, Long Island store (#714, Bissett), and SiteOne's Dix Hills, Long Island store (#712, Bissett) from January 1, 2020 to the present.

8. **All documents containing, evidencing, or reflecting an admission against interest of any party to this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for documents "containing, evidencing, or

reflecting an admission against interest" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requires a legal conclusion concerning individual documents.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

9. **All written, recorded, or transcribed statements, recordings, or testimony, whether audio or video recorded, of any person concerning the facts alleged in the pleadings filed in this, or in any related, action.**

**OBJECTION:**

SiteOne objects to this Request as it requires SiteOne to provide "written, recorded, or transcribed statements" of "any person", as overly burdensome as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

10. **All documents and concerning your allegations as set forth in ¶ 1 of the Complaint that "Defendants have engaged in a course of conduct . . . in a coordinated and clandestine effort to maliciously harm SiteOne's business."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this Request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show the Defendants' coordinated and clandestine effort to take SiteOne's tangible and intangible business assets and harm its reputation in the community, that it discovers during this litigation.

**11. All documents and concerning your allegations as set forth in ¶ 2.a of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' theft of multiple SiteOne computers containing extensive confidential and trade secret data and information, that it discovers during this litigation.

**12. All documents and concerning your allegations as set forth in ¶ 2.b of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' theft of thousands of pages of physical documents from a SiteOne file cabinet containing extensive confidential and trade secret data and information, that it discovers during this litigation.

**13. All documents and concerning your allegations as set forth in ¶ 2.c of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' theft of a monitor and DVR recorder, that it discovers during this litigation.

**14. All documents and concerning your allegations as set forth in ¶ 2.d of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' transfer of Verizon wireless phone numbers (that were acquired by SiteOne as part of the assets in the purchase of Garden Department), for their own benefit and without authorization, to a Verizon wireless account that is not affiliated with SiteOne, that it discovers in during this litigation.

**15. All documents and concerning your allegations as set forth in ¶ 2.e of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' covert installation of an app on a personally-owned smartphone that permits Defendants to receive, in real-time, SiteOne's current and historic financial data, that it discovers during this litigation.

**16. All documents and concerning your allegations as set forth in ¶ 2.f of the Complaint.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

<u>**RESPONSE:**</u>

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**17. All documents and concerning your allegations as set forth in ¶ 2.g of the Complaint.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

<u>**RESPONSE:**</u>

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**18. All documents and concerning your allegations as set forth in ¶ 2.h of the Complaint.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**19. All documents and concerning your allegations as set forth in ¶ 2.i of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**20. All documents and concerning your allegations as set forth in ¶ 21 of the Complaint that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professionals in the United States and Canada."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it seeks information concerning the assertion that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professional in the United States and Canada" as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety.

**21. All documents identifying SiteOne's 630 store locations and six (6) Canadian provinces, as alleged in ¶ 21 of the Complaint.**

**<u>OBJECTION:</u>**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it seeks "all documents identifying SiteOne's 630 store locations and six (6) Canadian provinces" as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**<u>RESPONSE:</u>**

SiteOne is not producing documents in response to this Request because the Request is irrelevant to the claims and defenses in this case, and because the information is readily obtainable by Defendants online.

**22. All documents reflecting communications among and/or involving SiteOne employees concerning Don's: (1) non-competition covenant; and (2) non-solicitation agreement.**

**<u>OBJECTION:</u>**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent the phrase "and/or involving" is undefined, and therefore vague and unduly burdensome. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce relevant, non-privileged documents reflecting communications among SiteOne employees concerning Don's non-competition covenant and non-solicitation agreement.

**23. All documents referencing Don subsequent to October 19, 2022.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request to the extent it requires production of "all documents referencing Don subsequent to October 19, 2022" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged documents referencing Don subsequent to October 19, 2022, that concern reasons or circumstances surrounding his termination from SiteOne.

**24. All documents referencing Don's employment with SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request to the extent it requires production of "all documents referencing Don's employment" without regard to their relevance to the case, as overbroad, unduly

15

burdensome, and not proportional to the needs of the case, as it would require production of documents that would reflect everything that Don was involved in during the course of his employment. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged documents contained within Don's human resources file.

**25. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 56 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response. However, SiteOne reserves its right to supplement this response in the future.

**26. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 57 of the Complaint.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing.

<u>**RESPONSE:**</u>

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response. However, SiteOne reserves its right to supplement this response in the future.

**27. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 58 of the Complaint.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil

Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**28. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 59 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**29. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 60 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**30. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 61 through 64 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing. SiteOne also objects to this request to the extent facts in allegation ¶¶ 61 through 64 refer to the contents of the computer, which is no longer in SiteOne's possession and will need to be obtained through other discovery.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' theft of a SiteOne computer containing extensive confidential and trade secret data and information, the unauthorized transfer of certain Verizon wireless phone numbers (that were acquired by SiteOne as part of the assets in the purchase of Garden Department), to a Verizon account that was unaffiliated with SiteOne, and Giordano's after hours activity at the store in January and February 2023, that it discovers during this litigation.

**31. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 68 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**32. All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 69 through 73 and 75 of the Complaint.**

## OBJECTION:

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing. SiteOne also objects to this demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

## RESPONSE:

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce non-privileged documents related to the Defendants' purchase of a property four miles from SiteOne's Coram location for the purpose of opening a business to directly compete with SiteOne. SiteOne will also produce non-privileged documents related to the Defendants' directing multiple SiteOne employees to prepare the new location for a competing business, even though the SiteOne employees that were solicited by Defendants were still employed by SiteOne at that time, that it discovers during this litigation.

**33. All documents received from John Hopkins, the alleged private investigator.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response.

**34. All documents reflecting communication between any SiteOne employee and John Hopkins.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response.

**35. All documents referencing communications with and/or among SiteOne Employees concerning John Hopkins.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response.

**36. All documents reflecting communications between any SiteOne employee and any Town of Brookhaven employee and/or representative concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it seeks documents concerning the "communications between any SiteOne employee and any Town of Brookhaven employee and/or representative" related to the town's lawsuit against the Defendants, as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Notwithstanding the above objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control.

**37. All documents referencing communications with and/or among SiteOne employees concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to the portion of the request regarding the dispute with the Town of Brookhaven. Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**38. All documents concerning Don's earnout for 2020 and 2021, including SiteOne's earnout calculations related thereto, communications to/from Doug Black, communications to/from Taylor Koch, and Bissett Catch Up Expenses.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand as it requests documents from "Bissett Catch Up Expenses" which is an entity not employed by or within SiteOne's control. SiteOne also objects to this request as the term "earnout" is vague and ambiguous.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents related to Don's compensation for 2020 and 2021.

24

**39. All documents concerning the separation of Don's employment with SiteOne and/or its decision to terminate Don, including all investigative reports, documents compiled by outside independent investigators, and submissions to decision-makers.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents related to reasons or circumstances surrounding Don's termination from SiteOne.

**40. All documents subsequent to the decision to terminate Don concerning Don.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents related to reasons or circumstances surrounding Don's termination from SiteOne.

**41. All documents subsequent to the decision to terminate Don concerning Don to/from Laura Shartle.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Laura Shartle" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. Such documents have no bearing on any issue in this case and are designed solely to be harassing. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

SiteOne will not produce documents in response to this request.

**42. All documents subsequent to the decision to terminate Don concerning Don to/from Joe Ketter.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Joe Ketter" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**43. All documents subsequent to the decision to terminate Don concerning Don to/from Doug Black.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Doug Black" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**44. All documents subsequent to the decision to terminate Don concerning Don to/from Brian Kersnowski.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Brian Kernowski" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**45. All documents subsequent to the decision to terminate Don concerning Don to/from Jerry Justice.**

**<u>OBJECTION:</u>**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Jerry Justice" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**<u>RESPONSE:</u>**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**46. All documents subsequent to the decision to terminate Don concerning Don to/from Anthony Catalano.**

**<u>OBJECTION:</u>**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Anthony Catalano" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**<u>RESPONSE:</u>**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**47. All documents subsequent to the decision to terminate Don concerning Don to/from Greg Thistle.**

**<u>OBJECTION:</u>**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Greg Thistle" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**<u>RESPONSE:</u>**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**48. All documents subsequent to the decision to terminate Don concerning Don to/from Kevin Peattie.**

**<u>OBJECTION:</u>**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Kevin Peattie" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**<u>RESPONSE:</u>**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**49. All documents subsequent to the decision to terminate Don concerning Don to/from Sean Kramer.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Sean Kramer" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**50. All documents subsequent to the decision to terminate Don concerning Don to/from Lynn Francassi.**

**OBJECTION:**

SiteOne objects to this request to the extent it requires production of "all documents subsequent to the decision to terminate Don concerning Don to/from Lynn Francassi" without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne.

**51. All documents concerning the decision to terminate Nick.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents referencing Nick that concern reasons or circumstances surrounding his termination from SiteOne.

**52. All documents reflecting communications to/from SiteOne employee Alex Trauma concerning the subject matter of the allegations contained in ¶¶ 89-90 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

**53. All documents concerning the meeting with Nick as alleged in ¶¶ 91 through ¶ 93 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning the February 20, 2022 meeting.

**54. All documents reflecting communications by any SiteOne employee with or involving Joe Ketter, Greg Thistle and/or Anthony Catalano concerning the decision to terminate Nick.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents related to reasons or circumstances surrounding Nick's termination from SiteOne.

**55. All documents concerning Plaintiff's claim that Nick, in concert with Don and Vic, raided Plaintiff's Coram location, including the subject matter of the allegations contained in ¶¶ 94-103 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSES:**

SiteOne is currently unaware of any documents responsive to this request. However, notwithstanding the above objections, SiteOne will produce documents related to the claim that Nick, in concert with Don and Vic, raided SiteOne's Coram location, that it discovers during this litigation.

56. **All documents reflecting communications by any SiteOne employee with or involving Gerard Passaro concerning the subject of the allegation contained in ¶¶94-103 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents responsive to this request. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged, documents related to SiteOne's Coram location's security camera system, Casper's computer, Giordano's desktop computer, documents missing from the file cabinet, or the theft of company financial data, that it discovers during this litigation.

**57. All documents reflecting communications by any SiteOne employee with or involving Greg Thistle concerning the subject of the allegation contained in ¶¶ 94-103 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents responsive to this request. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged, documents related to SiteOne's Coram location's security camera system, Casper's computer, Giordano's desktop computer, documents missing from the file cabinet, or the theft of company financial data, that it discovers during this litigation.

**58. All documents concerning any SiteOne trade secrets, confidential information, and/or proprietary information which you contend were misappropriated by any of the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce relevant, non-privileged information related to the misappropriation of SiteOne trade secrets, confidential information, and/or proprietary information by the Defendants.

**59. All documents which you contend evidence or reflect the misappropriation of SiteOne trade secrets, confidential information, and/or proprietary information by any of the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged information related to the misappropriation of SiteOne trade secrets, confidential information, and/or proprietary information by the Defendants.

**60. All documents concerning the money or resources used by SiteOne to develop and maintain the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.**

**OBJECTION:**

SiteOne objects in this request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to extent it seeks "all documents concerning the money or resources used by SiteOne to develop and maintain the trade secrets, confidential

information, and proprietary information" as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate to the protection or safeguard of trade secrets, confidential information, and proprietary information.

61. **All documents concerning any actions taken and efforts made by you to maintain the secrecy and confidentiality of the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate to the protection or safeguard of trade secrets, confidential information, and proprietary information.

62. **All documents concerning protective measures taken by SiteOne to limit or control access to SiteOne's computer system, security camera systems and/or SiteOne's proprietary information, business ideas, confidential information or trade secrets,**

**including security handbooks, security protocols such as password and/or authentication requirements, manuals, etc.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate to the protection or safeguard of trade secrets, confidential information, and proprietary information.

**63. All documents concerning any systems, policies, procedures, or protocols implemented by you to protect or safeguard your trade secrets, confidential information, and proprietary information.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show its policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate to the protection or safeguard of trade secrets, confidential information, and proprietary information.

**64. All documents concerning any systems, policies, procedures, or protocols implementing different levels of employee access to your trade secrets, confidential information, and proprietary information.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it seeks documents concerning "implementing different levels of employee access to your trade secrets, confidential information, and proprietary information" as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. SiteOne also objects to the extent that "all documents concerning any systems", would require SiteOne to produce information for systems unrelated to the facts and issue of the case, as unduly burdensome. SiteOne objects to this request to the extent that the phrase "implementing different levels" is ambiguous.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that define levels of employee access related to the protections of confidential or proprietary information.

**65. All documents containing or referring to communications to SiteOne employees advising that certain information or documents shall be treated as confidential, proprietary, or a trade secret of SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and

incorporates here those specific objections. SiteOne also objects to this demand to the extent it seeks documents concerning "advising that certain information or documents shall be treated as confidential, proprietary, or a trade secret of SiteOne" as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate to the designation of trade secrets, confidential information, and proprietary information.

66. **All documents containing or concerning any notices given by you to your employees regarding immunity from liability for disclosure of trade secrets (i) in confidence to a governmental entity, (ii) in a document filed in a lawsuit or other proceeding under seal, or (iii) in an anti-retaliation lawsuit.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it calls for the production of materials protected by the attorney-client, work product, and/or joint defense/common interest privilege, or that are otherwise confidential. This Request also seeks production of materials that are irrelevant to any claim or defense in this case.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show policies, procedures, or protocols, if any, in SiteOne's possession, custody, or control that relate

to the protection or safeguard of trade secrets, confidential information, and proprietary information.

**67. All employee handbooks or manuals used by SiteOne from January 15, 2020 to present, including copies signed by any of the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the extent it requires SiteOne to produce "all employee handbooks or manuals", that may currently be in SiteOne's possession, as overbroad, unduly burdensome, and not proportional to the needs of the case, as it would require SiteOne to produce handbooks or manuals used for any purpose whatsoever and not related to the facts or issues of this matter. SiteOne also objects to the request for "copies signed by defendants" as ambiguous.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce relevant handbooks or manuals used by SiteOne from January 15, 2020 to present.

**68. All documents concerning the economic value or competitive advantage realized by SiteOne from the secrecy or non-disclosure of the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Request to the extent it is an improper interrogatory posed as a document demand.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

69. **The following reports/documents from SiteOne's document management system, e.g., Counterpoint or Unity Enterprise ("UE"), for the date ranges of January 1, 2020 to the present pertaining to SiteOne Coram, SiteOne Dix Hills and SiteOne Speonk: (a) all annual detailed general ledgers (excel format); (b) ledger account detail related to purchases, inventory, sales, and commissions (excel format); (c) all PDF document copies related to inventory, material, or sales; and (d) audit trail reports for all cancelled orders during 2022, 2023 and 2024.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Request as it is overly burdensome and not proportional to the needs of this case.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

70. **All documents reflecting SiteOne's sales for SiteOne Coram from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Coram from January 1, 2020 to the present.

**71. All documents reflecting SiteOne's sales for SiteOne Dix Hills from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Dix Hills from January 1, 2020 to the present.

**72. All documents reflecting SiteOne's sales for SiteOne Speonk from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Speonk from January 1, 2020 to the present.

> **73. All documents reflecting SiteOne's sales for SiteOne's Holtsville, Long Island store (#714, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne's Holtsville store from January 1, 2020 to the present.

> **74. All documents reflecting SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne's Dix Hills store from January 1, 2020 to the present.

> **75. All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Coram from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it seeks the "identity and position of employees at SiteOne Coram" as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to the demand to the extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. SiteOne also objects to the request for "daily, weekly, monthly, quarterly and yearly breakdowns" related to the number of SiteOne employees as nonsensical. SiteOne also objects to the extent it seeks information from SiteOne not kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce documents sufficient to show which individuals were employed at SiteOne Coram from 2020 to present and their dates of employment.

> **76. All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Dix Hills from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it seeks the "identity and position of employees at SiteOne Dix Hills" as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to the demand to the extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. SiteOne also objects to the request for "daily, weekly, monthly, quarterly and yearly breakdowns" related to the number of SiteOne employees as nonsensical. SiteOne also objects to the extent it seeks information from SiteOne not kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show which individuals were employed at SiteOne Dix Hills from 2020 to present and their dates of employment.

77. **All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Speonk from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand to the extent it seeks the "identity and position of employees at SiteOne Speonk" as overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to the demand to the extent it seeks information neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. SiteOne also objects to the request for "daily, weekly, monthly, quarterly and yearly breakdowns" related to the number of SiteOne employees as nonsensical. SiteOne also objects to the extent it seeks information from SiteOne not kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show which individuals were employed at SiteOne Speonk from 2020 to present and their dates of employment.

**78.** **All documents reflecting SiteOne's sales for all SiteOne stores located in Region 2, including Long Island (Nassau and Suffolk Counties), from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show SiteOne's sales for all stores in Region 2 from January 15, 2020 to present.

**79.** **All documents evidencing or reflecting revenue, income, or profit realized by SiteOne through sales or transactions executed by any of the Defendants from January 1, 2020 through 2023.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific

objections. SiteOne also objects to this request to the extent it seeks information "evidencing or reflecting" the "sales or transactions executed" as vague, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show sales or transactions executed by any of the Defendants from January 1, 2020 through the end of 2023.

80. **All communications concerning the meaning of the non-compete provision of Section 6.5 of the Coram Lease, including non-defined terms, such as "beneficiaries."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. SiteOne also objects to the Request to the extent it calls for a legal conclusion.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time.

81. **All documents concerning any computer used by any of Defendants while employed by SiteOne, including SiteOne's ownership, use and cataloguing of any such computer.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request to the extent it seeks information related to "any computer used by any of Defendants while employed by SiteOne" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to the demand to the extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time.

82. **All documents concerning SiteOne's ability to access any computer or security camera system used by any of Defendants while employed by SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to SiteOne's ability to access any computer or security camera system used by any of Defendants, that it discovers during this litigation.

**83. All documents, including IT or expert reports, concerning or evidencing Don's purported improper access to a "protected computer" of SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to Don's improper access to a "protected computer" of SiteOne, that it discovers during this litigation.

**84. All documents, including IT or expert reports, concerning or evidencing Don's purported improper access to or downloading of SiteOne's proprietary information, business ideas, confidential information or trade secrets.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to Don's purported improper access to or downloading

of SiteOne's proprietary information, business ideas, confidential information or trade secrets, that it discovers during this litigation.

**85. All documents created, prepared, or generated as a result of any examination or analysis of any computer retrieved from any of Defendants following termination of their SiteOne employment.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this Demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to created, prepared, or generated as a result of any examination or analysis of any computer retrieved from any of Defendants following termination, that it discovers during this litigation.

**86. All documents concerning Don's purported "remote[] monitor[ing]" of the SiteOne's "security camera system" as alleged in ¶ 97 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to Don's remote monitoring of the SiteOne's security camera system, that it discovers during this litigation.

**87. All documents concerning SiteOne's allegations that Nick "stole[]" items and that he acted "in concert with Don and Vic[,]" as alleged in ¶ 101 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to allegations that Nick stole items and that he acted in concert with Don and Vic, that it discovers during this litigation.

**88. All documents evidencing Nick and Don's purported unauthorized access of SiteOne's "protected computer and security camera systems", as alleged in ¶¶ 178, 180, and 184 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to Nick and Don's purported unauthorized access of SiteOne's protected computer and security camera systems, that it discovers during this litigation.

**89. All documents concerning any and all investigations related to Nick and Don's purported accessing of SiteOne's computer system or security camera systems.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to Nick and Don's purported unauthorized access of SiteOne's protected computer and security camera systems, that it discovers during this litigation.

**90. All documents concerning alleged damages resulting from Nick and Don's purported access of SiteOne's computer system or security camera systems.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information concerning

"all documents concerning alleged damages", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time.

> **91. All documents concerning any duplication or "backing-up" of any data stored on any computer used by any of Defendants while employed by SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this Demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to concerning any duplication or "backing-up" of any data stored on any computer used by any of Defendants while employed by SiteOne, that it discovers during this litigation.

> **92. All documents concerning SiteOne's ability to access or restrict access to the website address: http://www.lccsny.com/gdweb/SalesMobilev2.aspx.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. However, notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to http://www.lccsny.com/gdweb/SalesMobilev2.aspx.

**93. All documents concerning Defendants' purported access to SiteOne's proprietary information, business ideas, confidential information, or trade secrets.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants' purported access to SiteOne's proprietary information, business ideas, confidential information, or trade secrets.

**94. All documents concerning or relating to any transaction which you contend was improperly cancelled, changed, redirected, or diverted by or to any of Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning transactions which were improperly cancelled, changed, redirected, or diverted by or to any of Defendants.

95. **All documents including but not limited to pictures and videos, concerning Plaintiff's claim that "Defendants Open Another Competing Business Within the Restricted Area," as alleged in ¶¶ 109-124 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants operation of a competing business.

96. **All documents concerning Plaintiff's claim that "Defendants through their competing business, have harmed SiteOne by taking SiteOne's customers by causing SiteOne's customers to reduce their business with SiteOne," as alleged in ¶ 122 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants harm to SiteOne by Defendants operation of a competing business.

**97. All documents relied upon by Plaintiff's to support its claim that "[a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "to support its claim that [a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

**98. All documents supporting Plaintiff's claim for damages for tortious interference.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages for tortious interference", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

**99. All documents concerning the specific customer relationships that have purportedly been harmed by Defendants' conduct.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants harm to SiteOne by Defendants operation of a competing business.

**100.    As to each Defendant, all documents supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

**101.       All documents supporting Plaintiff's claim for damages for aiding and abetting breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

102.    **As to each Defendant, all documents and communications supporting Plaintiff's claims that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

103.    **All documents supporting Plaintiff's claim for damages for civil conspiracy.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

104.    **All documents containing or referencing any communication between and among any SiteOne employees, officers, members, agents, or representatives concerning any of Defendants from September 1, 2022 to the present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent that it requires SiteOne to produce documents from "agents or representatives" as those are entities not employed by or within SiteOne's control. SiteOne also objects to this request to produce "all documents containing or referencing any communication" as overbroad, unduly burdensome, and not proportional to the needs of the case, as it would require SiteOne to produce documents unrelated to the facts and issues of this litigation. SiteOne further objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents, that are within SiteOne's dominion, custody, or control, related to any of Defendants from September 1, 2022 to the present.

**105.** **All documents containing or referencing any communication between and among any of Defendants from September 1, 2022 to the present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this request as it requires SiteOne to produce documents "referencing any communication between and among any of Defendants" which would include materials from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne also objects to this request to produce "all documents containing or referencing any communication" as overbroad, unduly burdensome, and not proportional to the needs of the case, as it would require SiteOne to produce documents unrelated to the facts and issues of this litigation. SiteOne further objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents, that are within SiteOne's dominion, custody, or control, related to any of Defendants from September 1, 2022 to the present.

**106.** **All documents containing or referencing any communication between any of Defendants, on the one hand, and any SiteOne employee, officer, member, agent, or representative, on the other hand, from September 1, 2022 to the present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.  SiteOne also objects to this request to the extent that it requires SiteOne to produce documents from "agents or representatives" as those are entities not employed by or within SiteOne's control. SiteOne also objects to this request to produce "all documents containing or referencing any communication" as overbroad, unduly burdensome, and not proportional to the needs of the case, as it would require SiteOne to produce documents unrelated to the facts and issues of this litigation. SiteOne further objects to this to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents, that are within SiteOne's dominion, custody, or control, related to any of Defendants from September 1, 2022 to the present.

107.    **All documents containing or referencing any communication between any SiteOne employees, officers, members, agents, or representatives, on the one hand, and any other person, on the other hand, concerning any of Defendants from September 1, 2022 to the present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent that it requires SiteOne to produce documents from "agents or representatives" as those are entities not employed by or within SiteOne's control. SiteOne also objects to this request to produce "all

documents containing or referencing any communication" as overbroad, unduly burdensome, and not proportional to the needs of the case, as it would require SiteOne to produce documents unrelated to the facts and issues of this litigation. SiteOne further objects to this to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents, that are within SiteOne's dominion, custody, or control, related to any of Defendants from September 1, 2022 to the present.

108.    **As to all entities acquired by SiteOne (stock, unit or asset purchase) in the East Region since January 15, 2020, all stock or unit purchase agreements, asset purchase agreements, employment agreements, and lease agreements (monetary amounts may be redacted).**

**OBJECTION:**

SiteOne objects to this request to produce "all stock or unit purchase agreements, asset purchase agreements, employment agreements, and lease agreements", as vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

109.    **All "business plans" created prior to the acquisition by SiteOne of Garden Dept., concerning the acquisition of Garden Dept. by SiteOne.**

**OBJECTION:**

SiteOne objects to this request, including the undefined term "business plans" on the grounds that it is vague and ambiguous, overbroad as to scope. SiteOne objects to this demand to the extent is seeks trade secrets, confidential information, and/or proprietary information.

**RESPONSE:**

Notwithstanding the above objections, SiteOne agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in SiteOne's possession custody or control that are titled "business plan" concerning Garden Dept.

110.    **All "business plans" created after the acquisition by SiteOne of Garden Dept., concerning the acquisition of Garden Dept. by SiteOne.**

**OBJECTION:**

SiteOne objects to this request, including the undefined term "business plans" on the grounds that it is vague and ambiguous, overbroad as to scope. SiteOne objects to this demand to the extent is seeks trade secrets, confidential information, and/or proprietary information.

**RESPONSE:**

Notwithstanding the above objections, SiteOne agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in SiteOne's possession custody or control that are titled "business plan" concerning Garden Dept.

111.    **All documents reflecting business plans and/or strategies concerning the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects to this request, including the undefined term "business plans" on the grounds that it is vague and ambiguous, overbroad as to scope. SiteOne objects to this demand to the extent is seeks trade secrets, confidential information, and/or proprietary information.

**RESPONSE:**

Notwithstanding the above objections, SiteOne agrees to conduct a reasonable search for and produce all non-privileged, relevant documents in SiteOne's possession custody or control that are titled "business plan" concerning Garden Dept.

**112.      All documents concerning the decision to hire Don.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to SiteOne's decision to hire Don.

**113.      All documents reflecting the days and hours of operation at SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, after the acquisition by SiteOne of Garden Dept. to present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the request for "all documents reflecting the days and hours of

operation" as overbroad and unduly burdensome, and not proportional to the needs of the case, as it requires the production of documents not related to the facts and issues of the present matter.

**RESPONSE:**

Subject to the foregoing objections SiteOne will produce documents sufficient to show the days and hours of operation at SiteOne Speonk, SiteOne Coram, and SiteOne Dix Hills after SiteOne's acquisition of Garden Dept. to the present.

**114.    All documents reflecting economic forecasts and/or projections for SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated prior to the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to SiteOne's economic forecasts and/or projections for the SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated prior to the acquisition by SiteOne of Garden Dept.

**115.    All documents reflecting economic forecasts and/or projections for the SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated subsequent to the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for "all documents reflecting economic forecasts and/or projections", to the extent it requires the production of documents outside SiteOne's dominion, custody, or control.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce relevant, non-privileged documents related to SiteOne's economic forecasts and/or projections for the SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated subsequent to the acquisition by SiteOne of Garden Dept.

**116.    All documents concerning SiteOne's investigation concerning the claims for relief asserted in this action relative to each of the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this demand as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne further objects to this request for the production of "all documents concerning SiteOne's investigation concerning the claims for relief asserted in this action" to the extent it requests attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

**117.    All documents containing or referencing non-privileged communications that in any way relate to the facts alleged in any of the pleadings filed in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this demand as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne objects to this demand as vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

Dated:  New York, New York
        June 10, 2024

TROUTMAN PEPPER                            FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: *$/s/$ John S. Gibbs III*                   By: *$/s/$ Kevin P. Mulry*

    John S. Gibbs III (admitted *pro hac vice*)        Kevin P. Mulry
    600 Peachtree Street, NE, Suite 3000           400 RXR Plaza
    Atlanta, Georgia 30308                    Uniondale, New York 11556
    Phone: (404) 885-3000                     Phone: (516) 227-0620
    Email: evan.gibbs@troutman.com           Email: kmulry@farrellfritz.com

    Daniel E. Gorman
    875 Third Avenue
    New York, New York 10022
    Phone: (212) 704-6000
    Email: daniel.gorman@troutman.com

        *Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on June 10, 2024 via email to all counsel of record at the addresses set forth below.

**MILMAN LABUDA LAW GROUP PLLC**
Michael C. Mule, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michaelmule@mllaborlaw.com
*Attorneys for Defendants Dominick Caroleo, The Garden Dept. Corp.,*
*3670 Route 112 LLC, and 9 4ᵀᴴ St. LLC*

**RIVKIN RADLER LLP**
Kenneth A. Novikoff, Esq.
926 RXR Plaza
Uniondale, New York 11556-0921
Ken.Novikoff@rivkin.com
*Attorneys for Defendants Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd.,*
*Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC and Neway*
*Management, LLC*