UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SITEONE LANDSCAPE SUPPLY, LLC,<br><br>                                   Plaintiff,<br><br>          v.<br><br>NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,<br><br>                                   Defendants. | Civil Action No.: 2:23-cv-02084-GRB-SL |

**PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' DOMINICK CAROLEO, THE GARDEN DEPT. CORP., 3670 ROUTE 112 LLC, AND 94TH ST. LLC'S DOCUMENT DEMAND[1]**

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by counsel, hereby provides supplemental responses and objections to Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4TH St. LLC (collectively, the "Don Defendants") First Set of Document Demands, dated April 19, 2024, as follows:

**OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"**

1.       SiteOne objects to Definition P to the extent it defines "Document" to be more expansive than required under Federal Rule of Civil Procedure 34. For example, this definition includes any materials "in the possession, custody or control of Plaintiff or its representatives". This Definition is overbroad, unduly burdensome, and not proportional to the needs of the case. In

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in Plaintiff's Amended Complaint [ECF 55].

its responses below to individual document requests, SiteOne defines "Document" as in Federal Rule of Civil Procedure 34, and will produce Documents in its possession, custody, or control, and proportional to the needs of the case.

2.      SiteOne objects to Definition Q to the extent it defines "Communication" to mean the "transmittal of information". This Definition is vague, overbroad, unduly burdensome, and not proportional to the needs of the case. In its responses below to individual document requests, SiteOne will produce communications in its possession, custody, or control, and proportional to the needs of the case.

3.      SiteOne objects to Definition V to the extent it defines "identify" to include an individual's "present address". This Definition is overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne defines "identify" to mean to state his/her or its full name.

4.      SiteOne objects to Definition W to the extent it defines "All Requested Documents in the Plaintiffs Possession, Custody, or Control" to include "Plaintiff's attorneys, their investigators, or any third parties". This Definition encompasses individuals and entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne further objects to this Definition to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. In its responses below to individual document requests, SiteOne will produce non-privileged documents in its possession, custody, or control, but SiteOne will not include documents in the possession, custody, or control of SiteOne's attorneys, their investigators, or any third party or parties to whom SiteOne has surrendered possession.

2

5.      SiteOne objects to Definition Y to the extent it requires SiteOne "to state the disposition made of it, the individual or entity currently in possession of the document" for any document that is "no longer in its possession, custody or control". This Definition is unduly burdensome, and not proportional to the needs of the case. SiteOne will produce non-privileged documents as they are kept in the usual course of business as required by Federal Rule of Civil Procedure 34.

6.      SiteOne objects to Definition Z to the extent it requires SiteOne to identify the "date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document" for "any document called for by this request has been destroyed". This Definition is unduly burdensome, and not proportional to the needs of the case. SiteOne will produce non-privileged documents as they are kept in the usual course of business as required by Federal Rule of Civil Procedure 34.

7.      SiteOne objects to Definition AA to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. SiteOne will produce non-privileged documents in its possession, custody, or control, but SiteOne will not include documents in the possession, custody, or control of SiteOne's attorneys, their investigators, or any third party or parties to whom SiteOne has surrendered possession.

8.      SiteOne objects to the phrase "all documents" as referenced in the below requests to the extent it requires SiteOne to produce every copy of every document in its possession, custody, or control related to the requested information, as such a requirement is unduly burdensome and not proportional to the needs of the case. Where SiteOne agrees to produce documents in response to a request, it will conduct a reasonable search and produce responsive documents accordingly.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DOCUMENT DEMANDS

**2.      All documents identified or referenced in any pleadings or motion papers filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne has conducted a reasonable search and either already produced or will produce non-privileged and responsive documents identified. SiteOne, however, is not producing copies of documents filed on the docket in this case as those documents are readily accessible to all parties.

**3.      All documents relied upon in preparing any pleadings filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document," as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this demand to the extent it requests production of "documents relied upon in preparing any pleadings" which would involve attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne has conducted a reasonable search and either already produced or will produce non-privileged and responsive documents identified. SiteOne, however,

is not producing copies of documents filed on the docket in this case as those documents are readily accessible to all parties.

4.      **All documents concerning any damages calculated or claimed by you in this action, whether economic, non-economic, punitive, or other.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document," as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "concerning any damages calculated," as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged documents concerning any calculated or claimed damages.

5.      **All documents produced to you pursuant to a subpoena, deposition, public information request, or other request for information or documents which you directed to a nonparty in the course of this, or any related, litigation, or litigation referenced in any pleadings or motion papers filed by you in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document," as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that it requests information that is subject to a protective order in "any related litigation or litigation referenced in any pleadings." SiteOne also

objects to the requests for documents for "any related litigation" as broad, burdensome, and not directly related to the present litigation.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents received from any nonparties that were provided to SiteOne in response to requests made by SiteOne during the course of this litigation.

**8.      All documents containing, evidencing, or reflecting an admission against interest of any party to this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document," as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for documents "containing, evidencing, or reflecting an admission against interest" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. SiteOne also objects to this request to the extent it requires a legal conclusion concerning individual documents.

**RESPONSE:**

Subject to the forgoing objections, SiteOne is not aware of any documents in its possession, custody, or control that would constitute an "admission against interest" (as that term is commonly understood) of any party.

**9.      All written, recorded, or transcribed statements, recordings, or testimony, whether audio or video recorded, of any person concerning the facts alleged in the pleadings filed in this, or in any related, action.**

**OBJECTION:**

SiteOne objects to this Request as it requires SiteOne to provide "written, recorded, or transcribed statements" of "any person", as overly burdensome as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne also objects to this request to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne is not aware of any documents in its possession, custody, or control responsive to this Request.

     **20.    All documents and concerning your allegations as set forth in ¶ 21 of the Complaint that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professionals in the United States and Canada."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request to the extent it seeks information concerning the assertion that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professional in the United States and Canada" as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged documents sufficient to show that SiteOne is the largest full product line supplies of wholesale goods for landscaping professional in the United States and Canada to the extent such documents exist.

25.    **All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 56 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents," "document," and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing responsive communications, if any.

26.    **All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 57 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that

are not producible as a document or tangible thing as defined by the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing responsive communications, if any.

      **30.**     **All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 61 through 64 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

      **32.**     **All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 69 through 73 and 75 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to the extent that the allegation referenced in this request refers to verbal communications and/or knowledge of individuals that are not producible as a document or tangible thing as defined by the Federal Rules of Civil

Procedure. SiteOne also objects to this request to the extent it is asking for SiteOne to identify documents it intends to use to support its claims at summary judgement or trial, which is premature at this stage as discovery is ongoing. SiteOne also objects to this demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

**36.    All documents reflecting communications between any SiteOne employee and any Town of Brookhaven employee and/or representative concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents," "document," and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

**37.    All documents referencing communications with and/or among SiteOne employees concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

     **51.**    **All documents concerning the decision to terminate Nick.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents concerning the decision to terminate Nick.

     **54.**    **All documents reflecting communications by any SiteOne employee with or involving Joe Ketter, Greg Thistle and/or Anthony Catalano concerning the decision to terminate Nick.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents concerning the decision to terminate Nick.

56.    All documents reflecting communications by any SiteOne employee with or involving Gerard Passaro concerning the subject of the allegation contained in ¶¶94-103 of the Complaint.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

57.    All documents reflecting communications by any SiteOne employee with or involving Greg Thistle concerning the subject of the allegation contained in ¶¶ 94-103 of the Complaint.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such communications, if any.

64.    All documents concerning any systems, policies, procedures, or protocols implementing different levels of employee access to your trade secrets, confidential information, and proprietary information.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" and as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

68.    All documents concerning the economic value or competitive advantage realized by SiteOne from the secrecy or non-disclosure of the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Request to the extent it is an improper interrogatory posed as a document demand.

**RESPONSE:**

Subject to the foregoing objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. SiteOne will produce non-privileged and responsive documents identified, if any.

**81.    All documents concerning any computer used by any of Defendants while employed by SiteOne, including SiteOne's ownership, use and cataloguing of any such computer.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

<u>**RESPONSE:**</u>

Subject to the foregoing objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. SiteOne will produce non-privileged and responsive documents identified, if any.

**90.    All documents concerning alleged damages resulting from Nick and Don's purported access of SiteOne's computer system or security camera systems.**

<u>**OBJECTION:**</u>

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

<u>**RESPONSE:**</u>

Subject to the foregoing objections, SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. SiteOne will produce non-privileged and responsive documents identified, if any. SiteOne reserves its right to supplement this response in the future, including, but not limited to, in connection with expert disclosures.

92.    All documents concerning SiteOne's ability to access or restrict access to the website address: http://www.lccsny.com/gdweb/SalesMobilev2.aspx.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to this request in its possession, custody, or control. Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

97.    All documents relied upon by Plaintiff's to support its claim that "[a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars."

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such lost business.

98.    All documents supporting Plaintiff's claim for damages for tortious interference.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages for tortious interference", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents evidencing such damages.

100.     **As to each Defendant, all documents supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

101.     **All documents supporting Plaintiff's claim for damages for aiding and abetting breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any. SiteOne reserves its right to supplement this response in the future, including, but not limited to, in connection with expert disclosures.

**102.    As to each Defendant, all documents and communications supporting Plaintiff's claims that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents and communications identified, if any. SiteOne reserves its right to supplement this response in the future, including, but not limited to, in connection with expert disclosures.

**103.    All documents supporting Plaintiff's claim for damages for civil conspiracy.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne has conducted a reasonable search and will produce non-privileged and responsive documents identified, if any.  SiteOne reserves its right to supplement this response in the future, including, but not limited to, in connection with expert disclosures.

111.    **All documents reflecting business plans and/or strategies concerning the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects to this request, including the undefined term "business plans" on the grounds that it is vague and ambiguous, overbroad as to scope.

**RESPONSE:**

Subject to the foregoing objections, SiteOne has conducted a reasonable search and will produce non-privileged and responsive documents identified, if any.

114.    **All documents reflecting economic forecasts and/or projections for SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated prior to the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

**115.    All documents reflecting economic forecasts and/or projections for the SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated subsequent to the acquisition by SiteOne of Garden Dept.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for "all documents reflecting economic forecasts and/or projections", to the extent it requires the production of documents outside SiteOne's dominion, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

**116.    All documents concerning SiteOne's investigation concerning the claims for relief asserted in this action relative to each of the Defendants.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this demand as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne further objects to this request for the production of "all documents concerning SiteOne's investigation concerning the claims for relief asserted in this action" to the extent it requests attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

117.    **All documents containing or referencing non-privileged communications that in any way relate to the facts alleged in any of the pleadings filed in this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communication" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne objects to this demand as it requests documents from entities not employed by or within SiteOne's control and not adequately identified, such as unspecified third-party agents, consultants, and affiliates. SiteOne objects to this demand as vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce non-privileged and responsive documents identified, if any.

Dated: New York, New York
       August 12, 2024

TROUTMAN PEPPER                         FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*               By: */s/ Kevin P. Mulry*
    John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
    600 Peachtree Street, NE, Suite 3000      400 RXR Plaza
    Atlanta, Georgia 30308                 Uniondale, New York 11556
    Phone: (404) 885-3000                  Phone: (516) 227-0620
    Email: evan.gibbs@troutman.com         Email: kmulry@farrellfritz.com

    Daniel E. Gorman
    875 Third Avenue
    New York, New York 10022
    Phone: (212) 704-6000
    Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been

served on August 12, 2024 via email to all counsel of record at the addresses set forth below.

**MILMAN LABUDA LAW GROUP PLLC**
Michael C. Mule, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michaelmule@mllaborlaw.com

*Attorneys for Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4THSt. LLC*

**RIVKIN RADLER LLP**
Kenneth A. Novikoff, Esq.
926 RXR Plaza
Uniondale, New York 11556-0921
Ken.Novikoff@rivkin.com

Attorneys for Defendants Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC, Group 5 Associates*, Ltd., Scapes Supply, LLC and Neway Management, LLC*