## RELEVANT CUSTODIANS

1. ## Alex Trama

Alex Trama has been an employee at SiteOne's Coram, New York location for more than twenty years, first as an employee of Garden Department and then as a SiteOne employee. Trama is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative against the Defendants. S*ee* ECF No. 55 at ¶¶ 52, 57, 62, 63, 65, 68, 89, 90; *see also* ECF No. 15. Trama has documented animus toward Don. According to Anthony Catalano, for Trama, "there is no love lost on Don." *See* SITEONE_00479290. Trama is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's: business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

2. ## Gerard Passaro

Gerard Passaro has been an employee at SiteOne's Coram, New York location for more than seventeen years, first as an employee of Garden Department and then as a SiteOne employee. Passaro is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶55, 62, 63, 65-67, 72, 73, 95-97, 101-103; *see also* ECF No. 19. Passaro has documented animus toward Don. According to Anthony Catalano, Passaro "was in tears" talking about how Don treated him. *See* SITEONE_00479290. Passaro has also revealed that he and his co-workers communicated amongst themselves about their amateur "investigations" into Nick's activities. *See* ECF No. 19 at ¶¶10, 17, 21. In addition, Passaro filed a complaint with SiteOne ethics hotline regarding Nick wherein he confessed, "**The main reason for this report is to stop the nursery from opening up** since their plan is to take current employees with them and go after customers of SiteOne, **which directly impacts my right to make a living and would negatively impact that and the success of SiteOne mainly the Coram branch.**" *See* ECF No. 19 at Ex. B, p. 2. Passaro is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's: business operations; business relationships; supposed confidential information; financial information; security, including cameras, network, IT and cybersecurity software and equipment; contracts for employment; contracts with third parties; and alleged damages.

3.    **Phil Sausto**

Phil Sausto has been an employee on and off at SiteOne's Coram, New York and Dix Hills, New York locations since 1998, first as an employee of Garden Department and then as a SiteOne employee. Sausto is featured prominently in the Amended Complaint, along with his co-workers, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶69-72. Sausto claims anonymous people had reported to him that Nick and Don were planning to open a nursery. *See* ECF No. 22 at ¶¶3, 6. Based on these anonymous reports, Sausto made a report to SiteOne's ethics hotline definitively stating that Nick "is getting ready to open another nursery for the previous owner of Garden Dept." Sausto is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; security, including cameras, network, IT and cybersecurity; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

4.    **Doug Black**

Doug Black is SiteOne's CEO. Doug and Don were in regular communication throughout Don's employment at SiteOne. Don reported directly to Doug on a monthly basis. Doug, ultimately, decided to terminate Don. Facts concerning Doug's knowledge as to the circumstances of Don's employment, earnout, bonus, and termination are critical to Defendant's defense, particularly, Don's defense that this lawsuit is a vendetta lawsuit. In general, Black has knowledge of the parties' obligations under the APA, Employment Agreement and RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third parties, and alleged damages.

5.    **Brian Kersnowski**

Brian Kersnowski is SiteOne's Senior Director of Sales Development. Don reported to Kersnowski on a monthly basis. Supposedly, Don did not take feedback from Kersnowki. *See* SITEONE_00478798. Kersnowski is featured in the Amended Complaint, as a key player in the development of SiteOne's false narrative. S*ee* ECF No. 55 at ¶¶59, 60; *see also* ECF No. 17 at ¶4. Kersnowski is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third-parties, and alleged damages.

6.    **Anthony Ferrante**

Anthony Ferrante has been an employee at SiteOne's Coram, New York and Dix Hills, New York, for several years, first as an employee of Garden Department and then as a SiteOne employee. Ferrante reported to Nick, has knowledge regarding Don's termination, and has general knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

7.    **Jerry Justice**

Jerry Justice is SiteOne's Eastern Division President. During Don's tenure at SiteOne, Don reported monthly to Justice. Justice worked with Greg Thistle, Anthony Catalano, and Joe Ketter to "handcuff [Don] significantly" by "mak[ing] a play for Nick" and to terminate Nick once it was determined he was not going to sign a non-compete. *See* SITEONE 00479515, 00479283-84, 00479289-91, 00479295-96, 00478537; ECF No. 55 at ¶¶91-92. Justice is listed in Defendants' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, security, including cameras, network, IT and cybersecurity, software and equipment, contracts for employment, contracts with third parties, and alleged damages.

8.    **Kevin Peattie**

Kevin Peattie is a senior branch manager at SiteOne**.** Peattie worked with both Don and Nick and has knowledge regarding Don, Vic, and Nick's terminations. Peattie is listed in both parties' Rule 26 disclosures, and, in general, has knowledge of the parties' obligations under the APA, Don's Employment Agreement and Don's RSUA; the scope of obligations under the Lease; and SiteOne's claims, business operations, business relationships, supposed confidential information, financial information, software and equipment, contracts for employment, contracts with third-parties, and alleged damages.

9.    **Brian Hoffman**

Brian Hoffman is an area business manager at SiteOne. While at Bissett, Don "made a poor impression" on Hoffman and the other Bissett leaders, who were "afraid." *See* SITEONE_00478798. When Don became branch manager at Bissett, Hoffman was transferred out. In general, Hoffman has general knowledge of SiteOne's business operations; business relationships; supposed confidential information; financial information; software and equipment; contracts for employment; contracts with third parties; and alleged damages.

10. **<u>Lynn Francassi</u>**

Lynn Francassi is Doug Black's executive assistant. Francassi has knowledge of the events that occurred leading up to Don's termination, which is the crux of Defendants' defense.

11. **<u>Greg Thistle</u>** – SiteOne has conceded Thistle's relevance and has agreed to conduct a search of Thistle's text messages. However, to date, SiteOne has provided no information about that search and has not produced any text messages.

12. **<u>Joe Ketter</u>** – SiteOne has conceded Ketter's relevance and has agreed to conduct a search of Ketter's text messages. However, to date, SiteOne has provided no information about that search and has not produced any text messages.

13. **<u>Anthony Catalano</u>** – SiteOne has conceded Catalano's relevance and has agreed to conduct a search of Catalano's text messages. However, to date, SiteOne has provided no information about that search and has not produced any text messages.