Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com



**J. Evan Gibbs III**
evan.gibbs@troutman.com

September 23, 2024

**VIA E-MAIL**

MILMAN LABUDA LAW GROUP PLLC
Michael Mule
Joe Labuda
Colleen O'Neil
Nicole Koster
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073
michaelmule@mllaborlaw.com
joe@mmmlaborlaw.com
nkoster@mllaborlaw.com
colleen@mllaborlaw.com

**Re:    SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**
    **Civil Action No. 2:23-cv-02084-GRB-SL**

Counsel:

I write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to continue our meet and confer efforts with respect to a number of ongoing discovery issues.

**<u>The Vic Defendants' Search Terms</u>**

We received a search terms list from Michael Impellizeri for the Vic Defendants via email on August 16, attached here as Exhibit 1 for reference. We then wrote to Mr. Impellizeri on August 28 regarding issues with those search terms, but never received a response. SiteOne takes issue with several aspects of the information provided in the search terms report, and we are now directing those issues to you.

First, there is no identification of which specific custodians and data sets have been collected and searched. For example, were Nick and Vic's text message and email data collected and searched? Were their Scapes and personal email accounts searched? It is not clear at this juncture. Without knowing what is being searched SiteOne cannot fully comment on the propriety of the Vic Defendants' efforts.

Second, the search terms list does not include the RFPs to which each search term corresponds. This is information SiteOne provided to Defendants and which it demands from Defendants. Third,



there are a number of what appear to be telephone numbers included as search terms and there is no explanation provided as to whom those numbers belong. SiteOne therefore cannot assess the completeness or relevance of those terms. SiteOne demands that the Vic Defendants provide that information.

We will have additional proposed search terms for the Vic Defendants, but we need responses to these questions so that we can appropriately understand what has and hasn't been done.

Please provide this information by **September 27**.

**<u>The Don Defendants' Search Terms</u>**

There are a number of problems with the Don Defendants' search terms. First and most glaringly, it appears there has been almost no effort made to search for communications involving Vic or Nick, which would be responsive to numerous of SiteOne's RFPs (identified below). We therefore demand that the following search terms be run for the dates of October 1, 2022 to the present:

- "Victor Caroleo"
- "Vic Caroleo"
- "Vic"
- "Dad"
- "Son"
- "631-484-3535" or "631.484.3535" or "6314843535"
- "victorcaroleo@aol.com"
- "victor@scapessupply.com"
- "Nicholas Giordano"
- "Nick"
- "Giordano"
- "Nick Giordano"
- "631-987-1525" or "631.987.1525" or "6319871525"
- "nick@scapessupply.com"
- "ngiordano31@gmail.com"

We additionally ask that the following search terms be run for the dates of October 1, 2022 to the present which relate to other of SiteOne's RFPs to the Don Defendants:

- ("Dominick Caroleo" or "Don Caroleo" or "Don") and ("wire" or "pay!" or "money" or "transfer")
- "Middle Island Road" or "38 Yaphank" or "Brookhaven"
- "Long Island Avenue" or "LI Ave" or "Long Island Ave" or "Yaphank"
- "Horseblock Road" or "Medford"
- "Casper"
- "Rose" or "Rosie"
- ("Security" or video* or camera*) and ("SiteOne" or "Coram")

**troutman pepper**

As noted above, these search terms pertain to multiple of SiteOne's RFPs, including:

- 3670 Route 112, 9 4th St. LLC, The Garden Dept. RFP Nos. 13, 15, 23-29, 30-33, 34-39, 50, 52, and 53.
- Don RFP Nos. 11-18, 19-22, 23-28, 39, 40, 41, and 46.

Please provide us with the hit counts for these search terms by **September 27**.

**Text Message Searching by Defendants**

We explained SiteOne's position that the Defendants are obligated to collect, search, and produce text messages in response to SiteOne's RFPs in our September 10 email, which we've attached here as Exhibit 2. We will not reiterate those points here for brevity's sake, except to state again that Defendants' obligation to produce responsive text messages is **not** contingent on whether or to what extent SiteOne agrees to search for responsive text messages from individual employee devices. Their obligation is an independent duty.

Additionally, as of the date of this letter we have not heard back from Defendants as to the following issues identified in our September 10 email:

- A confirmation that the Defendants have not (and will not) self-collected or self-identified responsive text messages from their personal devices.
- A confirmation that Defendants will appropriately (i.e., through counsel) collect, search, and produce responsive text messages from their personal devices consistent with our discussions and the issues identified in our email of September 10. (Ex. 2.)

Please provide a response to these issues by **September 27**.

**Text Message Searching by SiteOne**

Throughout the discovery process we have been transparent about what data we have searched; the methods, parameters, and search terms we have used to search that data; and our progress of searching for and producing documents. Defendants provided us with a list of additional search terms, the vast majority of which we accepted, searched, and for which we have now produced all responsive documents.

To date, SiteOne has collected non-text message data for 25 current and former SiteOne employees. The collections consisted of millions of emails and other documents. SiteOne then individually reviewed more than 25,000 documents that hit on the search terms. Excluding the production of Don's and Nick's Garden Department email accounts, SiteOne has produced a total of 1,032 documents as of the date of this letter responsive to Defendants' RFPs and the search terms. The collection, review, and production of these documents has cost well in excess of $250,000 in technical and non-technical expenses. The documents produced to date show



SiteOne's trade secrets misappropriated by Defendants; customer lists; detailed financial data; and relevant communications about the issues in this case, among many other things.

Defendants have taken a different tack, refusing to provide even basic information about what discovery efforts they have undertaken. When it became apparent in late August that Defendants have not had their personal cell phones appropriately searched for responsive text messages, call logs, etc., SiteOne demanded that be done.

Defendants' response was, unfortunately but predictably, retaliatory. Defendants refuse to agree to search their own text messages unless SiteOne agrees to search the personal devices of every person Defendants identify as potentially being a witness in this case, however removed the witnesses may be to the actual controversies at issue. We disagreed with that reasoning then—as we disagree now—because Defendants' obligation to search their own text messages is not contingent on what SiteOne agrees to do.

Nevertheless, based on Defendants' position and in the spirit of good faith, we agreed to meet and confer on this issue and invited Defendants to identify the individuals for whom Defendants believe personal text message searching is appropriate. We agreed to evaluate that list and follow up.

On September 13, you emailed us a list of 24 individuals for whom you contend SiteOne should collect and search personal text message data. That list is as follows: 1) Doug Black, 2) Scott Salmon, 3) Lynn Fracassi, 4) Laura Shartle, 5) Brian Kersnowski , 6) Taylor Koch, 7) Briley Brisendine, 8) Shawn Kramer, 9) Kevin Peatie, 10) William Weismiller, 11) Dan Barr, 12) Brian Hoffman , 13) Anthony Catalano, 14) Alex Trauma, 15) Phil Sausto, 16) John Robinson, 17) Anthony Ferrante, 18) Melissa Varrone, 19) Jennifer Parry, 20) Paul Brand , 21) Greg Thistle, 22) John Guthrie, 23) Gerard Passaro, and 24) Joe Ketter.

We have worked with our e-discovery team to understand precisely what this undertaking would entail. It would require onsite collections by technicians to collect the data (which would include travel costs as these individuals are spread between Georgia and New York); text message data extraction charges; data processing charges; searching charges; and hosting charges. Our team estimates that this would cost between $150,000 and $320,000—and this does not include attorney time to review the text messages, which would likely be several thousand dollars per device even using our lowest-rated staff attorney timekeepers.

SiteOne thus objects to Defendants' list because collecting, searching, and producing data for this many individuals would constitute an undue burden that is not proportional to the needs of this case. Your email containing this list did not include any explanation as to why any of these individuals are particularly relevant, and your email did not include any discussion of proportionality.

SiteOne rejects Defendants' proposal to search the personal text message data of all of these individuals. SiteOne, however, remains open to discussing the collection, searching, review, and



production of text message data from a limited number of individuals, but it must be proportional. Please provide a reasonable and proportional list of individuals for whom Defendants wish text message searching to be conducted, and we will evaluate that list. In order for this discussion to be productive, please explain the relevance of each identified individual and an explanation as to proportionality.

**SiteOne's Third-Party Subpoenas**

We have asked multiple times whether your firm represents Don Caroleo Ventures, LLC, a party on which we have served a subpoena. Mr. Impellizeri confirmed previously that his firm was representing that entity for purposes of the subpoena, but your firm has not told us yet whether it has taken on that representation. Please let us know by **September 25** whether your firm is representing that entity. If so, please also advise by **September 25** whether your firm will stand by Mr. Impellizeri's email of August 27 in which he stated that Don Caroleo Ventures, LLC would not meet and confer over the subpoena until and unless SiteOne confirmed that it would "reimburse DCV for its costs and legal fees in connection with responding the Subpoena." If not, please provide Don Caroleo Ventures, LLC's objections, if any, to our subpoenas by **September 27**.

We have inquired whether your firm will be representing Horseblock Road, LLC and/or Janet Damiano with respect to the subpoenas we issued to them. Please confirm by **September 25** whether you will be representing them and, if so, please provide their objections, if any, to our subpoenas by **September 27**.

Your firm has confirmed its representation of Rose Casper, to whom we directed a third-party subpoena. In her written response to our subpoena, Ms. Casper answered each response with either: 1) blanket objections, refusing to produce any responsive documents; or 2) stating she does not have any responsive documents in her possession. Please let us know by **September 25** your availability to discuss Ms. Casper's objections during the week of September 23-27.

Thank you.

John "Evan" Gibbs III