*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

## SITEONE'S POSITION

**I.   Defendants' Depositions and Forensic Analysis**

This Court's February 10 Order [DE 190] requires that: (1) Vic and Don sit for document and discovery-retention depositions by March 14; and (2) that Vic and Don submit their mobile phones (and a hard drive which contains a potentially unusable backup of Don's phone) for forensic analysis to identify whether any relevant, deleted text messages can be recovered from the devices. The depositions of Vic and Don have been scheduled for March 13 and 14, respectively. SiteOne does not request any action from the Court with respect to the depositions at this time.

On February 24, SiteOne sent to Defendants for review and feedback its proposed forensic protocol which will govern the forensic analysis of Vic and Don's phones. Defendants provided their feedback on February 27. In SiteOne's view, the issues identified by Defendants concerning the protocol can be resolved through further meet and confer efforts. SiteOne believes the issues can be fully resolved the week of March 3. It is difficult to predict at this juncture exactly how long it will take to complete the forensic analysis, but SiteOne believes the analyses can be completed by March 31 assuming the full and timely cooperation of Vic and Don.

**II.   Defendants' Discovery Requests to SiteOne**

During the hearing on February 10 this Court also addressed Defendants' Motion to Compel [DE 189] by adjourning the hearing and permitting the parties time to meet and confer over whether any of the issues raised by Defendants' Motion could be resolved. As a result of that conferral, SiteOne agreed to provide to Defendants with: (1) a hit count report for the additional search parameters proposed by Defendants along with cost estimates associated with producing responsive documents from the data by February 14; (2) information (volume, etc.) about the text message data collected to date by SiteOne by February 21; and (3) cost estimates for collecting and searching email data for three additional SiteOne employees proposed by Defendants.

SiteOne provided the hit counts and cost estimates to Defendants on February 24. This took SiteOne longer than anticipated because Defendants requested 62 separate searches (spanning 25 full PDF pages).[1] The searches had to be input and run manually by SiteOne's e-discovery team. Defendants' proposed search parameters hit on 203,704 documents. SiteOne estimates it would cost about $400,000 to promote that data into a review database, host the data, and review the documents for relevance and responsiveness for production. SiteOne also provided on February 24 that it would cost approximately $76,000 to collect, process, host, review, and produce documents for the three additional custodians as requested by Defendants.

SiteOne told Defendants when it provided this information on February 24 that Defendants' requests were not proportional to the needs of this case, but that SiteOne was willing to meet and confer as to whether there is some subset of the material that Defendants are willing to narrow their requests to. Defendants responded on February 27, asking SiteOne to re-run the

---

[1] Forget not that SiteOne already negotiated search parameters with Defendants in July and August 2024 and spent hundreds of thousands of dollars reviewing and producing all documents responsive to those parameters last year.

*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

search parameters previously provided but to exclude SiteOne's counsel's email domain (@troutman.com) from the results to see if that will reduce the volume of data. SiteOne informed Defendants on February 28 that it is willing to do so and will provide those results to Defendants as quickly as possible.

SiteOne provided detailed information about its text message searching on February 28. This process took longer than anticipated due to delays in getting certain information from the relevant individuals and technical issues encountered while processing and analyzing the text message data. In sum, SiteOne has identified hundreds of documents (text messages and attachments) that SiteOne's counsel will manually review for relevance and responsiveness. SiteOne anticipates having those messages reviewed and produced to Defendants by March 14.

There is no doubt that SiteOne will be unable to satisfy Defendants' demands with respect to email and text message searching, as their demands are made only to distract from Defendants' spoliation and drive up SiteOne's costs. SiteOne, however, believes that any motion practice should wait until: (1) the forensic analyses of Vic's and Don's phones have been completed; (2) SiteOne has produced responsive text messages to Defendants; and (3) after the parties have fully exhausted their meet and confer efforts over Defendants' proposed search parameters. SiteOne thus proposes that the parties file on April 4 any motions related to the above issues, or, if no motions need to be filed, a joint status report outlining a proposed schedule for the remaining discovery in this case.

## **DEFENDANTS' POSITION**

**I.    Defendants' Depositions and Forensic Analysis**

Pursuant to the Court's February 10, 2025 Order (the "Order," ECF No. 190), Don and Vic's cell phones and the hard drive of Don's phone, are to undergo forensic examination to search for text messages between Don and Vic, for the relevant time period, at SiteOne's expense. To this end, SiteOne has sent Defendants a proposed forensic discovery protocol. Defendants have several concerns with the proposed protocol to ensure adequate protection of Don and Vic's privacy in accordance with the Order. By way of example, Defendants have raised an issue concerning the selection of, and engagement with, the forensic examiner. Under the protocol proposed by SiteOne, SiteOne designated a company that its counsel may have a pre-existing relationship with as the forensic examiner, and in addition, it designated itself as the party engaging and contracting with that company. This does not adequately protect Don and Vic's privacy interests given that included in the extraction of text messages from each phone is presumably a subset of texts of a sensitive and personal nature, and whatever company is chosen to conduct the forensic examination will have access to those texts and will be responsible for maintaining the privacy of those texts.[2] In this context, Defendants believe that they should have a contractual, or third-party beneficiary relationship, with the vendor. SiteOne agreed to provide Defendants with names of other proposed vendors, and Defendants intend to do the same.  The parties, however, have not yet come to an agreement.

---

[2] Also, by way of example, the manner in which the collection would be done, and details as to scope, have not been fully delineated.

*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

Another issue raised by the Proposed Protocol is that it calls for the production of both Don and Vic's cell phone contact lists to the forensic examiner. The Court ordered forensic discovery to search for text messages between Don and Vic. Access to Don and Vic's personal cell phone contact lists is well beyond the scope of the Order. The parties intend to meet and confer regarding these concerns next week. At this juncture, Defendants are hopeful the issues can be resolved without the need for Court intervention.

Relatedly, SiteOne recently served subpoenas *duces tecum* on Nextpoint and WeRecoverData, vendors retained by Milman Labuda Law Group PLLC. Defendants object to these subpoenas to the extent they call for the production of attorney work product. Defendants have offered to meet and confer with SiteOne, but if they are not able to resolve Defendants' concerns, Defendants plan to move to quash.

## II.     Defendants' Discovery Requests to SiteOne

Plaintiff continues to resist the production of relevant emails and text messages – evidence crucial to Defendants' defense. Some progress has been made. However, it appears that Defendants will have no choice but to refile a motion to compel on remaining issues.[3]

With respect to emails, as an initial matter, Plaintiff agreed that it would run Defendants' search terms across 16 custodians and produce the resulting "hit counts." SiteOne claims that it sent the "hit counts" on February 24, 2025, but that is not accurate. Defendants sent a "documents list," not hit counts. Defendants still await the hit counts, *i.e.*, how many times the proposed search terms "hit." Additionally, Plaintiff continues to argue that the production of text messages and certain emails are not proportional to the needs of the case. This is preposterous. The evidence sought is highly relevant, and indeed, critical to the defense as it would go to very grounds and motivation for bringing this vendetta lawsuit. Moreover, Plaintiff chose to bring this lawsuit and has not hesitated to inundate Defendants with discovery demands and motion practice. For SiteOne to complain now about cost when it comes to its production of documents to Defendants, is typical SiteOne hypocrisy.

Furthermore, Plaintiff claims that it would cost an estimated $400,000.00 to produce documents from a total pool of 203,704 documents that resulted from running Defendants' search terms. As an initial matter, this estimate is grossly inflated because almost all of it was SiteOne's estimate of what attorneys' fees it would incur. If that were the standard, no discovery would be warranted. Plaintiff chose to bring this lawsuit. Defendants are entitled to relevant evidence. In addition, the *actual* e-discovery cost, by SiteOne's own estimate, would be approximately $45,000, and that is a typical cost of litigation in the age of e-discovery. In addition, the pool of documents referenced by SiteOne is likely greatly exaggerated because Defendants offered, and SiteOne agreed, to rerun the searches without the @troutman.com e-mail domain, which, in all likelihood will greatly reduce the pool of documents. For instance, excluding Don's own emails (over 146,000), and useless attorney correspondence from the emails already produced by SiteOne, the entirety of potentially useable emails produced decreased dramatically from 1,051 to 661 emails.

---

[3] Defendants' prior motion to compel was withdrawn without prejudice based on representations made by SiteOne at the February 10, 2025 hearing (ECF No. 190).

*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

Thus, SiteOne's claim that it should be excused from producing highly relevant documents on a proportionality argument is misplaced. After two years of litigation, despite SiteOne claiming that it has produced over a million pages of discovery, in reality, it has produced, essentially, 661 emails.

Finally, with respect to the production of text messages, Defendants have been more than cooperative, having reduced their initial number of custodians from 24 to 13 and, most recently, to 10. SiteOne, however, refuses to even look for responsive documents in the possession of those custodians, with the exception of three custodians that SiteOne, itself, cherry-picked. If SiteOne is not willing to meet Defendants and produce text messages from the ten custodians remaining out of Defendants' initial list of 24, Defendants will be forced to refile their motion to compel on this issue as well.