# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 11, 2025

<u>**VIA ECF**</u>
Hon. Steven I. Locke
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
              Case No. 2:22-cv-5204

Dear Judge Locke,

      This firm represents all Defendants in the above-referenced action. On behalf of Defendants, we respectfully submit this letter motion for an order, pursuant to Fed. R. Civ. P. 45, quashing subpoenas duces tecum issued by Plaintiff to two consultants retained by this firm, in connection with this litigation, NextPoint Law Group, Inc. ("NextPoint" and the "Nextpoint Subpoena") and WeRecoverData.com ("WRD" and the "WRD Subpoena")(true and correct copies of the NextPoint Subpoena and WRD Subpoena are attached hereto as Exhibit "A" and Exhibit "B", respectively). As discussed below, the NextPoint and WRD Subpoenas inappropriately call for the production of attorney work product, and, therefore, should be quashed.

      As the Court is aware, pursuant to the Court's February 10, 2025 Order granting in part and denying in part Plaintiff's motion to compel, Plaintiff was permitted to "conduct document/discovery-retention depositions of Defendants . . ." and to procure forensic examinations of "Vic's and Don's smart phones . . . and Don's phone hard drive for the relevant period." ECF No. 190. In accordance with the Court's Order, depositions of Vic and Don are scheduled to take place on March 13, 2025 and March 14, 2025, respectively, and the parties are currently finalizing a forensic discovery protocol pursuant to which the so-ordered forensic examinations will be conducted.

      In addition to the court-ordered discovery, on February 25, 2025, Plaintiff issued the NextPoint Subpoena to NextPoint seeking the production of "all documents and communications from January 2022 to the present concerning NextPoint, Inc.'s services provided to Dominick 'Don' Caroleo (and/or his attorneys), expressly including Nextpoint Inc.'s work with respect to the UFDR files from WeRecoverData." <u>See</u> Exhibit "A." On the same day, Plaintiff issued the

WRD Subpoena to WRD seeking the production of "all documents, communications, and invoices related to all work performed for Dominick 'Don' Caroleo from January 2022 to the present." See Exhibit "B." Both Subpoenas are returnable on March 12, 2025.

NextPoint is an e-discovery vendor that this firm retained on June 6, 2024 to provide e-discovery services in connection with this action. All work performed by NextPoint that has any relation to this action, was performed at the direction of this firm, pursuant to the June 6, 2024 retainer. Likewise, all documents, communications, and invoices that were generated or received by NextPoint that in any way relate to this action, including all documents and communications sought by the NextPoint Subpoena, were generated and/or received in the course of, or in connection with, the work performed by NextPoint at the direction of this firm pursuant to the June 6, 2024 retainer. Accordingly, the documents and communications that Plaintiff seeks to acquire via the NextPoint Subpoena constitute attorney work product.

WRD is a forensic data recovery vendor that this firm retained on July 11, 2023, in connection with this litigation, to perform a forensic extraction of data from Don's phone. The forensic extraction of data from Don's phone, was performed at the direction of this firm, pursuant to the July 11, 2023 retainer. Likewise, all documents, communications, and invoices that were generated or received by WRD that in any way relate to this action, including all documents, communications, and invoices sought by the WRD Subpoena, were generated or received in the course of, or in connection with, the forensic data extraction performed on Don's phone by WRD at the direction of this firm, pursuant to the July 11, 2023 retainer. Accordingly, the documents, communications, and invoices that Plaintiff seeks to acquire via the WRD Subpoena constitute attorney work product.

The work product doctrine "shields from disclosure materials prepared in anticipation of litigation by a party or the party's representative, absent a showing of substantial need." United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995)(internal quotation and citation omitted). Because "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial, [the work produce rule] extends to material prepared by agents for the attorney as well as those prepared by the attorney himself." United States v. Nobles, 422 U.S. 225, 238-39, 95 S. Ct. 2160, 45 L.Ed. 2d 141 (1975).

For the work product doctrine to be applicable, a party must show that the material sought is "[a] . . .a document or tangible thing, [b] that was prepared in anticipation of litigation, and [c] was prepared by or for a party, or by his representative." Allied Irish Banks, P.L.C, v. Bank of Am., Inc., 252 F.R.D. 163, 173 (S.D.N.Y. 2008). In this case, as set forth above, the NextPoint and WRD Subpoenas seek documents, communications, and invoices, none of which would have been prepared but for this litigation, and all of which were prepared at this firm's direction by this firm's agents. Accordingly, the work product doctrine is applicable and the subpoenas should be quashed.

On March 10, 2025, the parties met and conferred regarding the NextPoint and WRD Subpoenas, but did not reach a resolution. During the meet and confer, Plaintiff's counsel was advised that all work performed by NextPoint and WRD in connection with this case was performed by agents of this firm, and that, therefore, the documents, communications, and invoices

2

sought via the NextPoint and WRD Subpoenas constitute attorney work product. Defendants therefore asked that Plaintiff withdraw its subpoenas. Plaintiff's counsel, however, declined Defendants' request, apparently because, for some reason, Plaintiff has concluded (incorrectly and without any supporting evidence whatsoever) that Don, and not this firm, retained NextPoint and WRD. Plaintiff's baseless conclusion notwithstanding, as set forth above, and as Plaintiff was advised, the work from which the subpoenaed documents derive was performed pursuant to this firm's (not Don's) retainers with NextPoint and WRD, specifically for this litigation.

Accordingly, Defendants respectfully request an order quashing the NextPoint and WRD Subpoenas in their entirety.

Thank you for your attention to this matter.

Respectfully Submitted,

*Colleen O'Neil*

Colleen O'Neil

cc:   All counsel of record (Via ECF)
      NextPoint Law Group, Inc. (via e-mail)
      WeRecoverData.com (via e-mail)