# EXHIBIT 2

Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. Evan Gibbs III**
evan.gibbs@troutman.com

August 2, 2024

**VIA E-MAIL**

MILMAN LABUDA LAW GROUP PLLC
Michael Mule
Rob Milman
Colleen O'Neil
Nicole Koster
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073
michaelmule@mllaborlaw.com
rob@mmmlaborlaw.com
nkoster@mllaborlaw.com
colleen@mllaborlaw.com

RIVKIN RADLER LLP
Kenneth Novikoff
Michael Impelizeri
926 RXR Plaza
Uniondale, New York 11556-0921
ken.novikoff@rivkin.com
michael.impellizeri@rivkin.com

Re:   SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.
      Civil Action No. 2:23-cv-02084-GRB-SL

Counsel:

I write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to follow up on our meet and confer efforts to date and to respond to the Don Defendants' August 1 letter.

By way of summary, SiteOne remains highly concerned at Defendants' collective delay of the discovery process, which is in direct contravention of the representations both parties made to the Court in May. SiteOne is ready, willing, and able to provide its supplemental discovery responses today as promised in SiteOne's July 25 letter. However, and in a final effort to avoid motion practice, SiteOne is agreeable to the Don Defendants' proposal in yesterday's letter of August 1 for a simultaneous exchange by **all** parties of their respective supplemental interrogatory and RFP responses on August 12.

For the avoidance of doubt, we emphasize two points: (a) the Don Defendants promised in their August 1 letter not just a production but a "substantial" production, and (b) we are not going to repeatedly engage in this exercise just because the Vic Defendants have been, as detailed below, inexcusably slow in their responses, production, and dialogue, so SiteOne demands that the Vic Defendants also provide their supplemental interrogatory and RFP responses by August 12.

**I.      Status of the Parties' Discovery Responses.**

SiteOne served each Defendant with a set of interrogatories and requests for production on April 24. Defendants served their objections and responses on June 10. Defendants asserted blanket objections and refused to produce documents in response to the vast majority of the RFPs and refused to answer most of SiteOne's interrogatories. Eight days later, on June 18, SiteOne sent Defendants a detailed deficiency memorandum outlining with specificity the deficiencies with Defendants' responses and objections to SiteOne's discovery requests.

Starting six days later, SiteOne engaged in extensive and good faith meet and confer calls on June 24 and 28, and July 11, 12, 18, and 19 to discuss Defendants' objections and responses. All told, the parties spent more than 10 hours on video calls discussing Defendants' objections and the lack of substantive responses. Throughout each meeting, the undersigned explained—repeatedly and in great detail—why SiteOne is entitled to the information requested, and SiteOne also narrowed the scope of several interrogatories and RFPs where appropriate in the spirit of good faith.

The parties completed their conferral with respect to Defendants' responses and objections to SiteOne's interrogatories during the June 28 session. Defendants indicated they would be supplementing many (if not most) of their responses. On July 1, the undersigned emailed all counsel for Defendants (six lawyers in total) and specifically asked that Defendants' supplemental interrogatory responses be provided by Friday, July 12. This request was consistent with Defendants' counsel's statement during the June 28 meeting that Defendants should be able to supplement their interrogatories the week of July 12.

When the parties met and conferred on July 12 with respect to Defendants' objections to SiteOne's RFPs, the undersigned asked Defendants' counsel if SiteOne would receive the supplemental interrogatories that day. Defendants' counsel stated they had missed the undersigned's July 1 email (again, six of Defendants' attorneys were copied on that message) and that Defendants were not prepared to provide supplemental responses that day. Defendants' counsel did not provide an alternative date to provide the supplemental interrogatory responses despite the undersigned's request.

The parties met and conferred on July 11, 12, 18, and 19 to address Defendants' deficient responses to SiteOne's RFPs. To provide Defendants with full transparency into SiteOne's document production efforts, during these meetings the undersigned explained to Defendants' counsel the number of attorneys SiteOne has had reviewing documents, the approximate number of documents searched at the time of the calls, the number of custodians for whom we had collected data, and the type of data collected and searched. Despite requests for the same information from Defendants, Defendants have still not provided any details as to the status of their document review and production.



On July 25, the undersigned sent an extensive correspondence to Defendants summarizing and outlining the discovery issues to date, and included a chart identifying the custodians for whom SiteOne has collected and searched data; the applicable date ranges for each search; the RFPs to which the search terms are responsive; the number of hits for each search term; and the number of documents produced to date responsive to each search term

SiteOne's July 25 letter demanded that Defendants provide their supplemental responses to SiteOne's interrogatories by July 31—which is 33 days after SiteOne and Defendants completed their meet and confer efforts concerning the interrogatories. As of today, none of the Defendants have provided supplemental interrogatory responses. No excuse or justification has been given for the delay of more than a full month in providing same.

SiteOne's July 25 letter further demanded that Defendants provide their supplemental responses to SiteOne's RFPs by August 2. The Don Defendants have, at least implicitly, acknowledged they are not meeting that deadline via their August 1 letter. The Vic Defendants have inexplicably completely ignored SiteOne and have given no indication as to when they will provide their supplemental RFP or interrogatory responses.

Defendants' refusal to provide SiteOne with supplemental discovery responses leaves SiteOne in an untenable position. SiteOne cannot issue critical third-party subpoenas (for additional banking and other financial information, cell phone provider data, documents from third-party witnesses, etc.). SiteOne also cannot identify at this juncture which of SiteOne's specific interrogatories and RFPs remain in dispute after SiteOne's extensive meet and confer efforts because Defendants have refused to timely provide supplemental responses.

As stated above, SiteOne agrees to the Don Defendants' proposal for a simultaneous exchange by the parties of their respective supplemental interrogatory and RFP responses on August 12 and expects the Vic Defendants to provide their supplemental interrogatory and RFP responses on that date as well.

**II.      Status of the Parties' Searching and Production Efforts.**

   **A.      Defendants' Efforts to Date.**

SiteOne's July 25 letter also demanded that Defendants provide, by July 31, the same information SiteOne has provided Defendants identifying the custodians and data sources searched; the search parameters used to search for responsive documents; and Defendants' progress on searching for, reviewing, and producing documents. The Vic Defendants, again, have ignored that demand completely.

On August 1, the Don Defendants provided a chart identifying only which search terms have been run on unidentified "email" data for Don Caroleo. The Don Defendants do not provide any details as to whether they have searched Don's text messages (presumably they have not, even though that has been demanded expressly by SiteOne) or which email accounts have been searched. The Don Defendants' August 1 letter omits any detail as to their progress on reviewing and producing documents. They also provide no explanation for the date filters applied.



By August 7, SiteOne asks that the Don Defendants provide the additional search, review and production data already requested in SiteOne's July 25 letter which was omitted from the August 1 letter, namely whether the Don Defendants have run any search terms against Don's text message data, and if not, an explanation as to why not. The Don Defendants should also confirm which email account(s) have been searched as to Don Caroleo and each entity.

SiteOne also demands that the Vic Defendants provide, delineated by Defendant, the same information by August 7: the search terms used, the date ranges applied, the data sources searched (and whether that includes the text message data for Vic and Nick), and the number of documents hitting on each search term. SiteOne will provide additional proposed search parameters to the Don Defendants to use to search their clients' data first thing next week.

At the hearing before the Court on May 30, Defendants' counsel not only committed to quickly moving through document production in this case, but also expressly represented—both to the Court and in informal conferences with SiteOne's counsel—that Defendants were far along in the data and document collection and review process. All parties have stated their productions would be on a rolling basis.

With respect to the production of documents, on June 11 the Vic Defendants produced 17 documents and the Don Defendants produced two. On July 2, the Don Defendants produced an additional 65 documents. The Vic Defendants have not produced any other documents since June 11.

SiteOne further demands that all Defendants provide by August 7 a summary of the number of documents reviewed to date, the number of documents left to be reviewed, and the target date to complete the review the responsive documents.

    **B.    SiteOne's Efforts to Date.**

As of today, SiteOne has reviewed 20,973 documents responsive to SiteOne's original search terms. SiteOne has 11,904 documents left to review from that set. We still anticipate completing our review by or before August 14 as we've stated previously. The Don Defendants—by contrast—have only identified 2,703 documents responsive to their search terms and have provided no information as to how many of those documents have been reviewed to date, or when they plan to finish that review. The Vic Defendants, again, have provided no data whatsoever as to their search terms or progress. This is particularly troubling given Defendants, as the bad actors, have exclusive possession, custody, and control of the relevant and responsive information.

SiteOne has made rolling productions to Defendants on June 10, June 24, and July 26, producing a total of 147 documents excluding the documents from the corporate SiteOne email accounts of Don and Nick. We will continue our rolling productions, and plan to have another production released next week (by August 8) of approximately 250 additional documents. SiteOne anticipates that it will be substantially or fully finished with its document production by or before August 31.



SiteOne has also developed and run additional search terms to address the issues discussed during our July 25 and 26 calls.[1] Those additional search terms (including the requests to which each corresponds) are reflected in the enclosed spreadsheet along with the associated hit counts. Those additional search terms pertain to requests for production 14, 16-19, 31, 36-37, 65, 86-87, 111, and 114-115.

SiteOne is willing to review and produce responsive documents which hit on the terms in Rows 12-16 and 18-24 of the enclosed spreadsheet. This amounts to approximately 4,300 additional documents to review, which translates to about 60-70 hours of additional reviewer time. The hit counts for the search terms in Rows 17, 25, and 26 are too high and would constitute an undue burden on SiteOne to be reviewed. We are of course willing to meet and confer on modifications for any of these terms if Defendants would like to propose modifications.

With respect to the timing of completing the review of documents responsive to the new search terms proposed by SiteOne, we anticipate we will complete our review and production of those materials on or about August 21.

Concurrent with the document review process above, SiteOne is continuing to search for and produce additional responsive documents, including documents supporting and relating to SiteOne's trade secrets, Computer Fraud and Abuse Act, and damages claims. (Also note that two of the new search terms pertain directly to SiteOne's trade secrets claims and are based on language proposed by Mr. Mule and discussed by the parties during our July 26 meet and confer conference.)

To the extent Defendants continue to refuse to comply with their discovery obligations, SiteOne will be left with no option but to seek judicial intervention. In the interim, all rights reserved.

Thank you.

John "Evan" Gibbs III

---

[1] Also note that SiteOne fixed the search term in Row 5 to include the correct web address of "lccsny.com." SiteOne will review the documents hitting on that term for responsiveness.

| Terms | Date Range | Custodians | Corresponding Don Caroleo Request # | Corresponding Nick Giordano and Vic Caroleo Request # | # of Hits + Attachments |
|---|---|---|---|---|---|
| (Acquire or purchase or buy or asset purchase or agreement) and garden dept | 1/1/2019 to 12/31/2020 | 1. Baratian, Melissa<br>2. Black, Doug<br>3. Brisendine, Briley<br>4. Catalono, Anthony<br>5. Valentin, Ana<br>6. Justice, Jerry<br>7. Recchion, Justin<br>8. Guthrie, John<br>9. Salmon, Scott<br>10. Jones, Barbara<br>11. Dannenbaum, Brad<br>12. Klump, Emmanual<br>13. Heustess, Amy | 114; 115 | | 6,689 |
| (hire* or job offer or offer or employment) and (Don or Nick or Nicholas or Giordano or Caroleo) | 1/1/2019 to 5/5/2020 | 1. Ketter, Joe<br>2. Valentin, Ana<br>3. Jones, Barbara | 112 | | 7,143 |
| (Compensation or payments) and (Don or Caroleo) | 1/1/2019 to present | 1. Black, Doug<br>2. Brisendine, Briley<br>3. Caroleo, Don<br>4. Justice, Jerry<br>5. Koch, Taylor | 38 | 61 | 7,765 |
| (heidrich w/2 frederick or lc consulting or lccsny.com) | 1/1/2019 to present | 1. Caroleo, Don<br>2. Giordano, Nick | 15; 92; 93 | 15 | 46 |
| (new business or competing business or new company or competing company) and (Don or Nick or Nicholas or Giordano or Caroleo) | 1/1/2019 to present | 1. Black, Doug<br>2. Brisendine, Briley<br>3. Caroleo, Don<br>4. Catalono, Anthony<br>5. Giordano, Nick<br>6. Passaro, Gerard<br>7. Peattie, Kevin<br>8. Sausto, Phil<br>9. Trama, Alex | 10; 27; 32; 58; 59; 60; 95; 96 | 10; 58; 59 | 3,632 |
| (camera or security system or DVR or remote monitoring) and (Don or Nick or Nicholas or Giordano or Caroleo) | 9/1/2022 to present | 1. Catalono, Anthony<br>2. Passaro, Gerard<br>3. Trama, Alex<br>4. D'Onofrio, Jesse<br>5. Thistle, Greg | 13; 82; 86; 88; 89 | 13; 56; 57 | 711 |
| ((theft or steal* or stole* or missing or raid) and (cabinet or files or paper or computer or laptop)) and (Don or Nick or Nicholas or Giordano or Caroleo) | 9/1/2022 to present | 1. Caroleo, Don<br>2. Catalono, Anthony<br>3. Giordano, Nick<br>4. Passaro, Gerard<br>5. Peattie, Kevin<br>6. Sausto, Phil<br>7. Trama, Alex<br>8. Thistle, Greg<br>9. D'Onofrio, Jesse | 11; 12; 30; 55; 56; 57; 58; 59; 60; 87; 93 | 11; 12; 55; 56; 57 | 2,048 |
| (dumpster or computer or laptop or desktop) and (Don or Nick or Nicholas or Giordano or Caroleo) | 9/1/2022 to present | 1. Caroleo, Don<br>2. Giordano, Nick<br>3. Passaro, Gerard<br>4. Trama, Alex<br>5. D'Onofrio, Jesse<br>6. Marx, Theresa | 11; 30; 56; 57; 58; 59; 60; 82; 83; 88; 89; 93 | 11; 56; 57 | 721 |
| (Terminat* or fire or let go or last day) and (Don or Nick or Nicholas or Giordano or Caroleo) | 9/1/2022 to present | 1. Black, Doug<br>2. Brisendine, Briley<br>3. Caroleo, Don<br>4. Catalono, Anthony<br>5. Giordano, Nick<br>6. Ketter, Joe<br>7. Thistle, Greg<br>8. Justice, Jerry<br>9. Kersnowski, Brian | 23; 39; 40; 42; 43; 44; 45; 46; 47; 48; 49; 50; 51; 54 | 22; 24; 26; 28; 30; 32; 33; 51; 54 | 4,993 |
| 38 Yaphank or Middle Island Road or horseblock or horse block or narrow way 2 | N/A | All | 10; 27; 32; 58; 59; 60; 95; 96 | | 365 |
| (Access* Or back up or backup) and (network or computer or server) and (Don or Nick or Giordano or Caroleo) | 10/1/2022 to 5/1/2023 | 1. Caroleo, Don<br>2. Giordano, Nick<br>3. Passaro, Gerard<br>4. Trama, Alex<br>5. D'Onofrio, Jesse<br>6. Marx, Theresa | 89, 91 | | 176 |
| (Verizon) and (Nick or Giordano) | 1/1/2023 to 4/1/2023 | 1. Thistle, Greg<br>2. Catalano, Anthony<br>3. Giordano, Nick | 14 | | 280 |
| (current employee) and (Yaphank or Middle Island Road) and (new) | 1/1/2023 to 3/1/2023 | 2. Passaro, Gerard<br>3. Sausto, Phil<br>4. Trauma, Alex<br>5. D'Onofrio, Jesse<br>6. Marx, Theresa | 16 | | 0 |
| (solicit* or hir*) and siteone and employee* and (Nick or Don or Vic) | 1/1/2023 to present | 2. Passaro, Gerard<br>3. Sausto, Phil<br>4. Trauma, Alex<br>5. D'Onofrio, Jesse<br>6. Marx, Theresa<br>7. Peattie, Kevin | 17, 18 | | 1,838 |
| Scapes | 2/1/2023 to present | 2. Passaro, Gerard<br>3. Sausto, Phil<br>4. Trauma, Alex<br>5. D'Onofrio, Jesse<br>6. Marx, Theresa | 19 | | 916 |
| Don or Vic or Nick | 3/1/2023 to present | 2. Passaro, Gerard<br>3. Peattie, Kevin<br>4. Sausto, Phil<br>5. Trama, Alex<br>6. Thistle, Greg<br>7. D'Onofrio, Jesse<br>8. Marx, Theresa | 27-29 | | 46,707 |
| (late or "after dark") and Nick | 1/1/2023 to 3/1/2023 | Trama, Alex | 31 | | 0 |
| Brookhaven and (attorney or lawyer or Ormand) | 1/1/2023 to 3/1/2023 | 2. Passaro, Gerard<br>3. Peattie, Kevin<br>4. Sausto, Phil<br>5. Trama, Alex<br>6. Thistle, Greg<br>7. D'Onofrio, Jesse<br>8. Marx, Theresa | 36, 37 | | 102 |
| (trade secret) | 1/1/2020 to present | 1. Catalono, Anthony<br>2. Passaro, Gerard<br>3. Peattie, Kevin<br>4. Sausto, Phil<br>5. Trama, Alex | 65 | | 988 |
| (theft or steal* or stole* or missing or raid) and (confidential or "trade secret") | 9/1/2022 to present | 1. Catalono, Anthony<br>2. Passaro, Gerard<br>3. Peattie, Kevin<br>4. Sausto, Phil<br>5. Trama, Alex | 65 | | 933 |
| (remote* and monitor*) and (security or camera) | 1/1/2020 to 3/1/2023 | 1. Caroleo, Don<br>2. Giordano, Nick | 86, 89 | | 177 |
| (remote* and monitor*) and (security or camera) | 2/1/2023 to present | 1. Thistle, Greg | 86, 89 | | 429 |
| casper and laptop | 2/1/2023 to present | 2. Passaro, Gerard<br>3. Peattie, Kevin<br>4. Trama, Alex<br>5. Thistle, Greg<br>6. D'Onofrio, Jesse<br>7. Marx, Theresa | 87 | | 53 |
| (Garden Dep*) and (business plan or strategy or pro forma or forecast*) | 1/1/2019 to 12/31/2020 | 1. Baratian, Melissa<br>2. Black, Doug<br>3. Brisendine, Briley<br>4. Catalono, Anthony<br>5. Valentin, Ana<br>6. Justice, Jerry<br>7. Recchion, Justin<br>8. Guthrie, John<br>9. Salmon, Scott<br>10. Jones, Barbara<br>11. Dannenbaum, Brad<br>12. Klump, Emmanual<br>13. Heustess, Amy | 111, 114 | | 6,413 |
| (business plan or strategy or pro forma or forecast*) and (Coram or Dix Hills or Speonk) | 1/1/2020 to present | 1. Caroleo, Don<br>2. Giordano, Nick<br>4. Catalono, Anthony<br>5. Thistle, Greg<br>6. Justice, Jerry | 115 | | 4,613 |