# EXHIBIT 4

Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. E. Gibbs III**
evan.gibbs@troutman.com

January 3, 2025

**VIA E-MAIL**

Coleen O'Neil
Michael C. Mulè
Richard Milman
James Orioli
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Colleen@mllaborlaw.com
MichaelMule@mllaborlaw.com
rich@mmmlaborlaw.com
James@mllaborlaw.com

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**

Dear Counsel:

We write in response to your email dated November 27 outlining purported deficiencies with SiteOne's production. As an initial matter, SiteOne has been completely transparent throughout the discovery process about the data it has searched; the methods, parameters, and search terms used to search that data; and SiteOne's progress of searching for and producing relevant documents. The parties conducted countless hours of meet and confers concerning the parties' discovery efforts. Defendants have had this information since July.

Now, in a thinly veiled attempt to distract from its own discovery deficiencies, Defendants take issue with the scope of SiteOne's discovery responses and production efforts. To date, SiteOne has reviewed more than 25,000 individual documents that hit on the search terms negotiated by SiteOne with Defendants and spent more than $250,000 in technical and non-technical expenses related to the collection, review, and production of such documents.

With this backdrop, we address the issues set forth in Defendants' November 27 email.

**Text Messages**

In Defendants' November 27 email, Defendants request the production of all text messages from 13 individuals from September 1, 2023 to the present referencing in any manner: Don Caroleo, Nick Giordano, Vic Caroleo, Rose Casper, and Scapes Supply. This request is plainly overbroad and unduly burdensome.



January 3, 2025
Page 2

In an email dated September 5 memorializing a meet and confer between the parties from the previous day, SiteOne agreed to consider attempting to collect and search text messages for a *limited number* of SiteOne employees. Defendants then provided a list of 24 individuals whose text messages they wished to be searched. SiteOne responded in a September 23, 2024 letter, explaining that doing so would cost between $150,000 and $320,000 for the collection of data, text message data extraction charges, searching charges, and hosting charges. That figure did not include the time it would take to review the text messages, which would be thousands of dollars per device.

SiteOne therefore requested that Defendants provide a "reasonable and proportional list of individuals for whom Defendants wish text message searching to be conducted," and that Defendants "explain the relevance of each identified individual and an explanation as to proportionality." *See Mandell v. The Maxon Co.*, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("The party seeking discovery bears the burden of initially showing relevance." (citation omitted)). SiteOne further stated that it would take the list into consideration; and that SiteOne would be willing to discuss the collection, search, review and production of text message data from a limited number of individuals.

Defendants' November 27 email now provides a list of 13 individuals "in an effort to compromise." These individuals include (i) Doug Black; (ii) Lynn Fracassi; (iii) Brian Kersnowski; (iv) Kevin Peattie; (v) Brian Hoffman; (vi) Anthony Catalano; (vii) Alex Trauma; (viii) Phil Sausto; (ix) Anthony Ferrante; (x) Greg Thistle; (xi) Gerard Passaro; (xii) Joe Ketter; and (xiii) Jerry Justice. Defendants do not explain how text message data from any of the individuals identified may be relevant to the claims or defenses in this action. Defendants do not and cannot justify how searching the text message data for these 13 individuals is proportional to the needs of this case.

Significantly, Defendants seek text messages from the above-referenced 13 individuals for the time period from September 1, 2023 to the present. Defendants fail to explain how any such text messages are relevant to this action. Don's employment with SiteOne ended on October 19, 2022, Vic's employment with SiteOne ended effective October 21, 2022, and Nick was terminated from SiteOne on February 20, 2023. Further, this action relates to *Defendants' wrongdoings*; it is extremely unlikely that any of the individuals for which Defendants seek text messages contain any text messages relevant to this action, *especially* text messages from the time period of September 2023 to the present.

Therefore, SiteOne objects to Defendants' request that SiteOne collect, search, and produce data from the above-referenced 13 individuals. Defendants' request is an unduly burdensome exercised sought for the sole purpose of driving up SiteOne's costs in litigating this action and is disproportionate to the needs of the case.

**SiteOne's Discovery Responses**

In their November 27, 2024 email, Defendants allege that SiteOne's discovery responses are deficient. As an initial matter, Defendants do not specify whether the allegedly deficient responses

January 3, 2025
Page 3



to the RFPs mentioned in the November 27 email pertain to the RFPs issued by the Vic Defendants or the Don Defendants. This lack of clarity makes it impossible for SiteOne to separately address each RFP identified.

Defendants have been in possession of SiteOne's search parameters since August 2 which resulted after tens of hours of meet and confer sessions. We negotiated our search parameters with Defendants and reviewed thousands of additional documents and incurred of thousands of additional dollars in review fees based on Defendants' additional requests. We thoroughly explained—repeatedly and in great detail—what RFPs the search parameters related to, and we included the additional ones Defendants requested.

Defendants expressly agreed to SiteOne's process and failed to raise any objections—that is, until now, almost four months later when Defendants are in the position of having to defend their own discovery processes.

As stated above, SiteOne has been completely transparent about the document collections and searches it has undertaken since the inception of discovery in this action. SiteOne has disclosed far more information than is required, even permitting Defendants to propose additional search terms, resulting in thousands of dollars of additional costs to SiteOne in searching, reviewing, and producing documents that hit on these additional search terms. *See Beaton v. Verizon New York, Inc.*, 2020 WL 6449235, at *4 (E.D.N.Y. Nov. 3, 2020) (upon a dispute regarding search terms, the court explained that where defendant provided hit reports for terms proposed by plaintiff and invited plaintiff to propose "additional targeted searches," which plaintiff failed to do, the court could not be expected to step in and address the issue as courts "encourage and expect" cooperation among counsel when it comes to crafting search terms).

It is not lost on SiteOne that Defendants have failed to extend the same courtesy to SiteOne despite numerous requests and clear direction from the Court to do so.

To be clear, SiteOne has gone above and beyond throughout the discovery process, doing far more than is required. *See e.g.*, *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2–3 (S.D.N.Y. Sept. 12, 2014) (upholding denial of motion to compel production where defendant reviewed millions of documents and produced nearly hundreds of thousands in the case, as the "Federal Rules of Civil Procedure do not require perfection"). SiteOne thus objects to Defendants' request that it disclose what steps were taken to locate documents responsive to specific RFPs identified in Defendants' email dated November 27.

**Search Terms and Custodians**

Defendants' November 27 email requests that SiteOne search the emails of 13 specific custodians using certain search terms for the time period from September 1, 2023 to the present. As an initial matter and as stated above with respect to Defendants' request related to text messages, there is simply no explanation as to how documents from September 1, 2023 to the present are relevant to this action. SiteOne first objects on this basis.

January 3, 2025
Page 4



Further, as Defendants are aware, SiteOne has already searched the emails of all but three of these individuals (Lynn Fracassi, Brian Hoffman, and Anthony Ferrante), and Defendants offer no explanation as to the relevance of these three additional custodians or why Defendants believes they may have documents relevant to the claims and defenses in this action. *See Raine Grp. LLC v. Reign Cap., LLC*, No. 21CV1898JPCKHP, 2022 WL 538336, at *3 (S.D.N.Y. Feb. 22, 2022) (finding that searching all files of all employees of plaintiff is "certainly overbroad," especially where plaintiff identified six employees as custodians whose emails and files likely contain relevant information and defendant failed to identify additional custodians likely to have relevant emails).

Were that not enough, Defendants already requested in July that SiteOne run three of the terms requested in Defendants' November 27 email, namely the terms, "Don," Vic," and "Nick." In July, in response to Defendants' request, SiteOne ran those terms across eight custodians which returned tens of thousands of hits. SiteOne told Defendants that this was overly burdensome to review and that SiteOne would not be reviewing the documents responsive to these terms due to number of hits. This was explained to Defendants in SiteOne's August 2 letter (page 5).

Defendants' November 27 proposal adds a total of five more custodians and 12 more search terms to what SiteOne searched in July. First, with respect to the custodians, SiteOne has not collected email data for three of them—Lynn Fracassi, Brian Hoffman, and Anthony Ferrante—because SiteOne has never identified them as being relevant custodians. Defendants have been aware of the custodians for whom SiteOne has collected data since July, and Defendants have not—before now—raised any issues with the sufficiency of those custodians or identified additional ones they think relevant. SiteOne has already collected and searched the data of **24** separate SiteOne employees. SiteOne objects to collecting data for any more custodians.

That being said, SiteOne ran the terms proposed in Defendants' November 27 email across the custodians identified in the November 27 email for which SiteOne has collected data (Doug Black, Brian Kersnowski, Kevin Peattie, Anthony Catalano, Alex Trauma, Phil Sausto, Greg Thistle, Gerard Passaro, Joe Ketter, and Jerry Justice) to determine how many documents hit on the search terms provided for the requested custodians in Defendants' November 27, 2024 email.

The results were, unsurprisingly, so voluminous so as to render Defendants' request unduly burdensome and disproportionate to the needs of the case. Defendants' search terms hit on 31,390 documents, with an additional 5,374 family members. Upon further review, SiteOne determined that many of these documents were hits simply because they include the word "don't," and were therefore hitting on the search term "Don." After removing "don't" from the hits, the volume remained 14,495 documents with 3,210 additional family members (for a total of 17,705 documents). Reviewing even the smaller subset of documents would require approximately 250 hours of review, resulting in well in excess of $100,000 in fees and costs.

Defendants have not provided any information as to how these additional searches are relevant to the case, especially given the significant time, hundreds of thousands of dollars, and

January 3, 2025
Page 5



---

extraordinary resources already expended by SiteOne in completing its document review and production. Defendants have also given no explanation as to why they waited four months to propose additional search terms and custodians, or why the terms and custodians used thus far are insufficient.

SiteOne is willing to discuss Defendants' requests and SiteOne's objections thereto.

Sincerely,

John S. Gibbs III
Counsel for SiteOne Landscape Supply, LLC