# EXHIBIT 5

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. Evan Gibbs III**
evan.gibbs@troutman.com

January 17, 2025

**VIA E-MAIL ONLY**

MILMAN LABUDA LAW GROUP PLLC
Michael Mule
Colleen O'Neil
Joseph Labuda
James Orioli
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073

Re:   *SiteOne Landscape Supply, LLC v. Giordano, et al.*
      Civil Action No. 2:23-cv-02084-GRB-SL

Counsel:

I write to follow up to your firm's most recent letter dated January 15, 2025 and address the various discovery issues raised against SiteOne in your letter with respect to the above-referenced matter. The issues identified in your letter (and discussed during our call on January 8) related to Defendants' willful destruction of and failure to preserve their own emails and text messages are being addressed with the Court via motion practice.

### SiteOne's Email Searching Efforts

Your letter makes categorically false statements about SiteOne's searching of its emails. These statements were made in deliberate disregard as to the actual facts. With that in mind, we address these issues specifically, one at a time. If these falsehoods and misleading insinuations are repeated to the Court, we will seek sanctions.

- **False Statement 1:** "[SiteOne] has refused to include the thirteen custodians in email searches."

We have told you—repeatedly and in writing—that SiteOne has already searched the emails of <u>all but three</u> of the 13 individuals identified by Defendants. Those three individuals are Lynn Fracassi, Brian Hoffman, and Anthony Ferrante. For the latest installment of us advising you of this fact, see our January 3, 2025 letter.

I must ask, in all candor: Have you read our prior letters and emails on this issue? We've left no room for doubt as to the custodians who have been included in our email searches, having first

provided those to you last summer and countless times since then. In writing. On calls. In motions. There is no excuse for ignoring this fact.

With respect to the three excluded custodians, Lynn Fracassi is SiteOne's CEO's Executive Assistant. Our investigation has revealed no facts providing a basis for searching her data. Defendants have provided none.

With respect to Brian Hoffman, he previously worked with Don years ago (although not at one of the Garden Department legacy stores) but was transferred and ceased working with Don in January 2021. Our investigation has revealed no facts providing a basis for searching his data. Defendants have provided none.

With respect to Anthony Ferrante, he worked at SiteOne's Dix Hills and Coram locations during portions of the relevant time period. However, our investigation has not revealed any basis for adding Mr. Ferrante to our email searching efforts given his lack of involvement with the substantive issues in the case, especially considering we have already searched the emails for several other employees who worked for SiteOne at these locations.

- **False Statement 2:** "SiteOne refus[ed] to search for necessary, responsive texts and emails. Indeed, our November 27, 2024 email (annexed, sans attachment) gave very simple search terms," and "[SiteOne] has refused to even look, likely knowing that there exists responsive...emails that would be damaging to their case and establish the lack of any basis for this lawsuit."

First and foremost, we negotiated search terms with you in July and August 2024. We engaged in repeated video calls during which we discussed our search terms and custodians. We ran 15 additional search terms based on requests from Defendants. We quickly reported to you the results. We gave you the opportunity to propose additional terms or modifiers. We then reviewed and produced the responsive documents that hit 12 of the 15 the search terms. We have told you and the Court all of this at least a dozen times since then.

Although I have grown hoarse repeating this familiar refrain, I will nevertheless comprehensively address this issue yet again.

In July 2024, at Defendants' request, SiteOne searched 15 additional terms and phrases. Three of those are duplicative of the ones requested—again—in Defendants' November 27, 2024 email. Those are the terms, "Don," Vic," and "Nick." In July 2024, we ran those three terms across eight custodians which returned many thousands of hits. We told you all—repeatedly—that reviewing that many documents would be overly burdensome and not proportional to the needs of the case, and that SiteOne would not be reviewing the documents that hit on these three terms due to the high volume. See, for example, our August 2, 2024 letter and our letter of January 3, 2025.

In the six months since we reported those results to you all, Defendants have provided no basis as to why it would be proportional to the needs of this case for SiteOne to review every email over a multi-year period that contains the individual Defendants' first names. The cost and burden are not justified.

January 17, 2025
Page 3



Your January 15, 2025 letter and November 27, 2024 email further demand that SiteOne run additional search terms, namely the individual Defendants' last names and additional iterations of Defendants' first names (Caroleo, Giordano, Victor, Donnie, Donny, and Nicholas), along with the names "Scapes," "Rose," "Rosie," "Casper," "Janet," and "Damiano."

With respect to the term "Scapes," SiteOne already searched for emails using that word. We reviewed the 916 documents that hit on that term. Any that were responsive were produced to Defendants months ago. See, for example, our August 2, 2024 letter in which we confirmed to you all that we were reviewing those documents and would produce them.

With respect to Rose Casper, whose computer SiteOne alleges Nick absconded with around the time of his departure from SiteOne, SiteOne already searched for emails from seven custodians using the terms "Casper" and "laptop." We reviewed the 53 documents that hit on those terms and any that were responsive were produced months ago. See, again, our August 2, 2024 letter in which we confirmed to you all that we were reviewing those documents and would produce them.

With respect to Janet Damiano, she performed bookkeeping services for Don, Vic, and certain of the corporate Defendants. She was never a SiteOne employee, and we have no reason to believe SiteOne's email system would contain emails pertaining to her. She was the target of SiteOne's discovery efforts earlier in this case based on her knowledge of the finances of Defendants as their bookkeeper which knowledge SiteOne contended is relevant to the issue of Vic being Narrow Way's "beneficiary." The Court, however, denied SiteOne's request to seek discovery from Ms. Damiano at the October 15, 2024 hearing and SiteOne has since dropped the issue. Defendants offer no explanation as to why SiteOne should search its email data for materials containing her first or last name.

<u>Despite these facts, SiteOne nevertheless searched its email data for the specific terms identified in your November 27 letter</u>. As we told you in our January 3, 2025 letter, the new search terms hit on 31,390 documents, with an additional 5,374 family members. We also explained that we determined that many of these documents were hits simply because they include the word "don't," and were therefore hitting on the search term "Don." After removing "don't" from the hits, the volume remained 14,495 documents with 3,210 additional family members (for a total of 17,705 documents). We will repeat to you all again what we said on January 3, 2025: Reviewing this set of documents would require approximately 250 hours of review, resulting in well in excess of $100,000 in fees and costs.

Your letter of January 15, 2025 gives no substantive explanation whatsoever as to why SiteOne should undertake the task of reviewing these emails. Your January 15, 2025 statement that SiteOne has refused to search for documents is thus demonstrably false, and the insinuation that SiteOne is hiding something or refusing to cooperate is just not true.

To reiterate, yet again, SiteOne has already collected and searched the email data of 24 SiteOne employees. The collections consisted of millions of emails and other documents. SiteOne has individually reviewed more than 25,000 documents that hit on the search terms we negotiated

with you. We have produced in excess of 1,000 documents to Defendants, the collection, review, and production of which has cost hundreds of thousands of dollars. The documents produced to date show SiteOne's trade secrets misappropriated by Defendants; customer lists; detailed financial data; and relevant communications about the issues in this case, among many other things.

Defendants have not identified anything that they believe is missing from our productions and have given no explanation as to what they expect to see from further term searching and document reviews. Defendants have not otherwise cited to any facts or law supporting their demand that SiteOne engage in further email searching. *See Beaton v. Verizon New York, Inc.*, 2020 WL 6449235, at *4 (E.D.N.Y. Nov. 3, 2020) (in a dispute regarding search terms, the court explained that where defendant provided hit reports for terms proposed by plaintiff and invited plaintiff to propose "additional targeted searches," which plaintiff failed to do, the court could not be expected to step in and address the issue as courts "encourage and expect" cooperation among counsel when it comes to crafting search terms). SiteOne has fully met its obligations in this regard.

### SiteOne's Text Message Searching Efforts

SiteOne is evaluating Defendants' request to search text message data of certain of its employees. At this juncture, SiteOne will search the text message data of three of the individuals identified by Defendants: Joe Ketter, Greg Thistle, and Anthony Catalano. As described below, these individuals were directly and heavily involved with all of the events comprising the facts underlying the claims and defenses in this case and represent an appropriate and proportional data set to search for text messages relevant to this case.

Joe Ketter is SiteOne's Executive Vice President, Human Resources. He heads the SiteOne human resources organization. He was aware of the complaint and investigation into the sexual harassment complaint levied against Don; he was involved in the discussions surrounding the decision to terminate Don; and he was involved in the company's negotiating of Don's severance agreement. He was also directly involved with the decisions to terminate Nick and Vic, and he was present at Nick's termination meeting.

Greg Thistle has been SiteOne's Regional Vice President over the region which includes Long Island (i.e., the location for all of the SiteOne locations at issue in this case) during the relevant time periods of this case. He was personally involved in managing Don and Nick while they were employed by SiteOne and with managing their store locations. He was heavily involved in the investigation into Defendants' unlawful activities at and after their terminations from SiteOne. He was present during Nick's termination meeting. He has been heavily involved in the running of the SiteOne locations at issue in this case through the present. He also submitted a sworn declaration in support of SiteOne's initial filings in this case, testifying to many key facts in this case. [Dkt. No. 20.]

Anthony Catalano has been an Area Manager for SiteOne over the Long Island region during the relevant time periods of this case. Like Mr. Thistle, he was personally involved in managing Don and Nick while they were employed by SiteOne and with managing their store locations. He was heavily involved in the investigation into Defendants' unlawful activities at and after their

terminations from SiteOne. He has been heavily involved in the running of the SiteOne locations at issue in this case through the present. He also submitted a sworn declaration in support of SiteOne's initial filings in this case, testifying to many key facts in this case. [Dkt. No. 16.]

We are undertaking this effort now, without prejudice to our objections to relevance and burden, and will timely produce responsive text messages, if any, to Defendants on a rolling basis.

## Conclusion

SiteOne has gone above and beyond throughout the discovery process. We have been transparent at every turn, and we have dozens of emails, letters, and motions to confirm that fact. We have disclosed far more information than is required, even permitting Defendants to propose additional search terms, resulting in significant costs to SiteOne in searching, reviewing, and producing documents that hit on Defendants' additional search terms. Defendants' efforts to make new demands for additional email searching several months after SiteOne finished its document production is unreasonable and is clearly being used to distract from Defendants' own discovery problems.

Thank you.

J. Evan Gibbs III