# EXHIBIT 7

| | |
|---|---|
| **From:** | Gibbs, J. Evan |
| **Sent:** | Friday, February 28, 2025 10:42 AM |
| **To:** | Michael Mule; Joseph Labuda; Robert Milman; Colleen O'Neil |
| **Cc:** | Gorman, Daniel E.; Adler, Matt; Mulry, Kevin P. |
| **Subject:** | RE: Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al |
| **Attachments:** | SiteOne-Caroleo -- Feb 28 Status Report to Court (SiteOne's Portion).docx |

Mike –

Attached is our portion of the status report. Like last time, our portion is a little under 1.5 pages so that you can insert Defendants' half. I agree with your approach on timing, but let's agree to have this filed by 5:00. (My two kids (five and two) get home around 5:15 and it will be impossible for me to manage this filing after that point until 8:00 or later when they're in bed.) Can you please shoot your portion to us by 3:30 or 4:00? I doubt we'll have many (if any) counter-edits to our portion after receiving yours.

As you'll see in the attached, we are agreeable to your proposal below to exclude our firm's email domain from the search results to determine the extent to which that reduces to hit counts. We will do so and provide you with revised hit counts as quickly as possible.

With respect to the issues you identified with the forensic protocol, we are fine using a different vendor. We will provide a couple of alternative vendors to you next week. We do not agree, however, that Defendants will have control of the forensic analysis process as your email suggests or otherwise have the ability to unilaterally assign work to the vendor. The reasons we asked for the forensic analysis in the first place is that Defendants intentionally destroyed relevant evidence and botched the process of backing up one of their phones. Accordingly, the process must be transparent for SiteOne and we do not agree that Defendants need to be in "privity" with vendor. We can, however, make adjustments to the protocol to ameliorate your privacy concerns. We are fine with your proposal concerning the AEO designation of materials from the phones. We also think we can address the contacts list issue. We will send you a revised protocol early next week addressing these items.

As for your concern about multiple depositions, we do not see a reason why we would need depose Vic or Don a second time on the limited topics ordered by the Court on February 10. The depositions are limited to their document retention and deletion practices and conduct. I don't see how texts retrieved via the forensic analysis would necessitate a second deposition on those narrow issues. If we happen to recover any deleted text messages from their phones, such messages would be the subject of their normal FRCP 30 depositions.

With respect to SiteOne's text message searching, here is where we stand. As we explained previously, we collected text messages from the phones of Joe Ketter, Anthony Catalano, and Greg Thistle. Their individual text message data each predates the October 2022 relevant time period in this case (Catalano's texts go back to January 2017; Ketter's to August 2022; Thistle's to April 2021). We extracted all text messages with any of the persons listed in the chart below from each of their phones, applying no date restrictions or search term filters. The volume of text conversations and attachments are as follows (noting that each text conversation document contains all texts within each 24-hour day):

- Catalano: 1,246 conversations (2,018 docs including attachments);
- Thistle: 282 conversations (432 docs including attachments); and
- Ketter: 13 conversations (35 docs including attachments).

SiteOne's counsel will manually review all text messages and attachments dated October 1, 2022 through the present for responsiveness. We anticipate having those messages reviewed and produced to Defendants by March 14.

Thank you and let me know if we need to schedule a call. I can be available tomorrow afternoon.

| |
|---|
| Baratian, Melissa |
| Black, Doug |
| Brisendine, Briley |
| Caroleo, Don |
| *Catalano, Anthony* |
| D'Onofrio, Jesse |
| Dannenbaum, Brad |
| Ferrante, Anthony |
| Fracassi, Lynn |
| Giordano, Nick |
| Guthrie, John |
| Heustess, Amy |
| Hoffman, Brian |
| Jones, Barbara |
| Justice, Jerry |
| Kersnowski, Brian |
| *Ketter, Joe* |
| Klump, Emmanuel |
| Koch, Taylor |
| Marx, Theresa |
| Passaro, Gerard |
| Peattie, Kevin |
| Salmon, Scott |
| Sausto, Phil |
| *Thistle, Greg* |
| Trama, Alex |
| Valentin, Ana |

**J. Evan Gibbs**
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Michael Mule <MichaelMule@mllaborlaw.com>
**Sent:** Friday, February 28, 2025 10:40 AM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Joseph Labuda <joe@mllaborlaw.com>; Robert Milman <rob@mmmlaborlaw.com>; Colleen O'Neil <Colleen@mmmlaborlaw.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>; Michael Mule <MichaelMule@mllaborlaw.com>
**Subject:** RE: Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Are you available before 12 for a call?

Michael C. Mulè, Esq.
Partner
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
michaelmule@mllaborlaw.com
516 303-1442 office
516 328-0082  fax

Note:  The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.  Thank you.

---

**From:** Michael Mule <MichaelMule@mllaborlaw.com>
**Sent:** Thursday, February 27, 2025 3:21 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Joseph Labuda <joe@mllaborlaw.com>; Robert Milman <rob@mmmlaborlaw.com>; Colleen O'Neil <Colleen@mmmlaborlaw.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@FarrellFritz.com>; Michael Mule <MichaelMule@mllaborlaw.com>
**Subject:** Case 2:23-cv-02084-GRB-SIL Siteone Landscape Supply, LLC v. Giordano et al
**Importance:** High

Evan,

We are in receipt of your 2/24/25 email in which your supplemental search hit counts and proposed forensic protocol were forwarded. Below is our response to both:

<u>Hit Counts</u>

SiteOne chose to bring this frivolous case, which was contrived by individuals with "an ax to grind." Defendants are entitled to relevant, non-privileged communications that will help prove their defense. Against this backdrop, your claim that standard discovery, which should have been voluntarily produced months ago, is too expensive, rings hollow. The requested emails are critical to Defendants' defense. In fact, given SiteOne's persistent and continued resistance to producing such critical evidence, it appears SiteOne is attempting to hide something.

Likewise, your claim of disproportionality with regard to the number of "hits" generated by the supplemental search parameters is misplaced. Nevertheless, in an effort to compromise and move this case along, we believe, based on the composition of the documents already produced by SiteOne (of which nearly half of the documents that were not Don's own emails consisted of useless, attorney communications), that if the supplemental terms are run again, but this time excluding your law firm's

3

domain, the quantity of hits will be greatly reduced. Therefore, Defendants request that SiteOne rerun the supplemental parameters excluding Troutman's domain and send us the updated hit count. If you would like to discuss, please provide your availability to meet and confer.

Proposed Forensic Protocol

We have reviewed your proposed forensic protocol and have some issues. Primarily, we are not amenable to:

(i) using a forensic examiner engaged by SiteOne as set forth in paragraph 2, given (i) the sensitive and personal nature of texts between for example Don and his wife that the vendor would have access to and (ii) the apparent, existing relationship as between Troutman and Lighthouse.

(ii) the production of Don and Vic's contact list to you as set forth in paragraph 5(a)(i); or

(iii)   the requirement that documents not designated as ATTORNEYS' EYES ONLY after fourteen days revert to CONFIDENTIAL as set forth in paragraph 5(g).

Alternatively, we propose that the parties mutually agree to a forensic examiner. Given that the cell phones at issue belong to Don and Vic, it is our position that Defendants should be the party with privity of contract with the examiner, not SiteOne. Of course, since SiteOne will be paying for the extraction, we will make every attempt to keep the cost within the bounds of the quote from your vendor. In this regard, we request that you provide us with the scope of services and a quote so that we are looking at comparably-priced forensic examiners.

Second, with regard to Don and Vic's contact lists, the court order requires communications between and among Don and Vic. Accordingly, there is simply no reason SiteOne should have access to contact lists, and as such, we are not amenable to the production of such.

Finally, with regard to confidentiality, our proposal is for the communications to be designated ATTORNEY'S EYES ONLY and remain so designated unless and until either side, with good cause, requests that any particular communication's designation be downgraded to CONFIDENTIAL. There is simply no justification for your clients, or anyone else besides counsel, to have access to Don and Vic's communications, en masse, and, therefore, the burden should not be upon Don and Vic to make such designation by any artificial time. This is in line with what SiteOne did with respect to its production of Don's emails. The same standard that SiteOne utilized as to its production of Don's emails should apply to Defendants' production of Don and Vic's communications.

The above is a summary of Defendants' position regarding your proposed forensic examiner protocol. It is in no way meant to be exclusive and Defendants reserve their right to contest any other section of any proposed protocol up and until one is executed by the parties. Defendants are currently drafting an alternative proposed protocol and should have that draft to you by the end of next week.

It took SiteOne two weeks to provide us with a proposed protocol.  We are happy to go forward with our clients' depositions on March 13 and 14, 2025. However, we do not anticipate that the forensic examination will be completed by then, and our clients should not be subject to multiple document/discovery-retention depositions.

Obviously, we have a joint status letter due on Friday, February 28, 2024. I saw your email from earlier today. If you would like to discuss at 3:30, we can be available. Our thoughts would be that you provide your portion as soon as possible today or early tomorrow, so that we can meaningfully respond. Also, we request that we agree to a reasonable time for the submission of our respective drafts to each other tomorrow, so that the joint status letter can be submitted to the Court by 6 p.m. Please note that I will be unavailable after that time on Friday due to my stepdaughter's birthday. We appreciate your cooperation in this regard. Thanks.

Very truly yours,

Michael C. Mulè, Esq.
Partner
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
michaelmule@mllaborlaw.com
516 303-1442 office
516 328-0082  fax

Note:  The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.  Thank you.