Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**Daniel E. Gorman**
daniel.gorman@troutman.com

Magistrate Judge Steven Locke                                    March 14, 2025
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(2:23-CV-02084)**

  Throughout the course of this litigation, Defendants Victor Caroleo ("Vic") and Dominick Caroleo's ("Don", and collectively, "Defendants") constant refrain is that SiteOne has no evidence to support its claims. (*e.g.*, ECF Nos. 146, 170, 188, 189.) Now, exactly two years after SiteOne initiated this lawsuit, Defendants finally admitted the truth: Defendants intentionally destroyed text messages since before the action's inception. Specifically, Defendants admitted that Vic intentionally deleted all his text messages and Don turned on a 60 day auto-delete and then traded in his phone to Verizon in late 2024, precluding forensic analysis. (ECF No. 188.)

  The two subpoenas at issue, directed at WeRecoverData ("WRD") and NextPoint Law Group, Inc. ("NP") (collectively, the "Subpoenas"), seek facts concerning Defendants' intentional destruction of this critical evidence. Defendants' only objection, that the documents and communications are protected as "work product,"[1] is legally and factually meritless.

### I. WRD and NP Failed to Preserve Don's Cell Phone Data.

  As this Court has recognized, communications between Defendants related to their admittedly competing business are critical in this case. Defendants were well-aware of an obligation to preserve, so there is no viable explanation for the destruction of evidence other than an intent to hinder SiteOne from confirming that Defendants were communicating about operating the competing business.

  Documents and communications sought in the Subpoenas are highly relevant to Defendants' destruction. "Don" first engaged WRD in July 2023. In his attorneys' own words: "**Don** voluntarily commissioned [WRD] to generate a forensic copy of his phone" and "[a]t **Don's** request, WRD prepared a hard drive of Don's phone" and a report and hard drive were forwarded to his counsels' "firm."[2] (ECF No. 188.) Confusingly, rather than reviewing WRD's report or the hard drive, Defendants' counsel tossed it in a closet for later review. (ECF No. 188.) Well over a year later, Defendants purportedly retained NP to analyze WRD's file. (ECF Nos. 188, 195.) According to Defendants, only then did they discover that the file contained no human-readable

---

[1] Defendants do not claim attorney-client privilege protection and have refused to provide copies of any agreements between Defendants' counsel and WRD or NP. Rather than providing SiteOne copies of engagement letters, if any exist (given Defendants' representation that WRD was retained by Don, personally), Defendants' counsel sole flippant response was: "Great detective work, Dan! Is that how you put the complaint together also?" *See* Exhibit 1.

[2] As phrased in Defendants' filing, ECF No. 188 p. 1, it appears Don may have personally engaged WRD and had WRD send the report and hard drive to his attorneys. Don's recent deposition testimony did not clarify this issue: "Q: Did you take it upon yourself to contact We Recover Data? A. I'm -- I'm trying to -- this was a long time ago. I'm trying to remember. I believe that I felt that this would be a good idea. I don't want to talk about conversations with my attorney, but we might have, you know, discussed something, and I don't remember who engaged them or who reached out to them or who found them. I'm not sure who -- if that was me or my attorneys."

data, meaning WRD's data was useless.[3] (ECF No. 188.) All the while, Vic was intentionally deleting text messages and Don left the 60-day auto-delete setting running until the end of 2024.

## II. The Documents Sought are Not Protected by the Work Product Doctrine.

Defendants seek to quash the Subpoenas on the grounds that all information sought is protected as work product – by incorrectly equating the establishment of work product with being entitled to protection. This position ignores the fundamental rule that "the collection of evidence, without any creative or analytic input by an attorney or his agent, does not qualify as work product." *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 284 (S.D.N.Y. 2001).

New York law is clear that even if material is "work product," the proponent seeking protection bears the burden of establishing that such documents are entitled to protection, and any "privilege limitation must be restricted to its narrowest bounds." *See Ocean Walk Ltd. v. Those Certain Underwriters at Lloyd's of London*, 2005 WL 8160993 at *2 (E.D.N.Y. Jan. 25, 2005). The "party asserting the protection can meet this burden only by an evidentiary showing based on competent evidence ... and cannot be discharged by mere conclusory or ipse dixit assertions." *Brook v. Simon & Partners, LLP*, 2021 WL 5919207, at *4 (S.D.N.Y. Dec. 15, 2021) (citation omitted). Further, the work product privilege can be overcome where a party demonstrates that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii); *see Brook*, 2021 WL 5919207 at *6 (plaintiffs demonstrated a substantial need for the materials); *Nat'l Cong. for Puerto Rican Rts. v. City of New York*, 194 F.R.D. 105, 108 (S.D.N.Y. 2000).

Defendants have failed to meet the burden of establishing protection; absolutely no competent evidence has been submitted. SiteOne is not seeking information that contains mental impressions or strategies. Rather, SiteOne is seeking information relating to the preservation, restoration and/or destruction of evidence – factual materials and analyses which "the Federal Rules' policy of liberal discovery weighs more heavily in favor allowing." *Ocean Walk*, 2005 WL 8160993 at *5 (citations omitted). This is especially true here as Defendants did not (and cannot) argue that the documents "reflect the mental impressions, thought processes, and legal theories that the work product doctrine is intended to protect." *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d at 283.

For example, if WRD was merely retained as a "belt and suspenders" to "generate a forensic copy" of Don's cellphone, as Defendants contend in ECF No. 188, then communications with WRD relating to preparing a "forensic copy" certainly do not contain mental impressions or strategy. *See Ocean Walk*, 2005 WL 8160993 at *5. The same is true for NP. SiteOne's subpoena to NP seeks documents and communications concerning NP's work with respect to the UFDR files from WRD (i.e., the data that Defendants now claim is unrecoverable). It is inconceivable that those documents or communications relating to the recovery of data contains counsel's mental

---

[3] Defendants' counsel allegedly then contacted MRD Services, a forensic data recovery specialist, who was also largely unable to extract any meaningful data. (ECF No. 188.) SiteOne anticipates issuing a subpoena to that vendor after the present motion is resolved.

impressions or strategies. *Id*. Likewise, communications by and among the vendors with counsel or Defendants concerning *how* the data on Don's cellphone was preserved or destroyed do not constitute "mental impressions."

Regardless of whether the documents are work product, SiteOne is also entitled to production as it has a substantial need. The information sought is essential to SiteOne's claims of intentional destruction, is crucial to a determination of intentional spoliation by Defendants, and carries great probative value regarding Don's preposterous contention that he adequately backed up his data before tossing his cell phone. *See Brook*, 2021 WL 5919207 at \*6; *Nat'l Cong. for Puerto Rican Rts.*, 194 F.R.D. at 110.

### III. Defendants Have Put Their Destruction of Evidence at Issue.

Defendants have stated ad-nauseum that SiteOne has no evidence to support its claims that Don and Vic worked together to operate a competing business. (e.g. ECF Nos. 146, 170, 188, 189.) While this assertion is false, Defendants have put at issue the adequacy of SiteOne's evidence of Don and Vic's cooperation and coordination. By placing the adequacy of evidence at the forefront of their defense, and simultaneously admitting to intentional spoliation of the key evidence that establishes SiteOne's claim, Defendants should be barred from hiding behind privilege.

Under well-settled law, "a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted…this involuntary forfeiture of privilege may arise when the party attempts to use the privilege both as a shield and a sword…". *Pall Corp. v. Cuno Inc.*, 268 F.R.D. 167, 168 (E.D.N.Y. 2010) (citations omitted) (granting motion to compel as privilege "may be waived if the privilege holder makes factual assertions the truth of which can only be assessed by examination of the privileged communication."); *City of Almaty, Kazakhstan v. Ablyazov*, 2018 WL 11451337, at \*2 (S.D.N.Y. Jan. 24, 2018) ("protection from disclosure is not absolute" and by "selectively producing a subset" of documents "and then placing the contents" of the documents "at issue," the documents became "fair game in discovery").

The "at issue" rule was created for exactly this scenario. Defendants are attempting to hide behind privilege to prevent SiteOne from confirming that all data was destroyed at the hands of Defendants and not its vendors. Defendants should not be permitted to maintain their defense that they took reasonable steps to preserve and/or restore data, while simultaneously preventing SiteOne from accessing evidence regarding the very destruction of that evidence.

### IV. Conclusion

SiteOne is entitled to understand what steps Defendants, WRD, and NP took to preserve and/or recover Don's cell phone data. SiteOne is also entitled to access any data that may have been preserved. Accordingly, SiteOne respectfully requests that Defendants' motion to quash be denied in its entirety.

Respectfully submitted,

/s/ *Daniel E. Gorman*
Daniel E. Gorman