

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

---

Magistrate Judge Steven Locke                                                                                       March 20, 2025

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(Case No. 2:23-CV-02084)**
 **SiteOne's Letter Motion for Sanctions**

Dear Judge Locke:

There is now substantial evidence that Nick destroyed **thousands** of text messages during the most important time period in this case—October 2022 to March 2023—when Defendants were clandestinely setting up their competing business in violation of multiple restrictive covenants and taking trade secrets, employees, and customers from SiteOne. Don and Vic have admitted to destroying their texts during this time period. The undersigned tried to resolve the issues presented herein through two conferrals (one in person and one via phone), but Defendants refuse to provide additional facts or data refuting that Nick destroyed the texts. SiteOne thus asks for production of additional data (a bar chart, explained below); a spoliation deposition of Nick by April 4; and that Nick's phone be subjected to forensic analysis along with Vic's and Don's.

**I.      The Initial Admission that Nick Destroyed the Text Messages**

On January 8, 2025, the undersigned conducted a videoconference with Defendants' counsel to discuss various discovery matters in anticipation of the Status Report due to the Court on January 9. Defendants' counsel revealed during that call for the first time that Defendants had destroyed and not retained text messages. Relevant to this Motion,[1] they said that Nick had deleted all text message data preceding April 2023. SiteOne's portion of the January 9 Status Report thus stated:

> Nick deleted all text message data preceding an unidentified date in April 2023; it is unclear at this juncture whether Nick manually deleted relevant text messages after that April 2023 date, which is entirely possible. Nick's manual deletion of all data preceding April 2023 is significant because October 2022 through April 2023 is when Defendants were clandestinely stealing SiteOne's trade secrets, confidential information, video recording system, employees, and customers while establishing their competing business.

[ECF 183 pp. 2–3.] This was not surprising given that in February 2023 Nick also reset his SiteOne-issued phone to factory settings, destroying all data (including text messages) on the device.

**II.     The Narrative Changes**

Defendants then sent the undersigned a letter on January 15, stating: "[U]pon our review of our production from Nick's phone, all text communications between him on the one hand and Vic and/or Don on the other hand from November 4, 2020 were collected and reviewed." There is a **critical** footnote to that sentence that lies at the heart of this Motion:

---

[1] Vic's and Don's spoliation has been addressed in separate motion practice and in hearings before the Court; a discussion of those issue is thus omitted for brevity's sake.

> **Based on our review of a bar chart, starting in October 2022, that had small scaling which made it appear that there were no text messages between October 2022 and March 2023**, we initially understood that Nick's text data dates back to April 2023. However, in reality, Nick's text data dates back beyond the relevant look back date of October 19, 2022.

A copy of that letter is attached as Exhibit 1.

The undersigned interprets this footnote to mean that the volume of text messages from Nick's phone for the months of October 2022 to March 2023 was so small as compared to other months in the bar chart that it appeared there was no data at all. This would of course be significant because a paucity of texts during the most important time period of the case strongly suggests that Nick deleted messages for that period of time.

On that basis, when counsel for the parties were together in person for Don's deposition on March 14, the undersigned explained this issue to Defendants' counsel, asking for an explanation and a copy of the bar chart referenced in their January 15 letter. Defendants' counsel provided no explanation and did not provide the full bar chart. They did, however, provide to the undersigned on March 19 a portion of it. The chart received from Defendants' counsel is attached as Exhibit 2; it shows:

| October 2022: 9 texts | January 2023: 0 texts |
| --- | --- |
| November 2022: 0 texts | February 2023: 6 texts |
| December 2022: 1 text | March 2023: 1 text |

### III.   Why This Is Evidence of Spoliation

Defendants maintain that more than 150,000 text messages were collected from Nick's phone dating back to November 2020. [ECF 188 p. 4.] If texts were collected from Nick's phone by his attorneys in November 2024 (which seems reasonably accurate since Defendants were ordered to produce the texts in October 2024), that is a total of 48 months. Thus, Nick should have an average of 3,125 text messages per month—**every month**—on his phone for that four-year period.

But the bar chart provided shows a grand total of **17** texts for the entire period of October 2022 to March 2023, when there should be around **18,750** texts based on the figures provided by Defendants.

### IV.   Why This Is So Important

First, this is evidence that Nick destroyed evidence of his own culpability.

Second, Defendants have argued that even if Don and Vic deleted all texts from their phones for this critical time period (which they have admitted), there is no harm because any messages between Nick on the one hand and Don or Vic on the other hand would be found on Nick's phone. Thus, they say, if Nick doesn't have any text messages between himself and Vic or Don about their unlawful activities, they don't exist. The obvious problem is that if Nick also deleted his texts for that time period, Vic's and Don's "no harm, no foul" argument lacks any merit whatsoever.

### V.  SiteOne Asks for an Explanation[2]

When counsel for the parties spoke about this issue on March 14 following Don's deposition, the undersigned explained the above in detail to Defendants' counsel, asked whether the undersigned was misunderstanding anything, and also asked for a copy of the bar chart referenced in the footnote of Defendants' January 15 letter. Defendants' counsel agreed to consider the request for the chart, but did not provide any explanations or additional information. The undersigned confirmed the request for the bar chart in an email sent to Defendants' counsel a few minutes after the March 14 meeting.

In response, on March 19, Defendants' counsel sent via email a portion of the bar chart which, as explained above, does not show any months outside of the October 2022 to March 2023 time period. In other words, the chart does not provide the necessary context illustrating the significance of the data and provides less data than was discussed in the January 15 footnote.

On March 20, the undersigned spoke with Defendants' counsel again and thoroughly explained all of the issues above. The undersigned asked for an explanation as to the dearth of texts during this time period since there should have been thousands instead of 17. The undersigned explained that SiteOne would be filing this Motion later the same day and would be asking the Court for a spoliation/retention deposition of Nick and a forensic analysis of his phone—the same as Vic and Don.

Defendants' counsel provided no additional data or context in response and did not dispute the accuracy of the undersigned's understanding that Nick had an infinitesimal number of texts where there should be an abundance. Defendants' counsel did not tell the undersigned that any of the facts stated during the call (which are now set forth in this Motion) were incorrect.

Rather, Defendants' counsel argued that the number of texts Nick had prior to this litigation being filed in late March 2023 is irrelevant because Nick would not have had an obligation to retain documents. Without having a duty to preserve documents, Defendants' counsel seemed to posit that it does not matter if Nick deleted the messages, and he should not therefore be subjected to a spoliation deposition or a forensic analysis of his phone like Don and Vic. Finally, Defendants' counsel did not agree to provide bar chart data for any other months.

### VI.  The Relief Requested

As explained in detail above in Section IV, Nick's apparent deletion of evidence is a **critical** issue. SiteOne thus asks that this Court order: (1) production of the bar chart reflecting the text message volume from Nick's phone for all months from November 2020 through the date Nick's phone was collected by his attorneys; (2) that Nick sit for a spoliation/retention deposition by April 4; and (3) that Nick's phone undergo a forensic analysis to determine whether any messages between Nick and Vic or Don during the relevant time period are recoverable.

J. Evan Gibbs III

---

[2] For the avoidance of doubt, Defendants have not previously disclosed any of this to this Court; not the issue with the bar chart or the lack of data available from Nick's phone during the October 2022 to April 2023 time period. This is despite their briefing and extensive oral argument regarding Nick's text messages.