**FARRELL FRITZ** P.C.
ATTORNEYS

**Kevin P. Mulry**
Partner

Direct Dial: 516.227.0620
Direct Fax: 516.336.2262

400 RXR Plaza
Uniondale, NY 11556

March 21, 2025

**BY ECF**
Honorable Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: SiteOne Landscape Supply, LLC v. Giordano, et al.
     <u>No. 2:23-cv-02084-GRB-ST (E.D.N.Y.)</u>

Dear Judge Locke:

SiteOne Landscape Supply, LLC ("SiteOne" or "Plaintiff") respectfully submits this letter, pursuant to the Court's Individual Rule 4.A.i., to compel Defendants to respond to deposition questions with respect to: (1) their duty to preserve all relevant evidence and (2) documentary and oral communications with their attorneys concerning the preservation of evidence. The Court-ordered depositions of Defendants Victor Caroleo ("Vic") and Dominick Caroleo ("Don") were held on March 13 and 14, 2025, respectively. Copies of excepts from the Vic and Don depositions are attached as Ex. A ("Vic Tr.") and Ex. B ("Don Tr."), respectively.

**Litigation Hold Documents And Communications Are Discoverable**
**<u>Where There Has Been A Preliminary Showing Of Spoliation</u>**

"[L]itigation hold letters may indeed be discoverable where there has been a preliminary showing of spoliation." *Roytlender v. D. Malek Realty, LLC*, 2022 WL 5245584 (E.D.N.Y. Oct. 6, 2022), at *4. In *Roytlender*, Judge Wicks held that information sought from questions concerning "whether the witness was instructed to preserve documents, is not protected by the attorney client privilege." *Id*. at *5.

In *FTC v. Roomster Corp.*, 2023 WL 4409484 (S.D.N.Y. June 1, 2023), Defendants admitted non-compliance with the duty to preserve evidence. Judge Netburn held that Plaintiff was entitled to discovery on Defendants' culpable state of mind, including any litigation hold documents and attorney communications on the potential consequences of non-compliance. "For the avoidance of doubt, the Court concludes that the attorney-client privilege does not protect against the production of litigation hold communications." *Id*. at *2. The Court held that, "unless Defendants intend to admit that they destroyed documents in bad faith, they have waived their attorney-client privilege with respect to any good faith defense." *Id*.[1]

---

1 Plaintiff provided the *Roytlender* and *Roomster* decisions to Defendants' counsel on the afternoon of March 13, 2025, before Don's deposition. In addition, counsel discussed these issues both on and off the record during Don's deposition, and thus have satisfied the Court's meet-and-confer requirement.

**Vic And Don Were Instructed Not To Answer Questions On Attorney
Communications Concerning Their Preservation Duties And Litigation Holds**

In their January 29, 2025 letter to the Court, Defendants admitted that Vic "compulsively and indiscriminately delete[s] texts after they are read," and that Don's phone was set to autodelete text messages after 60 days. ECF 188 at 2-3. At the Court conference on February 10, 2025, Defendants admitted that Don's old cell phone is no longer available because he turned it in when he purchased his new iPhone in late 2024. *See* Ex. C at 25-28.

At his deposition, Vic confirmed that he routinely deletes emails and text messages. "Basically, every time I get something, it gets deleted, and the reason for that is I'm having this memory problem and it - - I get overwhelmed when I have a lot of emails to go through. So I - - once I go through them, I delete them." Vic Tr. at 43:19 to 45:3.

Vic was instructed not to answer questions on whether his prior or current attorneys ever told him to preserve documents or sent him a litigation hold notice. *Id*. at 23:22 to 26:15; 27:7 to 29:6; 29:15 to 30:25. Vic's counsel moved to strike a later answer from Vic stating that his attorney told him he had to preserve documents and instructed Vic not to answer further questions on the topic. *Id*. at 76:4 to 77:2.

Vic testified that he only stopped the practice of deleting emails "[m]aybe in the last four weeks," *id*. at 59:10-20, long after the March 2023 filing of the complaint and even after numerous motions had been filed and hearings held concerning Defendants' text messages. Vic confirmed that he sends and receives text messages with Don and with Nicholas Giordano, and until very recently, he has deleted all of those texts. *Id*. at 64:8 to 68:11.

Vic also testified that his phone was replaced after the lawsuit was filed, and he asked Verizon to make sure the phone was the same, but he did not know if his old messages and contacts were transferred over. *Id*. at 34:18 to 36:6. Later, after conferring with his attorneys, Vic said he does not recall if his old phone was replaced before or after the litigation began. *Id*. at 39:13 to 40:7.

At his deposition, Don stated that he now understands that he has an obligation to preserve evidence, but he does not remember when he first became aware of that obligation, and he does not remember if his understanding was that he had to preserve emails or text messages. Don Tr. at 17:9-17; 27:10 to 28:14. Don also testified that he did not receive a litigation hold document or memo from his attorneys. *Id*. at 26:15-20.

Don testified that he purchased his current phone in the last four months, in approximately December 2024, and gave his old phone to Verizon. *Id*. at 33:22 to 34:7; 35:6-8. Don did not remember if he was aware of his duty to preserve evidence at that time, *id*. at 35:9-16, more than a year and one-half after the filing of the complaint. Don exchanged the old phone even though it would no longer be available for the case because he asked the Verizon technician to copy his information onto the new phone, so he "didn't see any harm in that." *Id*. at 84:23 to 85:12.

However, it is important to note that Don also testified that he first engaged with We Recover Data (the vendor hired to back up his old phone) somewhere in mid to early 2023, Don Tr. at 67:11-17, and that he provided his old phone to them for the purpose of making a backup of the

data on the phone.  Don Tr. at 69:6-15.  Don hiring a vendor to image his phone in 2023 is inconsistent with any argument that he was unaware of his duty to preserve relevant documents and evidence at any time after that.

Don also stated that his old phone was set to remove text messages every 30 days, and that he became aware of this at the end of 2024.[2]  *Id*. at 63:18 to 64:2; 64:13 to 65:4.  He provided his old phone to his attorneys to be searched toward the end of 2024, a little bit before he got a new phone, *id*. at 66:12-23, but long after the filing of the complaint.

Don was instructed not to answer questions on the following areas:
- How he first became aware of the obligation to preserve evidence, and who told him that (*id*. at 17:18 to 25:3; 25:22 to 26:13).
- When he was first instructed to preserve documents (*id*. at 89:6-11).
- How he learned that his first phone had an auto-delete feature turned on (*id*. at 65:9 to 66:4) (Counsel moved to strike the response "I can't answer the question 'cause the conversation was with my attorneys").
- Whether he told his attorneys he was going to get a new phone and whether his attorneys told him not to turn in his old phone (*id*. at 86:24 to 87:9; 90:3-9).
- Whether any attorney advised him to preserve documents in March 2023, when the complaint was filed; at the time of the injunction hearing; or at the time of a Court mediation that he attended in June 2023 (*id*. at 88:6 to 89:4).

**The Court Should Compel Responses To Questions Concerning Preservation of Evidence**

Plaintiff submits that this Court has already made a preliminary finding that justifies the discovery of litigation hold documents and communications.  At the February 10 Court conference, the Court addressed the admitted destruction of evidence by Defendants:
- "You see how the Court could find [Vic deleting evidence apparently because he's old and compulsive] troubling from a litigation perspective."  Ex. C at 5-7.
- "Somebody has to set [auto-delete].  I assume [Don] set that on his phone at some point."  *Id*. at 7-8.
- "[Don will] have to answer questions about [getting rid of a phone with potentially relevant evidence on it].  That's a problem.  You know, there's only so much (ui) destruction of evidence that the Court is going to tolerate."  *Id*. at 27.

As described above, questions with respect to litigation hold documents and instructions to maintain relevant documents are not protected by the attorney-client privilege where there has been a preliminary showing of spoliation.  Defendants have admitted destruction of evidence after the filing of the complaint, and the Court has made a preliminary finding of spoliation.  The Court should compel responses to the questions the witnesses were directed not to answer.[3]

For the reasons set forth herein, Plaintiffs' motion to compel should be granted, and Defendants should be required to pay the costs of this motion and the second depositions of Vic and Don.

---

2   Don's prior statements that the auto-delete was every 60 days, ECF 188 at 2, were apparently not correct.
3   Plaintiff has served interrogatories and document requests concerning Defendants' knowledge of their duty to preserve evidence.

                                    Respectfully submitted,

                                    *s/ Kevin P. Mulry*

                                    Kevin P. Mulry

cc:      All counsel (By ECF)

FF\15418144.1