# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Colleen O'Neil - Partner
Direct E-Mail Address: colleen@mllaborlaw.com
Direct Dial: (516) 303-1395

March 24, 2025

**VIA ECF**
Hon. Steven I. Locke
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.*
               Case No.: 2:23-cv-2084-GRB-SIL

Dear Judge Locke,

      We represent all Defendants in the above-referenced matter. We write in response to Plaintiff SiteOne Landscape Supply, LLC's ("Plaintiff" or "SiteOne") March 20, 2025 letter to the Court seeking "spoliation sanctions" against Defendant Nick Giordano ("Nick") based on Nick's text message production – its <u>second motion for sanctions</u> against Nick in six weeks.[1] (ECF No. 198). SiteOne makes this request, despite the fact that: (i) this Court has already ruled that SiteOne is not entitled to the discovery it seeks;[2] (ii) contrary to SiteOne's claims otherwise – <u>nothing has changed in the interim</u> and the Court's prior ruling denying the discovery sought by SiteOne remains law of the case; and (iii) SiteOne did not "meet and confer," as required, regarding the discovery it seeks. Instead, SiteOne rushed to seek "sanctions" (once again) against Nick so that it can continue its campaign of harassment against Defendant Dominick Caroleo ("Don"), because harassing Don is really what this case is about. SiteOne's demand should be denied.

      In its letter, SiteOne points to "a paucity of text message data during the most important time period of the case," which it identifies as October 2022 to March 2023. Based on the disparity in the quantity of pre-April 2023 text message data verses post-March 2023 text message data,

___

[1] As with SiteOne's first motion for "sanctions" against Nick (ECF No. 185), in fact, SiteOne does not seek sanctions, but rather to compel discovery. <u>See</u> Feb. 10, 2025 Tr. 10:21-25.

[2] <u>See</u> ECF No. 190 ("Nick's devices will not be searched" and denying spoliation deposition of Nick).

Hon. Steven I. Locke, U.S.M.J.
Page 2 of 3

SiteOne concludes that Nick spoliated evidence and SiteOne is therefore entitled to sanctions.[3] However, and in keeping with the fact that SiteOne's motion seeks to compel discovery and not sanctions, SiteOne does not bother to address any of the elements required for a finding of spoliation, much less any of the elements for an award of sanctions. SiteOne seems to believe that it is entitled to sanctions simply because it was disappointed in Nick's data production. That, however, is not the law.

"A party seeking sanctions for spoliation has the burden of establishing the elements of a spoliation claim." LaBelle v. Barclays Capital, Inc., 340 F.R.D. 74, *81 (S.D.N.Y. 2022). "These elements are (1) that the party having control over the evidence had an obligation to preserve it at the time that it was destroyed; (2) that the [evidence was] destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Id. Then, if the court finds that the spoliation resulted in prejudice, "the Court may order sanctions no greater than necessary to cure the prejudice, or upon finding that [Defendant] acted with intent to deprive [Plaintiff] of the ESI, may presume that the lost information was unfavorable to [Defendant] . . ." Capricorn Mgmt. Sys. v. Gov't Emples, Ins. Co., 2019 U.S. Dist. LEXIS 123723 (E.D.N.Y. July 22, 2019). SiteOne's letter motion addresses none of the spoliation elements. Instead, it merely points to a disparity in the amount of available text message data from pre-April 2023 and post-March 2023, and concludes, "spoliation," as if spoliation is the only possible explanation for the disparity.

In fact, however, the disparity in the quantity of text message data available from Nick's phone between pre-April 2023 and post-March 2023 exists not because of spoliation, but rather because prior to early- to mid-April 2023, Nick's usual practice regarding his text messages was to view, respond to, or act on a message, and then delete it. Then, in early- to mid- April 2023, at the beginning of this lawsuit, Nick's then-counsel advised Nick that he was obligated to preserve his text messages until the case was over. After receiving this notification from counsel regarding his preservation obligation, Nick changed his practice with regard to his text messages such that he began to preserve his messages rather than delete them. Thus, the disparity in the quantity of text message data available from Nick's phone between pre-April 2023 and post-March 2023, is not, as SiteOne claims, evidence of spoliation on the part of Nick. Rather, the disparity reflects the point in time, at the beginning of this case, when Nick was advised of his obligation to preserve

---

[3] Notably, though SiteOne feigns surprise at the quantity of text data available from Nick's phone pre-April 2023, the disparity in the quantity of available data between pre-April and post-March 2023 was disclosed in January when Defendants explained, although the scaling on a bar chart depicting the quantity of Nick's text message data by month made it seem as though Nick's phone did not contain any pre-April 2023 data, in fact, the data was there, but in a quantity so much less than post-March 2023 data that it originally went undetected. Also, SiteOne makes numerous misstatements. For example, Defendants never said that "Nick had deleted all text message data preceding April 2023" and its reference to "texts" in its table on page 2 actually concerns "conversations" which may include numerous texts. (ECF No. 198, pp. 1-2).

his text messages, and, in fact, it illustrates that Nick took his obligation seriously once that obligation was conveyed to him.[4]

At bottom, SiteOne's conclusory allegation that Nick spoliated evidence, and that SiteOne is therefore entitled to sanctions/discovery, fails on multiple levels. First, and foremost, this case is more than two years old and SiteOne has yet to produce any evidence that even remotely supports its allegations that Nick, Don, and Vic defrauded it in any manner (because they did not). In this context, there is no evidence that any of Nick's text messages would have been relevant in the first place. Second, even if SiteOne had some evidence to support its claims (it does not), there is no evidence that Nick, Don, and Vic were texting about anything relevant to those claims. In fact, SiteOne, itself, has told the Court, "We don't expect -- Your Honor, let me just be really clear, Your Honor. . . . We don't expect – Don, Vic, and Nick, they're smart guys. They're not going to be putting an email sort of, you know, all of these, you know, smoking gun sort of bad messages. We don't expect – I mean, who knows. But a lot of this we believe is going to be in-person meetings on phone calls." (Oct. 15, 2024 Tr. 38:4-12). Third, even if there was evidence that Nick, Don, and Vic texted about some scheme to defraud SiteOne (they did not), once Nick's obligation to preserve attached (i.e., when he was notified by counsel of his obligation), there is no evidence that he failed to comply with that obligation. And, finally, even if Nick had been obligated to preserve his text messages at any point prior to his receipt of notification from counsel regarding his obligation to preserve (he was not) and even if Nick deleted text messages relevant to this case during that period when he was obligated to preserve (he did not), there is zero evidence that Nick deleted any text messages with an intent to spoliate evidence or that SiteOne was prejudiced by such deletion.

Accordingly, for all the above reasons, SiteOne's motion for sanctions/discovery should be denied in full.

Thank you for your attention to this matter.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Colleen O'Neil*

cc: all counsel of record via ECF

---

[4] Had SiteOne met and conferred with Defendants in good faith before filing its motion, the information about Nick being notified of his obligation to preserve his text messages and the effect that notification had on the quantity of data available, would have been provided. What is more, if necessary, SiteOne would have been advised that Nick would be willing to submit a sworn affidavit attesting to the same.