# MILMAN LUBUDA LAW GROUP PLLC

**MILMAN LABUDA LAW GROUP PLLC**
3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042

———

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

March 25, 2025

**Via CM/ECF**
Hon. Steven I. Locke
U.S. District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>SiteOne Landscape Supply, LLC v. Giordano, et al.
            No. 2:23-cv-02084 (GRB)(ST)</u>

Your Honor,

    We represent the Defendants, Victor Caroleo ("Vic") and Dominick Caroleo ("Don"). This letter is respectfully submitted in opposition to the Plaintiff's letter motion dated March 21, 2025.

    The Plaintiff's letter motion asks the Court to compel Don to answer five specific questions put to him during his deposition, each of which would pierce the attorney-client privilege:

- How he first became aware of the obligation to preserve evidence, and who told him that;
- When he was first instructed to preserve documents;
- How he learned that his first phone had an auto-delete feature turned on;
- Whether he told his attorneys he was going to get a new phone and whether his attorneys told him not to turn on his old phone;
- Whether any attorney advised him to preserve documents in March 2023, when the complaint was file; at the time of the injunction hearing; or at the time of a Court mediation that he attended in June 2023.

For the reasons stated herein, the Court should sustain the Defendants' objections to each of those questions and protect the integrity of the attorney-client privilege. The objections were substantially justified. Accordingly, the Plaintiff's request for attorney's fees under Rule 37(a)(5) should also be denied.

**<u>The Plaintiff's Five Questions Exceed the Scope of Whether or Not Don Received a Litigation Hold Notice from His Attorneys</u>**

    Court precedent generally holds that an opposing counsel can ask a deponent whether or not he received a litigation hold notice from his attorneys, but cannot ask specific questions about attorney guidance or conversations related to the litigation hold notice. Don testified he never

received such a letter.  Additionally, Defendants' counsel informed Plaintiff's counsel that it would stipulate Vic did not receive such a letter either.

The E.D.N.Y.'s decision in *Roytlender v. D. Malek Realty, LLC*, No. 21-cv-00052 (E.D.N.Y. Oct. 6, 2022) explains the limits of a party's right to pierce the attorney-client privilege for conversations related to evidence preservation.  Although that decision was cited by the Plaintiffs in their letter motion, its holding actually favors the Defendants' position in this dispute.

In *Rotylender*, information revealed by a deponent suggested the possibility of evidence spoliation.  During a deposition, the plaintiff's counsel asked the deponent whether or not she had ever been instructed to preserve documents, either by her attorneys or anyone else.  Opposing counsel objected to the extent the question sought attorney-client privileged communications, and directed the witness not to answer.  The plaintiff's counsel moved to compel answers under Rule 37(a)(3)(B).  In its decision, the Court stated that "[i]nstructions to preserve documents by way of formal litigation hold notices exchanged between attorneys and their clients are privileged communications and generally immune from discovery."  However, the Court noted a narrow exception where "litigation hold letters may indeed be discoverable where there has been a preliminary showing of spoliation." *Id.* at *4 (citations omitted).  The Court ultimately held that the plaintiff's counsel was permitted to ask "*whether* a litigation notice was ever sent." *Id.*

*Roytlender* is the limit of how far Courts have allowed opposing counsel to probe privileged attorney-client communications on the subjects of evidence preservation or litigation hold notices.  Indeed, the Plaintiffs' letter motion did not cite (and the Defendants were unable to locate) any precedent—binding or otherwise—in which a federal court permitted a party to ask a deponent questions about attorney-client conversations involving guidance about evidence preservation.

At most, parties must disclose the date on which they retained counsel or received a litigation hold notice.  *See McDevitt v. Verizon Servs. Corp.*, No. 14-4125 (E.D. Pa. Feb. 22, 2016).  There is no support for piercing the attorney-client privilege that attaches to conversations between parties and their counsel discussing the nuances of the litigation hold notice or receive guidance in how to apply litigation hold obligations to certain situations.  To permit inquiry into those areas would essentially place opposing counsel in the same room with the party and his attorneys, and would render the attorney-client privilege meaningless.  Even when there is a clear showing of potential spoliation, which is not the case here, there is no precedent supporting an opposing right to probe that deeply into privileged attorney-client communications.  Rather, the general weight of precedent only supports the right to ask a deponent "whether" a litigation notice was ever sent.

**The Defendants' Objections During the Depositions Were "Substantially Justified"**

Even if the Plaintiff prevails in its motion to compel answers to the five questions above (which should not be granted), its request for attorney's fees related to this motion should be denied because the Defendants' objections were "substantially justified" under Rule 37(a)(5).

"Courts have interpreted 'substantial justification,' within the meaning of Rule 37, as holding 'the opposing party to an objective standard of reasonableness.'" *Scelsi v. Habberstad Motorsport, Inc.*, No. 19-CV-4315 (E.D.N.Y. June 24, 2021) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995)).

Disclosure of privileged attorney-client communications on the record is a bell that can never be unrung.  No reasonable attorney would permit that privilege to be pierced during a deposition unless the law is absolutely clear that disclosure is absolutely obligatory.  Underscoring the caution afforded to such situations, the Federal Rules expressly protect a counsel's right to direct a client not to answer a question that pierces the attorney-client privilege.  Fed. R. Civ. P. 30(d)(1) ("A party may instruct a deponent not to answer only when necessary to preserve a privilege."

In this circumstance, the lack of existing precedent requiring deponents to divulge information about privileged attorney-client conversations related to litigation hold obligations makes the Defendants' objections fully justifiable.  Accordingly, the Plaintiff's request for attorney's fees related to this motion should be denied as a matter of law pursuant to Rule 37(a)(5)(A)(ii).

**Plaintiff's Counsel Did Not Make a Good Faith Effort to Resolve the Dispute During the Depositions**

Moreover, the Plaintiff's request for attorney's fees and costs should also be denied for failure to follow the pre-motion requirements in the E.D.N.Y.'s local rules.  Pursuant to Local Rule 37.3(b),

> [w]here the attorneys for the affected parties . . . cannot agree on a resolution of a discovery dispute that arises during a deposition, they shall, to the extent practicable, notify the Court by telephone and seek a ruling while the deposition is in progress. If a prompt ruling cannot be obtained, and the dispute involves an instruction to the witness not to answer a question, the instruction not to answer may stand and the deposition shall continue until a ruling is obtained pursuant to the procedure set forth in paragraph (c) below.

Paragraph (c) to Local Rule 37.3 reiterates that letter motions may be filed if a party is "unable to obtain a telephonic ruling on a discovery dispute."

Plaintiff's counsel declined to make a follow-up call to the Court at the conclusion of Vic's deposition on March 13, 2025, and made absolutely no attempt to contact the Court at any time during Don's deposition on March 14, 2025, despite the fact that similar issues arose.  If the Court had been available, all disputes could have been decided then and there.  Instead, Plaintiff's counsel chose its standard procedure of harassing the Defendants via this baseless motion.  The failure to make reasonable attempts to seek a ruling during the course of the depositions should estop the Plaintiff from charging the Defendants with the costs of re-deposing the witnesses.

For the foregoing reasons, the Plaintiff's letter motion should be denied in its entirety.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

\s\ Joseph M. Labuda, Esq.

cc:   All counsel of record (via CM/ECF)