**FORENSIC INSPECTION PROTOCOL**

As ordered by the Court in *Siteone Landscape Supply, LLC v. Giordano, et al.*, Case No. 2:23-cv-02084 (E.D.N.Y.) ("the Litigation"), the parties agree to conduct the forensic discovery ordered by the Court in accordance with this Forensic Inspection Protocol (the "Protocol"):

**Definitions**

**Forensic Device:** Each of the current mobile phone devices of Victor Caroleo ("Vic"), Don Caroleo ("Don"), and Nicholas Giordano ("Nick"), including an external drive in Don's possession that was used for an attempted recovery of Don's prior mobile phone device.

**Forensic Image:** The creation of an exact byte-for-byte copy of the files, folders, and unallocated, free, and slack space, including deleted files and pieces of files left in the slack and free space, as extracted from the Forensic Device.

**User Generated Communications:** That portion of the Forensic Image comprised of text messages, including messages transmitted via SMS, iMessage, WhatsApp, Instagram, or other text message applications, including attachments to such messages, and the corresponding metadata, that were sent, received, edited, reacted to, or deleted by Don (631-484-3532), Vic (631-484-3535), or Nick (631) 987-1525 from October 19, 2022 to the present, as extracted from each Forensic Device. User Generated Communications includes the content of any deleted messages, including partial messages or message metadata that can be recovered from the Forensic Image.

**Relevant Communications**: That portion of the User Generated Communications identified by the attorneys for Vic, Don and Nick (collectively, the "Producing Parties") concerning landscape-related issues.

**Forensic Discovery:** The purpose of the forensic discovery to be conducted under this protocol is to obtain a Forensic Image of each Forensic Device, extract User Generated Communications and associated metadata from each Forensic Image, and host the respective User Generated Communications in a document platform, for Producing Parties to identify Relevant Communications within the respective User Generated Communications, and deliver non-privileged Relevant Communications to the parties.[1]

**Protocol**

1.      This Protocol applies only to the Forensic Discovery of the Forensic Devices. All other discovery will be conducted according to the Federal Rules of Civil Procedure, the local

---

[1] For Don's device, this protocol concerns text conversations with Vic identified as "631-484-3535" and Nick identified as "(631) 987-1525." For Vic's device, this protocol concerns text conversations with Don identified as "631-484-3532" and Nick identified as "(631) 987-1525." For Nick's device, this protocol concerns text conversations with Vic identified as "631-484-3535" and Don identified as "631-484-3532."

Rules of the United States District Court for Eastern District of New York, and the Court's Orders, including the Stipulated Protective Order filed on May 28, 2024 (Dkt. 128, "Protective Order").

2.      SiteOne will engage Epiq ("Vendor") to create a Forensic Image from each Forensic Device and extract the User Generated Communications from each Forensic Image in accordance with established professional standards. Each Forensic Device shall be treated as Confidential by Vendor and shall be treated by Vendor in accordance with this Protocol. SiteOne agrees to bind Vendor to this Protocol and the Protective Order and the Vendor shall execute Exhibit A to the Protective Order before the Producing Parties have any obligation to make the Forensic Devices available to Vendor. SiteOne will provide a copy of Vendor's execution of Exhibit A to the Protective Order and proof of Vendor's agreement to the Protocol. It is understood and agreed that Don, Nick, and Vic shall receive a copy of any executed engagement agreement and amendment(s) if made as between SiteOne and Vendor pertaining to the Forensic Devices and/or Forensic Discovery.

3.      Vendor shall maintain a proper chain of custody. Vendor shall create a full Forensic Image of each Forensic Device. Upon request by counsel for the Producing Parties, and provided the Producing Parties agree to pay the reasonable costs of doing so, Vendor shall timely deliver to the party in possession of the Forensic Device or their counsel a copy of the Forensic Image obtained by Vendor of the Forensic Device(s), along with chain of custody documentation and any necessary decryption information, for the Producing Parties' own purposes so that it may be exported at the Producing Parties' discretion, *e.g.*, in PDF format with a metadata load file. The Producing Parties shall, upon reasonable notice, promptly make each Forensic Device available to Vendor for the creation of a Forensic Image. The manner and method of collection shall be agreed upon by SiteOne and the Producing Parties.  The manner and method of collection shall not require the Producing Parties to travel outside of Nassau or Suffolk Counties in New York and shall not unreasonably interfere with the Producing Parties' ability to utilize the Forensic Devices during collection. Specifically, no collection shall require the Producing Parties to be without their respective, current mobile phone devices for more than four hours consecutively or eight hours in total, per device. Except as otherwise provided herein, all costs incurred by Vendor will be the responsibility of SiteOne. This agreement shall not be deemed a waiver of any right either party has, or may in the future have, to recover these expenses, fees, and costs from the other party pursuant to any contract, statute, court rule, or superseding agreement of the parties. Although SiteOne will be responsible to Vendor for costs associated with the creation of the Forensic Images and User Generated Communications extractions detailed above, the Producing Parties will be responsible for all costs associated with their own review of User Generated Communications for relevance or privilege prior to releasing the non-privileged Relevant Communications to SiteOne.

4.      At the expense of SiteOne, Vendor shall maintain the original Forensic Images in a secure facility and, except as directed otherwise by joint stipulation of the parties or order of the Court, shall retain custody of the Forensic Images until the litigation has come to an end, including the exhaustion of any appeals to the extent applicable, or otherwise until such time as the parties may agree. Vendor shall disclose information contained in or derived from the Forensic Devices

and Forensic Images only in compliance with this Protocol. Upon conclusion of the litigation and exhaustion of any opportunity to appeal, Vendor shall promptly destroy its physical copies of the Forensic Images and wipe any cloud-based storage containing the same and provide a certification of such destruction to the parties, and confirm same, in writing, to counsel for the Producing Parties.

       5.       With respect to the Forensic Images, Vendor shall extract User Generated Communications from each Forensic Device. Vendor will extract all (active and deleted) text messages between and among Nick identified as (631) 987-1525, Don identified as "631-484-3532," and Vic identified as "631-484-3535" (with attachments), from October 19, 2022 to present in RSMF format in 24-hour slices of conversations. Vendor shall ingest and host these documents in Relativity and provide access to the Producing Parties to facilitate review by the Producing Parties per the protocol specified in the next paragraphs.

     (i)     Vendor will host the extracted User Generated Communications (and attachments) in Relativity and make them available by creating a user Relativity account(s)for the Producing Parties for relevance and privilege review.

     (ii)    Within 7 days of the Producing Parties obtaining access to the User Generated Communications, counsel for the parties shall meet and confer to determine a reasonable timeline for the Producing Parties' review of the User Generated Communications for relevance and privilege and for the Producing Parties to identify for Vendor all non-privileged Relevant Communications. The Parties agree to consider the volume of messages extracted in determining a reasonable timeline (and Producing Parties shall provide the exact volume at issue). Absent agreement by the Parties, on the tenth (10th) day after the Producing Parties have obtained access to conduct their review, the Parties shall submit simultaneous letters to the Court to address the issue, but in the interim, the Producing Parties shall continue to have full and complete access to the User Generated Communications.

     (iii)   After the Producing Parties identify the Relevant Communications for Vendor, Vendor will make available to SiteOne the Relevant Communications and corresponding metadata (which will include such portions of the conversation as extracted in that 24-hour slice that is necessary for understanding the context of the Relevant Communication), so identified by the Producing Parties, either in a hosted Relativity platform or exported to a Relativity-compatible load file, at SiteOne's discretion. Vendor shall assign unique Bates numbering to the Relevant Communications documents such that all parties can reference a common set of identifiers in the litigation.

     (iv)   Simultaneous to its hosting of the User Generated Communications under paragraph 5(i) above, Vendor will also provide a report to all parties of the metadata (to the extent available on the Forensic Image) of all User

Generated Communications in a deleted status that were extracted under paragraph 5 above.

(v)     The Producing Parties will have an additional 7 days to produce a privilege log to SiteOne for any Relevant Communication they have withheld from production on grounds of privilege, including making any redactions for partially privileged conversations that can then be released by Vendor as redacted documents to SiteOne.

(vi)    The parties will treat all Relevant Communications they access for analysis as ATTORNEYS' EYES ONLY pursuant to the terms of the Protective Order.  Should either party wish to downgrade the designation of any material to CONFIDENTIAL, the parties will meet and confer over the proposed designation downgrade. Any unresolved dispute between the parties regarding a request for a designation downgrade to CONFIDENTIAL for a particular document will be governed by the Protective Order.

(vii)   The parties agree to meet and confer concerning any challenges by SiteOne pertaining to the production and/or to the Producing Party's assertions of privacy, irrelevance, commercial sensitivity, attorney-client privilege, or work product protection and either party may seek relief from the Court if such disputes cannot be resolved.

6.      To the extent either party or its independent forensic expert intends to rely on any Relevant Communications or metadata, that material shall be referenced by the document control numbers assigned by Vendor during Forensic Discovery.

7.      The deadlines set forth above may be extended by agreement of both parties or, if the parties are unable to reach agreement after meeting and conferring, by order of the Court.

8.      If the resolution of this litigation, by agreement of the parties or otherwise, requires the removal or destruction of specified files from the original Forensic Devices, the parties will meet and confer regarding the procedure to follow, and may memorialize the agreed procedure in a Court order. Such procedure may include monitoring or other oversight by Vendor of the removal or destruction of the files by a party, or may include making those original Forensic Devices available to the Vendor to perform the removal or destruction of files.

9.      The parties agree that none of the actions described herein constitute a waiver of any privilege or other protection, or of any objection to or admissibility of evidence at trial.

10.     The parties agree that this Protocol will not otherwise affect the parties' right to discovery under the Federal Rules of Civil Procedure and local rules of this Court.

4

SO ORDERED:

_____

STEVEN I. LOCKE
United States Magistrate Judge