Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**Daniel E. Gorman**
daniel.gorman@troutman.com

April 22, 2025

Magistrate Judge Steven Locke
Eastern District Court New York

Re: *SiteOne Landscape Supply, LLC v. Giordano, et al*. **(2:23-CV-02084)**
   **Motion to Compel Production of Documents to NextPoint Law Group LLC**

Dear Judge Locke:

We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to compel NextPoint Law Group LLC ("NLG") to comply with SiteOne's subpoena dated April 9, 2025 (the "Subpoena," Exhibit 1) and the Court's Order dated March 26, 2025 (ECF No. 203).[1]

### I. Background.

The prior two years of litigation have been replete with endless assertions by Defendants Nicholas Giordano ("Nick"), Victor Caroleo ("Vic"), and Dominick Caroleo ("Don", and collectively, "Defendants") that SiteOne has no evidence of its claims, only for it to be revealed that Defendants (i.e., all three individually named Defendants) intentionally destroyed text messages since before the action's inception. SiteOne now seeks the data to uncover these critical facts and to assess the extent of Don's destruction, but it faces yet another meritless roadblock in enforcing its subpoenas, meritless objections by Don's vendor NextPoint Law Group, LLC ("NLG").

The Subpoena, directed at NLG, concerns Don's destruction of this critical evidence. According to Defendants, WeRecoverData ("WRD") was initially engaged by Don to create a forensic copy of his phone, but the data was found to be unreadable. Subsequently, NLG was retained by the counsel for Defendants, Milman Labuda Law Group PLLC ("Milman") to analyze WRD's file, but the analysis apparently revealed that the data was still unusable. SiteOne therefore seeks to obtain documents and communications from NLG to understand the extent of the data destruction and to perform a forensic analysis.

### II. Procedural History.

On February 25, 2025, SiteOne issued subpoenas to NextPoint Inc. and WRD seeking the relevant documents. Defendants moved to quash the subpoenas as work product and declaring privilege. (ECF No. 195.) The Court denied the motion to quash in its entirety. (ECF No. 203.) The Court held that the documents should be produced in a password-protected file, with Milman reviewing for privilege and the Court conducting an in-camera review.

Despite this Order, NLG then informed SiteOne and Defendants that since the original subpoenas had been issued to NextPoint Inc. and not NLG, NLG would not comply with the subpoena. NLG also raised issue with Defendants' failure to pay NLG's fees.

---

[1] Defendants confirmed by e-mail that they do not intend on taking a position with respect to this letter motion.

On April 9, 2025, SiteOne issued the Subpoena, this time naming NLG, and again informed NLG of the Court's order mandating production.

In response, NLG issued an objection letter dated April 18, 2025 (Exhibit 2), demanding payment of its outstanding invoices from Milman/Defendants as a prerequisite to complying with SiteOne's subpoena.

### III. NLG Must Comply with SiteOne's Subpoena and the Court's Order.

NLG's objections to SiteOne's subpoena are without merit. The Court already issued an order mandating the production of the requested documents. (ECF No. 203.) This order remains applicable to the Subpoena, and the initial "mistake" regarding the correct NextPoint entity is irrelevant to the enforceability of the Court's directive.

NLG's demand for payment of its unpaid invoices for services rendered to Milman/Defendants is not SiteOne's responsibility. The obligation to comply with the Court's order remains, regardless of any payment disputes between NLG and the Defendants. In *Tri-Ex Enterprises, Inc. v. Morgan Guar. Tr. Co. of New York*, the court granted a litigant's motion to compel documents that were subject to a retaining lien with their adversary since it would be "inequitable to deny a litigant access to relevant and perhaps essential proof merely because his adversary has refused to pay his attorney's fees." 583 F. Supp. 1116, 1118 (S.D.N.Y. 1984) ("It would be strange indeed if one could insulate himself from proof tending to establish his liability to another by placing that proof in the hands of an attorney and then refusing to pay the attorney's charges."); *see also Textil RV LtdA v. Italuomo, Inc.*, No. 92 CIV. 526, 1994 WL 48815, at *5 (S.D.N.Y. Feb. 17, 1994) (explaining that a retaining lien does not excuse failure to comply with discovery obligations).

NLG's assertion of privilege and retaining lien does not absolve them from complying with the subpoena. The Court has provided clear directives on how privileged documents should be handled, including in-camera review and the creation of a privilege log. Furthermore, NLG's claim that the subpoena imposes an undue burden is unfounded, as the documents sought are crucial for understanding the extent of evidence destruction by Defendants.

SiteOne respectfully requests that the Court compel NLG to comply with the subpoena dated April 9, 2025, and produce the documents listed in Exhibit A of the subpoena without further delay.

Any issues regarding a retaining lien for payment of the documents are between NLG, Milman, and the Court – not SiteOne. Compliance with the Court's order is essential for SiteOne to pursue its claims and address the intentional destruction of evidence by Defendants.

### IV. Conclusion.

For the reasons stated above, SiteOne respectfully requests that the Court compel NLG to comply with the subpoena dated April 9, 2025, and produce the documents listed in Exhibit A of the subpoena without further delay.

Respectfully submitted,

/s/ *Daniel E. Gorman*