# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>VIA ECF</u>                                                                                                         May 5, 2025
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al. (Case No.: 2:23-cv-2084)*
        <u>Defendants' Motion For Discovery Sanctions Against Plaintiff</u>

Dear Judge Locke:

      We represent the defendants ("Defendants") in the above action. At the March 26, 2025 Court Conference, this Court ordered Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") to produce relevant email correspondence and text messages (and other relevant electronic information, if any) contained on the each of the custodian's cellular telephones ("Order," Dkt. 203). It was expressly contemplated that necessary background information pertaining to the cell phone collection would be provided (Ex. A, p. 98), and on April 23, 2025, Defendants requested each SiteOne custodian to provide such basic information concerning the cell phone collection ("Custodian Questionnaire") by Friday, May 2, 2025 to facilitate the process, as the production is due on May 26, 2025 (Ex. B for April 23, 2025 letter and Custodian Questionnaire).[1]

      We move to compel SiteOne to provide this very basic information pertaining to their collection of cell phone data as ordered because SiteOne has failed to do so. The information requested is critical to Defendants because this entire lawsuit is a frivolous vendetta lawsuit by SiteOne to destroy defendant Dominick ("Don") Caroleo, and those associated with him, *e.g.*, his father, Defendant Victor Caroleo, and his friend, Nicholas Giordano. Indeed, SiteOne's limited cell phone production, so far, has borne out that SiteOne, while in the midst of negotiating, and ultimately consummating, a confidential settlement agreement with Don to resolve all claims, was simultaneously plotting to bring this lawsuit against him in bad faith (*see, e.g.*, SITEONE_00489733).[2] Moreover, SiteOne's wrongful termination of Don was part of SiteOne's scheme to avoid paying Don on earnout and other monies rightfully due, after it already extracted benefits from Don's leadership. SiteOne was, apparently, motivated by its belief that the $30 million it paid to purchase Defendant The Garden Dept. Corp. from Don in January 2020 was too

---

[1] SiteOne had Defendants Don Caroleo, Victor Caroleo and Nicholas Giordano complete questionnaires.
[2] SiteOne marked this document "Confidential". Under the Stipulated Protective Order (Dkt. 128), unless SiteOne consents to its filing, the document may be supplied to the Court under seal upon the Court's order.

May 5, 2025
Page 2

much. So, it resorted to "dirty tricks" to cheat Don and bully him. This lawsuit is a continuation of SiteOne's scheme.[3]

The information requested in the Custodian Questionnaire included:

- As to cell phones, (i) whether the custodian maintained both business and personal cell phones; (ii) the cell phone numbers owned or controlled, (iii) service provider; and (iv)manufacturer and model of cell phone(s);
- Identity of email accounts, social media accounts, as well as user names and phone numbers associated with messaging applications, such as WhatsApp, Messenger, Signal, etc., and dates of account creation, significant changes, *i.e.*, password changes, account recovery, and forwarding/filtering rules set up; and
- Identity of cloud storage used by custodian.

The information from SiteOne's cell phones is critical to Defendants' defense as Defendants anticipate that it will establish the lack of a good faith basis for SiteOne's claims in this action, and rather, will expose SiteOne's scheme. The undersigned, along with co-counsel, Thomas Bizzaro, Esq., had a call with SiteOne's counsel, Evan Gibbs, Esq., and Kevin Mulry, Esq., on Friday, May 2, 2025, and discussed the Custodian Questionnaire, among other things. SiteOne indicated that it would be responding, but it has not done so. It is clear why SiteOne has not responded. SiteOne wants to delay because it knows that the cell phone information will support Defendants' defense and will establish the frivolous nature of this action. We bring this motion now because we do not want to waste judicial resources and spend more time and money when SiteOne produces documents at the end of the month with a production that does not contain all the documents to which Defendants are entitled. This information is necessary to understand if SiteOne has fully explored all sources of relevant information.

Accordingly, we respectfully request that the Court grant this application to compel SiteOne to produce this information by a date certain prior to the May 26, 2025 deadline for the production of information as ordered. We thank the Court for its attention to this matter.

Respectfully Submitted,
MILMAN LABUDA LAW GROUP PLLC

*Michael C. Mulè*

Michael C. Mulè

Encl.
cc: All counsel of record (Via ECF)

---

[3] Notably, by letter dated April 11, 2025, Defendants provided SiteOne with a Rule 11 letter concerning the absolutely frivolous nature of its claims against Defendants. SiteOne has refused to withdraw its claims. In addition, they have taken document retention depositions of Don, Vic and Nick in March and April and have not discovered a single fact that would support any of their claims. Vic and Nick were free to compete with SiteOne, and SiteOne has disclosed no evidence to support their specious theory that Don was competing at any time from January 14, 2020 through January 14, 2025.