Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. Evan Gibbs III**
evan.gibbs@troutman.com

May 8, 2025

**VIA ECF**

United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(23-CV-02084-GRB-SL)**
   **Opposition to Defendants' Motion to Compel "Questionnaire" Responses**

Dear Judge Locke:

We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") in response to Defendants' May 5, 2025 letter motion (the "Letter Motion") which requests that the Court compel SiteOne and certain of its employees complete a "questionnaire" that was emailed to SiteOne's counsel on April 23, 2025.[1]

The questionnaire is not an interrogatory or other formal discovery request under the Federal Rules, and it is not something this Court otherwise ordered or required from SiteOne. Rather, it is a list of 24 questions generated by Defendants about personal cell phones; email accounts; social media accounts; messaging applications; and cloud storage, which Defendants demand SiteOne fill out for each of the individuals for whom SiteOne is collecting and searching data as ordered by the Court on March 26, 2025.

The first problem is that Defendants refused to negotiate in good faith with SiteOne about what information might be appropriate in the present circumstances. For example, SiteOne already provided Defendants with certain information about the employee cell phones, including which individuals have (or had) multiple cell phones, which is something sought by the questionnaire. SiteOne is willing to provide other similar, high-level information about the data it has collected, but Defendants—in typical fashion—have taken an all-or-nothing position and refuse to narrow the scope of the information they have demanded, including, for example:

> A comprehensive list of all social media accounts owned, controlled, and/or utilized
> by the Custodian since the commencement of the Federal Court Action, whether

---

[1] A copy of the questionnaire is attached to the Letter Motion as Exhibit B. (ECF No. 207-2.)

active or not, including, but not limited to, Facebook, Instagram, Twitter, LinkedIn, Snapchat, and TikTok.

[ECF No. 207-2 p. 4.]

The next problem is that Defendants have cited no authority to support their highly unusual request that a litigant to fill out a questionnaire. This Court's March 26 Order regarding the production of emails and text messages by SiteOne does not direct SiteOne or its employees whose data is to be searched and produced to complete the questionnaire or provide the information contained in it. [ECF No. 203.] Nor was SiteOne able to locate any authority requiring a litigant or a litigant's employees to complete such a questionnaire.

Defendants misleadingly claim it "was expressly contemplated that necessary background information pertaining to the cell phone collection would be provided." (ECF No. 207 p.1.) This is a misleading and overly expansive summary of this Court's ruling. The portion of the transcript cited by Defendants for this proposition, ECF No. 207-1 p. 98, concerns Defendants' request that SiteOne provide the total number of texts, date range, and first and last texts:

> **MR. MULE:** Your Honor, one thing on the text messages, we provided – we'd like to get from opposing counsel the total number of messages that are pulled within those search -- and the date range.
> **THE COURT:** Well, you're going to get the date range.
> **MR. MULE:** We're going to get the date range. But we want to know like first text, last text within those time periods.
> **MR. GIBBS:** Well, your Honor, they have never provided that to us.
> **THE COURT:** But they're going to search the date range and then –
> **MR. MULE:** If they have one -- if they produce texts and they produce like one text, we don't know how many texts that person had during that time period.
> **THE COURT:** You mean like the non-responsive?
> **MR. MULE:** Exactly. And the quantity.
> **THE COURT:** So you're asking basically for a hit count.
> **MR. MULE:** Hit count essentially. How many?
> **THE COURT:** And then (indiscernible) if that's –
> **MR. GIBBS:** Which is not something they've provided us, your Honor, just to be clear.
> **MR. MULE:** Well, we did provide --
> **MR. GIBBS:** We've asked for that. We've asked for that repeatedly and they've never given us that, so I don't know why we would do that.
> **THE COURT:** Okay. If you do it for them or -- and if you already produced it, you can just say see my letter of June 7th, but if you haven't then you've got to do it.
> **MR. MULE:** What we provided, you know, we'll ask for the same.
> **THE COURT:** Okay. (Indiscernible) but let me just add it to the order.

> (Pause in proceedings)
> **THE COURT:** Okay. So that's done. What else?
> **MR. MULE:** I think that's it.
> **MR. GIBBS:** Okay. So the same then, just to make sure I've got it clear, so we're going to run the same search terms across the email data and the text message data and the four-month period, it'll be a four-month period associated with each search term and that's it. Right?
> **THE COURT:** Yes, but the four months may change for different searches.

(ECF No. 207-1 pp. 97:5-99:2.)

At no point did Defendants request (or this Court order), expressly or implicitly, that SiteOne and its employees provide the overly broad information sought by the questionnaire.

Finally, to the extent that Defendants' argument is premised on their claim that "SiteOne had Defendants Don Caroleo, Victor Caroleo and Nicholas Giordano complete questionnaires," Letter Motion at p. 1, n.1, that is simply false. SiteOne never requested that Defendants complete a questionnaire of any type. The Court ordered Defendants to provide certain information about their cell phones and other data sources after it came to light that those individuals destroyed relevant information from those sources.

For those reasons, SiteOne respectfully requests that the Court deny the Letter Motion and award SiteOne its attorneys fees incurred in having to respond to the Letter Motion as it is entirely devoid of factual or legal support. It appears the Letter Motion was filed solely to create "busy work" for SiteOne and distract from the substantive issues in this case.

Respectfully submitted,

J. Evan Gibbs III