# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>**VIA ECF**</u>                                                                                                           May 9, 2025
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.* (Case No.: 2:23-cv-2084)
      <u>Defendants' Motion For Discovery Sanctions Against Plaintiff</u>

Dear Judge Locke:

We represent the defendants ("Defendants"). We seek leave to briefly reply to SiteOne's May 8, 2025 letter (Dkt.208) to address misstatements. SiteOne falsely suggests that we did not meet and confer. We did. We had a call on May 2, 2025 (the deadline for SiteOne to respond to the questionnaire). SiteOne indicated that it would be responding to the questionnaire, and co-counsel Tom Bizzaro, Esq., expressly offered SiteOne to reach out to him if it had any issues with respect to the questionnaire. It never did but rather ignored the questionnaire. SiteOne also takes cavalier attitude seemingly refusing to respond to the questionnaire because it is not a "formal discovery request …." This elevates form over substance. The information requested is not "busy work" but is precisely the type of information that SiteOne has requested and received from Defendants. It should be provided so we are not wasting time with motions after SiteOne's May 28, 2025 deadline to produce documents.[1] SiteOne's apparent unwillingness to provide this basic information – e.g., whether the custodian maintains both business and personal cell phones, the cell numbers owned or controlled by the custodians, service provider, manufacturer make and model, as well as email accounts – is puzzling to say the least. SiteOne concedes that "Defendants [were required] to provide certain information about their cell phones" whether it was called a "questionnaire" or something else is irrelevant. We thank the Court for its attention to this matter.

                                                        Respectfully Submitted,
                                                        MILMAN LABUDA LAW GROUP PLLC

                                                        *Michael C. Mulè*
                                                        Michael C. Mulè

cc: All counsel of record (Via ECF)

---

[1] We need to push this case. The information sought will inform Defendants whether SiteOne made a complete search for relevant information. SiteOne wants to delay because its case is falling apart. In the spirit of compromise, Defendants are willing, unilaterally, to forego, at this time, information regarding social media accounts (Dkt. 207-2, #3).