# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>**VIA ECF**</u>                                                                                                              May 27, 2025

United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al. (Case No.: 2:23-cv-2084)*
          <u>Defendants' Opposition to Plaintiff's Motion For Extension (Dkt. 210)</u>

Dear Judge Locke:

We represent the defendants ("Defendants"). We write in brief reply to SiteOne's May 23, 2025 letter motion (Dkt. 210) seeking an additional thirty-four days to produce documents ordered to be produced by May 27, 2025. SiteOne's motion should be denied for several reasons.

First, Defendants provided detailed search terms for each document request and agreed that SiteOne could use those search terms for texts as well as emails. (SiteOne, in contrast, requested a manual review of texts). SiteOne, therefore, should have had little need to review anything except privilege. Since March 26, 2025, SiteOne should have been focusing on any supposedly privileged documents. SiteOne's production is protected by a Protective Order. If there are many documents, SiteOne already has had 60 days to respond. SiteOne seems to suggest that it is just embarking on the task of identifying privileged documents now.

Second, SiteOne's claim that that "40,000 documents" out of 98,000 "hit on SiteOne's privilege screening criteria" is, itself, troubling to say the least. The suggestion that 41% of the responsive documents are potentially privileged smacks of abuse, for example, by (i) intentionally including counsel on communications to give a cloak of protection, (ii) excessive privilege assertions and/or (iii) an overly broad "privilege screening criteria." By way of further example, we note that Briley Brisendine, Esq., who, we understand, resigned from SiteOne in April 2025 wore three hats as "Executive Vice President, General Counsel and Corporate Secretary." He certainly did not always act in his role as General Counsel.

Third, SiteOne's counsel, Evan Gibbs, Esq., advised my co-counsel, Tom Bizzaro, Esq., that SiteOne's phones to employees can be accessed remotely.[1] SiteOne had this information at least a week before a proposed (but canceled) mediation of May 15. This means that SiteOne has

_____

[1] At least one text produced by SiteOne (not attached as an exhibit because SiteOne stamped as Confidential, SiteOne_00489800) confirms this.  We note that the ten specifically-identified custodians are Alex Trama, Gerard Passaro, Phil Sausto, Doug Black, Brian Kersnowski, Jerry Justice, Kevin Peattie, Greg Thistle, Joe Ketter and Anthony Catalano (the "Custodians").

May 27, 2025
Page 2

had remote access to the relevant information in its possession long before Defendants even made its application to the Court three and one-half months ago (on February 7, 2025, Dkt. 189) to compel the production of relevant texts and emails from these Custodians. Based on SiteOne's admissions to co-counsel, SiteOne did not even need to gather these phones, but simply could remote access them – and likely did so months ago.[2]  In addition, while playing the delay game to keep this frivolous case going, SiteOne has refused, to date, to even answer our questionnaire which would allow us to understand what SiteOne will be producing, including whether SiteOne has made any effort to collect the personal cell phones of the Custodians.

It is apparent that SiteOne wants to tied Defendants' hands so that Defendants do not have all available information when depositions begin. This case is over two years old.  While SiteOne has had private investigators on Defendants from the beginning and has made claims that Don was competing, it has not come up with any evidence to support its accusations. It should not be permitted to delay further.

Respectfully Submitted,
MILMAN LABUDA LAW GROUP PLLC
*Michael C. Mulè*
Michael C. Mulè

cc: All counsel of record (Via ECF)

---

[2] Moreover, Defendants have sought texts from SiteOne since, at least, September 2024 (Dkt. 189) – over eight months ago. Thus, there is no moral equivalency to SiteOne's request for additional time (after Defendants had requested SiteOne's texts for the past eight(8) months), and Defendants' request for a two-week extension and mutual exchange, due to counsel engagement in other matters.