Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 300
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke  June 4, 2025
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No. 2:23-CV-02084

Dear Your Honor:

This firm represents Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") in the above-referenced matter. We respectfully submit this request for an order requiring Defendants to submit for *in camera* review three emails among Defendants and their attorneys pertaining directly to Defendants' evidence spoliation. Each of the three emails at issue have been heavily redacted on the basis of the attorney-client privilege. The three redacted emails were produced to SiteOne in response to certain of SiteOne's Requests for Production.

More specifically, Defendants chose to produce these responsive emails at 4:51 pm the day before the continued evidence spoliation depositions of Don, Vic, and Nick of April 24 and 25. Because Defendants did not produce the documents until the evening before Defendants' depositions resumed, SiteOne was only able to ask Defendants about the unredacted portions of the messages, even though these messages appear to contain relevant and material details about Defendants' evidence preservation efforts and instructions from their attorneys relating to same.

Even though Your Honor made it abundantly clear at the March 26 hearing that Defendants could not shield communications relevant to Defendants' spoliation using any applicable privileges and required Defendants to produce purportedly privileged communications produced by certain third parties to the Court for *in camera* review, Defendants refused to agree to submit these three emails in unredacted form to Your Honor for *in camera* inspection, forming the basis for this Motion.[1]

The first email, Bates labeled Defendants 002224 and attached as Exhibit 1, is an email from Don's attorney (Michael Mule) to Don dated April 19, 2023. The first half of the first sentence is redacted; the second half of that sentence, which is unredacted, states, "...you advised that your phone was damaged at the Yankee game last week." The next full sentence is completely redacted. Following the redacted sentence, the email states, "As we advised you last week, please preserve the phone you dropped." The remainder of the email is redacted, which appears to be three to four paragraphs of text.

The second email, Bates labeled Defendants 002223 and attached as Exhibit 2, is an email from Don's attorney (Michael Mule) to Don dated July 14, 2023. The first portion of the opening paragraph is redacted. The first unredacted portion begins in the middle of a sentence and states, "...don't restore to factory settings. Find out when Werecoverdata can look at the phone and create a

---

[1] Defendants' gave no substantive reason for refusing to submit the documents to Your Honor *in camera*, only stating in a letter to the undersigned: "...concerning the three (3) attorney-client privileged emails, please be advised that my clients will not be waiving privilege. Please be guided accordingly."

forensic copy right away." The remainder of Mr. Mule's email is redacted, and what appears to be Don's original email to Mr. Mule (contained on the same page) is completely redacted.

The third email, Bates labeled Defendants 002225 and attached as Exhibit 3, is an email between all three individual Defendants and their attorney (Colleen O'Neil) dated February 6, 2025. The first portion of the text is redacted, and the unredacted portion begins in what appears to be the middle of sentence, stating, "I want to take this opportunity to reinforce that it is of the utmost importance that absolutely no texts get deleted from any of your phones from now until the end of this case."

At the March 26 hearing, Your Honor addressed a motion to compel filed by SiteOne [ECF No. 199] which asked Your Honor to require Defendants to answer questions at their depositions pertaining to their preservation of evidence and their receipt of litigation hold instructions from their attorneys. The questions and topics at issue were objected to by Defendants' counsel at the depositions on the grounds of the attorney-client and work-product privileges. Your Honor overruled the privilege objections asserted by Defendants and granted SiteOne's motion, explaining, "Defendants apparently destroyed evidence that they should not have destroyed. Plaintiff now has a right to ask about [that destruction]." [March 26, 2025 Tr. at 7-8:24–1.]

In overruling Defendants' objections, Your Honor relied on the cases cited by SiteOne in its motion [*id.* at 7:14-22], including *FTC v. Roomster Corp.*, 2023 WL 4409484 (S.D.N.Y. June 1, 2023), decided by Judge Netburn. In that case, the defendants admitted non-compliance with the duty to preserve evidence. Judge Netburn held that the plaintiff was entitled to discovery on defendants' culpable state of mind, including any litigation hold documents and attorney communications on the potential consequences of non-compliance. "For the avoidance of doubt, the Court concludes that the attorney-client privilege does not protect against the production of litigation hold communications." *Id.* at *2. The Court further held that, "unless Defendants intend to admit that they destroyed documents in bad faith, they have waived their attorney-client privilege with respect to any good faith defense." *Id.*; *see also Roytlender v. D. Malek Realty, LLC*, 2022 WL 5245584, *4 (E.D.N.Y. Oct. 6, 2022) (in which Judge Wicks held that information sought from questions concerning "whether the witness was instructed to preserve documents, is not protected by the attorney client privilege.").

Your Honor also overruled similar objections from Defendants as to potentially privileged communications in the possession of third-party e-discovery and forensic discovery vendors retained by Defendants (NextPoint, WeRecoverData, and MRD) in response to subpoenas issued to those vendors by SiteOne. [*See id.* at 31:10–14: "...we're looking for [ ] email or other communications between [WeRecoverData] and either the law firm or the parties themselves...[t]hat's what we're looking for."]

The Court established a procedure for *in camera* review to resolve disputes over privilege objections with respect to materials produced by these vendors. Your Honor's March 26 Order states: "[o]nce Plaintiff receives the responsive documents, Plaintiff will confirm what they are and then provide them to Defendants so that Defendants may assert a work product objection to specific documents on a log. The log will be provided to Plaintiff and the log and the documents will be provided to the Court for *in camera* review." [ECF No. 203.]

Given the above, SiteOne respectfully asks that Your Honor require Defendants to produce the three emails at issue in unredacted form for *in camera* inspection so that this Court can assess whether the redacted information is pertinent to understanding the full context and details of Defendants' spoliation.

Thank you.

John "Evan" Gibbs III