

June 11, 2025

**VIA ECF**
Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.* (Case No.: 2:23-cv-2084)
      Defendants' Motion to Compel and for Discovery-Retention Depositions

Dear Magistrate Judge Locke:

    My firm, along with co-counsel, Millman Labuda Law Group PLLC, represent the Defendants in the above-referenced action. We write in advance of the Court conference scheduled for tomorrow, June 12, 2025, to alert the Court of certain issues that have arisen since the March 26, 2025 conference before Your Honor, including some issues that Defendants were able to resolve with plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") counsel, Evan Gibbs, Esq., either in whole or in part, over the last two (2) weeks.

    Defendants believe it will be helpful to the Court if Your Honor had the attached documentation and communications that have gone back and forth between counsel since May 27, 2025. *See* Exhibits "A" through "F".[1] Counsel for the parties conducted a meet and confer on June 5, 2025. Thereafter, additional communications were sent by Defendants in an effort to resolve the issues without the need for judicial intervention. *Id.*

    Defendants respectfully request the Court's assistance in resolving two (2) unresolved issues. We do not anticipate SiteOne to oppose the first issue which, as set forth below, pertains to three (3) of the ten (10) custodians (the "Custodians")[2]; to wit: Passaro, Peattie, and Trauma

---

[1]
| Exhibit "A" | May 27, 2025 letter of Evan Gibbs, Esq. |
| Exhibit "B" | June 2, 2025 letter of Thomas A. Bizzaro, Esq. |
| Exhibit "C" | June 2, 2025 email and attachments of Michael C. Mulè |
| Exhibit "D" | June 4, 2025 letter of Evan Gibbs, Esq. |
| Exhibit "E" | June 11, 2025 email of Thomas A. Bizzaro, Esq. |
| Exhibit "F" | June 11, 2025 email of Evan Gibbs, Esq. |

[2] The term, "Custodians," refers to Douglas Black, Anthony Catalano, Greg Thistle, Kevin Peattie, Jerry Justice, Joe Ketter, Brian Kersnowski, Alex Trama, Gerard Passaro, and Phil Sausto. As the Court may recall, as of the March 26, 2025 conference, SiteOne had agreed to only search the texts of Catalano, Thistle, and Ketter. Not surprisingly, those three (3) are among the few Custodians (as admitted in SiteOne's May 27, 2025 correspondence (Ex. A), who did not either: (1) destroy text messages; (2) fail to preserve text messages in violation of SiteOne's counsel's litigation hold letters; or (3) refuse to turn over their cellular devices to be searched in compliance with Your Honor's directives. It



Hon. Steven I. Locke, U.S.M.J.
June 11, 2025
-Page 2-

(the "Refusing Custodians"), who SiteOne has advise refuse to turn over their personal cell phones to their employer (which they use for both personal and business purposes) so that SiteOne can conduct the targeted searches of their text messages in compliance with the Order (Dkt. 203).

Based on the foregoing, Defendants request a Court Order requiring the Refusing Custodians to comply forthwith with the Court's Order or, alternatively, Defendants request that SiteOne be directed to provide Defendants with the last known address for each of the Refusing Custodians so that Subpoenas can be issued. During the meet and confer, Mr. Gibbs indicated that SiteOne would likely not oppose such requests.

Thank you in advance for your prompt attention to this matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc:   All Counsel via ECF

---

appears SiteOne may have been aware for some time now that certain Custodians had possible spoliation issues, which is why SiteOne cherry-picked Catalano, Thistle, and Ketter, and have resisted (until now) Defendants' efforts to obtain this discovery for the last nine (9) months.