# EXHIBIT "B"



—— LAW OFFICES OF ——
THOMAS A. BIZZARO, JR., P.C.

June 2, 2025

**VIA EMAIL**
J. Evan Gibbs III, Esq.
Troutman Pepper Locke
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308

> **Re:**  ***SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.***
> **USDC/EDNY Docket No.: 2:23-cv-02084**

Dear Mr. Gibbs:

This shall confirm my receipt of your May 27, 2025 correspondence concerning SiteOne's efforts to collect, search, and produce: (1) emails from the SiteOne email accounts of the ten (10) custodians (the "Custodians"); and (2) text messages from the cell phones of the Custodians – as directed by Magistrate Locke on March 26, 2025 (the "SiteOne Custodian Spoliation Letter"). In that regard, this correspondence shall serve as Defendants' request to "meet and confer" on the SiteOne Custodian Spoliation Letter, my clients' anticipated spoliation motion, as well as the other issues identified below.

First and foremost, the SiteOne Custodian Spoliation Letter constitutes a tacit admission by SiteOne that it, as well as certain Custodians, have willfully and/or negligently violated at least two (2) litigation hold letters sent by your firm to your client - the earliest in April 2023.[1] For example, with respect to Douglas Black ("Black") (the CEO and Chairman of the SiteOne Board), the SiteOne Custodian Spoliation Letter states:

> Doug Black. Mr. Black currently has one cell phone, an iPhone, which he began using on or about January 25, 2024. All text messages from his iPhone were collected and are being reviewed for responsiveness. A total of 6,599 text messages were collected from Mr. Black's iPhone. *Prior to approximately January 25, 2024, Mr. Black used an Android cell phone which he has, to date, been unable to locate. If that device is subsequently found, it will of course be collected and searched consistent with the Court's March 26 Order. Our current understanding is that because Mr. Black changed from an Android device to an iPhone, his text messages were not transferred from his prior device to his current iPhone. His text message data thus only dates back to January 25, **2025** to the present.*[2]

---

[1] The letter states that the Custodians, with the exception of Mr. Jerry Justice, all received and acknowledged receipt of a litigation hold letter in April 2023, and that Mr. Justice received a litigation hold letter on April 4, 2025.

[2] It is unclear why messages would only date back to January 25, 2025, when Black has had his current phone since January 25, 2024.



J. Evan Gibbs, Esq.
June 2, 2025
-Page 2-


As is readily apparent, Black (likely with the assistance of SiteOne's IT Department) spoliated evidence material and necessary to not just this action, but also the three (3) pending state court matters. At best, Black (or SiteOne's IT Department) negligently destroyed evidence. At worst, the spoliation was intentional. In fact, in the SiteOne Custodian Spoliation Letter, you readily acknowledge that the Troutman firm sent two (2) litigation hold letters to your clients.

Frankly, it is incredible to Defendants that Black and SiteOne's IT Department cannot locate a phone that was "upgraded" on or about January 25, 2024 – in the middle of this litigation. Even more so where, as here, you have explained to me that all emails from the Custodians were preserved because SiteOne's IT Department was advised of the litigation hold at the beginning of this lawsuit by the Troutman firm. Notwithstanding the foregoing, Black and the IT Department apparently "lost" the old Android phone.

The SiteOne Custodian Spoliation Letter goes on the state:

> <u>Kevin Peattie</u>. During the relevant time period, Mr. Peattie has had two cell phones. One is a SiteOne-issued iPhone. We currently do not have the date of issuance for that device. However, on November 11, 2024, the SiteOne IT department performed a factory reset of Mr. Peattie's iPhone due to a problem Mr. Peattie was having with the two-factor authentication feature on the device. The text message data prior to that date was lost as a result of this factory reset. That being said, this device has been collected and the text message data from November 2024 to the present has been searched. 160 text messages were collected from Mr. Peattie's iPhone. Mr. Peattie also has a separate iPhone that is a personal device not issued by SiteOne. Mr. Peattie declined SiteOne's requests that he turn over this device to SiteOne for collection and searching on the basis that it is his personal device and he does not want his personal data and information searched and disclosed. Given Mr. Peattie's refusal to turn over this device, SiteOne has not able to collect or search data from this device.

Akin to Black, it appears that Peattie and/or the SiteOne IT Department intentionally and/or negligently spoliated evidence in violation of the litigation hold letters – as the SiteOne Custodian Spoliation Letter admits that the SiteOne IT Department performed a factory reset of Peattie's SiteOne-issued iPhone on November 11, 2024 – apparently without making a backup of the iPhone's hard drive. Moreover, Peattie refuses to turn over to SiteOne his separate, personal



LAW OFFICES OF
THOMAS A. BIZZARO, JR., P.C.

J. Evan Gibbs, Esq.
June 2, 2025
-Page 3-

iPhone - which the SiteOne Custodian Spoliation Letter makes clear Peattie has been utilizing from October 2022 to date.

Lastly, the SiteOne Custodian Spoliation Letter raises serious concerns over Custodians Alex Trama ("Trama"), Gerard Passaro ("Passaro"), and Phil Sausto ("Sausto").   In that regard, Trama refuses to turn over his personal cell phone (which he regularly uses for work) to SiteOne (his employer) – despite SiteOne's counsel agreeing in open court on March 26, 2025 that Trama's text messages would be provided since Trama is a named Custodian.  Likewise, Passaro refuses to turn over to SiteOne his personal cell phone - which the SiteOne Custodian Spoliation Letter makes clear Passaro was utilizing from October 2022 to date.  This time period is critical to Defendants' defense of the claims brought against them by SiteOne.

Further, there is no explanation why Passaro's text messages from his SiteOne issued iPhone only date back to July 2023 – when he began using the SiteOne-issued iPhone in February or March 2023.  Finally, the Custodian Spoliation Letter states that Sausto has a 30-Day auto-delete feature on his iPhone and the texts only date back to March 11, 2025.  The letter is also silent on: (1) the whereabouts of Sausto's prior cell phone that he used until January 2024; and whether any iCloud and/or other backups (cloud-based or otherwise) of that old device exist (whether the property of Sausto or SiteOne).

Moreover, a review of a large, random section of the 47,020 documents produced by SiteOne on May 27, 2025 makes clear that the production constitutes nothing more than an unresponsive "document dump" designed solely to further delay and frustrate the discovery process and drive up my clients' litigation costs. It is clear that SiteOne and its attorneys made little to no effort to review these documents for relevancy to this lawsuit (or the other pending matters) before sending.  Interestingly, the SiteOne Custodian Spoliation Letter states that another 50,000 documents are not being produced because of possible privilege or "sensitivity" concerns.  When can we expect a privilege log and/or the additional 50,000 documents?

Based on the foregoing, Defendants request a meet and confer prior to engaging in motion practice with respect to the SiteOne Custodian Spoliation Letter.

Finally, in response to your May 23, 2025 email concerning the three (3) attorney-client privileged emails, please be advised that my clients will not be waiving privilege.  Please be guided accordingly.



——— LAW OFFICES OF ———
THOMAS A. BIZZARO, JR., P.C.

J. Evan Gibbs, Esq.
June 2, 2025
-Page 4-

      Nothing contained herein shall be deemed a waiver of any of the Defendants' legal and equitable rights and/or remedies, all of which are expressly reserved herein.

Very truly yours,

Thomas A. Bizzaro, Jr.

cc:    Michael Mule, Esq.
       Kevin A. Cyrulnik, Esq.
       Maxwell Sandgrund, Esq.