# EXHIBIT "C"

| | |
|---|---|
| **From:** | Michael Mule |
| **To:** | Gibbs, J. Evan |
| **Cc:** | Adler, Matt; Gorman, Daniel E.; kmulry@farrellfritz.com; Kent, Paris L.; Joseph Labuda; Kevin A. Cyrulnik; Maxwell Sandgrund; Robert Milman; Thomas A. Bizzaro, III; Thomas A. Bizzaro, Jr.; Michael Mule; Robert Milman |
| **Subject:** | Case 2:23-cv-02084-GRB-SIL SiteOne Landscape Supply, LLC v. Giordano et al |
| **Date:** | Monday, June 2, 2025 5:03:58 PM |
| **Attachments:** | 2025-06-02 SiteOne MCM Ltr in Response to 5-27 ltr.pdf |
| | 2025-06-02 Third Set of Document Demands (Final).pdf |
| **Importance:** | High |

Please see the attached.

Michael C. Mulè, Esq.
Partner
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
michaelmule@mllaborlaw.com
516 303-1442 office
516 328-0082 fax

Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.

# MILMAN LABUDA LAW GROUP PLLC

3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042

---

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

Author: Michael C. Mulè – Partner
Direct E-Mail Address: michaelmule@mllaborlaw.com
Direct Dial: (516) 303-1442

June 2, 2025

**Via Electronic Mail: evan.gibbs@troutman.com**
J. Evan Gibbs, Esq.
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

Re: **SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.
Eastern District of New York, 2:23-cv-02084**

Dear Evan:

In light of your May 27, 2025 letter and production, and without prejudice, we have some questions that we would like you to informally answer by Wednesday, June 11, 2025.[1] Otherwise, we will seek a Court Order to serve supplemental interrogatories. Please answer the following questions:

1. Who is Jonathan Jones?

2. Identify the man in the text sample included in the May 16, 2025 email to you from Thomas A. Bizzaro, Jr., Esq.

3. Are texts on SiteOne-issued cell phones accessible remotely?

4. Does SiteOne have a Code of Ethics, applicable from October 1, 2022 to present?

5. Does SiteOne have an employee handbook, applicable from October 1, 2022 to present?

6. Identify all SiteOne personnel employed by SiteOne's IT department or performing IT functions.

7. Identify all SiteOne employees, from October 1, 2022 to present, identified in discovery, who have SiteOne-issued cell phones.

8. Does SiteOne have IT Guidelines and/or policies, applicable from October 1, 2022 to present?

9. What is SiteOne's current IT network name? Current domain provider? Current Email provider?

---

[1] These questions are separate and independent from the questionnaire supplied by Thomas A. Bizzaro, Jr., Esq., by email on April 23, 2025, which remains unanswered.

June 2, 2025
Page 2

10. Identify SiteOne's corporate Apple Account information.

11. Identify SiteOne's corporate Android, *e.g.*, Samsung, Google, Account information.

12. Identify all third-party applications that SiteOne installs on SiteOne-issued phones to employees, including any app that tracks what employees use their cell phones for or how they use their cell phones.

13. Identify all outside IT companies that do work for SiteOne contractually, including *per diem*.

14. Provide an inventory list of all software that SiteOne uses to run its business.

15. Identify all software utilized by SiteOne to backup data on computer systems and telecommunications, including cell phones.

16. Identify all cloud-based service providers or applications utilized by SiteOne to backup data.

17. Identify Unity Enterprise creator and who supplies the software.

18. Identify all SiteOne engineers who develop customizations to Unity Enterprises and other SiteOne software.

We thank you for your attention to this matter.

Very truly yours,
MILMAN LABUDA LAW GROUP PLLC

*Michael C. Mulè*

Michael C. Mulè

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                Plaintiff,

-against-

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

                Defendants.

                                 X

Case No.: 2:23-cv-02084-GRB-SL

DEFENDANTS' THIRD SET OF DOCUMENT DEMANDS TO PLAINTIFF

-------------------------------------------------

      **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway Management, LLC, by and through their attorneys, Milman Labuda Law Group PLLC, hereby demand that Plaintiff SiteOne Landscape Supply, LLC produce for inspection and copying the documents described herein. Production shall be made at the office of Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York within thirty (30) days of receipt of this notice.

      The demands that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of amendment or supplementation of its responses, such additional documents as it, or any person acting on its behalf, may hereafter obtain which will augment,

1

clarify, correct, or otherwise modify the answers now given to these requests (the "Requests"), as set forth in Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A. "Plaintiff", "You", or "SiteOne" refers to SiteOne Landscape Supply, LLC.

B. "Defendants" refer to Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway Management, LLC.

C. "Custodians" refers, either individually and/or collectively, to the following ten individuals:

- Doug Black;
- Anthony Catalano;
- Greg Thistle;
- Kevin Peattie;
- Jerry Justice;
- Joe Ketter;
- Brian Kersnowski;
- Alex Trama;
- Gerard Passaro; and/or
- Phil Sausto

D. The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Plaintiff or its representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically

2

recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other writings.

E. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

F. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope. The term "any" shall include the word "all" and "all" shall include "any."

G. The use of the singular form of any word includes the plural and vice versa.

H. All requested documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of these documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

I. In the event that any document responsive to this request is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Plaintiff is directed to specify the basis for non-production of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

J. Each request for disclosure of documents contemplates production of the

document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, it is to state so in writing and to produce whatever portion of said document that it is able to produce, specifying its inability to produce the remaining portion of said document, and stating whatever information or knowledge it has concerning the documents it is unable to produce, including, but not limited to, the content of such document. If any such document was but is no longer in its possession, custody or control, it must state the disposition made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

  K. In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, explained, or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

  L. In answering these requests, Plaintiff must furnish all information available to it, including information in the possession of its attorneys, or its investigators, and all persons acting on its behalf. Responses should not be limited to Plaintiff's personal knowledge. If Plaintiff cannot answer any request in full after exercising due diligence to secure the information sought, it should so state and answer to the extent possible, specifying the reason(s) for its inability to respond to the remainder, and providing any information or knowledge that it has concerning the portions not answered.

  M. Where a claim of privilege is asserted in objecting to any request, or subpart thereof, and an answer is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection

4

with a claim or defense governed by state law, indicating the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

## DOCUMENT REQUESTS

1. Any documents containing written ethics policies or codes of ethics promulgated by SiteOne and applicable to SiteOne employees, from 2020 to present.

2. Any documents containing written policies or guidelines in effect from 2020 to present which pertain to the use of company-issued information technology accounts or devices, including company-issued cellular telephones, computers or other electronic devices, company-issued e-mail accounts, and all other company-owned network tools used by SiteOne employees.

Dated: Lake Success, New York
       June 2, 2025

                            **MILMAN LABUDA LAW GROUP PLLC**
                            *Attorneys for Defendants*

                            */s/ Michael C. Mulè*
                        By:   Michael C. Mulè
                        3000 Marcus Avenue, Suite 3W8
                        Lake Success, NY 11042-1073
                        (516) 328-8899 (office)

cc:   All counsel of record (*via email*)