*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

# JOINT STATUS REPORT

**Agreed Upon and Joint Portion of Report**

This Court's June 12 Order [ECF 214] requires the parties to file a joint status report concerning depositions and deposition scheduling. By way of update, Defendants have so far taken one document retention deposition (David Black, SiteOne's Chief Information Security Officer ("CISO")) which occurred on July 10. That deposition was stopped by SiteOne due to objections regarding the scope of the questioning. The parties called chambers to try and reach Judge Locke but were unable to do so. The parties are continuing to meet and confer over the issues surrounding Mr. Black's deposition and will notify the Court no later than July 18 if the disputes are not able to be resolved.

Additionally, the document retention deposition of SiteOne's CEO, Doug Black, was scheduled for July 11 but was postponed by SiteOne because SiteOne learned on July 10 from Verizon Wireless that Mr. Doug Black's text messages—which were thought to have been lost on an old cell phone—may be recoverable from Verizon. SiteOne also learned that the old cell phone itself may be located in a storage location that SiteOne is now searching for the cell phone. The parties will coordinate the rescheduling of Mr. Doug Black's document retention deposition in the event the text messages at issue are not recovered.

The parties have also scheduled two additional document retention depositions of SiteOne employees Gerard Passaro and Kevin Peattie for July 15. Defendants intend to depose additional SiteOne employees on document retention issues, and the parties are working to schedule those remaining depositions. SiteOne is also working to produce additional documents in response to Defendants' third and fourth sets of requests for production which will include documents relevant to the document retention depositions.

This Court originally gave the parties until July 24 to complete the document retention depositions, but the parties respectfully request additional time to complete those depositions through August 15, 2025 given the number of issues the parties are currently working through.

With respect to the merits depositions, the parties propose that the merits depositions begin on August 18 and that the parties be permitted until December 12 to complete those depositions.

With respect to the number of depositions, SiteOne proposes that each party be permitted 20 total merits depositions, with 15 of the depositions lasting no longer than half a day (3.5 hours) and the remaining 5 depositions being up to a full day (7 hours). SiteOne intends to depose the three individual Defendants; three corporate representatives of entities owned by the individual Defendants; 10–13 former SiteOne employees who went to work for Defendants; 2–3 former customers/vendors; and 2–3 miscellaneous witnesses on various topics.

*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

**Defendants' Portion of Report[1]**

It is Defendants' position that SiteOne unilaterally and improperly cancelled SiteOne CEO Doug Black's document retention deposition scheduled for July 11, 2025, following SiteOne's abrupt and improper termination of the June 10, 2025 deposition of David Black, SiteOne's CISO. Further, as set forth in the paragraph above, Defendants intend to seek further discovery, including additional document retention depositions, based on CISO David Black's testimony on June 10, 2025, whereby Mr. Black testified, among other things, that: (1) he was unaware that SiteOne CEO Doug Black's cell phone had been lost until approximately one (1) week ago (Black's phone was last seen in February 2024 and CISO Black testified that CEO Black was the last person in possession of the phone); (2) he took no action with respect to the preservation of custodian text message data but, rather, testified that the custodians were advised by SiteOne's in house legal department "not to delete texts"; (3) he is unaware of any way for SiteOne to monitor and store text message data from the custodians' cellular telephones – even SiteOne issued cell phones; and (4) he was unaware of the missing text message data and other potential spoliation issues identified in SiteOne's counsel's May 27, 2025 correspondence - which led to these document retention depositions – and was learning this information in real time as he was testifying.

Moreover, SiteOne was producing documents that should have been provided in advance of the document retention deposition, including SiteOne's internal Record Retention Policy ("RRP"). When Defendants' counsel attempted to ask CISO Black questions about the RRP, SiteOne unilaterally ended the deposition (the deposition was recorded). Finally, Defendants find it curious that SiteOne may now, for the first time since CEO Black's phone was lost, recover relevant text message data, and the phone may even be in a SiteOne storage facility. Defendants certainly need to explore these issues.

Defendants propose that SiteOne be limited to a total of ten (10) depositions, including four (4) of each of the following named Defendants: Dominick Caroleo, Victor Caroleo, Nicholas Giordano, and Scapes Supply, LLC, for up to a full day (7 hours). There is absolutely no reason why the depositions of defendant corporate entities that are single asset (real estate-owning) entities, defunct, or largely inactive and owned entirely by either Dominick or Victor, could not be taken simultaneously with the Caroleo Defendants depositions.

Defendants propose to take up to 25 depositions, for up to a full day (7 hours), which may include:

1. Laura Shartle[2]
2. Joe Ketter
3. Jerry Justice
4. Alex Trama
5. Doug Black

---

[1] SiteOne disagrees with Defendants' characterizations contained in Defendants' portion of the report but, for brevity's sake, reserves its detailed explanation for motion practice and/or oral argument to the Court should the parties present any of the issues identified herein to the Court for resolution.

[2] Defendants intend on moving the Court to vacate the protective order concerning the deposition of Laura Shartle based upon evidence which was unknown at the time SiteOne moved for and obtained said protective order.

Case 2:23-cv-02084-GRB-SIL   Document 216   Filed 07/10/25   Page 3 of 3 PageID #: 3573

*SiteOne Landscape Supply, LLC v. Giordano, et al.*
Case No.: 2:23-cv-02084-GRB-SIL
Joint Status Report of the Parties

6. Kevin Peattie
7. Talyor Koch
8. Gerard Passaro
9. Anthony Catalano
10. Greg Thistle
11. Brian Kersnowksi
12. Briley Brisendine, Esq. (no longer at SiteOne)
13. Neville Ranglin
14. Rebecca from SO Legal
15. Head of IT – SiteOne needs to identify this person
16. Ana Valentin
17. Donald Abramson
18. David Schlagheck, ProSysCon
19. John Hopkins, Private Investigator for Mayberry Investigations Corporation
20. Barbara Jones
21. Justin Recchione (no longer at SiteOne)
22. Jesse D'Onofrio
23. Scott Salmon
24. Lynn Fracassi
25. Jeri Isbell
26. Sean Cramer
27. Trisha M. Earls, Esq.
28. David Black

It is entirely possible that the testimony of certain individuals may obviate the need to take the depositions of others and may necessitate the need to depose others not identified herein. However, until such depositions have been taken, Defendants are unable to make such a determination and reserves the right to substitute deponents in place of the identified individuals.

| **Attorneys for Plaintiff** | **Attorneys for Defendants** |
|---|---|
| /s/ *John S. Gibbs III* | /s/ *Thomas A. Bizzaro, Jr.* |
| John S. Gibbs III | Michael C. Mulè |
| | |
| TROUTMAN PEPPER LOCKE LLP | MILMAN LABUDA LAW GROUP PLLC |
| Daniel E. Gorman | Michael C. Mulè |
| Matthew H. Adler (admitted PHV) | Joseph Labuda |
| John S. Gibbs III (admitted PHV) | 3000 Marcus Avenue |
| 875 Third Ave. | Suite 3W8 |
| Suite 1700 | Lake Success, New York 11042 |
| New York, NY 10022 | |
| | LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C. |
| FARRELL FRITZ P.C. | Thomas A. Bizzaro |
| Kevin P. Mulry | 7 High Street |
| 400 RXR Plaza | Suite 300 |
| Uniondale, NY 11556 | Huntington, New York 11743 |