Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**troutman
pepper locke**

United States Magistrate Judge Steven I. Locke
Eastern District of New York

Re: *SiteOne Landscape Supply, LLC v. Giordano, et al.* (**23-CV-02084-GRB-SL**)
<u>Motion for Protective Order</u>

Dear Judge Locke:

We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") requesting an Order delaying further document retention depositions of SiteOne employees because SiteOne may be able to recover the missing text messages at issue from its wireless carrier, Verizon. If the messages are recovered, then no text messages are lost, and document retention depositions are unwarranted. If the messages are not recoverable from Verizon and further document retention depositions proceed, SiteOne requests an Order setting the appropriate scope of such depositions, including a time limitation, given fundamental disagreement among the parties on these issues.

**The Text Messages at Issue**

On March 26, the Court ordered that the text messages of 10 current SiteOne employees be collected and searched using Defendants' search criteria. [ECF No. 203.] On May 27, SiteOne produced to Defendants a total of 44,702 documents which included the text messages responsive to Defendants' search criteria.[1] SiteOne provided Defendants a letter that same day explaining its findings about the SiteOne employees' text messages. A copy is attached as Exhibit 1. Relevant here, SiteOne explained it was able to collect all text messages from five of the custodians without issue.

However, five of the individuals had gaps or other issues with their text message data: Gerard Passaro; Phil Sausto; Kevin Peattie; Alex Trama; and Doug Black. Passaro's text message data only went back to July 18, 2023 for unknown reasons; Sausto's only went back 30 days due to a 30-day auto-delete feature on his phone; Peattie's only went back November 11, 2024 due to a factory reset of his phone due to a problem with the two-factor authentication; Trama did/does not have a SiteOne-issued phone; and Black's text messages only went back to January 25, 2024 because he changed to a new phone because his prior phone was too old and no longer supported, and Black was unable to locate his old phone.[2] SiteOne explained these issues to Defendants in its May 27 letter.

**The SiteOne Document Retention Depositions**

At the June 12 hearing, the parties and the Court discussed Defendants taking document retention depositions. A copy of the hearing transcript is attached as Exhibit 2; the discussion on this

---

[1] The Court also ordered additional email searching at the March 26 hearing using Defendants search criteria; the May 27 production thus included emails and text messages, and most of the documents produced were emails.
[2] SiteOne produced documents to Defendants confirming that Black's old cell phone had been replaced and that SiteOne, via its IT employee Neville Ranglin, made extensive efforts to try and transfer Black's text messages to his new phone, but was unsuccessful. While it was initially believed that Black's old phone was returned to him following the process of switching to his new phone, it is now unclear whether Black got the old phone back or whether it was kept with other outdated SiteOne-issued devices collected from other employees intended to be wiped and disposed of. In any event, SiteOne's and Black's efforts to locate the phone have been unsuccessful so far.

July 14, 2025
Page 2

issue is at pages 13 to 17. Defendants requested that "somebody from SiteOne IT" and all 10 individuals from whom text messages were collected sit for document retention depositions—even though there were no gaps or other issues with at least five of the individuals' text messages data. (Ex. 2 p. 14.) In other words, there was no basis for a document retention deposition of at least five of the ten individuals because all their data was collected without issue. SiteOne objected during the hearing to all 10 individuals being deposed for that reason. (*Id.* p. 15.) The Court agreed that Defendants could begin with five document retention depositions, stating, "let's say it'll be five depositions just to put a number on it." (*Id.* p. 16.) Since then, the parties scheduled four document retention depositions: David Black, SiteOne's Chief Information Security Officer (July 10); Doug Black, SiteOne's CEO (July 11); and local employees Kevin Peattie and Gerard Passaro (July 15).

**The Dispute Regarding David Black's Deposition**

Defendants deposed David Black on July 10. Importantly, Black was not involved with collecting, analyzing, or searching **any** of the cell phones at issue in this case—no one at SiteOne was. That was all handled by the undersigned's law firm and its vendors. This was explained to Defendants' counsel multiple times before Black's deposition. Black thus has no knowledge about the specifics of the text message data for any SiteOne employee in this case. He was presented to testify about SiteOne's processes and procedures generally and what SiteOne did to preserve evidence in this case, but not about the text messages at issue or what any SiteOne employees did or didn't do.

During his deposition, however, Defendants' counsel extensively and repeatedly questioned Black about the specific employees whose text messages are at issue here—even after Black testified repeatedly that he was not involved with collecting or searching their texts and had no knowledge of same. The questioning became harassing through its repetition and tone, with Defendants' counsel at various points seemingly suggesting that Black was not qualified for his role and that he does not know what he is doing. Moreover, Defendants' counsel repeatedly asked questions that were irrelevant to a document retention deposition, and which called for legal conclusions, asking Black about things such as whether the loss of Doug Black's old phone constituted a reportable data breach under SEC regulations, for example. Further, over objections, certain SEC regulations were cited to the witness (who is not an attorney), and he was then asked legal questions about "materiality" and whether SiteOne had breached any of its SEC reporting obligations.

Based on these issues, the undersigned eventually called a halt to the deposition. The undersigned called Your Honor's chambers to resolve the disputes and determine the appropriate scope of the deposition, but was advised Your Honor was not available that day for a telephone conference. Based on Defendants' counsel's representation that he had "hours" of questioning left, the undersigned terminated the deposition until questions regarding the scope of the deposition could be answered given the fundamental disagreements between the parties about same.[3]

To be clear, the deposition lasted approximately three hours, and Defendants' counsel had the opportunity to ask—and did so repeatedly—and received sworn testimony about the topics relevant

---

[3] It is revealing that Defendants' counsel threatened the undersigned that Doug Black's deposition, which had been scheduled for the following day, would last "the full eight hours." **Defendants' document retention depositions lasted: Vic, one hour and 24 minutes, in total; Don, one hour and 35 minutes, in total; and Nick, 43 minutes, in total.**

to document retention in this case, to wit: how SiteOne administers legal holds; Black's and others' role in that process; what materials are able to be preserved by SiteOne's systems and whether such materials were preserved; whether and to what extent SiteOne can retain or collect text messages on company-issued devices and whether they were; the software applications on SiteOne-issued phones; and the other security measures SiteOne has in place for its devices and accounts, among other things.[4]

**Additional Information Learned by SiteOne**

The undersigned's understanding was that the missing text messages were not recoverable from SiteOne's carrier, Verizon—which is why SiteOne consented to the document retention depositions without seeking the messages from the carrier first. However, after Black's deposition, a SiteOne employee spoke to SiteOne's Verizon account representative about whether text messages from SiteOne-issued cell phones can be collected by Verizon. The account rep relayed that messages can be recovered going back "years." As instructed by the account rep, SiteOne thus issued a subpoena to Verizon the next day, July 11, seeking production of the text messages at issue. Additionally, SiteOne learned that Doug Black's missing phone may be with other outdated devices collected by SiteOne, so the company is further searching for the device. The undersigned therefore canceled the depositions of Doug Black, Peattie, and Passaro on the basis that if the messages are recovered then there is no missing data and no need for document retention depositions.

**The Dispute Regarding Additional Document Retention Depositions**

In addition to continuing the deposition of David Black, Defendants demand that SiteOne immediately reschedule the depositions of Doug Black, Kevin Peattie, and Gerard Passaro, and also schedule the depositions of Joe Ketter, Jerry Justice, Alex Trama, Sean Kramer (SiteOne's former Chief Information Office), Briley Brisendine (SiteOne's General Counsel at all times relevant to this case), Neville Ranglin (the SiteOne IT employee who assisted Doug Black transitioning to his new phone); Rebecca Ramstrom (the SiteOne paralegal who distributes litigation hold memos); and the "Head of IT" for SiteOne. These additional depositions, however, go far beyond the document retention depositions initially consented to and represent a material departure from what SiteOne understands the Court to have permitted at the June 12 hearing.

SiteOne thus asks the Court to postpone further document retention depositions until it is determined if Verizon has the missing text messages. If Verizon does have the messages, SiteOne requests an Order preventing any further document retention depositions. If any document retention depositions are required to occur, SiteOne requests clear guidance on the boundaries of the depositions to prevent harassment and overreach by Defendants in those depositions.

J. Evan Gibbs III

---

[4] Also relevant here, Defendants issued their third set of RFPs to SiteOne on June 2 seeking the production of SiteOne's ethics and other policies pertaining to the use of company-issued/owned devices. SiteOne served its written responses to the RFPs on July 2 and produced the responsive documents on July 8. The production included four responsive SiteOne policies, including its information security policies, code of ethics, and portions of portions of its employee handbook. Unintentionally omitted from the production was SiteOne's Master Records Retention Policy. This policy was, however, produced to Defendants on July 10 during Black's deposition as soon as the undersigned was made aware of its existence. Defendants did not have a chance to question Black on the policy given where the deposition ended.