**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

July 16, 2025

**VIA ECF**
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: **SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Magistrate Judge Locke:

My firm represents the Defendants in the above-referenced matter, along with co-counsel, Milman Labuda Law Group PLLC. This correspondence shall serve as Defendants' letter motion to compel Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") compliance with the Court's June 12, 2025 Order (the "Order") (Dkt. 214), and for an award of sanctions against SiteOne for its willful disregard and continued violation of the Order. The Order directed that SiteOne custodians appear for IT-Retention Depositions ("DRDs") no later than July 24, 2025. SiteOne was further directed to produce any remaining documents no later than June 30, 2025. (Dkt. 214). In accordance with the Order, the parties scheduled the Depositions of four (4) SiteOne custodians (the "Custodians"), who were each identified in SiteOne counsel's May 27, 2025 correspondence (Exhibit "A"); to wit: (1) SiteOne Chief Information Security Officer ("CISO") David Black[1]; (2) SiteOne Chief Executive Officer ("CEO") Douglas Black; (3) Gerard Passaro, and (4) Kevin Peattie.

The Deposition of CISO Black commenced (virtually) on June 10, 2025. SiteOne's counsel, Evan Gibbs, Esq., abruptly halted the Deposition of CISO Black (after approximately 2-3 hours of questioning by Defendants' counsel), without good cause or justification, because CISO Black's testimony was simply too damaging to SiteOne to permit CISO Black's IT-Retention Deposition to continue. SiteOne then compounded its violation of this Court's Order by refusing to produce any further SiteOne Custodians for IT-Retention Depositions as directed by Your Honor, while SiteOne does "damage control" and Plaintiff can regroup. Respectfully, SiteOne should not be permitted to utilize its own misconduct as a "shield" to violate and willfully disregard the Order. That same day, SiteOne improperly terminated CISO David Black's IT-Retention Deposition ("DRD") after only two (2) to three (3) hours of questioning. Prior to SiteOne's abrupt and inappropriate termination of the DRD, CISO Black testified (among other flatly incredible and damaging testimony) that: (1) he first learned approximately one (1) week ago that SiteOne Chairman and CEO Doug Black's ("CEO Black") company cellular phone was "lost" (SiteOne claims that CEO Black's cell phone was allegedly lost by CEO Black, himself, one and a half (1 ½) years ago in January/February 2024) (Exhibit "A"); (2) SiteOne has not attempted to determine the last known location of CEO Black's cell phone though the phone's internal tracking software; (3) SiteOne's only preservation instructions given to its custodians regarding preserving text message data was "do not delete texts"; and (4) SiteOne has no internal text message preservation infrastructure.[2]

---

[1] The Court should note that Defendants initially sought the IT-Retention Deposition of the head of SiteOne's IT department, however, SiteOne refused to produce any witness from IT, but rather informed Defendants that CISO Black was the SiteOne witness who had the most knowledge in connection with the court-ordered Depositions, since he is the CISO of SiteOne. Over objection, Defendants agreed to depose CISO Black on July 10, 2025, reserving its rights to seek the Deposition of the Head of SiteOne IT should CISO Black not have relevant knowledge as represented to Defendants by Mr. Gibbs. (Exhibit "B").

[2] Defendants expect to receive the transcript from CISO Black's Deposition by Friday, July 18, 2025 and will provide a copy to the Court for its review.

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

Incredibly, following CISO Black's DRD, Mr. Gibbs informed the undersigned that SiteOne may now, for the first time, be able to recover text message data from CEO Black's lost cell phone through Verizon, and that CEO Black's "lost" cell phone may not be lost at all – but rather may be sitting in a SiteOne storage facility. It now appears that SiteOne's claim that CEO Black's cell phone was lost in January/February 2024 was nothing more than a ruse. However, CISO Black's testimony at his DRD was so damaging that it left SiteOne with no alternative but to somehow "find" CEO Black's phone – which Defendants now believe was never misplaced in the first instance.

After halting CISO Black's deposition on July 10, 2025, SiteOne unilaterally canceled the DRD of CEO Doug Black, which was scheduled for the next day - July 11, 2025 - based solely on the speculative possibility of recovering messages from Verizon. (Exhibit "B"). This was done without a stipulation or order of the Court, over Defendants' objections, and in violation of the Order (Dkt. 214). Later that same day (July 10, 2025), the parties submitted a JSR as directed by the Court. SiteOne represented to the Court that the DRDs of custodians Gerald Passaro and Kevin Peattie were scheduled to proceed on July 15, 2025. (Dkt. 216). On July 11, 2025, less than twenty-four (24) hours after submitting the JSR, Mr. Gibbs sent email correspondence stating, in relevant part:

> "We are going to postpone the depositions of Kevin Peattie and Gerard Passaro we have scheduled for Tuesday, and we are not willing to reschedule the deposition of Doug Black at this time."

> "If we recover the missing text messages from Verizon, then there is no loss of data or communications and there is thus no basis for any further document retention depositions."

See Exhibit "C".

While SiteOne may not want to produce its custodians for further DRDs following the disastrous testimony of CISO Black, SiteOne should not be permitted to intentionally delay the discovery process, in violation of court orders, in an effort to insulate itself from further harmful testimony from the remaining custodians. Moreover, the following issues and concerns exist following CISO Black's testimony and Mr. Gibbs' improper cessation of the CISO's Deposition:

1. SiteOne may have intentionally withheld responsive documents until compelled to produce same in the middle of CISO Black's testimony - which material references the alleged "loss" of CEO Black's cell phone (email correspondence) and the SiteOne Record Retention Policy ("RRP")[3].
2. CISO Black's DRD testimony and SiteOne's "newly minted" position concerning CEO Black's lost cell phone and his text message data, demonstrate that SiteOne likely fabricated the narrative that CEO Black's cell phone was lost
3. CISO Black should be required to sit for a continued DRD. CISO Black's testimony was evasive and incomplete, and SiteOne's counsel abruptly and unilaterally terminated the DRD without justification or cause – in an effort to stop the damage being caused by CISO Black's glaring

---

[3] SiteOne produced the RRP in the middle of CISO Black's Deposition – which RRP should have been produced in advance of the IT-Retention Deposition – and then refused to allow the undersigned to question CISO Black about the RRP - abruptly halting the deposition because Mr. Gibbs concluded that Defendants' counsel did not have any relevant questions remaining to ask CISO Black. SiteOne's counsel took this position immediately <u>after</u> producing the RRP for the first time at CISO Black's Deposition and before the witness was asked a single question about the RRP – which is clearly a relevant document for an IT-Retention Deposition.

testimony.  On the other hand, SiteOne subjected Defendants to two (2) rounds of DRDs (Don and Vic) – which additional DRDs proffered no new information or evidence. SiteOne should be held to the same standard – even more so when SiteOne "threw in the towel" to save CISO Black after a mere three (3) hours of a DRD – the first DRD of SiteOne custodians.

SiteOne's failure to preserve cellular text data and CEO Black's device itself - despite a litigation hold - is actionable under Rule 37(e). SiteOne clearly is aware of same, having made the exact argument against Defendants when seeking DRDs. CISO Black confirmed SiteOne lacks even the most rudimentary, centralized tools for mobile data retention. In fact, CISO Black's clear lack of IT knowledge and credibility was glaring, which is surprising for the CISO of a billion-dollar public company testifying at a DRD. Moreover, SiteOne offered CISO Black for the DRD – Defendants wanted the DRD of the Head of IT of SiteOne.  SiteOne refused and insisted on CISO Black – stating he had the most knowledge. (Exhibit "B"). As evident, that was a strategic error on SiteOne's part which backfired. Throughout the brief questioning of CISO Black, SiteOne's counsel continually asserted objections, even making the bold statement on the record that: There is no SiteOne witness that has any knowledge concerning text message retention policy and protocol (or what occurred here with the Custodians and their text messages) because [my firm] utilized a 3rd party vendor to extract the data from the Custodians' devices.  While that may be true, clearly the Custodians, including CEO Black himself, have relevant knowledge and information which includes, but is not limited to: (1) what the Custodians were actually told by SiteOne about preserving text messages; (2) who told them on behalf of SiteOne; and (3) whether the Custodians deleted relevant text messages anyway despite the litigation hold.

Moreover, in further violation of the Order and SiteOne's own prior written and oral representations:

- SiteOne has failed to produce the 50,000 document privilege log it represented to the Court was forthcoming on June 30, 2025;
- SiteOne has failed to produce the text messages from the Custodians' personal cell phones. Defendants were informed by SiteOne on July 10, 2025 that the vendor's package was "lost in transit" due to a missing suite number, and that it had finally been located in a "FedEx warehouse";
- SiteOne failed to produce its litigation hold letters, which are critical to evaluating the adequacy of its preservation efforts – Defendants received one (1) litigation hold letter from Mr. Gibbs on July 15, 2025;
- SiteOne has not produced a single email sent by CEO Black - with the exception of three (3) or so emails between CEO Black and Neville Ranglin - which emails were produced midway through CISO Black's deposition - confirming that SiteOne was actively "archiving" and accessing CEO Black's emails in real time; and
- SiteOne also produced its own Record Retention Policy in the middle of CISO Black's DRD, but you then refused to allow any questioning on the policy or otherwise, and improperly terminated the deposition.

**Relief Requested:**

SiteOne disregarded Defendants' July 13, 2025 request for a meet and confer (Exhibit "D") and, instead, moved for a protective order (without court permission) on July 14, 2025. (Dkt. 217), which motion seeks a stay of the remaining SiteOne Custodians' Depositions, including CEO Black, Gerard Passaro, and Kevin Peattie, until such time as SiteOne determines whether CEO Black's (and Passaro and Peattie's) text message data can somehow be recovered from Verizon – which SiteOne allegedly learned, for the first time, in the middle of CISO Black's testimony.

Defendants request an Order denying SiteOne's improper and "strategic" request for a protective order and (1) compelling SiteOne to produce custodians, CEO Black, Gerard Passaro, Kevin Peattie (and the remaining SiteOne custodians and others) for their IT-Retention Depositions within a short, finite period of time or face sanctions for failing to do so; (2) compelling SiteOne to produce a privilege log, if any documents have been withheld on the basis of privilege; (3) compelling SiteOne to produce any and all remaining documents and text messages prior to any further Depositions of SiteOne custodians; and (4) an award of sanctions against SiteOne for the aforementioned conduct and violation of the Order. Simply stated, SiteOne is "self-imploding" in real time following CISO David Black's internally inconsistent testimony. That does not, however, give SiteOne a license to disregard this Court's Order, refuse to produce witnesses for duly noticed and court-ordered DRDs, or strategically produce relevant documents, mid-deposition, in an attempt to frustrate the examination. This pattern of obstruction is plainly sanctionable.

Finally, as a direct result of SiteOne's conduct, Defendants are not in a position to schedule the merit depositions of the parties' until all the DRDs are completed and SiteOne has produced its long-awaited privilege log, CEO Black's emails and texts (if CEO Black's texts are recovered from Verizon or the cell phone is found in a SiteOne storage facility – and all remaining discovery – whether known or unknown at this time - is completed).

Thank you for your prompt attention to this urgent matter.

Respectfully submitted,

*THOMAS A. BIZZARO, JR.*

Thomas A. Bizzaro, Jr.

cc:  Milman Labuda Law Group, PLLC
     Kasowitz LLP