# EXHIBIT "D"

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

July 13, 2025

**VIA ELECTRONIC MAIL**
J. Evan Gibbs, Esq.
Troutman Pepper Locke
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308

      **RE:**    **SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
             United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Evan:

      Pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37.3, and Magistrate Judge Locke's Individual Practices, this shall serve as Defendants' request for a meet and confer no later than July 14, 2025 at 5:00 PM ET regarding SiteOne's sanctionable conduct. If the issues outlined below are not resolved, Defendants will file a formal motion for sanctions and related relief.

**I. Discovery Misconduct and Potential Perjury by SiteOne Witnesses**

Document Retention Deposition ("DRD") of CISO David Black:

On July 10, 2025, SiteOne improperly terminated CISO David Black's DRD after only two (2) to three (3) hours of questioning. Prior to SiteOne's abrupt and inappropriate termination of the DRD, CISO Black testified (among other flatly incredible and damaging testimony) that: (1) he first learned approximately one (1) week ago that SiteOne Chairman and CEO Doug Black's ("CEO Black") company cellular phone was "lost" (SiteOne claims that CEO Black's cell phone was allegedly lost by CEO Black, himself, one and a half (1 ½) years ago in January/February 2024); (2) SiteOne has not attempted to determine the last known location of CEO Black's cell phone though the phone's internal tracking software; (3) SiteOne's only preservation instructions given to its custodians regarding preserving text message data was "do not delete texts"; and (4) SiteOne has no internal text message preservation infrastructure.

Incredibly, following CISO Black's DRD, you informed me that SiteOne may now, for the first time, be able to recover text message data from CEO Black's lost cell phone through Verizon, and that the "lost" cell phone may even be sitting in a SiteOne storage facility. It now appears that SiteOne's claim that CEO Black's cell phone was lost in January/February 2024 was nothing more than a ruse. However, CISO Black's testimony at his DRD was so damaging that it left SiteOne with

J. Evan Gibbs, Esq.
July 13, 2025
-Page 2-

no alternative but to somehow "find" CEO Black's phone – which Defendants now believe was never misplaced in the first instance.

DRD of CEO Black:

Thereafter, on July 10, 2025, SiteOne unilaterally and wrongfully canceled the DRD of CEO Doug Black, which was scheduled for the next day - July 11, 2025 - based solely on the speculative possibility of recovering messages from Verizon. This was done without a stipulation or order of the Court, over Defendants' objections, and in violation of both Rule 30 and Magistrate Locke's June 12th Order (ECF 214).

The Joint Status Report ("JSR"):

Following our extended discussions on July 10, 2025, the parties submitted a JSR that same day as directed by the Court. SiteOne represented to the Court that the DRDs of custodians Gerard Passaro and Kevin Peattie were scheduled to proceed on July 15, 2025.

SiteOne's Further Obstruction

However, less than twenty-four (24) hours later, in your July 11, 2025 email, you state:

> "We are going to postpone the depositions of Kevin Peattie and Gerard Passaro we have scheduled for Tuesday, and we are not willing to reschedule the deposition of Doug Black at this time."

> "If we recover the missing text messages from Verizon, then there is no loss of data or communications and there is thus no basis for any further document retention depositions."

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

J. Evan Gibbs, Esq.
July 13, 2025
-Page 3-

While SiteOne may not want to produce its custodians for further DRDs following the disastrous testimony of CISO Black, SiteOne is not permitted to intentionally delay the discovery process, in violation of court orders, in an effort to shield itself from further harmful testimony from the remaining custodians.

Moreover, SiteOne's 13th hour position runs afoul of:

- SiteOne's own representations in the JSR (filed by you less than 24 hours earlier);
- The duty to cooperate under FRCP 1 and FRCP 37;
- Magistrate Locke's directives, as the DRDs are relevant and necessary because of: (a) the spoliation that has already occurred; and (b) SiteOne's failure to act timely or competently to preserve key evidence; and
- SiteOne prior representations that is would produce the custodians for DRDs – which representations were made in open court - on the record.

Further, in addition to completing the DRD of CISO Black, and following the DRDs of CEO Black, Gerald Passaro, and Kevin Peattie, as you have been advised several times, the Defendants intend on taking the DRDs of the following custodians:

- Joe Ketter
- Jerry Justice
- Alex Trama
- Sean Cramer
- Briley Brisendine
- Neville Ranglin
- Rebecca from SiteOne Legal
- Head of IT (SiteOne still needs to identify and provide the name and role of this individual).

**II. Withheld Documents and Fabricated Device Loss**

1. SiteOne and the Troutman firm withheld responsive documents until compelled to produce same in the middle of CISO Black's testimony - most notably, material referencing

J. Evan Gibbs, Esq.
July 13, 2025
-Page 4-

2. "Neville's white glove service" and the SiteOne Record Retention Policy ("RRP") for the first time since SiteOne commenced this frivolous lawsuit in 2023.
3. CISO Black's DRD testimony and SiteOne's "newly minted" position of CEO Black's text message data, demonstrate that SiteOne likely fabricated the narrative that CEO Black's cell phone was lost. If SiteOne misrepresented this fact in the May 27, 2025 spoliation letter (or failed to properly investigate or search for the phone or text message data in the first instance), this constitutes a fraud perpetrated on the Court.
4. CISO Black must sit for a continued deposition. His testimony was evasive and incomplete, and SiteOne abruptly and unilaterally terminated the DRD without justification or cause. Rather, someone in the SiteOne hierarchy decided to stop the bleeding of CISO Black – irrespective of how SiteOne would like to spin things. On the other hand, my clients were subjected to two (2) rounds of DRDs (Don and Vic) – which additional DRDs proffered nothing useful. The same standard should apply to SiteOne – even more so when SiteOne "threw in the towel" to save CISO Black after a mere three (3) hours of a DRD – the first DRD of many to follow.

### III. <u>Spoliation and Rule 37(e) Sanctions</u>

SiteOne's failure to preserve cellular text data—despite a litigation hold—is actionable under Rule 37(e). SiteOne clearly is aware of same, having argued the exact same thing against my clients. However, this time, the shoe is on the other foot.

CISO Black confirmed SiteOne lacks even the most rudimentary, centralized tools for mobile data retention. In fact, CISO Black's clear lack of IT knowledge and credibility was glaring, which is surprising for the CISO of a billion-dollar public company testifying at a DRD. Moreover, SiteOne offered CISO Black for the DRD – Defendants wanted the DRD of the Head of IT of SiteOne. SiteOne refused and insisted on CISO Black. As evident, that was a strategic error on SiteOne's part which backfired.

J. Evan Gibbs, Esq.
July 13, 2025

-Page 5-

### IV. SEC Disclosure Obligations & Code of Conduct Violations

As we further discussed at CISO Black's DRD, SiteOne may have violated SEC disclosure regulations, including:

- 17 C.F.R. § 229.105 (Item 1.05 of Form 8-K) – requires disclosure of material cybersecurity incidents within four (4) business days.
- Failure to disclose CEO Black's lost device, during active litigation, may be material given its impact on SiteOne's legal exposure and credibility – there were multiple litigation holds in place.
- SiteOne's own Code of Conduct (pp. 2, 10, 14) and RRP impose obligations regarding information governance, legal compliance, and recordkeeping.
- Misleading investors, regulators, or the Court may implicate Rule 10b-5, Item 106 of Form 10-K, and potential SEC enforcement.
- The SEC collected $8.2 billion in financial penalties in 2024—these are not idle threats.

### V. Additional Violations of Court Orders and Discovery Abuse

In further violation of Magistrate Locke's Orders and SiteOne's own prior written and oral representations:

- SiteOne has failed to produce the privilege log it represented to the Court was forthcoming on June 30, 2025;
- SiteOne has failed to produce the text messages from the custodians' personal cell phones. Defendants were informed by SiteOne on July 10, 2025 that the vendor's package was "lost in transit" due to a missing suite number, and that it had finally been located in a "FedEx warehouse";
- SiteOne failed to produce its litigation hold letters, which are critical to evaluating the adequacy of its preservation efforts;
- SiteOne has not produced a single email sent by CEO Black - with the exception of three or so emails between CEO Black and Neville Ranglin - which were produced midway through

J. Evan Gibbs, Esq.

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

July 13, 2025
-Page 6-

- CISO Black's deposition - confirming that SiteOne was actively archiving and accessing CEO Black's emails in real time;

- SiteOne also produced its own Record Retention Policy in the middle of CISO Black's DRD, but you then refused to allow any questioning on the policy or otherwise and improperly terminated the deposition.

As you are aware, SiteOne's conduct and actions constitute clear violations of SiteOne's discovery obligations and also support sanctions under Rule 37.

Please confirm the following by Monday, July 14, 2025 at 5:00 PM ET:

1. Re-scheduling of the DRD of CEO Black;.
2. The DRDs of Gerard Passaro and Kevin Peattie will go forward on July 15, 2025;
3. Re-scheduling of CISO David Black;
4. SiteOne's agreement to produce:
    - Ketter, Justice, Trama, Cramer, Brisendine, Ranglin, Rebecca from SiteOne legal, and the Head of IT for DRDs;
5. SiteOne's internal materiality assessments regarding CEO Black's lost phone;
6. Whether SiteOne made any disclosures to the SEC related to the data loss.

If you do not respond in full, we will seek sanctions under FRCP 37 and the Court's inherent authority – including, but not limited to, adverse inferences, monetary sanctions, and other relief deemed just and proper.

**VI. Professional Responsibility**

Finally, we note the obvious: SiteOne's conduct is clearly sanctionable, including potential misrepresentations to the Court, improper and/or fraudulent concealment of relevant documents, abuse of deposition procedures, and possibly misleading statements to the SEC and shareholders. SiteOne's wrongful and contumacious conduct has tarnished its own integrity (and that of its legal counsel) and has compromised this proceeding.

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

J. Evan Gibbs, Esq.
July 13, 2025
-Page 7-

SiteOne is clearly "self-imploding" in real time following CISO David Black's ridiculous and internally inconsistent testimony. That does not, however, give SiteOne a license to disregard Court orders, refuse to produce witnesses for duly noticed and Court-ordered DRDs, or strategically produce relevant materials mid-deposition, in order to frustrate the examination. This pattern of obstruction is plainly sanctionable.

This case has now escalated far beyond simple discovery disputes and directly implicates SiteOne's credibility (and that of the attorneys at the Troutman firm), regulatory risk exposure, and the administration of justice. We caution SiteOne to take seriously its obligations under Rule 11, Rule 26(g), and your duties as officers of the Court.

Finally, as a direct result of SiteOne's conduct, Defendants are not in a position to schedule the merit depositions of the parties' until all the DRDs are completed and SiteOne has produced its "promises" privilege log, CEO Black's emails and texts (if CEO Black's texts are recovered from Verizon or the cell phone is found in a SiteOne storage facility – and all remaining discovery – whether known or unknown at this time - is completed) and we intend on notifying the Court of same.

Nothing contained herein shall be deemed a waiver of Defendants' legal and equitable rights and remedies, all of which are expressly reserved herein.

Very truly yours,

Thomas A. Bizzaro, Jr.

cc:     Milman Labuda Law Group, PLLC
        Kasowitz LLP