

**Nextpoint Law Group**

UNIQUELY DATA-DRIVEN LEGAL SERVICES

July 9, 2025                                                             **VIA EMAIL**

J. Evan Gibbs
Troutman Pepper Locke LLP
evan.gibbs@troutman.com

**RE:**    *SiteOne Landscape Supply, LLC v. Giordano, et al.*, Case No. 23-CV-02084 (SDNY)

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Nextpoint Law Group, LLC ("NLG") hereby asserts the following objections to the subpoena dated April 9, 2025:

## I.    NLG OBJECTS TO THE ATTEMPTED APPLICATION OF PRIOR RULINGS.

SiteOne's contention that prior orders directed to a *different* subpoena served on a *different* party, Nextpoint, Inc., "remains applicable" to the NLG subpoena, or that it was an unintentional "mistake" is, frankly, outlandish.  Nextpoint, Inc. and Nextpoint Law Group, LLC are separate entities.  Nextpoint, Inc. is an Illinois-based software company while Nextpoint Law Group, LLC is an Arizona-based *law firm*.  Further, as NLG explicitly detailed in its April 18, 2025 objection letter (Ex. 1 hereto), this was no "mistake" by either party.  Both parties knew NLG was not subpoenaed, but explicitly misrepresented to the Court that the subpoena was issued to NLG.

## II.    NLG OBJECTS TO THE SUBPOENA BECAUSE IT REQUESTS DOCUMENTS COVERED BY NLG'S VALID RETAINING LIEN.

NLG objects to the subpoena because it requests documents covered by NLG's valid retaining lien.  An attorney has a "retaining lien" that allows counsel to retain "documents in counsel's possession until counsel is paid for his or her work."  *Rivkin v. A.J. Hollander & Co.,* No. 95 CIV 9314, 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996) (citing cases); *see also Robinson v. Rogers*, 237 N.Y. 467, 470, 143 N.E. 647 (N.Y. 1924); *Matter of Heinsheimer*, 214 N.Y. 361, 364, 108 N.E. 636 (N.Y. 1915).  The retaining lien is "recognized and followed in the federal courts, as a matter of state or federal law, unless a specific federal law alters the parties' rights."  *Rivkin*, 1996 WL 633217, at *2.  Here, Milman Labuda has not paid NLG for work NLG performed in this matter on behalf of Milman Labuda and its clients.

Because the retaining lien is a ***possessory*** lien, NLG cannot be compelled to turn over documents before assuring that payment for its services is adequately secured.  *The Mint Factors v. Ceder Tide Corp.*, 519 N.Y.S.2d 27, 133 A.D.2d 222, 223 (N.Y. App. Div. 1987) (holding that it was error for the trial court to direct prior counsel to transfer their file before assuring that payment was adequately secured); *Lebovic v. Ballantine & Sons, Inc.*, 206 N.Y.S.2d 858, 12 A.D.2d 494, 495 (N.Y. App. Div. 1960) ("[T]he attorney should not have been compelled to turn over the papers except upon payment in full for his services and disbursements.").  "In the absence of exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency), under either New York or federal law, counsel should not be required to release papers



that are subject to a retaining lien before counsel's fees are paid or at least secured." *Rivkin*, 1996 WL 633217, at *3.

Indeed, the Second Circuit has repeatedly held that absent exigent circumstances, it is an ***abuse of discretion*** to require counsel to turn over documents subject to a retaining lien without conditioning it on payment or posting security for payment of outstanding legal fees. *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) (failure to condition client's payment of outstanding charges or posting adequate security for payment before requiring turnover of files is "an abuse of discretion"); *In re San Juan Gold, Inc.*, 96 F.2d 60 (2d Cir. 1938) (reversing district court order requiring turnover of file); *Concrete Flotation Sys., Inc. v. Tadco Construction Corp.*, 2009 WL 1209141, at *1 (E.D.N.Y. May 2, 2009) ("Principals long recognized and clearly announced by the Second Circuit prohibit the court from requiring an attorney to produce papers subject to a retaining lien to a former client without a resolution of the fee dispute or the posting of an adequate bond.").

It is immaterial that the files are sought via subpoena or that SiteOne, rather that Milman Labuda, seeks NLG's files.

*First*, courts have repeatedly held that "[t]he existence of a retaining lien is a valid reason for [counsel] not to respond to a subpoena, and it is inappropriate for a party to use the subpoena power in an attempt to defeat such retaining lien." *Inclan v. New York Hospitality Group, Inc.*, No. 12 Civ. 4498, 2013 WL 5969721, at *1 (Oct. 31, 2013);[1] *Concrete Flotation Systems, Inc. v. Tadco Const. Corp.*, No. CV-07-319, 2009 WL 1209141, at *1 (former counsel "need not produce any documents in response to Tadco's subpoena unless and until his firm's fees are paid or a bond in the full amount of the fees claimed has been posted"); *Sorin v. Shahmoon Indus., Inc.*, 191 N.Y.S.2d 14, 21, 20 Misc.2d 149, 155 (N.Y. Sup. Ct. 1959) (holding documents subject to a retaining lien "may be retained even as against a subpoena"); *Mecantini v. Innamorati*, 209 N.Y.S.2d 581, 27 Misc.2d 881 (N.Y. Sup. Ct. 1960) (granting motion to quash subpoena directed towards former counsel unless adequate security was posted for retaining lien).

*Second*, the subpoena would require NLG to deliver the files to both SiteOne ***and*** Milman Labuda (and, indeed, Troutman Pepper has instructed NLG to deliver the files to Milman Labuda so that they can be reviewed for privilege). Delivery of the files to Milman Labuda would destroy the possessory lien on the files. *Mint Factors*, 519 N.Y.S.2d 27, 133 A.D.2d 222 (N.Y. App. Div. 1987) (retaining lien depends on "possession of the file"); *Lebovic v. Ballantine & Sons, Inc.*, 206 N.Y.S.2d 858, 12 A.D.2d. 494 (N.Y. App. Div. 1960) (retaining lien "depends upon continued possession"). *Tri-Ex Enterprises, Inc. v. Morgan Guar. Tr. Co.* is inapplicable because the court there ordered that the client's counsel produce the documents ***solely*** to the adversary at the adversary's expense ***without*** producing them to the client to preserve the retaining lien. 583 F. Supp. 1116, 1118 (S.D.N.Y. 1984). If the court were to order SiteOne to pay NLG's expenses and ***exclude*** Defendants and their counsel from accessing NLG's production to preserve the lien, then perhaps the unicorn scenario in *Tri-Ex* could occur. *But see Rivkin*, 1996 WL 633217, at *4 (court

---

[1] In *Inclan*, the court ordered the subpoenaing party to show cause why sanctions should not be awarded given the "seemingly frivolous" nature of the party's motion to compel compliance.



could not compel opposing counsel to provide produced documents to new counsel because that would effectively eliminate the lien's protection).  But both parties have made clear that they do not intend to pay NLG's expenses, and that NLG cannot turn over its privileged work product directly to SiteOne without providing it to Defendants' counsel to review for privilege.  *Textil RV LtdA v. Italuomo, Inc.*, 1994 WL 48815, at *5 (S.D.N.Y. Feb. 17, 1994), is also inapplicable because it merely held that the retaining lien does not excuse ***a party's*** discovery obligations—the case had nothing to do with compelling production from a subpoenaed third-party.

In short, dozens of cases have recognized the importance of protecting an attorney's retaining lien. SiteOne has not cited a single case, *Tri-Ex* and *Textil* included, which ordered the destruction of the retaining lien absent exigent circumstances such as a criminal defense proceeding or indigency.

## III.    NLG OBJECTS TO THE SUBPOENA BECAUSE IT IMPOSES AN UNDUE BURDEN.

NLG objects to the subpoena because it imposes an undue burden on NLG.  Rule 45(d)(1) requires that the attorney issuing the subpoena take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  SiteOne confirmed that it has made no attempt to seek the requested documents from Milman Labuda itself.  As NLG already told Troutman Pepper, all the work NLG performed was done at the direction of Milman Labuda, and the substantive communications and documents they are seeking would likely already be in the possession of Milman Labuda.  Production under the subpoena would cause an undue financial burden to NLG because NLG is already owed significant money by Milman Labuda and producing documents under the subpoena would destroy the retaining lien.  NLG has suggested that it could simply turn over its file to Milman Labuda upon payment of its outstanding balance and then Milman Labuda could authorize its release as needed. The parties have no interest in that sensible resolution—they would rather burden NLG instead with further unpaid work.

## IV.    NLG OBJECTS TO THE SUBPOENA BECAUSE THE INFORMATION REQUESTED IS PROTECTED BY THE ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGE.

NLG performed all its work at the direction of Milman Labuda pursuant to a June 6, 2024 engagement agreement executed during the litigation.  All the documents NLG has were generated specifically for this litigation and all documents and communications NLG has that are related to this action would constitute attorney client communications and/or attorney work product.

The work product doctrine "shields from disclosure materials prepared in anticipation of litigation by a party or the party's representative, absent a showing of substantial need."  *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) (internal quotation and citation omitted).  "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning."  *Id*.  NLG objects to producing information requested by the subpoena because all the requested documents would be covered by the attorney client and/or work product privileges.  NLG will comply with the subpoena only to the extent that NLG can turn over its file to Milman Labuda (upon payment of the balance owed as noted above) so that Milman Labuda can assert or waive the applicable privilege as needed.

NextpointLawGroup

Sincerely,

Anand C. Mathew
Partner, Litigation Services
Nextpoint Law Group, LLC
amathew@nextpointlawgroup.com

cc:    Daniel E. Gorman (daniel.gorman@troutman.com)
       Matt Adler (matt.adler@troutman.com)
       Paris L. Kent (paris.kent@troutman.com)
       Kevin P. Mulry (kmulry@farrellfritz.com)
       Michael Mule (michaelmule@mllaborlaw.com)
       Thomas A. Bizzaro, Jr. (tbizzaro@tab-law.com)

# EXHIBIT

# 1

**Nextpoint Law Group**



Anand C. Mathew
NEXTPOINT LAW GROUP, LLC
2375 East Camelback Road, Suite 600
Phoenix, AZ 85016
amathew@nextpointlawgroup.com

April 18, 2025

<u>Via Email</u>

John S. Gibbs III
Troutman Pepper Locke LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
evan.gibbs@troutman.com

RE:    *SiteOne Landscape Supply, LLC v. Giordano, et al.*
       **Case No. 23-CV-02084**

Dear John:

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Nextpoint Law Group, LLC ("NLG") hereby asserts the following objections to the subpoena dated April 9, 2025:

## I.    BACKGROUND APPLICABLE TO ALL OBJECTIONS

Milman Labuda Law Group PLLC ("Milman Labuda") is counsel for Defendants.  As Milman Labuda previously noted, Milman Labuda retained NLG on June 6, 2024 to assist in the above-captioned matter.  (ECF No. 195.)  NLG is an Arizona Alternative Business Structure (ABS) law firm that provides legal services to clients and law firms.  All work NLG performed in this matter was performed at the direction of Milman Labuda pursuant to Milman Labuda's June 6, 2024 engagement agreement with NLG.  NLG ultimately stopped its work for Milman Labuda because of a growing number of unpaid invoices owed by Milman Labuda to NLG.

In or around February 2025, NLG became aware that SiteOne Landscape Supply LLC ("SiteOne"), through its counsel, Troutman Pepper Locke LLP ("Troutman Pepper"), had sent a subpoena to "NextPoint Inc." (the "NextPoint Subpoena").  The NextPoint Subpoena requested that "NextPoint Inc." produce all documents and communications "concerning Nextpoint, Inc.'s services provided to Dominick 'Don' Caroleo (and/or his attorneys)."  (Ex. A hereto, NextPoint Subpoena.)

On March 11, 2025, Milman Labuda moved to quash the NextPoint Subpoena.  (ECF No. 195.)  Milman Labuda obviously knew that the NextPoint Subpoena was issued to "NextPoint Inc." and not NLG but nevertheless incorrectly referenced "Nextpoint Law Group" as the recipient of the



NextPoint Subpoena. (ECF No. 195.) While Milman Labuda made several arguments to quash the NextPoint Subpoena, it did not disclose that the "NextPoint" Subpoena was not in fact issued to NLG but rather to "NextPoint, Inc."

On March 14, 2025, Troutman Pepper filed a response to Milman Labuda's motion to quash the NextPoint Subpoena. (ECF No. 197.) Incredibly, Troutman Pepper's response *also* incorrectly referenced "NextPoint Law Group" as the recipient of the "NextPoint Subpoena" even though it obviously knew that it had *not* issued a subpoena to NLG—but rather had issued a subpoena to "NextPoint Inc." (ECF No. 197) ("The two subpoenas at issue, directed at WeRecoverData ('WRD') and NextPoint Law Group, Inc. ('NP')…"). Troutman Pepper also did not disclose its bait and switch attempt to the Court.

In short, Milman Labuda and Troutman Pepper both *knew* that NLG had not been subpoenaed, yet nonchalantly and intentionally *misrepresented* to the Court that the NextPoint Subpoena was directed to NLG.

On March 27, 2025, Troutman Pepper sent an email to NLG stating that the Court denied Milman Labuda's motion to quash and demanding that NLG produce documents in response to the NextPoint Subpoena. On April 9, 2025, the parties spoke and NLG asked for clarity on the NextPoint Subpoena given that it was directed towards "NextPoint Inc." and not NLG. Troutman Pepper demanded that NLG comply with the existing NextPoint Subpoena, claimed that the Court had ordered that "all Nextpoint entities" comply with the NextPoint Subpoena, refused to explain why it had issued a subpoena to "NextPoint Inc." rather than NLG, and explicitly threatened NLG with sanctions if it did not comply with the NextPoint Subpoena. NLG told counsel that NLG could not comply with a subpoena directed to "NextPoint Inc." because NLG was not "NextPoint Inc." but that NLG would be happy to turn over its file to Milman Labuda (or whomever Milman Labuda authorized) *without a subpoena* upon payment of NLG's outstanding accounts receivable.

The same day at 6:23pm ET, Troutman Pepper e-mailed the undersigned a copy of a new subpoena directed towards "Nextpoint Law Group LLC" (the "NLG Subpoena") requesting documents "concerning Nextpoint Law Group LLC's services provided to Dominick 'Don' Caroleo (and/or his attorneys)." (Ex. B hereto, NLG Subpoena.) The next day, NLG confirmed that it would accept service of the NLG Subpoena and would file its objections and responses accordingly.

## II. NLG OBJECTS TO THE SUBPOENA TO THE EXTENT THAT THE PARTIES INTEND FOR PRIOR RULINGS, ORDERS, OR AGREEMENTS WITH RESPECT TO THE NEXTPOINT SUBPOENA TO BE APPLICABLE TO NLG.

It should go without saying, but given the various threats that Troutman Pepper has levied to date it bears clarifying, the NextPoint Subpoena is not enforceable against NLG. To be clear, despite Milman Labuda and Troutman Pepper's blatant misrepresentations to the Court, NLG is *not* "NextPoint Inc." and the NextPoint Subpoena was not directed towards NLG.

NLG accordingly objects to the application of any rulings, orders, or agreements pertaining to the NextPoint Subpoena to NLG as the NextPoint Subpoena was not directed to NLG and such rulings, orders, or agreements are not enforceable against NLG.



## III.    NLG OBJECTS TO THE SUBPOENA BECAUSE IT REQUESTS DOCUMENTS COVERED BY NLG'S RETAINING LIEN.

NLG objects to the NLG Subpoena because it requests documents covered by NLG's valid retaining lien. An attorney has a "retaining lien" that allows counsel to retain "documents in counsel's possession until counsel is paid for his or her work." *Rivkin v. A.J. Hollander & Co.,* No. 95 CIV 9314, 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996) (citing cases); *see also Robinson v. Rogers*, 237 N.Y. 467, 470, 143 N.E. 647 (N.Y. 1924); *Matter of Heinsheimer*, 214 N.Y. 361, 364, 108 N.E. 636 (N.Y. 1915). The retaining lien is "recognized and followed in the federal courts, as a matter of state or federal law, unless a specific federal law alters the parties' rights." *Rivkin*, 1996 WL 633217, at *2.

Because the retaining lien is a ***possessory*** lien, counsel cannot be compelled to turn over documents before assuring that payment for his or her services is adequately secured. *The Mint Factors v. Ceder Tide Corp.*, 519 N.Y.S.2d 27, 133 A.D.2d 222, 223 (N.Y. App. Div. 1987) (holding that it was error for the trial court to direct prior counsel to transfer their file before assuring that payment was adequately secured); *Lebovic v. Ballantine & Sons, Inc.*, 206 N.Y.S.2d 858, 12 A.D.2d 494, 495 (N.Y. App. Div. 1960) ("[T]he attorney should not have been compelled to turn over the papers except upon payment in full for his services and disbursements."). "In the absence of exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency), under either New York or federal law, counsel should not be required to release papers that are subject to a retaining lien before counsel's fees are paid or at least secured." *Rivkin*, 1996 WL 633217, at *3.

Indeed, the Second Circuit has repeatedly held that absent exigent circumstances, it is an ***abuse of discretion*** to require counsel to turn over documents subject to a retaining lien without conditioning it on payment or posting security for payment of outstanding legal fees. *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) (failure to condition client's payment of outstanding charges or posting adequate security for payment before requiring turnover of files is "an abuse of discretion"); *In re San Juan Gold, Inc.*, 96 F.2d 60 (2d Cir. 1938) (reversing district court order requiring turnover of file); *Concrete Flotation Sys., Inc. v. Tadco Construction Corp.*, 2009 WL 1209141, at *1 (E.D.N.Y. May 2, 2009) ("Principals long recognized and clearly announced by the Second Circuit prohibit the court from requiring an attorney to produce papers subject to a retaining lien to a former client without a resolution of the fee dispute or the posting of an adequate bond.").

It is immaterial that the files are sought via subpoena or that SiteOne, rather that Milman Labuda, seeks NLG's files.

*First*, courts have repeatedly held that "[t]he existence of a retaining lien is a valid reason for [counsel] not to respond to a subpoena, and it is inappropriate for a party to use the subpoena power in an attempt to defeat such retaining lien." *Inclan v. New York Hospitality Group, Inc.*,



No. 12 Civ. 4498, 2013 WL 5969721, at *1 (Oct. 31, 2013);[1] *Concrete Flotation Systems, Inc. v. Tadco Const. Corp.*, No. CV-07-319, 2009 WL 1209141, at *1 (former counsel "need not produce any documents in response to Tadco's subpoena unless and until his firm's fees are paid or a bond in the full amount of the fees claimed has been posted"); *Sorin v. Shahmoon Indus., Inc.*, 191 N.Y.S.2d 14, 21, 20 Misc.2d 149, 155 (N.Y. Sup. Ct. 1959) (holding documents subject to a retaining lien "may be retained even as against a subpoena"); *Mecantini v. Innamorati*, 209 N.Y.S.2d 581, 27 Misc.2d 881 (N.Y. Sup. Ct. 1960) (granting motion to quash subpoena directed towards former counsel unless adequate security was posted for retaining lien).

*Second*, the subpoena would require NLG to deliver the files to both SiteOne **and** Milman Labuda (and, indeed, Troutman Pepper has directed that NLG should deliver the files to Milman Labuda *first* so that they can be reviewed for privilege). Delivery of the files to Milman Labuda would destroy the possessory lien on the files. *Mint Factors*, 519 N.Y.S.2d 27, 133 A.D.2d 222 (N.Y. App. Div. 1987) (retaining lien depends on "possession of the file"); *Lebovic v. Ballantine & Sons, Inc.*, 206 N.Y.S.2d 858, 12 A.D.2d. 494 (N.Y. App. Div. 1960) (retaining lien "depends upon continued possession").[2]

*Third*, as Judge Peck noted in *Rivkin*, the retaining lien cannot be evaded by coercing alternative production of documents in a manner that would undermine the lien. In *Rivkin*, the Court noted that it could not even compel the *opposing counsel* to provide whatever files they had in *their* possession to new counsel because that "effectively would eliminate the retaining lien's protection for withdrawing defense counsel. While the Court always is anxious to move its docket expeditiously, it will not do so at the expense of prior defense counsel's retaining lien." *Rivkin*, 1996 WL 633217, at *4. The same is true here.

There are no exigent circumstances here such as a criminal defense proceeding or indigency. Certainly, Milman Labuda has the funds to pay the outstanding balance due to NLG. Because NLG cannot be compelled to turn over documents subject to its retaining lien, NLG objects to production under the NLG Subpoena before payment of its outstanding balance or the posting of adequate security.

## IV.    NLG OBJECTS TO THE SUBPOENA BECAUSE IT IMPOSES AN UNDUE BURDEN.

NLG objects to the NLG Subpoena because it imposes an undue burden on NLG. Federal Rule of Civil Procedure 45(d)(1) requires that the attorney issuing the subpoena take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. It is abundantly

---

[1] In *Inclan*, the court ordered the subpoenaing party to show cause why Rule 11 sanctions should not be awarded given the "seemingly frivolous" nature of the party's motion to compel compliance.

[2] Given the nature of the requested documents here, all of which would be covered by attorney client privilege and/or attorney work product, it would be impossible to produce the documents just to Troutman Pepper.



clear that SiteOne and Troutman Pepper have made virtually no effort to avoid undue burden or expense on NLG.

Troutman Pepper's intentions have been clear from the start. Troutman Pepper emailed NLG a copy of its intended subpoena for the first time on April 9, 2025 at 6:22pm ET and demanded that NLG "confirm by 10 a.m. tomorrow" that it would accept service and not raise any objections—and threatened frivolous sanctions against NLG if NLG did not accept service. (See April 10, 2025 correspondence between the parties, attached hereto as Ex. C.) Troutman gave NLG just over one week—until April 18, 2025—to respond to the subpoena for a matter on which NLG had been engaged for 10 months.

Further, Troutman Pepper confirmed to NLG that it has made no attempt to seek the requested documents from Milman Labuda itself. As NLG already told Troutman Pepper, all the work NLG performed was done at the direction of Milman Labuda, and the substantive communications and documents they are seeking would likely already be in the possession of Milman Labuda. Troutman Pepper confirmed that they have made no attempt to seek the requested information from Milman Labuda, and do not intend to do so.

Production under the NLG Subpoena would cause an undue financial burden to NLG because, as noted above, NLG is already owed significant money by Milman Labuda and producing documents under the NLG Subpoena would destroy its current retaining lien on the documents. NLG has already suggested that it could simply turn over its file to Milman Labuda upon payment of its outstanding balance and then Milman Labuda could authorize its release as needed. NLG objects to the subpoena to the extent that Troutman Pepper requires NLG to follow some other convoluted procedure to produce its documents as it would cause an unnecessary and undue burden.

Lastly, given that the NLG Subpoena requests information that could be obtained elsewhere and relates to a matter for which NLG was specifically retained to do work, NLG objects to the NLG Subpoena to the extent NLG is not compensated for its fees in responding to the NLG Subpoena.

## V. NLG OBJECTS TO THE SUBPOENA BECAUSE THE INFORMATION REQUESTED IS PROTECTED BY THE ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGE.

As noted above, Milman Labuda retained NLG for this specific matter and all work NLG has performed related to the above-captioned matter was performed at the direction of Milman Labuda pursuant to the June 6, 2024 engagement agreement between Milman Labuda and NLG after this litigation commenced. All the documents NLG has were generated specifically for this litigation and all documents and communications NLG has that are related to this action would constitute attorney client communications and/or attorney work product.

The work product doctrine "shields from disclosure materials prepared in anticipation of litigation by a party or the party's representative, absent a showing of substantial need." *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) (internal quotation and citation omitted). "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning." *Id*. NLG objects to producing information requested by the NLG Subpoena because all the requested documents



would be covered by the attorney client and/or work product privileges.  NLG will comply with the NLG Subpoena only to the extent that NLG can turn over its file to Milman Labuda (upon payment of the balance owed as noted above) so that Milman Labuda can assert or waive the applicable privilege as needed.


Sincerely,


Anand C. Mathew
Partner, Litigation Services
Nextpoint Law Group, LLC

cc:    Daniel Gorman (daniel.gorman@troutman.com)
       Michael Mule (michaelmule@mllaborlaw.com)
       Thomas A. Bizzaro, Jr. (tbizzaro@tab-law.com)

# Exhibit

# A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| SITEONE LANDSCAPE SUPPLY, LLC,<br><br>*Plaintiff*<br>v.<br>NICHOLAS GIORDANO; DOMINICK CAROLEO;<br>VICTOR CAROLEO; et al.<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.   2:23-CV-02084-GRB-SL |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          NextPoint Inc.
4545 N. Ravenswood Avenue, Suite 301, Chicago, IL 60640

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place:<br>Attn: Daniel E. Gorman, Troutman Pepper Locke LLP,<br>111 South Wacker Dr., Suite 4100, Chicago, IL 60606 | Date and Time:<br><br>03/12/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          02/26/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
SiteOne Landscape Supply, LLC _____ , who issues or requests this subpoena, are:
John S. Gibbs III, Troutman Pepper Locke LLP, 600 Peachtree St., Ste. 3000, Atlanta, GA 30308,
evan.gibbs@troutman.com, (404)885-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-CV-02084-GRB-SL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

Produce all documents and communications from January 2022 to the present concerning Nextpoint, Inc.'s services provided to Dominick "Don" Caroleo (and/or his attorneys), expressly including Nextpoint Inc.'s work with respect to the UFDR files from WeRecoverData.

# Exhibit

# B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

SITEONE LANDSCAPE SUPPLY, LLC,

_____
*Plaintiff*

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.   2:23-CV-02084-GRB-SL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Nextpoint Law Group LLC
2375 East Camelback Road Suite 600, Phoenix, AZ 85016

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Attn: Daniel E. Gorman, Veritext, LLC, 3101 N. Central Avenue, Suite 290, Phoenix, AZ 85012 | Date and Time: 04/18/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/09/2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
SiteOne Landscape Supply, LLC _____, who issues or requests this subpoena, are:
John S. Gibbs III, Troutman Pepper Locke LLP, 600 Peachtree St., Ste. 3000, Atlanta, GA 30308,
evan.gibbs@troutman.com, (404)885-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:23-CV-02084-GRB-SL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>EXHIBIT A</u>

Produce all documents and communications from January 2022 to the present concerning Nextpoint Law Group LLC's services provided to Dominick "Don" Caroleo (and/or his attorneys), expressly including Nextpoint Law Group LLC's work with respect to the UFDR files from WeRecoverData.

# Exhibit

# C

Anand Mathew

From:              Anand Mathew
Sent:              Thursday, April 10, 2025 3:26 PM
To:                Gorman, Daniel E.
Cc:                Gibbs, J. Evan; Thomas A. Bizzaro, Jr.; Michael Mule; Sonali Ray; Mulry, Kevin P.; Jeffery
                   Petrich; Kent, Paris L.; Adler, Matt
Subject:           RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

We will accept service of the subpoena to Nextpoint Law Group, LLC that you emailed yesterday at 6:23pm ET.  We will plan to file our objections or response based on that subpoena.  Nextpoint Law Group, LLC does not intend to respond to the subpoena issued to Nextpoint Inc.

I disagree with most of what you write in your emails below and I do not find it necessary to respond to each one of your threats, misstatements, and positions.  Do not construe that as consent, agreement, or waiver of our position.

Anand

**Nextpoint**LawGroup
**Anand Mathew**
Partner, Litigation Services
_____
**480.520.8157**
nextpointlawgroup.com

From: Gorman, Daniel E. <Daniel.Gorman@troutman.com>
Sent: Thursday, April 10, 2025 2:58 PM
To: Anand Mathew <amathew@nextpointlawgroup.com>
Cc: Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Sonali Ray <sray@nextpointlawgroup.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Jeffery Petrich <jpetrich@nextpointlawgroup.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>
Subject: RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

Anand:

If we do not hear back by 5 p.m. EDT we will be sending out a process server first thing tomorrow morning, and expressly reserve the right to seek all fees and costs associated with NextPoint's meritless position, which is in contravention of the Court's directives.

Thank you,
Dan

**Daniel E. Gorman***
**Partner**
**troutman pepper locke**
Direct: 212.704.6333
daniel.gorman@troutman.com

*Licensed to practice law in New York and New Jersey.

---

From: Gorman, Daniel E.
Sent: Wednesday, April 9, 2025 6:22 PM
To: Anand Mathew <amathew@nextpointlawgroup.com>
Cc: Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Sonali Ray <sray@nextpointlawgroup.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Jeffery Petrich <jpetrich@nextpointlawgroup.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Adler, Matt <Matt.Adler@Troutman.com>
Subject: RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

Anand:

The subpoena is attached.

Please confirm by 10 a.m. tomorrow that (a) you are accepting service by email on behalf of NextPoint; and (b) you will not be raising any objections with respect to the "NextPoint" entity named in the subpoena (i.e., all documents and communications related to any NextPoint entity provided to the Millman law firm or Defendants will be produced).

Finally, as discussed at length on our call, any purported objections as to attorney-client privilege will be addressed by the Court and is not a grounds for delaying the timely and complete production – which you previously agreed would be by this Friday 4/11.

Thank you,
Dan

**Daniel E. Gorman***
**Partner**
**troutman pepper locke**
Direct: 212.704.6333
daniel.gorman@troutman.com

*Licensed to practice law in New York and New Jersey.

---

From: Anand Mathew <amathew@nextpointlawgroup.com>
Sent: Wednesday, April 9, 2025 5:33 PM
To: Gorman, Daniel E. <Daniel.Gorman@troutman.com>
Cc: Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Sonali Ray <sray@nextpointlawgroup.com>; Jeffery Petrich <jpetrich@nextpointlawgroup.com>
Subject: RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

I will need to see the new subpoena in order to respond.  If you send it to me today, I will confirm by COB tomorrow.

**NextpointLawGroup**
**Anand Mathew**

Partner, Litigation Services
_____
**480.520.8157**
nextpointlawgroup.com

From: Gorman, Daniel E. <Daniel.Gorman@troutman.com>
Sent: Wednesday, April 9, 2025 3:33 PM
To: Anand Mathew <amathew@nextpointlawgroup.com>
Cc: Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Sonali Ray <sray@nextpointlawgroup.com>; Jeffery Petrich <jpetrich@nextpointlawgroup.com>
Subject: RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

Anand:

Please confirm you will accept service of the revised subpoena by e-mail - no later than 10 a.m. EDT tomorrow.  We understand you were going to speak with your "ops team" today.

As noted on the call, SiteOne reserve the right to seek costs and fees associated with the revised subpoena, including, but not limited to, costs and attorneys' fees incurred in connection with service, and any motions to compel.  We will send you a copy of the Order and Transcript that mandate production in response to SiteOne's subpoena.

Thank you,
Dan

**Daniel E. Gorman***
**Partner**
**troutman pepper locke**
Direct: 212.704.6333
daniel.gorman@troutman.com

*Licensed to practice law in New York and New Jersey.

From: Anand Mathew <amathew@nextpointlawgroup.com>
Sent: Wednesday, April 9, 2025 4:25 PM
To: Gorman, Daniel E. <Daniel.Gorman@troutman.com>
Cc: Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; Michael Mule <MichaelMule@mllaborlaw.com>; Sonali Ray <sray@nextpointlawgroup.com>; Jeffery Petrich <jpetrich@nextpointlawgroup.com>
Subject: RE: SiteOne v. Giordano - Mx to Quash NextPoint and WRD Subpoenas

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

All-

As discussed on the call today, the Milman Labuda firm retained Nextpoint Law Group, LLC to provide services on this matter.  We are happy to provide our file to Milman Labuda, or whomever else they authorize release to, without a subpoena upon payment of the outstanding AR owed by Milman Labuda for our services.  If you intend to serve a subpoena on Nextpoint Law Group, LLC instead, then we will file our objection and let the Court resolve it.