# EXHIBIT "C"

**Wednesday, July 16, 2025 at 2:20:10 PM Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | RE: Deposition of Doug Black |
| **Date:** | Friday, July 11, 2025 at 5:44:53 PM Eastern Daylight Time |
| **From:** | Gibbs, J. Evan |
| **To:** | Thomas A. Bizzaro, Jr., Gorman, Daniel E., Adler, Matt |
| **CC:** | George Peters |
| **Attachments:** | image001.png |

Tom –

Thanks for following up. As you know from my email of earlier this afternoon, we have issued a subpoena to Verizon to recover, to the extent retained, the text messages of Doug Black, Gerard Passaro, Kevin Peattie, Phil Sausto, and Alex Trama for the relevant time periods of this case. We are doing so on the basis that SiteOne's Verizon account representative told us yesterday that they should be able to pull text messages going back "years." They asked that we submit a subpoena to their team and our account rep will then escalate our request in the priority queue. That being said, we do not know how long it will take to get the records from Verizon; it could be Monday, it could be two weeks from now.

On that basis, we are going to postpone the depositions of Kevin Peattie and Gerard Passaro we have scheduled for Tuesday, and we are not willing to reschedule the deposition of Doug Black at this time. If we recover the missing text messages from Verizon, then there is no loss of data or communications and there is thus no basis for any further document retention depositions.

Even assuming we move forward with document retention depositions, we do not agree to the list of individuals you have included in your email. Each individual is addressed below:

1. Joe Ketter: There is no basis for a document retention deposition of Ketter. None of his text message data was missing.
2. Jerry Justice: There is no basis for document retention deposition of Justice. None of his text message data was missing.
3. Alex Trama: See above.
4. Sean Kramer: There is no basis for document retention deposition of Kramer. He is not a witness in this case and is not otherwise relevant to any issue in this case.
5. Briley Brisendine: There is no basis for document retention deposition of Brisendine. We will of course object on attorney-client privilege and work product grounds as well.
6. Neville Ranglin: Assuming Doug Black ends up being deposed for a document retention deposition, Black will be able to answer any questions about his interactions with Ranglin. There is thus no basis for a document retention deposition of Ranglin.
7. Rebecca Ramstrom: Similar to Brisendine, there is no basis for document retention deposition of Ramstrom and we will of course object on attorney-client privilege and work product grounds as well.
8. Head of IT: There is no basis for a document retention deposition of this individual.

We of course reserve all rights to make additional objections.

Thank you.

### J. Evan Gibbs
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Friday, July 11, 2025 1:16 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>
**Cc:** George Peters <gpeters@tab-law.com>
**Subject:** Deposition of Doug Black
**Importance:** High

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Hey Evan –

I know we spoke late last night and you were awaiting further information from Verizon regarding Doug Black's text messages.

However, as we discussed, irrespective of whether you do or do not obtain the text through Verizon or you do not find the phone in storage, it its Defendants' position that Doug Black's document retention depositon is still required – even more so after that CISO Black's incredible testimony yesteerday.

As such, please let me know when Doug Black is available next week. This coming Monday works for me or we can push Passaro and Peattie and do Black on July 15th. Please let me know.

Additionally, can you please provide dates for the following custodians:

1. Ketter
2. Justice
3. Trama
4. Cramer (I can subpoena if necessary – just let me know)
5. Briley (I can subpoena)
6. Neville Ranglin
7. Rebecca from SO Legal
8. Head of IT – you need to identify this person

Thanks.

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
[tbizzaro@tab-law.com](mailto:tbizzaro@tab-law.com)
[www.TAB-LAW.com](http://www.TAB-LAW.com)

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.