Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**troutman**
**pepper locke**

United States Magistrate Judge Steven I. Locke
Eastern District of New York

**Re:**   ***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(23-CV-02084-GRB-SL)**
<u>**SiteOne's Response to Defendants' Motion for Discovery and Sanctions**</u>

Dear Judge Locke:

We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to respond to Defendants'
Motion for Discovery and Sanctions (the "Motion") filed on July 16. [ECF No. 218.] The issues raised
by the Motion have already largely been addressed in SiteOne's Motion for Protective Order filed on
July 14. [ECF No. 217.] For brevity's sake, SiteOne will not brief those same issues again. SiteOne
focuses here instead on three specific items raised by the Motion: (1) SiteOne's purported violation
of the June 12 Order; (2) SiteOne's document productions; and (3) merits depositions.

**Purported Violation of the Court's June 12 Order**

The Court's June 12 Order required the parties to schedule document retention depositions of
SiteOne's employees to be completed by July 24. [ECF No. 214.] Defendants argue in the Motion
that SiteOne and its attorneys should be sanctioned for refusing to schedule additional document
retention depositions at this time. The request should be denied because there are two fundamental
problems with Defendants' position: (1) after the hearing, SiteOne learned that it may be able to
obtain the text messages which are the basis for the depositions, thus possibly obviating the need for
the document retention depositions to occur at all; and (2) disputes as to the scope of the depositions
have arisen between the parties which need to be resolved (*see* SiteOne's earlier Motion for Protective
Order, ECF No. 217) if the depositions do proceed.

As to the first issue, SiteOne did not know until July 10 that it may be able to recover the text
messages at issue from its wireless carrier. SiteOne immediately complied with the instructions of its
carrier, Verizon, that SiteOne needed to issue a formal subpoena to Verizon for the messages at issue.
SiteOne did so on July 11. Verizon's response to that subpoena remains outstanding. Additionally,
SiteOne learned that the lost cell phone of its CEO—Doug Black—may have been stored with other
outdated devices onsite and is conducting a search for the device. Should the messages and/or phone
at issue be recovered, then much of the present controversy goes away: document retention
depositions will be unwarranted if the communications are available and will be produced.

As to the second issue, Defendants are not treating these as limited retention depositions. They
are wrong, and this issue needs to be clarified and resolved before counsel and SiteOne's employees
and C-level executives waste further time. SiteOne consented to the taking of the document retention
depositions of a SiteOne IT representative and four SiteOne employees who have missing text
messages for the relevant time period—which is what the Court ordered. [June 12 Trans. pp. 13–16.]
Defendants have tried to go well beyond that scope.

Based on the Court's direction, SiteOne's document retention depositions of the Defendants
focused only on the narrow issues relating to document retention. SiteOne took the depositions of the
individual Defendants in March and May. Don's and Vic's depositions were stopped prematurely in

July 21, 2025
Page 2

troutman
pepper locke

March due to their attorney-client privilege objections. The parties engaged in motion practice over the issues, a hearing was held, and the depositions were reconvened. [ECF Nos. 199, 201, 203.] Don's two depositions were, combined, one hour, thirty minutes in total; Vic's two depositions were, combined, one hour and 24 minutes in total; and Nick's one deposition was 43 minutes in total.

Defendants opted to begin their document retention depositions with the deposition of SiteOne's Chief Information Security Officer, David Black. The deposition lasted approximately three hours. As explained in SiteOne's Motion for Protective Order, there were numerous issues with the questioning of Black, including that it veered away from document retention issues. Further, Defendants' counsel stated at approximately the three-hour point of the deposition that he had "hours" of questions left for Black, and that the next deposition of SiteOne's CEO, Doug Black (no relation to David Black), would last "the full eight hours," even though the deposition was supposed to be confined to record retention and not merits.

Given these issues, which became clear only the evening before and morning of its CEO's scheduled records deposition, SiteOne informed Defendants that it would not agree to further document retention depositions until the above issues are resolved. SiteOne's earlier-filed Motion for Protective Order, which asks for a stay of the document retention depositions, was timely filed as soon as the disputes crystalized and well before to the Court's July 24 deadline. For these reasons, Defendants' request for sanctions should be denied.

**SiteOne's Document Productions**

On March 26, the Court ordered that the text messages of 10 current SiteOne employees be collected and searched using Defendants' extensive search criteria, along with the emails of 13 SiteOne employees. [ECF No. 203.] Since then, SiteOne has produced: 44,702 documents on May 27; 16,411 documents on June 30; 2,604 documents on July 3; and 11 documents on July 11.[1]

Additionally, as discussed at the June 12 hearing, three SiteOne employees were initially unwilling to produce their personally owned mobile phones for searching, but later became willing to do so. The data from those three phones was collected by SiteOne's vendor on June 19 and the hard drive containing the data was shipped to SiteOne's counsel's office that same day. However, the shipping label did not contain the suite number, resulting in the hard drive being held in a FedEx facility and not being delivered until June 26. SiteOne has completed the searching of those devices using Defendants' search criteria and anticipate producing the handful of responsive messages the week of July 21.

Defendants issued their third set of RFPs to SiteOne on June 2 seeking the production of SiteOne's ethics and other policies pertaining to the use of company-issued/owned devices. SiteOne served its timely written responses to the RFPs on July 2 and produced the responsive documents on July 8 and 11. Defendants served their fourth set of RFPs on SiteOne on June 11, seeking production of litigation holds and related documents and cell phone analytics reports. SiteOne timely served its

---

[1] This is in addition to the tens of thousands of documents produced to Defendants in 2024.

troutman
pepper locke

written responses on Defendants on July 11 and produced the responsive documents on July 14. SiteOne's productions have been timely and made as quickly as possible.

The Motion also states that "SiteOne has not produced a single email sent by CEO Black," except for a handful of messages produced on July 11. This contention is flat wrong. SiteOne has already produced to Defendants 83 emails sent by Doug Black. We are uncertain as to the basis of Defendants' accusation but repeat that it is incorrect.

Finally, given that SiteOne is only now completing its document productions, producing a privilege log has been premature. SiteOne intends to produce its privilege log the week of July 21.

**Merits Depositions**

Defendants urge the Court to further postpone merits depositions in this case until the document retention depositions are completed. SiteOne's position remains that merits depositions should proceed beginning on August 18 as proposed in the parties' Joint Status Report. [ECF No. 216.] The parties' document productions will be complete well in advance of that date, and moving forward with the merits depositions will keep this case—which SiteOne filed on March 17, 2023—moving toward completion of discovery.

SiteOne thanks the Court for its attention to these issues.

J. Evan Gibbs III