

LAW OFFICES OF
THOMAS A. BIZZARO, JR., P.C.

September 2, 2025

**VIA ECF**
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**RE: SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Magistrate Judge Locke:

My firm represents the Defendants in the above-referenced matter. This correspondence shall serve as an update in connection with Defendants' letter motion to compel the IT-retention depositions; which depositions were directed by this Court on June 12, 2025.

On June 12, 2025, Your Honor directed SiteOne custodians to appear for IT-retention depositions ("DRDs") no later than July 24, 2025 (Doc. 214). *Annexed hereto as Exhibit "A" is a copy of the transcript from the June 12, 2025 appearance, with relevant sections highlighted for ease of reference.* In accordance with the court's directives, the parties scheduled the DRDs of four (4) SiteOne custodians (the "Custodians"), who were each identified in SiteOne counsel's May 27, 2025 correspondence concerning text message data loss; to wit: (1) SiteOne Chief Information Security Officer ("CISO") David Black – Defendants wanted SiteOne's Head of IT – SiteOne refused and offered CISO Black; (2) SiteOne Chief Executive Officer ("CEO") Douglas Black; (3) Gerard Passaro, and (4) Kevin Peattie. The DRD of CISO Black commenced (virtually) on June 10, 2025, but was abruptly halted by SiteOne's counsel, Evan Gibbs, Esq., without good cause or justification. SiteOne then compounded its violation of this Court's order by refusing to produce any further SiteOne Custodians for DRDs as directed by Your Honor.

Following CISO Black's DRD, Mr. Gibbs informed the undersigned that SiteOne may now, for the first time, be able to recover text message data from CEO Black's "lost" cell phone through Verizon, and that CEO Black's "lost" cell phone may not be lost at all – but rather may be sitting in a SiteOne storage facility. Gibbs served a subpoena on Verizon Wireless on or about July 11, 2025. *Attached hereto as Exhibit "B" is a copy of the Subpoena served upon Verizon Wireless by SiteOne.* After halting CISO Black's deposition on July 10, 2025, SiteOne unilaterally canceled the DRD of CEO Doug Black, which was scheduled for the next day - July 11, 2025 - based solely on the speculative possibility of recovering messages from Verizon. Later that same day (July 10, 2025), the parties submitted a JSR as directed by the Court. SiteOne represented to the Court that the DRDs of custodians Gerald Passaro and Kevin Peattie were scheduled to proceed on July 15, 2025. (Dkt. 216). On July 11, 2025, less than twenty-four (24) hours after submitting the JSR, Mr. Gibbs sent email correspondence stating, in relevant part:



LAW OFFICES OF
THOMAS A. BIZZARO, JR., P.C.



> "We are going to postpone the depositions of Kevin Peattie and Gerard Passaro we have scheduled for Tuesday, and we are not willing to reschedule the deposition of Doug Black at this time."

> "If we recover the missing text messages from Verizon, then there is no loss of data or communications and there is thus no basis for any further document retention depositions."

Shortly thereafter, Defendants filed a letter motion to compel and SiteOne filed a motion for a protective order based upon the "possible" existence of Verizon Wireless records, which motions are *sub judice* before the Court.

On August 26, 2025, SiteOne's counsel sent certain records it received from Verizon Wireless in response to its subpoena. The records produced by Verizon Wireless do <u>not</u> have any text message content – only dates and times of text messages sent by SiteOne custodians. Defendants immediately requested that SiteOne agree to resume the DRDs, but SiteOne has refused to do so absent Defendants agreeing to limit the DRDs in both time and scope. Even after agreeing to set a 2-hour time limit on SiteOne custodians Passaro, Peattie, Trama, and Sausto, SiteOne refuses to produce these custodians unless it is permitted to instruct the witnesses not to answer Defendants' counsel's questions if Mr. Gibbs deems them outside the scope of a DRD. Further, SiteOne refuses to reschedule CEO Black's DRD (or CISO Black), but has not (and cannot) offer a legal basis to do so. SiteOne's counsel has even failed and/or refused to respond to the undersigned's multiple requests for him to explain his justification for refusing to produce CEO Black for his court-ordered DRD. *See Exhibit "C"*.

In sum, Defendants have lost fifty-four (54) days since SiteOne halted CISO Black's DRD. The Court directed the DRDs be completed by July 24, 2025. (Doc. 214). The JSR filed on July 10, 2025 requires that merit depositions commence on August 15, 2025. (Doc. 216). Your Honor agreed on June 12, 2025 that CEO Doug Black was a proper witness for a DRD because, among other reasons, he lost his SiteOne-issued cell phone with a litigation hold in place. *See Exhibit "A", pg. 11-18; and 26.* SiteOne and its attorneys scheduled and confirmed CEO Black's deposition. SiteOne then refused to produce CEO Black until Verizon responded to the SiteOne subpoena (Exhibit "B"). Verizon has responses and does not have any records that would vitiate the need for the DRDs – yet SiteOne flatly refuses to reschedule CEO Doug Black's DRD. As a result of SiteOne's litigation tactics, Defendants are not able to comply with the Court's order or the JSR.

7 High Street, Suite 300, Huntington, New York 11743 : 631-380-3297 : www.tab-law.com





Based on the foregoing, Defendants respectfully request that, to the extent possible, the Court advance the conference currently scheduled for September 18, 2025.

Thank you for your prompt attention to this urgent matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc: Certilman Balin Adler & Hyman, LLP
Kasowitz LLP