# EXHIBIT "C"

Tuesday, September 2, 2025 at 12:25:56 PM Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Re: SiteOne/Caroleo - Follow Up Re: Depositions |
| **Date:** | Tuesday, September 2, 2025 at 12:04:55 PM Eastern Daylight Time |
| **From:** | Thomas A. Bizzaro, Jr. |
| **To:** | Gibbs, J. Evan, George Peters |
| **CC:** | Gorman, Daniel E., Adler, Matt, Mulry, Kevin P., Kent, Paris L., Anthony W. Cummings |
| **BCC:** | Maxwell Sandgrund, Kevin A. Cyrulnik, Don Caroleo, Thomas A. Bizzaro III, Administration |
| **Priority:** | High |
| **Attachments:** | image002.png, image003.png, image001.png |

Apologies - dictation failed.  See below

Evan, I hope you enjoyed the long weekend.

As I stated last week, my clients are okay with a two-hour limitation on Passaro, Sausto, Trama, and Peattie - but I cannot agree with your position on instructing clients not to answer questions that you deem outside the scope.  We can call the Magistrate for rulings, if needed.  My clients are entitled to ask appropriate questions permitted under the FRCP based upon the facts known to date and based upon SiteOne's admitted text message data loss.  Please provide dates for these custodians' depositions.

Regarding David Black, I disagree with your conclusion that I only have a few more questions of this witness. I do not know how many questions I have left for CISO Black because documents were being produced during his deposition in real time and then your office busted the deposition based upon the Verizon records - which don't exist.  Again, my clients will not agree to limit CISO Black's remaining deposition questions.

As far as CEO Douglas Black, I think your email below answers your question.  CEO Black lost his company-issued cell phone with a litigation hold in place.  Magistrate Locke ordered his deposition.  The Court can decide.

Finally, I discussed the protective order concerning Ms. Shartle with Dan on Friday, I will speak with my client and get back to you. We may table this issue until the next conference before Magistrate Locke.

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Date:** Tuesday, September 2, 2025 at 11:51 AM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>, George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt <Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L. <Paris.Kent@troutman.com>, Anthony W. Cummings <acummings@certilmanbalin.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

Evan, I hope you enjoyed the long weekend.

As I stated last week, my clients are okay with a two-hour limitation on Passaro, Sausto, Trama, and Peattie - but I cannot help with that position where you are going to instruct your client to answer questions. We are entitled to ask any appropriate question permitted under the FRCP based upon the fact, go to us at this time regarding the text message data loss.

With regard to David Black, I disagree with your conclusion that I only have a few more questions of this witness. I do not know how many questions I have left for CISO Black because documents were being produced during his deposition in real time and then your office busted the deposition based upon the Verizon records - which don't exist. Again, my clients will not agree to limit on CISO Black's deposition.

With regard to CEO Douglas Black, I think your email below answer your question.

Finally, I discussed the protective order concerning Ms. Shartle with Dan on Friday, I will speak with my client and get back to you. We may table this issue until the next conference before Magistrate Locke.

**Thomas A. Bizzaro, Jr., Esq.**
 Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297

(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

---

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Tuesday, September 2, 2025 11:40 AM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** RE: SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

With respect to Gerard Passaro, Alex Trama, Phil Sausto, and Kevin Peattie, we are agreeable to scheduling those depositions with a two-hour time limit each. I understand your clients are not willing to agree to topical limitations prior to the depositions, so I will simply object and instruct the witnesses not any questions that go beyond the scope of the text message retention issues. I'm currently working with those individuals to get available dates for their depositions, and I will provide those dates to you shortly—hopefully by tomorrow.

With respect to David Black, having reviewed his deposition transcript, it seems like your only remaining questions would be about the records retention policy. If you will agree to a 30-minute time limitation to complete David Black's deposition, we are willing to reconvene his deposition for you to ask any questions you think remain outstanding.

With respect to Doug Black, both sides have thoroughly briefed the issues surrounding his deposition. Our positions are set forth in our papers. I've certainly read the June hearing transcript and in fact cite to it our filings. It seems we are at an impasse with respect to his deposition and we will have wait for Judge Locke make his rulings.

As for Laura Shartle, I'm happy to discuss that issue with you later this afternoon or tomorrow. I have limited availability today, but can speak 1:30-2:30 this afternoon if that works, but I am open most of the day tomorrow if that works better.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Thursday, August 28, 2025 7:53 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>

**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan, I apologize for the multiple emails.

We never had a discussion today about the protective order concerning Laura Shartle.

As you know, I'm speaking with Dan at 3 PM tomorrow to discuss a motion for summary judgment in Yellowstone 1. Are you available at that time as well? If not, can I speak to Dan or Paris about the protective order?

As we discussed today, I'm happy to wait until 3:00 PM tomorrow to have these discussions, but I don't see the issues being resolved without judicial intervention.

Dan/Evan - can we do away with a meet and confer (to the extent the Court rules even require a meet and confer on these items) about Yellowstone 1 and the Shartle Protective Order?

It's academic. I'm going to ask the court permission to move for summary judgment on Yellowstone 1 regardless of what Dan's position on the phone at 3 pm tomorrow. SiteOne should cross-move (and Dan likely will). Likewise, absent SiteOne agreeing to voluntarily vacate the protective order concerning Laura Shartle, I'm going to be moving the Court to do so.

Please let me know your position.

Have a good night.

Best,


**Thomas A. Bizzaro, Jr., Esq.**
 Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
tbizzaro@tab-law.com
www.TAB-LAW.com

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Thursday, August 28, 2025 7:26:27 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt
<Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L.
<Paris.Kent@troutman.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

Evan –

Please see attached transcript and minute order from the 6.12.2025 appearance before
Magistrate Locke.  Please read the highlighted portions of the transcript.  How can SiteOne
defend its current position?

Subject to my clients' approval, I have no issue with a 2-hour max for Passaro, Peattie,
Trama, and Sausto.  However, I cannot agree to any of SiteOne's proposed limitations on
questioning – nor should my clients have to do so.

Please read the highlighted portions – all of which you agreed to on the record – including
my right to ask each custodian every single question contained on the modified
Questionnaire served by Mike Mule, Esq. prior to the 6.12.2025.

Now – after CISO Black's testimony – - and after wasting over a month on the Verizon goose
chase - SiteOne now takes the absurd position that it will not produce any further
custodians unless and until Caroleo agrees to a limitation in both time and scope for the
remainder of the witnesses.

I can likely sell the 2-hour time limit for these 4 custodians (only), but my clients will never
agree to any limitation on questioning.  Rather, we intend to comply with the FRCP and
Magistrate Locke's Order of 6.12.2025.

Please let me know if SiteOne will reconsider its tenuous position.  Thank you.

Best,

**Thomas A. Bizzaro, Jr., Esq.**



LAW OFFICES OF
THOMAS A. BIZZARO, JR., P.C.

Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

This email message is from a law firm and is for the sole use of the intended recipient(s) and may contain
information that is confidential, privileged and exempt from disclosure under applicable law.  Any
unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please
contact the sender immediately by reply email and destroy the original and all copies of this message
wherever located.

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Date:** Thursday, August 28, 2025 at 5:52 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt
<Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L.
<Paris.Kent@troutman.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

Evan -

Thank you for sending this so quickly.  I will review and discuss with my clients.

What is SiteOne's position with respect to Doug Black?  He lost his phone with a litigation
hold in place.  SiteOne previously agreed to produce Doug Black for his IT-Retention
Deposition which was scheduled and confirmed.  However, the IT-Retention Depos were
abruptly halted based upon Verizon records that may exist.  It is now clear that those
Verizon messages do not exist.  What is the push back on Doug Black?  What has changed
since SiteOne previously agreed to produce him.  More importantly, SiteOne was ordered
by Magistrate Locke to do so.

As I said to you and Paris at least 3 times, my goal is to quickly and efficiently conduct the
IT-Retention depositions. I have no desire to waste my clients' money or your clients' time.
My goal is to move on to the merit depot which were supposed to start over 2 weeks ago.
This case has lingered for almost 3 years - it is time to bring this to a conclusion for all
parties.

Based on the foregoing, if I am going to hold off on writing to the Magistrate concerning

6 of 8

Doug Black and CISO Black, then I ask that you first provide the legal basis for refusing to schedule his deposition - absent unknown limitations.  Same for the continued deposition of CISO Black.  I do not see any basis for your client to ask my clients to limit anything - as opposed to what we are entitled to under the FRCP.

Evan - not looking for a fight.  But I need to be able to explain your position to my clients.  Thanks.

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

---

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Date:** Thursday, August 28, 2025 at 4:37 PM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt <Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

Thanks for your time this afternoon on the phone. As we discussed, the following individuals are the ones we understand you are interested in deposing with respect to an alleged loss of text messages:

- Kevin Peattie
- Gerard Passaro
- Phil Sausto
- Alex Trama

- Doug Black

As I explained during our call, SiteOne is willing to move forward with the IT retention depositions for the first four individuals (Peattie, Passaro, Sausto, and Trama) if we can agree that each deposition will last no longer two hours, and that each will be limited to the following topics:

- · Whether they have a SiteOne-issued cell phone
- · Whether they have a separate personal phone
- · Whether and to what extent their phones are used for SiteOne business, including for text messages
- · Whether they received a litigation hold from SiteOne for this case
- · Whether they received any other instructions or had any other discussions with anyone from SiteOne about their lit hold obligations
- · What steps they took to preserve their text messages
- · The specifics of how and why they are missing text messages relevant to this case

If you have additional topics you'd like for us to consider, please let us know and we're open to discussing them.

In terms of the timing of the depositions, I'll reach out to the witnesses and will provide you with dates that work for our side.

Thank you.

**J. Evan Gibbs**
**Partner**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

**troutman pepper locke**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
troutman.com

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.