Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**troutman**
**pepper locke**

---

United States Magistrate Judge Steven I. Locke
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(23-CV-02084-GRB-SL)**
<u>Motion for Protective Order</u>

Dear Judge Locke:

    We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") responding to Defendants' Second Motion to Compel. [ECF No. 225.] The substantive issues presented in the Second Motion have already been fully briefed—not once, but **twice**—by the parties, making it entirely unclear why the Second Motion was filed at all. It seems to be yet another effort by Defendants to create busy work and increase SiteOne's litigation costs.

    In particular, the Second Motion requests the Court to compel document retention depositions of SiteOne employees David Black, Doug Black, Kevin Peattie, and Gerard Passaro which were previously scheduled by the parties for July 10, 11, and 15, respectively. With respect to David Black, he is SiteOne's Chief Information Security Officer and is responsible for administering legal holds at the company. His deposition was taken July 10. Defendants' counsel's questioning of Mr. Black became hostile, repetitive to the point of being harassing, with Defendants' counsel even calling Mr. Black "inept" at one point. After three hours of such questioning, Defendants' counsel said he had "hours" of questions left. Thus, as explained by the undersigned on the record at the conclusion of the deposition:

> So, at this point in the deposition, we've been going for approximately three hours questioning Mr. Black about various topics. At this point, from my perspective, we have discussed how litigation holds are handled within SiteOne, who's in charge of litigation holds, how the litigation holds are distributed, and to whom, what types of data SiteOne is able to place a litigation hold on. Mr. Black testified that it's really limited to emails and not to text messages.
>
> Mr. Black has testified about the company's inability to remotely gather text messages or collect text messages from employee phones. He has testified about the company's inability to place—or preserve text messages for purposes of a litigation or for any other purpose. He has testified that he wasn't involved personally with the text messages in this case, with the collection of those messages, and that no one at the company was because, as we've explained to counsel previously and on the record today, that was all handled by the law firm and by the law firm's vendors.
>
> Mr. Black has also testified he wasn't involved with the analysis of any of the phones and he doesn't know where any missing data is or why any text message data is missing. He has testified about the extent of his knowledge on the topics for which this deposition was ordered.

> He has been asked about other topics ranging from SEC reporting obligations to company policies. We've covered the same questions repeatedly from my perspective and he has given all the testimony that's relevant.
>
> At this point, we've had—we being myself and Mr. Bizzaro—have had conversations off the record about what is left to discuss. Mr. Bizzaro has represented to me that he has a lot of questions left—likely hours of questions—and at this point, it's entirely unclear—I've asked Mr. Bizzaro, you know, particularly what questions are left that go to the purpose—the limited scope of this deposition and he has told [me] he wants to ask about the retention policy, which would take at least another hour, and then, you know, additional questions that—I'm not sure what they are.
>
> We did try to call Magistrate Judge Locke. We called chambers at approximately 12:30 today and we're advised by, I believe, Judge Locke's law clerk that Judge Locke was not available today. We've discussed, off the record—Tom and I—and have been unable to reach an agreement on these issues, and so on behalf of SiteOne, we are adjourning the deposition with the expectation that we'll bring this issue to Judge Locke for resolution at some point in the near future.

[Ex. 1, David Black Dep. 173:22–176:25.]

The deposition of Doug Black—SiteOne's CEO—was scheduled for the next day, July 11. Defendants' counsel told the undersigned that he intended to use the "full eight hours" available to him under the Federal Rules for that deposition.[1] However, on July 10, a SiteOne employee spoke to SiteOne's Verizon account representative about whether historical text messages from SiteOne-issued cell phones can be retrieved by Verizon. The account rep relayed that messages can be recovered going back "years." As instructed by the account rep, SiteOne thus issued a subpoena to Verizon the next day, July 11, seeking production of the text messages at issue. Additionally, SiteOne learned that day that Doug Black's missing phone may have been inadvertently stored with other outdated devices collected by SiteOne, so the company undertook a search for the device.

The undersigned therefore chose to reschedule the depositions of Doug Black, Kevin Peattie, and Gerard Passaro based on: (1) Defendants' counsel inappropriate questioning of David Black; (2) Defendants' counsel's refusal to agree to limit the duration or scope of further document retention depositions; (3) the fact that SiteOne might recover the missing texts from Verizon; and (4) the fact the Doug Black's phone (with his missing text messages) might be found. These depositions were then the subject of SiteOne's July 14 Motion for Protective Order [ECF No. 217] and Defendants' July 16 First Motion for Discovery and Sanctions [ECF No. 218], both of which

---

[1] Rule 30 of the Federal Rules of course limits depositions to seven hours, not eight. Further, Defendant's counsel tried to justify an eight-hour document retention deposition on the basis that his clients had been deposed for "probably close to eight hours." But Defendants' counsel is wrong: Defendants' document retention depositions lasted: (1) Vic, one hour and 24 minutes, in total; (2) Don, one hour and 35 minutes, in total; and (3) Nick, 43 minutes, in total.

were responded to by the parties. Then, on August 6, the Court advanced the previously-scheduled September 29 hearing to September 17 for a hearing on these and other outstanding matters.

Since then, SiteOne received the text message records from Verizon (and produced them to Defendants), but the messages only show, in sum, the date/time stamps and to/from numbers for the text messages for the relevant individuals and the records only go back one year to July 2024. SiteOne's search for Doug Black's phone was unsuccessful.

The undersigned met and conferred with Defendants' counsel the week of August 25 via phone and email about the document retention depositions. Defendants' counsel agreed that the depositions of Gerard Passaro, Kevin Peattie, Phil Sausto, and Alex Trama (with Sausto and Trama being the other two SiteOne employee who are missing text messages) would not last more than two hours. Defendants, however, would not agree to limit the scope of the questioning in any respect. The undersigned nevertheless agreed to move forward with those four depositions, explaining that the undersigned would object and instruct the witness not to answer questions that went beyond the bounds of a document retention deposition. The undersigned provided available dates to Defendants' counsel for those depositions on September 3.

With respect to continuing David Black's deposition, the undersigned offered to reconvene the deposition for 30 minutes for Defendants to ask additional questions. Defendants declined this offer and refused to agree to any limits on his reconvened deposition. With respect to Doug Black's deposition, Defendants' counsel also would not agree to any limitations. Thus, based on Defendants' counsel's handling of David Black's deposition, his repeated threats that Doug Black's deposition will last "the full eight hours," and his refusal to in any way limit the scope of the deposition, the undersigned was not agreeable to scheduling Doug Black's deposition until the Court rules on the pending Motions for Protective Order and to Compel. [ECF Nos. 217, 218.] The email exchange memorializing this discussion is attached as Exhibit 2.

It is against this backdrop that Defendants filed their Second Motion to Compel. Prior to filing, the undersigned asked Defendants' counsel on August 27: "What specific issues do you think have not yet been addressed through our prior briefing?" (Ex. 3.) Defendants' counsel has not, to date, identified any such issues. Thus, other than updating the Court about the results of SiteOne's Verizon subpoena and the search for Doug Black's phone, the Second Motion to Compel raises no new or different issues than those identified in the parties' previously filed motions.

SiteOne thus reiterates the relief it requested in its Motion for Protective Order: "SiteOne requests clear guidance on the boundaries of the [document retention] depositions to prevent harassment and overreach by Defendants in those depositions." [ECF No. 217 p. 3.]

Thank you.

J. Evan Gibbs III