# EXHIBIT

# 3

**Gibbs, J. Evan**

---

| | |
|---|---|
| **From:** | Gibbs, J. Evan |
| **Sent:** | Wednesday, August 27, 2025 5:16 PM |
| **To:** | Thomas A. Bizzaro, Jr.; Gorman, Daniel E.; Adler, Matt; Kent, Paris L. |
| **Cc:** | George Peters |
| **Subject:** | RE: SiteOne v. Caroleo - IT Retention Depositions |

Tom –

Let me start by saying that your email of yesterday evening is not consistent in tone or content with our telephone discussion yesterday afternoon. During our call, we agreed, subject to client approval: (1) that it generally made sense to combine the document retention and merits depositions for efficiency's sake, and (2) that I would send you—by the end of this week—our proposal with respect to the limits on the duration and topics for the document retention depositions in the event the parties did not agree to combine merits and document retention depositions. It is clear your clients are rejecting option (1), above, and intend to move forward with the document retention depositions separate from the merits. However, before I have had a chance to even speak with our client about any of this, you have now moved the goal posts and demand an immediate response or else you will "get the court involved today" by filing a motion to compel.

I thought our call yesterday was productive, and it left me hopeful that we could actually work out the document retention deposition disputes. But your emails make it clear that my hope was in vain. Your follow-up messages of yesterday and today instead only repeat your now-familiar pattern of cordial and productive telephone discussions followed by incendiary emails, which is very unfortunate for everyone involved.

More substantively, you seem to be forgetting that the issues in your email have already been fully briefed with the Court. SiteOne filed its Motion for Protective Order on July 14 [ECF No. 217] asking the Court to limit the number and scope of any further document retention depositions. Two days later, on July 16, Defendants filed their Motion to Compel [ECF No. 218] the document retention depositions. The parties responded to each other's respective motions on July 21. [ECF Nos. 222, 223.] It is thus entirely unclear what other issues you want to bring to the Court's attention since all of these issues have already been thoroughly briefed by both sides.

What specific issues do you think have not yet been addressed through our prior briefing?

Thank you.

## J. Evan Gibbs
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Wednesday, August 27, 2025 11:41 AM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Cc:** George Peters <gpeters@tab-law.com>
**Subject:** Re: SiteOne v. Caroleo - IT Retention Depositions

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Good morning Evan,

I wanted to follow up on the below. I'm available if you would like to discuss.

Since time is of the essence and we have wasted over a month with the Verizon nonsense, I'd like to get the court involved today in advance of the September appearance so that all issues are on the table when we next appear before Magistrate Locke.

Please let me know your client's position. If I do not hear from you by 5 PM with dates for the remaining custodians' depositions - including CISO Black - I intend on filing a letter motion to compel the IT retention depositions.

I look forward to hearing from you. Thanks.

**Thomas A. Bizzaro, Jr., Esq.**
 Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Tuesday, August 26, 2025 8:37 PM
**To:** Gibbs, J. Evan <evan.gibbs@troutman.com>; Gorman, Daniel E. <daniel.gorman@troutman.com>; Matt Adler <matt.adler@troutman.com>; Kent, Paris L. <paris.kent@troutman.com>
**Cc:** George Peters <gpeters@tab-law.com>
**Subject:** SiteOne v. Caroleo - IT Retention Depositions

Evan -

It was good speaking with you today. Upon further reflection and to save time since we have an upcoming appearance in the EDNY, I wanted to outline my client's position on the IT-Retention Depositions.

Caroleo would like to proceed with the IT retention depositions asap.  Please provide proposed dates for the depositions of the following custodians:

Douglas Black
CISO David Black (cont. deposition)
Gerald Passaro
Kevin Peattie

Joseph Ketter
Jerry Justice
Alex Trama
Sean Cramer
Briley Brisendine
Neville Ranglin
Rebecca from SiteOne Legal
Head of IT (SiteOne still needs to identify and provide the name and roleof this individual).

Caroleo will not agree to limit either the time or scope of the IT-Retention Depositions. Rather, Caroleo will comply with the relevant provisions as to time and scope contained in the FRCP for IT-Retention Depositions.

Notwithstanding the foregoing, as we discussed on the phone, I do not believe that I will need more than two hours with the custodians, with the exception (maybe) of Douglas Black.  As I told you today, I have no intention of wasting time and our respective clients' money on unnecessary legal fees.  However, Caroleo will not agree to limit the time or scope of these depositions. SiteOne was not limited in time or a scope when it conducted the IT retention depositions of my clients - twice for Don and Vic.

I am available tomorrow to discuss if necessary. If not, please provide proposed dates for these depositions.

Alternatively, I would like to get a motion to Magistrate Locke well in advance of the upcoming conference.  The last month was wasted by SiteOne (to my clients' prejudice) on purported Verizon Wireless records which never existed in the first place. I am sure your client knew this many weeks ago (or they could have easily gotten the answer).  My client does not want to waste more time with SiteOne's "proposal" to limit the IT-Retention Depositions – which will only result in more delay and motion practice by your client.  Let's get the motions in before the next appearance.

Thank you and have a good night.

Best,

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144

(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

This email message is from a law firm and is for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and exempt from disclosure under applicable law.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender immediately by reply email and destroy the original and all copies of this message wherever located.