# EXHIBIT 2

## Gibbs, J. Evan

| | |
|---|---|
| **From:** | Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com> |
| **Sent:** | Friday, September 5, 2025 10:10 AM |
| **To:** | Gibbs, J. Evan; George Peters |
| **Cc:** | Gorman, Daniel E.; Adler, Matt; Mulry, Kevin P.; Kent, Paris L.; Anthony W. Cummings |
| **Subject:** | Re: SiteOne/Caroleo - Follow Up Re: Depositions |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan,

I respectfully disagree on all fronts. While SiteOne may want to delay the federal matter, Defendants want to bring this dispute to a resolution.

We can let Magistrate Locke decide.

**Thomas A. Bizzaro, Jr., Esq.**
 Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
tbizzaro@tab-law.com
www.TAB-LAW.com

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Sent:** Friday, September 5, 2025 9:15 AM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Anthony W. Cummings <acummings@certilmanbalin.com>
**Subject:** RE: SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

This email responds to your two messages from September 3 and your message from September 4.

The Court has not yet ordered that merits depositions begin. Defendants previously asked for merits depositions to begin, and Judge Locke expressly denied that request. As you know, our Joint Status Report was merely a report by the parties as to their positions on the timing, number, and duration of merits depositions, and there is not an order from Judge Locke initiating those depositions. We have proposed a schedule and parameters around merits depositions as set forth in the Report, but, as also set forth in the Report, the parties are clearly not in agreement about the timing, number, and duration of the depositions.

1

Thus, while we are not opposed to merits depositions beginning soon, scheduling the merits depositions now prior to Judge Locke resolving our pending disputes would be premature.

With respect to the document retention depositions, objecting and instructing the witnesses not to answer questions outside the scope of the deposition is precisely what Defendants' counsel did at Defendants' depositions. To now say that is improper makes no sense—we are only planning to do exactly what your clients' attorneys did. It is thus unclear why you suddenly view this as improper now that the shoe is on the other foot.

With respect to the subpoena to Briley Brisendine, yes, we will accept service on his behalf. By accepting service, however, we are not waiving any objections to the subpoena or the topics/subjects thereof.

Finally, we intend to file a motion to compel with respect Vic's medical records pertaining to his memory loss on Monday if we have not received a fully executed HIPAA release for those records, along with the identification of the relevant medical provider(s). During our meet and confer on June 5, Defendants agreed to work with us to get the records produced, but we still do not have them. We acknowledge your representations that you have tried to get the records after picking this issue up from Mike Mule (who, you explained, did nothing to try and secure the records after our June 5 meet and confer), but this is now a pressing issue given the proximity of merits depositions. We will need to have this issue resolved at our upcoming conference with Judge Locke.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Thursday, September 4, 2025 7:22 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>; Anthony W. Cummings <acummings@certilmanbalin.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan –

I will check with my clients. However, in your prior email, you stated it was your intention to instruct these witnesses not to answer questions you deemed outside the scope of a DRD.

My clients will not agree to scheduling the DRDs under these conditions. It will only result in SO (or me) busting the DRDs if the Court is not available – like you did during the DRD of CISO Black.

I will discuss with my clients, but it may make sense to let Magistrate Locke issue rulings on the pending motions so there can be no ambiguity for SO. I will speak with my clients and get back to you on the scheduling of these four (4) DRDs tomorrow.

More importantly, I am still waiting for proposed dates for the merit deposition of Doug Black?

If SO will not agree to schedule Doug Black and the other merit depositions forthwith, I intend on filing a motion to compel the merit depositions of SiteOne this evening.

Lastly, will you accept service for Briley? The Subpoena for Cramer went out today for service. I will send you a copy.

Thanks.

Best,

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
tbizzaro@tab-law.com
www.TAB-LAW.com

This email message is from a law firm and is for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and exempt from disclosure under applicable law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender immediately by reply email and destroy the original and all copies of this message wherever located.

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Date:** Wednesday, September 3, 2025 at 9:12 PM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>, George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt <Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** RE: SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

With respect to the depositions of Gerard Passaro, Alex Trama, Phil Sausto, and Kevin Peattie, we and the witnesses are available September 25 and 26. As we discussed, we can have one witness in the morning and one in the afternoon each day. Please confirm these dates work for you.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Gibbs, J. Evan
**Sent:** Tuesday, September 2, 2025 11:40 AM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@Troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** RE: SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

With respect to Gerard Passaro, Alex Trama, Phil Sausto, and Kevin Peattie, we are agreeable to scheduling those depositions with a two-hour time limit each. I understand your clients are not willing to agree to topical limitations prior to the depositions, so I will simply object and instruct the witnesses not any questions that go beyond the scope of the text message retention issues. I'm currently working with those individuals to get available dates for their depositions, and I will provide those dates to you shortly—hopefully by tomorrow.

With respect to David Black, having reviewed his deposition transcript, it seems like your only remaining questions would be about the records retention policy. If you will agree to a 30-minute time limitation to complete David Black's deposition, we are willing to reconvene his deposition for you to ask any questions you think remain outstanding.

With respect to Doug Black, both sides have thoroughly briefed the issues surrounding his deposition. Our positions are set forth in our papers. I've certainly read the June hearing transcript and in fact cite to it our filings. It seems we are at an impasse with respect to his deposition and we will have wait for Judge Locke make his rulings.

As for Laura Shartle, I'm happy to discuss that issue with you later this afternoon or tomorrow. I have limited availability today, but can speak 1:30-2:30 this afternoon if that works, but I am open most of the day tomorrow if that works better.

Thank you.

**J. Evan Gibbs**
**Partner**
**troutman pepper locke**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Thursday, August 28, 2025 7:53 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

> **CAUTION:** This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Evan, I apologize for the multiple emails.

We never had a discussion today about the protective order concerning Laura Shartle.

As you know, I'm speaking with Dan at 3 PM tomorrow to discuss a motion for summary judgment in Yellowstone 1. Are you available at that time as well? If not, can I speak to Dan or Paris about the protective order?

As we discussed today, I'm happy to wait until 3:00 PM tomorrow to have these discussions, but I don't see the issues being resolved without judicial intervention.

Dan/Evan - can we do away with a meet and confer (to the extent the Court rules even require a meet and confer on these items) about Yellowstone 1 and the Shartle Protective Order?

It's academic. I'm going to ask the court permission to move for summary judgment on Yellowstone 1 regardless of what Dan's position on the phone at 3 pm tomorrow. SiteOne should cross-move (and Dan likely will). Likewise, absent SiteOne agreeing to voluntarily vacate the protective order concerning Laura Shartle, I'm going to be moving the Court to do so.

Please let me know your position.

Have a good night.

Best,


**Thomas A. Bizzaro, Jr., Esq.**
Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
**tbizzaro@tab-law.com**
**www.TAB-LAW.com**

---

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Sent:** Thursday, August 28, 2025 7:26:27 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; George Peters <gpeters@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>; Adler, Matt <Matt.Adler@troutman.com>; Mulry, Kevin P. <kmulry@farrellfritz.com>; Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

Evan –

5

Please see attached transcript and minute order from the 6.12.2025 appearance before Magistrate Locke.  Please read the highlighted portions of the transcript.  How can SiteOne defend its current position?

Subject to my clients' approval, I have no issue with a 2-hour max for Passaro, Peattie, Trama, and Sausto.  However, I cannot agree to any of SiteOne's proposed limitations on questioning – nor should my clients have to do so.

Please read the highlighted portions – all of which you agreed to on the record – including my right to ask each custodian every single question contained on the modified Questionnaire served by Mike Mule, Esq. prior to the 6.12.2025.

Now – after CISO Black's testimony – - and after wasting over a month on the Verizon goose chase - SiteOne now takes the absurd position that it will not produce any further custodians unless and until Caroleo agrees to a limitation in both time and scope for the remainder of the witnesses.

I can likely sell the 2-hour time limit for these 4 custodians (only), but my clients will never agree to any limitation on questioning.  Rather, we intend to comply with the FRCP and Magistrate Locke's Order of 6.12.2025.

Please let me know if SiteOne will reconsider its tenuous position.  Thank you.

Best,

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
tbizzaro@tab-law.com
www.TAB-LAW.com

This email message is from a law firm and is for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and exempt from disclosure under applicable law.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender immediately by reply email and destroy the original and all copies of this message wherever located.

**From:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Date:** Thursday, August 28, 2025 at 5:52 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt <Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** Re: SiteOne/Caroleo - Follow Up Re: Depositions

Evan -

Thank you for sending this so quickly. I will review and discuss with my clients.

What is SiteOne's position with respect to Doug Black? He lost his phone with a litigation hold in place. SiteOne previously agreed to produce Doug Black for his IT-Retention Deposition which was scheduled and confirmed. However, the IT-Retention Depos were abruptly halted based upon Verizon records that may exist. It is now clear that those Verizon messages do not exist. What is the push back on Doug Black? What has changed since SiteOne previously agreed to produce him. More importantly, SiteOne was ordered by Magistrate Locke to do so.

As I said to you and Paris at least 3 times, my goal is to quickly and efficiently conduct the IT-Retention depositions. I have no desire to waste my clients' money or your clients' time. My goal is to move on to the merit depot which were supposed to start over 2 weeks ago. This case has lingered for almost 3 years - it is time to bring this to a conclusion for all parties.

Based on the foregoing, if I am going to hold off on writing to the Magistrate concerning Doug Black and CISO Black, then I ask that you first provide the legal basis for refusing to schedule his deposition - absent unknown limitations. Same for the continued deposition of CISO Black. I do not see any basis for your client to ask my clients to limit anything - as opposed to what we are entitled to under the FRCP.

Evan - not looking for a fight. But I need to be able to explain your position to my clients. Thanks.

**Thomas A. Bizzaro, Jr., Esq.**



Law Offices of Thomas A. Bizzaro, Jr., P.C.
7 High Street, Suite 300
Huntington, New York 11743
(T) (631) 380-3297
(D) (631) 510-0144
(M) (516) 238-6240
tbizzaro@tab-law.com
www.TAB-LAW.com

7

**From:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>
**Date:** Thursday, August 28, 2025 at 4:37 PM
**To:** Thomas A. Bizzaro, Jr. <tbizzaro@tab-law.com>
**Cc:** Gorman, Daniel E. <Daniel.Gorman@troutman.com>, Adler, Matt <Matt.Adler@troutman.com>, Mulry, Kevin P. <kmulry@farrellfritz.com>, Kent, Paris L. <Paris.Kent@troutman.com>
**Subject:** SiteOne/Caroleo - Follow Up Re: Depositions

Tom –

Thanks for your time this afternoon on the phone. As we discussed, the following individuals are the ones we understand you are interested in deposing with respect to an alleged loss of text messages:

- Kevin Peattie
- Gerard Passaro
- Phil Sausto
- Alex Trama
- Doug Black

As I explained during our call, SiteOne is willing to move forward with the IT retention depositions for the first four individuals (Peattie, Passaro, Sausto, and Trama) if we can agree that each deposition will last no longer two hours, and that each will be limited to the following topics:

- Whether they have a SiteOne-issued cell phone
- Whether they have a separate personal phone
- Whether and to what extent their phones are used for SiteOne business, including for text messages
- Whether they received a litigation hold from SiteOne for this case
- Whether they received any other instructions or had any other discussions with anyone from SiteOne about their lit hold obligations
- What steps they took to preserve their text messages
- The specifics of how and why they are missing text messages relevant to this case

If you have additional topics you'd like for us to consider, please let us know and we're open to discussing them.

In terms of the timing of the depositions, I'll reach out to the witnesses and will provide you with dates that work for our side.

Thank you.

**J. Evan Gibbs**
**Partner**
Direct: 404.885.3093 | Mobile: 229.425.3745
evan.gibbs@troutman.com

**troutman pepper locke**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
troutman.com

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any

8

unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit [www.troutman.com](www.troutman.com). If services are provided by Troutman Pepper Locke UK LLP, please see our London office page ([www.troutman.com/offices/london.html](www.troutman.com/offices/london.html)) for regulatory information.