**LAW OFFICES OF**
**THOMAS A. BIZZARO, JR., P.C.**

September 9, 2025

**VIA ECF**
United States Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: **SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Magistrate Judge Locke:

My firm represents the Defendants in the above-referenced matter. We are compelled to submit this letter for the limited purpose of correcting the factual misstatements and intentional misrepresentations contained in Mr. Gibbs' September 8, 2025 correspondence to the Court. (Doc. 227). While SiteOne apparently wishes to distort the record for some (mis)perceived tactical advantage, it cannot escape the written record that clearly and unequivocally demonstrates that SiteOne is not being honest with this Court. SiteOne's feigned portrayal of itself as the victim in this lawsuit it commenced, alleging the Defendants (three individuals) are intentionally driving up the legal fees and costs to a multi-billion dollar publicly traded company, is the equivalent of Goliath accusing David of being the bully. At bottom, SiteOne's correspondence is a smokescreen designed solely to divert the Court's attention away from SiteOne's misconduct, delay, and repeated, willful violation of this Court's prior orders and directives.

SiteOne first argues that Defendants' September 2, 2025 letter to the Court constitutes an impermissible "second" motion to compel. (Doc. 225). This is false. Indeed, the <u>second sentence</u> of Defendants' September 2, 2025 correspondence could not be any clearer:

> This correspondence shall serve as an **update** in connection with Defendants' letter motion to compel the IT-retention depositions; which depositions were directed by this Court on June 12, 2025.

**LAW OFFICES OF**
**THOMAS A. BIZZARO, JR., P.C.**

SiteOne next tries to justify its egregious conduct in abruptly and unilaterally halting the IT-document retention deposition ("DRD") of CISO Black by falsely alleging that the deposition became "hostile," "harassing", and repetitive. Nothing could be further from the truth. Rather, the transcript makes clear that SiteOne's counsel became obstructive and, when the parties were unable to reach Your Honor for a ruling during the DRD, Mr. Gibbs unilaterally, and without good cause, ended the DRD of CISO Black.

The Court should note that CISO Black was forced upon Defendants by SiteOne. Defendants requested, in writing, that SiteOne produce the Head of its IT Department for a DRD. During the hearing on June 12, 2025, the Court agreed with Defendants (and so did Mr. Gibbs – on the record) that a witness from the SiteOne IT Department was a proper witness for a DRD. (Doc. 225, Ex. A, p. 14). Nevertheless, after the June 12th appearance, SiteOne reversed course and, on June 24, 2025, Mr. Gibbs stated in an email that SiteOne would <u>not</u> produce a witness from SiteOne IT but, rather, would produce CISO Black because "CISO Black was the person most knowledgeable about the issues relevant to this deposition." *See Exhibit "A" annexed hereto.* However, during CISO Black's DRD it became evident that CISO Black had very limited (if any) relevant information concerning SiteOne Custodians' admitted text message data loss. The most glaring example being CISO Black's incredible testimony that he first learned that CEO Black "lost" his SiteOne company-issued cellular phone (which cell phone CEO Black allegedly lost back in January 2024) a few days prior while preparing for his DRD.[1]

Finally, the Court should disregard SiteOne's argument that the DRDs, which this Court ordered back on June 12, 2025, should not proceed unless Defendants' agree to limit the DRDs in both time and scope. This argument is nothing more than a classic "red herring", if there ever were one. After wrongfully halting CISO Black's DRD after SiteOne was producing documents in real time during the deposition - and after refusing to allow Defendants' counsel to ask a single question on the very documents being produced during the DRD, SiteOne tries to convince this Court that the Defendants are abusing the discovery process to the financial detriment and other harm of SiteOne.[2]

---

[1] Mr. Gibbs further states in his September 8, 2025 correspondence that "[CISO Black] is responsible for administering legal holds at the company." However, CISO Black testified that the litigation holds in connection with this lawsuit were issued by SiteOne's in-house legal department ("Rebecca"), and the only action CISO Black took was to make sure that the Custodians' SiteOne email accounts were secured so there could be no accidental or intentional deletion of emails. CISO Black testified he took no other relevant action on behalf of the company in connection with the litigation holds in this case or the preservation of text message data.

[2] Separately, despite designating the entire transcript from the DRD of CISO Black as "confidential", in his September 8th letter to the Court, Mr. Gibbs "cherry picks" and quotes – verbatim - certain sections of CISO Black's DRD transcript in a thinly veiled attempt to justify his abrupt halt to CISO Black's DRD. However, Mr. Gibbs conveniently omits Defendants' counsel's response to Mr. Gibbs' statement on the record. Defendants' response to Mr. Gibbs summarizes and highlights SiteOne's obstructive conduct at the DRD, as well as SiteOne's failure to produce relevant

# LAW OFFICES OF
# THOMAS A. BIZZARO, JR., P.C.

The Court need look no further than SiteOne's untimely, 13th hour production of its own "Master Records Retention Policy" in the middle of the CISO Black's DRD – a written policy that is referenced in SiteOne's company Code of Conduct – and even identifies CISO Black (by name) as the SiteOne point of contact. This document should have been produced by SiteOne well in advance of CISO Black's deposition.[3] Nevertheless, Mr. Gibbs refused to permit a single question to CISO Black concerning this critical, internal SiteOne document. *Id.*

Thank you for your prompt attention to this urgent matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc:   Certilman Balin Adler & Hyman, LLP
      Kasowitz LLP

---

documents in advance of the DRD, as directed by the Court. *See* Exhibit "B" annexed hereto. Mr. Gibbs further states in his September 8, 2025 correspondence that "[CISO Black] is responsible for administering legal holds at the company." However, CISO Black testified that the litigation holds in connection with this lawsuit were issued by SiteOne's in-house legal department ("Rebecca"), and the only action CISO Black took was to make sure that the Custodians' SiteOne email accounts were secured so there could be no accidental or intentional deletion of emails. CISO Black testified he took no other relevant action on behalf of the company in connection with the litigation holds in this case or the preservation of text message data. SiteOne first improperly designated the entire transcript from CISO Black's DRD as "Attorneys Eyes Only". Plaintiff quickly backed away from this improper designation when it realized it could not support same if challenged by Defendants. Curiously, despite thereafter designating CISO Black's entire transcript as "Confidential" (which Defendants may decide to challenge), Mr. Gibbs quotes verbatim from the transcript in his September 8, 2025 letter. However, in the action entitled *Dominick Caroleo v. SiteOne Landscape Supply LLC, et al.,* Supreme Court, Suffolk County (Index No.: 611905/2025) - an action in which Plaintiff Dominick Caroleo alleges SiteOne - through its attorneys (the Troutman Firm and Evan Gibbs, Esq.) - fraudulently induced Caroleo into signing a Confidential Settlement Agreement ("CSA") - SiteOne has taken the exact opposite position accusing Plaintiff Dominick Caroleo (and his attorneys) of breaching the confidentiality provisions of the CSA because SiteOne's argues Caroleo's paraphrasing of certain provisions of the CSA in the Amended Complaint violates confidentiality. Simply put, SiteOne and its attorneys are talking out of both sides of their mouth.

[3] SiteOne produced additional relevant documentation which supports Defendants' spoliation claims. For example, Mr. Gibbs produced emails from CEO Doug Black to Neville Ranglin (an employee of SiteOne), and others, concerning the upgrading of CEO Blacks's Samsung cell phone to a new iPhone, and how CEO Black did not want to surrender the old, disconnected Samsung phone because of data that Black wanted to preserve. Defendants learned, for the first time, on May 27, 2025, via correspondence from Mr. Gibbs, that CEO Black claims to have "lost" that Samsung phone – which cell phone SiteOne IT was allegedly unable to extract CEO Black's text message data.