# Exhibit "B"

D. BLACK

MR. BIZZARO: Okay. Thank you. Are you done, Evan. Can I --

MR. GIBBS: Yeah, that's it -- that's it for me.

MR. BIZZARO: Yeah, so here is the defendants' position:

We are in the middle of a document retention deposition of David Black, the Chief Information Security Officer for SiteOne Landscape Supply.

On June 19th Evan Gibbs sent me an email advising that his research indicated that Mr. David Black is the appropriate person who has the most knowledge about the topics that are the subject of a document retention deposition.

It is clear from this deposition that Mr. Black has no knowledge whatsoever about anything other than putting a hold on the custodians' email -- email accounts so that accidental or intentional deletions of emails relevant to this case could be

```
 1                    D. BLACK
 2    prevented.
 3            After that email on June 19th
 4    several other emails went back and forth
 5    between myself and Mr. Gibbs where I
 6    asked for things, such as the hierarchy
 7    in the IT department.  My questions went
 8    unanswered and finally I spoke to
 9    Mr. Gibbs personally on the phone and we
10    talked about Mr. David Black and we
11    agreed that we would start with
12    Mr. Black.
13            We've gone, as Evan has stated, for
14    about three hours because we've had
15    several breaks, including this one, and
16    I have been cut-off and told that I do
17    not have any relevant questions left.
18    However, Mr. Gibbs has no idea what
19    questions I have left.  He just doesn't
20    want me to ask anymore questions.
21            But even more concerning is that I
22    was just given a document, which is the
23    SiteOne master records retention policy,
24    which is a document that is noted in the
25    code of conduct that was produced by
```

```
 1                    D. BLACK
 2      SiteOne in response to our discovery
 3      requests.
 4           I'm seeing it for the first time
 5      today and it is clear that it talks
 6      about spoliation of evidence and it
 7      talks not just about maintaining and
 8      preserving text message and other data
 9      on devices -- including cellphones,
10      tablets, and PDAs -- it also talks about
11      third-party accounts, such as Facebook,
12      Twitter, Vine, and other sites.
13           So, Evan, if you really want to take
14      the position that I'm not allowed to ask
15      any further questions, including on this
16      document, whether it takes me an hour or
17      the rest of the day -- cause it really
18      depends on what your witness answers,
19      right -- so, I can't tell you, nor
20      should I have to tell you how long I'm
21      going to be.
22           I didn't ask you.  I didn't cut you
23      off, and, let me remind you -- and for
24      the record to be clear -- you deposed
25      Dom Caroleo and Vic Caroleo twice --
```

1        D. BLACK
2   twice for a total of probably close to
3   eight hours.
4        I've been going for three and I've
5   been cut-off.  I've been cut-off because
6   your witness is getting beat up and
7   damaged and you don't want this to go
8   any further.  I understand that.
9        So, at this point, we will bust the
10  deposition with a reservation of rights
11  and I will be making an application for
12  sanctions against SiteOne for not just
13  busting this deposition when the Federal
14  Rules make clear that I have eight hours
15  today -- and you, Evan, are no one to
16  tell me that I'm done with my questions
17  cause you don't know what I have to ask
18  and you don't know what your client --
19  your witness is going to answer.  So, I
20  really want you to do this.
21       So, we can bust this deposition and
22  know we'll go forward with Doug Black
23  tomorrow depending on what you said you
24  sent me about some more messages that
25  were relevant that weren't produced

```
 1                    D. BLACK
 2     until the eve of Mr. Black's
 3     deposition -- let's do it, Evan, because
 4     I told you, there's come a time when
 5     your people are going to feel pain and
 6     now it's starting and that's why you are
 7     going out of touch and ending a
 8     deposition for no good reason.
 9          So, we're fine, but I would strongly
10     suggest you look at this records
11     retention policy and tell me that I
12     don't have questions left that I'm
13     allowed to ask that are relevant to a
14     document retention deposition.
15          Other than that, you have our
16     position.  I'm moving for sanctions.
17     I'm moving for a further deposition of
18     Mr. David black.  I'm moving for more
19     depositions of IT witnesses, as well as
20     probably the -- Rebecca and whoever else
21     from in-house -- and the third-party
22     vendor who did text message searches
23     because your own witness testified that
24     what happened here, as evidenced in the
25     May 27th Evan Gibbs letter, in his
```

```
 1                      D. BLACK
 2    opinion as the CISO, is a violation of
 3    the litigation hold.
 4         So, go ahead.  Make your motion.
 5    Bust the deposition.  I want to get
 6    ready for the big gun tomorrow, so let's
 7    end it now.
 8         MR. GIBBS:  I will note for the
 9    record that text messages are not
10    discussed in the retention policy.
11         MR. BIZZARO:  Oh, really?  Well,
12    what it says here -- what it says here
13    -- really, Evan, cause if you go down to
14    the page that defines records -- defines
15    records -- okay -- definitions and
16    example, "a record is any type of
17    information created, received, or
18    transmitted in the transaction of
19    SiteOne's business regardless of
20    physical format.
21         Any original or copy of any item can
22    be a record.  Here are some examples:
23         Memory in cellphones, tablets, and
24    PDAs, audio and video recordings,
25    computer programs, emails, handwritten
```