Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(2:23-CV-02084)**
<u>**Motion to Compel Production of Defendant Victor Caroleo's Medical Records**</u>

Dear Judge Locke:

We write on behalf of SiteOne Landscape Supply, LLC ("SiteOne") requesting that this Court order Defendants' responses to certain of SiteOne's March 2025 discovery requests relating to the purported memory condition of Defendant Victor Caroleo ("Vic").

**I.    Vic Intentionally Destroys All Relevant Communications.**

As explained in prior briefing to this Court, Vic admits that he intentionally deleted **all** text messages and emails in his possession during the time periods relevant to this case. This is not in dispute. With regard to his emails, he explained in his deposition:

> Basically every time I get something it gets deleted, and the reason for that is I'm having this memory problem and it—I get overwhelmed when I have a lot of emails to go through. So I—once I go through them, I delete them.

(44:4–45:3.[1]) But not only did he delete them; he took the further step of double deleting them by deleting the messages from his "deleted" folder. (*Id.*) Vic continued to double delete all of his emails until approximately mid-February 2025. (59:10–20.)

With regard to text messages, he testified that he sends and receives multiple text messages on a daily basis. (60:3–18.) He acknowledged texting with his co-Defendants Don and Nick multiple times a week during the relevant time periods of this case. (64:8–65:18.) But he couldn't remember at his deposition whether he had ever sent or received any text messages relating to Defendants' competing business, Scapes Supply, or whether he'd ever texted with Scapes Supply's customers, vendors, or employees. (62:21–63:16.) He also couldn't recall if he'd ever texted with anyone about the properties or corporate Defendants at issue in this case. (63:17–64:7.)

He went on to explain that he had a practice of deleting all sent and received messages and couldn't recall precisely when he stopped deleting all of his text messages, but he confirmed he was deleting all texts through at least October 2024. (67:22–68:4.)

Vic also testified very specifically that he "broke" and then replaced his iPhone sometime during the litigation. (35:5–23.) When asked how he broke his iPhone, he said, "You know, I -- I suffer with memory problems. That's why I'm on that heavy medication, so I can't remember exactly. But if I took a guess, I think I got water in it, as I remember." (36:7–13.) When asked if he kept or traded in the old phone, he explained, "You know, again with the memory problems I'm going to say I traded it in, but I don't recall." (36:14–19.) But after conferring with his

---

[1] The deposition transcript from Vic's March 13, 2025 document retention deposition is attached as Exhibit 1.

attorneys, he suddenly recanted and said that he actually didn't "have a recollection" of when he broke and replaced the iPhone or whether it occurred after the litigation began. (39:2–40:7.)

Vic could also not recall whether any of the revolving cast of attorneys who have represented Defendants in this case ever instructed him not to delete emails and text messages prior to sometime in February 2025. (Vic Dep. 2, 14:13–22:13.[2]) This is despite multiple express orders and instructions from this Court for Defendants to preserve all relevant electronic evidence.

## II. Vic Recalls Scant Details About His Memory Condition or Treatment.

Vic justifies his destruction of evidence in this case by explaining that deleting messages keeps him from getting "overwhelmed." (44:4–45:3.) "[A]s the memory problem became worse, like the memory doctor said do whatever you can do to keep your memory sharp as you can, and I do everything I could do to keep it as sharp as I can." (44:21–45:3.)

When asked for more details about his memory problems, he explained: "I was in a coma in 2004. When I came out, I had severe memory problems. As I got older, they progressed." (41:10-22.) He then testified that he treated with a physician in Florida at some point, who said, "you definitely have memory problems," prescribing Vic three medications for his memory issues. (41:19–42:2.) Vic said, "[I]f I don't take them, I remember nothing." (42:5–6.) He has been taking the medications since 2004. (42:7–15.) He did not recall any particular diagnosis he received other than "severe memory loss." (42:16–23.) He testified that his treating physician for his memory problems is a memory specialist in Florida, but he couldn't remember his name. (75:9–20.)

## III. Defendants Promise Relevant Records, Then Refuse to Deliver.

Immediately after his deposition, SiteOne propounded written discovery requests to Defendants on March 18 regarding Vic's memory issues. Defendants missed their deadline to respond, untimely responding on April 23 with blanket objections to every single request; *see* Exhibit 3. Defendants' objections, however, were waived since they were not timely.

At a subsequent meet-and-confer on June 5, Defendants' counsel promised to produce medical records related to Vic's memory issues. However, despite four email follow-ups dated July 9, July 16, July 27, and August 7 along with repeated telephone discussions as recently as September, Defendants refused to substantively answer a single discovery request; identify any treating physicians; produce any records; or otherwise cooperate and enable SiteOne to obtain the relevant records. Defendants' counsel confirmed via email on September 5 that they would not be cooperating with SiteOne with respect to the medical records.

## IV. SiteOne Is Entitled to Test the Veracity of Vic's Purported Memory Problems.

Since Vic could remember nothing about the communications he destroyed in this case, he will of course not recall details about the facts underlying this litigation when questioned at his merits deposition. Vic has thus placed his memory condition front and center.

SiteOne also has ample reason to doubt Vic's veracity. First, his memory failings contradict the fact that he frequently and easily recalls Bible passages along with events and experiences from his life with seeming clarity while delivering sermons from his vehicle posted to his YouTube

---

[2] The transcript of Vic's reconvened document retention deposition is attached as Exhibit 2.

channel.[3] Second, when asked in his deposition in this case, [H]ave you ever been involved in any other litigation before?," his answer was a flat, "No." (14:9–12.) But Vic only a few months earlier entered into a settlement agreement which resolved a federal lawsuit filed last year against him by a TV host accusing Vic of, among other things, impersonating him for years including in connection with an alleged sexual assault. And Vic was recently sued a second time by the same TV host claiming that Vic breached their contractual settlement agreement in which Vic promised to stop impersonating the TV host because Vic has reportedly continued to do so.[4]

It is thus clear that Vic either intentionally ignores contracts he enters into (like the one at issue in this case) and outright lies when he gives sworn testimony, or his memory is so bad that he completely forgets the existence of recent federal lawsuits against him and is unable to recall his own contractual obligations altogether. His medical records will shed light on this issue.[5]

The relevant case law requires Defendants to fully respond to SiteOne's discovery requests. First, Defendants' objections to SiteOne's discovery requests were waived because they were untimely. *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009). Second, even if timely, Defendants' boilerplate objections are without merit—the objections give no explanation as to why the requests were overbroad, unduly burdensome, etc. *U.S. v. Veeraswamy*, 347 F.R.D. 591, 601 (E.D.N.Y. 2024) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse.").

Third, SiteOne is entitled to these records because Vic has placed his medical condition squarely at issue by attributing his destruction of evidence to his memory issues. *Vargas v. U.S.*, 401 F. Supp. 3d 346, 347 (E.D.N.Y. 2018); *Anderson v. City of New York*, No. 05-CV-4422, 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006); *M.C. v. Sylvia Marsh Equities, Inc.*, 103 A.D.3d 676, 679 (2d Dep't 2013) (in similar circumstances, where a party claims inability to answer deposition questions for reasons related to a physical or mental condition, discovery into relevant medical records is warranted).

**V.    Conclusion.**

SiteOne respectfully requests that the Court compel Defendants to fully and substantively respond, without objections or caveats, to SiteOne's interrogatories and requests for production relating to Vic's medical condition and memory issues with 14 days of the Court's order.

> Thank you,
>
> J. Evan Gibbs III

---

[3] *See* www.youtube.com/@VicCaroleo. He has been posting these videos for years and continues to do so with a regular and frequent cadence.
[4] A copy of the complaint from the second lawsuit is attached as Exhibit 4.
[5] There is a confidentiality order already in place in this case which will protect Vic's privacy.