# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                                          Plaintiff,

-against-

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670
ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY,
LLC; NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

                                          Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-02084-GRB-SIL

**DEFENDANTS VICTOR CAROLEO'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant VICTOR CAROLEO (referred to herein as "Defendant"), by and through his attorneys, Milman Labuda Law Group PLLC, hereby responds to plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") Second Set of Interrogatories ("Interrogatories") as follows:

## GENERAL STATEMENT AND OBJECTIONS

Defendant's responses are subject to the General Objections set forth below, each of which is incorporated by reference into the responses to each Interrogatory. These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response. Although these General Objections may be specifically referred to in a response to certain Interrogatories for the purpose of clarity, the failure to specifically incorporate a general objection should not be construed as a waiver of same. In addition, the production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. Defendant objects to those portions of each Interrogatory which purport to impose upon Defendants a burden of production beyond that required by the Federal Rules of Civil Procedure ("FRCP").

2. Defendant objects to each Interrogatory to the extent it seeks information or documents not in the possession, custody or control of Defendants, including information or documents in the possession, custody or control of distinct legal entities that are not parties to this litigation.

3. Defendant objects to each Interrogatory to the extent it seeks information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the joint defense privilege, the attorney work product doctrine, or material prepared in anticipation of litigation.

5. Defendant objects to each Interrogatory to the extent it is overbroad, unreasonably cumulative or duplicative, seeks information already produced by the Defendants or the Plaintiff, or seeks information that can be obtained from another source in a more convenient, less burdensome, or less expensive manner.

6. Defendant objects to each Interrogatory to the extent it calls for information or production or description of documents generated by Defendant's counsel, documents from third parties obtained by Defendant's counsel, and correspondence sent by Defendants to counsel in connection with the prosecution or defense of this action or any related proceeding now pending on the ground that the production or description of such documents, many of which are privileged in any event, would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant reserves their rights to supplement their responses to each Interrogatory to the extent necessary and appropriate.

8. Defendant objects to each Interrogatory to the extent it seeks information or documents in the possession of the Plaintiff.

9. In providing these responses and objections, and in producing documents pursuant thereto, Defendant does not in any way waive or intend to waive, but rather intend to preserve and is preserving:

   a. All objections as to competency, relevancy, materiality and admissibility of the Interrogatories (or responses) or the subject matter thereof;

   b. All objections as to Interrogatories that are vague, ambiguous, overly broad or unduly burdensome;

   c. All rights to object on any ground to the use of any said documents or responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

   d. All rights to object on any ground to any Interrogatory for further responses to these or any other requests for documents or other discovery requests involving or relating to the subject matter of these Interrogatories.

10. Defendant objects to any implications and to any explicit or implicit characterization of facts, events, circumstances, or issues described in the Interrogatories. Defendant's response to and/or production of documents or information in connection with a particular Interrogatory for documents is not intended to indicate that Defendants agree with any implication or any explicit or implicit characterization of facts, events, circumstances, or issues

3

described in the Interrogatories, or that such implication or characterization is relevant to this action.

11. The inadvertent or mistaken production of documents subject to the protection of the attorney-client privilege, joint defense privilege, work product doctrine, or other privilege shall not constitute a general, intentional, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or any privileged communications. All such inadvertently produced document(s) shall be returned to Defendants, or his attorney, along with any copies made thereof.

12. Defendant objects to each Interrogatory to the extent that the documents requested are public record and/or the burden of obtaining the responsive documents is equal or substantially the same for both Parties.

13. Defendant objects to the general time period of Plaintiff's Interrogatories and limits the time period from March 17, 2023 to present.

## INTERROGATORIES AND RESPONSES

1. State when you first became aware that you had a duty to preserve all documents and information relevant to this Action.

**RESPONSE**: Defendant objects to this Interrogatory on the basis that it is duplicative given the Court's March 26, 2025 Order regarding document/discovery-retention depositions which have occurred, are continuing and/or are taking place, and on the grounds that it is overbroad, and unduly burdensome.

2. State how you first became aware that you had a duty to preserve all documents and information relevant to this Action.

4

**RESPONSE**: Defendant objects to this Interrogatory on the basis that it is duplicative given the Court's March 26, 2025 Order regarding document/discovery-retention depositions which have occurred, are continuing and/or are taking place, and on the grounds that it is overbroad, and unduly burdensome.

      3.     Identify all medical professionals who have treated you for memory loss, or any condition related to memory loss.

**RESPONSE**: Defendant objects to this Interrogatory on the basis that it is duplicative given the Court's March 26, 2025 Order regarding document/discovery-retention depositions which have occurred, are continuing and/or are taking place, and on the grounds that it is overbroad, and unduly burdensome.

      4.     Identify all medication that has been prescribed for you for memory loss, or any condition related to memory loss, and state the medical professional who prescribed it and the dates when you used the medication.

**RESPONSE**: Defendant objects to this Interrogatory on the basis that it is duplicative given the Court's March 26, 2025 Order regarding document/discovery-retention depositions which have occurred, are continuing and/or are taking place, and on the grounds that it is overbroad, and unduly burdensome.

      Defendant reserves the right to amend or supplement his responses.

Dated: April 23, 2025

                      MILMAN LABUDA LAW GROUP PLLC

By:   */s/ Michael C. Mulè*
      Michael C. Mulè, Esq.
      3000 Marcus Avenue, Suite 3W8
      Lake Success, NY 11042-1073
      (516) 328-8899 (office)
      (516) 328-0082 (facsimile)
      michaelmule@mllaborlaw.com

      *Attorneys for Defendant Victor Caroleo*

To:  TROUTMAN PEPPER
      HAMILTON SANDERS LLP

      John S. Gibbs III
      600 Peachtree Street, NE, Suite 3000
      Atlanta, Georgia 30308
      (404) 885-3000
      evan.gibbs@troutman.com

      Daniel E. Gorman
      875 Third Avenue
      New York, New York 10022
      (212) 704-6000
      Daniel.gorman@troutman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                            Plaintiff,

              -against-

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670
ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY,
LLC; NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

                            Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-02084-GRB-SIL

**DEFENDANTS VICTOR CAROLEO'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

      Defendant VICTOR CAROLEO (referred to herein as "Defendant"), by and through his attorneys, Milman Labuda Law Group PLLC, hereby responds to plaintiff SiteOne Landscape Supply, LLC's ("SiteOne" or "Plaintiff") Second Set of Requests for the Production of Documents ("Requests") as follows:

### REQUESTS AND RESPONSES

      1.     All documents, including but not limited to any litigation hold notices, concerning any instruction that you received concerning the preservation of all documents and information relevant to this Action.

**RESPONSE TO REQUEST NO.1**: Defendant objects to this Request on the ground that it purports to require Defendant to produce documents subject to the protection of the attorney-client privilege, joint defense privilege, work product doctrine, or other privilege. Defendant further objects to this Request on the ground that it is overbroad given that the Court's March 26, 2025 Order requires Defendant to answer deposition questions concerning litigation hold notices, but does not require Defendant to produce privileged documents concerning the same (see e.g., Roytlender v. D. Malek Realty, LLC, 2022 U.S. Dist. LEXIS 183438*, at *10-*11 (E.D.N.Y. Oct 6, 2022)(Granting Defendant's motion to compel Plaintiff to respond to "inquire as to *whether* Plaintiff was ever instructed to preserve documents, not the content of the instruction or the litigation hold notice itself.")(emphasis in original); United Illuminating Co. v. Whiting-Turner Contracting Co., 2020 U.S. Dist. LEXIS 45098, at *3 (D. Conn. Oct. 30, 2020)(denying motion to compel litigation hold notices but granting request for list of the recipients of the litigation hold notices, instructing defendant to inquire during depositions into the actions taken in response to the notices); McDevitt v. Verizon Servs. Corp., 2016 U.S. Dist. LEXIS 34777, at *2 (E.D. Pa. Feb. 22, 2016)(denying motion to compel litigation hold notice but compelling plaintiff to provide

1

precise date he retained counsel and/or received a litigation hold notice). Subject to and without waiving these objections, see document Bates stamped Defendants_002225.

2. All documents, including but not limited to any litigation hold notices, concerning any guidance you received on the potential consequences of noncompliance with the duty to preserve all documents and information relevant to this Action.

**RESPONSE TO REQUEST NO.2**: Defendant objects to this Request on the ground that it purports to require Defendant to produce documents subject to the protection of the attorney-client privilege, joint defense privilege, work product doctrine, or other privilege. Defendant further objects to this Request on the ground that it is overbroad given that the Court's March 26, 2025 Order requires Defendant to answer deposition questions concerning litigation hold notices, but does not require Defendant to produce privileged documents concerning the same (see e.g., Roytlender v. D. Malek Realty, LLC, 2022 U.S. Dist. LEXIS 183438*, at *10-*11 (E.D.N.Y. Oct 6, 2022)(Granting Defendant's motion to compel Plaintiff to respond to "inquire as to *whether* Plaintiff was ever instructed to preserve documents, not the content of the instruction or the litigation hold notice itself.")(emphasis in original); United Illuminating Co. v. Whiting-Turner Contracting Co., 2020 U.S. Dist. LEXIS 45098, at *3 (D. Conn. Oct. 30, 2020)(denying motion to compel litigation hold notices but granting request for list of the recipients of the litigation hold notices, instructing defendant to inquire during depositions into the actions taken in response to the notices); McDevitt v. Verizon Servs. Corp., 2016 U.S. Dist. LEXIS 34777, at *2 (E.D. Pa. Feb. 22, 2016)(denying motion to compel litigation hold notice but compelling plaintiff to provide precise date he retained counsel and/or received a litigation hold notice). Subject to and without waiving these objections, see document Bates stamped Defendants_002225.

3. All documents concerning any medical treatment you have received for memory loss, or any condition related to memory loss.

**RESPONSE TO REQUEST NO. 3**: Defendant objects to this Request to the extent that it is overbroad, unduly burdensome, and vague. For instance, this demand purports to require Defendant to produce "all documents" concerning any medical treatment Defendant has received for memory loss, or any condition related to memory loss, without reasonable limitation as to time, scope, or source. Subject to and without waiving these objections, Defendant will conduct a reasonable search and will produce relevant responsive documents to the extent such documents exist and are located.

4. All documents concerning any medication that has been prescribed for you for memory loss, or any condition related to memory loss.

**RESPONSE TO REQUEST NO. 4**: Defendant objects to this Request on the basis that it is overbroad, unduly burdensome, and vague. For instance, this demand purports to require Defendant to produce "all documents" concerning any medication Defendant has been prescribed for memory loss, or any condition related to memory loss, without reasonable limitation as to time, scope, or source. Subject to and without waiving these objections, Defendant will conduct a reasonable search and will produce relevant responsive documents to the extent such documents exist and are located.

5. An executed authorization for the release to Plaintiff of any medical records from providers who treated you for memory loss, or any condition related to memory loss.

**RESPONSE TO REQUEST NO. 5**: Defendant objects to this Request to the extent that it is overbroad, unduly burdensome, and vague. For instance, this demand purports to require Defendant to produce an executed authorization for the release to Plaintiff of "any medical records" from providers who treated Defendant for memory loss, or any condition related to memory loss, without reasonable limitation as to time, scope or subject matter of the medical records, and production of an executed authorization risks the disclosure of private health information that is not relevant to the issue of memory loss. Subject to and without waiving these objections, Defendant will conduct a reasonable search and will produce executed authorizations for the release of relevant records, to the extent any exist.

Defendant reserves the right to amend or supplement his responses.

Dated: April 23, 2025

          MILMAN LABUDA LAW GROUP PLLC

By:   */s/ Michael C. Mulè*
      Michael C. Mulè, Esq.
      3000 Marcus Avenue, Suite 3W8
      Lake Success, NY 11042-1073
      (516) 328-8899 (office)
      (516) 328-0082 (facsimile)
      michaelmule@mllaborlaw.com
      *Attorneys for Defendant Victor Caroleo*

To:  TROUTMAN PEPPER
     HAMILTON SANDERS LLP

     John S. Gibbs III
     600 Peachtree Street, NE, Suite 3000
     Atlanta, Georgia 30308
     (404) 885-3000
     evan.gibbs@troutman.com

     Daniel E. Gorman
     875 Third Avenue
     New York, New York 10022
     (212) 704-6000
     Daniel.gorman@troutman.com