| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE: STEVEN I. LOCKE  　　　　　　　　　　DATE: September 17, 2025
　　　　　U.S. MAGISTRATE JUDGE  　　　　　　TIME: 1:45 p.m.

CASE:  **CV 23-2084 (GRB)(SIL)**

TYPE OF CONFERENCE:  Status Conference/Oral Argument　　FTR:　1:45 p.m. – 2:45 p.m.

APPEARANCES:
　　For Plaintiff:　　　　John Gibbs

　　For Defendant:　　　Thomas Bizzaro
　　　　　　　　　　　　Michael Mule

**THE FOLLOWING RULINGS WERE MADE:**

☐　　Scheduling Order entered.

☐　　The court has adopted and So Ordered the joint proposed scheduling order [　] submitted by the parties.

☐　　The Joint Pretrial Order is accepted for filing and the action is deemed ready for trial. The action will be tried in accordance with the discretion and the trial calendar of the District Judge.

☒　　Other:

Status conference/Oral argument held.  The motion of defense counsel Milman Labuda Law Group LLC to be relieved as counsel, DE [231], is granted without objection or opposition.  The Court declines to exercise jurisdiction over any fee dispute.

Plaintiff's motion to compel NextPoint Law Group, LLC ("NLG") to comply with the subpoena served on them, DE [219], is granted in its entirety.  All of the information sought will be produced no later than October 31, 2025.  In reaching this conclusion, the Court is unpersuaded by NLG's retaining lien argument (and other arguments).  In fact, the Court is unclear as to whether NLG acted as legal counsel at all.  And given that NLG declined to appear for oral argument on the motion, the Court is unable to ask this question.  In any event, even if there was some kind of legally cognizable lien, the Court would still order that NLG respond by producing the information/materials sought.  *See Tri-Ex Enters., Inc. v. Morgan Guar. Tr. Co.*, 583 F. Supp. 1116, 1118 (S.D.N.Y. 1984) ("[I]t would be inequitable to deny a litigant access to relevant, and perhaps essential, proof merely because his adversary has refused to pay his attorney's fees.").  The information sought will be produced to Plaintiff, who will review it only to make sure that it is the responsive material sought, and who will then provide it to defense counsel to review for privilege

assertions, which will be memorialized in a privilege log and served on Plaintiff along with all non-privileged materials.

Plaintiff's motion for the production of medical information, DE [230], is granted without opposition. Defendants have already drafted, but not served, a subpoena to the medical provider and will serve a copy on Plaintiff once in its final form. In addition, Defendants are directed to provide the contact information for the medical provider so that Plaintiff can serve its own subpoena as appropriate.

The motions to compel and for protective orders, DE [217], [218] and [225] are granted in part and denied in part as follows: the deposition of David Black will be continued and the depositions of Douglas Black, Gerard Passaro and Kevin Peattie will be completed within the next 60 days.

The Court hereby gives notice under Fed. R. Civ. P. 53(a)(1)(C) and (b) that it appoints attorney Michael Cardello of Moritt Hock & Hamroff LLP to act as special master with regard to these depositions and he will proceed with all reasonable diligence. Simply stated, it is clear that the parties need constant supervision if they are going to make any progress with the Court-ordered depositions that have still not happened. This Court is a busy one – the Court just finished a two-week jury trial, the Jewish holidays are upon us and the Court has two more trials in October alone. This Court does not have the resources to supervise every question and answer at every deposition, which is what the Court concludes needs to happen if this case is going to move forward. Accordingly, all depositions will take place in Mr. Cardello's presence and under his supervision. Whether they take place in person or by video conference is up to Mr. Cardello. Mr. Cardello will be authorized to rule on all objections made during these depositions and the witnesses will respond to all questions as Mr. Cardello directs. If the depositions take place in person, Mr. Cardello will designate the location. All communications between Mr. Cardello and the parties will be on notice. All of the deposition transcripts will be preserved and filed with the Court.

The parties are given until the close of business on Friday, September 19, 2025 to object in writing to the appointment of Mr. Cardello due to disqualification or for any other reason by letter not to exceed two pages, twelve-point type and one-inch margins and each side may also suggest up to two other candidates for this purpose. Any objection letter that fails to follow the format above will be rejected on this basis.

In this regard, the Court is advised that Mr. Cardello's firm drafted a will for someone named Nicholas Giordano approximately ten years ago and has apparently had no contact since. The Court does not know if this is the Defendant here, and in any event, Mr. Cardello was not involved and does not know Mr. Giordano. In the event this leads to an objection and the objection is sustained, the Court will find someone else to fill this roll. In selecting Mr. Cardello, the Court was endeavoring to locate someone local with local rates.

In the event Mr. Cardello is not disqualified, the parties will contact Mr. Cardello at mcardello@moritthock.com within seven days of the date of this Order. The special master will charge $650 per hour to be borne evenly between Plaintiff on the one hand and Defendants on the other. The Special Master may require a reasonable retainer in advance, which the parties will provide. Within two business days of being contacted, Mr. Cardello will file an affidavit with the

Court disclosing whether he is subject to disqualification under Fed. R. Civ. P. 53(b)(3) and 28 U.S.C. § 455. Assuming the affidavit does not indicate disqualification, the depositions will proceed.

When all depositions are concluded, Mr. Cardello will file a report with the Court stating so. After the report is filed, the parties may file objections concerning any rulings in a single brief not to exceed 20 pages and adhering to the same formatting described above.

Next status conference: January 6, 2026 at 12:00pm. In the event the parties agree that the conference should be adjourned because they are still briefing objections, or discovery is otherwise moving along, they may request the adjournment by joint letter,

                                        SO ORDERED

                                        /s/Steven I. Locke
                                       STEVEN I. LOCKE
                                       United States Magistrate Judge