UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                     Plaintiff,

- against -

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY, LTD.;
NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.;
GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC;
9 4TH ST. LLC; SCAPES SUPPLY, LLC; 99 LONG
ISLAND AVENUE SOUTH, LLC; 99 LONG ISLAND
AVENUE NORTH, LLC; NEWAY MANAGEMENT,
LLC; and NEWAY TRUCKING;

                     Defendants.
------------------------------------------------------------------------X

Civil Action No.: 2:23-CV-02084

**AFFIDAVIT OF**
**MICHAEL CARDELLO III**

STATE OF FLORIDA    )
                               ) SS
COUNTY OF BROWARD  )

MICHAEL CARDELLO III, being duly sworn, deposes and states as follows:

1. I submit this affidavit pursuant to the Order of the Honorable Steven I. Locke, United States Magistrate Judge for the Eastern District of New York dated September 17, 2025 (the "Order"), Rule 53(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 455.

2. I am an attorney in good standing licensed to practice law in the State of New York.

3. I am admitted to the practice of law in the United States District Court for the Eastern District of New York. I am also admitted to practice in the United States District Court for the Southern District of New York and the United States Court of Appeals 2nd Circuit.

4. I am engaged in the private practice of law as a litigator in complex litigation matters. Specifically, I have worked at the law firm of Moritt Hock & Hamroff for approximately 28 years. I currently serve as Managing Partner.

5. Prior to private practice, I served as a law clerk to the Honorable Arthur D. Spatt, former District Judge for the Eastern District of New York.

6. I have reviewed the case caption on the Order and the docket in this matter. As set forth in detail below, I attest that, pursuant to Rule 53(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 45, I have no relationship with the parties to this action, the attorneys of record, or the court, which would require my disqualification as a Special Master in this case.

7. Specifically, I have never served as a private practitioner as a lawyer in the matter in controversy. None of my partners in my law firm has ever served as counsel in the instant matter in controversy. I have never been a material witness to the facts in controversy in the instant case.

8. During my governmental employment as federal law clerk, I never participated in any manner in the instant matter in controversy, and never expressed an opinion concerning the merits of the particular case in controversy.

9. Neither I, nor my spouse, has any financial or fiduciary interest in the subject matter in controversy or in any party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

10. Neither I, nor my spouse, or any person within the third degree of relationship to either of us, is a party to the proceeding, or an officer, director, or trustee of a party; is acting as a lawyer in the proceeding; is known to have an interest that could be substantially affected by the outcome of this case; or is likely to be a material witness in this matter.

11. I have no personal bias or prejudice concerning any party to this litigation, and have no personal knowledge of disputed evidentiary facts concerning this lawsuit.

12. As noted in the Order, my firm, Moritt Hock & Hamroff, drafted a will for someone named Nicholas Giordano approximately ten years ago. (Order at p. 2). I do not know if this individual is one of the defendants in this action. In any event, I was neither involved in the drafting of the will, nor do I know Mr. Giordano. No objection has been raised by the parties as a result of these facts. Nor do these facts provide a basis for disqualification pursuant to Rule 53(b)(3) of the Federal Rules of Civil Procedure or 28 U.S.C. § 45.

13. Additionally, after entry of the Court's Order, I was advised by Thomas A. Bizzaro, Esq., counsel for the Defendants that he and my partner, Anthony Ficara, were partners in another firm between 2014-2016. No objection to my appointment has been raised as a result of these facts. Nor do these facts serve as a basis for disqualification pursuant to Rule 53(b)(3) of the Federal Rules of Civil Procedure or 28 U.S.C. § 45.

14. Accordingly, I know of no reason for which my impartiality in this case might reasonably be questioned.

_____
MICHAEL CARDELLO III

Sworn to before me this
24th day of September, 2025

_____
Notary Public



Notary Public State of Florida
Debra Burkhart
My Commission HH 660044
Expires 7/26/2029

3