Troutman Pepper Locke LLP
875 Third Avenue
New York, New York 10022

**troutman pepper locke**

troutman.com

October 13, 2025

Magistrate Judge Steven Locke
Eastern District of New York

**Re:**    ***SiteOne Landscape Supply, LLC v. Giordano, et al.***
    **Civil Action No. 2:23-cv-02084-GRB-SL**
    <u>**Response to Defendant Dominick Caroleo's Letter Regarding Sealed Documents**</u>

Dear Judge Locke:

We write on behalf of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") in response to Defendants' counsel Mr. Cummings' letter seeking the limited unsealing of unspecified filings to Mr. Cummings.  (ECF No. 241.)  Mr. Cummings states "I do not have access to the documentation related to the motion filed under seal."

The documents to which Mr. Cummings apparently refers were produced under seal due to a strict confidentiality agreement.  Defendants recognized the force of the confidentiality agreement and thus never filed any objections to SiteOne's motion to seal.  (ECF No. 143.)

Since the records were produced at the time to Defendants' counsel, it is unclear why Mr. Cummings – himself one of Defendants' counsel – has the need to make this request.  The most likely explanation is that Defendants' counsel *then* is not Defendants' counsel now, and that the documents are the subject of an attorneys' lien by one of the nine previous law firms that represented Mr. Caroleo.  (ECF No. 231, Millman Firm's Motion to Withdraw and Hear Fee Dispute).  Mr. Cummings' letter thus appears to be an attempt to evade the lien.

Ordinarily, SiteOne would have no objection to the limited disclosure of this information to one more lawyer, but we do not believe that we have the authority to make this consent absent the posting of a bond.  *See Samara v. Gangemi & Gangemi*, No. 02-CV-1407, 2004 WL 3326282, at *3 (E.D.N.Y. June 30, 2004) (extending retaining lien to pleadings and other documents in counsel's possession until counsel was paid for their work, and directing client post a bond and determine the final fees at a later date); *Shoe Show, Inc. v. Launzel*, No. 92-CV-2794, 1993 WL 150322, at *2 (E.D.N.Y. May 3, 1993) (requiring client post bond in the full amount of the disputed fees in order to release retaining lien); *see also Jenkins v. Weinshienk*, 670 F.2d 915, 920 (10th Cir. 1982) ("the trial court must either permit the attorney to withhold the papers under his retaining lien or require the defendants to post a bond . . .").  We are also unaware as to whether the Millman Firm, which holds the lien, has consented to the document release, and so are coping them on this response.

As counsel for Mr. Caroleo does not appear to be seeking the complete disclosure of these filings beyond the provision to one of his current counsels of record, SiteOne expressly reserves the right to file supplemental briefing and motions to quash.

troutman
pepper locke

Respectfully submitted,

*/s/ Daniel E. Gorman*

Daniel E. Gorman

CC:     All Counsel of Record (By ECF)
        Michael Mule, Millman Labuda Law Group PLLC (By E-Mail)
        Robert Millman, Millman Labuda Law Group PLLC (By E-Mail)