Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

J. Evan Gibbs III
evan.gibbs@troutman.com

Magistrate Judge Steven Locke                                              October 27, 2025
Eastern District of New York

**Re:   SiteOne Landscape Supply, LLC v. Giordano, et al. (Case No. 2:23-CV-02084)**
       <u>**SiteOne's Motion to Quash and for Protective Order**</u>

Dear Judge Locke:

    Defendants have now issued a total of 379 individual RFPs to SiteOne. Of those, 213 have been responded to by SiteOne and—as the Court is aware through prior motion practice—SiteOne has produced more than 200,000 documents in response. Defendants recently issued 166 new individual RFPs over the past month which overlap in most every respect with the original 213 RFPs. Defendants have represented that additional RFPs will be served on SiteOne. SiteOne seeks to curtail through this Motion Defendants' intentionally abusive use of RFPs, asking the Court to prohibit the issuance of any further RFPs to SiteOne absent the Court's consent.

**Defendants' Initial 213 RFPs and SiteOne's Efforts in Response**

    Document discovery in this case began in April 2024. Defendants served 180 RFPs on April 19, 2024 (the "First Requests," Ex. 1). SiteOne responded to the Original Requests, agreeing to produce documents in response to almost all of the RFPs. SiteOne met and conferred with Defendants for more than a dozen hours over the summer of 2024 concerning the parties' respective discovery objections. This culminated in SiteOne negotiating search parameters with Defendants. Using the search terms Defendants expressly agreed to, SiteOne produced 147,445 documents over the course of the third and fourth quarters of 2024.

    As soon as SiteOne finished its productions in response to Defendants' First Requests, Defendants immediately issued another set of RFPs to SiteOne on November 25, 2024 consisting of 24 separate document demands (the "Second Requests," Ex. 2). SiteOne responded to the Second Requests and produced additional documents on a rolling basis. Around this same time, Defendants decided they were unhappy with the initial search parameters they negotiated with SiteOne, demanding that SiteOne search email and text message data for additional SiteOne employees and run extensive new search terms.

    SiteOne declined to do so, and the parties engaged in motion practice. The Court resolved the dispute at the hearing on March 26, with the Court ordering SiteOne to search the email data of 27 SiteOne employees and the text message data of 10 SiteOne employees using more than 40 separate sets of search parameters chosen unilaterally by Defendants. Consistent with its obligations under the Court's March 26 Order (ECF No. 203), SiteOne ran the search terms ordered by the Court and produced the responsive documents. SiteOne produced almost 70,000 additional documents, consisting of emails and text messages. Defendants issued two additional RFPs on

June 2 (the "Third Requests," Ex. 3), and, on June 11, seven additional RFPs (the "Fourth Requests," Ex. 4). SiteOne responded and produced the responsive documents to these RFPs.

All told, SiteOne has responded to four sets of RFPs from Defendants totaling **213** individual RFPs. Responding to Defendants' First, Second, Third, and Fourth Requests; endlessly meeting and conferring over same; engaging in extensive motion practice; and producing the more than 200,000 responsive documents has cost SiteOne many hundreds of thousands of dollars in attorneys' fees and technical charges. SiteOne recognizes its continuing obligation to produce responsive documents the existing RFPs; it has and will abide by its obligations, keeping in mind that the critical allegations in this case relate not to SiteOne's conduct but to that of Defendants, making virtually all of Defendants' past and present demands of suspect relevance at best.

**Defendants Issue 166 New RFPs**

Ignoring the document discovery described above as though it never happened, the latest rider on Defendants' carousel of counsel, Anthony Cummings, issued a fifth set of RFPs on September 23 consisting of exactly 100 individual RFPs (the "Fifth Requests," Ex. 5). Cummings issued another set on October 3, consisting of 25 individual RFPs (the "Sixth Requests," Ex. 6). Defendants' seventh set of RFPs was issued on October 10 by Tom Bizzaro—who is also on the carousel with Mr. Cummings—consisting of 41 individual RFPs (the "Seventh Requests," Ex. 7).

The Fifth, Sixth, and Seventh Requests total 166 individual RFPs. Combined with the First, Second, and Third Requests, Defendants have now issued **379** individual RFPs to SiteOne. Enough is enough. SiteOne brings this motion to quash these latest RFPs and for a protective order to prevent SiteOne from having to respond to these harassing RFPs.

**Why the Court Should Grant this Motion**

The Fifth Requests seek all emails, texts, and other communications between, on the one hand, 30 different individuals and, on the other hand, any SiteOne employee or board member that in any way relate to Don from January 1, 2020 through the present.[1] But Defendants have already asked for all of these documents, primarily in their First Requests. (*Compare* Ex. 1 *with* Ex 5.) SiteOne has already run the two sets of search parameters—one negotiated by the parties and the other ordered by the Court—tailored to those RFPs. Defendants are asking for the same documents again through a different lawyer using slightly different language. They have made zero effort to distinguish the Fifth Requests from their earlier RFPs. There is no doubt that the Fifth Requests are designed to create busy work for SiteOne.

The Sixth Requests seek financial information (including quarterly and annual profit and loss statements, income statements, and statements of cash flows, etc.) for eight SiteOne stores/affiliated entities for the years 2020 through 2024. The Sixth Requests are also nearly

---

[1] SiteOne is simultaneously filing a parallel motion to quash and for protective order as to certain of the RFPs which are the subject of a confidential settlement agreement, and which this Court previously ruled to be off limits.

identical to certain of the First Requests which previously sought this exact financial information. (Ex. 1, RFP Nos. 4, 7, 38, 69–74, 78–79, 97–98, 101, 103; Ex. 2, RFP Nos. 2, 8, 9, 61.)

SiteOne already met and conferred with Defendants' prior counsel and specifically agreed on a scope of production for financial and related documents. Consistent with SiteOne's agreements with Defendants' prior counsel as to a scope of production, on September 10, 2024, SiteOne produced highly confidential customer data and financial information. SiteOne's production included spreadsheets containing all customers serviced by the three legacy Garden Department locations, along with the sales amounts and other relevant information pertaining to those customers.[2] The sheets also contain data providing a full picture of the financial performance for the legacy Garden Department locations from January 2020 through the date of production.

Defendants expressly agreed to that scope of production. They have never complained that the information SiteOne produced was insufficient or that they needed anything further. Nor should they, based on the limited claims and defenses in this case relating to **Defendants'** unlawful conduct. Defendants have no basis to repeatedly seek the same financial and similar information without any explanation after SiteOne already responded to duplicative RFPs and negotiated a scope of appropriate searching and production.

The Seventh Requests consist of 41 individual RFPs that are either identical to previous requests or seek irrelevant information. For example, Requests 1–16, 21–22, 25, and 26 seek documents and communications that were previously barred by this Court (and are addressed in SiteOne's parallel Motion for Protective Order being filed under seal). Requests 28–35 seek communications between SiteOne and two of its vendors—Prides Corner Farms and Simpson Nurseries—and it is entirely unclear how these specific RFPs relate in any way to this case.

**Conclusion**

The volume and duplicative nature of Defendants' latest RFPs confirm Defendants' improper motives for pursing this document discovery from SiteOne. SiteOne therefore asks that the Court order that SiteOne has no obligation to further respond to the Fifth, Sixth, or Seventh Requests, and that Defendants must seek leave of Court to issue any further RFPs to SiteOne.[3]

Thank you, Your Honor.

J. Evan Gibbs III

---

[2] Tellingly, these spreadsheets are directly responsive to many of the RFPs which seek documents concerning customer sales, including the total amount of purchases, gross profit and net profit on a monthly, quarterly and yearly basis from January 1, 2020 to present.

[3] As noted above, Mr. Bizzaro recently stated that additional RFPs will be served on SiteOne shortly.