

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

---

United States Magistrate Judge Steven I. Locke
Eastern District of New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(23-CV-02084-SL)**
<u>SiteOne's Response to Defendants' Motion to Compel Additional DRDs</u>

Dear Judge Locke:

We write on behalf of SiteOne to respond to Defendants' Motion to Compel Additional Document Retention Depositions ("DRDs") (the "Motion").

The Court may recall that the entire basis for requiring very limited text message searching was for Defendants to test their theory that they were fired and this lawsuit was brought due to SiteOne's alleged "vendetta" against Defendants. [Ex. 1, Feb. 10, 2025 Hrg. Trans. pp. 49–53; Ex. 2 Mar. 26, 2025 Hrg. Trans. pp. 50–65.] This theory is nowhere in their pleadings.[1] [Ex. 1 p. 51.] On March 26, the Court ordered SiteOne to collect, search, and produce text messages for 10 SiteOne employees. [ECF 203.] SiteOne notified Defendants on May 27 that it completed that exercise, and that five of the individuals were missing text message data from various time periods for different reasons.[2] [Ex. 3.] At the June 12 hearing, SiteOne agreed for Defendants to take the depositions of these individuals plus one SiteOne IT employee familiar with text message retention and litigation holds. [ECF 214.[3]] The first deposition—of David Black, SiteOne's Chief Information Security Officer ("David")—was July 10 but was stopped at three hours due to defense counsel's hostile and improper questioning. The Court thus appointed Mr. Cardello to supervise the depositions of David, Doug Black ("Doug"), Kevin Peattie, and Gerard Passaro; they are now complete. [ECF 233, 252.]

Defendants now request seven additional DRDs. [ECF 253.] The basis for their request? "Defendants' <u>theory</u> that Plaintiff (and its officers) intentionally discarded CEO Doug Black's SiteOne-issued cellular telephone despite the issuance of a litigation hold for the purpose of destroying material and relevant evidence." [*Id.* p. 2, emphasis added.] Defendants' latest conspiracy theory—like their others—is untethered from facts, fabricated to justify a costly fishing expedition.

**The Evidence to Date Provides No Basis for More DRDs**

As its Chief Information Security Officer, David is the person most knowledgeable about SiteOne's efforts to preserve text messages. He has been deposed twice, for a total of six hours. He confirmed that SiteOne issued written litigation hold memos to the relevant individuals, and that the hold memos told the employees to preserve text messages relevant to this case. [Ex. 5, David Dep. Tr. at 34:16–36:14.] He has testified that SiteOne has no software or other technological tool to preserve text messages on any individual mobile devices, including SiteOne-issued cell phones. [*Id.*

---

[1] SiteOne has now produced hundreds of thousands of documents, including text messages for 10 SiteOne employees, and there is zero evidence to support Defendants' "vendetta lawsuit" theory.

[2] Those five individuals are Doug Black (SiteOne's CEO); Kevin Peattie (a SiteOne Area Business Manager); Gerard Passaro (a SiteOne salesman); Phil Sausto (a SiteOne salesman); and Alex Trama (a SiteOne masonry salesman).

[3] At the hearing, the undersigned confirmed that SiteOne had no issue with Your Honor's request that "someone from SiteOne IT who can explain [the text message retention and litigation hold issues]" be deposed by Defendants. [Ex. 4, June 12 Hrg. Trans. p. 14.] That person is David Black, SiteOne's Chief Information Security Officer.

at 35:21–24.] He confirmed that he turned on a litigation hold for the email accounts of the individuals who received holds, including Doug, SiteOne's CEO. [*See id.* at 34:16–35:7, 74:2–6.]

Doug was deposed on October 15 for three hours. He confirmed he received a litigation hold which he signed on April 19, 2023. [Ex. 6, Doug Dep. Tr. at 11:15–12:4; Ex. 7.] He testified he used a SiteOne-issued Android phone for many years. [*See id.* at 25:10–26:8.] In late 2023, he was informed by David via email that the phone was no longer going to be supported and that he needed to upgrade to a new device. [*Id.* at 37:13–38:13, 57:19–23.] He decided to go with a new iPhone instead of an Android device. He was issued a new SiteOne iPhone in January 2024. [*Id.* at 25:2–26:8, 33:13–19.] Doug and David both testified that a SiteOne IT employee, Neville Ranglin, helped Doug set up his new iPhone and transfer data from the old phone to the new one. This included text messages. [*See id.* at 58:12–59:4; Ex. 5 at 129:17–130:15.] Doug confirmed he very much wanted to keep his old text messages. [Ex. 6 at 39:20–40:4.] But the text message transfer between phones was not successful. As both Doug and David testified, Mr. Ranglin even purchased specialized software to try and transfer the texts. [*See id.* at 58:12–59:4; Ex. 5 at 129:17–130:15.]

SiteOne produced communications between Mr. Ranglin and his colleague, Brandon Chin, in which they discuss and confirm Mr. Ranglin's ultimately unsuccessful efforts to transfer the text messages. [Ex. 8.] While Defendants' Motion references "accidental wiping" of the device, the communications unequivocally show the only discussions relative to "wiping" the device were Mr. Ranglin and Mr. Chin confirming—repeatedly—what to do to ensure the device was <u>not</u> wiped. Defendants' mischaracterizations of these discussion are belied by the communications themselves which Defendants conveniently omitted from their Motion, but which are attached here. [*Id.*]

Once it was clear that the text messages would not transfer, the decision was made for Doug to simply keep his old Android phone so he would have the text messages stored on the device. [Ex. 6 at 39:20–40:4, 41:15–16.] The device, however, has been lost—this is undisputed. Doug testified he did not realize he did not have the device until earlier this year when SiteOne's outside counsel asked for it to search it for texts. [*Id.* at 30:2–11.] Doug confirmed that he and his assistant, Lynn Fracassi, searched every possible location they could think of for the old phone but were unsuccessful. [*Id.* at 31:18–32:5.] SiteOne, through David and his colleagues at SiteOne (including SiteOne's Telecom Team Lead, Jill Verbeeren), also conducted a thorough—but unsuccessful—search for Doug's lost phone. Doug and David confirmed these facts under oath.

It is unclear whether Mr. Ranglin gave the phone back to Doug who then misplaced it, or if Mr. Ranglin accidentally retained the old phone and misplaced the device with other outdated SiteOne cell phones to be erased and recycled. Doug and David confirmed this under oath. But there is no evidence that anyone intentionally discarded Doug's old phone, and the testimony and documents created contemporaneously with these events confirm that the loss of the phone was accidental.

**The Discovery Sought Is Unreasonable, Irrelevant, and Disproportional**

There should be no further DRDs given the compliance to date, the lack of relevance, and the burden. Defendants' latest demands seek to depose individuals with only tangential involvement: Mr. Ranglin; Mr. Chin; Ms. Fracassi; and Ms. Verbeeren. They also want to depose "Luke" and "Michelle" who were referenced one time each in Mr. Ranglin's messages with Mr. Chin relating

only to certain enterprise application settings within SiteOne's network security software. [Ex. 8 p. 19] Defendants also seek to depose David Bannister, SiteOne's current Chief Information Officer. But Mr. Bannister did not become SiteOne's CIO until May 2025; he was uninvolved with the retention of Doug's phone or text messages, nor was he involved with trying to transfer that data; and he was uninvolved with the creation or issuance of any litigation holds in this case. In short, Mr. Bannister has no relevant testimony to add here.

Doug and David provided a combined <u>nine hours</u> of sworn testimony on these topics.[4] It is undisputed that: (1) Doug lost his old phone containing text messages pre-dating January 2024 despite the fact that he received a litigation hold in April 2023 requiring him to keep any relevant messages; (2) SiteOne did not otherwise preserve Doug's pre-January 2024 texts; and (3) SiteOne has made every effort to recover the pre-January 2024 texts, to no avail. Also critical, Doug does not use text messages for substantive content. His texts tend to be "hey, call me or I'll call you in five minutes or those kinds of things." [Ex. 6 at 20:16–22.] He also confirmed that he only would have exchanged texts with three people relevant to this case: Jerry Justice, a SiteOne Division President; Briley Brisendine, SiteOne's former General Counsel; and Joe Ketter, SiteOne's EVP of Human Resources. [*Id.* at 44:21–45:7.] There were no lost text messages for these three people. Thus, despite Doug's old phone being lost, there is no evidence that any relevant text messages are even missing.

**The Court Should Not Permit Further DRDs—Merits Depositions Should Begin**

SiteOne has fully complied with all of the Court's discovery directives, and the hundreds of thousands of documents produced to Defendants to explore the purported conspiracies they decry provide zero evidence to support these tinfoil hat theories.[5] To create more diversions and delays to avoid merits discovery and drive up costs, Defendants seek discovery about discovery about discovery. But indulging Defendants' unfounded speculation can only justify so much.[6] Given the record evidence, SiteOne asks that this case return to the merits, that no further DRDs be permitted, and the parties be ordered to proceed with merits depositions to be supervised by Mr. Cardello.

Thank you, Your Honor.

J. Evan Gibbs III

---

[4] Defendants, who each intentionally destroyed what they confirmed under oath to be highly relevant text message data and then tried to hide their conduct, were only deposed as follows: Vic, one hour and 24 minutes, in total; Don, one hour and 35 minutes, in total; and Nick, 43 minutes, in total. The duration of the retention depositions taken by Defendants further highlights Defendants' weaponizing of these depositions.

[5] After this Court enters the pending consent motion to file under seal [ECF 250], SiteOne will file its related motion for a protective order which addresses in greater detail the irrelevance of Defendants' theory that Don's employment termination and this lawsuit are the result of a broad conspiracy at SiteOne.

[6] Defendants do not raise improper motive in their pleadings. Having not pled this defense, Defendants should not be permitted to pursue it to the degree they now demand. *Lifeguard Licensing Corp. v. Kozak,* 2016 WL 3144049 *3-4 (S.D.N.Y. 2016) ("Discovery now extends only to information relevant to claims or defenses. . . .The federal rules prohibit discovery on unpled claims"). This case will be won or lost on the evidence of Defendants' violations of their restrictive covenants, unlawful competition, and theft of SiteOne's property; SiteOne's motive is not an element of or defense to these claims. *Gaia House v. State Street Bank and Trust*, 720 F.3d 84, 94 (2d Cir 2013) ("State Street did not need to provide an explanation, let alone a satisfactory explanation, as to why it decided to enforce a valid contract").