# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
SITEONE LANDSCAPE SUPPLY,     :
LLC,                          :         23-CV-2084 (GRB)(SIL)
            Plaintiff,        :
                              :         February 10, 2025
                              :
            V.                :         Brooklyn, New York
                              :
NICHOLAS GIORDANO, et al.,    :
                              :
            Defendant.        :
------------------------------X

           TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
              BEFORE THE HONORABLE STEVEN I. LOCKE
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:
For the Plaintiff:              JOHN GIBBS, III, ESQ.
                                KEVIN MULRY, ESQ.
                                DANIEL GORMAN, ESQ.
                                Troutman Pepper Locke LLP
                                600 Peachtree Street NE, Ste 3000
                                Atlanta, GA 30308-2216

For the Defendant:              MICHAEL MULE, ESQ.
                                JOSEPH LABUDA, ESQ.
                                ROBERT MILMAN, ESQ.
                                Milman Labuda Law Group PLLC
                                3000 Marcus Avenue, Ste 3w8
                                Lake Success, NY 11556

Court Transcriber:              ARIA SERVICES, INC.
                                c/o Elizabeth Barron
                                274 Hovey Road
                                Milo, ME 04463
                                Aria@leinen.net



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1           MR. MULE:  But for the emails, you know,
2 it's not for them to -- we have a theory of this case
3 that Dom's termination and this lawsuit is to get a
4 pound of flesh out of Dom and anyone related to him,
5 and these are connected events because while they're
6 negotiating with Dom for settlement, they're plotting
7 this lawsuit, and it's within weeks of settlement being
8 signed, they bring this lawsuit.  Totally bad faith in
9 our opinion, but this is all connected and Dom needs to
10 be able to defend himself from these claims and show
11 that connection.
12           THE COURT:  Okay.  So if the answer is you
13 need a search for something that was done plus
14 something narrowing, what would that be?
15           MR. MULE:  So what we did is, we had
16 specific -- we offered in Exhibit H specific additional
17 terms because some of them, they just --
18           THE COURT:  That's the exhibit after the
19 table, right?
20           MR. MULE:  That's correct, your Honor.
21           THE COURT:  Not the other one, okay.
22           MR. MULE:  That goes through each of the
23 specific requests, and it has our proposed custodians,
24 the ones that they proposed.  So for instance, for
25 number 22, they didn't propose any custodians.  They

```
 1  just didn't want to do anything, so we offered Dom
 2  Caroleo and non-competition, non-solicitation, or
 3  compete or solicit.  You know, it's a pretty targeted
 4  search that we're looking for there.
 5            THE COURT:  So you attempted to narrow it by
 6  adding non-competish-type language.
 7            MR. MULE:  That's right, that's right.  So
 8  we're getting slowly to the issues.  And, you know, for
 9  the other ones, they already had some for terminate.
10  We're just adding some terms, Dom or Caroleo.  If you
11  go down 20 -- 26, we have specific Nick or Giordano,
12  Alex or Tromlin (ph), remain or stay.  This goes to
13  specific allegations in their complaint.
14            THE COURT:  Okay.
15            MR. MULE:  So for each of these, we spent a
16  lot of time trying to narrowly focus what we're looking
17  for.
18            THE COURT:  Okay.
19            MR. MULE:  And we just want them to do the
20  searches.
21            THE COURT:  What about it, Mr. Gibbs?
22            MR. GIBBS:  So, your Honor, I think the
23  first point I think to make here is that the whole --
24  what I'm hearing and what was in their motion of Friday
25  is that what they want discovery on is Dom's
```

1  termination and whether or not, you know, Dom's
2  termination was, you know, a hoax or somehow contrived
3  and that the basis for the lawsuit is something other
4  than what we say it is.  You know, this is not a
5  wrongful termination lawsuit.  Dom's termination, the
6  reason that he was fired, number one, we've already
7  told the Court we've gone through the issue -- the
8  harassment, the reason he was fired.  But it's just
9  simply not relevant.
10            And if all they're asking for at this
11 juncture is additional discovery around why Dom was
12 terminated, I mean, first of all, our search terms --
13 we've already searched for things that would capture
14 that information.  But second, you know, it's not
15 relevant to any claim or defense in the case.
16            THE COURT:  Well, if you produced discovery
17 that shows that everything you've said it a lie and
18 then that comes out at trial, aren't they entitled to
19 -- isn't the jury or a fact finder entitled to
20 disregard everything that you testifies -- your client
21 testifies to?  If this whole thing is -- I'm not saying
22 this is all concocted but if it was.
23            MR. GIBBS:  I suppose so, your Honor.
24            THE COURT:  Let me tell you where my
25 thinking is going on this.  I am not creating an ESI

1  protocol for you when you didn't bother to do one
2  yourselves.  You're going to go sit in the attorney
3  room for an hour and you're going to figure out --
4  you're going to propose a solution.  Same with the
5  texts.  And the answer -- I'm not saying that you did
6  this but if the answer is, I'm not searching any texts,
7  that is not the answer.  So come up with something,
8  propose a list.  Narrow it down as best you can and
9  we'll talk about whether a subsequent motion is
10 necessary so that I can have something else in writing.
11 But that is my thinking at this point.
12             I understand, Mr. Gibbs, that you didn't
13 have a chance to respond in writing.  I'm just trying
14 to obviate it if possible but it may not be, in which
15 case you'll get your written bite at the apple.  Is an
16 hour enough time?
17             MR. GIBBS:  I would think so, your Honor.
18             THE COURT:  Mr. Mule, is an hour enough
19 time?
20             MR. MULE:  It should be, your Honor.
21             THE COURT:  We're going to take a break for
22 you to walk through not just what's in docket entry 189
23 I think is the motion but just a list of outstanding
24 terms.  I'm hoping you can at least create a list and
25 then see where you can agree enough that you're both in

```
 1  pain, and then I'll deal with what's remaining, all
 2  right?
 3              MR. GIBBS:  Yes, your Honor.
 4              THE COURT:  So I'll see you at 1:45.
 5              (Tape off, tape on.)
 6              THE CLERK:  Calling case Calling case 23-CV-
 7  2084, Siteone Landscape Supply, LLC v. Giordano, et al.
 8              Counsel, please state your appearance for
 9  the record.
10              THE COURT:  You don't even have to do that.
11  Everybody is here that was here.  Let's continue.
12              Mr. Gibbs, how did we do?
13              MR. GIBBS:  I think we have good news for
14  the Court.
15              THE COURT:  I like that.
16              MR. GIBBS:  We've agreed to continue working
17  through the issues.
18              THE COURT:  Okay.
19              MR. GIBBS:  So by next week -- by the end of
20  this week, we've agreed to provide -- to run the search
21  terms that they've provided on the custodians -- for
22  the 24 custodians for whom we've already collected
23  data.  We're going to run those search terms --
24              THE COURT:  Okay.
25              MR. GIBBS:  -- and give them a hit count
```