**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

November 4, 2025

**VIA ECF**
Honorable Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **RE:** **SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
            United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Magistrate Judge Locke:

      My firm represents the Defendants in the above-referenced matter, along with co-counsel, Anthony Cummings, Esq. of Certilman Balin Adler & Hyman, LLP. We write in response to the November 3, 2025 letter submitted by Plaintiff's counsel, Evan Gibbs, Esq., and in further support of Defendants' letter motion seeking leave to conduct additional IT-retention depositions (the "Depositions") of seven (7) additional SiteOne Custodians, namely: Neville Ranglin; Brandon Chin; CIO/Head of IT David Bannister; Lynn Fracassi; Jill Verbeen; "Luc" or "Luke" [last name unknown]; and "Michele" [last name unknown].

      Simply stated, SiteOne seeks to mischaracterize Defendants' pending letter application as little more than the "latest conspiracy theory ... untethered in facts, fabricated to justify a costly fishing expedition." Nothing could be further from the truth. Rather, through the four (4) limited depositions the Court has permitted Defendants to conduct to date, Defendants have learned the following critical (and previously unknown) information through the testimony of CEO Doug Black, CISO David Black, Gerard Passaro, and/or Kevin Peattie:

- CEO Doug Black has a "personal" iPad that was never disclosed to the Defendants or searched for relevant and responsive documentation and information. CEO Black testified that his SiteOne email address is added as an email account on his iPad and he can view his company email on his iPad. CEO Black testified his iPad did not sync with his lost Android device (i.e. text messages), but no one has checked if this is accurate or searched this iPad for relevant and discoverable information or other SiteOne apps – such as WebEx – that may be installed on that iPad.
- CISO Black testified – in sum and substance – that he has no personal or firsthand knowledge, whatsoever, of any steps taken by anyone at SiteOne (other than the litigation holds given by SiteOne in-house legal to the Custodians) to ensure that the Custodians preserved (and did not delete – intentionally or otherwise) relevant text message data. CISO Black testified – in no uncertain terms – that he only made sure the Custodians'

- emails were preserved and took no further action(s). CISO Black first learned that CEO Black lost his phone in January 2024, when CISO Black was preparing for his June 2025 deposition.
- Passaro testified that it was his practice – even after he received a litigation hold – to delete old text messages from his device.
- CISO Black and CEO Black testified that they were unaware if SiteOne has the capability of making a "copy" or "clone" of a cell phone to preserve the data in connection with a litigation hold (or otherwise).
- CISO Black and CEO Black were unable to testify who, if anyone, at SiteOne IT and/or CIO Kramer were specifically made aware that CEO Black's Android was subject to a litigation hold.
- CISO Black was unaware if anyone at SiteOne attempted to use AirWatch and/or Knox (or any other program or application) to locate CEO Black's missing Android device.
- SiteOne associates – including the Custodians – can communicate from their laptops/desktops and their cellular devices via WebEx instant messaging. Neither CEO Black, CISO Black, Passaro nor Peattie were aware whether anyone at SiteOne ever searched SiteOne's WebEx platform for relevant instant messages and/or chats of the Custodians concerning the Defendants and/or this litigation – such as the Neville Ranglin/Brandon Chin WebEx chat where Ranglin and Chin are working on CEO Black's phone – to transfer his text messages from the Android device to his new iPhone – making sure they did not "accidentally" wipe CEO Black's Android device.
- Kevin Peattie has had two (2) SiteOne issued cell phones during the relevant time period – SiteOne's counsel's (Mr. Gibbs) correspondence dated May 27, 2025 references only one (1) SiteOne issued device. Mr. Peattie testified that he delivered his old SiteOne cell phone to SiteOne IT when he was upgraded to his current iPhone. Mr. Peattie is unaware of what happened to his old device or whether it was ever examined for relevant text messages, IMs, emails, etc.
- Gerard Passaro testified that – during the most critical time period – February/March 2023 – after Don Caroleo was terminated (October 2022) but prior to Caroleo's execution of the Settlement Agreement with SiteOne – he was issued his first SiteOne cell phone. Passaro testified that he gave his old personal device to SiteOne when he got his new iPhone and does not know what happened to his personal phone or whether it was ever searched for responsive documents or information.
- CISO Black admitted during his deposition that the WebEx chat between Ranglin and Chin days (or hours) before CEO Black's Android device went missing indicates that there was confusion on IT's part about the text message transfer from CEO Black's missing Android to his new iPhone, and possible "accidental" wiping of the device.
- CISO Black testified that SiteOne associate, Jill Verbeen, is responsible and would have the most information concerning device upgrades and/or what type of device(s) have been

- issued to the Custodians by SiteOne during the relevant time period (as well as SIM transfers).
- Neville Ranglin or Lynn Fracassi were likely the last SiteOne employees that touched CEO Black's Android device before it went missing.

Further, there are: (1) missing text messages and data from other Custodian's devices; (2) SiteOne's failure to back up (or copy) cell phones before they were factory reset (or lost) with a litigation hold in place; (3) questions whether SiteOne ever accessed (or attempted to access) any data – text messages or otherwise – from these lost phones on the iCloud/Google cloud accounts; and (4) questions whether SiteOne ever – to this day - tried to locate these devices through a Find My Phone or similar internal application. For example, the missing text message data and content on CEO Black's lost Android phone may be able to be recovered from the Google cloud account associated with that lost device.  However, neither CEO Black nor CISO Black knew whose Google cloud account was associated with that lost Android device (i.e., CEO Black's personal Google cloud account vs. SiteOne-controlled Google cloud account) or whether any attempts were made to either: (a) search the Google cloud backup to see if the missing text messages could be recovered; or (b) try to locate that phone through the Android's internal device location software, which – at a minimum – would show the missing phone's last known location.

Notwithstanding the glaring evidence preservation and potential spoliation issues indicated by SiteOne's counsel's May 27, 2025 correspondence and the testimony of CEO Black, CISO Black, Passaro, and Peattie, SiteOne takes the incredible position that no further Depositions should be conducted – not even the current SiteOne CIO/Head of IT (and the former CIO Sean Kramer – who was placed on a litigation hold) – or Neville Ranglin (who may have been the last person to have been in possession of CEO Black's Android phone before its went missing (or was accidently deleted).

Based on the foregoing and the newly discovered evidence, it is respectfully submitted that good cause exists under Rule 30(a)(2)(A) to permit the requested limited additional seven (7) Depositions – under the supervision of Special Master Michael Cardello III, Esq. The witnesses' testimony is directly relevant to whether SiteOne intentionally or negligently failed to preserve electronically stored information after it had a duty to do so. Therefore, their examinations are necessary to develop the evidentiary record on the central issue of spoliation. Thank you for your prompt attention to this matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc:     All Counsel via ECF