Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al* (2:23-CV-02084)
<u>Emergency Motion to Prevent Unauthorized Deposition and for Contempt and Discovery Sanctions</u>

Dear Judge Locke:

      We file this emergency motion on behalf of SiteOne Landscape Supply, LLC ("SiteOne") to respectfully request that the Court enter an order cancelling an imminent deposition clandestinely scheduled by Defendants' lead counsel, Thomas Bizzaro, Jr., in violation of this Court's prior rulings prohibiting further depositions at this time; in violation of Federal Rule 45; and in contravention of Mr. Bizzaro's own express representations to the undersigned—unequivocally and in writing—that he had canceled and would not take the deposition at issue. As described below, SiteOne requests that the Court cancel the November 21 deposition, impose appropriate sanctions against Mr. Bizzaro, and require him to disclose whether any other subpoenas have been issued and/or other depositions secretly scheduled.

      As the Court is all too aware, the parties have been engaged in document retention depositions ("DRDs") since March of this year on both sides of this case. During the time that multiple motions were pending relating to the DRDs and other issues, between September 5 and 15, Mr. Bizzaro issued a total of 11 subpoenas to various SiteOne current and former employees. One of those subpoenas was directed to Sean Kramer, SiteOne's former Chief Information Officer. A copy of the subpoena is attached as Exhibit 1.

      Shortly thereafter, on September 17, the parties appeared before this Court to resolve the pending motions. At the hearing, and as memorialized in the Court's Order of that same day [ECF 233], the Court authorized that only four specific depositions could proceed. The Court appointed Michael Cardello to supervise those four depositions. Sean Kramer was **not** one of those four individuals. Based on the Court's rulings, the undersigned emailed Mr. Bizzaro on September 18 regarding his outstanding subpoenas:

> First, you issued deposition subpoenas to the following individuals: Ana Valentin, Anthony Catalano, Briley Brisendine, Gerard Passaro, Jeri Isbell, Joe Ketter, Neville Ranglin, Sean Kramer, Doug Black, Jerry Justice, and me. In light of yesterday's Order limiting by name the number of retention deponents and postponing merits depositions until the conclusion of the retention depositions, **<u>please confirm that those subpoenas have been withdrawn</u>** by Defendants. We will otherwise have to seek a protective order from the Court.

This email is attached as Exhibit 2 (emphasis added).

Mr. Bizzaro then confirmed on September 18, in writing, that he was not going to move forward with the depositions, including Mr. Kramer's:

> **I am willing to agree that the witnesses do not have to appear on the date(s) and time(s) noticed in the Subpoenas** and I will not seek to compel those merit depositions until the Court agrees that merit depositions can begin. I will also agree that you do not have to take any action to quash or otherwise, and that you reserve all rights to challenge the subpoenas down the road when the Court opens up the merit depositions. Does that work for you?

This email is attached as Exhibit 3 (emphasis added). The undersigned confirmed acquiescence to this proposal the next day via email.

Then, on October 17, Mr. Bizzaro filed a motion on behalf of Defendants to substitute or add additional DRDs. [ECF 245.] One of the people Mr. Bizzaro sought leave to depose was Sean Kramer. [*Id.*] The Court denied Mr. Bizzaro's request in its entirety on October 18. [Electronic Order of Oct. 18 without ECF No.]

Despite (a) his agreement with counsel on September 18 and (b) the Court's October 18 Order, Mr. Bizzaro then tried to go ahead—surreptitiously—with Mr. Kramer's deposition and tried to use the threat of that deposition to have a private conversation with Mr. Kramer. Specifically, on the night of November 18, the undersigned learned that Mr. Bizzaro served Mr. Kramer on October 27 with a new deposition subpoena. A copy of the subpoena and affidavit of service are attached as Exhibit 4. The subpoena scheduled the deposition of Mr. Kramer, a Georgia resident, for this coming Friday, November 21 at 10:00 am at Mr. Bizzaro's office in Huntington, New York. SiteOne was not provided with a notice of deposition for this subpoena, as required by Federal Rule 45, nor did Mr. Bizzaro otherwise tell any of SiteOne's counsel about this subpoena or the deposition. Mr. Bizzaro then emailed Mr. Kramer directly the afternoon of November 18, stating:

> As you are aware, you were served with a subpoena to testify at a deposition in connection with a litigation commenced by your former employer, SiteOne Landscape Supply LLC, against Don Caroleo and others.
>
> Please let me know if you would like to speak prior to your deposition this Friday, November 21, 2025 at 10:00 AM.
>
> Please be advised that your testimony is critical to my clients' defense to this lawsuit. As such, should you fail to comply with my subpoena I shall have no alternative but to seek judicial intervention. I trust the foregoing will not be necessary.

This email is attached as Exhibit 5.

SiteOne only became aware of this subpoena and of Mr. Bizzaro's email after Mr. Kramer emailed SiteOne's General Counsel asking for direction for responding to Mr. Bizzaro and

appearing for the deposition. SiteOne's General Counsel then forwarded Mr. Bizzaro's email to the undersigned. Mr. Bizzaro's course of conduct shows that the intent behind his clandestine issuance of a subpoena to a former SiteOne executive was to intimidate Mr. Kramer into providing a witness interview and/or unauthorized deposition testimony without SiteOne's counsel's knowledge or involvement.

Given Mr. Bizzaro's choice to willfully ignore this Court's multiple prior rulings, break his written promise to the undersigned that Mr. Kramer's deposition would not be going forward, and attempt to intimidate a witness, SiteOne respectfully requests the following relief: (1) cancel the deposition of Mr. Kramer currently set for November 21 (as well as any other depositions that, for all we know, Mr. Bizzaro may have similarly "scheduled"); (2) require Defendants to disclose any subpoena that has been served on any non-party but that has not been provided to SiteOne; (3) require that Mr. Bizzaro pay SiteOne's attorneys' fees associated with the preparation and filing of this Motion pursuant to Federal Rule 37; and (4) enter such other and further appropriate sanctions the Court deems appropriate to convince Mr. Bizzaro to honor his professional obligations to the Court and opposing counsel.

Respectfully submitted.

J. Evan Gibbs III