**TAB**

LAW OFFICES OF
THOMAS A. BIZZARO, JR., P.C.

November 20, 2025

**VIA ECF**
Honorable Steven I. Locke, U.S.M.J.
United States District Court
100 Federal Plaza
Central Islip, New York 11722

RE:     **SiteOne Landscape Supply, LLC v. Nicholas Giordano, Victor Caroleo, et al.**
        United States District Court, Eastern District of New York (2:23-cv-02084)

Dear Magistrate Judge Locke:

My firm represents the Defendants in the above-referenced matter, along with co-counsel, Anthony Cummings, Esq. of Certilman Balin Adler & Hyman, LLP. SiteOne's November 19, 2025 "emergency" motion is little more than a manufactured distraction and should be denied in its entirety. The motion accuses the Defendants and the undersigned of clandestinely attempting to depose a non-party witness - Sean Kramer ("Kramer") (the former CIO of SiteOne - who resigned from his position on May 22, 2025), yet the record shows at least five (5) operative facts that SiteOne neglects to mention to the Court: (1) Defendants have an unquestionable right to subpoena Kramer - as a non-party witness - under FRCP; (2) Caroleo's counsel reached out to Sean Kramer - via email and voice message – for the first time after the Kramer was served with the Subpoena on October 27, 2025 – in order to inform Kramer that he was a necessary non-party and to obtain his availability for his deposition - Kramer neglected to respond, instead contacting SiteOne[1]; (3) Kramer's deposition was <u>not</u> scheduled to move forward on November 21, 2025, because Kramer had not responded to Caroleo's counsel or the subpoena; (4) this Court's prior orders never expressly barred non-party depositions or discovery – the prior orders pertain to party depositions (whether IT-retention or merit depositions); and (5) Defendants' counsel gave SiteOne (Mr. Gibbs, Mr. Gorman, and Mr. Adler – and other SiteOne attorneys) notice of the Kramer subpoena on September 15, 2025 via email.  *See Exhibit "A" – Bizzaro September 15, 2025 email correspondence to Gibbs with Kramer Subpoena attached.*

Respectfully, the real problem in this case is not Defendants' exercise of lawful subpoena power; it is SiteOne's own pattern of obstruction, delay, and mishandling of critical electronic evidence - the very reason Kramer's testimony is indispensable. Kramer's relevance is manifest from the record. Kramer served as SiteOne's Chief Information Officer ("CIO") during the critical time period and, as SiteOne's own witnesses confirm, he was copied on litigation hold

---

[1] Defendants' process server had previously attempted to serve Kramer at his office in Georgia, but Kramer was evading service and would not come downstairs to accept the subpoena. Defendants' server could not gain access to the upper floors in the building where Kramer was working at the time. In late October 2025, Defendants obtained Kramer's home address, and he was served on October 27, 2025.

# TAB

### ── LAW OFFICES OF ──
## THOMAS A. BIZZARO, JR., P.C.

communications and functionally headed the IT organization. Chief Information Security Officer ("CISO") David Black testified that the CIO was Sean Kramer and explained that Kramer "was copied on all of [the litigation hold letters]," which places Kramer at the center of any inquiry into whether SiteOne actually implemented its preservation obligations. *See Black Dep. Tr. (July 10, 2025) at 45:12 - 47:5.* It is axiomatic that a CIO copied on a litigation hold is the primary witness to answer whether corporate preservation steps were undertaken, whether backups or device clones were attempted, and who in IT did (or did not) perform the operational steps necessary to preserve text messages and other mobile ESI. Even more so where, as here, CISO Black has testified on two (2) separate occasions that he (personally) took no steps whatsoever to secure the Custodians' text message data – despite SiteOne's recent claims to the contrary.

The importance of Kramer goes beyond title: Kramer appears repeatedly in the record as an operational actor or as the ostensible contact for IT work around device upgrades, MDM (AirWatch/Knox) activity, SIM-transfers, app removal, and other device management decisions that are now at the heart of Defendants' spoliation and preservation claims. The depositions and retained WebEx chat logs show Neville Ranglin and Brandon Chin actively working to upgrade, transfer, or manipulate CEO Doug Black's device and expressly wrestling with text-message transfer and "accidental" wipes; those same IT actors reported to and worked within the organization Kramer led. CISO David Black's testimony expressly references communications and interactions with Kramer after (and about) events – even after Kramer left SiteOne on May 22, 2025 - involving the CEO's phone, and the transcript contains multiple passages in which the undersigned questions the provenance and timing of messages that implicate Kramer's knowledge. *See Black Dep. Tr. (October 24, 2025) at 150:3–152:18.* The record, therefore, leaves no reasonable doubt that Kramer had first-hand knowledge of the technical steps taken (or not taken) to preserve text messages and other mobile ESI. Defendants properly pursued Kramer under FRCP 45. Kramer was personally served with the Subpoena at his Georgia residence on October 27, 2025. Thereafter, the undersigned followed up with direct emails (November 18 and 19, 2025) advising Kramer of the deposition date and requesting confirmation - expressly telling him compliance with the federal subpoena was not optional. Kramer did not reply. A voice message was also left by the undersigned for Kramer at his office (his second job since resigning from SiteOne on May 22, 2025 – five (5) days before Mr. Gibbs served his May 27, 2025 correspondence (the "SiteOne Spoliation Admission Letter") - which May 27, 2025 letter led to the IT-retention depositions of SiteOne. The law is plain: a party may subpoena a non-party witness and the practical and proportionate steps taken here complied with Rule 45. The evidence of service and the contemporaneous emails are in the record and confirm both Defendants' diligence and Kramer's receipt of notice, and SiteOne has suffered no prejudice whatsoever because the Kramer deposition was not scheduled to go forward on November 21st – Kramer was ignoring the Subpoena. *See Exhibits B and C.*

SiteOne's contrary narrative - that the Kramer deposition was a clandestine end-run around court orders - lacks any factual or legal foundation. The Court's earlier rulings anticipated and

permitted precisely the sort of targeted discovery Defendants seek. As the Court's March 26, 2025 minute order and the June 12, 2025 order/transcript make crystal clear, this litigation requires focused document retention depositions ("DRD") and specifically contemplates issuing subpoenas to custodians at their homes so that device access and text-message preservation can be examined. The March 26 Minute Order directed depositions and production consistent with the Court's retention protocol (Doc. 203).The June 12, 2025 hearing and minute order likewise directed SiteOne to provide home contact information for certain Custodians and authorized the IT-retention depositions (the Court explicitly recognized the need for depositions of specified custodians and that further targeted depositions might be necessary). The Court therefore anticipated non-party subpoenas and discovery. When the retention depositions became fraught, the Court's remedy was not to forbid subpoenas but to increase oversight - the Court appointed Special Master Michael Cardello III, Esq. to supervise those depositions and keep discovery moving, which again presupposes that targeted third-party depositions would occur under supervision, not that they must be frozen.

Simply put, the record shows: (1) Kramer was the CIO and a recipient of litigation holds; (2) Kramer was intimately associated with the IT personnel and technical decisions that led to the loss or alteration of custodial device data; (3) Kramer was identified by the parties as a potential IT/DRD witness; and (4) Defendants served Kramer consistent with Rule 45 and followed up in good faith when Kramer did not respond. Because Kramer's testimony will directly bear on whether SiteOne took any operational steps to preserve or to recover mobile ESI, there is no dispute Kramer is an extremely relevant non-party witness whose testimony the Court should permit. Kramer alone can explain whether cloning or backup operations were attempted, who within SiteOne controlled device migrations and MDM settings, how SIM/transfers and user-name changes were executed, whether SiteOne IT ever attempted a carrier recovery (e.g., Verizon), and whether any of the steps undertaken by Ranglin, Chin, Verbeen or others were authorized or supervised from the CIO level.

This dispute could have been resolved with a two-minute phone call or a single email from Mr. Gibbs, as required by Local Rule 26.4 for good faith conferral. First, SiteOne's counsel was provided with notice of September 15, 2025 by email. *See Exhibit "A"*. On September 18, 2025, I emailed Mr. Gibbs stating "the witnesses do not have to appear on the date(s) and time(s) noticed in the subpoenas…I will also agree that you do not have to take any action to quash or otherwise and you reserve all rights to challenge the subpoenas down the road. *See Gibbs' letter, Exhibit 3 to SiteOne's letter motion*. Kramer was not served until a month and a half later on October 27, 2025 and Kramer failed to respond in any fashion. As such, there was no deposition taking place on November 21, 2025 (tomorrow) and nothing to advise (or notify) Mr. Gibbs. Had SiteOne's counsel given the undersigned even the slightest professional courtesy of asking whether the deposition was going forward before he filed perceived emergency motions for sanctions, the Court and the parties would not be wasting time and client money (on both sides of the table) on this needless emergency filing. Instead, SiteOne and its attorneys chose to file a motion without

# TAB

## LAW OFFICES OF
## THOMAS A. BIZZARO, JR., P.C.

meaningful meet-and-confer efforts, despite there being no bona fide emergency - a tactic that is, regrettably, par for the course in their discovery posture in this case.

Accordingly, Defendants respectfully request that the Court: (1) deny SiteOne's emergency motion in its entirety, (2) schedule a telephonic conference under Local Rule 6.1(d); (3) continue Special Master Cardello's active supervision of the DRDs and written discovery; and (4) award Defendants reasonable attorneys' fees and costs for opposing SiteOne's motion.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc:    All Counsel via ECF
       Michael Cardello III, Esq.