Troutman Pepper Locke LLP
875 Third Avenue
New York, New York 10019

troutman.com

Daniel E. Gorman
daniel.gorman@troutman.com

CONFIDENTIAL - FILED UNDER SEAL

Magistrate Judge Steven Locke
Eastern District of New York

November 24, 2025

Re: ***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(Case No. 2:23-CV-02084)**
<u>**SiteOne's Letter Motion to Quash Discovery Related to the Shartle Claims.**</u>

This letter is filed on behalf of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") to quash Defendants' latest discovery requests which seek information regarding Laura Shartle's allegations against Defendant Dominick Caroleo ("Don"), SiteOne's subsequent investigation, and Don's termination (the "Shartle Claims"). This motion should be granted for three independent reasons: (A) the Court already barred this discovery (ECF No. 180, Hearing Transcript, October 15, 2024 (Ex. A)); (B) the Confidential Separation Agreement (the "CSA," (Ex. B)) bars any action on (and therefore any discovery related to) the Shartle Claims; and (C) New York law is clear that SiteOne's motives for filing this action are irrelevant.

## FACTUAL BACKGROUND

The Court is no stranger to the facts of this case. It was filed on March 17, 2023 by SiteOne to remedy Defendants' violations of various restrictive covenants and their theft of physical and intellectual property, all while Defendants were opening new garden supply stores, despite Don's receipt of more than $30 million from the sale of his business to SiteOne and his subsequent separation from SiteOne. The parties have been engaged in document discovery since April 2024. To date, SiteOne has produced 211,212 documents in response to Defendants' original 180 document requests (the "Original Requests").

Don contends that Ms. Shartle's allegations of sexual harassment while Don was a SiteOne employee were a sham designed to set him up and avoid paying him part of his earn-out. Despite never actually pleading that defense, and despite the Shartle Claims having *nothing* to do with the restrictive covenant and theft allegations that are at the core of this case, Don now seeks discovery regarding the Shartle Claims.

SiteOne and Ms. Shartle settled all claims relating to Don's termination and his earnout in February 2023, pursuant to the CSA through which Don received another $2 million from SiteOne. Notwithstanding the CSA, the Original Requests sought discovery regarding Ms. Shartle. On August 30, 2024, SiteOne filed under seal[1] a motion to quash certain portions of subpoenas issued by Defendants seeking payment records relating to the Shartle Claims and for a protective order precluding the deposition of Ms. Shartle.[2] SiteOne confirmed with Defendants that the purpose of that motion was to

---

[1] That motion was filed under seal, without opposition by Defendants, as it related to Ms. Shartle's sexual harassment claims against Don and the investigation into those claims by Trisha Earls and The Hawkins Firm, LLC, which is confidential under the CSA.

[2] A copy of SiteOne's motion to quash and for a protective order, that was filed under seal (ECF No. 148), is attached as Ex C.

resolve the issue of discovery into the Shartle Claims once and for all. (Ex. D, "Since the Don Defendants contend that Ms. Shartle is relevant to this case, addressing this issue and getting the Court's ruling on her relevance now makes sense so we do not have to come back to the Court on a piecemeal basis with respect to this issue."). On October 15, 2024, the Court granted SiteOne's motion in its entirety. (Ex. A.)

On September 17, 2025, Defendants' newest counsel, Mr. Cummings, joined the action as Defendants' ninth counsel after Defendants terminated the Milman firm. (ECF Nos. 231, 232.) Between September 23, 2025 and October 10, 2025, Defendants' counsel served 166 additional requests for production (the "Duplicative Requests").

The Duplicative Requests contain demands relating to the Shartle Claims. *See* Ex. E, Nos. 12–18, 92–94; Ex. F, Nos. 1–16, 20–26. Mr. Cummings has confirmed, in separate comments regarding sealing, that the Shartle Claims drive the Duplicative Requests, and that without one there would not be the other:

> Mr. Don Caroleo asserts that ***this purported justification for his dismissal*** is merely a cover up for a conspiracy to fire him since he had achieve [sic] extraordinary results in terms of financial measures and indicia of superior leadership that others resented or otherwise resisted since he was due substantial compensation. In order to ***properly prepare the defense to the allegations of termination for Cause***, discovery must proceed as against Laura Shartle and all of the relevant witnesses.

(ECF No. 244) (emphasis added). That admission by counsel forecloses the present discovery, because the reasons behind Don's termination are wholly irrelevant to SiteOne's claims in this action. Thus, as this Court aptly put it over one year ago, this is nothing more than a fishing expedition and "to say it's disproportionate to the needs of this case is an understatement." (Ex. A. at 114:8–13.)

SiteOne addresses the bulk of the Duplicative Requests in its concurrently filed motion. (ECF No. 251.) This motion focuses solely on the improper demands relating to the Shartle Claims in the Duplicative Requests and those raised in Defendants' October 13 letter.

## LEGAL ARGUMENT

**A.      The Law of the Case Doctrine Bars Discovery into the Shartle Claims.**

"The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Klaper v. Cypress Hills Cemetery*, 2014 WL 1343449, at *4 (E.D.N.Y. Mar. 31, 2014); *MB by RRB v. Islip Sch. Dist.*, 2017 WL 1325367, at *6 (E.D.N.Y. Mar. 31, 2017).

The Court previously barred Defendants from any discovery into payments concerning the Shartle Claims and rejected Defendants' request to depose Ms. Shartle. (Ex. A.) At oral argument, the Court made clear its views as to the irrelevance of the Shartle Claims to the issues in the present action. *Id.* at 108:12–14 ("[Y]ou're not getting anything from the Earls firm about the sexual harassment. Don settled his claims with them. That is done in my opinion, has nothing to do with this."); *id.* at 109:22–23 ("[Y]ou settled that claim. It's not part of this case."); *id.* at 112:9–13 ("The motion for protective order

is granted…[t]he matter was resolved for a settlement."). This ruling is the law of the case and bars Defendants' newest Duplicative Requests.

**B.   Discovery into the Shartle Claims is Barred by the CSA (and Subject to a Discovery Stay in a New Action Filed by Don in State Court).**

Don is seeking discovery to aid claims he has no right to bring: the plain terms of the CSA support the Court's finding that all claims concerning Don's termination were released. (Ex. B., § 3(a)(iii), (v), "Caroleo does hereby voluntarily and irrevocably waive, release . . . all claims, complaints, suits or demands . . . arising from or relating to (directly or indirectly) Caroleo's employment, the termination of his employment . . . (iii) claims for fraud, misrepresentation, conversion, tortious interference, breach of contract or breach of fiduciary duty; (iv) any other claims arising under state law arising in tort or contract (specifically including those arising under the Employment Agreement and/or the Asset Purchase Agreement).").

Since the October 2024 hearing, Don brought a new lawsuit seeking to overturn the release on the ground that it was induced by fraud. (*Caroleo v. SiteOne Landscape Supply, LLC, et. al.*, Supreme Court Suffolk County, Index No.: 611905/2025.) That case is presently the subject of motions to dismiss, and a discovery stay. (*Id.* at Doc. No. 26). Don's latest requests are an attempted end run around the discovery stay in Suffolk. There is nothing about that suit which challenges this Court's ruling as to the relevance of the Shartle Claims to this Action.

**C.   SiteOne's Motive in Filing this Action Is Irrelevant.**

SiteOne indulged, through the October 2024 hearing, Defendants' "vendetta" theory of the case. It was easier to provide limited discovery than to fight and consume the resources of this Court. Enough, however, is enough. The Duplicative Requests relating to the Shartle Claims go over the top and are not designed to do anything other than increase SiteOne's burden and expense.

The new requests do not seek any information that will be relevant at trial. First, the subject matter of the requests is not relevant to any of Defendants' pleadings. Neither their answer, their affirmative defenses, nor their counterclaim raise even a word about their alleged innocence due to SiteOne's alleged improper motives in filing suit. Second, even if they had pleaded the defense that underscored their discovery requests, they would still be in pursuit of irrelevant information since a contract plaintiff's motivations for enforcing its contract rights is not relevant to the determination of breach and damages. *See Gaia H. Mezz LLC v. State St. Bank and Tr. Co.*, 720 F.3d 84, 92, 94, fn. 5 (2d Cir. 2013); *see also 1042 II Realty, Inc. v. PHH Mortg. Corp.*, 582 F. Supp. 3d 142, 151, fn.13 (S.D.N.Y. 2022) ("Under New York law, the motives of parties to contracts are generally irrelevant"); *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, 2014 WL 11462735, at *10 (S.D.N.Y. Mar. 6, 2014).

## CONCLUSION

For the reasons set forth above, SiteOne respectfully requests that the Court enter an order precluding Defendants from seeking or obtaining discovery relating to the Shartle Claims.

Respectfully submitted,

*/s/ Daniel E. Gorman*