# EXHIBIT C

Troutman Pepper Hamilton Sanders LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

---

Magistrate Judge Steven Locke                                              August 30, 2024
Eastern District Court New York

**Re:    *SiteOne Landscape Supply, LLC v. Nicholas Giordano et al.* (2:23-cv-02084)
        Sealed Supplement to SiteOne's Motion to Quash Bank Subpoenas and Motion for
        Protective Order**

Dear Judge Locke:

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") respectfully submits this sealed supplement to its July 31 motion to quash [Dkt. No. 142] which seeks an order quashing, in their entirety, two subpoenas dated July 31 (the "Subpoenas") issued by the Don Defendants[1] for SiteOne bank records from Wells Fargo and JP Morgan. This supplement only addresses those portions of SiteOne's application to quash the Subpoenas to the extent they improperly seek payment records relating to Laura Shartle, Trisha Earls, and The Hawkins Firm, LLC. SiteOne also seeks a protective order precluding the deposition of Ms. Shartle.[2]

The records sought via the Subpoenas related to Ms. Shartle, Ms. Earls, and The Hawkins Firm have no relevance to the claims and defenses in this action. The Don Defendants' decision to seek such records and take Ms. Shartle's deposition is nothing more than an attempt to subject Ms. Shartle to continued harassment.

**I.     SiteOne's Motion to Quash**

On July 31, the Don Defendants provided SiteOne with notice of their intent to issue the Subpoenas. [Dkt Nos. 142-1, 142-2.] The Don Defendants issued the Subpoenas later that day. The parties met and conferred regarding the Subpoenas on August 7, 12, and 21, discussing the relevance of payments to Ms. Shartle, Ms. Earl, and the Hawkins Firm, LLC. SiteOne also explained it would not agree to voluntarily produce Ms. Shartle for a deposition. On August 19, SiteOne filed a motion to quash the Subpoenas and a separate motion seeking leave to file a portion of that application under seal. [Dkt. Nos. 142, 143.] On August 23, this Court entered an Order granting SiteOne's motion to file this supplement under seal.

Although the Subpoenas seek two categories of documents, relevant to this supplement is the request for records related to Ms. Shartle, Ms. Earls, and The Hawkins Firm, LLC, specifically:

> Category 1: All documents related to any account holder that has been maintained by [SiteOne] reflecting transactions involving [(vi) Laura Shartle; (vii) Trisha Earls; (viii) The Hawkins Firm, LLC] including copies of all transaction statements, deposit and/or

---

[1] The Don Defendants are Dominick Caroleo ("Don") and his affiliated company Defendants, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4th St., LLC.
[2] The Don Defendants' deposition notice, dated August 16, purports to schedule Ms. Shartle's deposition for September 11.

withdrawal transactions and slips, canceled checks, electronic fund transfers, wire transfers, and account ledgers.

This portion of the Subpoenas is intended only to harass SiteOne and seeks only documents and information that are irrelevant to the claims or defenses in this case.

## II. Don Was Terminated by SiteOne with Cause for Inappropriate Conduct

Ms. Shartle, a Vice President within SiteOne's human resources department, formally reported to SiteOne that Don (who is married) came onto her at a company dinner in Atlanta and then propositioned her immediately following the dinner during the Uber ride back to the hotel where the dinner attendees were staying. This happened on September 28, 2022. Ms. Shartle reported it to SiteOne the very next day. On or about October 1, 2022, the undersigned retained Trisha Earls, an experienced labor and employment attorney and investigator who works at The Hawkins Firm (a law firm in Atlanta), to conduct an investigation into Ms. Shartle's allegations.[3]

Ms. Earls conducted a thorough investigation involving multiple interviews of Ms. Shartle, Don, and other individuals who attended the dinner and another who was at the hotel afterward, along with certain receipts related to the events of the evening. Ms. Earls's findings became part of an analytical report about the incident prepared by the undersigned for SiteOne. The report was presented to SiteOne's Board of Members which voted unanimously to terminate Don's employment with Cause as defined in Don's employment agreement.[4] Don's termination was effective as of October 19, 2022.

Don and SiteOne then began negotiating a confidential separation agreement (the "Separation Agreement"). During those negotiations and in a naked attempt to gain leverage, on December 14, 2022, counsel for the Don Defendants sent the undersigned a draft complaint for a federal lawsuit in the Northern District of Georgia against Ms. Shartle individually which purported to seek **$10,000,000 in damages against Ms. Shartle**. SiteOne and Don eventually agreed upon and executed the Separation Agreement in February 2023 in which Don, **who received a $2,000,000 payment under the Separation Agreement**,[5] released all claims against SiteOne and Ms. Shartle individually arising from or relating to the incident with Ms. Shartle, his employment, and his termination.

---

[3] The Hawkins Firm (and by extension Ms. Earls) was hired and paid by the Troutman Pepper Hamilton Sanders LLP law firm.

[4] During the settlement negotiations, Don insisted on a provision in the Separation Agreement stating he was terminated "without cause," spelled with a lowercase "c." Don's employment agreement in effect at the time defined the term "Cause" (with a capital "C"); Don was fired with Cause based on the investigative findings. Don will no doubt cite to the language in the Separation Agreement in his response to contend he was terminated for no reason by SiteOne as he has done previously in this case. For the avoidance of doubt, however, Don was terminated with Cause (capitalized or not) and for very good reason (i.e., credible and corroborated allegations of sexual harassment) by SiteOne's Board of Members.

[5] This was after Don had already been paid well over $30,000,000 by SiteOne for the purchase of his business.



Ms. Shartle has never worked at any of the Garden Department locations at issue. She is not otherwise a witness with respect to any fact, claim, or defense in this case. The Don Defendants are pursuing this discovery only to harass Ms. Shartle by subjecting her to discovery in a case that has nothing to do with her. Just like with their $10,000,000 draft complaint, Don is attempting to gain leverage over SiteOne since he knows SiteOne does not want to subject Ms. Shartle to further harm at the hands of Don. This is despicable. (It is also ironic conduct for someone who refers to SiteOne as a "$7 billion bully" in every paper he files with this Court.)

During the parties' meet and confers, the Don Defendants asserted that they are entitled to records reflecting SiteOne's payments to Ms. Shartle, Ms. Earls, and the Hawkins Firm because they believe Ms. Shartle and Ms. Earls were paid by SiteOne to lie about Don's actions. The Don Defendants provided no evidence or basis for this assertion.

### III.     Records About and Testimony from Shartle Are Irrelevant

On a motion to quash, the burden is on the issuing party to demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Corbett v. eHome Credit Corp.*, 2010 WL 3023870, at *2 (E.D.N.Y. Aug. 2, 2010). The Don Defendants cannot meet this burden. The stated reason for the Subpoenas is to fish for records showing payments to Shartle and/or Ms. Earls made in exchange for them fabricating allegations against Don to get him fired—which is categorically untrue. Pursuit of the payment records is nothing but an attempt to further harass Ms. Shartle and SiteOne. Further, Don released all claims against SiteOne and Shartle. *See Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 375 (S.D.N.Y. 2021); *Eisemann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. Apr. 8, 1998) ("in light of the doubtful and tangential relevance, at best, of anything that could reasonably be expected to emerge from the [] deposition, the Court finds that enforcement of the subpoena would 'constitute an unreasonable or burdensome misuse of the discovery process'").

SiteOne also raised its objection to Ms. Shartle's deposition with Defendants, given the above-noted issues. Accordingly, for judicial economy, SiteOne requests that the Court also issue a protective order under FRCP 26(c) precluding the deposition of Ms. Shartle. *See e.g.*, *Aboeid v. Saudi Arabian Airlines, Inc.*, 2011 WL 2470091, at *3 (E.D.N.Y. June 17, 2011) (granting motion for a protective order where fraud claim would not proceed and stated purpose for seeking deposition of defendant's former employee related to the fraud claim, finding that such testimony was irrelevant to the action); *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 2008 WL 5099957, at *2 (S.D.N.Y. Dec. 3, 2008) (affirming protective order where individual sought to be deposed had no unique personal knowledge).

The Subpoenas related to Ms. Shartle, Ms. Earls, and the Hawkins Firm and the proposed deposition of Ms. Shartle are for harassment and no legitimate purpose. SiteOne respectfully requests an Order quashing the Subpoenas and precluding the deposition of Ms. Shartle.

John "Evan" Gibbs III