# EXHIBIT D

## Marko, Mia S.

| | |
|---|---|
| **From:** | Colleen O'Neil <Colleen@mllaborlaw.com> |
| **Sent:** | Monday, August 26, 2024 10:41 AM |
| **To:** | Gorman, Daniel E.; Gibbs, J. Evan; Adler, Matt |
| **Cc:** | Michael Mule; Nicole Koster |
| **Subject:** | RE: SiteOne v. Giordano - Follow-up to today's meet and confer |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Dan –
As we discussed, both parties agree to not later use the motion regarding Shartle and SiteOne's bank records, which will be filed under seal, as a basis for a claim against the other side for breach of the separation agreement.
Colleen

**From:** Gorman, Daniel E.
**Sent:** Friday, August 23, 2024 11:45 AM
**To:** Colleen O'Neil ; Gibbs, J. Evan ; Adler, Matt
**Cc:** Michael Mule ; Nicole Koster
**Subject:** RE: SiteOne v. Giordano - Follow-up to today's meet and confer

Colleen:
As I'm sure you saw, the Court's order of this morning permits us to file our motion to quash under seal. We intend to seek to quash the subpoena and seek a protective order with respect to the deposition notice we received from the Don Defendants for Ms. Shartle's deposition. Since the Don Defendants contend that Ms. Shartle is relevant to this case, addressing this issue and getting the Court's ruling on her relevance now makes sense so we do not have to come back to the Court on a piecemeal basis with respect to this issue.

In our motion, we intend to explain to the Court the following: (1) that Ms. Shartle accused Don of inappropriate conduct; (2) that SiteOne conducted a privileged investigation into the matter; (3) the investigative findings and legal analysis were provided to SiteOne's Board of Managers; (4) that the Board voted to terminate Don; and (5) that SiteOne and Don then entered into a confidential separation agreement under which Don received consideration in exchange for a release of any claims he may have against SiteOne over his termination or against Ms. Shartle. We will provide the relevant dates of these events.

Based on Colleen's message below, we understand that the Don Defendants will not later seek to use this motion filed with the Court under seal as a basis for a claim against SiteOne for breach of the separation agreement. We plan to file our motion early next week, so please let us know right away if our understanding is not correct. We're available to speak this afternoon or Monday.
Thank you,
Dan

**Daniel E. Gorman***
**Associate**
**troutman pepper**
Direct: 212.704.6333 | Internal: 13-6333
[daniel.gorman@troutman.com](mailto:daniel.gorman@troutman.com)

*Licensed to practice law in New York and New Jersey.
☐ · · · · · · · · · · · · · · · · · · · · · · · · · · · · ☐ -

**From:** Colleen O'Neil <[Colleen@mllaborlaw.com](mailto:Colleen@mllaborlaw.com)>
**Sent:** Wednesday, August 21, 2024 5:08 PM
**To:** Gorman, Daniel E. <[Daniel.Gorman@troutman.com](mailto:Daniel.Gorman@troutman.com)>; Gibbs, J. Evan <[Evan.Gibbs@troutman.com](mailto:Evan.Gibbs@troutman.com)>

**Cc:** Michael Mule <MichaelMule@mllaborlaw.com>; Nicole Koster <NKoster@mllaborlaw.com>
**Subject:** SiteOne v. Giordano - Follow-up to today's meet and confer

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Dan –

In follow-up to our meet and confer this afternoon regarding Defendants' pursuit of discovery from and concerning Shartle and the investigation related to Don's termination (collectively the "Shartle Discovery"), and the confidentiality clause in Don's termination agreement (the "Confidentiality Clause"), I write to confirm the following:

- It is our position that the Shartle Discovery is relevant to this case, and we will therefore continue our pursuit of that discovery; and
- It is our position that Defendants' pursuit of the Shatle Discovery will not run afoul of the Confidentiality Clause, nor do we believe that SiteOne will need to violate the confidentiality clause in order to respond to the Shartle Discovery demands. Even so, should SiteOne break confidentiality in its response to the Shartle Discovery demands, we will designate such confidential information as confidential under the confidentiality order that governs this case.

Regards
Colleen

_____
Colleen O'Neil - Partner
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Telephone Direct: (516) 303-1395
Telephone Office: (516) 328-8899
Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com.