# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    Case No.: 2:23-CV-2084

SITEONE LANDSCAPE SUPPLY, LLC,

    Plaintiff,

V.

NICHOLAS GIORDANO, ET AL.,

    Defendants.
-------------------------------------------------------------------x

**DEFENDANT DOMINICK CAROLEO's REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF**

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York,, Defendant, Dominick Caroleo (hereinafter referred to sometimes as "Defendant Caroleo"), by his attorneys, Certilman Balin Adler & Hyman, LLP, request that plaintiff SiteOne Landscape Supply, LLC (hereinafter referred to as "Plaintiff") produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below on or before October 24, 2025, pursuant to FRCP Rule 34(b)(2)(A).

## DEFINITIONS

    The following definitions shall apply to these interrogatories:

    1.    "Complaint" means the Complaint in the above-captioned action filed in the United States District Court Eastern District of New York on March 17, 2023, entitled SiteOne Landscape Supply, LLC *v.* Nicholas Giordano, et al., Case No.: 2:23-CV-2084 as amended by the July 7, 2023 filing of the Amended Complaint.

    2.    "Document" is synonymous in meaning and equal in scope to its usage in Federal Rules of Civil Procedure 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form," or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in either of the Plaintiff' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3. "Plaintiff," "you," or "your" means SiteOne Landscape Supply, LLC, the plaintiff in the above-captioned action.

4. "Defendant" means the defendant, Dominick Caroleo in the above-captioned action.

5. "Person" means any natural person or any legal entity, including but not limited to, any business or governmental entity, organization, or association.

6. "Relate" or "relating"/"Concern" or "concerning" means consisting of, referring to, reflecting, concerning/relating to or being in any way logically or factually connected with the matter discussed.

7. "Communication" means the transmission of information or data in any form, including but not limited to written, oral, or electronic transmissions.

8. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each interrogatory all responses that otherwise might be construed as outside the scope of an interrogatory.

9. The words "all," "any," "every," or "each" encompass any and all of the matter discussed.

10. The use of the singular form includes the plural, and vice versa.

11. The use of the present tense includes the past tense, and vice versa.

12. The use of the masculine form includes the feminine, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Certilman Balin Adler & Hyman, LLP at 90 Merrick Avenue, 9th Floor, East Meadow, New York 11554, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, and shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, Plaintiff shall state so in writing.

3. Electronically stored information (ESI) must be produced in PDF with corresponding load files containing the document's text and all available metadata.

4. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents, or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each withheld document:

    (a) the privilege or protection claimed;

    (b) every basis for the privilege or protection claims;

    (c) the type of document;

   (d) its general subject matter;

   (e) the document's date; and

   (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rules of Civil Procedure 26(b)(5), the court's local rules, and the judge's individual practice rules.

  9. If Plaintiff objects to any document requests on any ground other than privilege, Plaintiff must specify:

   (a) That part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request.

   (b) Whether any responsive materials are being withheld on the basis of an objection.

  10. To the extent Plaintiff asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

  11. If there are no documents in response to any particular request, Plaintiff shall state so in writing.

  12. Unless otherwise specified in the requests below, all documents requested covering the period between January 1, 2020 and October 31, 2022 shall be referred to as the "Employment Time Period."

  13. Unless otherwise specified in the requests below, all documents requested covering the period between August 1, 2022 and October 31, 2022 shall be referred to as the "Incident Time Period."

  14. Unless otherwise specified in the requests below, all documents requested covering the period between November 1, 2022 and the present shall be referred to as the "Post-Employment Time Period."

  15. These requests are continuing, and Plaintiff response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENTS REQUESTED

1. Email, text communications and documents between Doug Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

2. Email, text communications and documents between Doug Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

3. Email, text communications and documents between Doug Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

4. Email, text communications and documents between Jeri Isbell and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

5. Email, text communications and documents between Jeri Isbell and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

6. Email, text communications and documents between Joe Ketter and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

7. Email, text communications and documents between Joe Ketter and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

8. Email, text communications and documents between Joe Ketter and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

9. Email, text communications and documents between Jerry Justice and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

10. Email, text communications and documents between Jerry Justice and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo

5

during the Employment Time Period.

11. Email, text communications and documents between Jerry Justice and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

12. Email, text communications and documents between Doug Black and any employee or board member of Plaintiff concerning/relating to Laura Shartle during the Incident Time Period.

13. Email, text communications and documents between Jeri Isbell and any employee or board member of Plaintiff concerning/relating to Laura Shartle during the Incident Time Period.

14. Email, text communications and documents between Joe Ketter and any employee or board member of Plaintiff concerning/relating to Laura Shartle during the Incident Time Period.

15. Email, text communications and documents between Jerry Justice and any employee or board member of Plaintiff concerning/relating to Laura Shartle during the Incident Time Period.

16. Email, text communications and documents between Laura Shartle and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

17. Email, text communications and documents between any employee or board member of Plaintiff and any third-party investigator concerning/relating to Dominick Caroleo during the Employment Time Period.

18. Documents related to the third-party investigation concerning/relating to Dominick Caroleo.

19. Email, text communications and documents between any board member of Plaintiff and any employee or other board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

20. Email, text communications and documents between Anthony Catalano and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

21. Email, text communications and documents between Anthony Catalano and any

employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

22. Email, text communications and documents between Anthony Catalano and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time.

23. Email, text communications and documents between Gerard Passaro and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

24. Email, text communications and documents between Gerard Passaro and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

25. Email, text communications and documents between Gerard Passaro and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

26. Email, text communications and documents between Kevin Peattie and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

27. Email, text communications and documents between Kevin Peattie and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

28. Email, text communications and documents between Kevin Peattie and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

29. Email, text communications and documents between Phil Sausto and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

30. Email, text communications and documents between Phil Sausto and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

31. Email, text communications and documents between Phil Sausto and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo

during the Post- Employment Time Period.

32. Email, text communications and documents between Alex Trama and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

33. Email, text communications and documents between Alex Trama and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

34. Email, text communications and documents between Alex Trama and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

35. Email, text communications and documents between Greg Thistle and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

36. Email, text communications and documents between Greg Thistle and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

37. Email, text communications and documents between Greg Thistle and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

38. Email, text communications and documents between Brian Kersnowski and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

39. Email, text communications and documents between Brian Kersnowski and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

40. Email, text communications and documents between Brian Kernowski and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

41. Email, text communications and documents between Brian Hoffman and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

42. Email, text communications and documents between Brian Hoffman and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

43. Email, text communications and documents between Brian Hoffman and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

44. Email, text communications and documents between Anthony Ferrante and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

45. Email, text communications and documents between Anthony Ferrante and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

46. Email, text communications and documents between Anthony Ferrante and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

47. Email, text communications and documents between Taylor Koch and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

48. Email, text communications and documents between Taylor Koch and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

49. Email, text communications and documents between Taylor Koch and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

50. Email, text communications and documents between Briley Brisendine and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

51. Email, text communications and documents between Briley Brisendine and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

52. Email, text communications and documents between Briley Brisendine and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo

during the Post- Employment Time Period.

53. Email, text communications and documents between Neville Ranglin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

54. Email, text communications and documents between Neville Ranglin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

55. Email, text communications and documents between Neville Ranglin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

56. Email, text communications and documents between Rebecca (from SO Legal) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

57. Email, text communications and documents between Rebecca (from SO Legal) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

58. Email, text communications and documents between Rebecca (from SO Legal) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

59. Email, text communications and documents between Plaintiff's head of Information Technology and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

60. Email, text communications and documents between Plaintiff's head of Information Technology and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

61. Email, text communications and documents between Plaintiff's head of Information Technology and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

62. Email, text communications and documents between Ana Valentin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo

during the Incident Time Period.

63. Email, text communications and documents between Ana Valentin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

64. Email, text communications and documents between Ana Valentin and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

65. Email, text communications and documents between Donald Abramson and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

66. Email, text communications and documents between Donald Abramson and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

67. Email, text communications and documents between Donald Abramson and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

68. Email, text communications and documents between David Schlagheck (from ProSysCon) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

69. Email, text communications and documents between David Schlagheck (from ProSysCon) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

70. Email, text communications and documents between David Schlagheck (from ProSysCon) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

71. Email, text communications and documents between John Hopkins (from Mayberry Investigations Corporation) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

72. Email, text communications and documents between John Hopkins (from Mayberry Investigations Corporation) and any employee or board member of

Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

73. Email, text communications and documents between John Hopkins (from Mayberry Investigations Corporation) and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

74. Email, text communications and documents between Barbara Jones and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

75. Email, text communications and documents between Barbara Jones and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

76. Email, text communications and documents between Barbara Jones and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

77. Email, text communications and documents between Justin Recchione and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

78. Email, text communications and documents between Justin Recchione and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

79. Email, text communications and documents between Justin Recchione and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

80. Email, text communications and documents between Jesse D'Onofrio and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

81. Email, text communications and documents between Jesse D'Onofrio and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

82. Email, text communications and documents between Jesse D'Onofrio and any

employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

83. Email, text communications and documents between Scott Salmon and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

84. Email, text communications and documents between Scott Salmon and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

85. Email, text communications and documents between Scott Salmon and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

86. Email, text communications and documents between Lynn Fracassi and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

87. Email, text communications and documents between Lynn Fracassi and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

88. Email, text communications and documents between Lynn Fracassi and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post-Employment Time Period.

89. Email, text communications and documents between Sean Cramer and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

90. Email, text communications and documents between Sean Cramer and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

91. Email, text communications and documents between Sean Cramer and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

92. Email, text communications and documents between Trisha M. Earls and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo

during the Incident Time Period.

93. Email, text communications and documents between Trisha M. Earls and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

94. Email, text communications and documents between Trisha M. Earls and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

95. Email, text communications and documents between David Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

96. Email, text communications and documents between David Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

97. Email, text communications and documents between David Black and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

98. Email, text communications and documents between Rebecca Ramstrom and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Incident Time Period.

99. Email, text communications and documents between Rebecca Ramstrom and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Employment Time Period.

100. Email, text communications and documents between Rebecca Ramstrom and any employee or board member of Plaintiff concerning/relating to Dominick Caroleo during the Post- Employment Time Period.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: September 23, 2025



Anthony W, Cummings, Esq.
Certilman Balin Adler & Hyman, LLP
*Attorneys for Defendant Dominick Caroleo*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000
acummings@certilmanbalin.com

Thomas A. Bizzaro, Jr., Esq.
Law Offices of Thomas A. Bizzaro, Jr., P.C.
*Attorneys for Defendants*
7 High Street, Suite 300
Huntington, New York 11743
(631) 380-3297