

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

ANTHONY W. CUMMINGS
PARTNER
DIRECT DIAL 516.296.7062
acummings@certilmanbalin.com

November 25, 2025

**Via: ECF**
Magistrate Judge Steven Locke
Eastern District of New York

Re:  SiteOne Landscape Supply, LLC v. Giordano et al.
     2:23-cv-02084
     SiteOne's Motion to Quash and for Protective Order

Dear Judge Locke,

With the Court's permission (E-Order dated November 21, 2025) this letter response is in opposition to the letter Motion to Quash and for Protective Order filed by J. Evan Gibbs III, attorney for Plaintiff SiteOne, dated October 27, 2025 (DE 251).[1]

There is no reason to limit discovery as sought by Plaintiff. Discovery is intended to be broad in federal practice and in considering the relevant factors, they all support continued discovery. The relevance of the information sought is clear, it bares directly on the legal and factual issues in this action; furthermore, there has been no discovery abuse.

Counsel for Plaintiff claims the discovery demands by Defendants are intentionally abusive and allege that more than 200,000 documents have been produced in response. However, correspondence from prior counsel is informative on the quality of Plaintiff's alleged productions. See Exh. A., correspondence from Michael C. Mule dated June 28, 2024 (DE 141-8). As detailed in the Mule correspondence, the quality and responsiveness of the prior alleged productions by Plaintiff have been unacceptable yielding predominantly useless information. The analytical analysis of the production reveals the deficiencies. See Exh. B., the analysis of the first four productions by Plaintiff.

The productions by Plaintiff have been largely unresponsive or irrelevant and without any designation as to which document demand said production concerns. Furthermore, Plaintiff has taken extreme liberties in redacting the productions. See Exh. C., an illustration of redacting.

Defendants' April 19, 2024 document demands consisted of two separate

---

[1] It is noteworthy that the Court stayed discovery by E-Order dated November 20, 2025 and directed an in-person appearance on December 1, 2025 in response to DE 258; however on November 24, 2025, Daniel Gorman filed an additional submission (DE 261) reflecting the pervasive and ongoing filings by Plaintiff.



November 25, 2025
Judge Locke
Page 2.

demands, one seeking responses to 63 document demands and the second seeking responses to 117 document demands (the "First Request"). Defendants' November 25, 2024 document demands consists of 26 document demands seeking information concerning trade secrets, confidential information, computers and data security (the "Second Request"). Defendants' June 2, 2025 document demands consists of 2 document demands seeking information concerning the company code of ethics and information technology policies (the "Third Request"). Defendants' June 11, 2025 document demands consists of 7 document demands seeking information concerning litigation holds, preserving ESI and cell phone analytics (the "Fourth Request"). The prior demands are not duplicative or redundant to the current requests.

Counsel claims to have produced almost 70,000 additional documents, consisting of emails and text messages consistent with its obligations under the Court's March 26 Order (DE 203). An analysis of the production is revealing. See Exh. D., analytics of the production. The data shows the production is deficient, producing no text messages for key individuals which information is important to the issues of fact here.

Of the 63,739 documents actually received, of 45 that concern Doug Black, Plaintiff's CEO: 13 documents are offer letters; 4 documents are presentations – company overview – 2021/2022; 2 documents are spreadsheets with employee contact information; 3 documents are Intranet News, the company Code of Conduct, and the company Information Security Policy; 23 documents are emails, Doug Black sent 2 and received 5; 0 text messages were produced. As demonstrated by the above analysis, the productions by Plaintiff have been largely unresponsive or irrelevant.

It is noteworthy that in his May 27, 2025 letter, Mr. Gibbs stated some 50,000 documents would not be produced. See Exh. E., the letter. He says 40,000 hit on SiteOne's privilege screening criteria and that the remaining 10,000 or so documents consist of emails for the account of SiteOne's CEO, Doug Black. However, Plaintiff's privilege log for this matter consists of 21 documents and no new emails for Doug Black have been produced. See Exh. F., privilege log. This responsive illustrates Plaintiff's course of conduct in discovery.

The current requests (Fifth, Sixth and Seventh) seek information concerning communications between company employees or agents and the individual defendants in this matter. These communications are relevant to the causes of action asserted by Plaintiff for breach of contract and business torts. Regarding the Fifth and Seventh Request, counsel claims that Defendants have already asked for these documents.



November 25, 2025
Judge Locke
Page 3.

However, the documents sought were never produced, and the limited productions are incomplete. See Exh. B. and Exh. D. Regarding the allegation that certain documents and communications have been barred by the Court, no protective order has yet been produced (DE 143) to clarify the actual scope of any such limits as alleged by Plaintiff who has conveniently used the same as both a sword and shield.

Counsel asserts that the Sixth Request seeks financial information and asserts the demands are nearly identical to certain of the First Requests. Counsel cites several requests from the prior demands. See Exh. G., an excerpt from Plaintiff's June 10, 2024, response to Defendants April 19, 2024 document demand which consists of each demand (Ex. 1, RFP Nos. 4, 7, 38, 69-74, 78-79, 97-98, 101, 103 and the related response) from Ex. 1 that is alleged to seek the exact financial information as the Sixth Request. Only the demands from Ex. 2, RFP Nos. 2, 8, 9, 61 are included as an illustration of the dissimilarity of the demands. When asked during the "meet and confer" to identify what in the productions were responsive to the prior requests (spreadsheets allegedly produced), counsel claimed it is not their responsibility to do so. Further, upon review of the excerpt of request responses it is clear that the demands in the Sixth Request are not nearly identical or even similar to the prior ones. The Sixth Request seeks financial reporting whereas the prior demands seek sales and damages information. Just as importantly, the response to the demands by Plaintiff's counsel is instructive. Counsel's objection and indication of what would be provided reflects that the financial information sought in prior demands was primarily objected to and was never provided.

Likewise, Plaintiff's counsel objects to disclosure of communications between SiteOne and two if its vendors since to them, it is entirely unclear how these requests relate to this case. Although counsel has failed to articulate the standard on such matters, Plaintiff has asserted in its complaint claims for tortious interference with contractual relationships and tortious interference with business relationships, making the information sought relevant.

SiteOne's productions have been shown to be unresponsive and largely irrelevant. There is no justification to limit discovery, and Plaintiff should be directed to respond to the Fifth, Sixth and Seventh Request as they seek information relevant to the legal and factual issues in this action that has not been produced previously.

Respectfully Submitted,

Anthony W. Cummings, Esq.

8676957.1