**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Michael C. Mulè – Partner**
**Direct E-Mail Address:** michaelmule@mllaborlaw.com
**Direct Dial: (516) 303-1442**

June 28, 2024

<u>**Via Electronic Mail: evan.gibbs@troutman.com**</u>
J. Evan Gibbs, Esq.
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

   **RE:**  <u>**SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al.**</u>
      <u>**Civil Action No. 2:23-cv-02084-GRB-ST**</u>

Dear Mr. Gibbs:

  As you know, we represent Defendants Dominick Caroleo ("Don"), The Garden Dept. Corp. ("Garden Dept."), 3670 Route 112 LLC ("3670 Route 112"), and 9 4th St. LLC ("9 4th", collectively, the "Don Caroleo Defendants"). We write to request a meet and confer regarding Plaintiff SiteOne Landscape Supply, LLC's ("SiteOne") discovery responses.

**Deficiencies In Discovery Responses**

<u>Overarching Deficiencies In Document Production</u>

  As an initial matter, it is apparent that SiteOne provided a "document dump" of nearly 500,000 pages of predominantly useless information, <u>almost entirely Don's own emails</u>, in an attempt to waste the Defendants' time and to present the illusion that SiteOne has provided meaningful discovery in good faith. It has not. In reality, it appears that SiteOne has produced, maybe, a few hundred pages of marginally relevant information, most of which all parties have had.

  In this regard, based on our research, it appears that SiteOne's production consisted almost entirely of emails from Don Caroleo's email folder. As you know, Don was employed by SiteOne until October 19, 2022. Almost all the facts relevant to this dispute, as alleged in the Amended Complaint, did not occur until after Don's employment was terminated. More particularly, here are the folders and the respective document counts per folder based on our research in the initial and second productions on June 10 and 24, 2024:

| June 10, 2024 Production | | June 24, 2024 Production | |
|---|---|---|---|
| Folder | Count | Folder | Count |
| \Caroleo_Don\Email | 146367 | \Caroleo_Don\Email\ | 2 |
| \Catalono_Anthony\Email\ | 12 | \Baratian_Melissa\Email\ | 8 |
| \Giordano_Nick\Email\ | 8 | \Ketter_Joe\Email\ | 11 |
| \Brisendine_Briley\Email\ | 3 | \Black_Doug\Email\ | 32 |
| \eDocs\SiteOne Docs\ | 21 | \Brisendine_Briley\Email\ | 16 |
| | | \SiteOne\eDocs | 8 |

This is simply not a good faith production. In its initial disclosures pursuant to Rule 26, SiteOne, itself, identified thirteen (13) individuals, under its control, as persons "it believes likely to have discoverable information." In addition, the Don Caroleo Defendants identified twenty-one (21) individuals who are or were employed by SiteOne, excluding Don, as likely to have discoverable information in their initial disclosures. Of these, the only custodians for whom SiteOne appears to have performed any searches at all were Melissa Baratian, Doug Black, Briley Brisendine, Anthony Catalano and Joseph Ketter – and those searches produced a mere 82 documents, specifically about 375 pages (almost all of which are entirely useless) out of nearly 500,000 pages produced.

In short, SiteOne provided, essentially, no meaningful discovery.

Of course, it is well-established that a document dump, where a party produces a large volume of documents without indicating which documents are responsive to specific requests, is not compliant with the federal rules. *See, e.g.*, *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 409-410 (S.D.N.Y. 2009); *Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-cv-00933 (JAM), 2023 U.S. Dist. LEXIS 147065, at *27-28 (D. Conn. Aug. 22, 2023) (*citing Collins & Aikman*). Moreover, "[t]he provision authorizing production in accordance with [the 'usual course'] option was born out of the disfavor shown by courts to the dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary[.]" *Pass & Seymour, Inc. v. Hubbell, Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008).

Here, the "folder" information for Doug Black, for instance, indicates the emails originated from various email exports (*e.g.*, \Black_Doug\Email\Doug Black_145\Doug Black_0.pst\Inbox, \Black_Doug\Email\Doug Black_145\Doug Black_1.pst\Inbox, \Black_Doug\Email\Doug Black_145\Doug Black_15.pst\Inbox\Proj Olympus Communication Docs). This suggests that SiteOne used some kind of filter or search to export out the emails and may indicate that those folders were not maintained in the ordinary course of business.

Also, of the nearly 500,000 pages produced, it does not appear that any of the documents produced are responsive to any particular document request. This is plainly impermissible. *See, e.g.*, *Laboy v. Quality Auto. Servs.*, No. 21 CV 2501 (RPK)(RML), 2023 U.S. Dist. LEXIS 112479, at *7, 11 (E.D.N.Y. June 20, 2023) (In a case where plaintiff asserted "that defendants have not identified to which of plaintiff's demands the estimated 10,000 - 15,000 documents are responsive," the court directed defendants to specifically identify responsive documents). Relatedly, we will need to know what searches SiteOne conducted in order to determine whether

the searches are sufficient for purposes of pulling relevant, responsive documents. *See, e.g.*, *Zhulinska v. Niyazov Law Group, P.C.*, No. 21-CV-1348 (CBA), 2021 U.S. Dist. LEXIS 219213, at *9 (E.D.N.Y. Nov. 12, 2021).

Also, as an overarching deficiency, SiteOne designated nearly all emails as "Attorneys' Eyes Only." The May 28, 2024 Stipulated Protective Order directly states that a party may make such a designation as to "any Confidential Material that a party believes in good faith contains highly sensitive, non-public, proprietary, competitive, financial, business or personal information, the disclosure of which" to non-attorneys "would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party." (¶2(b)). The suggestion that Don cannot view any of his own emails does not make sense. In any case, it is fundamental that a blanket attorneys' eyes only (or confidentiality) designation is generally found not to be made in good faith. *See, e.g.*, *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016) (A party "may not simply designate its entire production ... as confidential. [It] may only designate documents within its production as confidential after making a good faith determination that there is a legitimate basis for a confidentiality designation.").

Specific Deficiencies in Responses to Document Requests

SiteOne's responses to Document Requests fell into four categories: (1) Will Produce; (2) Will Not Produce; (3) Unaware if any Exist, Will Produce if Found; and (4) Unaware if any Exist, no Commitment to Produce if Found.

1. Will Produce

As an initial matter, it is telling that SiteOne's responses to the Don Caroleo Defendants' Document Requests do not contain a single response that refers to any document that has been produced. Rather, SiteOne provides the "fuzzy" response to 54 document requests (Nos. 2-7, 22-24, 38-40, 42-54, 58-67, 70-79, 93-96, 99, 112-15) that it "will produce non-privileged documents …." This response betrays the fact that nothing responsive has been produced.

First, it is not sufficient for Plaintiff to state that it "will produce" non-privileged documents at some unspecified time in the future. Rather it is incumbent upon Plaintiff to identify a date certain, within a reasonable time frame, as a deadline by which its production will be made. And to the extent Plaintiff has objected to any Request or has stated that it will produce "non-privileged" documents, pursuant to Fed. R. Civ. P. 34(b)(2)(6), such responses are deficient to the extent that Plaintiff does not state whether any materials are being withheld on the bases of the objections asserted. In this context, Don Caroleo Defendants demand that for each Request, Plaintiff affirmatively state whether documents are being withheld on the basis of objections, or whether no documents are being withheld. And to the extent Plaintiff is withholding any documents based on privilege, Plaintiff must identify such documents and provide a privilege log.

In addition, with respect to each of the below listed responses, all of which fall into the "Will Produce" category of response, SiteOne improperly narrows the scope of the Request and unilaterally limits what it "will produce," thereby rendering each respective response deficient, as it fails to respond to the Request made. What is more, Plaintiff unilaterally limits the parameters of what it will produce based upon general objections and without making any effort whatsoever

June 28, 2024
Page 4

to tether those general objections to any individual Request. Such general, non-specific objections are patently inappropriate.

Specific Requests:

- Nos. 2, 3. SiteOne improperly narrows the requested "[a]ll documents" to "documents that it identified or included in its complaint," without any specific explanation as to why the Request as stated is objectionable, which they are not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

- No. 4. SiteOne improperly narrows the requested "[a]ll documents" to "documents concerning its damages." without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- No. 5. SiteOne improperly narrows the requested "[a]ll documents" to "documents received from any nonparties subpoenaed …." without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- No. 23. SiteOne improperly narrows "[a]ll documents referencing Don subsequent to October 19, 2022" to "documents referencing Don subsequent to October 19, 2022, that concern reasons or circumstances surrounding his termination from SiteOne" without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- No. 38. SiteOne improperly changes the scope of the request from "documents concerning Don's earnout for 2020 and 2021, including SiteOne's earnout calculations related thereto, communications to/from Doug Black, communications to/from Taylor Koch, and Bissett Catch Up Expenses" to "documents related to Don's compensation for 2020 and 2021." That is non-responsive and without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- Nos. 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50. SiteOne improperly rewords each of these Requests for specific documents to "documents related to reasons or circumstances surrounding Don's termination from SiteOne" or "documents referencing Don that concern reasons or circumstances surrounding his termination from SiteOne." without any specific explanation as to why the Requests as stated are objectionable, which they are not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

June 28, 2024
Page 5

- No. 51. SiteOne improperly narrows "[a]ll documents concerning the decision to terminate Nick" to "documents referencing Nick that concern reasons or circumstances surrounding his termination from SiteOne." without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- No. 54. SiteOne improperly narrows "[a]ll documents reflecting communications by any SiteOne employee with or involving Joe Ketter, Greg Thistle and/or Anthony Catalano concerning the decision to terminate Nick" to "documents related to reasons or circumstances surrounding Nick's termination from SiteOne." without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- Nos. 70-74, 78. SiteOne improperly narrows these Requests for "[a]ll documents reflecting . . ." to "documents … sufficient to show" . without any specific explanation as to why the Requests as stated are objectionable, which they are not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

- No.79. SiteOne improperly narrows "[a]ll documents evidencing or reflecting revenue, income, or profit realized by SiteOne . . . to "documents sufficient to show sales or transactions executed by" without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- No. 95. SiteOne improperly narrows "[a]ll documents including but not limited to pictures and videos, concerning . . . ." to "documents concerning . . .". without any specific explanation as to why the Request as stated is objectionable, which it is not. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- Nos. 112, 114, 115. It is unclear from SiteOne's responses if it plans to produce responsive documents because the responses state that SiteOne "will produce relevant, non-privileged documents …." SiteOne made no objection as to relevance. Nevertheless, SiteOne improperly narrows this request to its own conception of what is "relevant," making it unclear what it will produce. Accordingly, Don Caroleo Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

Further, specifically as to document requests concerning SiteOne's claims as to Computer Fraud Abuse Act ("CFAA"), trade secrets, confidential information and/or proprietary information

that SiteOne claims were misappropriated, *e.g.*, Nos. 58-66,[1] SiteOne's suggestion that it "will produce documents" is insufficient, not only because it has not provided a reasonable date certain by which documents will be produced, but also because documents responsive to these particular requests must be produced imminently before significant discovery takes place. In this regard, the only grounds that SiteOne has alleged for federal court jurisdiction have been based on the CFAA and DTSA. Yet, SiteOne has, utterly, failed to produce any documents or give any guidance, whatsoever, as to what precisely is asserted as secret. *See, e.g. Capricorn Mgt. Sys. v. Govt. Emples. Ins. Co.*, No. 15-cv-2926 (DRH)(SIL), 2019 U.S. Dist. LEXIS 123723, at *51-53 (E.D.N.Y. July 22, 2019) (dismissing trade secret claims based on plaintiff's failure to identify trade secrets); *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 270 (S.D.N.Y. 2021) (noting, among other things, that without "specific information …, defendant has no way to know—short of guessing—exactly what information is claimed as a trade secret, and thus has no way of arguing that such information was publicly available or not entitled to trade secret protection").

It is fundamental that a party must be able to identify its asserted trade secrets with reasonable specificity **prior to** engaging in significant discovery on trade secret claims. *See, e.g.*, *Moog Inc. v. Skyryse, Inc.*, No. 2:22-cv-09094-GW (MAR)], 2023 US Dist LEXIS 103769, at *6, *19 [CD Cal June 14, 2023) (Observing that fairness requires plaintiff to provide defendants with specific identification of trade secrets and that "early identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery', thereby avoiding 'burdensome and expensive discovery into irrelevant areas' and ordering plaintiff "to amend its Trade Secret Identification"); *Univ. of Tennessee Rsch. Found. v Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-JEM, 2022 US Dist LEXIS 241013, at *7 (E.D. Tenn. July 13, 2022) (finding that plaintiff "has not identified its trade secrets with reasonable particularity" and ordering plaintiff to "supplement its response to Interrogatory No. 1 to provide a list of its trade secrets with reasonable particularity and supplement its responses" to document requests); *Alifax Holding SpA v. Alcor Sci. Inc.*, 404 F. Supp. 3d 552, 560 (D. R.I. 2019) (observing that the Court's Scheduling Order required plaintiff "to disclose 'with reasonable particularity' the trade secrets it alleged the Defendants misappropriated"); *id.*, fn.8 (noting that "[s]uch disclosure orders are commonplace in trade secret misappropriation cases" (citing *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007) (analyzing discovery considerations and finding "it is appropriate . . . to require [the plaintiff] to first identify with 'reasonable particularity' those trade secrets it believes to be at issue"); *BioD, LLC v. Amnio Tech. LLC*, No. 2:13-cv-1670-HRH, 2014 U.S. Dist. LEXIS 109755, 2014 WL 3864658 (D. Ariz. Aug. 6, 2014); *Big Vision Private, Ltd. v. E.I. Dupont De Nemours & Co.*, 1 F. Supp. 3d 224, 257 (S.D.N.Y. Feb. 10, 2014) (noting that the plaintiff must describe "its trade secret with sufficient particularity, <u>both at the time of disclosure and throughout the litigation</u>") (emphasis added). Accordingly, with respect to Request Nos. 58-66, 68, 81-92, Don Caroleo Defendants demand that Plaintiff produce responsive documents by a date certain. If Plaintiff is unwilling to commit to this timeline, then Defendants will be forced to seek court intervention in order to ensure timely production of responsive documents.

---

[1] As set forth below, as to the document requests Nos. 68, 81-92, concerning SiteOne's Defend Trade Secrets Act ("DTSA") and CFAA claims, SiteOne has objected to the production of any responsive documents or claims that it is "currently unaware of any documents responsive …." The reasoning in this paragraph applies equally to SiteOne's responses to those document requests.

2. <u>Will Not Produce</u>

Generally, there is no basis for SiteOne's refusal to produce the requested documents in response to Request Nos. 8, 9, 20-21, 25-26, 33-35, 41, 68-69, 80-81. More particularly,

- No. 8. Though SiteOne objects to this Request as "vague, overbroad, unduly burdensome, and not proportional to the needs of the case", such objections are totally conclusory, offered in a vacuum, and with no explanation whatsoever as to what makes this Request "vague, overbroad, unduly burdensome, and not proportional to the needs of the case". Also Defendants disagree with Plaintiff's contention that it cannot produce documents in response to this Request "to the extent it requires a legal conclusion concerning individual documents," Accordingly, Don Caroleo Defendants demand that Plaintiff produce all documents responsive to this Request, and, to the extent that it withholds documents based on its proffered objections, Plaintiff must so state affirmatively. Or to the extent Plaintiff is not withholding documents based on the proffered objections, Plaintiff must also so state affirmatively.

- No. 9. Don Caroleo Defendants are entitled to statements by any defendant as well as recordings and statements of others "concerning the facts alleged in the pleadings filed in this, or in any related, action." To the extent that Plaintiff is withholding documents based on its proffered objections, Plaintiff must so state affirmatively. Or to the extent Plaintiff is not withholding documents based on the proffered objections, Plaintiff must also so state affirmatively. Furthermore, to the extent Plaintiff is withholding responsive documents based on privilege, such documents must be identified and a privilege log must be provided.

- No. 20. The market that SiteOne is engaged in, as alleged in the Amended Complaint, is certainly relevant to the claims and defenses asserted, as well as damages. Don Caroleo Defendants are entitled to documents concerning SiteOne's own allegations.

- Nos. 25-26. Don Caroleo Defendants are entitled to communications "with and/or among SiteOne employees" concerning the allegations contained in ¶¶ 56-57 of the Amended Complaint. Certainly, the allegations in the Amended Complaint that Nick Giordano ("Giordano") "attempt[d] to steal information from SiteOne using an external drive" and the allegations that Giordano "began speaking negatively about SiteOne," which specifically refer to the Declaration of Alex Trauma, had to be based on something, if made in good faith.

- Nos. 33-35. Don Caroleo Defendants are entitled to any and all statements and recordings from John Hopkins as those are relevant and discoverable. *See, e.g.*, *Costa v. AFGO Mech. Servs.*, 237 F.R.D. 21, 23 (E.D.N.Y. 2006) ("audiotape recorded statements by defendants which concern the subject matter of the litigation qualify as party statements and must be produced under Rule 26(b)(3)"); *see also Giladi v. Albert Einstein College of Med.*, 1998 U.S. Dist. LEXIS 14783, *1-2 (S.D.N.Y. 1998). Moreover, Mr. Hopkins is a fact witness. In this context, Don

Case 2:23-cv-02843-GRB-SIL Document 141-2 Filed 08/19/25 Page 9 of 16 PageID #: 1562
Case 2:23-cv-02843-GRB-SIL Document 128-2 Filed 06/12/25 Page 16 of 15 PageID #: 4666

June 28, 2024
Page 8

- Caroleo Defendants demand production in response to these Requests and to the extent that Plaintiff persists in withholding documents based on privilege objections, that documents are being withheld must be disclosed and a privilege log provided.

- No. 41. Don Caroleo Defendants are entitled to discovery concerning "documents subsequent to the decision to terminate Don concerning Don to/from Laura Shartle" because such documents are relevant to claims and defenses in this case in so far as it is Defendants' contention that this litigation was brought against Don spitefully and in bad faith and the requested communications will bear on the bona fides of this litigation. Without limiting the foregoing, it is Don's contention that his termination was set-up in an attempt by SiteOne to deprive Don of earnouts and that this litigation is, at least in part, motivated by SiteOne's attempt, improperly, to squeeze Don relative to confidential settlement agreement between the parties. In addition, though Plaintiff contends that this Request is "without regard to their relevance to the case, as overbroad, unduly burdensome, and not proportional to the needs of the case and are designed solely to be harassing," such objections are conclusory and made without particularization to the facts of the case. In fact, responsive documents are patently relevant to Defendants' defense and therefore Don Caroleo Defendants demand that Plaintiff produce all relevant documents in response to this Request. To the extent any documents are withheld based on privilege, such documents must be identified and a privilege log provided. If no documents are withheld, Plaintiff needs to so state affirmatively.

- No. 68. The documents requested are directly relevant to SiteOne's trade secret claims. In fact, the definition of a "trade secret" under the DTSA includes "all forms and types" of information that "derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person" (18 U.S.C. § 1839(3)). Moreover, Don Caroleo Defendants are clearly seeking documents, and thus, this request is not, as Plaintiff claims, an "interrogatory". Don Caroleo Defendants demand that Plaintiff produce all relevant documents in response to this Request, and if no documents exist, Plaintiff must affirmatively state so.

- No 69. Plaintiff's objection that this Request is "overly broad and not proportional to the needs of the case" is not particularized in the least and completely baseless. The documents requested are directly relevant to SiteOne's claims and defendants' defenses. Accordingly, Don Caroleo Defendants demand that Plaintiff produce all relevant documents in response to this Request.

- No. 80. The meaning of the non-defined term, "beneficiaries," has been put in issue by SiteOne's claims pertaining to the Coram Lease. Communications are relevant, and in fact, vital, to the defense of SiteOne's claims. To the extent that Plaintiff is withholding any documents based on privilege, it must identify such documents and provide a privilege log. To the extent Plaintiff is not withholding documents based on privilege, it must affirmatively state so.

- No. 81. The documents requested are directly relevant to SiteOne's claims and defendants' defenses, particularly under the CFAA or misappropriation claims. Accordingly, Don Caroleo Defendants demand Plaintiff produces all responsive documents and identify any documents withheld.

- Nos. 90, 97, 98, 101, 103. Plaintiff's contention that these Requests are premature is patently disingenuous as the requested documents were required to be produced as part of Plaintiff's Rule 26 disclosures. It is beyond dispute that SiteOne has an obligation to produce discovery regarding its alleged damages. Particularly as to No. 90, to state a claim under the CFAA, SiteOne must plead and prove damages, particularly, related to a technological harm. *See, e.g., LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015); *Better Holdco, Inc. v. Beeline Loans, Inc.*, No. 20-CV-8686, 2021 U.S. Dist. LEXIS 138908, at *12-13 (S.D.N.Y. July 26, 2021). The documents requested are directly relevant to SiteOne's claims and defendants' defenses, and the Requests are not premature. Accordingly, Don Caroleo Defendants demand that Plaintiff produce all responsive documents and identify any documents withheld.

- Nos. 100, 102. Don Caroleo Defendants sought documents supporting SiteOne's claims that defendants knowingly induced or participated in a breach of fiduciary duty and aided and abetted breach of fiduciary duty. The objection appears to be based, in part, on grounds that the requests are "premature." However, since SiteOne asserted these claims in the Amended Complaint, pursuant to Fed. R. Civ. P. 11, its attorneys certified, among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …." The documents requested are directly relevant to SiteOne's claims and defendants' defenses. Accordingly, Don Caroleo Defendants demand that Plaintiff produce all responsive documents and identify any documents withheld.

- No. 108. SiteOne makes claims based on the language of various agreements that Don Caroleo Defendants believe have been substantially similar in its acquisitions in the East Region over the relevant time period. Don Caroleo Defendants are entitled to discovery concerning those limited acquisitions. The documents requested are directly relevant to SiteOne's claims and defendants' defenses. Accordingly, Don Caroleo Defendants demand that Plaintiff produce all responsive documents and identify any documents withheld.

- No. 116. To the extent Plaintiff is withholding any documents responsive to this Request it must affirmatively state so. In addition, any documents being withhold based on privilege need to be identified and a privilege log produced. To the extent Plaintiff is not withholding documents, it must state so affirmatively.

- No. 117. To the extent Plaintiff is withholding any documents responsive to this Request it must affirmatively state so. In addition, Plaintiff's contention that this

> Request is "vague, overbroad, unduly burdensome, and not proportional to the needs of the case" is conclusory and not particularized to the Request and is therefore inappropriate. Defendants therefore demand that Plaintiff produce all documents responsive to this Request.

3. <u>Unaware if any Exist, Will Produce if Found</u>

In response to numerous requests, Plaintiff claims that it is unaware if any documents exist. However, Plaintiff does not describe what efforts it took to determine if responsive documents exist. Accordingly, Defendants demand that for each such Response, Plaintiff set forth with particularity the steps that it took to locate responsive documents. In addition:

- Nos. 10-15, 55, 82-89, 91. SiteOne's response that it "is currently unaware of any documents responsive to this Request in its possession, custody, or control" is, seemingly, contrary to its allegations in the Amended Complaint. Pursuant to Fed. R. Civ. P. 11, the signed Amended Complaint certified, among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …." Defendants therefore demand that, in addition to setting forth what steps Plaintiff took to identify responsive documents, Plaintiff also affirmatively state whether any responsive documents are being withheld.

- Nos. 16-19, 27-29, 31. As to SiteOne's response that it "will produce documents responsive to this Request to the extent they exist," is this meant to imply that it aware that such documents exist, or once existed? How is this response different from the responses to Nos. 10-15? If not different, then the same deficiencies identified in the previous bullet applies.

- Nos. 30, 32, 37. In addition to the deficiencies identified in the responses to Nos. 10-15, which are equally applicable here, these requests seek "[a]ll documents referencing communication with and/or among SiteOne employees concerning" specific allegations made in the Amended Complaint. SiteOne improperly narrows each of these requests without any specific explanation as to why the Requests as stated are objectionable, which they are not. Accordingly, Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

- Nos. 56 and 57. In addition to the deficiencies identified in the responses to Nos. 10-15, which are equally applicable here, these requests seek "[a]ll documents reflecting communications by any SiteOne employee with or involving" Gerard Passaro and Greg Thistle, respectively, as alleged at specific paragraphs of the Amended Complaint. SiteOne improperly narrows each of these requests without any specific explanation as to why the Requests as stated are objectionable, which they are not. Accordingly, Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

- No. 92. In addition to the deficiencies identified in the responses to Nos. 10-15, which are equally applicable here, this request seeks "[a]ll documents concerning SiteOne's ability to access or restrict access to the website address: http://www.lccsny.com/gdweb/SalesMobilev2.aspx." SiteOne improperly narrows this request to its own conception of "relevant documents related to http://www.lccsny.com/gdweb/SalesMobilev2.aspx" – which, apparently, does not include "SiteOne's ability to access or restrict access to the website address[,]" without any specific explanation as to why the Request as stated is objectionable, which they are not. Accordingly, Defendants demand that Plaintiff respond to this Request as propounded by Defendants.

- Nos. 109-11. SiteOne improperly narrows these requests to "documents … that are titled 'business plan' concerning Garden Dept[,]" without any specific explanation as to why the Requests as stated are objectionable, which they are not. Accordingly, Defendants demand that Plaintiff respond to these Requests as propounded by Defendants.

4. <u>Unaware if any Exist, No Commitment to Produce if Found</u>

- No. 36. Don Caroleo Defendants seek "[a]ll documents reflecting communications between any SiteOne employee and any Town of Brookhaven employee and/or representative concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint." SiteOne's response – that it "is currently unaware of any documents responsive to this Request in its possession, custody, or control" – is, seemingly, contrary to its allegations in the Amended Complaint. Pursuant to Fed. R. Civ. P. 11, the signed Amended Complaint certified, among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …." In addition, SiteOne makes no commitment to supplement the production of all responsive documents as it does for other requests.

<u>Interrogatory Responses Deficiencies</u>

Generally, as to SiteOne's responses to Don Caroleo Defendants' Interrogatory Nos. 10-25, SiteOne improperly asserts boilerplate objections ("vague, overbroad and unduly burdensome"), or some combination thereof, to each of these interrogatories, making minimal to no effort to particularize the boilerplate objections to any respective interrogatory. What is more, despite asserting these vacuous objections, SiteOne fails to disclose whether any information is being withheld on the bases of the objections or not. At bottom, these are patently inappropriate objections. *See* Fed. R. Civ. P. 34(b)(2)(B) – (C) ((B) "the response must either state that inspection and related activities will be permitted as requested or <u>state with specificity the grounds for objecting</u>. . .. (C) <u>An objection must state whether any responsive materials are being withheld on the basis of the objection</u>") (emphasis added).

June 28, 2024
Page 12

Also, as a general matter, SiteOne's responses to the Don Caroleo Defendants' interrogatories are also deficient because they are conclusory and fail to provide any factual basis for SiteOne's claims. In addition to these general deficiencies, SiteOne's responses also deficient for the reasons set forth below:

- Nos. 1, 2. SiteOne improperly objects on the ground that the interrogatories are, among other things, "premature". As an initial matter, both Interrogatory Nos. 1 and 2 track information that was required to be provided by SiteOne in its Rule 26 initial disclosures. Therefore, these interrogatories are hardly premature. The response to Interrogatory No. 1 also fails to provide contact information for 25 individuals listed and fails to identify the subject matter on which each witness is expected to testify. This information was required to be provided with the initial disclosures. With respect to Interrogatory No. 2, SiteOne's estimate of $10,000,000.00 in damages is deficient because it is conclusory and fails to provide any details as to how that figure was derived. Nor does it provide any information regarding actions and/or efforts by SiteOne to mitigate damages. Accordingly, Defendants demand that Plaintiff provide supplemental responses containing this information. Of course, if SiteOne's failure to provide any information regarding efforts to mitigate damages is meant to mean that no such actions or efforts were taken, Defendants demand that SiteOne provide an affirmative statement to that effect.

- Nos. 3-7, 9. SiteOne's responses are deficient because they fail to state whether the names provided in response to each respective interrogatory is a complete list of responsive names for each interrogatory. To the contrary, the responses suggest that the answers are incomplete as they refer to "individuals" who "were involved" or "were materially involved". Accordingly, Defendants demand that SiteOne either provide all responsive names for each interrogatory or affirmatively state that the response to each respective interrogatory is a complete list of responsive names.

- No. 8. SiteOne's response is not relevant as it is in response to a clear typo that SiteOne certainly understood. The interrogatory should read, "Identify all persons involved in the decision to offer Don an equity grant in or around March 1, 2021." In light of this correction, Defendants request that SiteOne provide a supplemental response to this interrogatory.

- No. 10. SiteOne fails to provide any factual bases to support its conclusory claims that the Defendants "compet[ed] (directly and indirectly) with SiteOne and solicit[ed] its customers and employees." For instance, SiteOne does not provide any factual bases regarding how the Defendants supposedly solicited SiteOne customers, what customer(s) were supposedly solicited, or when such solicitation supposedly took place. Accordingly, Defendants demand that Plaintiff provide a supplemental response to Interrogatory No. 10 setting forth the factual basis for SiteOne's claims. Alternatively, if SiteOne has no factual basis for its claims, it must affirmatively state that.

- Nos. 11-12. SiteOne fails to identify with particularity the "trade secrets" and/or "confidential information or propriety information" that it contends were misappropriated by the Defendants and fails to provide any factual support for its contention that such "trade secrets" "confidential information" or "propriety information," constitute "trade secrets" "confidential information" or "propriety information." (*Supra*. at pp. 5-6). In this context, this failure of SiteOne to identify with particularity that which it contends was stolen or to provide any factual bases for its contentions regarding what it claims was misappropriated, is causing Defendants to have to defend themselves in this case without knowing, among other things, what it is they are alleged to have misappropriated and whether the information was publicly available or not entitled to trade secret protection. *Id.* It is fundamentally unfair and wholly inappropriate for SiteOne to fail at this point to identify with particularity that which it alleges was stolen or to provide any factual bases for its conclusory contentions. Accordingly, Defendants demand that Plaintiff provide supplemental responses to Interrogatory Nos. 11 and 12, identifying with particularity the alleged stolen trade secrets, confidential information, or proprietary information, as well as the factual bases for SiteOne's conclusion that the trade secrets, confidential information, or proprietary constitute trade secrets, confidential information, or proprietary information. Alternatively, if SiteOne has no factual basis for its claims, it must affirmatively state that.

- No. 13. SiteOne's responses to this interrogatory is nothing more than conclusory statements. SiteOne offers no factual support for any of its claims. For instance, SiteOne states that "Defendants" were able to "quickly and easily know SiteOne's vendor and customer terms," via the use of "stolen data, documents, and information", but fails to identify what were the supposed trade secrets (*e.g.*, what the "data, documents, and information" consisted of), fails to provide any factual basis for the claims that any "data, documents, and information" was, in fact, stolen, and fails to identify which "Defendants" supposedly did what. Similarly, SiteOne contends that "Defendants" had a "direct competitive advantage over SiteOne" because Defendants "were able to leverage decades worth of data and information obtained and created by SiteOne" – yet SiteOne never gets around to offering any factual basis for its claim that Defendants did, in fact, leverage decades worth of data and information obtained, or how. Accordingly, Defendants demand that Plaintiff provide a supplemental response to Interrogatory No. 13, setting forth with particularity the factual basis for SiteOne's claims, or to the extent SiteOne has no factual basis for its claims, an affirmative statement setting forth the same.

- No. 14. This response is deficient because it merely recites "boilerplate" descriptions. SiteOne fails to identify what type of "location-specific financial, performance, and other confidential data" was supposedly trade secret or misappropriated. *Cf. N. Atl. Instruments, Inc. v. Haber,* 188 F.3d 38, 46 (2d Cir. 1999) (noting examples of where a customer list reflecting "individual customer preferences" or including "specialized knowledge of the customer's operations and needs" that "would be difficult to duplicate" were found to be protected as trade secrets). Moreover, SiteOne objects based on, among other things, the ground that the Interrogatory supposedly seeks the disclosure of proprietary information and

- trade secrets, but SiteOne has not disclosed whether any information has been withheld based on this objection. Accordingly, Defendants demand that SiteOne provide a supplemental response to this interrogatory and affirmatively state whether or not it is withholding information based on this objection. Moreover, since SiteOne has the ability to designate Confidential Discovery Material in accordance with the Stipulated Protective Order.

- No. 15. SiteOne contends that it is unable to determine "how this Interrogatory relates to any claim or defense in this case. However, it is not complicated and directly relates to the elements of causes of action that SiteOne, itself, has pleaded. This Interrogatory is patently relevant to Plaintiff's damages claim. Accordingly, Defendants demand that Plaintiff provide a supplemental response to this interrogatory.

- No. 16. This response is deficient because, while it purports to respond to the interrogatory, in actuality, it sets forth nothing more than conjecture based "upon information and belief" (but never gets around to identifying the underlying factual predicate upon which its "information and belief" is based) and conclusory statements. Although this request concerns "computer(s)" that SiteOne "contend(s)" were "misappropriated," SiteOne provides a non-responsive response as it concerns "client contract and related files stored in a physical filing cabinet in SiteOne's Coram location." Moreover, if SiteOne is claiming that those physical files consist of the purported "trade secret" involved in this case, then it must affirmatively state so. Accordingly, Defendants demand that Plaintiff supplement its response to this interrogatory by either providing the factual bases for its claims, or affirmatively stating that it has no facts to support its claims.

- No. 17. Under the DTSA, information qualifies as a trade secret only "if the owner thereof has taken reasonable measures to keep such information secret …." 18 U.S.C.A. § 1839 (3)(A). "In evaluating reasonable secrecy measures, courts in this Circuit generally look to whether confidentiality or nondisclosure agreements are in place and whether the information is guarded by physical- or cyber-security protections." *Turret Labs USA, Inc. v. CargoSprint, LLC*, 2022 U.S. App. LEXIS 6070, *5 (2d. Cir. Mar. 9, 2022) ("the reasonableness analysis will often focus on who is given access, and on the importance of confidentiality and nondisclosure agreements to maintaining secrecy" and affirming dismissal of DTSA claim where plaintiff "failed to plead how any of its security measures might have prevented such an unwanted intrusion"). SiteOne's response provides a general statement that its "computer systems are password protected, and SiteOne's hard copy files are kept in secure locations." However, this response wholly fails to explain, precisely, how the supposedly confidential information at issue was secured. As above, SiteOne does not even identify what was supposedly secret. If secret information was on a computer, how was computer access protected? If secret information was in "hard copy" form, where and how was it secured? In addition, SiteOne's response – that it "will specify records containing relevant information for Defendants' review" – is deficient because it fails to provide any timetable as to when such

information with be provided. Accordingly, Defendants demand that Plaintiff either supplement this response by a date certain.

- Nos. 18-20. In response to these interrogatories, SiteOne makes multiple baseless objections and then concludes that it will "supplement its response to this Interrogatory after relevant information is discovered." These responses are deficient to the extent that SiteOne has not disclosed if it is withholding any information on the basis of its objections. Accordingly, Defendants demand that Plaintiff provide supplemental responses to these interrogatories by either disclosing that information is being withheld based upon SiteOne's objections, or affirmatively stating that it has no factual information in response to each respective interrogatory.

- Nos. 21-25. In response to these interrogatories, each of which requested a "description with particularity" regarding specific SiteOne allegations, SiteOne provides nothing more that vacuous and conclusory statements. The complete lack of any factual support offered by SiteOne in support of its claims is both telling and disqualifying for the respective responses. Accordingly, Defendants demand that SiteOne provide supplemental responses to these interrogatories and, either set forth the factual basis supporting each SiteOne allegation, or, if SiteOne has no facts to support its allegations, then provide an affirmative statement to that effect.

We thank you for your attention to this matter. Don Caroleo Defendants reserve all rights and remedies.

> Very truly yours,
> MILMAN LABUDA LAW GROUP PLLC
> *Michael C. Mulè*
> Michael C. Mulè

cc: All counsel