UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

SITEONE LANDSCAPE SUPPLY, LLC,

                Plaintiff,

     v.

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;
3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES
SUPPLY, LLC; NEWAY MANAGEMENT, LLC;
AND NEWAY TRUCKING,

                Defendants.

_____

Civil Action No.: 2:23-CV-02084-GRB-SL

### PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC'S RESPONSES TO DEFENDANTS' DOMINICK CAROLEO, THE GARDEN DEPT. CORP., 3670 ROUTE 112 LLC, AND 9 4TH ST. LLC's DOCUMENT DEMANDS[1]

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by counsel, hereby responds and objects to Defendants Dominick Caroleo, The Garden Dept. Corp., 3670 Route 112 LLC, and 9 4TH St. LLC (collectively, the "Don Defendants") First Set of Document Demands, dated April 19, 2024, as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. SiteOne objects to Definition P to the extent it defines "Document" to be more expansive than required under Federal Rule of Civil Procedure 34. For example, this definition includes any materials "in the possession, custody or control of Plaintiff or its representatives". This Definition is overbroad, unduly burdensome, and not proportional to the needs of the case. In its responses below to individual document requests, SiteOne defines "Document" as in

_____

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in Plaintiff's Amended Complaint [ECF 55].

1

"documents relied upon in preparing any pleadings" which would involve attorney-client communications, or documents or information protected by the work-product doctrine.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents that it identified or included in its complaint.

4. **All documents concerning any damages calculated or claimed by you in** this action, **whether economic, non-economic, punitive, or other.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "concerning any damages calculated", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

Subject to the foregoing objections, SiteOne will produce documents concerning its damages. SiteOne reserves its right to supplement this response in the future.

5. **All documents produced to you pursuant to a subpoena, deposition, public information request, or other request for information or documents which you directed to a nonparty in the course of this, or any related, litigation, or litigation referenced in any pleadings or motion papers filed by you in this action.**

7. **All documents concerning customer sales at SiteOne Coram, SiteOne Dix Hills, SiteOne Speonk, SiteOne's Holtsville, Long Island store (#714, Bissett) and SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) for customers with over $1,000.00 in purchases in any monthly period, including the total amount of purchases, gross profit and net profit on a monthly, quarterly and yearly basis from January 1, 2020 to present.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for documents to the extent it requires SiteOne to produce documents in a format beyond what is kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for any customer with over $1,000 in purchases for any monthly period for SiteOne Coram, SiteOne Dix Hills, SiteOne Speonk, SiteOne's Holtsville, Long Island store (#714, Bissett), and SiteOne's Dix Hills, Long Island store (#712, Bissett) from January 1, 2020 to the present.

8. **All documents containing, evidencing, or reflecting an admission against interest of any party to this action.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this request for documents "containing, evidencing, or

37. **All documents referencing communications with and/or among SiteOne employees concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents", "document", and "communications", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

SiteOne is currently unaware of any documents that are responsive to the portion of the request regarding the dispute with the Town of Brookhaven. Subject to the foregoing objections, SiteOne will produce documents responsive to this Request to the extent they exist.

38. **All documents concerning Don's earnout for 2020 and 2021, including SiteOne's earnout calculations related thereto, communications to/from Doug Black, communications to/from Taylor Koch, and Bissett Catch Up Expenses.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this demand as it requests documents from "Bissett Catch Up Expenses" which is an entity not employed by or within SiteOne's control. SiteOne also objects to this request as the term "earnout" is vague and ambiguous.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents related to Don's compensation for 2020 and 2021.

24

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

69. The following reports/documents from SiteOne's document management system, e.g., Counterpoint or Unity Enterprise ("UE"), for the date ranges of January 1, 2020 to the present pertaining to SiteOne Coram, SiteOne Dix Hills and SiteOne Speonk: (a) all annual detailed general ledgers (excel format); (b) ledger account detail related to purchases, inventory, sales, and commissions (excel format); (c) all PDF document copies related to inventory, material, or sales; and (d) audit trail reports for all cancelled orders during 2022, 2023 and 2024.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Request as it is overly burdensome and not proportional to the needs of this case.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and refers to documents produced in response to other requests.

70. All documents reflecting SiteOne's sales for SiteOne Coram from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Coram from January 1, 2020 to the present.

71. **All documents reflecting SiteOne's sales for SiteOne Dix Hills from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Dix Hills from January 1, 2020 to the present.

72. **All documents reflecting SiteOne's sales for SiteOne Speonk from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne Speonk from January 1, 2020 to the present.

73. **All documents reflecting SiteOne's sales for SiteOne's Holtsville, Long Island store (#714, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objection, SiteOne will produce non-privileged documents, as kept in the ordinary course of business, sufficient to show sales for SiteOne's Holtsville store from January 1, 2020 to the present.

74. **All documents reflecting SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

relevant nor reasonably calculated to lead to the discovery of admissible evidence. SiteOne also objects to the request for "daily, weekly, monthly, quarterly and yearly breakdowns" related to the number of SiteOne employees as nonsensical. SiteOne also objects to the extent it seeks information from SiteOne not kept in the ordinary course of business.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce documents sufficient to show which individuals were employed at SiteOne Speonk from 2020 to present and their dates of employment.

78. **All documents reflecting SiteOne's sales for all SiteOne stores located in Region 2, including Long Island (Nassau and Suffolk Counties), from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show SiteOne's sales for all stores in Region 2 from January 15, 2020 to present.

79. **All documents evidencing or reflecting revenue, income, or profit realized by SiteOne through sales or transactions executed by any of the Defendants from January 1, 2020 through 2023.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific

objections. SiteOne also objects to this request to the extent it seeks information "evidencing or reflecting" the "sales or transactions executed" as vague, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents sufficient to show sales or transactions executed by any of the Defendants from January 1, 2020 through the end of 2023.

**80. All communications concerning the meaning of the non-compete provision of Section 6.5 of the Coram Lease, including non-defined terms, such as "beneficiaries."**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "communications" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne further objects to this Demand to the extent it requests production of attorney-client communications, or documents or information protected by the work-product doctrine. SiteOne also objects to the Request to the extent it calls for a legal conclusion.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time.

**81. All documents concerning any computer used by any of Defendants while employed by SiteOne, including SiteOne's ownership, use and cataloguing of any such computer.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document" as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants harm to SiteOne by Defendants operation of a competing business.

97. All documents relied upon by Plaintiff's to support its claim that "[a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars."

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "to support its claim that [a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

98. All documents supporting Plaintiff's claim for damages for tortious interference.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages for tortious interference", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

**99. All documents concerning the specific customer relationships that have purportedly been harmed by Defendants' conduct.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections.

**RESPONSE:**

Notwithstanding the above objections, SiteOne will produce non-privileged documents concerning Defendants harm to SiteOne by Defendants operation of a competing business.

**100.    As to each Defendant, all documents supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

**101.    All documents supporting Plaintiff's claim for damages for aiding and abetting breach of fiduciary duty.**

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

102.     As to each Defendant, all documents and communications supporting Plaintiff's claims that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne", as premature because information is still being gathered, and it will also be the subject of expert discovery.

**RESPONSE:**

For the reasons stated above, SiteOne objects to this Request in its entirety and will not produce documents in response at this time. However, SiteOne reserves its right to supplement this response in the future.

103.     All documents supporting Plaintiff's claim for damages for civil conspiracy.

**OBJECTION:**

SiteOne objects in this Request to the definitions of "all documents" and "document", as detailed above in its Objections to Definitions and Instructions and incorporates here those specific objections. SiteOne also objects to this Request to the extent it requires information "supporting Plaintiff's claim for damages", as premature because information is still being gathered, and it will also be the subject of expert discovery.

Dated:  New York, New York
        June 10, 2024

TROUTMAN PEPPER                        FARRELL FRITZ, P.C.
HAMILTON SANDERS LLP

By: */s/ John S. Gibbs III*              By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)    Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000           400 RXR Plaza
Atlanta, Georgia 30308                         Uniondale, New York 11556
Phone: (404) 885-3000                          Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                 Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on June 10, 2024 via email to all counsel of record at the addresses set forth below.

**MILMAN LABUDA LAW GROUP PLLC**
Michael C. Mule, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michaelmule@mllaborlaw.com
*Attorneys for Defendants Dominick Caroleo, The Garden Dept. Corp.,*
*3670 Route 112 LLC, and 9 4TH St. LLC*

**RIVKIN RADLER LLP**
Kenneth A. Novikoff, Esq.
926 RXR Plaza
Uniondale, New York 11556-0921
Ken.Novikoff@rivkin.com
*Attorneys for Defendants Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd.,*
*Narrow Way 2, LLC, Group 5 Associates, Ltd., Scapes Supply, LLC and Neway*
*Management, LLC*

## DOCUMENT REQUESTS

**DOCUMENT DEMAND NO. 1:** All documents identifying SiteOne's customers who purchased nursery and/or landscaping related products from the Speonk, Coram, Dix Hills and Holtsville locations, and their respective contact information.

**DOCUMENT DEMAND NO. 2:** For each customer of SiteOne identified in response to Document Demand No. 1, all documents reflecting the amount of gross revenue derived from the sale of nursery and/or landscaping related product from the Speonk, Coram , Dix Hills and Holtsville locations, in each year since the acquisition by SiteOne of the Garden Department.

**DOCUMENT DEMAND NO. 3:** All "business plans" created prior to the acquisition by SiteOne of Garden Department, concerning the acquisition of Garden Department by SiteOne.

**DOCUMENT DEMAND NO. 4:** All "business plans" created after the acquisition by SiteOne of Garden Department, concerning the acquisition of Garden Department by SiteOne.

**DOCUMENT DEMAND NO. 5:** All documents reflecting business plans and/or business strategies concerning the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 6:** All documents reflecting the days and hours of operation for the Speonk, Coram and Dix Hills locations, respectively, after the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 7:** All documents reflecting each and every acquisition by SiteOne of businesses similar to Garden Department, *i.e.*, a nursery and/or landscape supply company, in Region 2, from January 1, 2018 through the present.

**DOCUMENT DEMAND NO. 8:** All documents reflecting business and/or economic forecasts and/or projections for the Speonk, Coram, Dix Hills and Holtsville locations, respectively, created prior to the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 9:** All documents reflecting business and/or economic forecasts and/or projections for the Speonk, Coram, Dix Hills and Holtsville locations, respectively, created subsequent to the acquisition by SiteOne of Garden Department

**DOCUMENT DEMAND NO. 10:** All documents concerning your allegation as set forth in ¶1 of the Amended Complaint that "Defendants have engaged in a course of conduct . . . in a coordinated and clandestine effort to maliciously harm SiteOne's business."

**DOCUMENT DEMAND NO. 11:** All documents concerning your allegation as set forth in ¶2.a of the Amended Complaint.

**DOCUMENT DEMAND NO. 12:** All documents concerning your allegation as set forth in ¶2.b of the Amended Complaint.

**DOCUMENT DEMAND NO. 13:** All documents concerning your allegation as set forth in ¶2.c of the Amended Complaint.

including but not limited to the subject matter of the allegations contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 56:** All documents reflecting communications by any SiteOne employee with or involving Gerard Passaro concerning the subject of the allegation contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 57:** All documents reflecting communications by any SiteOne employee with or involving Greg Thistle concerning the subject matter of the allegation contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 58:** All documents, including but not limited to pictures and videos, concerning Plaintiff's claim that "Defendants Open Another Competing Business Within the Restricted Area," as alleged in ¶¶109-124 of the Amended Complaint.

**DOCUMENT DEMAND NO. 59:** All documents concerning Plaintiff's claim that "Defendants through their competing business, have harmed SiteOne by taking SiteOne's customers by causing SiteOne's customers to reduce their business with SiteOne," as alleged in ¶122 of the Amended Complaint.

**DOCUMENT DEMAND NO. 60:** All documents concerning Plaintiff's claim that "[a]s if the date of filing this Amended Complaint, SiteOne's estimated lost business totals in the millions of dollars."

**DOCUMENT DEMAND NO. 61:** All documents reflecting all compensation paid to Victor Caroleo and Nicholas Giordano, respectively, by SiteOne, for each year of their respective employment with SiteOne.

**DOCUMENT DEMAND NO. 62:** All text messages by, between and/or among any SiteOne employee and: (1) Victor Caroleo; (2) Nicholas Giordano, and; (3) Dominick Caroleo.

**DOCUMENT DEMAND NO. 63:** All documents concerning any investigation by and/or behalf of SiteOne into any of the Defendants concerning the subject matter of your claims for relief as set forth in the Amended Complaint.

Dated:  Uniondale, New York
        April 19, 2024

                                    Yours, etc.,
                                    RIVKIN RADLER LLP
                                    Attorneys for Defendant(s)
                                    *Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd.,*
                                    *Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes*
                                    *Supply, LLC and Neway Management, LLC,*

                            By:     *Kenneth A. Novikoff*
                                    Kenneth A. Novikoff (KAN- - 0350)
                                    A Member of the Firm
                                    926 RXR Plaza
                                    Uniondale, New York 11556-0921