# EXHIBIT B

Case 2:23-cv-02084-GRB-SIL   Document 263-2   Filed 11/26/25   Page 1 of 9 PageID #: 4738

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,    Docket No.: 23-cv-02084 (GRB) (SL)

        Plaintiff,

   -against-

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY,LTD.; NARROW WAY 2 LLC; THE GARDENDEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPESSUPPLY LLC; NEWAY MANAGEMENT, LLC; and NEWAY TRUCKING,    **DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC**

        Defendants.
-----------------------------------------------------------X

     PLEASE TAKE NOTICE that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, and Scapes Supply, LLC, ("Defendants"), by their attorneys, Law Offices of Thomas A. Bizzaro, Jr., P.C., hereby request that Plaintiff SiteOne Landscape Supply, LLC admit the truth of the matters set forth below, pursuant to Rule 36 of the Federal Rules of Civil Procedure. These Requests are to be answered in writing and served within thirty (30) days in accordance with the Federal Rules and Local Civil Rules of the Eastern District of New York. Each request pertains to the subject matter of this action and, unless otherwise indicated, refers to the time period from January 1, 2023 through the present.

## INSTRUCTIONS

1. Each Request for Admission shall be deemed to be continuing and require supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2. If you deny a Request, you must specifically state the reasons for the denial and set forth in detail the facts upon which the denial is based.

3. If you lack knowledge or information sufficient to admit or deny, you must state that and describe your efforts to obtain the information.

## REQUESTS FOR ADMISSIONS

1. Admit that CEO Doug Black's SiteOne-issued Android phone became lost, missing, or otherwise unavailable after SiteOne's duty to preserve relevant information in this litigation arose.

2. Admit that Doug Black received a litigation hold notice concerning this litigation before the loss of his Android phone.

3. Admit that after receiving the litigation hold, Doug Black did not preserve the Android phone by backing it up, imaging it, or copying the text-message data stored on it.

4. Admit that SiteOne (either internally or through outside vendors) did not preserve Doug Black's Android phone by backing it up, imaging it, or copying the text-message data stored on it.

5. Admit that SiteOne did not image or otherwise collect text-message data from Doug Black's Android phone before it became lost or unavailable.

6. Admit that SiteOne did not produce any text messages from Doug Black's Android phone in discovery.

7. Admit that CISO David Black testified SiteOne did not have a backup or clone of Doug Black's lost Android phone.

8. Admit that no member of SiteOne's IT Department has confirmed that they took steps to preserve Doug Black's Android phone before it was lost.

9. Admit that no SiteOne employee ever documented how Doug Black's Android phone became lost or misplaced.

10. Admit that SiteOne has not produced any internal report or IT ticket documenting the loss of Doug Black's Android phone.

11. Admit that SiteOne has not produced a chain of custody concerning the loss of Doug Black's Android phone.

12. Admit that SiteOne has not recovered any data from the lost Android phone of Doug Black through other sources (e.g., email syncs, cloud backups, or messaging platforms).

13. Admit that SiteOne has not attempted to recover any data from the lost Android phone of Doug Black through other sources (e.g., email syncs, cloud backups, or messaging platforms).

14. Admit that Doug Black used a personal iPad that was capable of receiving text messages or iMessages during the Relevant Time Period.

15. Admit that SiteOne did not collect or search Doug Black's iPad for responsive communications until after his October 15, 2025 deposition.

16. Admit that SiteOne did not collect or search Doug Black's iPad for responsive communications at any time prior to service of this Request for Admissions.

17. Admit that SiteOne was not aware of Doug Black's iPad as a potential evidence source until questioned at his deposition on October 15, 2025.

18. Admit that no litigation hold was issued specifically identifying Doug Black's iPad as a device subject to preservation.

19. Admit that SiteOne's IT department was not informed of the litigation hold as it applied to Doug Black's Android phone.

20. Admit that former CIO Sean Kramer was not informed of the litigation hold as it applied to Doug Black's Android phone prior to its alleged loss.

21. Admit that SiteOne did not involve the IT Department in preserving or imaging Doug Black's phone after the litigation hold issued.

22. Admit that SiteOne did not involve former CIO Sean Kramer in preserving or imaging Doug Black's phone after the litigation hold issued.

23. Admit that SiteOne discarded or failed to preserve Doug Black's phone despite knowing it contained communications relevant to this litigation.

24. Admit that SiteOne's failure to preserve Doug Black's Android phone resulted in the permanent loss of relevant evidence.

25. Admit that prior to July 1, 2025, SiteOne has not checked the iCloud or Android (Google) backup associated with the lost Android device or any of Doug Black's other cellular devices to see if relevant text message data exists.

26. Admit that prior to July 1, 2025 SiteOne did not attempt to locate Doug Black's lost Android device with either AirWatch, Knox, the Android device's internal tracking software, or otherwise.

27. Admit that since Doug Black's Android phone was lost to the present, SiteOne has not attempted to locate Doug Black's lost Android device with either AirWatch, Knox, the Android device's internal tracking software, or otherwise.

28. Admit that Kevin Peattie received a litigation hold notice concerning this litigation prior to November 11, 2024.

29. Admit that Kevin Peattie's SiteOne-issued iPhone was factory reset by SiteOne's IT department on or about November 11, 2024.

30. Admit that the November 11, 2024 factory reset of Kevin Peattie's iPhone occurred after he received the litigation hold.

31. Admit that SiteOne did not create or preserve a backup of Kevin Peattie's iPhone before it was factory reset.

32. Admit that the factory reset resulted in the deletion of all text messages stored on Kevin Peattie's iPhone.

33. Admit that SiteOne has not produced any of the text messages that were deleted from Kevin Peattie's iPhone as a result of the factory reset.

34. Admit that Kevin Peattie's device had no litigation-hold warning label or notification applied by SiteOne's IT department.

35. Admit that SiteOne's litigation hold notice did not instruct Kevin Peattie to disable any auto-delete or text-message expiration settings.

36. Admit that SiteOne did not instruct its IT department to preserve Kevin Peattie's phone before initiating a factory reset on November 11, 2024.

37. Admit that SiteOne did not instruct CIO Sean Kramer to preserve Kevin Peattie's phone before initiating a factory reset on November 11, 2024.

38. Admit that SiteOne failed to take reasonable steps to preserve Kevin Peattie's iPhone after issuing the litigation hold.

39. Admit that SiteOne's failure to preserve Kevin Peattie's iPhone resulted in the permanent loss of relevant electronically stored information.

40. Admit that SiteOne has issued more than one (1) cellular device to Kevin Peattie since October 2022 to the present.

41. Admit that SiteOne has not checked the iCloud backup associated with any of Kevin Peattie's cellular devices to see if relevant text message data exists.

42. Admit that Gerard Passaro utilized a personal cellular phone before he was issued a SiteOne company phone during the Relevant Time Period.

43. Admit that Gerard Passaro's personal phone became lost or unavailable during the pendency of this litigation.

44. Admit that Passaro received a litigation hold notice prior to the loss or unavailability of his personal cell phone.

45. Admit that SiteOne did not recover or preserve any text-message data from the device Passaro used before receiving his current iPhone.

46. Admit that SiteOne has not produced any text messages from the Passaro's personal device that was lost or unavailable.

47. Admit that SiteOne did not instruct Gerard Passaro not to delete text messages from his cellular devices.

48. Admit that SiteOne did not document or report how or when Passaro's personal phone became unavailable.

49. Admit that SiteOne's IT department was not involved in preserving data from Passaro's earlier SiteOne-issued phone.

50. Admit that former SiteOne CIO Sean Kramer was not involved in preserving data from Passaro's earlier SiteOne-issued phone.

51. Admit that SiteOne has not checked the iCloud backup associated with any of Gerard Passaro's cellular devices to see if relevant text message data exists.

52. Admit that SiteOne has issued more than one (1) cellular device to Gerard Passaro since October 2022 to the present.

53. Admit that SiteOne's litigation hold process did not include verification of whether Passaro's phone (either personal or SiteOne-issues) was being preserved.

54. Admit that SiteOne's failure to preserve Gerard Passaro's earlier phone resulted in the permanent loss of relevant evidence.

55. Admit that SiteOne has no written records or preservation logs documenting efforts to secure Passaro's prior device, which Passaro testified he does not know where it is but remembers handing it to SiteOne IT when he was issued a SiteOne iPhone.

**-Signature Page to Follow-**

Dated: Huntington, New York
October 28, 2025

                        LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.

By: _____

                        Thomas A. Bizzaro, Jr., Esq.
                        Attorneys for Defendants
                        23 Green Street, Suite 309
                        Huntington, New York 11743
                        (631) 380-3297
                        tbizzaro@tab-law.com

cc:    All Counsel via Email