Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Nicholas Giordano, et al* **(2:23-CV-02084)**
   **SiteOne's Status Report**

Dear Judge Locke:

Nothing so compels the appointment of Mr. Cardello as Special Master as this latest demonstration of the inability of the parties to agree on the simplest of issues. This highlights how critical Mr. Cardello's involvement is for the expeditious resolution of this case.

The Court ordered the parties to file a joint status report concerning merits depositions by December 8. The parties exchanged several drafts of the joint report yesterday, December 8. The undersigned waited until almost midnight for Defendants' counsel to either make additional edits or confirm consent to file the most recent version of the draft then circulated. Defendants' counsel, however, ignored the undersigned's email following up on the report sent at 10:43 pm and did not respond further on December 8.

Ignoring the undersigned's communications of the evening before as though they never happened, Defendants' counsel emailed the undersigned at 5:50 am on December 9 asking if the report had been filed. The parties exchanged another draft which Defendants' counsel said at 8:06 am he would review as soon as he was in in office. The undersigned did not hear back from Defendants' counsel until 12:21 pm when he requested a change to SiteOne's version of the report.

The reason for the requested changes arises from the parties' disagreement about the necessity to reappoint Mr. Cardello at this time: SiteOne proposed it, Defendants took exception to it, SiteOne then provided reasons why this appointment was necessary (including references to this Court's comments last week as to the impropriety of Defendants' scheduling of an unauthorized deposition followed by unauthorized contact of a witness), and Defendants took exception to the inclusion of that history. This is what Mr. Bizzaro now refers to as "gratuitous ad hominem comments."

To get this done, the undersigned changed the report to omit that recent history, as objected to by Defendants' counsel, and returned the draft report at 1:17 pm. Defendants' counsel replied that there was "no substantive difference" and, without any further effort to discuss or resolve this point, unilaterally filed his own version of the report at 1:35 pm.

The below is the exact version of the final draft joint report sent by the undersigned to Defendants' counsel for approval at 1:17 pm on December 9.

# JOINT STATUS REPORT[1]

This Court's December 1, 2025 Order (the "Order") [ECF 264] provides that each party may take 12 depositions total, which may be used as merits depositions or deal with document retention issues. The Order requires the parties to file a joint status report identifying the witnesses the parties wish to depose, when the parties reasonably expect the depositions to be completed, and whether the parties agree to Michael Cardello resuming his special master function with respect to these depositions.

## The Appointment of Michael Cardello

*SiteOne's Position*:

Pursuant to the Order, SiteOne requests the Court direct Mr. Cardello to resume his role as Special Master with respect to the remaining depositions in this case. SiteOne notes Defendants' objection to paying for the Special Master, including that they "are individuals" while SiteOne is a public corporation. However, Don received more than $30 million from SiteOne when it purchased his business, and Don has since started two separate lawsuits against it. Defendant Scapes Supply is a corporation receiving millions in annual revenue, and Don, Vic and Nick are all admittedly working with, own, manage and/or run Scapes Supply. Affordability is not an issue. As the parties struggled to even agree on the filing of this Report, it is clear that having Mr. Cardello serve as Special Master is necessary given the scope of work defined by this report. Every dollar spent by the parties will save $10 in likely litigation costs, and will make completion of the 24 depositions that the parties collectively intend to take per this Report much more likely to occur by the end date to be set by the Court. SiteOne urges this appointment with costs to be split equally.

*Defendants' Position*:

Defendants position is if SiteOne wants Mr. Cardello to supervise twenty-four (24) depositions, SiteOne should pay for Mr. Cardello's services. Defendants are individuals – not a public corporation. Requiring the Defendants to incur the added expense of Mr. Cardello for the remaining depositions will severely prejudice the Defendants from a financial standpoint. At a minimum, the Parties should be given an opportunity to commence the depositions without Mr. Cardello and, if issues arise, counsel can confer and we can revisit the issue with the Court. Defendants requested that SiteOne remove the gratuitous comment about "discovery abuses", however, SiteOne's counsel refused to do so.

## Deposition Schedule

SiteOne proposes that the depositions begin January 19, 2026 and continue through May 29, 2026. Defendants propose that the depositions begin January 5, 2026 and continue through March 31, 2026.

---

[1] Counsel for SiteOne did not receive Defendants' counsel consent to file this Report until December 9, 2025, resulting in this being filed a day after the Court's December 9 deadline.

**Proposed Status Conference Dates**

If the Court opts for SiteOne's deposition schedule, above, the parties propose a status conference for June 1-5 or 8-12. If the Court opts for Defendants' deposition schedule, the parties propose a status conference for March 5-6 or March 11-13. Defendants would like the Court to schedule a status conference after the deposition completion deadline and a conference during the depositions in the event any issues have arisen that need the Court's attention.

**Anticipated Deponents**

The parties are designating twelve (12) witnesses for depositions as required by the Court but reserve their right to select other deponents in their place and stead should discovery identify others more critical to the claims and defenses asserted.

*SiteOne's Deponents*:

Don Caroleo; Vic Caroleo; Nick Giordano; Scapes Supply LLC 30(b)(6) witness; Narrow Way Realty, Ltd. 30(b)(6); Neway Management, LLC 30(b)(6); Narrow Way 2 LLC 30(b)(6); Bill Fitzgerald; John Hanley; Chris Sorge; Mike Sipala; and Matt Boyd.

*Defendants' Deponents*:

SiteOne Landscape Supply LLC 30(b)(6), Douglas Black; Neville Ranglin; Sean Kramer; Joseph Ketter; Phil Sausto; Gerard Passaro; Jeri Isbel; John Guthrie; Briley Brisendine; Anthony Catalano; and David Bannister.

Respectfully submitted,

J. Evan Gibbs III