**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

December 12, 2025

**VIA ECF**
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:   SiteOne Landscape Supply, LLC v. Giordano et al.
           Case No.: 2:23-cv-02084 (GRB)(SIL)

Dear Justice Brown:

      This firm, along with Anthony Cummings, Esq. of Certilman Balin Adler & Hyman LLP, represent the Defendants in this action. Pursuant to Your Honor's Individual Practice Rule II(g), Defendants respectfully request a pre-motion conference in anticipation of filing objections under FRCP 72(a) to vacate Magistrate Judge Locke's December 1, 2025 Minute Order (DE 264). The December 1, 2025 Order granted SiteOne's motions for protective orders (DE 251, 260) as to Defendants' supplemental requests for production, privilege log demands, requests for admission, and discovery on allegations related to Laura Shartle, deeming them disproportionate, duplicative, or irrelevant without separately analyzing each category of discovery or providing specific findings as required by Federal Rule of Civil Procedure 26(c). This ruling is clearly erroneous and contrary to law.

## Background of Action

      This action, filed March 17, 2023, alleges breaches of restrictive covenants and theft of property by Defendants after SiteOne acquired Defendants family-owned and operating landscaping supply business. Discovery in this action commenced in or around April 2024. Defendants – through prior counsel - served 180 initial RFPs - SiteOne produced over 200,000 documents between June 2025 and October 2025 - but as detailed in prior motions and Exhibit A (Summary of Issues with SiteOne's Document Productions) - Defendants contend the productions were largely unresponsive, non-searchable, heavily redacted, and lacking metadata or attachments, in alleged violation of Federal Rules of Civil Procedure 26 and 34. Defendants raised these issues before Magistrate Judge Locke, who ordered supplemental productions, but SiteOne's compliance with the Court's order remained inadequate. To target gaps revealed by depositions and incomplete productions, Defendants – through their current legal counsel - served targeted supplemental RFPs (166 total across sets), one set of RFAs (47 requests), and demands for a complete privilege log. SiteOne moved for protective orders, which Magistrate Judge Locke granted in the December 1, 2025 Order after a hearing (DE 265). Thereafter, on December 10, 2025, Magistrate Judge Locke appointed Mr. Cardello as Special Master for 24 depositions, requiring even cost-sharing at $650/hour.

## Breakdown of Protective Order on RFPs, Privilege Log, and RFAs

SiteOne's motion (DE 251) sought a blanket protective order against all supplemental discovery, framing it as abusive. Magistrate Judge Locke granted it wholesale, stating the "latest sets of requests are wildly disproportionate" and "duplicative of earlier requests" with "no explanation" for delay (DE 264). He did not separately analyze the RFPs, privilege log, or RFAs, providing no specific basis for relief on the latter two. Defendants respectfully submit this constitutes error under Federal Rule of Civil Procedure 26(c), which requires the moving party to demonstrate good cause for a protective order as to each specific category of discovery, supported by particularized findings by the court.

- **Supplemental RFPs (166 total)**: These are not duplicative but targeted to address gaps in SiteOne's initial productions, informed by depositions (e.g., of custodians like CEO Doug Black, CISO David Black, Gerard Passaro, and Kevin Peattie) and new facts (e.g., spoliation of texts and lost cell phones). For instance, RFP Set 3 seeks documents on SiteOne's internal investigations post-defendant Don Caroleo's ("Don's") termination, not covered by the original RFPs which focused on pre-acquisition matters. RFP Set 4 targets specific financial records for damages defenses, omitted from the original RFPs due to SiteOne's vague responses. Defendants' analysis of the original productions, as detailed in DE 253, indicates that approximately 80% of the documents produced were non-responsive to the requests; and supplemental RFPs narrowed it down to crucial categories like custodian communications on Don's covenants (e.g., RFP 22-23). Defendants respectfully submit that the Magistrate Judge's rationale - that Defendants should have moved to compel on the original requests instead of serving new requests - does not account for the fact that the supplemental requests necessarily target evidence that could not have been identified in the original requests, as the original requests were drafted before depositions revealed gaps in production and new factual issues – and further ignores prior motions to compel made by Defendants which proved futile. Denying them without analysis violates FRCP 26(b)(1)'s proportionality standard, especially given SiteOne's history of non-compliance.

- **Privilege Log Demands**: SiteOne's log is deficient, lacks and/or has inconsistent dates, authors, recipients, and descriptions per FRCP 26(b)(5). Magistrate Judge Locke granted protection without separately addressing the deficiencies in the privilege log or providing specific findings as to this category of discovery. In that regard, at the hearing before Magistrate Judge Locke on June 12, 2025, SiteOne's counsel, Evan Gibbs, Esq., advised the Court that SiteOne was reviewing in upwards of 50,000 documents that hit SiteOne's "privilege screening criteria" – which criteria Gibbs refused to disclose - and would be producing a privilege log to the Court and the Defendants. *See also the May 27, 2025 letter of SiteOne's counsel – Evan Gibbs, Esq.* (DE 262-5) ("the remaining 50,000 documents that we are not producing by or before May 27 [encompass] 40,000 documents – hit on Siteone's privileged screening criteria. The remaining 10,000 or so documents consist of emails from the account of Siteone's CEO Doug Black.") Thereafter, SiteOne produced documents (@ 200,000 in total) – sporadically – eventually producing only a 21-document privilege log. Respectfully, the fact that SiteOne admittedly produced approximately

200,000 documents with an accompanying 21-document privilege log speak for itself and demonstrates the need for supplemental targeted discovery from SiteOne. Moreover, SiteOne's privilege log is defective on its face. Defendants respectfully submit the Order is contrary to law, as Federal Rule of Civil Procedure 26(b)(5) requires privilege logs to contain sufficient information to enable assessment of privilege claims, and granting blanket relief without addressing the specific deficiencies effectively excuses SiteOne from its obligations under the rule.

- **RFAs (47 total, first and only set)**: SiteOne never responded to these standard requests on basic facts (e.g., device preservation). Magistrate Judge Locke granted protection without mention, deeming them part of "latest sets." Defendants respectfully submit this constitutes clear error: requests for admission serve a fundamentally different purpose than requests for production under Federal Rule of Civil Procedure 36 - they narrow disputed issues and establish facts, thereby streamlining trial. Denying Defendants' first and only set of requests for admission without separate analysis or specific findings as to how they are duplicative, disproportionate, or otherwise objectionable prejudices Defendants' ability to establish key facts for their defenses, including facts related to spoliation of evidence.

**Protective Order on Shartle Claims**

SiteOne's DE 260 motion sought to bar discovery on Laura Shartle's misconduct allegations against Don, his termination, and related investigation. Magistrate Judge Locke granted it, finding the information "not relevant" and "overbroad" (DE 264), relying on his earlier October 15, 2024 ruling (DE 180) quashing a Shartle subpoena for her bank records. Defendants respectfully submit this is clearly erroneous, as the factual record has materially changed since the October 15, 2024 ruling: Depositions taken since October 2024 revealed new facts including the loss of CEO Doug Black's cell phone, an iPad belonging to CEO Black that SiteOne itself was unaware of until CEO Black deposition, as well as spoliation of text messages and inconsistent timelines, which support Defendants' defense theory that the allegations involving Laura Shartle were pretextual and intended to avoid contractual earn-out payment obligations – which bear directly on Defendants' equitable defenses of laches and/or unclean hands – and other defenses. Defendants respectfully submit that the Magistrate Judge's ruling did not account for the changed factual circumstances and new evidence obtained through depositions, which is contrary to Federal Rule of Civil Procedure 26(b)(1)'s requirement that discovery be permitted as to any nonprivileged matter relevant to any party's claim or defense. The evidence regarding the Shartle allegations is relevant to Defendants' defenses concerning SiteOne's motive and the credibility of its claims.

The anticipated motion will seek vacatur and/or modification of the Order to compel compliance, reopen limited and targeted discovery, and impose FRCP 37 sanctions for SiteOne's deficiencies, and vacate/modify cost-sharing.

23 Green Street, Suite 309, Huntington, New York 11743 : 631-380-3297 : www.tab-law.com

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

Based on the foregoing, Defendants respectfully request a conference before Your Honor.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc: All Counsel via ECF

**Exhibit A: Chart - Summary of Issues with SiteOne's Document Productions to Date**

| Issue | Description | Impact | Resolution Attempts | Basis for Objection |
|---|---|---|---|---|
| Incomplete Productions | Missing docs from key custodians/time periods (e.g., post-termination investigations) | Hinders defenses on covenants | Raised in DE 253; no cure | Clear error: Supplementals target gaps originals missed |
| Deficient Privilege Log | No dates/authors; vague descriptions | Can't assess claims | Demanded update; ignored | Contrary to law: No basis given for protection |
| Unanswered RFAs | First/only set; no responses | Can't narrow facts (e.g., spoliation) | Meet-and-confer denied | Clear error: Not duplicative; essential under FRCP 36 |
| Shartle Discovery | Barred despite new facts from depositions | Undermines motive and laches/unclean hands defenses | Prior motion denied; landscape changed | Clear error: Failed to reconsider relevance |