**TAB**

— LAW OFFICES OF —
THOMAS A. BIZZARO, JR., P.C.

December 16, 2025

**VIA ECF**
Honorable Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     **Re:**   **SiteOne Landscape Supply, LLC v. Giordano et al.**
          **Case No.: 2:23-cv-02084 (GRB)(SIL)**

Dear Magistrate Justice Locke:

This firm, along with Anthony Cummings, Esq. of Certilman Balin Adler & Hyman LLP, represents the Defendants in this action. Pursuant to the Court's Scheduling Order dated December 10, 2025, and Federal Rule of Civil Procedure 53(b), Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, and the Defendant LLCs, respectfully object to the reappointment of Michael Cardello, Esq., of Moritt Hock & Hamroff LLP, as Special Master to supervise the upcoming 24 depositions in this matter.

The Court's December 10, 2025 Order reappoints Mr. Cardello under Fed. R. Civ. P. 53(a)(1)(C) for the 24 depositions, requiring even cost-sharing at $650/hour. (DE 266, 267). Defendants respectfully submit that this equal cost allocation is contrary to the factors set forth in Federal Rule of Civil Procedure 53(g)(3), which provides that the court shall allocate the master's fees and expenses among the parties after considering "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3).

Defendants are individuals (Nicholas Giordano, Dominick Caroleo, and Victor Caroleo) and small LLCs, not a large public company like SiteOne (NYSE: SITE; TTM revenue $4.67B, net income $139.9M, market cap ~$3B per recent data). Defendants contend that SiteOne's discovery misconduct - including deficient productions, spoliation of evidence, and the filing of numerous discovery motions - has necessitated the appointment of a Special Master, while Defendants have not engaged in conduct causing delays or requiring supervision. Mr. Cardello was appointed after the deposition of SiteOne's CISO David Black on July 10, 2025, where issues arose due to SiteOne's conduct. Specifically, during the deposition, SiteOne produced for the first time its Master Records Retention Policy (referenced in its previously produced Code of Conduct but inappropriately withheld until the deposition), and then Plaintiff's counsel Evan Gibbs, Esq., unilaterally halted the deposition after approximately three (3) hours, refusing to permit Defendants' counsel to question the witness on this newly produced document, despite Fed. R. Civ. P. 30(d)(1) allowing seven hours and despite Defendants' counsel's objection to the

Honorable Steven I. Locke
December 16, 2025
-Page 2-

adjournment (Black Dep. Tr. 176:2-182:25). Counsel attempted to contact the Court at approximately 12:30 p.m. to resolve the dispute, but Your Honor was unavailable (Id. at 176:12-17). The four (4) depositions after Mr. Cardello's appointment proceeded without issue; notably, Mr. Cardello was not present for one deposition, and there still were no issues, demonstrating that his physical presence is not necessary for depositions to proceed smoothly.

Based on the foregoing, Defendants respectfully request that the Court reconsider the appointment of Mr. Cardello and permit the parties to proceed without a Special Master for the remaining depositions, with the understanding that if issues arise, the parties can promptly seek the Court's intervention or revisit the appointment of a Special Master at that time. In the alternative, if the Court determines that a Special Master remains necessary, Defendants respectfully request that Mr. Cardello be available by phone or video conference in the event an issue arises, rather than requiring his physical presence at all 24 depositions, which would unnecessarily multiply costs. As a second alternative, if the Court determines that Mr. Cardello's in-person presence is necessary and SiteOne insists on such presence, Defendants respectfully request that SiteOne bear all costs of the Special Master. At a minimum, the Court should allocate costs to SiteOne pursuant to the Rule 53(g)(3) factors, given: (1) SiteOne's vastly superior financial means; (2) the fact that SiteOne's discovery conduct necessitated the Special Master appointment; and (3) the disproportionate burden equal cost-sharing places on individual defendants and small business entities.

Thank you for your prompt attention to this matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr.

cc: All Counsel via ECF