Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

December 17, 2025

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.*
**Civil Action No. 2:23-cv-02084-GRB-SL**

Dear Judge Locke:

This response is filed on SiteOne's behalf responding to Defendants' letter challenging the Court's appointment of Michael Cardello as special master. [ECF No. 269.] As Your Honor explained only a few months ago in September:

> Simply stated, it is clear that the parties need constant supervision if they are going to make any progress with the Court-ordered depositions that have still not happened…This Court does not have the resources to supervise every question and answer at every deposition, which is what the Court concludes needs to happen if this case is going to move forward.

[ECF No. 233 p. 2.]

Your Honor was correct then and nothing has changed: secret subpoenas; hundreds of duplicative discovery requests; yelling at and belittling deponents; obfuscating evidence destruction. Defendants' compulsive obstreperousness, described accurately by Your Honor during the December 1, 2025 hearing as "scorched Earth litigation" practices, will prevent merits depositions from moving forward at anything beyond a glacial pace absent early intervention and continuous, hands-on management.

Defendants' latest motion nevertheless asks the Court to reconsider Mr. Cardello presiding as special master. Defendants' motion, however, only reinforces the acute need for Mr. Cardello's involvement. Your Honor's recent observation on December 10 that "this Court has had to decide more than 40 discovery motions" since being assigned on March 8, 2024 speaks volumes about the necessity to have Mr. Cardello supervise all of the merits depositions. [ECF Electronic Order of Dec. 10, 2025.] Without constant supervision by Mr. Cardello, the undersigned anticipates that endless motion practice will prevent the depositions from being completed in the spring (or even summer) of 2026, forcing this case to potentially drag into its fourth year in 2027.

Defendants first argue in their motion that "Defendants have not engaged in conduct causing delays or requiring supervision." [ECF No. 269 p. 1.] They then contend that, even if Mr. Cardello is appointed, they should not have to bear the costs associated with his appointment because they are "individual defendants and small business entities." [*Id.* p. 2.] Defendants then ask the Court to choose from three alternatives: (1) do not involve Mr. Cardello at all; (2) only involve him such that he is available to address objections that arise during the depositions and not have him attend any depositions; or (3) require SiteOne to pay all of his fees. [*Id.*]

As to the first point, SiteOne will not waste the Court's time repeating and relitigating recent or more distant motions. Your Honor is intimately familiar with the parties' disputes[1] and spilling more ink about them or further casting blame would be counterproductive. As Your Honor observed some 14 months ago:

> This litigation's primary feature is its hostility…It is beyond question that permitting the depositions sought to go forward prior to rulings on the pending motions will in turn lead to more motion practice.

[ECF Electronic Order of Oct. 8, 2024.] Those comments continue to ring true and highlight the need for Mr. Cardello's appointment.

As for Mr. Cardello's fees, Federal Rule 53(g)(3) requires allocation of the special master's fees among the parties considering the nature and amount of the controversy; the parties' means; and the extent to which any party is more responsible than other parties for the reference to a master. On this fee-splitting issue, SiteOne repeats its now-familiar refrain that it paid well in excess of $30 million for the business Defendants turned around and stole from SiteOne. The business being operated by Defendants, Scapes Supply, has annual revenues believed to be approaching—if not well exceeding—$10 million. Defendants have provided no evidence or reason to believe they are paupers unable to afford their half of Mr. Cardello's fees. SiteOne is not otherwise aware of any reason, grounded in reality, warranting anything other than an even split of his fees.

For these reasons, SiteOne asks the Court to affirm its December 10 decision in all respects appointing Mr. Cardello as special master to personally supervise each of the merits depositions in this case and for his fees to be borne equally by the parties.

Respectfully submitted,

J. Evan Gibbs III

---

[1] This includes, of course, the reasons the Court originally appointed Mr. Cardello to supervise the document retention depositions earlier this year. [*E.g.*, ECF Nos. 217, 223, 233.]