Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(2:23-CV-02084)**
<u>Motion to Compel Compliance with the Court's Prior Order Regarding NextPoint Law Group, LLC's Documents</u>

Dear Judge Locke:

  Defendants have—without explanation—refused to comply with Your Honor's September 17, 2025 Order directing them to produce records from NextPoint Law Group, LLC ("NLG"). Defendants have not produced the documents and will not communicate further with SiteOne's counsel about their production. The undersigned has repeatedly tried to engage with opposing counsel prior to filing this Motion, but those efforts are now met with silence. Given Defendants' unjustified refusal to comply with Your Honor's directives and their counsel's refusal meet and confer about this issue, SiteOne asks Your Honor to require production of the records within one week and award SiteOne its attorneys' fees related to the filing of this motion pursuant to FRCP 37(b)(2)(C) since there is no reason SiteOne should have to file this Motion.

  For context, on June 19, 2025, SiteOne filed its Motion to Compel NLG to comply with SiteOne's document subpoena served on it on April 9, 2025 and produce documents in accordance with the subpoena. [ECF 219.] These records relate to Defendants' evidence spoliation. NLG was retained by Defendants' former counsel, Milman Labuda Law Group PLLC, to assist them with analysis of Defendants' mobile devices, email and other accounts, and with the production of records responsive to SiteOne's document requests. SiteOne sought the documents and communications from NLG to understand the extent of the data destruction and NLG's findings regarding same.

  The Court held oral argument and granted SiteOne's Motion to Compel on September 17, 2025. [ECF 233.] The Court ordered that NLG produce the documents by October 31, 2025, with the production going first to counsel for SiteOne who would only confirm the production contained the responsive materials. Counsel for SiteOne was directed to then provide the documents to Defendants' counsel to review *only* for privilege. Your Honor directed Defendants to then provide all non-privileged documents and the privilege log to SiteOne and provide Your Honor with copies of the putatively privileged materials for in camera review to assess the privilege assertions. [*Id.*]

  On October 7, 2025, NLG produced the documents to SiteOne's and Defendants' counsel. SiteOne confirmed with Defendants' counsel the next day, October 8, 2025, that the records appeared to be responsive. The undersigned spoke with Defendants' counsel (Anthony Cummings and Tom Bizzaro) about a week later via phone, with Mr. Cummings confirming Defendants would complete their review of the records shortly and anticipated producing them by the end of October 2025. The undersigned emailed Defendants' counsel on November 4 and 12, 2025,

inquiring about production of the NLG records, receiving no substantive response or production date.

The undersigned again emailed Defendants' counsel on December 4, 2025 demanding production of the documents. Defendants' counsel did not respond. The undersigned again emailed Defendants' counsel on December 29, 2025 asking for production of the documents by January 2, 2026. Mr. Bizzaro responded to that email stating, "Anthony will respond to the remainder of your email [regarding production of the NLG records] when he is available." Defendants did not further respond or produce the documents.

Given the above, SiteOne asks this Court to order Defendants produce the NLG documents within one week and that Defendants be required to pay SiteOne's attorneys fees incurred in drafting and filing this Motion given the absence of any justification for not complying with Your Honor's earlier Order or for refusing to communicate with SiteOne about the NLG records. FRCP 37(b)(2)(C) provides a range of appropriate sanctions when a party fails to comply with a discovery order, including for the disobedient party and/or the attorney advising that party (or both) to pay the reasonable expenses, including attorney's fees, caused by the refusal to comply with a prior discovery order unless the failure was substantially justified or other circumstances make an award of expenses unjust.

SiteOne already incurred significant expenses to compel production of NLG's documents and there is no reason SiteOne should have to expend any further resources on production of these documents or bother Your Honor with this issue.

Thank you.

J. Evan Gibbs III