

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

U.S. District Judge Gary Brown, Eastern District of New York

Re:   **SiteOne Landscape Supply, LLC v. Giordano, et al. (Case No. 2:23-CV-02084)**
      **SiteOne's Response in Opposition to Defendants' Pre-Motion Letter**

Dear Judge Brown:

This letter is the response of SiteOne Landscape Supply, LLC ("SiteOne") to Defendants' pre-motion letter asking Your Honor to vacate the order entered by Judge Locke on the record and in his order of December 1, 2025 (the "Pre-Motion Letter").[1] This Court has held that under the highly deferential standard of review, a party seeking to overturn a Magistrate Judge's discovery order bears a heavy burden. *See United States v. Town of Oyster Bay*, 2022 WL 4485154, at *2–3 (E.D.N.Y. Sept. 27, 2022).

By way of background, SiteOne purchased a nursery and landscape supply business from Defendant Don Caroleo ("Don") for more than $30 million in January 2020. Don became a SiteOne employee after the acquisition, continuing to run the business SiteOne bought. Don was fired by SiteOne in October 2022 following an investigation into claims of inappropriate conduct raised by another SiteOne employee, Laura Shartle. SiteOne claims in this case that immediately after being fired, Don—together with his father and longtime co-worker—planned and eventually opened a successful competing business they continue to operate today. In doing so, SiteOne claims Defendants breached various restrictive covenants, stole intellectual and physical property, and committed other unlawful acts to unjustly enrich themselves and harm SiteOne.

This litigation has been contentious since SiteOne filed suit in March 2023. Dozens of discovery disputes have arisen and been resolved by Judge Locke, including those that are the subject of the Pre-Motion Letter. Defendants have asked for Your Honor's leave to submit full briefing on two of Judge Locke's rulings made on December 1, 2025: (1) his order quashing Defendants' discovery requests issued in October and November 2025; and (2) his order denying discovery into Shartle's complaint (and the investigation thereof) and Don's termination. Defendants also take issue with SiteOne's privilege log, but that issue has never been before Judge Locke and thus Judge Locke has made no rulings on that topic. Each item is addressed below.

**The Hundreds of Discovery Requests Issued by Defendants**

Defendants served hundreds of discovery requests on SiteOne. Judge Locke held that the most recent requests were disproportionate to the needs of the case, quashing them all. Defendants

---

[1] SiteOne did not previously file this response in accordance with your Honor's Individual Rules. Defendants requested a pre-motion conference under Rule II(g) in advance of filing a FRCP 72(a) motion to vacate Judge Locke's discover order. Rule II(g)(1) provides: "[t]he non-movant's deadline to respond will be set by the Court when the conference is scheduled" (underlining in original Rule). Based on that Rule, SiteOne was awaiting guidance from the Court on the setting of a deadline to respond.

ask Your Honor to overrule Judge Locke. Defendants' Pre-Motion Letter, however, is misleading by what is left unsaid. Defendants omit that they issued a total of **473** RFPs to SiteOne since discovery began in April 2024. In the first wave of RFPs, Defendants issued 215 RFPs to SiteOne between April 19, 2024 and June 11, 2025. Those RFPs were issued in four sets: 180 on April 19, 2024; 26 on November 25, 2024; two on June 2, 2025; and seven on June 11, 2025.[2] SiteOne responded to these RFPs, agreeing to produce documents in response to practically all of them.

SiteOne negotiated initial search parameters with Defendants, searching 24 email accounts using more than two dozen search terms, producing 147,445 documents to Defendants in 2024, consisting of emails and other documents. After motion practice before Judge Locke in early 2025, SiteOne ran an additional set of extensive search parameters (more than 40 pages in length) drafted entirely by Defendants across 27 SiteOne email accounts and the text messages of 10 SiteOne employees. Defendants effectively had complete control of the document searching process.

SiteOne produced almost 70,000 more emails and text messages in the late spring and summer of 2025. Despite receiving more than 200,000 documents from SiteOne responsive to Defendants' 213 RFPs (which were located using Defendants' own search parameters), Defendants issued an additional **258** RFPs between September and November 2025: 100 on September 23 (the "Fifth Requests"); 25 on October 3 (the "Sixth Requests"); 41 on October 10, 2025 (the "Seventh Requests"); 33 on October 28 (the "Eighth Requests"); and 59 on November 3 (the "Ninth Requests").[3] This brought the total number of RFPs to **473.** Defendants also served effectively 400 interrogatories[4] on October 17, 2025—even though SiteOne had already responded to the 25 interrogatories permitted by Federal Rule 33 in May 2024. Defendants also issued 47 Requests for Admissions on October 28, 2025, on top of the 50 RFAs already served on SiteOne by Defendants on August 28, 2024, bringing the total number of RFAs issued to SiteOne to **97**.[5]

Defendants' intent was to harass SiteOne and drive up the cost of litigation. SiteOne thus filed a Motion for Protective Order on October 27, 2025 asking the Court to find that SiteOne had no obligation to respond to the new requests. (ECF No. 251.) As explained in detail in the Motion, an even cursory comparison of the RFPs at issue shows that they expansively ask for materials already covered by the earlier requests. (*E.g.*, *Compare* Ex. 1 *with* Ex 5.) Defendants made no effort to seek materials not already searched for and produced by SiteOne. (*E.g.*, *Compare* Ex. 2 *with* Ex. 1 at RFP Nos. 4, 7, 38, 69–74, 78–79, 97–98, 101, 103 *and* Ex. 2 at RFP Nos. 2, 8, 9, 61.)

Judge Locke heard SiteOne's Motion for Protective Order on December 1, 2025 and granted it in its entirety. After hearing argument of counsel, including a statement from Defendants' counsel that they are only seeking "limited discovery" from SiteOne with their hundreds of new RFPs, Judge Locke explained his ruling as follows:

---

[2] These sets of RFPs are attached as Exhibits 1–4 and are referred to as the First through Fourth Requests, respectively.
[3] These sets of RFPs are attached as Exhibits 5–9, respectively.
[4] The October 17 interrogatories consisted of 25 separate questions and demanded that SiteOne respond to each question separately on behalf of 16 different individuals. The 25 interrogatories thus functioned as 400 separate ones. A copy of the interrogatories is attached as Exhibit 10.
[5] Defendants claim in their Pre-Motion Letter that the October 28, 2025 RFAs are their "first and only set" (ECF No. 268 p. 3) which is not true since they issued 50 RFAs in August 2024.

> THE COURT: I want to go back to something you said as part of that statement, which is that you need limited discovery. You are not asking for limited discovery. **You are asking for a scorched earth amount of discovery here**… I'm still not hearing an answer to my -- or a satisfactory answer to my concern about why there are hundreds of more discovery -- written discovery requests.
> \*\*\*
> THE COURT: …The Motion for a Protective Order is granted. This volume of requests is **wildly disproportionate** to the needs of this case. In addition, they come on the heels of voluminous requests from prior sets of attorneys. And I realize Mr. Bizzaro, Mr. Cummings, are relatively new to this case, and they're trying to marshal evidence in a fashion that search -- that suits or fits with their version of what's going on here. We're not going in circles and doing this…

(Ex. 11, Dec. 1, 2025 Hrg. Trans. pp. 28–29, 39, emphasis added.)

Defendants' Pre-Motion Letter taking exception to Judge Locke's ruling is rife with inaccuracies. They first state that they only issued "166 total" RFPs to SiteOne—which is untrue. (ECF No. 268 p. 2.) They then argue that their RFPs are "not duplicative but targeted to address gaps in SiteOne's initial productions," which, as explained above, is also not correct. (*Id.*) Defendants further contend that the additional RFPs are needed because the 200,000+ documents produced by SiteOne to date are "non-responsive" to Defendants' RFPs—omitting that Defendants dictated the search parameters corresponding to their own RFPs. In short, Defendants provide no grounds for Your Honor to overrule in any respect Judge Locke's December 1, 2025 order.

**Discovery Regarding Shartle and Don's Termination**

Within their most recent RFPs to SiteOne, Defendants sought a variety of documents relating to Shartle and Don's departure. Judge Locke correctly denied Defendants' requests for this discovery as irrelevant and burdensome. This action is about whether Defendants breached contractual restrictive covenants, stole intellectual and physical property, and committed other unlawful acts in opening and operating a business competing with the one SiteOne purchased from Don. Defendants' conduct occurred **after** Don was fired by SiteOne—not before. Discovery related to Shartle and Don's termination is thus topically and temporally disconnected from SiteOne's claims.

The Defendants, in continually and exhaustively seeking information about Shartle and Don's departure from SiteOne, are trying to flip their defense of this action into the prosecution of an unlawful employment termination case. They seek to re-litigate Don's firing and the accusations that led to it. The Pre-Motion Letter baldly admits that the termination itself is the defense:

> [T]he allegations involving Laura Shartle were pretextual and intended to avoid contractual earn-out payment obligations – which bear directly on Defendants' equitable defenses of laches and/or unclean hands – and other defenses.

(ECF No. 268 p. 3.) Those "other defenses" are not specified, nor is **anything** about the termination pleaded in Defendants' Answer and Affirmative Defenses. Defendants' counsel was equally candid at the December 1 hearing that the "defense" here stems from Don's firing:

> MR. BIZZARO: They terminated him because they paid him $36 million. Then they paid him another several million on the first year closing and then the second, and they owed him another four or five million. They used Shartle's complaint as a basis to terminate this man, okay? After they terminated –
>
> THE COURT: Which is not part of this case?
>
> MR. BIZZARO: It's our defense.

(Ex. 11 p. 26.) Judge Locke then rejected any link between this theory and the actual issues here:

> THE COURT: …[L]et's say they went after him for a violation of that because he kicked their dog or he dated his daughter or some other personal not relevant business reason. So what? Either he violated the non-compete or he didn't. He says he didn't, and he may not have. But what's the motive for enforcing a contract have to do with whether the contract has been breached?

(*Id.* p. 27.) This ruling was correct; a contract plaintiff's motivations for enforcing its contract rights is not relevant to the determination of breach and damages. *See Gaia H. Mezz LLC v. State St. Bank and Tr. Co.*, 720 F.3d 84, 92, 94, fn. 5 (2d Cir. 2013); *see also 1042 II Realty, Inc. v. PHH Mortg. Corp.*, 582 F. Supp. 3d 142, 151, fn.13 (S.D.N.Y. 2022) ("Under New York law, the motives of parties to contracts are generally irrelevant"). The basis for Defendants' request for this line of discovery is that SiteOne's CEO lost his cell phone last year, and that he has "an iPad…that SiteOne itself was unaware of," as well as unidentified and unexplained "spoliation of text messages and inconsistent timelines." (ECF No. 268 p. 3.) Defendants fail to connect this with Shartle or Don's termination or explain how these purported facts make discovery into Shartle or Don's termination relevant.[6]

**SiteOne's Privilege Log**

Defendants also take issue with SiteOne's privilege log, but no motion was heard by Judge Locke on December 1, 2025 (or at any time prior to that) concerning SiteOne's privilege log. Defendants' counsel tangentially referenced the privilege log at the December 1 hearing,[7] but no motion has been filed about it and Judge Locke made no rulings concerning it. Defendants' counsel asked SiteOne questions about the log at various points via email but then refused to have a call with the undersigned to discuss those questions. As the attached email confirms, the undersigned has repeatedly offered times to confer over the log (at least four times), but Defendants' counsel has never responded.[8] The privilege log is thus not at issue.

J. Evan Gibbs III

---

[6] The demands for Shartle- and termination-related discovery are also an attempt to get discovery for use in another case filed by Don that *is* based on his termination in Suffolk County Supreme Court in which discovery is stayed. He has sued not just SiteOne but its attorneys, the Troutman firm, and the undersigned by name. That action is pending before Justice Reilly.

[7] All references to the privilege log are contained on page 31 of the transcript. (Ex. 11 p. 31.)

[8] The email documenting the undersigned's effort to speak with Defendants' counsel and outline Defendants' counsel's lack of response is attached as Exhibit 12.