# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                         Plaintiff,

           -against-

NICHOLAS GIORDANO; DOMINICK CAROLEO;
VICTOR CAROLEO; NARROW WAY REALTY,
LTD.; NARROW WAY 2 LLC; THE GARDEN
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670
ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY,
LLC; NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

                        Defendants.
---------------------------------------------------------------X

**Case No.: 2:23-cv-02084-GRB-SIL**

**DON DEFENDANTS' FIRST SET OF DOCUMENT DEMANDS TO PLAINTIFF** _____

       **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Defendants DOMINICK CAROLEO, THE GARDEN DEPT. CORP., 3670 ROUTE 112 LLC, and 9 4TH ST. LLC (collectively, the "Don Defendants), by and through their attorneys, Milman Labuda Law Group PLLC, hereby demand that Plaintiff SiteOne Landscape Supple, LLC ("SiteOne" or "Plaintiff") produce for inspection and copying the documents described herein. Production shall be made at the office of the Don Defendants' attorneys, Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York within thirty (30) days of receipt of this notice.

       The demands that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of amendment or supplementation of its responses, such additional information as it, or any person acting on its behalf, may hereafter obtain which will augment, clarify, correct, or otherwise modify the answers now given to these requests (the "Requests"), as set forth in Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A.     "Plaintiff" or "you" refers to SiteOne.

B.     "Defendants" refer to the defendants identified in the caption above.

C.     "Don" refers to Defendant Dominick Caroleo.

D.     "Garden Dept." refers to Defendant The Garden Dept. Corp.

E.     "Nick" refers to Defendant Nicholas Giordano.

F.     "Vic" refers to Defendant Victor Caroleo.

G.     "Financial Records" refers to all accounting records, bank statements, check registers, general ledgers, general journals, adjustments, working papers, schedules and all other records concerning financial transactions.

H.     "Complaint" refers to Plaintiff's amended complaint, filed on July 7, 2023.

I.     "SiteOne Coram" refers to the SiteOne location having a primary street address of 3672 New York State Route 112, Medford, New York 11763.

J.     "SiteOne Dix Hills" refers to the SiteOne location having a street address of 650 Deer Park Avenue, Dix Hills, NY 11746.

K.     "SiteOne Speonk" refers to the SiteOne location having a street address of 166 Old Country Road, Remsenburg-Speonk, New York 11972.

L.     The "Coram Lease" refers to the lease agreement, dated January 14, 2020, which was entered into between co-defendant Narrow Way Realty Ltd. ("Narrow Realty") and SiteOne.

M.     The "APA" refers to the Asset Purchase Agreement, dated January 14, 2020 (Doc. No. 36-3), and entered into between Don and Garden Dept., on the one hand, and SiteOne, on the other hand.

N.     The "Employment Agreement" refers to the employment agreement, dated January 14, 2020 (Doc. No. 36-4), and entered into between Don and SiteOne.

O.     The "RSUA" refers to the Employee Restricted Stock Unit Agreement, dated March 1, 2021, and entered into between Don and SiteOne.

P.     The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Plaintiff or its representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other writings.

Q.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

R.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

S.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope. The term "any" shall include the word "all" and "all" shall include "any."

T.     Where a date is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

U.     The use of the singular form of any word includes the plural and vice versa.

V.     The term "identify" when used with reference to an individual or entity, means to state his/her or its full name and present address, present or last-known position and business affiliation, position and business affiliation at the time in question, and telephone number.

W.      All requested documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of these documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

X.      In the event that any document responsive to this request is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Plaintiff is directed to specify the basis for non-production of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

Y.      Each request for disclosure of documents contemplates production of the document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, it is to state so in writing and to produce whatever portion of said document that it is able to produce, specifying its inability to produce the remaining portion of said document, and stating whatever information or knowledge it has concerning the documents it is unable to produce, including, but not limited to, the content of such document. If any such document was but is no longer in its possession, custody or control, it must state the disposition made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

Z.      In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, explained, or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

AA.     In answering these requests, Plaintiff must furnish all information available to it, including information in the possession of its attorneys, or its investigators, and all persons acting

4

on its behalf. Responses should not be limited to Plaintiff's personal knowledge. If Plaintiff cannot answer any request in full after exercising due diligence to secure the information sought, it should so state and answer to the extent possible, specifying the reason(s) for its inability to respond to the remainder, and providing any information or knowledge that it has concerning the portions not answered.

BB.    Each request and each subpart of each request shall be answered separately. Each answer shall first set forth verbatim the request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to a request or a subpart thereof shall not be supplied by referring to the answer to another request or subpart thereof, unless the request or subpart referred to supplies a complete and accurate answer to the request or subpart thereof being answered.

CC.    Where an objection is made to any request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated in an objection shall be waived.

DD.    Where a claim of privilege is asserted in objecting to any request, or subpart thereof, and an answer is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicating the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

## **DOCUMENT REQUESTS**

1.    All documents identified, referenced or relied upon in preparing your responses to the Don Defendants' Interrogatories.

2.      All documents identified or referenced in any pleadings or motion papers filed by you in this action.

3.      All documents relied upon in preparing any pleadings filed by you in this action.

4.      All documents concerning any damages calculated or claimed by you in this action, whether economic, non-economic, punitive, or other.

5.      All documents produced to you pursuant to a subpoena, deposition, public information request, or other request for information or documents which you directed to a non-party in the course of this, or any related, litigation, or litigation referenced in any pleadings or motion papers filed by you in this action.

6.      All documents reflecting the names and/or contact information of customers, referral sources, and vendors that SiteOne purchased from Garden Dept.

7.      All documents concerning customer sales at SiteOne Coram, SiteOne Dix Hills, SiteOne Speonk, SiteOne's Holtsville, Long Island store (#714, Bissett) and SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) for customers with over $1,000.00 in purchases in any monthly period, including the total amount of purchases, gross profit and net profit on a monthly, quarterly and yearly basis from January 1, 2020 to present.

8.      All documents containing, evidencing, or reflecting an admission against interest of any party to this action.

9.      All written, recorded, or transcribed statements, recordings, or testimony, whether audio or video recorded, of any person concerning the facts alleged in the pleadings filed in this, or in any related, action.

10.    All documents and concerning your allegations as set forth in ¶ 1 of the Complaint that "Defendants have engaged in a course of conduct . . . in a coordinated and clandestine effort to maliciously harm SiteOne's business."

11.    All documents and concerning your allegations as set forth in ¶ 2.a of the Complaint.

12.    All documents and concerning your allegations as set forth in ¶ 2.b of the Complaint.

13.    All documents and concerning your allegations as set forth in ¶ 2.c of the Complaint.

14.    All documents and concerning your allegations as set forth in ¶ 2.d of the Complaint.

15.    All documents and concerning your allegations as set forth in ¶ 2.e of the Complaint.

16.    All documents and concerning your allegations as set forth in ¶ 2.f of the Complaint.

17.    All documents and concerning your allegations as set forth in ¶ 2.g of the Complaint.

18.    All documents and concerning your allegations as set forth in ¶ 2.h of the Complaint.

19.    All documents and concerning your allegations as set forth in ¶ 2.i of the Complaint.

20.    All documents and concerning your allegations as set forth in ¶ 21 of the Complaint that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professionals in the United States and Canada."

21.     All documents identifying SiteOne's 630 store locations and six (6) Canadian provinces, as alleged in ¶ 21 of the Complaint.

22.     All documents reflecting communications among and/or involving SiteOne employees concerning Don's: (1) non-competition covenant; and (2) non-solicitation agreement.

23.     All documents referencing Don subsequent to October 19, 2022.

24.     All documents referencing Don's employment with SiteOne.

25.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 56 of the Complaint.

26.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 57 of the Complaint.

27.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 58 of the Complaint.

28.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 59 of the Complaint.

29.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 60 of the Complaint.

30.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 61 through 64 of the Complaint.

31.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶ 68 of the Complaint.

32.     All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶¶ 69 through 73 and 75 of the Complaint.

33.     All documents received from John Hopkins, the alleged private investigator.

34.     All documents reflecting communication between any SiteOne employee and John Hopkins.

35.     All documents referencing communications with and/or among SiteOne Employees concerning John Hopkins.

36.     All documents reflecting communications between any SiteOne employee and any Town of Brookhaven employee and/or representative concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.

37.     All documents referencing communications with and/or among SiteOne employees concerning the subject matter of the allegations in ¶¶ 79-87 of the Complaint.

38.     All documents concerning Don's earnout for 2020 and 2021, including SiteOne's earnout calculations related thereto, communications to/from Doug Black, communications to/from Taylor Koch, and Bissett Catch Up Expenses.

39.     All documents concerning the separation of Don's employment with SiteOne and/or its decision to terminate Don, including all investigative reports, documents compiled by outside independent investigators, and submissions to decision-makers.

40.     All documents subsequent to the decision to terminate Don concerning Don.

41.     All documents subsequent to the decision to terminate Don concerning Don to/from Laura Shartle.

42.     All documents subsequent to the decision to terminate Don concerning Don to/from Joe Ketter.

43.     All documents subsequent to the decision to terminate Don concerning Don to/from Doug Black.

44.     All documents subsequent to the decision to terminate Don concerning Don to/from Brian Kersnowski.

45.     All documents subsequent to the decision to terminate Don concerning Don to/from Jerry Justice.

46.     All documents subsequent to the decision to terminate Don concerning Don to/from Anthony Catalano.

47.     All documents subsequent to the decision to terminate Don concerning Don to/from Greg Thistle.

48.     All documents subsequent to the decision to terminate Don concerning Don to/from Kevin Peattie.

49.     All documents subsequent to the decision to terminate Don concerning Don to/from Sean Kramer.

50.     All documents subsequent to the decision to terminate Don concerning Don to/from Lynn Francassi.

51.     All documents concerning the decision to terminate Nick.

52.     All documents reflecting communications to/from SiteOne employee Alex Trauma concerning the subject matter of the allegations contained in ¶¶ 89-90 of the Complaint.

53.     All documents concerning the meeting with Nick as alleged in ¶¶ 91 through ¶ 93 of the Complaint.

54.     All documents reflecting communications by any SiteOne employee with or involving Joe Ketter, Greg Thistle and/or Anthony Catalano concerning the decision to terminate Nick.

55.    All documents concerning Plaintiff's claim that Nick, in concert with Don and Vic, raided Plaintiff's Coram location, including the subject matter of the allegations contained in ¶¶ 94-103 of the Complaint.

56.    All documents reflecting communications by any SiteOne employee with or involving Gerard Passaro concerning the subject of the allegation contained in ¶¶94-103 of the Complaint.

57.    All documents reflecting communications by any SiteOne employee with or involving Greg Thistle concerning the subject of the allegation contained in ¶¶ 94-103 of the Complaint.

58.    All documents concerning any SiteOne trade secrets, confidential information, and/or proprietary information which you contend were misappropriated by any of the Defendants.

59.    All documents which you contend evidence or reflect the misappropriation of SiteOne trade secrets, confidential information, and/or proprietary information by any of the Defendants.

60.    All documents concerning the money or resources used by SiteOne to develop and maintain the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.

61.    All documents concerning any actions taken and efforts made by you to maintain the secrecy and confidentiality of the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.

62.    All documents concerning protective measures taken by SiteOne to limit or control access to SiteOne's computer system, security camera systems and/or SiteOne's proprietary

information, business ideas, confidential information or trade secrets, including security handbooks, security protocols such as password and/or authentication requirements, manuals, etc.

63.    All documents concerning any systems, policies, procedures, or protocols implemented by you to protect or safeguard your trade secrets, confidential information, and proprietary information.

64.    All documents concerning any systems, policies, procedures, or protocols implementing different levels of employee access to your trade secrets, confidential information, and proprietary information.

65.    All documents containing or referring to communications to SiteOne employees advising that certain information or documents shall be treated as confidential, proprietary, or a trade secret of SiteOne.

66.    All documents containing or concerning any notices given by you to your employees regarding immunity from liability for disclosure of trade secrets (i) in confidence to a governmental entity, (ii) in a document filed in a lawsuit or other proceeding under seal, or (iii) in an anti-retaliation lawsuit.

67.    All employee handbooks or manuals used by SiteOne from January 15, 2020 to present, including copies signed by any of the Defendants.

68.    All documents concerning the economic value or competitive advantage realized by SiteOne from the secrecy or non-disclosure of the trade secrets, confidential information, and proprietary information which you contend were misappropriated by the Defendants.

69.    The following reports/documents from SiteOne's document management system, *e.g.*, Counterpoint or Unity Enterprise ("UE"), for the date ranges of January 1, 2020 to the present pertaining to SiteOne Coram, SiteOne Dix Hills and SiteOne Speonk: (a) all annual detailed

general ledgers (excel format); (b) ledger account detail related to purchases, inventory, sales, and commissions (excel format); (c) all PDF document copies related to inventory, material, or sales; and (d) audit trail reports for all cancelled orders during 2022, 2023 and 2024.

70.     All documents reflecting SiteOne's sales for SiteOne Coram from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

71.     All documents reflecting SiteOne's sales for SiteOne Dix Hills from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

72.     All documents reflecting SiteOne's sales for SiteOne Speonk from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

73.     All documents reflecting SiteOne's sales for SiteOne's Holtsville, Long Island store (#714, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

74.     All documents reflecting SiteOne's sales for SiteOne's Dix Hills, Long Island store (#712, Bissett) from January 1, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

75.     All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Coram from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

76.     All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Dix Hills from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

77.    All documents concerning the number of SiteOne employees, as well as the identity and position of employees, at SiteOne Speonk from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

78.    All documents reflecting SiteOne's sales for all SiteOne stores located in Region 2, including Long Island (Nassau and Suffolk Counties), from January 15, 2020 to present, including daily, weekly, monthly, quarterly and yearly breakdowns.

79.    All documents evidencing or reflecting revenue, income, or profit realized by SiteOne through sales or transactions executed by any of the Defendants from January 1, 2020 through 2023.

80.    All communications concerning the meaning of the non-compete provision of Section 6.5 of the Coram Lease, including non-defined terms, such as "beneficiaries."

81.    All documents concerning any computer used by any of Defendants while employed by SiteOne, including SiteOne's ownership, use and cataloguing of any such computer.

82.    All documents concerning SiteOne's ability to access any computer or security camera system used by any of Defendants while employed by SiteOne.

83.    All documents, including IT or expert reports, concerning or evidencing Don's purported improper access to a "protected computer" of SiteOne.

84.    All documents, including IT or expert reports, concerning or evidencing Don's purported improper access to or downloading of SiteOne's proprietary information, business ideas, confidential information or trade secrets.

85.    All documents created, prepared, or generated as a result of any examination or analysis of any computer retrieved from any of Defendants following termination of their SiteOne employment.

14

86.     All documents concerning Don's purported "remote[] monitor[ing]" of the SiteOne's "security camera system" as alleged in ¶ 97 of the Complaint.

87.     All documents concerning SiteOne's allegations that Nick "stole[]" items and that he acted "in concert with Don and Vic[,]" as alleged in ¶ 101 of the Complaint.

88.     All documents evidencing Nick and Don's purported unauthorized access of SiteOne's "protected computer and security camera systems", as alleged in ¶¶ 178, 180, and 184 of the Complaint.

89.     All documents concerning any and all investigations related to Nick and Don's purported accessing of SiteOne's computer system or security camera systems.

90.     All documents concerning alleged damages resulting from Nick and Don's purported access of SiteOne's computer system or security camera systems.

91.     All documents concerning any duplication or "backing-up" of any data stored on any computer used by any of Defendants while employed by SiteOne.

92.     All documents concerning SiteOne's ability to access or restrict access to the website address: http://www.lccsny.com/gdweb/SalesMobilev2.aspx.

93.     All documents concerning Defendants' purported access to SiteOne's proprietary information, business ideas, confidential information, or trade secrets.

94.     All documents concerning or relating to any transaction which you contend was improperly cancelled, changed, redirected, or diverted by or to any of Defendants.

95.     All documents including but not limited to pictures and videos, concerning Plaintiff's claim that "Defendants Open Another Competing Business Within the Restricted Area," as alleged in ¶¶ 109-124 of the Complaint.

96.    All documents concerning Plaintiff's claim that "Defendants through their competing business, have harmed SiteOne by taking SiteOne's customers by causing SiteOne's customers to reduce their business with SiteOne," as alleged in ¶ 122 of the Complaint.

97.    All documents relied upon by Plaintiff's to support its claim that "[a]s if the date of filing this Complaint, SiteOne's estimated lost business totals in the millions of dollars."

98.    All documents supporting Plaintiff's claim for damages for tortious interference.

99.    All documents concerning the specific customer relationships that have purportedly been harmed by Defendants' conduct.

100.    As to each Defendant, all documents supporting the claims that Defendants knowingly induced or participated in a breach of fiduciary duty.

101.    All documents supporting Plaintiff's claim for damages for aiding and abetting breach of fiduciary duty.

102.    As to each Defendant, all documents and communications supporting Plaintiff's claims that Defendants entered into an agreement in furtherance of an alleged civil conspiracy against SiteOne.

103.    All documents supporting Plaintiff's claim for damages for civil conspiracy.

104.    All documents containing or referencing any communication between and among any SiteOne employees, officers, members, agents, or representatives concerning any of Defendants from September 1, 2022 to the present.

105.    All documents containing or referencing any communication between and among any of Defendants from September 1, 2022 to the present.

106.    All documents containing or referencing any communication between any of Defendants, on the one hand, and any SiteOne employee, officer, member, agent, or representative, on the other hand, from September 1, 2022 to the present.

107.    All documents containing or referencing any communication between any SiteOne employees, officers, members, agents, or representatives, on the one hand, and any other person, on the other hand, concerning any of Defendants from September 1, 2022 to the present.

108.    As to all entities acquired by SiteOne (stock, unit or asset purchase) in the East Region since January 15, 2020, all stock or unit purchase agreements, asset purchase agreements, employment agreements, and lease agreements (monetary amounts may be redacted).

109.    All "business plans" created prior to the acquisition by SiteOne of Garden Dept., concerning the acquisition of Garden Dept. by SiteOne.

110.    All "business plans" created after the acquisition by SiteOne of Garden Dept., concerning the acquisition of Garden Dept. by SiteOne.

111.    All documents reflecting business plans and/or strategies concerning the acquisition by SiteOne of Garden Dept.

112.    All documents concerning the decision to hire Don.

113.    All documents reflecting the days and hours of operation at SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, after the acquisition by SiteOne of Garden Dept. to present.

114.    All documents reflecting economic forecasts and/or projections for SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated prior to the acquisition by SiteOne of Garden Dept.

115.    All documents reflecting economic forecasts and/or projections for the SiteOne Speonk, SiteOne Coram and SiteOne Dix Hills, respectively, created and/or generated subsequent to the acquisition by SiteOne of Garden Dept.

116.    All documents concerning SiteOne's investigation concerning the claims for relief asserted in this action relative to each of the Defendants.

117.    All documents containing or referencing non-privileged communications that in any way relate to the facts alleged in any of the pleadings filed in this action.

Dated: Lake Success, New York
     April 19, 2024

          **MILMAN LABUDA LAW GROUP PLLC**

          <u>/s/ Michael C. Mulè, Esq.</u>
          By:    Michael C. Mulè, Esq.
          3000 Marcus Avenue, Suite 3W8
          Lake Success, NY 11042-1073
          (516) 328-8899 (office)
          (516) 328-0082 (facsimile)
          michaelmule@mllaborlaw.com
          *Attorneys for the Don Defendants*

**<u>VIA E-MAIL</u>**
All counsel of record

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                              Plaintiff,

       -against-

NICHOLAS GIORDANO, DOMINICK
CAROLEO, VICTOR CAROLEO, NARROW
WAY REALTY, LTD., NARROW WAY 2 LLC,
THE GARDEN DEPT. CORP., GROUP 5
ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9
4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY
MANAGEMENT, LLC, AND NEWAY
TRUCKING,

                             Defendants.

---------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-ST

**DEFENDANTS' DOCUMENT
<u>DEMANDS</u>**

      Defendants Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC, (collectively, the "Defendants"), by and through their attorneys, Rivkin Radler LLP, in accordance with Fed. R. Civ. P. 26, hereby serves the following Document Demands upon Plaintiff SITEONE LANDSCAPE SUPPLY, LLC, ("Plaintiff"), to be fully answered and complied with within the schedule So Ordered by the Court.

      The demands that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of amendment or supplementation of its responses, such additional information as it, or any person acting on its behalf, may hereafter obtain which will augment, clarify, correct, or otherwise modify the answers now given to these Requests, as set forth in Rule 34 of the Federal Rules of Civil Procedure.

1

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A.      "Plaintiff" or "you" refers to SiteOne.

B.      "Defendants" refer to Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC.

C.      "Don" refers to Defendant Dominick Caroleo.

D.      "Garden Department" refers to Defendant The Garden Dept. Corp.

E.      "Nick" refers to Defendant Nicholas Giordano.

F.      "Vic" refers to Defendant Victor Caroleo.

G.      "Financial Records" refers to all accounting records, bank statements, check registers, general ledgers, general journals, adjustments, working papers, schedules and all other records concerning financial transactions.

H.      "Amended Complaint" refers to Plaintiff's Amended Complaint, filed on July 7, 2023.

I.      The "Lease" refers to the lease agreement, dated January 14, 2020, was entered into between co-defendant Narrow Way Realty Ltd. ("Narrow Realty") and SiteOne (the "Lease").

J.      The "APA" refers to the Asset Purchase Agreement, dated January 14, 2020 (Doc. No. 36-3), and entered into between Don and Garden Dept., on the one hand, and SiteOne, on the other hand.

K.      The "Employment Agreement" refers to the employment agreement, dated January 14, 2020 (Doc. No. 36-4), and entered into between Don and SiteOne.

L.      The "RSUA" refers to the Employee Restricted Stock Unit Agreement, dated March 1, 2021, and entered into between Don and SiteOne.

2

M.    "Contact Information" means name(s) of the customer's representative, address(es), phone numbers and email addresses.

N.    The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Plaintiff or its representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other writings.

O.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

P.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

Q.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope. The term "any" shall include the word "all" and "all" shall include "any."

R.    Where a date is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

S.    The use of the singular form of any word includes the plural and vice versa.

T.    The term "identify" when used with reference to an individual or entity, means to state his/her or its full name and present address, present or last-known position and business affiliation, position and business affiliation at the time in question, and telephone number.

U.      All requested documents in Plaintiff's possession, custody or control are to be produced.  This includes documents in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of these documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

V.      In the event that any document responsive to this request is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Plaintiff is directed to specify the basis for non-production of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

W.      Each request for disclosure of documents contemplates production of the document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, it is to state so in writing and to produce whatever portion of said document that it is able to produce, specifying its inability to produce the remaining portion of said document, and stating whatever information or knowledge it has concerning the documents it is unable to produce, including, but not limited to, the content of such document. If any such document was but is no longer in its possession, custody or control, it must state the disposition made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

X.      In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, explained, or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

Y.      In answering these requests, Plaintiff must furnish all information available to it, including information in the possession of its attorneys, or its investigators, and all persons acting

4

on its behalf.  Responses should not be limited to Plaintiff's personal knowledge. If Plaintiff cannot answer any request in full after exercising due diligence to secure the information sought, it should so state and answer to the extent possible, specifying the reason(s) for its inability to respond to the remainder, and providing any information or knowledge that it has concerning the portions not answered.

Z.      Each request and each subpart of each request shall be answered separately. Each answer shall first set forth verbatim the request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer thereto.  The answer to a request or a subpart thereof shall not be supplied by referring to the answer to another request or subpart thereof, unless the request or subpart referred to supplies a complete and accurate answer to the request or subpart thereof being answered.

AA.     Where an objection is made to any request or subpart thereof, the objection shall state with specificity all grounds.  Any ground not stated in an objection shall be waived.

BB.     Where a claim of privilege is asserted in objecting to any request, or subpart thereof, and an answer is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicating the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

## DOCUMENT REQUESTS

**DOCUMENT DEMAND NO. 1:** All documents identifying SiteOne's customers who purchased nursery and/or landscaping related products from the Speonk, Coram, Dix Hills and Holtsville locations, and their respective contact information.

**DOCUMENT DEMAND NO. 2:** For each customer of SiteOne identified in response to Document Demand No. 1, all documents reflecting the amount of gross revenue derived from the sale of nursery and/or landscaping related product from the Speonk, Coram , Dix Hills and Holtsville locations, in each year since the acquisition by SiteOne of the Garden Department.

**DOCUMENT DEMAND NO. 3:** All "business plans" created prior to the acquisition by SiteOne of Garden Department, concerning the acquisition of Garden Department by SiteOne.

**DOCUMENT DEMAND NO. 4:** All "business plans" created after the acquisition by SiteOne of Garden Department, concerning the acquisition of Garden Department by SiteOne.

**DOCUMENT DEMAND NO. 5:** All documents reflecting business plans and/or business strategies concerning the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 6:** All documents reflecting the days and hours of operation for the Speonk, Coram and Dix Hills locations, respectively, after the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 7:** All documents reflecting each and every acquisition by SiteOne of businesses similar to Garden Department, *i.e.*, a nursery and/or landscape supply company, in Region 2, from January 1, 2018 through the present.

**DOCUMENT DEMAND NO. 8:** All documents reflecting business and/or economic forecasts and/or projections for the Speonk, Coram, Dix Hills and Holtsville locations, respectively, created prior to the acquisition by SiteOne of Garden Department.

**DOCUMENT DEMAND NO. 9:** All documents reflecting business and/or economic forecasts and/or projections for the Speonk, Coram, Dix Hills and Holtsville locations, respectively, created subsequent to the acquisition by SiteOne of Garden Department

**DOCUMENT DEMAND NO. 10:** All documents concerning your allegation as set forth in ¶1 of the Amended Complaint that "Defendants have engaged in a course of conduct . . . in a coordinated and clandestine effort to maliciously harm SiteOne's business."

**DOCUMENT DEMAND NO. 11:** All documents concerning your allegation as set forth in ¶2.a of the Amended Complaint.

**DOCUMENT DEMAND NO. 12:** All documents concerning your allegation as set forth in ¶2.b of the Amended Complaint.

**DOCUMENT DEMAND NO. 13:** All documents concerning your allegation as set forth in ¶2.c of the Amended Complaint.

**DOCUMENT DEMAND NO. 14:** All documents concerning your allegation as set forth in ¶2.d of the Amended Complaint.

**DOCUMENT DEMAND NO. 15:** All documents concerning your allegation as set forth in ¶2.e of the Amended Complaint.

**DOCUMENT DEMAND NO. 16:** All documents concerning your allegation as set forth in ¶2.f of the Amended Complaint.

**DOCUMENT DEMAND NO. 17:** All documents concerning your allegation as set forth in ¶2.g of the Amended Complaint.

**DOCUMENT DEMAND NO. 18:** All documents concerning your allegation as set forth in ¶2.h of the Amended Complaint.

**DOCUMENT DEMAND NO. 19:** All documents concerning your allegation as set forth in ¶2.i of the Amended Complaint.

**DOCUMENT DEMAND NO. 20:** All documents concerning your allegation in ¶21 of the Amended Complaint that "SiteOne is the largest full product line supplies of wholesale goods for landscaping professionals in the United States and Canada."

**DOCUMENT DEMAND NO. 21:** Documents identifying SiteOne's 630 store locations in 45 states and six Canadian provinces, as alleged in ¶21 of the Amended Complaint

**DOCUMENT DEMAND NO. 22:** All documents concerning the separation of Don Caroleo from employment with SiteOne.

**DOCUMENT DEMAND NO. 23:** All documents reflecting communications among and/or involving SiteOne employees concerning Don Caroleo's: (1) non-competition covenant, and; (2) non-solicitation agreement.

**DOCUMENT DEMAND NO. 24:** All documents referencing Don Caroleo subsequent to October 19, 2023.

**DOCUMENT DEMAND NO. 25:** All documents referencing Don Caroleo's employment with SiteOne.

**DOCUMENT DEMAND NO. 26:** All documents concerning the separation of Nicholas Giordano from employment with SiteOne.

**DOCUMENT DEMAND NO. 27:** All documents referencing Nicholas Giordano's employment with SiteOne.

**DOCUMENT DEMAND NO. 28:** All documents referencing Nicholas Giordano subsequent to October 21, 2022.

**DOCUMENT DEMAND NO. 29:** All documents concerning your allegation in¶ 50 of the Amended Complaint that "[a] some point, Giordano began effectively running Garden Department's day-to-day operations and served as the Branch Manager for Garden Department's Coram, Dix Hills, and Speonk locations from the time SiteOne acquired Garden Department until his termination."

**DOCUMENT DEMAND NO. 30:** All documents concerning the separation of Vic Caroleo from employment with SiteOne.

**DOCUMENT DEMAND NO. 31:** All documents referencing Vic Caroleo's employment with SiteOne.

**DOCUMENT DEMAND NO. 32:** All documents referencing Vic Caroleo subsequent to October 21, 2022.

**DOCUMENT DEMAND NO. 33:** All documents concerning your allegation in ¶52 of the Amended Complaint that "[a]t the time of Don Caroleo's departure from Garden Department, it was immediately apparent to the legacy Garden Department employees that Giordano was upset about Don Caroleo leaving the company."

**DOCUMENT DEMAND NO. 34:** All documents concerning SiteOne's efforts "to entice Giordano to stay with SiteOne," as alleged in ¶53 of the Amended Complaint.

**DOCUMENT DEMAND NO. 35:** All documents referring to Mr. Giordano's alleged conversation with Mr. Anthony Catalano, as referenced in ¶54 of the Amended Complaint.

**DOCUMENT DEMAND NO. 36:** All documents referencing communications with and/or among Site One employees concerning the allegations set forth in ¶55 of the Amended Complaint.

**DOCUMENT DEMAND NO. 37:** All documents referencing communications with the "repairmen" as identified in ¶55 of the Amended Complaint.

**DOCUMENT DEMAND NO. 38:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶56 of the Amended Complaint.

**DOCUMENT DEMAND NO. 39:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶57 of the Amended Complaint.

**DOCUMENT DEMAND NO. 40:** All documents referencing communication with and/or among SiteOne employees concerning the allegation in ¶58 of the Amended Complaint.

**DOCUMENT DEMAND NO. 41:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶59 of the Amended Complaint.

**DOCUMENT DEMAND NO. 42:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶60 of the Amended Complaint.

**DOCUMENT DEMAND NO. 43:** All documents referencing communications with and/or among SiteOne employees concerning the allegations in ¶61, ¶62, ¶63 and ¶64 of the Amended Complaint.

**DOCUMENT DEMAND NO. 44:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶68 of the Amended Complaint.

**DOCUMENT DEMAND NO. 45:** All documents referencing communications with and/or among SiteOne employees concerning the allegation in ¶69, ¶70, ¶71, ¶72, ¶73 and ¶75 of the Amended Complaint.

**DOCUMENT DEMAND NO. 46:** All documents received from John Hopkins, the alleged private investigator.

**DOCUMENT DEMAND NO. 47:** All documents reflecting communications between any SiteOne employee and John Hopkins.

**DOCUMENT DEMAND NO. 48:** All documents referencing communications with and/or among SiteOne employees concerning John Hopkins.

**DOCUMENT DEMAND NO. 49:** All documents reflecting communications between any SiteOne employee and any Town of Brookhaven employee and/or representative concerning the subject matter of the allegations in ¶¶ 79-87 of the Amended Complaint.

**DOCUMENT DEMAND NO. 50:** All documents referencing communications with and/or among SiteOne employees concerning the subject matter of the allegations in ¶¶ 79-87 of the Amended Complaint.

**DOCUMENT DEMAND NO. 51:** All documents concerning the decision to terminate Nicholas Giordano.

**DOCUMENT DEMAND NO. 52:** All documents reflecting communications by any SiteOne employee with or involving Alex Trauma concerning the subject matter of the allegations contained in ¶¶ 89-90 of the Amended Complaint.

**DOCUMENT DEMAND NO. 53:** All documents concerning the meeting with Nicholas Giordano as alleged in ¶91, ¶92 and ¶93 of the Amended Complaint.

**DOCUMENT DEMAND NO. 54:** All documents reflecting communications by any SiteOne employee with or involving Joe Ketter, Greg Thistle and/or Anthony Catalano concerning the decision to terminate Mr. Giordano.

**DOCUMENT DEMAND NO. 55:** All documents concerning Plaintiff's claim that Nicholas Giordano, in concert with Don Caroleo and Vic Caroleo, raided Plaintiff's Coram location,

including but not limited to the subject matter of the allegations contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 56:** All documents reflecting communications by any SiteOne employee with or involving Gerard Passaro concerning the subject of the allegation contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 57:** All documents reflecting communications by any SiteOne employee with or involving Greg Thistle concerning the subject matter of the allegation contained in ¶¶94-103 of the Amended Complaint.

**DOCUMENT DEMAND NO. 58:** All documents, including but not limited to pictures and videos, concerning Plaintiff's claim that "Defendants Open Another Competing Business Within the Restricted Area," as alleged in ¶¶109-124 of the Amended Complaint.

**DOCUMENT DEMAND NO. 59:** All documents concerning Plaintiff's claim that "Defendants through their competing business, have harmed SiteOne by taking SiteOne's customers by causing SiteOne's customers to reduce their business with SiteOne," as alleged in ¶122 of the Amended Complaint.

**DOCUMENT DEMAND NO. 60:** All documents concerning Plaintiff's claim that "[a]s if the date of filing this Amended Complaint, SiteOne's estimated lost business totals in the millions of dollars."

**DOCUMENT DEMAND NO. 61:** All documents reflecting all compensation paid to Victor Caroleo and Nicholas Giordano, respectively, by SiteOne, for each year of their respective employment with SiteOne.

**DOCUMENT DEMAND NO. 62:** All text messages by, between and/or among any SiteOne employee and: (1) Victor Caroleo; (2) Nicholas Giordano, and; (3) Dominick Caroleo.

**DOCUMENT DEMAND NO. 63:** All documents concerning any investigation by and/or behalf of SiteOne into any of the Defendants concerning the subject matter of your claims for relief as set forth in the Amended Complaint.

Dated:    Uniondale, New York
          April 19, 2024

                                   Yours, etc.,
                                   RIVKIN RADLER LLP
                                   Attorneys for Defendant(s)
                                   *Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd.,*
                                   *Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes*
                                   *Supply, LLC and Neway Management, LLC,*

                          By:      *Kenneth A. Novikoff*
                                   Kenneth A. Novikoff (KAN- - 0350)
                                   A Member of the Firm
                                   926 RXR Plaza
                                   Uniondale, New York 11556-0921

10