# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

                **Plaintiff,**

-against-

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

                **Defendants.**
------------------------------------------------X

Case No.: 2:23-cv-02084-GRB-SL

**DEFENDANTS' SECOND SET OF DOCUMENT DEMANDS TO PLAINTIFF**

      **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway Management, LLC, by and through their attorneys, Milman Labuda Law Group PLLC, hereby demand that Plaintiff SiteOne Landscape Supply, LLC produce for inspection and copying the documents described herein. Production shall be made at the office of Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York within thirty (30) days of receipt of this notice.

      The demands that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of amendment or supplementation of its responses, such additional documents as it, or any person acting on its behalf, may hereafter obtain which will augment, clarify, correct, or otherwise modify the answers now given to these requests

1

(the "Requests"), as set forth in Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A. "Plaintiff", "You", or "SiteOne" refers to SiteOne Landscape Supple, LLC.

B. "Defendants" refer to Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway Management, LLC.

C. "Don" refers to Defendant Dominick Caroleo.

D. "Nick" refers to Defendant Nicholas Giordano.

E. "Vic" refers to Defendant Victor Caroleo.

F. "Rose" refers to Rose Casper.

G. "Amended Complaint" refers to Plaintiff's amended complaint, filed on July 7, 2023.

H. The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Plaintiff or its representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other

2

writings.

I.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

J.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope. The term "any" shall include the word "all" and "all" shall include "any."

K.  The use of the singular form of any word includes the plural and vice versa.

L.  All requested documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of these documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

M.  In the event that any document responsive to this request is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Plaintiff is directed to specify the basis for non-production of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

N.  Each request for disclosure of documents contemplates production of the document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, it is to state so in writing and to produce whatever portion of

3

said document that it is able to produce, specifying its inability to produce the remaining portion of said document, and stating whatever information or knowledge it has concerning the documents it is unable to produce, including, but not limited to, the content of such document. If any such document was but is no longer in its possession, custody or control, it must state the disposition made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

O. In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, explained, or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

P. In answering these requests, Plaintiff must furnish all information available to it, including information in the possession of its attorneys, or its investigators, and all persons acting on its behalf. Responses should not be limited to Plaintiff's personal knowledge. If Plaintiff cannot answer any request in full after exercising due diligence to secure the information sought, it should so state and answer to the extent possible, specifying the reason(s) for its inability to respond to the remainder, and providing any information or knowledge that it has concerning the portions not answered.

Q. Where a claim of privilege is asserted in objecting to any request, or subpart thereof, and an answer is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicating the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the

communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

## DOCUMENT REQUESTS

1. All documents concerning any notification provided to Don by SiteOne, while Don was employed by SiteOne, that any particular information constituted a trade secret.

2. All documents concerning any notification provided to Don by SiteOne, while Don was employed by SiteOne, that any particular information constituted confidential information.

3. All documents notifying Don, while Don was employed by SiteOne, that he was prohibited from sharing any particular information except on a need-to-know basis.

4. All documents advising Don, while Don was employed by SiteOne, that he needed to keep any particular information confidential.

5. All documents reminding Don, while Don was employed by SiteOne, that he needed to keep any particular information confidential.

6. All documents concerning the contents of the filing cabinet in SiteOne's Coram location as referenced in SiteOne's Supplemental Response to Interrogatory No. 12.

7. All documents concerning measures taken by SiteoOne to maintain the secrecy of the materials contained in the filing cabinet in SiteOne's Coram location as referenced in SiteOne's Supplemental Response to Interrogatory No. 12.

8. All documents concerning any locking device utilized by SiteOne to secure the documents and files contained in the filing cabinet in SiteOne's Coram location, as referenced in SiteOne's Supplemental Response to Interrogatory No. 12.

9. All documents concerning the data, documents, and files stored on the hard drive of the computers allegedly taken by Nick as referenced in SiteOne's Supplemental Response to Interrogatory No. 12.

10. All documents notifying Rose that certain of SiteOne's data, information, and documents were considered confidential.

11. All documents concerning measures taken by SiteOne to secure the data, documents, and information that it claims were stored on the computers allegedly taken by Nick, as referenced in SiteOne's Supplemental Response to Interrogatory No. 12.

12. All documents notifying Nick that any of the data, documents, and information that SiteOne claims were stored on the computers allegedly taken by Nick, as referenced in SiteOne's Supplemental Response to Interrogatory No. 12, were trade secrets.

13. All documents notifying Nick that any of the data, documents and information that SiteOne claims were stored on the computers allegedly taken by Nick, as referenced in SiteOne's Supplemental Response to Interrogatory No. 12, were confidential.

14. All documents indicating that the pricing data allegedly misappropriated by any defendant includes prices offered by SiteOne to any of its Coram, Dix Hills, or Speonk customers at any time.

15. All documents concerning the offering by SiteOne to any of its Coram, Dix Hills, or Speonk customers of any contractual terms, allegedly misappropriated by any defendant, related to delivery, project details, contract duration and other bidding information, invoicing and payment terms, and/or other material terms governing the relationship between SiteOne and its client.

16. All documents concerning efforts made by SiteOne prior to the filing of this lawsuit, to restrict access to the website address: http://www.lccsny.com/gdweb/SalesMobilev2.aspx.

17. All documents concerning any breach of any security feature by Don so as to access any SiteOne data without authorization.

18. All documents concerning any harm to SiteOne's computer systems due to Don's alleged access to any SiteOne data.

19. All documents identifying the "highly sensitive pricing and customer information" that

Don allegedly accessed as alleged in the Amended Complaint at ¶148.

20. All documents concerning any notification provided to Nick by SiteOne, while Nick was employed by SiteOne, that any particular information constituted a trade secret.

21. All documents concerning any notification provided to Nick by SiteOne, while Nick was employed by SiteOne, that any particular information constituted confidential information.

22. All documents notifying Nick, while Nick was employed by SiteOne, that he was prohibited from sharing any particular information except on a need-to-know basis.

23. All documents advising Nick, while Nick was employed by SiteOne, that he needed to keep any particular information confidential.

24. All documents reminding Nick, while Nick was employed by SiteOne, that he needed to keep any particular information confidential.

25. All documents notifying Rose while Rose was employed by SiteOne, that she was prohibited from sharing any particular information, including the information contained on the "SiteOne laptop (that was being use by Rose Casper, a bookkeeper for SiteOne)," as alleged in the Amended Complaint at ¶¶ 147 and 164, with other employees, except on a need-to-know basis.

26. All documents advising Rose, while Rose was employed by SiteOne, that she needed to keep any particular information, including the information contained on the "SiteOne laptop (that was being use by Rose Casper, a bookkeeper for SiteOne)," as alleged in the Amended Complaint at ¶¶ 147 and 164, confidential.

Dated: Lake Success, New York
November 25, 2024

**MILMAN LABUDA LAW GROUP PLLC**

*/Colleen O'Neil*_____
By: Colleen O'Neil, Esq.
3000 Marcus Avenue, Suite
3W8 Lake Success, NY
11042-1073
(516) 328-8899 (office)

7

>                                        (516) 328-0082 (facsimile)
>                                        colleen@mllaborlaw.com
>
>                                        *Attorneys for the Don Defendants*

**VIA E-MAIL**
All counsel of record