# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SITEONE LANDSCAPE SUPPLY, LLC,

                            Plaintiff,

       -against-

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY LLC; NEWAY MANAGEMENT, LLC; and NEWAY TRUCKING,

                            Defendants.
-----------------------------------------------------------X

Docket No.: 23-cv-02084 (GRB) (SL)

**DEMAND FOR THE PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Nicholas Giordano, Dominick Caroleo, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway Management, LLC ("Defendants"), by their attorneys Law Offices of Thomas A. Bizzaro, Jr., P.C., hereby demand that Plaintiff produce each of the following documents described below at the Law Offices of Thomas A. Bizzaro, Jr., P.C., 23 Green Street, Suite 309, Huntington, New York 11743, within thirty (30) days of service of this demand.

**DEFINITIONS AND INSTRUCTIONS**

Unless specifically indicated or otherwise required by the context in which the terms, names and instructions are used, the following definitions and instructions shall be applicable to this Demand for Documents:

- 1 -

8641825.1

1. The term "Custodians" shall refer, either individually and/or collectively, to the following thirteen (13) individuals:

   (i)     Doug Black;
   (ii)    Anthony Catalano;
   (iii)   Greg Thistle;
   (iv)    Kevin Peattie;
   (v)     Jerry Justice;
   (vi)    Joseph Ketter;
   (vii)   Brian Kersnowski;
   (viii)  Alex Trama;
   (ix)    Gerard Passaro;
   (x)     Phil Sausto;
   (xi)    Bradley Brisindine;
   (xii)   David Black; and
   (xiii)  Ana Valentin.

2. The term "document" means all writings of any kind including, without limitation, analyses; estimates, receipts; tickets; proposals; account books; invoice(s); studies; message; correspondence; memoranda; notes; diaries; logs; statistics; letters; telegrams; minutes; contract(s); report(s); studies; checks; return(s); summaries; mortgage(s); note(s); assignment(s); prospectuses; inter-office and intra-office communications; offers; title reports; title policies; surveys; leases; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; computer printouts; teletypes; telefax; mailgrams; worksheets; and all drafts, alterations, modifications, changes and amendments of any kind; and written, mechanical or electrical records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, microfiles, videotapes, recordings, motion pictures, and written, mechanical or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs and recordings.

3. The term "possession, custody or control" includes, without limitation, possession, custody or control of Plaintiff, or any person or entity acting or purporting to act on behalf of Plaintiff, whether as agent, accountant, employee, attorney, sponsor, spokesman or otherwise.

4. The term "and" and "or" shall be construed disjunctively or conjunctively, as necessary to make the request inclusive rather than exclusive.

5. The use of the singular shall include the plural, and visa versa, and the use of the masculine shall include the feminine, and vice versa, as the context requires.

6. In the event that any document called for by this notice to produce is not produced:

    (a) Identify each such document;

    (b) Set forth the reason why the document has not been produced (e.g., not in Plaintiff's custody, possession or control, destruction, claim of privilege);

        (i) If the document is not produced on the basis of a claim of privilege, set forth the nature of the privilege asserted, and the relationship to Plaintiff of each person or entity to whom each such document was transmitted or shown, or to whom the information therein was disclosed; and

        (ii) If the document is in the possession of a person or business entity other than Plaintiff over which Plaintiff has no control:

    (A) Set forth whether and when the document was in Plaintiff's possession;

    (B) Set forth what disposition was made of the document; and

    (C) Identify the person or entity which is presently in possession of the document;

   (iii) If the document was destroyed:

    (A) Set forth the date of destruction;

    (B) Set forth the manner of destruction;

    (C) Set forth the reason for destruction;

    (D) Set forth the name and address of the person authorizing the destruction

    (E) Set forth the name and address of the person destroying the document.

7. If any documents requested in these requests were at one time in existence but has been lost, discarded or destroyed, then (i) identify each such document by date, type, and subject matter; and (ii) describe the circumstances under which each such document was lost, discarded or destroyed.

8. Pursuant to the FRCP, you are under a continuing duty to supplement your answers and responses to the requests for production of documents when the Plaintiff's original answers are no longer true or complete.

9. Defendants will object at any further proceeding of this action to the testimony of any witness and/or the presentation of any evidence which has been requested for production but has not been fully provided.

10. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), by any means, including verbal, telephonic, facsimile, e-mail or text message.

11. The term "concerning" means constituting, concerning, mentioning, supporting, discussing, referring to, reflecting, involving, pertaining to, connected with, relying upon, relating to, or in any way relevant to the indicated item, person or event.

12. The connectives "and" and "or" shall be construed whether disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

13. The terms "refer" and "relate" mean constituting, comprising, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, or containing, or any other term synonymous with, or similar to, the foregoing terms.

14. The use of the singular form of any word includes the plural and vice versa.

15. If objection is made to a request herein, the defendant shall state the reason for such objection.

16. In producing the documents requests, the defendant should segregate the documents by the requests set forth below.

17. Defendants reserves the right to seek additional documents from the Plaintiff.

**REQUEST FOR PRODUCTION**

1. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Dominick Caroleo and Brian Kersnowski during the SiteOne offsite event in September 2022 (the "Offsite") concerning and/or relating to Laura Shartle.

2. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Laura Shartle and Brian Kersnowski during the Offsite concerning and/or relating to Dominick Caroleo.

3. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Laura Shartle and Douglas Black during the Offsite concerning and/or relating to Dominick Caroleo.

4. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Laura Shartle and Joseph Ketter during the Offsite concerning and/or relating to Dominick Caroleo.

5. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Brian Kersnowski and Douglas Black during the Offsite concerning and/or relating to Dominick Caroleo.

6. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Brian Kersnowski and

- 6 -

Joseph Ketter during the Offsite concerning and/or relating to Dominick Caroleo.

7. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and Joseph Ketter during the Offsite concerning and/or relating to Dominick Caroleo.

8. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and Joseph Ketter during the Offsite concerning and/or relating to Laura Shartle.

9. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or Joseph Ketter and Ana Valentin during the Offsite concerning and/or relating to Dominick Caroleo.

10. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or Joseph Ketter and Ana Valentin during the Offsite concerning and/or relating to Laura Shartle.

11. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or Joseph Ketter and Lynn Fracassi during the Offsite concerning and/or relating to Dominick Caroleo.

12. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or

Joseph Ketter and Lynn Fracassi during the Offsite concerning and/or relating to Laura Shartle.

13. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or Joseph Ketter and Sean Cramer during the Offsite concerning and/or relating to Dominick Caroleo.

14. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between Douglas Black and/or Joseph Ketter and Sean Cramer during the Offsite concerning and/or relating to Laura Shartle.

15. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between any of the Custodians during the Offsite concerning and/or relating to Dominick Caroleo.

16. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between any of the Custodians during the Offsite concerning and/or relating to Laura Shartle.

17. Documents identifying the name(s) and job title(s) of SiteOne's purchasing agent(s) and/or buyer(s) and/or procurement agent(s) for the time period of January 1, 2023 to the present.

18. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between SiteOne's purchasing

agent(s) and/or buyer(s) and/or procurement agent(s) and any supplier and/or vendor and/or any business, person, or entity from whom SiteOne purchases its inventory, for the time period of January 1, 2023 to the present, concerning or relating to either: (1) Dominick Caroleo; (2) Victor Caroleo; (3) Nicholas Giordano; and/or (4) Scapes Supply LLC (and/or any variation of the names listed in (1) through (4) above).

19. Text messages (regardless of messaging platform and/or software used), emails, or other forms of written communication by and between any of the Custodians and SiteOne's purchasing agent(s) and/or buyer(s) and/or procurement agent(s) and any supplier and/or vendor and/or any business, person, or entity from which SiteOne purchases its inventory, for the time period of January 1, 2023 to the present, concerning and/or relating to either: (1) Dominick Caroleo; (2) Victor Caroleo; (3) Nicholas Giordano; and/or (4) Scapes Supply LLC (and/or any variation of the names listed in (1) through (4) above).

20. A true and correct copy of the investigative file, the investigative report(s), and/or all written and/or oral statements provided by any Custodian, SiteOne employee and/or individual not affiliated with SiteOne, which documents formed the basis for and/or provided support for SiteOne's decision to terminate Dominick Caroleo, including, but not limited to, the statements given by Brian Kersnowski to Trisha Earls, Esq. and/or SiteOne and its employees and/or attorneys concerning and/or relating to Kersnowski's separate conversations with both Laura Shartle and Dominick Caroleo on September 29, 2022.

21. Documents by and between Trisha Earls, Esq. and/or SiteOne, its officers,

directors, employees, attorneys, agents and/or servants, and "Melkamu", the Uber Driver who transported Dominick Caroleo and Laura Shartle back to their hotel during the Offsite on September 29, 2022, including, but not limited to, any statements (written or oral) given by and/or taken from "Melkamu" to Ms. Earls and/or SiteOne.

22. Documents (redacted where necessary to protect privilege) that demonstrate and/or evidence the date(s) that SiteOne retained Troutman Pepper Locke as its attorneys in connection with Dominick Caroleo and SiteOne's investigation of the alleged incident that formed the basis for Dominick Caroleo's termination.

23. Documents (redacted where necessary to protect privilege) that demonstrate and/or evidence the date(s) that SiteOne retained Troutman Pepper Locke, as its attorneys in connection with the prosecution of this lawsuit.

24. Documents (redacted where necessary to protect privilege) that demonstrate and/or evidence the date(s) that SiteOne retained Troutman Pepper Locke, as its attorneys in connection with Dominick Caroleo for any reason.

25. Documents (redacted where necessary to protect privilege) that demonstrate and/or evidence the date(s) that SiteOne and/or Troutman Pepper Locke retained Trisha Earls, Esq. or her firm.

26. Documents identifying all persons present at the October 18, 2022 Meeting of the Board of Managers of SiteOne that took place at or around 3:30 p.m. via video conferencing.

27. A true and correct copy of the Plaintiff's Operating Agreement, and any

amendments, from January 2022 to the present.

28. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Prides Corner Farms, on the other, concerning and/or relating to Dominick Caroleo.

29. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Simpson Nurseries, on the other, concerning and/or relating to Dominick Caroleo.

30. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Prides Corner Farms, on the other, concerning and/or relating to Victor Caroleo.

31. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Simpson Nurseries, on the other, concerning and/or relating to Victor Caroleo.

32. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Prides Corner Farms, on the other, concerning and/or relating to Nicholas Giordano.

33. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Simpson Nurseries, on the other, concerning and/or relating to Nicholas Giordano.

34. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Prides

Corner Farms, on the other, concerning and/or relating to Scapes Supply LLC.

35. Documents by and between SiteOne, its managers, officers, directors, attorneys, agents, and employees, and/or the Custodians, on the one hand, and Simpson Nurseries, on the other, concerning and/or relating to Scapes Supply LLC.

36. True and complete copies of Brian Kersnowski's cellular telephone records (both personal and SiteOne issued) evidencing all calls and/or text messages (regardless of messaging application or software used) and/or emails and/or other forms of communication (electronic or otherwise) for the months of August, September, and October 2025.

37. Documents Plaintiffs allege demonstrate and/or evidence and/or support the allegation(s) that Dominick Caroleo was in breach and violation of his non-compete agreement(s) from September 1, 2022 to the date SiteOne commenced this action.

38. True and complete copies of any and all surveillance or other forms of video and/or audio recordings that SiteOne claims demonstrates and/or evidences and/or supports SiteOne's claims that Dominick Caroleo was in breach and violation of his non-compete agreement(s) from September 1, 2022 to the date SiteOne commenced this action.

39. True and complete copies of any and all surveillance or other forms of video and/or audio recordings that SiteOne claims demonstrates and/or evidences and/or supports SiteOne's claims that Nicholas Giordano utilized and/or stole proprietary and/or confidential and/or trade secret information from SiteOne to use in his competing

business.

40. True and complete copies of any and all surveillance or other forms of video and/or audio recordings that SiteOne claims demonstrates and/or evidences and/or supports SiteOne's claims that Victor Caroleo was in breach and violation of his purported non-compete agreement(s) from September 1, 2022 to the date SiteOne commenced this action.

41. Any document Plaintiff intends to produce at the trial of this matter or the related matters or rely upon in asserting any claim or defense in this matter or the related matters.

**PLEASE TAKE FURTHER NOTICE** that Defendants reserve their right to supplement and/or amend this notice.

Dated: Huntington, New York
October 10, 2025

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

By: _____
Thomas A. Bizzaro, Jr., Esq.
*Attorneys for Defendants*
23 Green Street, Suite 309
Huntington, New York 11743
(631) 380-3297
tbizzaro@tab-law.com