# EXHIBIT 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,                    Docket No.: 23-cv-02084
                                                  (GRB) (SL)
                              Plaintiff,

              -against-

NICHOLAS GIORDANO; DOMINICK CAROLEO;              **SUPPLEMENTAL**
VICTOR CAROLEO; NARROW WAY REALTY,               **DEMAND FOR**
LTD.; NARROW WAY 2 LLC; THE GARDEN               **THE PRODUCTION OF**
DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.;           **DOCUMENTS**
3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES
SUPPLY LLC; NEWAY MANAGEMENT, LLC;
and NEWAY TRUCKING,
                              Defendants.
----------------------------------------------------------X

        PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

Procedure (the "FRCP"), Defendants Nicholas Giordano, Dominick Caroleo, Victor

Caroleo, Narrow Way Realty, Ltd., Narrow Way 2 LLC, The Garden Dept. Corp., Group 5

Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Scapes Supply, LLC, and Neway

Management, LLC (collectively, the "Defendants"), by their attorneys Law Offices of

Thomas A. Bizzaro, Jr., P.C., hereby demand that Plaintiff produce each of the following

documents described below at the Law Offices of Thomas A. Bizzaro, Jr., P.C., 23 Green

Street, Suite 309, Huntington, New York 11743, within thirty (30) days of service of this

demand.

**DEFINITIONS AND INSTRUCTIONS**

Unless specifically indicated or otherwise required by the context in which the

terms, names and instructions are used, the following definitions and instructions shall be

applicable to this Demand for Documents:

1.      The term "Custodians" shall refer, either individually and/or collectively, to

the following twenty (20) individuals:

(a)      Doug Black;
(b)      Anthony Catalano;
(c)      Greg Thistle;
(d)      Kevin Peattie;
(e)      Jerry Justice;
(f)      Joseph Ketter;
(g)      Brian Kersnowski;
(h)      Alex Trama;
(i)      Gerard Passaro;
(j)      Phil Sausto;
(k)      Briley Brisindine;
(l)      David Black;
(m)      Ana Valentin;
(n)      Sean Kramer;
(o)      David Bannister;
(p)      Laura Shartle;
(q)      Neville Ranglin;
(r)      Brandon Chin;
(s)      Lynn Fracassi; and
(t)      Jill Verbeen.

2.      "Relevant Time Period" shall mean September 1, 2022 to the present.

3.      The term "document" means all writings of any kind including, without

limitation, analyses; estimates, receipts; tickets; proposals; account books; invoice(s);

studies; message; correspondence; memoranda; notes; diaries; logs; statistics; letters;

telegrams; minutes; contract(s); report(s); studies; checks; return(s); summaries;

mortgage(s); note(s); assignment(s); prospectuses; inter-office and intra-office communications; offers; title reports; title policies; surveys; leases; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; computer printouts; teletypes; telefax; mailgrams; worksheets; and all drafts, alterations, modifications, changes and amendments of any kind; and electronic, mechanical or electrical records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, microfiles, videotapes, recordings, motion pictures, and electronic, mechanical or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs and recordings.

4.      The term "possession, custody or control" includes, without limitation, possession, custody or control of Plaintiff, or any person or entity acting or purporting to act on behalf of Plaintiff, whether as agent, accountant, employee, attorney, sponsor, spokesman or otherwise.

5.      The term "and" and "or" shall be construed disjunctively or conjunctively, as necessary to make the request inclusive rather than exclusive.

6.      The use of the singular shall include the plural, and visa versa, and the use of the masculine shall include the feminine, and vice versa, as the context requires.

7.      In the event that any document called for by this notice to produce is not produced:

        (a)     Identify each such document;

        (b)      Set forth the reason why the document has not been produced

(e.g., not in Plaintiff's custody, possession or control, destruction, claim of privilege);

(i)    If the document is not produced on the basis of a claim of privilege, set forth the nature of the privilege asserted, and the relationship to Plaintiff of each person or entity to whom each such document was transmitted or shown, or to whom the information therein was disclosed; and

(ii)    If the document is in the possession of a person or business entity other than Plaintiff over which Plaintiff has no control:

   (A)    Set forth whether and when the document was in Plaintiff's possession;

   (B)    Set forth what disposition was made of the document; and

   (C)    Identify the person or entity which is presently in possession of the document;

(iii)    If the document was destroyed:

   (A)    Set forth the date of destruction;

   (B)    Set forth the manner of destruction;

   (C)    Set forth the reason for destruction;

   (D)    Set forth the name and address of the person authorizing the destruction

- 4 -

(E)     Set forth the name and address of

the person destroying the document.

8.      If any documents requested in these requests were at one time in existence but has been lost, discarded or destroyed, then (i) identify each such document by date, type, and subject matter; and (ii) describe the circumstances under which each such document was lost, discarded or destroyed.

9.      Pursuant to the FRCP, you are under a continuing duty to supplement your answers and responses to the requests for production of documents when the Plaintiff's original answers are no longer true or complete.

10.     Defendants will object at any further proceeding of this action to the testimony of any witness and/or the presentation of any evidence which has been requested for production but has not been fully provided.

11.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), by any means, including verbal, telephonic, facsimile, e-mail or text message.

12.     The term "concerning" means constituting, concerning, mentioning, supporting, discussing, referring to, reflecting, involving, pertaining to, connected with, relying upon, relating to, or in any way relevant to the indicated item, person or event.

13.     The connectives "and" and "or" shall be construed whether disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

14.　　The terms "refer" and "relate" mean constituting, comprising, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, or containing, or any other term synonymous with, or similar to, the foregoing terms.

15.　　The use of the singular form of any word includes the plural and vice versa.

16.　　If objection is made to a request herein, the defendant shall state the reason for such objection.

17.　　In producing the documents requests, the defendant should segregate the documents by the requests set forth below.

18.　　Defendants reserve the right to seek additional documents from the Plaintiff.

## REQUEST FOR PRODUCTION

1.　　All phone logs, phone records, and device change/upgrade documentation for each of the Custodians showing whether each such Custodian changed phones (or other devices) and/or factory reset their devices (whether intentional or otherwise) at any point during the Relevant Time Period.

### A. Doug Black (CEO)

2.　　All documents identifying mobile phones, tablets, laptops, or desktops used by Doug Black for any SiteOne business during the Relevant Time Period.

3.　　All forensic images, extractions, or device collections made from Doug Black's devices during the Relevant Time Period.

4.     All logs, service records, or helpdesk tickets relating to factory resets, upgrades, or replacements of Doug Black's devices during the Relevant Time Period.

5.     All MDM logs, mobile carrier records, and iCloud/Google backup logs for Doug Black's devices during the Relevant Time Period.

6.     All communications about Doug Black's preservation obligations, device use, or loss after being placed on litigation hold during the Relevant Time Period.

7.     Chain-of-custody documents for each Doug Black device that was turned in, renamed, wiped, or reassigned during the Relevant Time Period.

8.     All metadata or audit trails relating to SMS, iMessage, WebEx, Signal, or WhatsApp apps used on Doug Black's devices during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the Defendants.

9.     Any policy documents instructing executives like Doug Black how to preserve mobile data.

10.     Any records of communications or backups between Doug Black and Sean Kramer during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the Defendants.

11.     Any forensic reports that attempted (successfully or not) to recover data from Doug Black's lost Android device during the Relevant Time Period.

**B. <u>Kevin Peattie</u>**

12.     All documents identifying each device (including the second SiteOne-issued phone) used by Kevin Peattie since Fall 2022.

13.     Factory reset logs, including authorization and IT communications regarding the reset around November 11, 2024.

14.     All forensic reports or device backup efforts for Peattie's phones during the Relevant Time Period.

15.     All documents and communications between SiteOne legal, IT, and Kevin Peattie during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, or the Defendants.

16.     Chain-of-custody records, device imaging records, and MDM logs for each Peattie phone during the Relevant Time Period.

17.     Metadata or logs from text/SMS, iMessage, Signal, WhatsApp, or WebEx platforms used by Peattie during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, the loss of Peattie's first SiteOne issued cell phone, or the Defendants.

18.     Communications with vendors who may have handled Peattie's device during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, the loss of Peattie's first SiteOne issued cell phone, or the Defendants.

19.     Records showing whether SiteOne ever imaged or extracted data from Peattie's personal and/or first SiteOne issue cell phone.

## C. <u>Gerard Passaro</u>

20.    All documents related to the surrender, handling, and disposition of Gerard Passaro's personal phone in February or March 2023.

21.    Chain-of-custody forms, IT intake logs, or acknowledgment records of Passaro's personal device during the Relevant Time Period.

22.    Communications between IT/legal and Passaro during the Relevant Time Period related to and/or concerning about device and data preservation, deleting text messages, this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, or the Defendants.

23.    Forensic imaging efforts or logs showing whether the lost Passaro personal cell phone was collected during the Relevant Time Period.

24.    Messaging app logs from Passaro's surrendered phone (including SMS, Signal, or WhatsApp if applicable) during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, or the Defendants.

25.    MDM or backup logs for any SiteOne-issued phone provided to Passaro. during the Relevant Time Period.

## D. <u>David Black (CISO)</u>

26.    Documents and correspondence evidencing all SiteOne-issued and/or personal devices used by David Black for company business during the Relevant Time Period.

27.     Forensic imaging, extraction, or backup efforts related to those devices during the Relevant Time Period.

28.     MDM logs, reset records, factory wipe confirmations for any of David Black's devices during the Relevant Time Period.

29.     Audit trails or mobile app records for SMS, WebEx, Signal, or WhatsApp during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, the factory reset of any Custodian's device, the loss of any other Custodians' device(s), or the Defendants.

30.     Verizon records showing David Black's call/text logs after May 1, 2025 related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device, or the Defendants.

31.     Communications between David Black and Sean Kramer after May 22, 2025 related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, or the Defendants.

32.     Internal emails and/or text messages and/or instant messages during the Relevant Time Period discussing failure to preserve or collect David Black's device, data, and/or text messages, WebEx chats, instant messages, or other communications.

**E. Sean Kramer**

33.     Identification of all phones, tablets, and laptops used by Sean Kramer at SiteOne during the Relevant Time Period.

34.     Imaging records, reset logs, and collection efforts for Kramer's devices during the Relevant Time Period.

35.     Chain-of-custody documentation or wipe instructions for Kramer's devices during the Relevant Time Period.

36.     Text or app logs (e.g. Signal, WhatsApp, WebEx) from Kramer devices during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, or the Defendants.

37.     Records showing communications between David Black and Sean Kramer after May 22, 2025.

**F. <u>Neville Ranglin</u>**

38.     Device assignment logs and chain-of-custody records for all devices used by Neville Ranglin during the Relevant Time Period.

39.     Factory reset, upgrade, or wipe tickets or logs for all Ranglin devices during the Relevant Time Period.

40.     Imaging or backup efforts for Ranglin's mobile or computing devices during the Relevant Time Period.

41.     MDM logs and cloud account sync records for Ranglin during the Relevant Time Period.

42.     Messaging logs or app metadata for communications over any third-party platform during the Relevant Time Period.

**G. Brandon Chin**

43.    All records of devices used by Chin for business purposes during the Relevant Time Period.

44.    Reset/wipe logs, MDM status, cloud sync activity for all SiteOne devices issued to Chin during the Relevant Time Period.

45.    Communications concerning device preservation, resets, or failures during the Relevant Time Period.

46.    Vendor and imaging records for Chin's devices during the Relevant Time Period.

**H.  Briley Brisindine, Esq. (Former General Counsel)**

47.    All records identifying mobile phones or tablets used during employment during the Relevant Time Period.

48.    Any device collection, wipe, or preservation efforts during the Relevant Time Period.

49.    Chain-of-custody or turnover records during the Relevant Time Period.

50.    Imaging or collection reports during the Relevant Time Period.

51.    Records of communications with IT/legal about related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, or the Defendants.

**I. General**

52. All documentation regarding SiteOne's policies, procedures, or internal guidance about whether executives or associates may retain their mobile phone number (whether personal or company-assigned) upon leaving the company.

53. Records of implementation or exceptions granted to any departing executive(s) during the Relevant Time Period.

54. All Verizon (or other cellular carrier) records for CISO David Black - including, but not limited to, call logs, text message logs, and records maintained by SiteOne or Verizon for any SiteOne business telephone lines or devices or accounts used by David Black - during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, communications with Sean Kramer, or the Defendants.

55. All Verizon (or other cellular carrier) records for Sean Kramer - including, but not limited to, call logs, text message logs, and records maintained by  SiteOne or Verizon for any SiteOne business telephone lines or devices or accounts used by David Black - during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, communications with Sean Kramer, or the Defendants.

56. All text messages sent or received by Neville Ranglin during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, communications with Sean Kramer, or the Defendants.

- 13 -

57.    All emails, text messages, WebEx chats, instant messaging, or other communications involving any Custodian and the below individuals during the Relevant Time Period related to and/or concerning this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, communications with Sean Kramer, or the Defendants:

- "Luc" or "Luke";

- "Michelle";

- Brandon Chin;

- Jill Verbeen;

- David Black; and/or

- Sean Kramer.

58.    A forensic image of Doug Black's iPad, along with all text messages (with associated metadata) on that device that relate to or reference this lawsuit, the litigation hold(s), the loss of Doug Black's Android device or the device and/or data of any other Custodian, communications with Sean Kramer, or the Defendants.

59.    All text messages exchanged between David Black and Sean Kramer (on both personal and business phones) from April 1, 2025 to the present, and all text messages sent or received by David Black during the Relevant Time Period that concern any of the following:

a. Doug Black's cell phone;
b. The loss of any Custodian device and/or date (intentional or otherwise);
c. The Custodians and litigation hold(s); and/or

d.  The Defendants.

PLEASE TAKE FURTHER NOTICE that Defendants reserve their right to supplement and/or amend this notice.

Dated: Huntington, New York
      November 3, 2025

**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

By: _____

Thomas A. Bizzaro, Jr., Esq.
*Attorneys for Defendants*
23 Green Street, Suite 309
Huntington, New York 11743
(631) 380-3297
tbizzaro@tab-law.com

- 15 -