# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   Case No.: 2:23-cv-02084-GRB-SIL

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

V.

NICHOLAS GIORDANO, ET AL.,

      Defendants.
-----------------------------------------------------------------x

**DEFENDANT DOMINICK CAROLEO'S INTERROGATORY REQUEST TO PLAINTIFF (FIRST SET)**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York,, Defendant, Dominick Caroleo (hereinafter referred to sometimes as "Defendant Caroleo"), by his attorneys, Certilman Balin Adler & Hyman, LLP, request that Plaintiff SiteOne Landscape Supply, LLC (hereinafter referred to as "Plaintiff") answer the following Interrogatories in writing, under oath, in accordance with all applicable Rules and the Definitions and Instructions set forth below on or before November 18, 2025, pursuant to FRCP Rule 34(b)(2)(A).

## DEFINITIONS

The following definitions shall apply to these interrogatory requests:

Defendant hereby adopt, and incorporate by reference, the definitions and rules of construction contained within Rule 26.3 of the Local Civil Rules of the United States District Court for the Eastern District of New York. Defendant further supplements said definitions and rules of construction with the following definitions and instructions, interpreted in the broadest sense possible.

1. "Complaint" means the Complaint in the above-captioned action filed in the United States District Court Eastern District of New York on March 17, 2023, entitled SiteOne Landscape Supply, LLC *v.* Nicholas Giordano, et al., Case No.: 2:23-cv-02084 as amended by the July 7, 2023 filing of the Amended Complaint (this "Federal Court Action").

2. "Plaintiff," "you," or "your" means SiteOne Landscape Supply, LLC, the

8686053.1

plaintiff in the above-captioned action.

3. "Defendant" means the defendant, Dominick Caroleo in the above-captioned action.

4. "Person" means any natural person or any legal entity, including but not limited to, any business or governmental entity, organization, or association.

5. "Relate" or "relating"/"Concern" or "concerning" means consisting of, referring to, reflecting, concerning/relating to or being in any way logically or factually connected with the matter discussed.

6. "Communication" means the transmission of information or data in any form, including but not limited to written, oral, or electronic transmissions.

7. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each interrogatory all responses that otherwise might be construed as outside the scope of an interrogatory.

8. The words "all," "any," "every," or "each" encompass any and all of the matter discussed.

9. "Identify" (with respect to an individual) shall mean that you are to provide the name, current or last known address (business and home), current or last known telephone number (business and home), current or last known business position or title, and whether he or she is currently employed by or associated with Plaintiff.

10. The use of the singular form includes the plural, and vice versa.

11. The use of the present tense includes the past tense, and vice versa.

12. The use of the masculine form includes the feminine, and vice versa.

13. "SiteOne Custodian" means the following individuals: Doug Black CEO, David Black CISO, Laura Shartle, Jerold Justice, Brian Kersnowski, Anthony Catalano, Gerard Passaro, Alex Trama, Kevin Peatie, Lynn Fracassi, Greg Thistle, Philip Sausto, David Banister, Briley Brisendine, Sean Cramer, Travis Jackson.

## INSTRUCTIONS

1. All answers or objections to the interrogatories requested herein shall be

8686053.1

made in writing and delivered to the office of Certilman Balin Adler & Hyman, LLP, Attn.: Anthony W. Cummings, Esq., at 90 Merrick Avenue, 9th Floor, East Meadow, New York 11554, on or before the date set for answer.

2. The answer to each interrogatory shall include such knowledge or information as is within the custody, possession or control of Plaintiff, including but not limited to knowledge, information and documents in the custody, control or possession of Plaintiff's accountants, consultants, attorneys, employees or other agents. If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

3. If you object to any interrogatory or any portion of an interrogatory on the grounds of privilege, identify:

  a) the nature of the privilege claimed;
  b) the person making the communication, whether oral or in writing;
  c) if the communication was oral, all persons present while the communication was made;
  d) if the communication was written, the author, addressees, and any other recipients of the communication;
  e) the relationship of the persons present to the person making the communication;
  f) the date and place of the communication; and
  g) the general subject matter of the communication.

4. Each Interrogatory shall be accorded a separate answer.

5. The source, sources or derivation of each answer should be separately set forth and identified with a description sufficient for use in a subpoena duces tecum, unless the person signing the answers to the Interrogatories under oath knows of his or her personal and direct knowledge the facts or information forming the basis of all answers given.

6. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

8686053.1

## INTERROGATORIES

For each SiteOne Custodian, please have him/her provide the following information:

### Personal Information and Cellular Phones:

1. Custodian's full legal name.

2. Did the Custodian maintain both a business and personal cell phone (2 devices or more) since the commencement of this Federal Court lawsuit?

3. State or identify any and all cellular phone numbers the custodian currently owns and/or controls.

4. State or identify any and all phone numbers the custodian has owned and/or controlled since the inception of this Federal Court lawsuit.

5. State or identify the manufacturer and model of any and all cellular telephones owned, utilized and/or controlled since the inception of this Federal Court lawsuit.

6. Did the Custodian own, utilize and/or control either a business or personal (or both) iPad and/or tablet or other electronic device capable of sending or receiving email communications and/or text messages.

7. State whether the Custodian has upgraded and/or replaced any cell phone since the commencement of this Federal Court Action.

8. State whether the Custodian made any change in cell phone service providers since the commencement of this Federal Court Action.

9. State whether the Custodian has swapped and/or replaced SIM cards in any cell phone since the commencement of this Federal Court Action.

### Email Accounts:

10. State or identify any and all email accounts the custodian presently maintains,

4

8686053.1

owns and/or controls.

11. State or identify any and all email accounts the custodian has maintained, owned and/or controlled since the commencement of this Federal Court lawsuit.

12. State or identify the dates of email account creation and any significant changes (e.g., password changes, account recovery, etc.) since the commencement of this Federal Court Lawsuit.

13. State or identify any and all backup and/or recovery email accounts or aliases.

14. State or identify any and all email forwarding or filtering rules set up for any of the Custodian's email accounts.

**Social Media Accounts:**

15. Provide a comprehensive list of any and all social media accounts owned, controlled and/or utilized by the Custodian since the commencement of the Federal Court Action, whether active or not, including, but not limited to, Facebook, Instagram, Twitter, LinkedIn, Snapchat, and TikTok.

16. State or identify any other platforms utilized by the Custodian (e.g., Reddit, Pinterest).

17. State or identify the usernames, handles and/or or profiles for each social media account.

18. Provide the date(s) of each account creation and identify any and all significant changes made (e.g., privacy settings, username changes) since the commencement of the Federal Court Action.

19. State whether the Custodian has deactivated and/or deleted any social media accounts and/or posts relevant to the case since the commencement of this Federal Court Action.

**Messaging Applications:**

20. List of all messaging applications utilized by the Custodian including, but not limited to, WhatsApp, Facebook Messenger, Signal, Telegram, and/or iMessage.

8686053.1

21. State or identify any other relevant applications utilized by the Custodian (e.g., Viber, Zoom, Skype).

22. State or identify the usernames or phone numbers associated with these messaging applications.

23. Provide the date(s) of account creation and any changes made since the commencement of this Federal Court Action.

**Cloud Storage:**

24. State or identify any and all cloud storage accounts used by the Custodian for communication or document sharing (e.g., iCloud, Google Drive, Dropbox, OneDrive).

**Board Members:**

25. Identify the Members that attended the meeting of the Board of Managers (the "Opco Board") of Plaintiff held on October 18, 2022, via WebEx videoconferencing.

Dated: October 17, 2025

_____
Anthony W. Cummings, Esq.
Certilman Balin Adler & Hyman, LLP
*Attorneys for Defendant Dominick Caroleo*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000
acummings@certilmanbalin.com

Thomas A. Bizzaro, Jr., Esq.
Law Offices of Thomas A. Bizzaro, Jr., P.C.
*Attorneys for Defendants*
7 High Street, Suite 300
Huntington, New York 11743
(631) 380-3297

6

8686053.1