# EXHIBIT 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SiteOne Landscape Supply, LLC. Docket #CV-23-2084 (GRB)(SIL)
                                     .
            Plaintiff,               .
                                     .  United States Courthouse
                vs.                  .  Central Islip, New York
                                     .  December 1, 2025
Giordano et al.,                     .  11:04 a.m.
                                     .
            Defendants.              .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For The Plaintiff:              Evan Gibbs, Esq.
                                Troutman Pepper Locke, LLP
                                600 Peachtree St., N.E.
                                Ste. 3000
                                Atlanta, GA 30308

                                Matthew Adler, Esq.
                                Troutman Pepper Locke, LLP
                                3000 Two Logan Square
                                18th And Arch Streets
                                Philadelphia, PA 19103

                                Travis Jackson, Esq.
                                In-House Counsel
                                Siteone Landscape Supply, LLC
                                Ste. 100
                                2351 Button Gwinnett Dr.
                                Atlanta, GA 30340

                                Kevin P. Mulry, Esq.
                                Farrell Fritz
                                400 RXR Plaza
                                Uniondale, NY 11556

2

For The Defendant:                    Thomas A. Bizzaro, Jr., Esq.
                                      Law Offices of Thomas A.
                                      Bizarro, Jr., PC
                                      23 Green St.-Ste. 309
                                      Huntington, NY 11743

                                      Anthony W. Cummings, Esq.
                                      Certilman Balin Adler &
                                      Hyman, LLP
                                      90 Merrick Ave., 9th Fl.
                                      East Meadow, NY 11554

Audio Operator:

Transcribing Firm:                    Writer's Cramp, Inc.
                                      1027 Betty Lane
                                      Ewing, NJ 08628
                                      609-588-8043


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

26

12    They terminated him because they paid him $36 million.  Then

13    they paid him another several million on the first year

14    closing and then the second, and they owed him another four or

15    five million.  They used Shrtle's complaint as a basis to

16    terminate this man, okay?  After they terminated --

17              THE COURT:  Which is not part of this case?

18              MR. BIZZARO:  It's our defense.  It's our defense

19    because --

20              THE COURT:  His -- you just said his termination.

21    We're not arguing about his termination.

22              MR. BIZZARO:  We're not arguing about his

23    termination.  What we're saying -- we're arguing there's no

24    competition here, Your Honor.  And the only reason that this

25    gentleman is in this Courtroom as a Defendant is because he's

27

1    the only one with an enforceable non-compete.  Nick Giordano

2    doesn't have a non-compete.  Vic Caroleo doesn't have a non-

3    compete.

4            THE COURT:  But if there's a non-compete -- and I

5    don't have it in front of me.  I haven't -- I've read it, but

6    I haven't read it recently -- let's say they went after him

7    for a violation of that because he kicked their dog or he

8    dated his daughter or some other personal not relevant

9    business reason.  So what?  Either he violated the non-compete

10   or he didn't.  He says he didn't, and he may not have.  But

11   what's the motive for enforcing a contract have to do with

12   whether the contract has been breached?

13   ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████

███████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

█████████

28

1          MR. BIZZARO:  My understanding was Rivkin Radler

2     started, and then Mule came a short time thereafter and

3     joined, and then I think I was after Rivkin Radler was gone,

4     when I took over, my first appearance was March 26.

5          THE COURT:  No, no, no.  I don't remember.

6          MR. BIZZARO:  I brought Mr. Cummings in because I'm

7     a boutique law firm, and I don't have the capability to fight

8     Farrell Fritz & Troutman on a daily basis.  His firm does.  So

9     what I'm trying to do here is get limited discovery to prove

10    our theory, to prove our defense.  So another thing the Court

11    should know, as we're learning, because we haven't even gotten

12    the merit depositions.

13         THE COURT:  No, we're getting to the merit

14    depositions.

15    ████████████████████████████████████████████

█     █████████████████████████████████████████████████

█     ███████████████████████████

█     ██████████████████

█     ███████████████████████████████████

█     ██████████████████████████████████████████████████

█     ████████████████████████████

█     ███████████████████

█     ████████████████████████████████████████

█     ██████████████████

25         THE COURT:  I want to go back to something you said

1  as part of that statement, which is that you need limited

2  discovery.  You are not asking for limited discovery.  You are

3  asking for a scorched earth amount of discovery here.  You

4  brought up two questions or issues that you said something --

5  ███████████████████████████████████████  and that

6  kind of thing.  I heard two questions.  I did not hear 166

7  questions, including document requests, in that.

8          MR. BIZZARO:  Because they're not 166 questions

9  about that.  There's other things like a Notice to Admit, for

10  example, admit or deny that CEO Black's phone was not backed

11  up prior to its alleged loss in January of 2004.  That's hard

12  to answer?  It's yes or no.  If I could get the CIO -- I'm

13  sorry.  If I get Mr. Kramer in the deposition, I can probably

14  get the answer to that question, which is why I want Mr.

15  Kramer, because he's got a lot of information.

16          THE COURT:  Okay.  You're going to get a chance to

17  take depositions, but we're going to talk about that in a

18  minute.  I'm still not hearing an answer to my -- or a

19  satisfactory answer to my concern about why there are hundreds

20  of more discovery -- written discovery --

21          MR. BIZZARO:  So --

22          THE COURT:  -- requests.

23          MR. BIZZARO:  -- I will continue.  So when we were

24  here, my first appearance was March 26.  And at that point, it

25  was my understanding.  Having been retained that day --

1          THE COURT:  Okay.  Well, we're going to move
2    forward.  The Motion for a Protective Order is granted.  This
3    volume of requests is wildly disproportionate to the needs of
4    this case.  In addition, they come on the heels of voluminous
5    requests from prior sets of attorneys.  And I realize Mr.
6    Bizzaro, Mr. Cummings, are relatively new to this case, and
7    they're trying to marshal evidence in a fashion that search --
8    that suits or fits with their version of what's going on here.
9    We're not going in circles and doing this, and I'm not waiting
10   for the fourth set of attorneys to come in, if that were to
11   happen, and issue more requests.

12        That being said, during the depositions, I do believe in
13   the normal course.  You will get answers to questions that
14   nobody anticipates, and that may generate some follow up.
15   This is not a blanket prohibition.  It is my effort to direct
16   this case forward wherever direction that leads.

17        So 251, the short answer is granted for those reasons.
18   We are still not done, I don't think.  Let's see.  Okay, 253.
19   There's opposition at 254.  Oh, wait, this is -- bear with me
20   one second.  And then there was a reply at 255.  This is to
21   compel further document retention depositions.

22        I will point out that my rules do not permit replies,
23   although one was submitted without leave of the Court, and I
24   have it anyway.  I realized that, earlier, I granted the -- I
25   think it was Mr. Cummings, an opportunity to submit a late

1    response because he was new to the case.  And I get it.

2    Things happen.  On a go-forward basis, I'm going to encourage

3    you to read and comply with the rules that apply to litigation

4    in this Court to defense counsel.  I don't think anything

5    wildly crazy has happened as a result, but let's get focused.

6    Okay.

7        More document retention depositions is the issue.  I have

8    read the letters.  I have a solution I'm toying with.  But

9    what do you want to tell me about that?  And then, Mr. Gibbs,

10   you'll respond.  And, Mr. Bizzaro, this is you talking?

11        MR. BIZZARO:  Well, I believe he made a Protective

12   Order first, and then I was -- made a Motion to Compel.  I'm

13   happy to speak first.

14        THE COURT:  Oh.  I took it as -- because you filed

15   the motion, so go ahead.

16        MR. BIZZARO:  Yeah.  So, Judge, very simple.  We

17   need the CIO of the company because CISO Black and CEO Black

18   (indiscern.) --

19        THE COURT:  Why don't you use their first names,

20   okay?

21        MR. BIZZARO:  Okay.  Douglas Black --

22        THE COURT:  But for the record, CISO, C-I-S-O?

23        MR. BIZZARO:  Yes.

24        THE COURT:  Okay.

25        MR. BIZZARO:  Douglas Black and David Black.