**LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.**

February 16, 2026

<u>Via Electronic Mail</u>
Michael C. Cardello III, Esq.
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, New York 11530

  Re: <u>SiteOne Landscape Supply, LLC v. Giordano, et al.</u>
    United States District Court, Eastern District of New York
    Docket No.: 2:23-cv-02084-GRB-SIL

Dear Special Master Cardello:

  My firm, along with Anthony Cummings, Esq. of Certilman Balin Adler & Hyman LLP, represent Defendants. Defendants respectfully submit this letter motion to quash or, in the alternative, substantially modify SiteOne's FRCP 30(b)(6) notices (the "Notices"). *A copy of the Notices are attached hereto as Exhibit A*.

  The party seeking a Rule 30(b)(6) deposition must first serve a notice that escribes with reasonable particularity the issues and the topics that will be addressed at the deposition. *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC,* 2013 U.S. Dist. Lexis 44977 (S.D.N.Y. 2013). The purpose of the Rule is to avoid difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be able to provide the information sought. *Id.* Rule 30(b)(6) further requires the noticing party to describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). This requirement, emphasized in the 2020 amendments, places a clear burden on the examining party to define topics with sufficient specificity so that the organization can identify and prepare appropriate witnesses. The 2020 amendments to Rule 30(b)(6) further mandate that "the serving party and the organization must confer in good faith about the matters for examination" before or promptly after service, specifically to address "overlong or ambiguously worded lists of matters for examination." Fed. R. Civ. P. 30(b)(6); Advisory Committee Notes to 2020 Amendments. Courts routinely reject topics that are "vague" or "unreasonably broad," as such notices make it impossible to designate and prepare witnesses to testify. *Edelen v. Campbell Soup Co.,* 265 F.R.D. 676 (N.D. Georgia 2009). Notices that are unduly burdensome or demand preparation on matters not relevant to any claim or defense in this action fail the proportionality requirements of Rule 26(b)(1) and are subject to protective orders under Rule 26(c). When topics are divorced from the relevant time period or sweep in irrelevant subject matter, designation becomes impossible or imposes an unreasonable burden, particularly on closely held entities. Here, SiteOne has failed both to confer meaningfully about narrowing these topics and to satisfy the reasonable-particularity standard. Rule 30(b)(6) requires the noticing party to describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). Notices that are vague, sweeping in temporal or geographic scope, or

demand preparation on matters unrelated to the claims and defenses at issue fail this standard and warrant protective relief under Rule 26(c). *See Paparelli v. Prudential Ins. Co. of Am.,* 108 F.R.D. 727, 730 (D. Mass. 1985) (oft-cited in EDNY).

I.       **The Notices Are Overbroad and Lack Reasonable Particularity -** Rule 30(b)(6) requires the noticing party to describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). The purpose of this requirement is to "provide the deponent organization with sufficient information to permit it to prepare fully its designee or designees to respond.". Notices that are "unduly burdensome" or demand preparation on matters "not relevant to any claim or defense in this action" fail the proportionality requirements of Rule 26(b)(1) and are subject to protective orders. *Freeman v. BPO Seidman, LLP,* 49 Bankr. Lexis 938 (Bankr. S.D. Fla. 2008). When topics are divorced from the relevant time period or sweep in irrelevant subject matter, designation becomes impossible or imposes an unreasonable burden on closely held entities. Here, SiteOne's Notices suffer from systemic overbreadth:

**Unreasonable Temporal Scope**: The Notices demand information spanning decades without justification tied to the operative facts - in direct violation of the proportionality requirements of Rule 26(b)(1). Neway Management's notice seeks officers/directors since January 1, 2001 - over 25 years ago (Topic 1); shareholders since 2001 (Topic 2); bank accounts and signatories since January 1, 2020 (Topics 7-8); and tax returns since 2020 (Topic 15). Narrow Way Realty seeks officers since January 1, 2019 (Topic 1); shareholders since 2019 (Topic 2); and all contracts and payments since 2020 (Topics 7, 11). Narrow Way 2 seeks payments to individuals since January 1, 2020 (Topics 18-22) and tax returns since 2020 (Topic 24). Scapes Supply demands comprehensive details "since its formation" across 30 topics - an entity formed post-2022. These temporal demands vastly exceed relevance. SiteOne's claims center on alleged competitive conduct following Dominick Caroleo's termination on October 19, 2022. Discovery must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(1); *Maxus Liquidating Trust v. YPF S.A.,* 617 B.R. 806 (Bnkr. Del. 2020). Pre-October 2022 inquiries - particularly those reaching back to 2001 - into corporate governance, unrelated properties, tax returns, and financial affairs bear no relationship to post-termination competition and impose extraordinary burdens on these small, closely held entities. The Advisory Committee Notes to the 2015 amendments emphasize that courts must "guard against redundant or disproportionate discovery" by limiting requests that impose "costs or burdens that outweigh [their] likely benefit." Advisory Committee Notes to 2015 Amendments to Rule 26(b)(1). Such overbroad temporal demands render compliance "unduly burdensome" and warrant substantial modification. *McBride v. Medicalodges, Inc., 250 F.R.D. 581 (D. Kan. 2008).*

**Unreasonable Substantive Scope**: The Notices further demand "all" officers, shareholders, contracts, banks, payments, tax returns, properties within specified distances, and

communications - without meaningful tailoring to the lease, agreements, alleged non-compete violations, or trade secret claims at issue. This violates the fundamental requirement that topics be "described with reasonable particularity" and directly contravenes the 2020 amendments' goal of preventing "overlong or ambiguously worded lists of matters for examination." Fed. R. Civ. P. 30(b)(6); Advisory Committee Notes to 2020 Amendments. For example, Narrow Way Realty's Topic 22 seeks "all real property within ten (10) miles of the Coram Property" that Narrow Way Realty "owned, leased, subleased, licensed, managed, or otherwise controlled at any time from the execution of the Coram Lease to the present." Similarly, Topic 26 demands identification of "all real property within ten miles of the Coram Property" with the nature of any operations conducted there. Scapes Supply's Topics 18-30 sweep in "all" former SiteOne employees (Topic 18), "all" customers previously associated with SiteOne (Topic 19), "all" vendors (Topic 21), comprehensive pricing strategies (Topic 28), and "all payments" made to any person or entity since formation (Topic 16). These topics are not reasonably particular - they are thinly veiled "fishing expeditions" untethered from the actual claims and defenses in this lawsuit. Courts have repeatedly held that such "vague, broad" topics made it impossible to designate and prepare witnesses to testify. *Edelen v. Campbell Soup Co.,* 265 F.R.D. 676 (N.D. Ga. 2009), adopted, 2010 U.S. Dist. LEXIS 18693 (N.D. Ga. 2010). Courts require discovery to be "relevant to any party's claim or defense" and proportional to the needs of the case, considering "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Many of the topics implicate privileged attorney-client communications, proprietary trade secrets, unrelated familial matters and information, and confidential business information - all of which is wholly unrelated to whether Defendants violated restrictive covenants or misappropriated specific SiteOne proprietary information. Such sweeping demands impose an "impossible task" of preparation, particularly for small, closely held entities. The Notices also seek legal conclusions (e.g., "existence and terms" of agreements) and duplicative information already produced in document discovery. Stated succinctly, SiteOne's topics must be significantly narrowed to the relevant claims, defenses, and time period in this non-compete litigation.

II.     **The Notices Improperly Omit Any Time Limit for the Depositions -** Each Notice states the deposition will begin at 9:00 a.m. "and continuing from day to day thereafter," with no durational limit specified. This directly violates Rule 30(d)(1), which presumptively limits any deposition to "one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The Advisory Committee Notes expressly confirm: "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Advisory Committee Notes to 2000 Amendments to Rule 30(d)(1). Open-ended "day to day" language, without any durational specification or court approval, improperly invites unlimited examination and imposes an

oppressive burden - particularly on small, closely held entities defending protracted litigation. SiteOne has not sought - much less established - good cause for any extension under the standards set forth in Rule 26(b)(1) and (2). The default Rule 30(d)(1) one-day, seven-hour limit applies to each deposition, and the "continuing day to day" language should be stricken.

**III.    Relief Requested** - Based on the foregoing, Defendants respectfully request that the Special Master: (1) quash the Notices in their entirety as overbroad, unduly burdensome, and violative of Rules 26(b)(1) and 30(b)(6); or, in the alternative, (2) issue a protective order pursuant to Rule 26(c) substantially modifying the Notices to: (a) limit all topics to events occurring on or after October 19, 2022 (or such narrower claim-specific window as the Special Master deems appropriate); (b) strike vague, overbroad, and unlimited language including requests for "all" officers, shareholders, contracts, payments, properties, and communications not reasonably tailored to the claims and defenses at issue; (c) impose the default Rule 30(d)(1) one-day, seven-hour limit per deposition, with any extension requiring a separate showing of good cause consistent with Rule 26(b)(1) and (2); (d) require SiteOne to comply with its mandatory duty under the 2020 amendments to Rule 30(b)(6) to "confer in good faith about the matters for examination" and to meet and confer with Defendants to further narrow topics consistent with the proportionality requirements of Rule 26(b)(1) and the reasonable-particularity standard of Rule 30(b)(6); and (e) prohibit examination on topics that seek privileged information, proprietary trade secrets, or information unrelated to the restrictive covenant and trade secret claims at issue. In the alternative, Defendants request a conference to address these deficiencies and establish reasonable parameters for corporate depositions proportional to this action.

Thank you for your prompt attention to this matter.

Respectfully submitted,

Thomas A. Bizzaro, Jr., Esq.

cc:    All counsel via PACER and Email