# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

---

## PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT SCAPES SUPPLY, LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by its undersigned attorneys, will take the deposition upon oral examination of Defendant Scapes Supply, LLC ("Scapes Supply"). Unless the parties agree otherwise, the deposition will take place on _____, 2026 beginning at 9:00 a.m. ET, and continuing from day to day thereafter, at the Uniondale office of Farrell Fritz, located at 400 RXR Plaza, Uniondale, New York 11556. This deposition will be taken by a court reporter or other official duly authorized to administer oaths and record oral testimony by stenographic means, and shall be subject to recording by videotape (sound and visual) in accordance with Fed. R. Civ. P. 30(b)(3).

Pursuant to Fed. R. Civ. P. 30(b)(6), Scapes Supply must designate one or more of its officers, directors, or managing agents, or designate other persons who consent to testify on its

behalf about information known or reasonably available to the organization about the matters for examination listed below. SiteOne requests that Scapes Supply notify counsel for SiteOne in writing of the names of the person or persons designated to testify on behalf of Scapes Supply, and for each person designated, the matters on which the person will testify, as soon as practical after such designations have been made.

## DEFINITIONS

1.      "Scapes Supply" means Defendant Scapes Supply, LLC and all other persons acting on Scapes Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      "Long Island Avenue Property" means the properties mentioned in the Amended Complaint located on or near 99 Long Island Avenue, Yaphank, New York 11980.

4.      "Vic Caroleo" means Defendant Victor Caroleo.

5.      "Don Caroleo" means Defendant Dominick Caroleo.

6.      "Nick Giordano" means Defendant Nicholas Giordano.

## MATTERS FOR EXAMINATION

1.      The date of formation of Scapes Supply.

2.      The identity of all officers and directors of Scapes Supply since its formation, and the dates all such offices or titles were held.

3.      The identity of all shareholders, members, and owners of Scapes Supply since its formation, and the percentage amount of their such interests as a total of the outstanding shares of Scapes Supply.

4.      The roles, if any, of Nicholas Giordano, Don Caroleo and Vic Caroleo in forming, owning, or controlling Scapes Supply.

5.      The existence and terms of Scapes Supply's operating agreement.

6.      The existence and terms of Scapes Supply's bylaws.

7.      The business purpose of Scapes Supply, including but not limited to the products and services provided and geographic areas served.

8.      The existence and terms of any profit sharing or other agreements which entitle any other person or entity to all or a portion of Scapes Supply's revenues or profits.

9.      The identity of all banks and other financial institutions used by Scapes Supply, and the account numbers associated with those accounts since its formation.

10.     The identity of all signatories to each bank and financial institution account used by Scapes Supply since its formation.

11.     The timing, amount, and reason for all payments made by Scapes Supply to or on behalf of Vic Caroleo since Scapes Supply's formation.

12.     All withdrawals or deductions from any Scapes Supply's account by Vic Caroleo since Scapes Supply's formation.

13.     The timing, amount, and reason for all payments made by Scapes Supply to or on behalf of Don Caroleo since Scapes Supply's formation.

14.     The timing, amount, and reason for all payments made by Scapes Supply to or on behalf of Nicholas Giordano since Scapes Supply's formation.

15.     The timing, amount, and reason for all payments made by Scapes Supply to or on behalf of Narrow Way Realty, Ltd. since Scapes Supply's formation.

16.     To the extent not included in any other topic identified herein, all payments made by Scapes Supply to any person or entity since Scapes Supply's formation.

17.     The annual tax returns for Scapes Supply since its formation.

18.     The employees of Scapes Supply since its formation who were previously employed by SiteOne, how such individuals came to be employees of Scapes Supply and their roles at Scapes Supply.

19.     The customers of Scapes Supply since its formation who were previously customers of SiteOne, how such individuals and/or entities came to be customers of Scapes Supply, and the scope of the product purchased.

20.     Scapes Supply's knowledge of and use of any SiteOne or Garden Department customer lists, pricing information, quotes, bids, or other business information.

21.     The vendors of Scapes Supply since its formation who were previously vendors of SiteOne, and how such individuals and/or entities came to be vendors of Scapes Supply.

22.     Scapes Supply's use of the Long Island Avenue Property, including but not limited to the date operations began at that location and any lease, license, or other agreement granting Scapes Supply the right to occupy or use that property.

23.     Any other locations in which Scapes Supply has operated since its formation.

24.     Any agreements or arrangements between Scapes Supply and Neway Management, LLC regarding vehicles.

25.     The internal discussions, planning, and decision making concerning Scapes Supply's strategy to compete with SiteOne or the Garden Department, including target customers,

pricing strategy, geographic focus, and timing of opening relative to SiteOne's acquisition of the Garden Department.

26.    The access to and use by Scapes Supply, or any of its owners, employees, or agents, of SiteOne or Garden Department security camera feeds, DVR recordings, point of sale systems, mobile or web based applications, or any other electronic systems providing information about SiteOne's or the Garden Department's customers, sales, pricing, or inventory.

27.    The use by Scapes Supply of any Garden Department or SiteOne trade names, logos, colors, telephone numbers, email addresses, websites, social media accounts, advertising materials, or other branding or identifiers, including the purpose and effect of such use.

28.    The strategy and practices used by Scapes Supply to set its prices and bids for customers who were also SiteOne or Garden Department customers, including any knowledge of SiteOne's or the Garden Department's historical or current pricing, bids, or contract terms and how that information was obtained and used.

29.    The proportion and amount of Scapes Supply's revenues and profits attributable to customers who were previously customers of SiteOne or the Garden Department, broken down by time period and location.

30.    The use of locations other than the Long Island Avenue Property to conduct Scapes Supply operations, including the timing, nature of operations, customers served, and the role of such locations in establishing or growing Scapes Supply's business.

Dated: _____, 2026

TROUTMAN PEPPER                          FARRELL FRITZ, P.C.
LOCKE LLP

By: */s/ John S. Gibbs III*                  By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000          400 RXR Plaza
Atlanta, Georgia 30308                        Uniondale, New York 11556
Phone: (404) 885-3000                         Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____ 2026, a true and correct copy of the foregoing was served by email on all counsel of record.

/s/ John S. Gibbs III

John S. Gibbs III (admitted *pro hac vice*)
Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
Email: evan.gibbs@troutman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

---

## PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT NEWAY MANAGEMENT, LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by its undersigned attorneys, will take the deposition upon oral examination of Defendant Neway Management, LLC ("Neway Management"). Unless the parties agree otherwise, the deposition will take place on _____, 2026 beginning at 9:00 a.m. ET, and continuing from day to day thereafter, at the Uniondale office of Farrell Fritz, located at 400 RXR Plaza, Uniondale, New York 11556. This deposition will be taken by a court reporter or other official duly authorized to administer oaths and record oral testimony by stenographic means, and shall be subject to recording by videotape (sound and visual) in accordance with Fed. R. Civ. P. 30(b)(3).

Pursuant to Fed. R. Civ. P. 30(b)(6), Neway Management must designate one or more of its officers, directors, or managing agents, or designate other persons who consent to testify on its

behalf about information known or reasonably available to the organization about the matters for examination listed below.  SiteOne requests that Neway Management notify counsel for SiteOne in writing of the names of the person or persons designated to testify on behalf of Neway Management, and for each person designated, the matters on which the person will testify, as soon as practical after such designations have been made.

## DEFINITIONS

1.      "Neway Management" means Defendant Neway Management, LLC and all other persons acting on Neway Management, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

2.      The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.      "Middle Island Road Property" means the property referenced in the Amended Complaint located at 38 Yaphank Middle Island Road, Middle Island, New York.

4.      "Long Island Avenue Property" means the properties mentioned in the Amended Complaint located on or near 99 Long Island Avenue, Yaphank, New York 11980.

5.      "Vic Caroleo" means Defendant Victor Caroleo.

6.      "Don Caroleo" means Defendant Dominick Caroleo.

7.      "Nick Giordano" means Defendant Nicholas Giordano.

## MATTERS FOR EXAMINATION

1.      The identity of all officers and directors of Neway Management since January 1, 2001, and the dates all such offices or titles were held.

2.      The identity of all shareholders, members, and owners of Neway Management since January 1, 2001, and the percentage amount of their such interests as a total of the outstanding shares of Neway.

3.      The existence and terms of Neway Management's operating agreement.

4.      The existence and terms of Neway Management's bylaws.

5.      The business purpose of Neway Management, including but not limited to the nature of services provided and geographic areas served.

6.      The existence and terms of any profit sharing or other agreements which entitle any other person or entity to all or a portion of Neway Management's revenues or profits.

7.      The identity of all banks and other financial institutions used by Neway Management, and the account numbers associated with those accounts since January 1, 2020.

8.      The identity of all signatories to each bank and financial institution account used by Neway Management since January 1, 2020.

9.      The timing, amount, and reason for all payments made by Neway Management to or on behalf of Vic Caroleo since January 1, 2020.

10.     All withdrawals or deductions from any Neway Management's account by Vic Caroleo since January 1, 2020.

11.     The timing, amount, and reason for all payments made by Neway Management to or on behalf of Don Caroleo since January 1, 2020.

12.     The timing, amount, and reason for all payments made by Neway Management to or on behalf of Nicholas Giordano since January 1, 2020.

13.     The timing, amount, and reason for all payments made to or on behalf of Neway Management since January 1, 2020.

14.     To the extent not included in any other topic identified herein, all payments made by Neway Management to any person or entity since October 19, 2022.

15.     The annual tax returns for Neway Management since January 1, 2020.

16.     The purchase agreements or lease agreements for the trucks owned or leased by Neway Management, LLC since October 19, 2022.

17.     The existence, nature and structure of "Neway Trucking," including but not limited to the relationship between Neway Management and Neway Trucking.

18.     The vehicles and equipment owned, leased, financed, or otherwise controlled by Neway Management or "Neway Trucking" since October 19, 2022, including but not limited to the use of those vehicles to transport nursery, landscape or related products.

19.     The use of Neway Management or "Neway Trucking" vehicles in connection with any operations at the Long Island Avenue Property, the Middle Island Road Property, and/or for deliveries and services provided to or for Scapes Supply, LLC.

20.     The payments between Neway Management and Scapes Supply, LLC, Nick Giordano, Vic Caroleo, or Don Caroleo since October 19, 2022.

21.     Don Caroleo, Vic Caroleo, and Nick Giordano's role in and relationship to Neway Management.

22.     The use of Neway Management or "Neway Trucking" vehicles to provide transportation, delivery, or other services for nursery, landscape, or related products that competed with SiteOne, and the planning and decision making underlying that use.

23.     The identity of any SiteOne or Garden Department employees who drove or otherwise worked on Neway Management or "Neway Trucking" vehicles, the nature and timing

of their work, and how that work was arranged and compensated in relation to their employment by SiteOne.

24.    The use of SiteOne or Garden Department customer addresses, delivery instructions, routes, pricing information, or other confidential or proprietary business information by Neway Management or "Neway Trucking" in planning or performing deliveries or services.

25.    The access, if any, of Neway Management or "Neway Trucking" personnel or vehicles to SiteOne or Garden Department yards, facilities, or systems (including key cards, gate codes, or other access devices) after October 19, 2022, and the circumstances of such access.

26.    The agreements, understandings, or communications between Neway Management and Narrow Way 2 LLC or any other entity regarding the parking, staging, or operation of Neway vehicles at the Long Island Avenue Property, the Middle Island Road Property, or any other location.

Dated: _____, 2026

TROUTMAN PEPPER                         FARRELL FRITZ, P.C.
LOCKE LLP

By: */s/ John S. Gibbs III*                  By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000         400 RXR Plaza
Atlanta, Georgia 30308                       Uniondale, New York 11556
Phone: (404) 885-3000                        Phone: (516) 227-0620
Email: evan.gibbs@troutman.com               Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this _____ day of _____ 2026, a true and correct copy of the

foregoing was served by email on all counsel of record.

*/s/ John S. Gibbs III*

John S. Gibbs III (admitted *pro hac vice*)
Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
Email: evan.gibbs@troutman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

───────────────────────────────

Civil Action No.: 2:23-CV-02084-GRB-SL

## PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT NARROW WAY REALTY, LTD. PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by its undersigned attorneys, will take the deposition upon oral examination of Defendant Narrow Way Realty, Ltd. ("Narrow Way Realty"). Unless the parties agree otherwise, the deposition will take place on _____, 2026 beginning at 9:00 a.m. ET, and continuing from day to day thereafter, at the Uniondale office of Farrell Fritz, located at 400 RXR Plaza, Uniondale, New York 11556. This deposition will be taken by a court reporter or other official duly authorized to administer oaths and record oral testimony by stenographic means, and shall be subject to recording by videotape (sound and visual) in accordance with Fed. R. Civ. P. 30(b)(3).

Pursuant to Fed. R. Civ. P. 30(b)(6), Narrow Way Realty must designate one or more of its officers, directors, or managing agents, or designate other persons who consent to testify on its

behalf about information known or reasonably available to the organization about the matters for examination listed below. SiteOne requests that Narrow Way Realty notify counsel for SiteOne in writing of the names of the person or persons designated to testify on behalf of Narrow Way Realty, and for each person designated, the matters on which the person will testify, as soon as practical after such designations have been made.

## **DEFINITIONS**

1.    "Narrow Way Realty" means Defendant Narrow Way Realty, Ltd. and all other persons acting on Narrow Way Realty, Ltd.'s behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

2.    The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.    "Coram Property" means the certain property located in Medford, New York 11763, as more particularly identified and described in the Lease between Narrow Way Realty Ltd. and SiteOne Landscape Supply, LLC.

4.    "Middle Island Road Property" means the property referenced in the Amended Complaint located at 38 Yaphank Middle Island Road, Middle Island, New York.

5.    "Long Island Avenue Property" means the properties mentioned in the Amended Complaint located on or near 99 Long Island Avenue, Yaphank, New York 11980.

6.    "Horseblock Road Property" means the property located at 2001-2117 Horseblock Road, Medford, New York.

7.    "Vic Caroleo" means Defendant Victor Caroleo.

2

8.      "Don Caroleo" means Defendant Dominick Caroleo.

## MATTERS FOR EXAMINATION

1.      The identity of all officers and directors of Narrow Way Realty since January 1, 2019, and the dates all such offices or titles were held.

2.      The identity of all shareholders, members, and owners of Narrow Way Realty since January 1, 2019, and the percentage amount of their such interests as a total of the outstanding shares of Narrow Way Realty.

3.      The existence and terms of Narrow Way Realty's operating agreement.

4.      The existence and terms of Narrow Way Realty's bylaws.

5.      The business purpose of Narrow Way Realty, including but not limited to the nature of services provided and geographic areas served.

6.      The existence and terms of any profit sharing or other agreements which entitle any other person or entity to all or a portion of Narrow Way Realty's revenues or profits.

7.      Excluding Narrow Way Realty's landlord/tenant contract with SiteOne, all other contracts to which Narrow Way Realty has been a party since January 1, 2020.

8.      The identity of all banks and other financial institutions used by Narrow Way Realty, and the account numbers associated with those accounts since January 1, 2020.

9.      The identity of all signatories to each bank and financial institution account used by Narrow Way Realty since January 1, 2020.

10.     The total amount of rent payments received by Narrow Way Realty from SiteOne for the Coram Property.

11.     Excluding rent payments from SiteOne, the source and amounts of all funds received by Narrow Way Realty since January 1, 2020.

3

12.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of Vic Caroleo since January 1, 2020.

13.     All withdrawals or deductions from any Narrow Way Realty account by Vic Caroleo since January 1, 2020.

14.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of Don Caroleo since January 1, 2020.

15.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of Group 5 Associates, Ltd. since January 1, 2020.

16.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of 9 4th St. LLC since January 1, 2020.

17.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of 3670 Route 112 LLC since January 1, 2020.

18.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of Nicholas Giordano since January 1, 2020.

19.     The timing, amount, and reason for all payments made by Narrow Way Realty to or on behalf of Scapes Supply, LLC since January 1, 2020.

20.     To the extent not included in any other topic identified herein, all payments made by Narrow Way Realty to any person or entity since October 19, 2022.

21.     The annual tax returns for Narrow Way Realty since January 1, 2020.

22.     The real property and buildings within ten (10) miles of the Coram Property that Narrow Way Realty has owned, leased, subleased, licensed, managed, or otherwise controlled at any time from the execution of the Coram Lease to the present.

23.     Narrow Way Realty's knowledge of and involvement in, if any, the acquisition, ownership, leasing, or control of the Middle Island Road Property.

24.     Narrow Way Realty's knowledge of and involvement in, if any, the acquisition, ownership, leasing, or control of the Long Island Avenue Property.

25.     Narrow Way Realty's knowledge of and involvement in, if any, the acquisition, ownership, leasing, or control of the Horseblock Road Property.

26.     The identification of all real property within ten miles of the Coram Property that Narrow Way Realty, has owned, leased, subleased, licensed, managed, or otherwise controlled since the execution of the Coram Lease, and the nature of any nursery, landscape, or related operations conducted there.

27.     The agreements, understandings, or communications between Narrow Way Realty and Group 5 Associates, Ltd., 3670 Route 112 LLC, 9 4th St. LLC, Narrow Way 2 LLC, Scapes Supply, LLC, or Neway Management, LLC, concerning the acquisition, leasing, or use of property for nursery, landscape, or related operations that could compete with SiteOne.

28.     Narrow Way Realty's knowledge of, and involvement in, the acquisition, development, or use of the Long Island Avenue Property, the Middle Island Road Property and/or the Horseblock Road Property for nursery, landscape, or related operations, including any anticipated or actual tenants, licensees, or occupants.

29.     The use of rent or other payments received from SiteOne under the Coram Lease to acquire, improve, or finance properties used by Narrow Way 2 LLC, Scapes Supply, LLC, or Neway Management, LLC for nursery, landscape, or related operations.

Dated: _____, 2026

TROUTMAN PEPPER                          FARRELL FRITZ, P.C.
LOCKE LLP

By: */s/ John S. Gibbs III*                    By: */s/ Kevin P. Mulry*

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000         400 RXR Plaza
Atlanta, Georgia 30308                        Uniondale, New York 11556
Phone: (404) 885-3000                          Phone: (516) 227-0620
Email: evan.gibbs@troutman.com              Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____ 2026, a true and correct copy of the

foregoing was served by email on all counsel of record.

*/s/ John S. Gibbs III*

John S. Gibbs III (admitted *pro hac vice*)

6

Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
Email: evan.gibbs@troutman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SITEONE LANDSCAPE SUPPLY, LLC,

      Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK
CAROLEO; VICTOR CAROLEO; NARROW
WAY REALTY, LTD.; NARROW WAY 2
LLC; THE GARDEN DEPT. CORP.; GROUP 5
ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9
4TH ST. LLC; SCAPES SUPPLY, LLC;
NEWAY MANAGEMENT, LLC; AND
NEWAY TRUCKING,

      Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

---

## PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT NARROW WAY 2 LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff SiteOne

Landscape Supply, LLC ("SiteOne"), by its undersigned attorneys, will take the deposition upon

oral examination of Defendant Narrow Way 2 LLC ("Narrow Way 2"). Unless the parties agree

otherwise, the deposition will take place on _____, 2026 beginning at 9:00 a.m. ET, and

continuing from day to day thereafter, at the Uniondale office of Farrell Fritz, located at 400 RXR

Plaza, Uniondale, New York 11556. This deposition will be taken by a court reporter or other

official duly authorized to administer oaths and record oral testimony by stenographic means, and

shall be subject to recording by videotape (sound and visual) in accordance with Fed. R. Civ. P.

30(b)(3).

Pursuant to Fed. R. Civ. P. 30(b)(6), Narrow Way 2 must designate one or more of its

officers, directors, or managing agents, or designate other persons who consent to testify on its

behalf about information known or reasonably available to the organization about the matters for examination listed below.  SiteOne requests that Narrow Way 2 notify counsel for SiteOne in writing of the names of the person or persons designated to testify on behalf of Narrow Way 2, and for each person designated, the matters on which the person will testify, as soon as practical after such designations have been made.

## DEFINITIONS

1.     "Narrow Way 2" means Defendant Narrow Way 2 LLC and all other persons acting on Narrow Way 2 LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

2.     The term "SiteOne" means Plaintiff SiteOne Landscape Supply, LLC, including legacy Garden Department operations, and all other persons acting on SiteOne Landscape Supply, LLC's behalf, including parents, subsidiaries and affiliates, as well as its past or present directors, officers, partners and employees.

3.     "Middle Island Road Property" means the property referenced in the Amended Complaint located at 38 Yaphank Middle Island Road, Middle Island, New York.

4.     "Vic Caroleo" means Defendant Victor Caroleo.

5.     "Don Caroleo" means Defendant Dominick Caroleo.

6.     "Nick Giordano" means Defendant Nicholas Giordano.

## MATTERS FOR EXAMINATION

1.     The identity of all officers and directors of Narrow Way 2 since December 6, 2022, and the dates all such offices or titles were held.

2.      The identity of all shareholders, members, and owners of Narrow Way 2 since December 6, 2022, and the percentage amount of their such interests as a total of the outstanding shares of Narrow Way 2.

3.      The existence and terms of Narrow Way 2's operating agreement.

4.      The existence and terms of Narrow Way 2's bylaws.

5.      The business purpose of Narrow Way 2, including but not limited to the nature of services provided and geographic areas served.

6.      The decision by Narrow Way 2 to purchase the Middle Island Road Property.

7.      The search for, negotiation, acquisition, and closing of the purchase of the Middle Island Road Property, including but not limited to the source(s) of funds used to purchase the property and any lenders or financiers.

8.      The intended use for the Middle Island Road Property at the time it was purchased by Narrow Way 2.

9.      The Town of Brookhaven's code enforcement and litigation against narrow Way 2 relating to the Middle Island Road Property.

10.      The existence and terms of any profit sharing or other agreements which entitle any other person or entity to all or a portion of Narrow Way 2's revenues or profits.

11.      The identity of all banks and other financial institutions used by Narrow Way 2, and the account numbers associated with those accounts since December 6, 2022.

12.      The identify of the bank and/or financial institution account used by Narrow Way 2, and the account numbers associated with the account used by Narrow Way 2, to purchase the Middle Island Road Property.

13.    The source of funds used by Narrow Way 2 to purchase the Middle Island Road Property.

14.    The identity of the bank and/or financial institution account used by Narrow Way 2, and the account numbers associated with the account used by Narrow Way 2, to purchase any real property.

15.    The source of funds used by Narrow Way 2 to purchase any real property.

16.    The identity of all signatories to each bank and financial institution account used by Narrow Way 2 since December 6, 2022.

17.    The identity of all signatories on the bank and/or financial institution account used by Narrow Way 2 to purchase the Middle Island Road Property.

18.    The timing, amount, and reason for all payments made by Narrow Way 2 to or on behalf of Vic Caroleo since January 1, 2020.

19.    All withdrawals or deductions from any Narrow Way 2's account by Vic Caroleo since January 1, 2020.

20.    The timing, amount, and reason for all payments made by Narrow Way 2 to or on behalf of Don Caroleo since January 1, 2020.

21.    The timing, amount, and reason for all payments made by Narrow Way 2 to or on behalf of Nicholas Giordano since January 1, 2020.

22.    The timing, amount, and reason for all payments made by Narrow Way 2  to or on behalf of Narrow Way 2 since January 1, 2020.

23.    To the extent not included in any other topic identified herein, all payments made by Narrow Way 2 to any person or entity since October 19, 2022.

24.    The annual tax returns for Narrow Way 2 since January 1, 2020.

25.    Don Caroleo, Vic Caroleo, and Nick Giordano's role in and relationship to Narrow Way 2.

26.    The internal discussions, planning, and decision-making regarding the use of the Middle Island Road Property for nursery, landscape, or related supply operations that would or could compete with SiteOne or the Garden Department, including any anticipated customers, vendors, or partners.

27.    Narrow Way 2's knowledge of, and communications concerning, the Asset Purchase Agreement between SiteOne and the Garden Department, the Coram Lease (including any non competition provision), and any employment or equity agreements between SiteOne and Don Caroleo, to the extent those agreements were considered in connection with the Middle Island Road Property or any related business.

28.    The agreements, understandings, or communications between Narrow Way 2 and Scapes Supply, LLC, Neway Management, LLC, Narrow Way Realty, Ltd., Group 5 Associates, Ltd., 3670 Route 112 LLC, or 9 4th St. LLC concerning the use of the Middle Island Road Property, or any other real property, for nursery, landscape, trucking, or related operations.

29.    The use of any SiteOne or Garden Department customer lists, contact information, pricing information, bids, quotes, vendor information, or other confidential or proprietary business information in connection with any business conducted at or from the Middle Island Road Property.

30.    The identity of any SiteOne or Garden Department employees who performed services at or for the Middle Island Road Property, the nature of those services, when such services occurred in relation to their employment by SiteOne, and how those services were arranged and compensated.

31.    Narrow Way 2's knowledge of, and actions in response to, any Town of Brookhaven Stop Work Orders, notices of violation, or court orders relating to the Middle Island Road Property, including any continued or modified operations conducted there after such orders.


Dated: _____, 2026

TROUTMAN PEPPER                          FARRELL FRITZ, P.C.
LOCKE LLP

By: */s/ John S. Gibbs III*_____     By: */s/ Kevin P. Mulry*_____

John S. Gibbs III (admitted *pro hac vice*)      Kevin P. Mulry
600 Peachtree Street, NE, Suite 3000           400 RXR Plaza
Atlanta, Georgia 30308                         Uniondale, New York 11556
Phone: (404) 885-3000                          Phone: (516) 227-0620
Email: evan.gibbs@troutman.com                 Email: kmulry@farrellfritz.com

Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
Email: daniel.gorman@troutman.com

*Co-Counsel for Plaintiff SiteOne Landscape Supply, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this _____ day of _____ 2026, a true and correct copy of the

foregoing was served by email on all counsel of record.

                              */s/ John S. Gibbs III*

                              John S. Gibbs III (admitted *pro hac vice*)
                              Troutman Pepper Locke LLP
                              600 Peachtree Street, NE, Suite 3000
                              Atlanta, Georgia 30308
                              Phone: (404) 885-3000
                              Email: evan.gibbs@troutman.com