Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**troutman pepper locke**

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:**  *SiteOne Landscape Supply, LLC v. Giordano, et al.* **(2:23-CV-02084)**
**Motion to Compel Compliance with Court's March 26, 2025 Order**

Dear Judge Locke:

On March 26, 2025, Your Honor held a hearing concerning Defendants' destruction of text messages and other data/documents. At the hearing, Your Honor ordered the production of all documents pertaining to this case in the possession of Defendants' e-discovery and digital forensics vendor, NextPoint Law Group ("NLG"). Regarding any putatively privileged materials within that production, Your Honor explained:

> I'm envisioning that [Defendants will] assert a privilege, the work product doctrine, with respect to some of [the NLG materials]. You will then provide me with those documents and I will review them and will determine what's privileged and what's not because my view and lawyers' views are not always identical when it comes to that, with a log. It's just that my experience reviewing logs is even though it's made with the best intentions are never sufficient to explain what the heck the document actually is. It just doesn't.

(Ex. 1, Hrg. Trans. pp. 36-37.) Consistent with that explanation on the record, Your Honor's Order of that same date states:

> The court grants Plaintiff's motion to compel and denies Defendants' motion to quash the NextPoint and WeRecoverData subpoenas…Defendants may assert a work product objection to specific documents on a log. The log will be provided to Plaintiff and the log and the documents will be provided to the Court for in camera review.

(ECF 203.) Defendants' privilege log was served on SiteOne on January 8, 2026. (Ex. 2.) The log lists 233 separate documents as being withheld on work product privilege grounds. There is no detail provided as to what the documents contain, preventing SiteOne from challenging the designations—the precise problem Your Honor discussed when ordering production of the log and documents to chambers.

SiteOne has repeatedly demanded that the log and the putatively privileged documents be provided to the Court. In response, Defendants' counsel responded on January 12 via email that, "I reached out to chambers to see how they want to handle this. I am awaiting a response." (Ex. 3.) In the month since then, the undersigned has followed up with Defendants' counsel repeatedly during phone calls and via email on this issue, but Defendants have refused to take further action.

February 16, 2026
Page 2

SiteOne asks that the Court enforce its earlier order and require immediately production of the log and underlying documents to the Court for in camera review.

Respectfully submitted,

J. Evan Gibbs III