# EXHIBIT B

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**troutman**
**pepper locke**

**J. Evan Gibbs III**
evan.gibbs@troutman.com

July 14, 2025

**VIA EMAIL ONLY**

MILMAN LABUDA LAW GROUP PLLC      LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.
Michael Mule                                             Thomas A. Bizzaro, Jr.
Colleen O'Neil                                            7 High Street, Suite 300
Joseph Labuda                                         Huntington, New York 11743
Robert Milman
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073

**Re:    *SiteOne Landscape Supply, LLC v. Giordano, et al.*
        Civil Action No. 2:23-cv-02084-GRB-SL**

Counsel:

This letter responds to the issues raised in the letter we received from Defendants' counsel dated July 13, 2025.

**The Deposition of David Black**

Regarding the termination of David Black's deposition, we have fully explained our position in both on the record at the conclusion of the deposition and in SiteOne's Motion for Protective Order we filed earlier today. We have nothing more to say concerning the termination of his deposition.

With respect to the substance of David Black's testimony, we explained to you repeatedly before and during the deposition that David Black was not involved with collecting the cell phones at issue in this case. He therefore was not aware that Doug Black could not find his old cell phone until we told him, and David Black confirmed this in his deposition. No one told him and thus he was unaware; he is not clairvoyant. This has nothing to do with David Black's credibility as a witness, and your suggestion otherwise is unsupported and rings hollow.

David Black also testified that SiteOne does not have software that can preserve or collect text messages remotely on company-issued phones. I explained this repeatedly prior to and during his deposition and he confirmed this fact under oath. He testified about the software installed on SiteOne's company-issued devices at length and explained what those applications can and cannot do. He testified about his industry experience and his understanding of industry standards.

Defendants nevertheless continue to espouse the belief that he either: (a) does not know what he is talking about and is thus not a competent witness (Mr. Bizzaro described him as "inept" with

David Black present, which was incredibly unprofessional); or (b) is not being truthful. Based on the number of times it has been repeated, it seems that the basis for your belief on this point is that Mr. Bizzaro' s wife's has some kind of unidentified software installed on her work phone which Defendants believe enables her employer to remotely collect text messages. Regardless of that belief, however, the facts are the facts in this case: SiteOne does not have such a solution, and this has been confirmed under oath by David Black, along with his testimony that such software is not common or industry standard in his experience.

**Recovery of Text Messages from Verizon**

As you may recall, Defendants themselves attempted to retrieve their historical, lost text messages from their wireless carrier earlier in this litigation but were not successful. The undersigned's experience with this issue previously has been consistent with Defendants' experience, i.e., that wireless carriers keep a limited amount of text data for a very limited period of time. Members of the Troutman e-discovery team have had the same experience. Given how aged the missing text messages are in this case, we assumed there was no reason to seek the texts from Verizon and did not attempt to do so.

However, SiteOne's account representative insisted to SiteOne personnel that Verizon should have the text messages at issue in this case because the carrier has texts going back "years," and that they would be produced in response to a subpoena. We were surprised by this representation, but nevertheless immediately drafted and served our subpoena in an attempt to get the texts at issue. This was an unexpected development for us but an issue we believe SiteOne must run to ground. We will keep you apprised as to this issue as we get more information from Verizon.

Until we resolve this issue, SiteOne's position is that document retention depositions are premature as they may be unneeded—which is why we canceled the depositions of Kevin Peattie and Gerard Passaro (along with the fact that we have not finished processing the data from their personal phones, as described below). SiteOne is not willing to reschedule those depositions at this time.

**Doug Black's Lost Phone and His Canceled Deposition**

The loss of Doug Black's phone was not a "ruse" or "fabricated" as your letter states. The emails we produced to you confirm that Doug Black's phone became too old to be supported in December 2023 and that he was told he needed to transition to a new phone. Thus, in January 2024, SiteOne IT employee Neville Ranglin worked with Doug directly to set up his new iPhone and transfer data from the old phone (a Samsung Galaxy S9, an Android device) to the new one. The emails and instant messaging conversations clearly show that Ranglin attempted to transfer the text messages using two different software applications (one of which was purchased solely for the purpose of trying to transfer Doug Black's messages) but was unsuccessful.

The email communications show that Doug Black therefore decided to personally hold on to his old phone for the purpose of retaining his historical text messages. However, on February 1, 2024, Doug Black returned the old phone to Ranglin so that Ranglin could remove certain enterprise applications from the device. All of this is confirmed in writing in the emails and instant messages we produced to Defendants.

What is now unclear is whether Ranglin returned the phone to Doug Black on or after February 1, or if Ranglin accidentally kept the phone, eventually mixing it in with other old devices collected from other SiteOne employees for the purpose of being wiped and disposed of or recycled. Doug Black has personally searched for the phone in locations he believes it would be if he had received the phone back.

Thus, as I explained last week, SiteOne is now undertaking a search in-house to determine whether the device may be in SiteOne's possession. If it is found, we will of course let you know immediately. All of these facts about Doug Black's phone are confirmed in writing in documents we have produced to you—none of this was a "ruse" and neither SiteOne nor this law firm "fabricated the narrative that CEO Black's cell phone was lost" as you claim in your letter. It is presently lost in every sense of the word, but we are making additional efforts to find it and will let Defendants know immediately if it is located.

Based on the fact that SiteOne may yet locate Doug Black's missing phone and the fact that Verizon may have his text messages for the relevant time periods, proceeding with his deposition on July 11 was not warranted since it would have premature to do so. Additionally, Mr. Bizzaro told me during David Black's deposition that Doug Black's deposition was going to last "the full eight hours," and that he'd better be prepared to sit for the deposition until 9:00 pm. Given the straightforward issues presented by these document retention depositions, it is clear that the parties have a fundamental disagreement about the scope and nature of these depositions— which is why SiteOne sought the Court's intervention on July 10 and filed its Motion for Protective Order today.

**Additional Document Retention Depositions**

Defendants continue to demand a total of 11 document retention depositions. We previously provided our position as to these deponents on July 11 via email, but restate our position here for completeness:

1. Joe Ketter: There is no basis for a document retention deposition of Ketter. None of his text message data was missing.
2. Jerry Justice: There is no basis for document retention deposition of Justice. None of his text message data was missing.
3. Alex Trama: We have not yet finished searching and producing the text messages from his personal phone and thus do not yet know if there may be any missing message data. Scheduling his deposition is premature.

troutman
pepper locke

4. Sean Kramer: There is no basis for document retention deposition of Kramer, SiteOne's former Chief Information Officer. He is not a witness in this case and is not otherwise relevant to any issue.
5. Briley Brisendine: There is no basis for document retention deposition of Brisendine. We will of course object on attorney-client privilege and work product grounds as well.
6. Neville Ranglin: A document retention deposition is premature as to Ranglin for the same reasons it is premature as to Doug Black.
7. Rebecca Ramstrom: Similar to Brisendine, there is no basis for document retention deposition of Ramstrom and we will of course object on attorney-client privilege and work product grounds as well.
8. Head of IT: There is no basis for a document retention deposition of this individual.

**Defendants' Allegations of Withheld Documents**

Defendants issued their third set of RFPs to SiteOne on June 2 seeking the production of SiteOne's ethics policies/codes of conduct and written policies pertaining to the use of company-issued/owned devices. SiteOne served its written responses to the third set of RFPs on July 2 and produced the responsive documents on July 8. The production included four responsive SiteOne policies, including its information security policies, code of ethics, and portions of portions of its employee handbook responsive to the RFPs. Unintentionally omitted from the production was SiteOne's Master Records Retention Policy. This policy was, however, produced to Defendants on July 10 as soon as the undersigned became aware of its existence. This document was not intentionally withheld and has been produced.

Defendants also issued their fourth set of RFPs to SiteOne on June 11 seeking production of the litigation hold notices issued to the 10 individuals from whom text messages were collected, along with six other requests seeking documents pertaining to SiteOne's efforts to preserve documents relevant to this case. SiteOne served its written responses on July 11 (when they were due) and intends to produce the responsive documents the week of July 14. We are not refusing to produce the documents or otherwise being evasive. If Defendants wanted these documents produced earlier, they could have issued their RFPs on an earlier date.

**SiteOne's Forthcoming Document and Privilege Log Production**

As I explained to you previously, the hard drive containing the data collected by our vendor from the personally-owned phones of Kevin Peattie, Gerard Passaro, and Alex Trama was shipped to our offices without the suite number included in the address label. The package thus ended up sitting in a FedEx warehouse until the issue was discovered and rectified. The data was received by our team and we are in the process of finishing the review and production of any responsive messages. We plan to be able to produce those messages, if any, the week of July 21. SiteOne intends to produce its privilege log the week of July 14.

troutman
pepper locke

**SiteOne's SEC Reporting Obligations**

SiteOne's responsibilities with respect to any regulations or rules of the U.S. Securities and Exchange Commission are irrelevant to this case and SiteOne will not respond to Defendants' questions on such issues any further.

Thank you.

J. Evan Gibbs III