Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**troutman**
**pepper locke**

---

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:**   ***SiteOne Landscape Supply, LLC v. Giordano, et al.* (2:23-CV-02084)**
**Opposition to Defendants' Motion to Compel Forensic Examination**

Dear Judge Locke:

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") hereby opposes Defendants' Motion to Compel a forensic examination of the mobile phone used by Doug Black, SiteOne's Chief Executive Officer (the "Motion"), for two reasons: There is no basis for a forensic examination and the evidence would be largely or completely irrelevant under prior Orders by the Court.

**There Is No Basis for a Forensic Examination**

Mr. Black signed a litigation hold on April 13, 2023 which instructed him to preserve his text messages. [ECF 254-7.] Mr. Black later had to upgrade his phone in January 2024 because it was outdated and no longer receiving security patches or updates. [ECF 254 p. 2.] SiteOne's IT specialists tried to migrate the text data from his old phone to his new phone but were unsuccessful due to technical issues; Mr. Black thus kept the phone. [*Id.*] But when SiteOne asked for the device from Mr. Black to produce texts from it in Spring 2025, Mr. Black could not find the phone.[1] SiteOne was transparent about all of this from the beginning. [ECF 254.]

Mr. Black thus sat for his document retention deposition on October 15, 2025 which lasted more than three hours. He repeatedly explained his efforts to locate the old phone but confirmed he could not find it. But then, on Saturday, March 14, 2026, Mr. Black's son found the device in Mr. Black's home office. The undersigned was told the device had been located that day. Mr. Black was traveling the first half of that week but brought the device to SiteOne's offices on March 18 for collection by a specialist from the undersigned's law firm ("Troutman"). Troutman extracted all text messages from the device and loaded them into the Relativity platform on March 25 for attorney review. Troutman attorneys began reviewing the messages as soon as they were available.

Upon completion of this review and the necessary processing for production, we produced the texts to Defendants on March 30 in advance of Mr. Black's April 16 merits deposition. In the cover letter accompanying the production, we explained that there were 7,882 total text messages and 16,790 messages including attachments retrieved from the phone, dated May 28, 2016 through January 26, 2024,[2] and that Troutman applied the search terms ordered by Your Honor (*see* ECF 203) and reviewed the potentially responsive messages, which were produced on March 30.

---

[1] Mr. Black didn't realize the phone was missing until SiteOne's counsel asked for it in Spring 2025. [Dkt. 254 p. 2.]
[2] Defendants misleadingly state that there were "approximately 17,000 text messages extracted" from Mr. Black's Android device. This is incorrect. There were fewer than 8,000 text messages extracted, and about 9,000 attachments to those text messages, which attachments include photos, etc. The fact that there were only four responsive text

May 18, 2026
Page 2

troutman
pepper locke

Defendants refuse to believe this chain of events. Defendants instead accuse everyone, again, of lying. Defendants paint the finding of Mr. Black's Android device as "incredible," "fanciful," and "miraculous" as if it is impossible to misplace something and find it long after you had searched for it. Defendants also insinuate that SiteOne deliberately withheld the phone,[3] and, significantly, that the undersigned made knowing misrepresentations to the Court regarding the status of Mr. Black's phone. None of this is correct. We are officers of the Court. What we report is true to the best of our knowledge, information, and diligent efforts.

For the avoidance of doubt: Once Mr. Black found the phone, all appropriate discovery procedures were followed, and Your Honor's ruling was fully complied with regarding the search parameters applied to Mr. Black's texts. There is no reasonable basis—such as any deficiency in the production or some evidence that relevant communications have been deleted—that would warrant a forensic examination of the phone. Defendants' professed skepticism falls far short of justifying their request for forensic discovery.

**The Court Has Ruled—Repeatedly—That the Discovery Sought Is Not Relevant**

Omitted from the Motion is the "why." Aside from seeking to satisfy their own suspicions, Defendants fail to make any express reference as to why forensic discovery is necessary and thus provide no offer of proof as to why the information they seek is relevant to this case.[4] Defendants' justifications for extensive discovery to date have centered entirely around motive evidence. But it is the law of this case that SiteOne's motives for terminating Don and/or filing this lawsuit are irrelevant. This case is about ***Defendants'*** unlawful conduct in opening and operating a business in competition with SiteOne. The Motion is silent as to how anything on Mr. Black's phone could bear on the claims or defenses here.

Your Honor's first ruling that such discovery is irrelevant came in October 2024, when Your Honor granted SiteOne's motion to quash a deposition subpoena to a SiteOne employee and a subpoena to SiteOne's banks seeking documents reflecting alleged payments to that employee. In precluding discovery into the reasons behind Don's termination, Your Honor stated:

> THE COURT: …[SiteOne's] Motion for a protective order is granted in its entirety. I think the whole thing is a fishing expedition in this regard. I understand the logic of defendant's point, I just think this is – to say it's disproportionate to the needs of this case is an understatement, and so that motion is granted.

[Oct. 15, 2024 Hrg. Tr. p. 114, attached as Ex. 3.]

---

messages should come as no surprise, as Mr. Black repeatedly testified that he uses his phone to make general contact with people (e.g., "call me" or "I'll call you in five minutes" or "I'll call you back"). [Oct. 15, 2025 Dep. Tr. at 20:16-22; Apr. 16, 2026 Dep. Tr. at 227:8-10, attached as Exs. 1 and 2, respectively.]

[3] This begs the question: If SiteOne and Mr. Black originally hid the phone to avoid production of unfavorable evidence, why would they now produce it? Defendants' shifting accusations can't be reconciled.

[4] Defendants note that the Court previously granted a forensic examination of Defendants' devices. [Motion p. 2, n.2.] That has no bearing here. Defendants admitted to destroying key communications and unsuccessfully tried to obfuscate their destruction. And, critically, the information on Defendants' devices tied directly to SiteOne's claims and Defendants' defenses in this action because it is ***Defendants'*** conduct that is at issue.

May 18, 2026
Page 3

troutman
pepper locke

Ignoring this prior ruling, Defendants again sought discovery into "motive" evidence, serving hundreds of new discovery requests on SiteOne in late 2025. SiteOne had to again seek protection from the Court, with Your Honor stating during the hearing:

> THE COURT: … [L]et's say they went after him for a violation of that because he kicked their dog or he dated his daughter or some other personal not relevant business reason. So what? Either he violated the non-compete or he didn't. He says he didn't, and he may not have. But what's the motive for enforcing a contract have to do with whether the contract has been breached?

[Dec. 1, 2025 Hrg. Tr. pp. 27, 39, attached as Ex. 4.] Your Honor granted SiteOne's motion for a protective order, holding that:

> The information sought is not relevant to the claims at issue in this case…Finally, the Court resolved this issue on the record in earlier proceedings, and nothing new has been introduced such that there is a reason to revisit the earlier ruling.

[ECF 264, the "Order."] Defendants then asked Judge Brown to vacate the Order. But on January 14, 2026, Judge Brown affirmed and adopted the Order.

It is thus the law of this case that SiteOne's motive for terminating Don and/or filing this lawsuit is outside of the scope of discoverable information. Such "motive" evidence is irrelevant and disproportionate to the needs of the case given that it has no bearing on any of the claims or defenses at issue. There is no reason to permit a forensic examination of Mr. Black's phone. Although Defendants continue to theorize that there is a grand conspiracy against them, this action is about SiteOne seeking redress for Defendants' breaches, theft, and other unlawful acts in opening and operating a business in competition with SiteOne.

With merits depositions complete, the undersigned proposed to Defendants on April 20 a scheduling order for the remaining deadlines in this action. Defendants have not agreed to dates and are instead pressing for resolution of this Motion before agreeing to anything else and thus have not provided alternative dates for a brisk concluding schedule. Defendants' "Black first, then schedule" position rests on their contention that the forensic exam will take an unknown amount of time and then may result in yet *more* depositions and other discovery.

Enough is enough. SiteOne requests that Your Honor deny the Motion and set the remaining case deadlines at our May 18 status conference so the parties are able to get to trial and end this protracted litigation.

Respectfully submitted,

J. Evan Gibbs III