# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SiteOne Landscape Supply, LLC. | . Docket #CV-23-2084 (GRB)(SIL) |
| Plaintiff, | . |
| vs. | . United States Courthouse |
|  | . Central Islip, New York |
|  | . December 1, 2025 |
| Giordano et al., | . 11:04 a.m. |
| Defendants. | . |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**TRANSCRIPT OF MOTION HEARING**
**BEFORE THE HONORABLE STEVEN I. LOCKE**
**UNITED STATES MAGISTRATE JUDGE**

**APPEARANCES:**

For The Plaintiff:

Evan Gibbs, Esq.
Troutman Pepper Locke, LLP
600 Peachtree St., N.E.
Ste. 3000
Atlanta, GA 30308

Matthew Adler, Esq.
Troutman Pepper Locke, LLP
3000 Two Logan Square
18th And Arch Streets
Philadelphia, PA 19103

Travis Jackson, Esq.
In-House Counsel
Siteone Landscape Supply, LLC
Ste. 100
2351 Button Gwinnett Dr.
Atlanta, GA 30340

Kevin P. Mulry, Esq.
Farrell Fritz
400 RXR Plaza
Uniondale, NY 11556

the only one with an enforceable non-compete.  Nick Giordano doesn't have a non-compete.  Vic Caroleo doesn't have a non-compete.

THE COURT:  But if there's a non-compete -- and I don't have it in front of me.  I haven't -- I've read it, but I haven't read it recently -- let's say they went after him for a violation of that because he kicked their dog or he dated his daughter or some other personal not relevant business reason.  So what?  Either he violated the non-compete or he didn't.  He says he didn't, and he may not have.  But what's the motive for enforcing a contract have to do with whether the contract has been breached?

MR. BIZZARO:  Well, because, first of all, the argument in defense here is going to be that the release of the confidential settlement agreement that they rely upon was procured by fraud.  So where I'm going, at this point --

THE COURT:  What's the fraud?  Tell me what the fraud is.

MR. BIZZARO:  The fraud is that Don Caroleo was terminated in October of 2022, okay?  He hires Mike Mule and the Milman firm, an employment group.  And I know there's been a change in counsel, and respectfully, rightfully so.

THE COURT:  And there was also a change to get to the -- Mule and his firm, the Milman firm.  Didn't they have --

THE COURT:  Okay.  Well, we're going to move forward.  The Motion for a Protective Order is granted.  This volume of requests is wildly disproportionate to the needs of this case.  In addition, they come on the heels of voluminous requests from prior sets of attorneys.  And I realize Mr. Bizzaro, Mr. Cummings, are relatively new to this case, and they're trying to marshal evidence in a fashion that search -- that suits or fits with their version of what's going on here.  We're not going in circles and doing this, and I'm not waiting for the fourth set of attorneys to come in, if that were to happen, and issue more requests.

That being said, during the depositions, I do believe in the normal course.  You will get answers to questions that nobody anticipates, and that may generate some follow up.  This is not a blanket prohibition.  It is my effort to direct this case forward wherever direction that leads.

So 251, the short answer is granted for those reasons.  We are still not done, I don't think.  Let's see.  Okay, 253.  There's opposition at 254.  Oh, wait, this is -- bear with me one second.  And then there was a reply at 255.  This is to compel further document retention depositions.

I will point out that my rules do not permit replies, although one was submitted without leave of the Court, and I have it anyway.  I realized that, earlier, I granted the -- I think it was Mr. Cummings, an opportunity to submit a late