

**Michael Cardello**
Managing Partner
Direct Dial: (516) 880-7290
Email: mcardello@moritthock.com

August 10, 2026

**Via ECF**

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    ***Siteone Landscape Supply, LLC v. Nicholas Giordano, et al.***
          **Case Number 2:23-cv-02084-GRB-SIL**

Dear Magistrate Judge Locke:

    Pursuant to the Minute Order dated May 18, 2026, Your Honor authorized me, as Special Master, to "retain an appropriate expert to examine a Samsung Galaxy cell phone for the purpose of determining whether any type of text messages have been deleted between January 1, 2024 through March 31, 2026, and whether the phone had been turned on and where, during that same period."

    Pursuant to the August 3, 2026 Electronic Status Report Order, the parties were instructed to submit a status report to the Court by August 10, 2026, today. Attached hereto are each parties' respective updates.

    In addition, after reviewing Plaintiff's and Defendants' individual status updates, I note for the Court that I disagree, in part, with the parties' characterizations of facts with regard to the IT Forensic review process that I will discuss at the Court Conference on August 12, 2026.

    If the Court has any questions, please do not hesitate to contact me. Thank you.

          Respectfully submitted,

           *Michael Cardello III*

          Michael Cardello III
          Special Master

MCIII:kla
Attachments

cc:    All counsel via ECF

*SiteOne Landscape Supply, LLC v. Giordano et al.*
Case No.: 23-CV-02084-GRB-SIL
Joint Status Report of the Parties – SiteOne Insert

**JOINT STATUS REPORT- PLAINTIFF'S POSITION**

This Court's May 18, 2026 Order [ECF 287] (the "Order") required the parties to file a joint status letter on June 19, 2026. Because the forensic examination required by the Order was delayed, as further detailed below, the Court adjourned the parties' deadline to submit a joint status letter to August 10, 2026. This letter now provides that report.

## I.    BACKGROUND

a.    Case Status.

First and foremost, fact depositions concluded on June 22, 2026.

The more recent developments in this case, and the below described dispute between the parties on how to proceed, arise from the subjects of SiteOne's CEO Douglas Black's cell phone and from the withdrawal last week of one of Defendants' counsel. Defendants are attempting to use both developments as a basis for further delay in the progress in the case. SiteOne opposes any delay. We address these issues in turn.

Mr. Black's cell phone: SiteOne originally reported to Defendants on May 27, 2025 that Mr. Black had lost his Samsung device. On March 30, 2026, SiteOne counsel reported that Mr. Black had since found the phone. Arguing sarcastically that it is "miraculous[]" that Mr. Black located his device, Defendants moved to compel a forensic examination of the device. [ECF 285].

b.    The May 18 Order (and associated colloquy) Granting Forensic Review of Mr. Black's Found Phone.

On May 18, 2026, the Court granted Defendants' request for a forensic examination of Mr. Black's device for a very limited purpose: to determine whether from January 1, 2024 to March 31, 2026, (1) any text messages were deleted, and (2) whether (and if so, where) the phone had been turned on in that time period. [ECF 287] (the "Order").

Three points from that Order and the colloquy with the Court now stand out in retrospect. *First,* for the reasons elaborated on below, the Court was prescient in stating that "I suspect that there's going to be a whole lot of nothing" to be gained in the process. May 18, 2026 Hearing Tr. 14:4-5. *Second,* the Court shut down Defendants' attempt at "what aboutism", in which Defendants' counsel stated "a similar situation, albeit I think not as grave, happened with respect to my clients. Both Don and Vic Caroleo –" and the Court immediately interrupted to remind counsel that "Your client admitted deleting information from their phones." May 18, 2026 Hearing Tr. 5:13-18. *Third,* SiteOne counsel made clear at the time Plaintiff's strong position that this exercise should not delay further progress towards dispositive motions and trial: "[T]he substance of the review is fine if we can do it expeditiously and move things along, get other deadlines set and keep the case moving. That is our primary concern." May 18, 2026 Hearing Tr. 14:7-10.

That was almost three months ago. Unfortunately, the Black cell phone forensic process indeed caused this case substantial delay (the postponement of the originally scheduled status

1

*SiteOne Landscape Supply, LLC v. Giordano et al.*
Case No.: 23-CV-02084-GRB-SIL
Joint Status Report of the Parties – SiteOne Insert

conference and the 100% attention this issue has received in that time to the exclusion of any other forward progress). Defendants are now pushing for still more delay, as evidenced by the filing of Mr. Kevin Cyrulnik's motion to withdraw and adjourn the August 12 conference [ECF 294], as well as Mr. Bizzaro's email to Special Master Cardello of Saturday morning, August 8, arguing that "the status letters to the Court [i.e., this very letter] are premature since the forensic exam is not complete." Thus, Defendants not only want to avoid the upcoming conference – they want to avoid even *reporting* about the case.

        c.   The Forensic Examination is Concluded.

There is no reason for further delay. The expert work will soon be completed – after repeated extensions which themselves delayed the progress of this action. Specifically: in accordance with the Order, on May 20, 2026, Special Master Michael Cardello retained the forensic expert company, Lexpath Technologies Holdings, Inc. (the "Expert" or "Lexpath"), to conduct the examination. The Order required that the Expert provide Special Master Cardello with its findings "no later than May 29, 2026."

Shortly after the Expert's retention, Special Master Cardello advised the Court that Lexpath required additional time to complete the forensic examination and requested that the Expert be given two additional weeks, until June 23, 2026, to report its findings to the Special Master. [ECF 289]. The Court granted this request. On June 18, 2026, Special Master Cardello requested a second extension, until July 17, 2026, for the expert to report its findings. [ECF 290]. The Court granted this request as well. Finally, on July 31, 2026, Special Master Cardello requested a third extension, until August 5, 2026, for the expert to issue its final report. [ECF 292]. The Court granted this request.

Since Lexpath's retention, the Parties, with Special Master Cardello, have had numerous live conversations, on May 21, June 1, June 5, June 22, and July 21, with Mr. Generosa, a Partner at Lexpath, to discuss Lexpath's processes given the security features of Mr. Black's device. One such conversation, on June 5, 2026, included SiteOne's Telecom Team Leader, so that she could directly advise the forensic expert about the security features on Mr. Black's device. The parties' contact with Mr. Generosa has not been limited to these live discussions – they have also directly corresponded with Mr. Generosa directly throughout this process.

The Expert issued an interim report on July 28, 2026 which, responding to the questions posed by this Court in the May 18 Order, did not find evidence regarding the destruction of text messages or that the device was turned on or off during the relevant time period. The interim report discussed at length the security features on Mr. Black's phone, which are "industry-standard enterprise security tools" designed to "prevent unauthorized access to the data on the device," and the steps taken by the Expert to bypass those security features. The interim report noted that there were additional measures to be taken to potentially circumvent the phone's security features.

Special Master Cardello on July 31 allowed the Expert to proceed to take those additional measures (hence his grant of the third and most recent extension).

*SiteOne Landscape Supply, LLC v. Giordano et al.*
Case No.: 23-CV-02084-GRB-SIL
Joint Status Report of the Parties – SiteOne Insert

As of the date of the August 12 conference, the final report is not completed. Based on comments from the expert, we do not expect this report to yield any further material information – but even if it does, this should not serve as a block on further case progress in other areas. The issues can proceed simultaneously.

### d.  Defendant Counsel Mr. Cyrulnik's Withdrawal.

Toward the very end of this process, and indeed not until August 3, one of Defendants' several lawyers on this case, Mr. Cyrulnik, announced that he was withdrawing from the case as he had joined another firm.

Claiming that he was "lead counsel" on this matter, Mr. Cyrulnik asked for a postponement of the August 12 conference until Defendants could obtain "new" counsel. The Court denied the request for postponement.

## II.    CASE SCHEDULE

The parties disagree about next steps. Defendants claim that they have "serious questions" about the Lexpath methodology and the lack of a conclusive examination by the Expert. If Defendants are permitted to continue to pursue this issue, it will delay all and any further progress in this longstanding litigation.

By sharp contrast, SiteOne believes that this process is now complete, the Expert review was appropriate, Defendants are not entitled to any further "expert" reviews of the phone, and the case should move forward expeditiously. It is not remarkable that a publicly traded company puts security features on its CEO's phone. This shows responsibility, not spoliation. This issue has derailed the case's progress more than enough. Accordingly, SiteOne's position is that the case should move forward to the expert and then summary judgment phases, with specific deadlines to be ordered at the August 12, 2026 status conference pursuant to the dates Plaintiff respectfully lays out in Schedule A hereto.

This is the case for several reasons. First, Defendants have not articulated, and cannot, how *anything* on Mr. Black's cell phone could possibly be relevant to this action. The Court has already resolved the question of SiteOne's motives: they are irrelevant. Dec. 1, 2025 Hearing Tr. 27:4-12. This case turns on Defendants' own conduct – specifically, Defendants' decision to open and operate a competing business in violation of their obligations to SiteOne.

Second, apparently recognizing that they are precluded by the law of this case and nothing found to have been deleted would be relevant or admissible, Defendants are now apparently pursuing a theory that destruction is per se relevant whether or not tied to evidence in the case. This has led them to make colorful accusations in a June 8, 2026 email to Special Master Cardello – again, without a shred of proof of actual destruction – that SiteOne and potentially its counsel have engaged in "spoliation, potential evidence tampering, and likely perjury." These accusations are just that – accusations – they are entirely unfounded, based on nothing more than Defendants' speculation.

3

*SiteOne Landscape Supply, LLC v. Giordano et al.*
Case No.: 23-CV-02084-GRB-SIL
Joint Status Report of the Parties – SiteOne Insert

Third, the forensic examination ordered by this Court is now complete, with the exception of a single process proposed by Mr. Generosa that is unlikely to yield any results. The outcome of a court-ordered process that Defendants themselves sought cannot serve as a justification for prolonging this litigation and Defendants are not entitled to a do-over simply because the forensic examination did not yield the results they anticipated. The case should not be delayed any further simply because Defendants are unhappy with the results.

Fourth, the forensic examination has gone on long enough. To the extent Defendants have remaining questions for the Expert and believe they have some valid basis upon which to argue that *anything* on Mr. Black's phone could possibly be relevant to this Action, Defendants' remaining questions should not interfere with the remaining case schedule.

Fifth and related to the above, none of this should be affected, and the case should not further be delayed, by Mr. Cyrulnik's departure. Mr. Bizzaro, who has been counsel on this matter since March 26, 2025, remains as counsel and has been involved throughout this process, including on calls with Mr. Generosa. Mr. Cyrulnik has apparently known of his just-disclosed departure for some longer time (SiteOne received the conflict waiver request on or about July 29), and so there was ample time between whenever Mr. Cyrulnik knew he was leaving, and today, for Mr. Cyrulnik to have familiarized the experienced Mr. Bizzaro with this very narrow issue.

## III.    CONCLUSION

For the reasons stated above, Plaintiffs request that the Court at the August 12 status conference order that the proceedings follow the schedule respectfully presented below as Schedule A.

*/s/ Daniel E. Gorman*
Counsel for Plaintiff SiteOne Landscape Supply, LLC

*SiteOne Landscape Supply, LLC v. Giordano et al.*
Case No.: 23-CV-02084-GRB-SIL
Joint Status Report of the Parties – SiteOne Insert

## SCHEDULE A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SITEONE LANDSCAPE SUPPLY, LLC,

     Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

     Defendants.

Civil Action No.: 23-CV-02084

**SCHEDULING ORDER WORKSHEET
DEADLINES AND APPEARANCES**

| | |
|---|---|
| August 25, 2026 | Deadline to produce documents in response to post-deposition document demands. |
| September 8, 2026 | Deadline for Filing Discovery-Related Motions (including those related to spoliation). |
| September 22, 2026 | Identification of case-in-chief experts and service of Rule 26 disclosures. |
| October 22, 2026 | Identification of rebuttal experts and service of Rule 26 disclosures. |
| November 20, 2026 | Completion of expert depositions and expert discovery.[1] |
| January 8, 2027 | Deadline to file pre-motion for summary judgment conference letters. |

---

[1] SiteOne respectfully requests that Michael Cardello III have his appointment expanded to encompass supervision of all expert witness depositions.

5

**Defendants' Status Position**:

## Case Schedule

All fact depositions are complete. Defendants' position is that, unfortunately, the case cannot yet proceed because the forensic examination ordered by the Court on May 18, 2026 (ECF 287, the "Order") remains incomplete and, consistent with the Court's statements at the last conference, the remaining case dates cannot be set until that forensic examination is complete. This is particularly so where SiteOne now seeks to advance the case on the strength of a device production whose full security posture it never disclosed -- even while its own personnel participated in calls convened for the express purpose of identifying those very protections (as discussed below). In sum, SiteOne's attempt to effectively neutralize the Court Order by simply moving forward despite not actually yet obtaining the vital information in the Order is baseless and obviously a self-motivated attempt to preclude Defendants from ever obtaining the information critical to its case.

## Court-Ordered Forensic Examination

At the outset, the Court should note that its Order for the forensic examination of SiteOne's CEO Doug Black's Samsung device arose because on May 27, 2025 -- over two years after SiteOne brought this action against the Defendants -- Defendants and this Court learned for the first time that CEO Black's cell phone had allegedly been lost in January of 2024 -- despite the issuance of multiple litigation hold letters issued by SiteOne's in house legal department. Thereafter, in March of 2026, approximately one week before Black's deposition and almost one year after declaring the phone lost, the missing Samsung device was purportedly (and miraculously) found in the desk draw of CEO Black's home office notwithstanding that, at his IT-retention deposition, CEO Black testified that he (and his wife) searched their entire home -- including the desk and drawer in question -- multiple times, but could not locate the phone.

The parties' scheduling differences arise from differing constructions of where the recent forensic report ordered by the Court leave the parties. More specifically, the Order required the forensic examination of the Samsung device belonging to Mr. Black -- the CEO of SiteOne Landscape Supply, LLC, a publicly traded company on NASDAQ (Ticker: SITE) -- to determine three things: (i) whether any text messages were deleted; (ii) whether the phone had been turned on from January 1, 2024 to March 31, 2026 (the "Relevant Time Period"); and (iii) where the phone was if/when it was turned on during the Relevant Time Period. The answers to these questions are critical to Defendants' case, especially in light of the incredible set of events surrounding this phone and Mr. Black's sworn testimony concerning same. The Order permitted Special Master Michael Cardello III to retain an expert in order to conduct the forensic examination, and the forensic expert was required to provide Special Master Cardello with his findings "no later than May 29, 2026."

On May 20, 2026, Special Master Cardello retained a forensic expert, Daniel Generosa from LexPath Technologies Holdings, Inc. ("LexPath"), to conduct the forensic examination in accordance with the Order. LexPath in turn assigned the examination to its forensic specialists, Veronica Perez, a Senior Computer Forensic Specialist, and Joseph Caruso, a CISSP and Certified

Forensic Examiner, who together authored the report described below.  Shortly thereafter, Special Master Cardello advised the Court that LexPath required additional time to complete the forensic examination and requested that the forensic expert be given two additional weeks, until June 23, 2026, to report his findings to the Special Master. [ECF 289].  The Court granted this request.  On June 18, 2026, Special Master Cardello requested that the expert be given until July 17, 2026 to report his findings. [ECF 290].  The Court granted this request as well.

Since Mr. Generosa's retention, the Parties have had several conversations with him – on May 21, June 1, June 5, June 22, and July 21 – to discuss LexPath's processes given the security features of Mr. Black's device.  One such conversation, on June 5, 2026, included SiteOne's Telecom Team Leader, at Mr. Generosa's request, so that she could directly advise the forensic expert about the security features on Mr. Black's device to facilitate the Ordered extraction.  More specifically, and again at Mr. Generosa's request, counsel for all parties spoke with SiteOne's Telecom Team Leader so that LexPath could determine the nature of the AirWatch encryption on Mr. Black's device and guard against any loss of data while LexPath attempted to decrypt it.  At no point during that call -- or at any other time -- did SiteOne or its Telecom Team Leader disclose that Mr. Black's device was protected by three separate enterprise security platforms.  While the Parties were aware that AirWatch was installed on the device, as confirmed by SiteOne on June 5, 2026, SiteOne never disclosed the existence of the CrowdStrike Falcon endpoint security layer or the full extent of the Knox-enforced encryption configuration. Rather, those additional controls were revealed for the first time in LexPath's July 28, 2026 interim report.

SiteOne's silence is difficult to reconcile with its obligations of good faith and cooperative discovery.  *See* Fed. R. Civ. P. 26(e)(1)(A), 26(g).  Its own personnel participated directly in calls convened for the specific purpose of identifying the device's security features so that data would not be lost during the examination and to enable Mr. Generosa and his team to successfully extract and decrypt the data Ordered by the Court, yet SiteOne withheld the very information -- the existence of multiple, independently configured enterprise security layers, each administered by SiteOne itself -- that has proven to be the central impediment to compliance with the Order. Having concealed the full scope of the protections it placed on its CEO's device, SiteOne cannot now be heard to treat the resulting delay as a reason to press this case forward and simply ignore the mandate of the Order.

It was not until July 28, 2026 that the Parties received an interim report from LexPath, attached hereto as Exhibit A.  The report reveals, for the first time, that Mr. Black's device is protected by multiple, independently configured layers of enterprise security that SiteOne never previously disclosed, including an AirWatch Mobile Device Management platform with a non-removable Intelligent Hub, CrowdStrike Falcon endpoint detection and response, and the hardware-backed Samsung Knox platform enforcing file-based encryption with device-bound keys. LexPath reports that, as a direct consequence of this layered configuration, its many attempts to obtain the information required by the Order -- including attempts using the law-enforcement editions of Cellebrite -- have to date been unsuccessful.

**The severity of these undisclosed protections cannot be overstated**.  During the July 31, 2026 conference, Special Master Cardello advised the Parties that, in a conversation with the forensic expert just minutes earlier, Mr. Generosa reported that CEO Black's device carries the

equivalent of "**Department of Defense protections**," that he and his team had "**never seen anything like it**," and that these protections are what caused both the delay and the continued inability to decrypt the encrypted data.  This statement from Mr. Generosa is critical -- the team he retained to perform this forensic analysis pursuant to the Court's Order has over forty years of experience doing this type of work; that they can attest they have "never seen anything like [this protection]" is mind-boggling and begs the question of what exactly is Mr. Black hiding, and whether his sworn testimony about the purported loss and sudden finding of the phone is truthful.

Critically, LexPath is currently conducting an Emergency Download Mode extraction, which it hopes will allow it to recover the encrypted user data directly from the handset (Mr. Generosa stated his team's opinion that they believe they have a 50/50 probability of successful extraction using this method).  The Parties were advised by Mr. Cardello that LexPath would provide the results of this portion of the analysis by Wednesday, August 5.  But that day came and went without any such report, which the Parties still do not have as the time of this submission.

It is abundantly clear that the forensic examination ordered by the Court remains incomplete and that the case cannot proceed unless and until the Order by this Court comes to finality.  Defendants are entitled to the full benefit of the examination they sought and which this Court Ordered, and the case should await its completion before moving forward.

Relatedly, the Court's Order appears to have been frustrated due to SiteOne's perplexing conduct in failing to disclose these additional layers of security protection of Black's device. In fact, despite the concerns raised by LexPath – neither SiteOne nor its attorneys have offered to assist in the decryption process (i.e. relaxing or disabling the protections of Black's device).

Finally, the interim report issued by LexPath raises a host of questions, the answers to which could prove critical to advancing this examination and finally complying with the Court's Order.  Accordingly, Defendants' respectfully ask the Court to order the following in connection with its existing Order.

As a threshold matter, Defendants respectfully request that LexPath be permitted to finish the Emergency Download Mode extraction and provide the results (whether successful or not) to Mr. Cardello, and then to the Parties.  In addition, Defendants make the following five requests.

*First*, Defendants respectfully request that the Court require SiteOne to (a) preserve all enterprise console logs, audit trails, and configuration records relating to Mr. Black's device, and to certify such preservation by sworn declaration; and (b) assist affirmatively in the decryption process by relaxing (or entirely removing) the enterprise security platforms on the Samsung device and by providing any and all information and cooperation to LexPath -- or to another forensic team -- so that Mr. Black's device can be accessed without data loss and the Court's Order can be complied with.

*Second*, Defendants respectfully request that the following questions be answered by SiteOne in a sworn declaration: (1) when CrowdStrike Falcon, the AirWatch Intelligent Hub, and the other security platforms were installed on Mr. Black's device (with documented proof of same); (2) whether these "DOD-level" enterprise security platforms that LexPath "has never seen"

are deployed on all SiteOne officer devices or only on Mr. Black's device; and (3) when SiteOne purchased or licensed AirWatch, the Intelligent Hub, CrowdStrike Falcon, and Samsung Knox.

*Third*, Defendants respectfully request that SiteOne be ordered to comply with the steps set forth in Paragraph 31 of the interim report and recommended by the expert to get the necessary data in compliance with the Court's Order, including obtaining the enterprise consoles from AirWatch/Workspace ONE and CrowdStrike Falcon and obtaining the network-connection records directly from Verizon (whether through a subpoena or otherwise):

> "The remaining avenues most likely to bear on the questions presented do not require further extraction from the handset. Historical device telemetry and management records, to the extent they have been retained, may reside in the enterprise consoles that govern the device — the AirWatch/Workspace ONE console and/or the CrowdStrike Falcon console. In addition, Verizon may maintain network-connection records relevant to whether and/or when the device was powered on and used. Lexpath recommends that the availability of these sources be determined and, where they exist, that they be pursued.")

*See* Paragraph 31 of the interim report.

*Fourth*, Defendants respectfully request the Court to order SiteOne to bear the costs of the forensic examination attributable to the delay and additional complexity caused by its failure to disclose the multi-layered encryption, including all fees incurred by LexPath after the original May 29, 2026 deadline, as well as Defendants' reasonable attorneys' fees and expenses incurred in connection with the extended forensic process, given that SiteOne's non-disclosure is the direct cause of the delay and expense incurred to date. *See* Fed. R. Civ. P. 26(g); Fed. R. Civ. P. 37(b)(2)(C).

*Fifth*, to the extent LexPath's remaining efforts are unsuccessful, Defendants respectfully request the Court to authorize the retention of an additional expert, within ten days of the issuance of LexPath's final report, to at least investigate the device, the forthcoming final report and whatever other information is obtained pursuant to Defendants' requests above to determine whether that expert believes it has the expertise to extract and decrypt the necessary information to comply with the Court's Order, and it that expert believes it can, to proceed with that exercise[1] at SiteOne's cost and expense.[2]

---

[1] On July 9, 2026, LexPath stated in an email to Mr. Cardello, which was then forwarded to the parties, that LexPath was able to decrypt the data on the phone in question. Defendants have pressed Mr. Cardello for an explanation from LexPath as to why it issued that statement since it now appears that was inaccurate given that the data is still encrypted through today. Mr. Cardello stated that he asked LexPath to address this issue in its interim report, but Defendants do not see any reasonable explanation (or any explanation for that matter), all of which lends to the conclusion that another expert should at least be given the opportunity to analyze the phone and data collected to date to determine whether it has the requisite expertise to extract and decrypt the Court-Ordered information.

[2] Given SiteOne's failure to disclose the layered security controls on its CEO's device and its exclusive ability to lift them, Defendants respectfully reserve their right to seek appropriate relief under Federal Rule of Civil Procedure

We look forward to the upcoming conference with the Court.

---

37(e), including an adverse-inference instruction or other sanctions authorized by Rule 37(e)(2), as well as under the Court's inherent authority, should SiteOne decline to cooperate in enabling a complete extraction, should the court-ordered data ultimately prove to have been lost or spoliated, or should the examination reveal that data was altered or destroyed.