Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** ***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(2:23-CV-02084)**
**Motion to Compel Documents in Response to Post-Deposition Demands**

Dear Judge Locke:

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") submits this letter motion seeking an order compelling Defendants to produce all documents responsive to SiteOne's three May 13, 2026 post-deposition document demands (the "Demands"). [Ex. 1.] The Demands are narrow and arise directly from Defendants' own deposition testimony. After sitting on SiteOne's requests for more than four months, Defendants responded on September 28, 2026 by producing three pages—three unauthenticated wire confirmations—and objecting to everything else. [Ex. 2.]

## I. The Demands Seek Documents Defendants' Own Testimony Shows Exist.

**Oneway Road, LLC (Demand 1):** SiteOne requested "complete bank records from 2019-the present for Oneway Road, LLC." [Ex. 1.] Vic testified that he purchased the Horseblock Road property (one of the properties at issue in this case) in 2022 for $1.6 million with money he borrowed—the "full purchase price"—from Don. [Ex. 3, Vic Dep. 280:24–283:10.] The closing took place on July 8, 2022. [*Id.* at 297:2–8.] Defendants' three-page production shows that on July 7, 2022—the day before closing—Don wired $1,670,000 not to Vic and not to Horseblock Road, LLC, but to "Oneway Road LLC" at M&T Bank.[1] Yet when shown his own email asking his banker to "provide wire instructions for Oneway Road LLC," Don—who wired more than $1.6 million to that entity less than four years ago—could not say what Oneway Road is or whether he formed it. [Ex. 4, Don Dep. 280:23–281:13, 284:11–23.] That is the same entity used to fund the purchase of the Horseblock Road property, where Defendants' competing business now operates. [*Id.* at 251:22–252:9; Ex. 2.] Vic testified that Horseblock Road, LLC banked at M&T, in an account he "just closed." [Ex. 3, Vic Dep. 294:15–295:5.] Oneway Road does not even appear on Defendants' own list of the entities owned by Vic, Don, and Nick. [Ex. 5.] Defendants call Oneway Road a "non-party," but their own production confirms it was the conduit for hiding $1.67 million of Defendants' money. And while Defendants have now produced wire confirmations reflecting certain payments for the Horseblock Road and Middle Island purchases (described below), those three pages say nothing about what Oneway Road is, who controls it, or where the money went next. Oneway Road's bank records remain relevant. SiteOne is entitled to its bank records.

**Don Caroleo Ventures, LLC (Demand 2):** SiteOne requested the "complete bank records from 2019-the present for Don Caroleo Ventures, LLC ("DCV"). DCV is owned solely by Vic [Ex. 3, Vic Dep. 127:23-128:5.] DCV receives a portion of SiteOne's rent money from Narrow

[1] Defendants designated this production Confidential. SiteOne will provide a copy should the Court wish to review it.

Way Realty, Ltd. ("Narrow Way"). [Ex. 6, Narrow Way Dep. 33:18–35:10.] SiteOne previously moved to compel compliance with a subpoena to DCV, which sought, among other things, documents sufficient to show all transactions between DCV and any named Defendant in this lawsuit from January 1, 2019 through the present. [ECF 171, 171-1.] At the hearing before Your Honor on October 15, 2024, SiteOne withdrew the motion.

Defendants argue that the Court already rejected the documents SiteOne seeks in its post-deposition demand regarding DCV, but permitted a later, renewed request if "a more crystalized reason for that information…arises because of something else that's produced." [Ex. 2, quoting Oct. 15, 2024 Hrg. Tr. 106:8-12.] Defendants' deposition testimony is the "more crystalized reason" that SiteOne is seeking this information. Don—a named Defendant—testified that "there is a payment from Don Caroleo Ventures that comes to me monthly," in the amount of $8,000, funded "through rent that he gets from SiteOne." [Ex. 4, Don Dep. 160:18–163:18.] Defendants' witnesses could not even agree on why the money moves. Narrow Way's corporate representative testified that Narrow Way pays DCV a set $8,000 per month, with no written agreement, to cover a rent "shortfall" on the Dix Hills property. [Ex. 6, Narrow Way Dep. 33:18–35:10.] When asked why Narrow Way pays DCV ever month, Vic testified that he "think[s] the rent comes in as one bulk check, and then he owns some of the properties, so he gets reimbursed for that." [Ex. 3, Vic Dep. 293:2–13.] Vic later testified that he is "not exactly sure" what DCV does with the money it receives from Narrow Way. [*Id*. 315:11–20.]

However, the payments to DCV are more extensive than just a monthly $8,000 payment. The records produced by Narrow Way Realty's bank show that, *inter alia*, on March 14, 2022, Narrow Way paid DCV $46,431.91; $15,000.00 on March 29, 2020; and $12,000 on September 9, 2021. Also, in 2020 and 2021, the payments varied between $5,000 and $9,500. Additionally, Vic testified that he owns both Narrow Way and DCV, so it is unclear why Vic is paying one of his own entities. Given that SiteOne's rent payments appear to flow from Narrow Way to DCV and, further, that Defendants were unable to consistently testify about what then happens with those funds, SiteOne is entitled to documents reflecting the same.

Moreover, Defendants' omission of Oneway Road from their own list of entities independently warrants production of DCV's financial records—not merely records of the transactions SiteOne has already identified. [Ex. 5.] Defendants represented their owned entities to SiteOne, yet left off an entity that received $1.67 million from Don and funded the purchase of the property where Scapes now operates. That omission raises a serious question about whether Defendants' disclosures are complete. Without DCV's complete financial records, SiteOne cannot determine whether DCV is making payments to Defendants, or to other entities in which Defendants hold an ownership or control interest that have similarly gone undisclosed. Nor is this a fishing expedition. Don testified that the monthly DCV payments repay an interest-free loan he made to Vic to pay off liabilities on a mortgage for the Dix Hills property—a loan with no written agreement—which Vic reimburses every month through DCV using rent he receives from SiteOne. [Ex. 4, Don Dep. 161:9–163:7, 165:16–19.] And Vic, DCV's sole shareholder, testified that he does not know what happened to the funds that passed from Narrow Way to DCV, belying Vic's testimony that he owns and controls DCV. [Ex. 3, Vic Dep. 315:11–20.] These informal, undocumented payments, combined with the Oneway Road omission and Defendants' inconsistent testimony, make DCV's complete financial records directly relevant.

troutman pepper locke

**Horseblock Road and Middle Island Purchases (Demand 3):** SiteOne seeks all financial records of Don and Vic and of any entity they own or control reflecting the receipt and payment of all monies relating to their purchase of the Horseblock Road property and their purchase of the Middle Island property. [Ex. 1 at 1–2.] These records are critical. Defendants have maintained for years that Don is in no way involved with the competing business. Yet Don has now admitted on the record that he loaned Vic the money used to purchase both properties. [Ex. 2; Ex. 4, Don Dep. 200:8–201:11, 299:25–301:5.] Vic agreed, testifying that he borrowed the full Horseblock Road purchase price from Don and has never repaid any of it. [Ex. 3, Vic Dep. 282:13–284:2.] Don set no repayment terms, Vic could not recall whether any written agreement exists, and none has been produced. [Ex. 4, Don Dep. 201:18–202:10; Ex. 3, Vic Dep. 283:11–16.] The records sought thus go to the heart of Don's involvement and the true nature of these transfers.

Defendants' three wire confirmations show only money leaving Don's Morgan Stanley account. They show nothing about who received the funds, how they were applied, or whether any of the money was ever repaid. And the testimony makes clear that more exists. Vic first testified that the money for the $900,000 Middle Island purchase "came from myself" and had been in his checking account for a year, then testified that his son contributed. [Ex. 3, Vic Dep. 92:12–93:14, 157:22–158:4, 171:3–172:8.] Don testified that Vic borrowed approximately $900,000 from him to buy a property in late 2022, with no repayment terms. [Ex. 4, Don Dep. 200:17–202:10.] Defendants' production shows that on January 4, 2023, Don wired $935,049.75 to the law firm Johannesen and Johannesen PLLC—and less than a month later, on February 1, 2023, $49,955 was wired from Johannesen and Johannesen into Defendant Nick Giordano's account, which Vic could not explain. [Ex. 3, Vic Dep. 286:17–287:2.] Don also testified that a $165,000 payment was a loan to Vic for Horseblock Road drawn from a Morgan Stanley liquidity line. [Ex. 4, Don Dep. 299:25–301:5.]

Defendants also object that Demand 3 purports to extend to the **sale** of both properties. [Ex. 2 at 3.] It does not. Demand 3 is limited to Defendants' (and any entity that Defendants' Don and/or Vic own or control) own receipt and payment of funds in connection with **their purchases** of the Horseblock Road and Middle Island properties—not any subsequent sale.

## II. Defendants' Objections Are Baseless.

Defendants offer nothing but boilerplate objections: the Demands are "overly broad," "unduly burdensome," and "not proportional." [Ex. 2.] Defendants identify no burden whatsoever and fail to explain how these **three** RFPs are not proportional to the needs of the case. The documents SiteOne seeks are plainly relevant to the claims in this Action, including because they will show how Defendants have used their entities to conceal their transactions and Don's involvement with the competing business.

## III. Conclusion.

SiteOne respectfully requests entry of an order compelling Defendants to produce, within 14 days, all documents responsive to SiteOne's May 13, 2026 post-deposition document demands.

Respectfully submitted,

J. Evan Gibbs III