# EXHIBIT 1

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

**J. Evan Gibbs III**
evan.gibbs@troutman.com

May 13, 2026

**VIA EMAIL**

Thomas A. Bizzaro, Jr.
Law Offices of Thomas A. Bizzaro, Jr. P.C.
23 Green Street, Suite 309
Huntington, New York 11743

Kevin A. Cyrulnik
Kasowitz LLP
1633 Broadway 22nd Floor
New York, NY 10019

**Re:** ***SiteOne Landscape Supply, LLC v. Giordano, et al.* (2:23-CV-02084)**

Mr. Cyrulnik:

We received your May 11, 2026 emails and respond to your queries, comments, and proposed changes to the draft scheduling order below. We have enclosed copies of the May 11 draft you sent us with our respective comments included for reference, along with our most recent proposed draft of today's date.

**Post-Deposition Document Demands and Scheduling Order**

***Post Deposition Document Demands***

We are fine without having formal post-deposition RFPs and ROGs. We have instead included in proposed Scheduling Order a deadline for the production of documents in response to post-deposition document demands, which we have set forth in the attached. As you will see, SiteOne's post-deposition document demands are limited to the following:

1. The complete bank records from 2019-the present for Oneway Road, LLC.
2. The complete bank records from 2019-the present for Don Caroleo Ventures, LLC ("DCV").
3. All financial records of Don and Vic (and any entity that Defendants Don and/or Vic Caroleo own or control) reflecting:
   - The receipt and payment of all monies relating to the purchase of the Horseblock Road property; and
   - The receipt and payment of all monies relating to the purchase of the Middle Island property.

For context, Vic and Don were ordered in 2024 to produce bank records reflecting all transactions among themselves from 2020 onward. Don testified at his deposition that he loaned Vic the money to purchase the Horseblock Road (pp. 299-301) and the Middle Island properties in 2022 (pp. 199-201).

However, Defendants produced no bank or other financial records reflecting these payments. It appears that the money for the Horseblock Road property was channeled through Oneway Road LLC. Neither Don nor Vic were able to recall these details at their depositions.

With regard to DCV, this is an entity controlled by Vic which has been used extensively to exchange money between Don and Vic. The records we have indicate that it receives many thousands of dollars every month from Narrow Way Realty. Vic could not recall what is then done with those funds. The testimony and exhibits from their depositions make it clear that some portion of that money then flows to Don, but neither was able to confirm the amount, timing, or use.

***Spoliation Motions***

We are going to propose a hard deadline for these motions of June 15. We are not willing to push back this deadline based on Defendants' stated intent to make a separate motion relating to Doug Black's phone. Defendants have had all of the facts surrounding Mr. Black's phone for many weeks, and nothing has stopped Defendants from making whatever application they want to make about the device prior to now. Moreover, the most recent text message production has nothing to do with spoliation. The late production, as we explained, was due to an issue we had with Relativity and had nothing to do with the custodians themselves. And the substance of the communications have nothing to do with evidence spoliation. There is no reason for this anticipated motion to push out any case deadlines.

Judge Brown's rules (at II.f.1.) provide that all "non-dispositive pretrial motions and applications are to be made to the Magistrate Judge in accordance with the Magistrate Judge's individual rules." Thus, it appears to us that spoliation sanctions motions are to be filed with Judge Locke. We intend to confirm this with Judge Locke at our status conference.

***Expert Disclosures and Depositions***

We are going to propose that our case-in-chief expert disclosures be made by June 26 as stated in our draft, with rebuttal expert disclosures due July 24. We see no reason why these deadlines are not appropriate.

We are similarly going to propose that all expert depositions be completed by August 24 as we view that as sufficient time to have those depositions completed following the expert disclosures.

We also intend to request that Mr. Cardello's appointment be extended to include supervision of the expert witness depositions. We indicated this in a footnote in our original draft scheduling order. Please let us know your position on this.

troutman pepper locke

***Motions for Summary Judgment***

We agree that MSJs will most likely be submitted to Judge Brown, but we included Judge Locke's rules in our draft simply because Judge Brown has assigned so many other substantive matters to the Magistrates in this case. In any event, we are going to propose a deadline of September 23 for the submission of pre-motion conference letters.

***Trial Date***

We maintain that it is appropriate to propose a trial date in our proposed scheduling order. We realize of course the date may not work for the Court, but we intend to propose one so that we can hopefully get a date certain around the date proposed. We have included our original January 11, 2027 date in the most recent draft.

**Follow-Up Depositions**

We are agreeable to remotely reconvening the depositions of Gerard Passaro, Anthony Catalano, Phil Sausto, and Kevin Peattie for no longer than 30 minutes each conducted back-to-back on a mutually agreeable day, and that the scope will be limited to questioning about the documents in our March 30, 2026 production (Production 19). We also would like Mr. Cardello's appointment to be expanded to include supervising these depositions.

We do not agree to your request that these depositions last one hour each. Relevant here, the document production in question contained five text message conversations between Mr. Peattie and Messrs. Catalano and Passaro, and 27 text message conversations between Gerard Passaro and Messrs. Sausto, Catalano, and Peattie. We see no reason why these depositions should last more than 30 minutes.

For reference, SiteOne produced these messages to Defendants on March 30, 2026, a month before the April 30 deposition deadline. Defendants chose to not pursue reconvening these depositions during that time period. Our position is thus that Defendants forfeited their right to these depositions. However, in order to avoid motion practice on this issue, we are offering these targeted depositions in an effort to move things along. As mentioned previously, SiteOne is willing to pay the court reporter appearance fees for these depositions.

Thank you.

J. Evan Gibbs III

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

Defendants.

Civil Action No.: 23-CV-02084

**SCHEDULING ORDER WORKSHEET**

**DEADLINES & COURT APPEARANCES**

| | |
|---|---|
| June 1, 2026 | : Deadline to produce documents in response to post-deposition document demands |
| June 15, 2026 | : Deadline for Filing Discovery-Related Motions (including those related to spoliation) |
| June 26, 2026 | : Identification of case-in-chief experts and service of Rule 26 disclosures |
| July 24, 2026 | : Identification of rebuttal experts and service of Rule 26 disclosures |
| August 24, 2026 | : Completion of expert depositions and expert discovery[1] |
| September 23, 2026 | : Deadline to file pre-motion for summary judgment conference letters |
| 60 Days Post-MSJ Ruling | : Deadline to submit joint pre-trial order as required by Judge Brown, under the supervision of Magistrate Judge Locke |
| January 11, 2027 | : Trial Date (One-Week Trial) |

[1] SiteOne asks that Michael Cardello III have his appointment expanded to encompass supervision of all expert witness depositions.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

Defendants.

Civil Action No.: 23-CV-02084

**SCHEDULING ORDER WORKSHEET**

**DEADLINES & COURT APPEARANCES**

May 15, 2026 : Service of post-deposition document demands
- Defendants (combined) and Plaintiff limited to 5 RFPs[1]

May 15, 2026 : Service of post-deposition contention interrogatories
- Plaintiff limited to 5 interrogatories[2]

June 1, 2026 : Responses to post-deposition document demands and contention interrogatories, including production of responsive documents

June 8, 2026 : Deadline for Filing Discovery-Related Motions (Fact Discovery Completed with the exception of rulings on discovery-related motions)

June 1, 2026 : Latest date to file motions related to spoliation; Responses and Replies to be filed in accordance Judge Locke's or Brown's Rules

June 26, 2026 : Identification of case-in-chief experts and service of Rule 26 disclosures

July 24, 2026 : Identification of rebuttal experts and service of Rule 26 disclosures

[1] All RFPs must be narrowly tailored and not duplicative of discovery requests already propounded in discovery.

[2] Defendants have already propounded the limit of 25 interrogatories provided for in Fed. R. Civ. P. 33.

**Commented [KC1]:** Evan: Obviously these dates will not work given that the conference got moved, but in any event, we do not see a need for blanket additional discovery, which has long ended. As I mentioned on our call, to the extent there are specific issues to be raised, we are happy to take them under advisement and suggest instead that you tell us if there are any such issues now.

**Commented [GJE2]:** We need clarification as to whether these motions should be directed to Locke or Brown

**Commented [KC3R2]:** We think this should go to Judge Brown, in accordance with his Rules. This is not one of the litany of motions set forth in his rules that are to be decided by Judge Locke.

Also, this requires a pre-motion letter/conference.

We cannot set a deadline now (certainly not June 1 at least) for this (and not sure one needs to be set since it can be filed any time) given (i) our forthcoming motion re Mr. Black, which will need resolution; and (ii) our forthcoming depositions based on your late production of documents, but let's discuss if we do want to set something tentative in future.

**Commented [KC4]:** Re the date itself, again, it will be difficult to set these dates without the clarity we need on remaining discovery and knowing how long that will take. If you still think we need to propose an outside date tentatively now, let's discuss, but June 26 (just over a month from now) does not work.

Regarding expert disclosure/reports, we see no reason why this should not follow the standard plaintiff report and then defendants' rebuttal report thereafter. Let's discuss.

August 24, 2026 : Completion of expert depositions and expert discovery[3]

September 23, 2026 : Deadline to file pre-motion for summary judgment conference letters

- Must include Rule 56.1 Statements
- Pre-motion conference letters, 56.1 Statements, and arguments at the conference may be deemed as the motion itself
- Arguments not raised in the PMC letters or in argument are deemed waived

October 9, 2026 : Deadline to file response to pre-motion for summary judgment conference letter

October 16, 2026 : Deadline to file reply to Local Rule 56.1 Response

September 23, 2026 : Deadline to file pre-motion for summary judgment letters

- Judge Locke does not require a pre-motion conference.
- Letter must (a) briefly state the basis for the motion and (b) sets forth a proposed briefing schedule agreed to by the parties

60 Days Post-MSJ Ruling : Deadline to submit joint pre-trial order as required by Judge Brown, under the supervision of Magistrate Judge Locke

January 11, 2027 : Trial Date (One-Week Trial)

**Commented [KPL5]:** If moving for SJ before Judge Brown

**Commented [KC6R5]:** SJ motions certainly should be going to Judge Brown (*see* Judge Brown Rule II.f.2).

Also, per his rules, response timing is set by Judge Brown when he sets the conference dates.

Same comment re date, everything will need to be adjusted, depending on where we land on the dates before this. To be discussed…

**Commented [KPL7]:** If moving for SJ before Judge Locke

**Commented [KC8R7]:** Not applicable, see above

**Commented [GJE9]:** Judges Locke and Brown's rules state that pre-trial motions (e.g., motions in limine (fully briefed), jury instructions, statement regarding damages/other relief sought, copies of all exhibits, etc.) are to be filed two weeks before trial. Accordingly, once we pick a trial date, the PTMs will be scheduled based on that date.

**Commented [KC10R9]:** Impossible to set a trial date given all of the above, in addition of course to the Court's schedule.

[3] SiteOne asks that Michael Cardello III have his appointment expanded to encompass supervision of all expert witness depositions.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

Defendants.

Civil Action No.: 2:23-CV-02084-GRB-SL

**SITEONE'S POST-DEPOSITION DOCUMENT DEMANDS TO DEFENDANTS**

Plaintiff SiteOne Landscape Supply, LLC ("SiteOne"), by and through its undersigned counsel, makes these Post-Deposition Document Demands to Defendants. The documents shall be produced by a date set by the Court to counsel for SiteOne, Troutman Pepper Locke LLP, Attn: Daniel Gorman, 875 Third Avenue, New York, New York 10022, or via email to SiteOne's counsel of record.

## POST-DEPOSITION DOCUMENT DEMANDS

1. The complete bank records from 2019-the present for Oneway Road, LLC.

2. The complete bank records from 2019-the present for Don Caroleo Ventures, LLC.

3. The banking records of Defendants Don and Vic Caroleo reflecting: (a) the receipt and payment of all monies relating to the purchase and sale of the Horseblock Road property; and (b) The receipt and payment of all monies relating to the purchase and sale of the Middle Island property.

Dated: May 13, 2026

TROUTMAN PEPPER
LOCKE LLP

*/s/ John S. Gibbs III*
John S. Gibbs III
600 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
Email: evan.gibbs@troutman.com

FARRELL FRITZ, P.C.

*/s/ Kevin P. Mulry*
Kevin P. Mulry
400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0620
Email: kmulry@farrellfritz.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on May 13, 2026 via email to all current counsel of record for Defendants.

*/s/ John S. Gibbs III*
John S. Gibbs III

Counsel for Plaintiff