# EXHIBIT 2

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S EMAIL ADDRESS
**manishasheth@quinnemanuel.com**

**VIA E-MAIL**

September 28, 2026

J. Evan Gibbs III
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**RE**: *SiteOne Landscape Supply, LLC v. Giordano et al.*, Case No. 2:23-cv-02084-GRB-SIL

Mr. Gibbs:

We write on behalf of Defendants in the above-captioned action in response to SiteOne's May 13, 2026 post-deposition document demands. SiteOne served three-post deposition requests which are, among other things, overly broad, unduly burdensome, and seek irrelevant documents and information not in the possession, custody, or control of the Defendants. Defendants nevertheless have considered each demand in good faith, and will produce documents responsive to certain of the demands, as set forth below. Defendants object to the remainder of SiteOne's demands.

## I. Bank Records for Oneway Road

Oneway Road is not a party to this action, yet SiteOne seeks seven years of its bank records. The only basis SiteOne offers for this demand is its assertion that it "appears" the Horseblock Road funds were "channeled through Oneway Road LLC." May 13 Ltr. at 2. Even accepting that premise, it would concern a single transaction, not seven years of an entity's banking activity. SiteOne identifies no other Oneway Road transaction—and no other reason—that would justify production of a non-party's complete banking history. SiteOne's stated concern about the Horseblock Road funds is addressed by Defendants' production in response to SiteOne's third demand, described in further detail below. The remainder of SiteOne's demand is overly broad and not proportional to the needs of the case under Rule 26(b)(1).

## II. Bank Records for Don Caroleo Ventures, LLC

Don Caroleo Ventures ("DCV") is likewise not a party to this action, yet SiteOne seeks seven years of its bank records. DCV's records have already been the subject of prior motion practice by SiteOne which was denied by the Court in 2024.

At the parties' October 15, 2024 hearing before the Court, SiteOne sought the corporate defendants' financial records to trace money moving "through, for example, Don Caroleo Ventures" arguing that such records were needed to determine whether money purportedly received by Vic Caroleo was later transferred to other entities and individuals allegedly connected to the Defendants. Dkt. 180 at 83:1–4. The Court rejected the premise of that request, explaining that "whatever Vic did with [and payments he received] … is not relevant," and found that the request was not proportional to the needs of the case. *Id.* at 84:2–9. When the DCV records later came up in the context of SiteOne's motion to compel, the Court similarly stated, "I don't see how either of these are relevant to your claims," prompting SiteOne to withdraw the motion. *Id.* at 105:17–106:7. The Court permitted a later, renewed request only if "a more crystalized reason for that information . . . arises because of something else that's produced," and even then, only through "a specific request." *Id.* at 106:8–12.

No such crystalized reason has manifested and nothing has changed since the 2024 hearing. SiteOne identifies no new basis to obtain these records. Its May 13 letter simply restates the theory the Court already rejected: that DCV "receives many thousands of dollars every month from Narrow Way Realty" and that "some portion of that money then flows to Don." May 13 Ltr. at 2. According to SiteOne's own reasoning, money that reaches DCV has reached Vic: what happens to it afterwards is precisely what the Court has already determined is "is not relevant." *Id.* at 84:2–9. Nor is a demand for an entity's complete bank records from 2019 to the present a "specific request" as contemplated by the Court. *See id.* at 106:8–12.

## III. Financial Records Reflecting Payments Related to Purchase of Horseblock Road and Middle Island Properties

Subject to and without waiving their objections, Defendants will produce documents sufficient to show Don Caroleo's loan to Vic Caroleo for the purchase of the Middle Island and Horseblock Road properties. Specifically, Defendants will produce the Morgan Stanley wire confirmations for Don's March 24, 2022, July 7, 2022, and January 4, 2023 transfers relating to those purchases.

Defendants otherwise object to this demand as overly broad and not proportional to the needs of the case under Rule 26(b)(1). SiteOne's demand is not limited to the aforementioned loans. Rather, it reaches "all financial records" of Don, Vic, and every entity either of them owns or controls. The demand also purports to extend to the *sale* of both properties. SiteOne's letter offers no justification for this broad scope, and none is apparent. The documents that Defendants are willing to produce, as described above, respond to the questions that SiteOne has identified.

Defendants reserve all rights and objections. To the extent that SiteOne believes any issues remain to be discussed, we are available to meet and confer at a mutually convenient time.

Very truly yours,

Manisha M. Sheth

cc: All counsel via Electronic Mail