quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

**VIA ECF**
October 8, 2026

The Honorable Steven I. Locke
U.S. Magistrate Judge, E.D.N.Y.
100 Federal Plaza, Room 820
Central Islip, New York 11722

**RE**: *SiteOne Landscape Supply, LLC v. Giordano et al.*, Case No. 2:23-cv-02084-GRB-SIL

Dear Magistrate Judge Locke:

We respectfully submit this letter motion, on behalf of Defendants and pursuant to Rule 4.A.i of Your Honor's Individual Motion Practices, for an adverse inference and sanctions under Fed. R. Civ. P. 37(e)(2) arising from Plaintiff SiteOne's failure to preserve the text messages of three of its own custodians, despite each being subject to a written litigation hold.

## BACKGROUND

SiteOne had a duty to preserve its employees' text messages. It did not. Though it issued litigation holds to Kevin Peattie, Gerard Passaro, and Phil Sausto in April 2023, it lost ESI from all of them. Now relevant communications are forever lost. Sanctions are appropriate.

***Kevin Peattie.*** Peattie was issued a SiteOne company phone that, no doubt, contained relevant communications. But on November 11, 2024, SiteOne's IT department performed a full factory reset, purportedly to address a two-factor authentication problem. ECF 285-1 at 3. No image or backup of the phone was taken prior to the reset. *Id.* All previous text messages are no longer recoverable; only 160 survived. *Id.* And, as SiteOne conceded, the factory reset is to blame. Peattie was asked about preservation efforts during his October 21, 2025 deposition. But he could not recall whether he ever signed a litigation hold, saying he was unfamiliar with the term and only recalled signing "a piece of paper." Ex. A (Peattie Tr.) 7:18-8:20. He also testified that no one in IT *ever* discussed the hold with him, *id.* 26:7-10, 46:7-18, he never backed up the device (and no one ever asked him to), *id.* 19:23-21:11, and that he had no email or text-messaging trouble before the reset, *id.* 16:17-25. Ultimately, he could not say whether the destroyed data included texts concerning defendants Don or Vic Caroleo or Nick Giordano. *Id.* 45:8-20.

***Phil Sausto.*** Sausto's SiteOne company phone had a rolling thirty-day auto-delete function running the entire time he was under a hold. ECF 285-1 at 4. His text data thus only dates back to March 11, 2025, with only 1,402 messages surviving from the relevant period. *Id.* SiteOne's Chief Information Security Officer, David Black, testified at his July 10, 2025 deposition that an auto-delete feature "runs afoul of the litigation hold letter," and that he first learned of the auto-deletion at his deposition. Ex. B (D. Black Tr.) 161:5-163:5, 168:3-8.

***Gerard Passaro.*** Despite receiving his SiteOne-issued iPhone in February or March 2023, Passaro's text data dates back only to July 18, 2023. ECF 285-1 at 3-4. Passaro admitted why 5-

6 months of text messages were entirely absent from his phone: he deleted them. Ex. C (Passaro Tr.) 44:17-20. He also claimed to have "no idea" whether any concerned this litigation. *Id.* And he continues to delete texts to this day, undercutting his claim that his prior deletions were simply to free up space. *Id.* 44:21-46:9. He testified he was unaware of any litigation hold until counsel emailed him a copy just days before his deposition. *Id.* 14:4-16:17. He also confirmed that no one ever discussed his preservation obligations with him. *Id.* 36:14-18. Worse yet, he had a prior company device that was surrendered to SiteOne and never recovered. *Id.* 12:2-13. SiteOne's own CISO agreed that his deletions violate the hold and its former CIO testified he knows of no technical explanation for a gap of this kind. Ex. B at 167:19-25; Ex. D (Kramer Tr. 152:25-154:5).

SiteOne's failures began at the top, creating a culture of non-compliance: at his deposition in October 2025, CEO Doug Black testified that he lost his phone. Five months later, in March 2026, his son purportedly found the phone in a drawer that Black said he repeatedly searched. ECF 285 at 1-2. LexPath's report shows Black's phone booted twice in March 2024, the second time at Black's home, contrary to the CISO's testimony that it had not been powered on since it was lost in February 2024. *Id.*; Ex. E (Rep.) ¶ 34; Ex. F (D. Black Oct. 24, 2025 Tr.) 343:15-19. While SiteOne reported 7,882 messages dating to 2016, ECF 285-5 at 2, the report identifies only 430, all from January 2024, and does not address whether earlier messages were deleted during the Court-ordered January 2024 to March 2026 window. Ex. E ¶¶ 28, 37; Ex. G (Defs.' LexPath Ltr.).

## ARGUMENT

Sanctions are appropriate under Rule 37(e) where "a party failed to take reasonable steps to preserve" ESI that should have been preserved, "and it cannot be restored or replaced through additional discovery." If a "party acted with the intent to deprive another" of the information's use in the litigation, a court may, under Rule 37(e)(2), "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." *Id.*; *see also In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 200-01 (S.D.N.Y. 2007) ("Because … plaintiffs have shown that NTL Europe had the duty to preserve documents and ESI … [and] allow[ed it] … to be destroyed, … plaintiffs have demonstrated that an adverse inference instruction spoliation sanction against defendant NTL Europe is warranted in this case."). SiteOne's conduct meets this test.

***First***, SiteOne failed to take reasonable steps to preserve ESI, which is now not recoverable. The "reasonable steps" inquiry is objective. "A party's discovery obligations include taking ***affirmative steps*** to ensure that all potentially relevant evidence is retained." *Moody v. CSX Transp.*, 271 F. Supp. 3d 410, 428 (W.D.N.Y. 2017) (emphasis added); *see also Richard Green v. McClendon*, 262 F.R.D. 284, 289 (S.D.N.Y. 2009) (post-litigation hold, "a party … must make certain that all sources of potentially relevant information are identified" and held and "take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched" while "the duty to preserve … persists throughout the discovery process"). SiteOne failed to do so. It issued company phones to Passaro, Peattie, and Sausto, but took no efforts to preserve their data. Despite being issued a litigation hold, none could remember it. And each lost ESI (whether by auto-deletion, factory reset, or manual deletion). Indeed, SiteOne had no text-message retention policy at all. Ex. F at 251:24-252:25. Neither its CEO nor CISO knew whether a device could be imaged or cloned before resetting or replacing it. ECF 255 at 1-2. Neither could identify anyone in IT who was told which devices were subject to hold,

though IT wiped Peattie's phone. *Id.*; ECF 253 at 2. No custodian's WebEx messages were ever searched. ECF 255 at 2. And the CISO learned of these gaps just weeks before his own deposition. Ex. B at 169:13-170:11. These are not isolated lapses—they are the product of a preservation program that did not function. And now, data from each of these three custodians is lost and unrecoverable. Dkt. 285-1 at 3-4; Ex. H (Doug Black Oct. 15, 2025 Depo. Tr.) 55:23-56:2.

***Second***, SiteOne's repeated preservation failures are not mere mistake: they reflect an intent to deprive Defendants of relevant information. "An intent to deprive can be found either from a conscious act of destruction or a conscious dereliction of a known duty to preserve electronic data." *In re Keurig Antitrust Litig.*, 341 F.R.D. 474, 496 (S.D.N.Y. 2022). A court may also impose sanctions under Rule 37(e) when a party spoliates evidence. *Chepilko v. Henry*, 722 F. Supp. 3d 329, 338 (S.D.N.Y. 2024). Where that's the case, 37(e)(2) permits an instruction that lost ESI was unfavorable to the spoliating party. *Hoffer v. Tellone*, 128 F.4th 433 (2d Cir. 2025). Here, SiteOne's intent can be inferred. SiteOne sued in March 2023, championing the importance of preserving evidence "before it can be tampered with or destroyed." ECF 185 at 1-2. SiteOne has aggressively litigated this very issue, filing eight motions to compel Defendants' texts and insisting they "intentionally destroyed" texts via auto- and manual deletion. ECF 185 at 1-2. But SiteOne does not have clean hands here: its own custodians have done the same things. SiteOne's IT factory-reset Peattie's iPhone ***nineteen months*** into his hold over a two-factor authentication problem, without first imaging the device, erasing all earlier texts. A 30-day auto-delete ran on Sausto's device, leaving only 1,402 messages for the entire relevant period, which SiteOne's CISO agreed violates the hold. Passaro persistently deleted "several months" of messages (one month after Giordano was fired and three months after the Caroleos), leaving nothing before July 18, 2023. He still deletes today and is missing a former device. SiteOne's faulty retention policy compounds the issue. This is not an unsophisticated party: SiteOne is a billion-dollar, publicly traded organization. Its failure to preserve demonstrates intent to deprive, and Defendants request sanctions and an instruction that the jury may presume the lost messages were unfavorable.

***Finally***, Defendants are prejudiced by the loss of these texts during a period of time central to the case. Passaro's missing messages follow Giordano's February 21, 2023 termination, the very events covered by his own declaration. ECF 55 ¶¶ 62-65, 94-96. Sausto's missing messages include his communications with coworkers and customers regarding Vic Caroleo and Nick Giordano's new property and his reports of Garden Dept. activity in January 2023. *Id.* ¶¶ 69-75. Peattie runs the nursery business at the center of this dispute. Ex. I (Doug Black Apr. 16, 2026 Depo. Tr. 83:3-10). Even if an adverse inference under Rule 37(e)(2) is not warranted, Defendants are entitled to relief under (e)(1), which permits "measures … necessary to cure the prejudice" caused by the loss of ESI. Defendants thus seek, as alternative relief, an order (i) precluding SiteOne from arguing that the absence of the very texts its custodians deleted supports its claims; (ii) granting leave to present evidence of the loss at trial and argue the resulting inferences, with an appropriate instruction; and (iii) awarding fees and costs of the document-retention depositions.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Manisha M. Sheth