# EXHIBIT A

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

-against- Case No.: 2:23-CV-02084(GRB)(SIL)

NICHOLAS GIORDANO, et al.,

Defendants.

-----------------------------------------X

90 Merrick Avenue
East Meadow, New York

October 21, 2025
9:41 a.m.

DEPOSITION of SITEONE LANDSCAPE SUPPLY, LLC, the Plaintiff herein, through KEVIN PEATTIE, taken by the Defendants, pursuant to Order, held at the above-mentioned time and place, before Elbia Brumit, a Notary Public of the State of New York.

LH REPORTING SERVICES, INC.
50 Glen Street, Suite 316
Glen Cove, New York 11542
(718)526-7100

A P P E A R A N C E S:

TROUTMAN PEPPER HAMILTON SANDERS, LLP
Attorneys for Plaintiff
600 Peachtree Street, NE
Atlanta, Georgia 30208
BY: EVAN GIBBS, ESQ.
File No.: n/a
E-mail: evan.gibbs@troutman.com
Phone: 404-885-3093

LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.
Co-Counsel for Defendants
133C New York Avenue
Huntington, New York 11743
BY: THOMAS A. BIZZARO, JR., ESQ.
File No.: n/a
E-mail: tbizzaro@tab-law.com
Phone: 631-510-0144

CERTILMAN BALIN ADLER & HYMAN, LLP
Co-Counsel for Defendants
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
BY: ANTHONY W. CUMMINGS, ESQ.
File No.: n/a
E-mail: acummings@certilmanbalin.com
Phone: 516-296-7062

ALSO PRESENT:

DOMINICK CAROLEO, via Zoom videoconference

S T I P U L A T I O N S

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties herein, that filing, sealing and certification, and the same are, hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections except as to the form of the question shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed and sworn to by an officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

* * *

THE REPORTER: We are on the record at 9:41 a.m.

K E V I N P E A T T I E, was called as a witness and having been first duly sworn, was examined and testified as follows:

THE REPORTER: Please state your name for the record.

THE WITNESS: Kevin Peattie. K-E-V-I-N, P-E-A-T-T-I-E.

EXAMINATION BY
MR. CUMMINGS:

Q. Mr. Peattie, are you employed now?
A. Yes.
Q. Who are you employed by?
A. SiteOne.
Q. What is your current job title?
A. Area business manager.
Q. How long have you held that position or title with SiteOne?
A. Two years.
Q. And prior to that title, that position, what did you do?
A. Title-wise?
Q. Were you employed prior to your

SiteOne.

Q. So how many total years of work experience do you have?

A. Eighteen.

Q. So let's be clear, you've been with SiteOne, regardless of your title or capacity, for how many years?

A. Nine.

Q. And prior to SiteOne, you were employed for how many years?

A. Nine.

Q. With the same company?

A. Correct.

Q. Do you have any specialized training?

A. No.

Q. Are you familiar with the term litigation hold?

A. No.

Q. Do you recall whether you were ever served with a document or a notice that you were subject to a litigation hold?

A. Yes.

Q. Do you recall when that was?

KEVIN PEATTIE

A. No.

Q. What does litigation hold mean to you?

A. I'm not sure.

Q. But you do recall that you were notified that you were subject to a litigation hold?

A. Mm-hmm. Yes.

Q. As a result of that, what did you do?

A. As a result of --

Q. Being notified that you were subject to a litigation hold.

A. I signed a piece of paper.

Q. Do you recall when that was?

A. No.

Q. And when you signed that paperwork, what did you understand you were signing?

A. I don't recall right now.

Q. Did you recall or do you recall whether you had any obligations as a result of that litigation hold notice?

A. I don't recall right now.

Q. Do you recall having any

total if there was more than one.

Q. When did you last reset that phone?

A. I don't know the exact date.

Q. Was it in the last year?

A. I don't really know.

Q. Did you do it yourself or did SiteOne IT assist?

A. SiteOne IT assisted.

Q. Would there be records that reflect when that phone was reset?

A. I don't know, but I'm sure, yes.

Q. Let's talk about the circumstances surrounding that phone being reset.

You don't recall when it was, right?

A. No.

Q. Do you know why it was reset?

A. Yes.

Q. Tell me why.

A. Forgive me, I don't -- I don't know the exact verbiage. But it was a two-factor authentication that we need to do to get logged in to certain e-mails or systems for SiteOne, and that wasn't working properly. So I called IT to get that fixed, and we went through a

number of options. And in the end, I had to factory reset the phone.

Q. Do you recall, when that phone was reset, had you received a litigation hold notice?

A. Say that again?

Q. Do you recall, when that phone was reset, had you received a litigation hold notice?

A. Yes.

Q. Did IT know that you had a litigation hold notice?

A. Well, when you say that, I'm sorry, at the time of resetting, I didn't remember that there was a litigation hold notice.

Q. Prior to resetting the phone, were you having problems with text messaging?

A. No.

Q. Were you having problems with e-mail?

A. No.

Q. Were you having problems with any of the other apps on the phone?

A. Not that I recall, no.

KEVIN PEATTIE

Q. So I want to ask you a few questions about SiteOne's IT department in relation to resetting your phone.

A. Yup.

Q. Who did you speak to in IT about the phone?

A. I don't remember that.

Q. Do you know who was in the IT department at that time?

A. No.

Q. How would you get in touch with IT at the time that your phone was reset?

A. Just called the help desk phone number.

Q. Do you know whether they create tickets for problem solving and the like?

A. Yes.

Q. Do you know that something like that was done in your case?

A. I'm not 100 percent positive. But I'm sure that there was a ticket created, yes.

Q. Where would that information be? Where would I find something like that?

A. I'm not sure.

KEVIN PEATTIE

A. Yes.

Q. Did the phone sync to the laptop?

A. No.

Q. So e-mails on the phone would not be on the laptop?

A. Oh, they would be, yes. Yeah.

Q. Would text messaging on the phone be on the laptop?

A. No.

Q. Do you know what type of laptop you had?

A. No.

Q. Did you have --

A. Go ahead.

Q. You can continue your answer if --

A. No, I'm good.

Q. Do you know what type of laptop it was?

A. A Dell. That's all I know.

Q. Do you have that laptop today?

A. Yes.

Q. Do you recall, when you were working with IT to reset the phone, was there any discussion about backing up the data on your

phone?

A. I don't recall.

Q. Have you ever backed up the data on your phone?

A. I don't believe so, no.

Q. Do you know whether SiteOne has a policy on backing up data?

A. I don't know.

Q. Sir, you mentioned tracking capabilities on the phone; exactly what are you talking about?

A. We -- we send delivery trucks out. Just to see where our trucks are.

Q. Do you know what that software or that application is?

A. Geotab.

Q. And that allows you to track the location of the truck?

A. Correct.

Q. Do you know whether SiteOne has, on the phones, an application to allow you to track the phone?

A. I'm not sure.

Q. Do you know whether SiteOne has

applications on the phone that allow you to remotely access the data on the phone?

A. I'm not sure.

Q. Do you know whether SiteOne has any requirements for backing up data today?

A. That, I don't know.

Q. Is it fair to say no one's ever talked to you about any requirement to back up data periodically?

A. Correct. Yeah.

MR. CUMMINGS: Can we have this marked A, please.

(Letter was marked as Defendants' Exhibit A for identification, as of this date.)

MR. CUMMINGS: Sir, you've been handed what's been marked as Defendants' Exhibit A for identification. I ask you to please review that document.

(At this time, the witness perused the aforementioned item.)

Q. Do you recognize it?

A. Recognize what?

KEVIN PEATTIE

Q. Do you recall the name of that person?

A. No.

Q. How about the company?

A. I don't. I don't remember.

Q. Do you recall having any conversations with anyone from SiteOne IT about the litigation hold?

A. No.

Q. So let me ask you about your personal phone that you had at the time you were requested to surrender your SiteOne phone.

Is it accurate that you had a personal phone?

A. Yes.

Q. Did you use that phone for business in any way?

A. Yes.

Q. Were you asked to surrender that phone?

A. Yes.

Q. Did you comply?

A. Yes.

Q. And was that after you initially

KEVIN PEATTIE

Q. Do you know the names of anyone in the IT department at SiteOne as of today?

A. No.

Q. Do you recall the last conversation you had with someone from IT at SiteOne?

A. No.

Q. For the time period before the reset on your SiteOne telephone, iPhone, do you believe from the time that you received that phone from SiteOne to the time that there was a factory reset, were there any business e-mails that concerned Dominick Caroleo?

A. Yeah, I'm not positive on that.

Q. Any text messages?

A. I'm not positive.

Q. Same question for Victor Caroleo.

A. Same answer, I'm not sure.

Q. And the same for Nicholas Giordano.

A. Also, I'm not sure.

Q. Now, I want to ask you a clarifying question. And I don't want an objection of asked and answered, so I want to be careful about how I ask this.

Did you say no one spoke to you

KEVIN PEATTIE

about what data retention meant or you have no recollection?

A. I have no recollection.

Q. That anyone spoke to you about that?

A. Correct.

Q. And you have no recollection whether you had a conversation with anyone from IT before the phone reset about the retention hold?

A. Say it again.

Q. Do you have any recollection of speaking to anyone in IT about the litigation hold before the phone was reset?

A. No.

Q. Do you have any recollection of anyone explaining or discussing with you the consequences of violating the litigation hold?

A. No.

MR. CUMMINGS: I think that's it. Just give me like five minutes to reflect.

MR. GIBBS: Yeah, and I'll have just like a couple of clean-up questions. So we'll take a short break.

A C K N O W L E D G E M E N T

STATE OF NEW YORK) :SS
COUNTY OF _____________)

I, KEVIN PEATTIE, hereby certify that I have read the transcript of my testimony taken under oath in my DEPOSITION of October 21, 2025; that the transcript is a true, complete and correct record of my testimony, except as noted in the Errata Sheet, and that the answers on the record as given by me are true and correct.

______________________________
KEVIN PEATTIE

Subscribed and sworn to before me
this _______ day of __________, 20___.

______________________________
NOTARY PUBLIC

# I N D E X

## EXAMINATION OF KEVIN PEATTIE


| EXAMINATION BY | PAGE |
| --- | --- |
| MR. CUMMINGS | 4, 53 |
| MR. GIBBS | 52 |


## DEFENDANTS' EXHIBITS

(Exhibits retained by Mr. Cummings.)


| DESCRIPTION | | PAGE |
| --- | --- | --- |
| A | Letter | 21 |
| B | Text Messages | 35 |
| C | Text Messages | 39 |
| D | E-mails | 41 |
| E | Policy | 30 |


## INFORMATION / DOCUMENT REQUESTS


| DESCRIPTION | PAGE |
| --- | --- |
| Forensic Examinations | 55 |

C E R T I F I C A T E

STATE OF NEW YORK)

:SS

COUNTY OF NASSAU)

I, Elbia Brumit, a Notary Public within and for the State of New York, do hereby certify:

That the witness whose examination is hereinbefore set forth was duly sworn and that such an examination is a true record of the testimony given by such witness.

I further certify that I am not related to any of these parties to this action by blood or marriage, and that I am not in any way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand on this 22nd day of October, 2025.

ELBIA BRUMIT

ERRATA SHEET FOR THE TRANSCRIPT OF:
Case Name: SITEONE LANDSCAPE SUPPLY, LLC v. NICHOLAS GIORDANO, et al.
Deposition Date: October 21, 2025
Witness: KEVIN PEATTIE
Place: 90 Merrick Avenue, East Meadow, New York

CORRECTIONS

| PG | LN | NOW READS | SHOULD READ | REASON |
|---|---|---|---|---|
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |

______________________________

KEVIN PEATTIE

Subscribed and sworn to before me

this ____ day of _______, 20___.

____________________________

(NOTARY PUBLIC)