# EXHIBIT C

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

Case No.:
2:23-CV-02084(GRB)(SIL)

-against-

NICHOLAS GIORDANO, et al.,

Defendants.

-----------------------------------------X

90 Merrick Avenue
East Meadow, New York

October 20, 2025
9:36 p.m.

DEPOSITION of SITEONE LANDSCAPE SUPPLY, LLC, the Plaintiff herein, through GERARD PASSARO, taken by the Defendants, pursuant to Order, held at the above-mentioned time and place, before MICHAEL CARDELLO III, ESQ., special Master, and Elbia Brumit, a shorthand reporter and Notary Public of the State of New York.

LH REPORTING SERVICES, INC.
50 Glen Street, Suite 316
Glen Cove, New York 11542
(718)526-7100

A P P E A R A N C E S:

TROUTMAN PEPPER HAMILTON SANDERS, LLP
Attorneys for Plaintiff
600 Peachtree Street, NE
Atlanta, Georgia 30208
BY: EVAN GIBBS, ESQ.
File No.: n/a
E-mail: evan.gibbs@troutman.com
Phone: 404-885-3093

LAW OFFICES OF THOMAS A. BIZZARO, JR., P.C.
Co-Counsel for Defendants
133C New York Avenue
Huntington, New York 11743
BY: THOMAS A. BIZZARO, JR., ESQ., via videoconference
File No.: n/a
E-mail: tbizzaro@tab-law.com
Phone: 631-510-0144

CERTILMAN BALIN ADLER & HYMAN, LLP
Co-Counsel for Defendants
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
BY: ANTHONY W. CUMMINGS, ESQ.
File No.: n/a
E-mail: acummings@certilmanbalin.com
Phone: 516-296-7062

ALSO PRESENT:

MICHAEL CARDELLO III, SPECIAL MASTER, via videoconference
mcardello@moritthock.com

S T I P U L A T I O N S

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties herein, that filing, sealing and certification, and the same are, hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections except as to the form of the question shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed and sworn to by an officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

GERARD PASSARO

Q. And you do not know what happened to that phone?

A. The physical phone itself, I had -- I know it was a very old phone. I mean, it was probably five years old. And I don't remember exactly what happened to it. I probably -- oh, I do actually remember now. I handed it in to SiteOne. I handed it in to SiteOne.

Q. Do you recall who you gave it to at SiteOne?

A. No, I don't. But I did -- I do remember handing it in right now.

Q. So today, as an employee of SiteOne, if you have a cell phone issue, who would you consult?

A. IT.

Q. And any particular person in IT?

A. No, no one in particular. It's just -- I would probably just send an e-mail to them. And they would respond.

Q. Since the time that you got your cell phone from SiteOne, have you had any problems with it?

A. Problems meaning --

Q. Have you had any connectivity issues?

A. No.

Q. Have you lost any data?

A. Not that I know of.

Q. Have you had to reset that phone?

A. Not that I can recall.

Q. Is there a practice and procedure for backing up data on that phone?

A. No.

Q. SiteOne has no policy or practice of backing up data?

MR. GIBBS: Objection. Asked and answered.

You can answer.

THE WITNESS: Answer?

MR. GIBBS: You can answer.

A. Yeah, no, there is no procedure that was ever gone over with me. Like an iCloud? Something like that, you mean?

Q. Correct.

A. No. Not that -- not that -- it's never been a procedure that's been told to me.

Q. Have you received any training on

data retention?

A. No.

Q. Are you familiar with the term litigation hold?

A. I've heard it. I'm not exactly -- exactly sure what it means, but I've heard it.

Q. Has anyone ever said to you that you are under a litigation hold or something similar?

A. The only time I -- is -- is a document that was sent to me by SiteOne and I believe it said something about litigation hold.

Q. Do you have any recollection of when that was?

A. The only -- no, I really don't have any recollection when that was.

Q. And as a result of getting that notification, what did you do?

A. What -- I -- I don't know. What did I do? I have no idea.

Q. Did the notification require that you do anything?

A. Oh, it just required that I sign it and keep any type of -- anything that's

pertinent to the case handy so it doesn't get lost, I guess. Pretty much.

Q. Did you do that?

A. As far as I -- as far as I know, yes, I did. There was a period of time that -- that there was some -- from April, when I got the phone, to -- I don't know when it was. It was the oldest messages on my phone.

So what I do on my work phone, my -- my personal phone, doesn't matter. I take the oldest message that I don't think I'm ever going to use, I usually delete them. You know, the oldest messages. I don't pick one and delete one, you know. It's just the oldest messages. Just to have multiple on the phone.

Q. So can you tell me, sir, from the time that you got the phone from SiteOne, how many times do you recall deleting the oldest messages and -- and --

A. I honestly don't recall doing it at all. But I'm told that I -- there has been some deleted. But I don't recall ever doing it. I recall only deleting pictures that I take, you know, from my day-to-day job that take up

storage that I don't need to have in there. Just -- and messages, you know. That's the only thing -- I don't recall ever deleting messages. I only recall deleting photos.

Q. So from the time that you got the litigation hold notice -- and did you say you acknowledged receiving?

A. Yes. So I was only reminded of this notice recently, up until a couple days ago. I have absolutely no recollection of even signing it, getting it, that it ever existed. I have absolutely no recollection of that at all.

But apparently, I -- I did see a copy of it, and it is my signature and I did sign it. And I still have no recollection of getting -- getting that.

Q. When did you see that document last?

A. A couple days ago.

Q. How was it that you reviewed that document?

A. It was sent to me on e-mail, and first thing I looked was my signature to make sure it was me. And yes, it was me. And then I read it.

GERARD PASSARO

about retention, how he got it, why didn't it appear, was it deleted somewhere, that's fine. But not on the substance of that.

MR. CUMMINGS: Thank you.

MR. CARDELLO: The objection is sustained.

MR. CUMMINGS: Sir, you can hand me that document back.

BY MR. CUMMINGS:

Q. Mr. Passaro, who is Moss Rock?

A. That's Nick. Also another nickname.

Q. Mr. Passaro, do you recall having any conversations with anyone from SiteOne about your responsibility under the litigation hold?

A. I don't recall having conversation with anyone.

MR. CUMMINGS: Can we have this marked J.

(Policy was marked as Defendants' Exhibit J for identification, as of this date.)

MR. CUMMINGS: Sir, you've been handed what's been marked as Exhibit J

was?

A. I would say 2025, for sure.

Q. It was after May 27, 2025?

A. I don't know that for sure. It could be. It might not be, though. I -- I don't really recall the exact date.

Q. Is there any record that might memorialize when that happened? Were you given a receipt? Were you given an e-mail? Anything to confirm the appointment, the meeting?

A. I don't recall. But I imagine possibly there might be something in my calendar to meet with the person who extracted the information. I'm not even sure that's in my Outlook calendar, but it might be.

Q. Do you believe among the text messages that you deleted prior to July 18, 2023, did any of them concern this litigation?

A. I have no idea.

Q. So do you currently still use the practice of deleting e-mails from your phone -- or -- excuse me, text messages from your phone?

A. Yes.

Q. How frequently do you do that?

A. Usually, if something is very, very old and there's no reason to keep it, I would just go in and either delete it or delete just the oldest.

So the reason I do that is usually because storage on my phone. So when I get a little message saying that my storage is getting full, I go to my oldest text messages and delete them. And I delete photos too because I know that takes up a lot of storage.

Q. When was the last time you deleted information off of your current phone?

A. The phone I have in my pocket now, my -- my personal phone?

Q. No, sir. Let's talk about your SiteOne phone.

A. Okay.

Q. Do you delete information from that phone?

A. Currently? Yes.

Q. When was the last time you deleted information?

A. Very recently. I could have -- I could have deleted something today. I don't

recall doing it. But I mean, I could have deleted like pictures. I go in and I do delete because they just take up space and there's not -- no need for them.

So I believe I deleted some pictures today. As I was in the car waiting to -- I got here a little early and I was just going through, trying to kill some time.

Q. Is there someone in the IT department that you would consult or ask questions about technology?

A. There's no one individual. It's just a general department. And whenever there's an issue with something like that, I usually just send an e-mail. And either they fix the problem or they go back and we work together to try and fix it.

Q. Do you know whether SiteOne backs up your phone automatically or otherwise?

A. I don't know one way or the other.

Q. Have you had a conversation with anyone in IT indicating that you run out of space and you have to delete things from the phone?

A C K N O W L E D G E M E N T

STATE OF NEW YORK) :SS

COUNTY OF _____________)

I, GERARD PASSARO, hereby certify that I have read the transcript of my testimony taken under oath in my DEPOSITION of October 20, 2025; that the transcript is a true, complete and correct record of my testimony, except as noted in the Errata Sheet, and that the answers on the record as given by me are true and correct.

______________________________

GERARD PASSARO

Subscribed and sworn to before me

this _______ day of _________, 20___.

______________________________

NOTARY PUBLIC

# I N D E X

## EXAMINATION OF GERARD PASSARO


| EXAMINATION BY | PAGE |
|---|---|
| MR. CUMMINGS | 5 |
| MR. GIBBS | 55 |


## DEFENDANTS' EXHIBITS

(Exhibits retained by Mr. Cummings.)


| DESCRIPTION | | PAGE |
|---|---|---|
| A | Letter | 22 |
| B | Text Messages | 24 |
| C | Message Report | 29 |
| G | Message Report | 30 |
| H | Photographs | 34 |
| I | Message Report | 47 |
| J | Policy | 36 |


## INFORMATION / DOCUMENT REQUESTS

| DESCRIPTION | PAGE |
|---|---|

(No information/documents requested.)

C E R T I F I C A T E

STATE OF NEW YORK)

:SS

COUNTY OF NASSAU)

I, Elbia Brumit, a Notary Public within and for the State of New York, do hereby certify:

That the witness whose examination is hereinbefore set forth was duly sworn and that such an examination is a true record of the testimony given by such witness.

I further certify that I am not related to any of these parties to this action by blood or marriage, and that I am not in any way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand on this 21st day of October, 2025.

ELBIA BRUMIT

ERRATA SHEET FOR THE TRANSCRIPT OF:
Case Name: SITEONE LANDSCAPE SUPPLY, LLC v.
NICHOLAS GIORDANO, et al.
Deposition Date: October 20, 2025
Witness: GERARD PASSARO
Place: 90 Merrick Avenue, East Meadow, New York

CORRECTIONS

| PG | LN | NOW READS | SHOULD READ | REASON |
|---|---|---|---|---|
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |
| __ | __ | ____________ | ____________ | ____________ |

______________________________

GERARD PASSARO

Subscribed and sworn to before me

this ____ day of _______, 20___.

____________________________

(NOTARY PUBLIC)