# EXHIBIT G

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S EMAIL ADDRESS
**manishasheth@quinnemanuel.com**

**<u>VIA E-MAIL</u>**

September 24, 2026

Michael C. Cardello III, Esq.
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, New York 11530

**RE**: <u>*SiteOne Landscape Supply, LLC v. Giordano et al.*, Case No. 2:23-cv-02084-GRB-SIL</u>

Dear Mr. Cardello:

We write on behalf of Defendants in the above-captioned action regarding the Report of Findings dated September 17, 2026 (the "Final Report") issued by LexPath Technologies Holdings, Inc. concerning Doug Black's Samsung Galaxy S9 (IMEI 353305095389447). Before the parties take positions on the Final Report or rely on it in motion practice, Defendants respectfully request that LexPath provide certain additional information and documents related to its findings, including: (1) the phone's power on / off capabilities when a battery is depleted; (2) whether the phone's data indicates its location during the March 7-11 period; (3) whether LexPath searched for deleted texts that were sent or received before January 2024; (4) transfer of the 430 text messages found on the phone for review and potential production; and (5) production of the reports listed on Exhibit B.

## I. <u>Background and Findings From the Final Report</u>

The Court's May 18, 2026 Order (the "May Order") directed LexPath to determine whether (1) any messages were deleted from Mr. Black's phone between January 1, 2024 and March 31, 2026, and (2) the phone was powered on—and, if so, where—during that same period. *See* Dkt. No. 287. LexPath reports its analysis with respect to each question, as described below.

**Power On History.** LexPath reports that the phone was in regular use from January 1 to February 1, 2024; briefly powered on twice more in March 2024; then showed no activity of any kind for about two years, from March 23, 2024 to March 13, 2026; but was used again, intermittently, from March 14 through March 30, 2026. According to the Final Report, in March 2024, the phone was powered on during two periods (a time when Mr. Black's phone was purportedly missing): from

March 7-11 and March 19-22. Each interval began with a boot and ended when the battery died, not with a user shutdown. The Final Report calls this pattern "consistent with a device connected to power at a fixed location, booting when charge was restored, and discharging without being carried, charged or actively used." Final Report ¶¶ 22, 34. It does not explain how a fully drained phone would power on by itself, or how a phone connected to a charger would run out of battery.

The Report places the phone at Mr. Black's home during the second interval, based on the "DBhome 5G" WiFi network, *see id.* ¶¶ 20–22, 34, but does not say where it was during the first.

**The Text-Message Deletion Analysis.** The May Order asked whether any messages were deleted "during the period from January 1, 2024 to March 31, 2026." Dkt. 287. The Final Report confirms that the phone's messaging database continues to hold 430 text messages, all dated between January 1–26, 2024. *See* Final Report ¶ 28. And with respect to deleted messages, the Final Report appears to suggest that LexPath only assessed whether message that were sent or received within between January 1, 2024 and March 31, 2026 were deleted. *See* Final Report ¶¶ 6, 30, 37. But it does not indicate whether any messages that were sent or received *prior to* January 2024 were deleted during the January 1, 2024 through March 31, 2026 period, or if LexPath ever conducted an analysis to answer that question.

## II. <u>Relief Requested</u>

In light of the Final Report's findings, Defendants respectfully request that LexPath be directed to provide the following information and records:

1. Please confirm whether it is possible for the Samsung model phone Mr. Black owned to become depleted of battery while still connected to a power source and/or phone charger.
2. Please confirm whether the device is capable of powering on and booting without use of the power button (regardless of whether or not it is connected to a power source) after it is depleted of battery.
3. Please confirm whether there is any data on the phone that would identify the network used or the phone's location during the March 7–11, 2024 interval.
4. Please confirm whether LexPath's deletion analysis assessed whether messages originally sent or received before January 1, 2024 (including from January 1, 2022 through January 1, 2024) were deleted between January 1, 2024 and March 31, 2026. If no, please confirm that LexPath will undertake such analysis.
5. Please extract the 430 text messages identified in the Final Report and provide them to Troutman Pepper Locke and/or Special Master Cardello, so that they can be reviewed for responsiveness to outstanding discovery requests and any responsive messages not yet produced can be produced.
6. Please produce all Exhibit B exports in native format, including the two RowID discontinuity outputs ("Time Range – messages_body_gaps.csv" and "Samsung missing_messages_content.csv"), the Cellebrite timeline export ("Locations and Messages within Date Range Report.xlsx"), and the Google Maps-related reports ("GEO Location –

Google Maps Searches.csv," "Google Maps Voice Guidance.csv," and "Google Maps Voice Guidance (Temp).csv").

* * *

We appreciate your continued attention to this matter and are available at your convenience to discuss.

Respectfully submitted,

Manisha M. Sheth

cc: All counsel via Electronic Mail