Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** ***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(2:23-CV-02084)**
**SiteOne's Opposition to Defendants' Motion to Compel Withdrawal of SiteOne's Spoliation Motion**

Dear Judge Locke:

We write on behalf of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") in opposition to Defendants' October 9, 2026 letter motion (the "Motion") which requests the Court direct SiteOne to withdraw its spoliation motion on notice and instead proceed by letter motion. [ECF 305.] The Motion should be denied. It is gamesmanship in the extreme: Defendants ask the Court to penalize SiteOne for following the Court's rules, and to do so for one transparent purpose—to strip SiteOne of the ability to fully present the evidence of Defendants' spoliation.

**Defendants' Letter Motion Is Pure Gamesmanship**

Defendants do not—and cannot—identify any genuine procedural defect. They do not claim that they were not timely served with SiteOne's notice of motion, memorandum of law, declaration, and exhibits by the October 8 deadline. They do not claim any prejudice. They do not claim confusion about what SiteOne is seeking. Instead, having received SiteOne's complete motion papers on time, Defendants now ask the Court to throw those papers out. This is not a procedural concern; it is a tactical maneuver designed to impede SiteOne from pursuing legitimate relief for Defendants' destruction of evidence. Notably, Defendants' Motion says nothing about the substance of SiteOne's motion, "reserv[ing] all rights to oppose the motion on the merits." [ECF 305 at 2.] Their aim is obvious: if Defendants cannot defend their conduct on the merits, they would prefer that the Court never see the full record of it.

**SiteOne's Motion on Notice Strictly Complied with the Bundle Rule**

Defendants' argument collapses under the plain text of Your Honor's Individual Motion Practices (the "Rules"). The Rules expressly authorize discovery motions to be made on notice: although parties are "encouraged" to proceed by letter, "such motions may be made on notice pursuant to Local Civil Rule 6.1 and must comply with paragraph 4(C)." Rule 4(A)(ii). Paragraph 4(C), in turn, imposes the "Bundle Rule": "no motion papers shall be filed with the Court until the motion is fully briefed by both sides and exchanges of all papers have been made." Rule 4(C)(ii). The Rules provide that certain motions are excepted from the Bundle Rule; motions for sanctions based on spoliation of evidence is not one such motion. Rule 4(C)(vi). Defendants concede as much. [ECF 305 at 1 n.1 ("There are a few exceptions to Rule 4(C)(ii), none of which apply here.").]

SiteOne did exactly what the Rules require. By the Court's October 8 deadline [ECF 298], SiteOne served its notice of motion, memorandum of law, declaration, and exhibits on Defendants, and it advised the Court on the docket that "[a]ll papers will be filed . . . once the motion is fully

briefed." [ECF 303.] Had SiteOne instead filed its motion papers on October 8, it would have violated Rule 4(C)(ii). Defendants' position thus reduces to the remarkable proposition that SiteOne should be punished for *not* violating the Court's Rules. The provision in the Court's scheduling order for October 8, 2026 to be the "[d]eadline for filing discovery-related motions (including those related to spoliation)" obviously set a deadline for discovery-related motions; it did not silently repeal the Bundle Rule or eliminate SiteOne's right under Rule 4(A)(ii) to proceed on notice.

Defendants' reading of the Rules also leads to an absurd result. Because the Bundle Rule bars filing until a motion is "fully briefed by both sides," Rule 4(C)(ii), Defendants' position means that SiteOne would have been required to serve its motion *weeks* before the October 8 deadline, so that Defendants' opposition and SiteOne's reply could be completed in time to file the full bundle by that date. In effect, Defendants would convert the Court's October 8 filing deadline into an unwritten, far earlier service deadline, one that appears nowhere in the Court's scheduling order or the Rules. That cannot be what the Court intended when it set October 8 as the "[d]eadline for filing discovery-related motions." [ECF 298.]

**Defendants Mischaracterize SiteOne's Footnote**

Defendants' only remaining argument is that the footnote in SiteOne's letter confirming service of its moving papers [ECF 303] "acknowledges the problem." [ECF 305.] It does no such thing. SiteOne included that footnote, offering to file its papers immediately "[t]o the extent the Court reads" the scheduling order to require it, for one reason: Defendants had inexplicably signaled that they intended to oppose SiteOne's motion as untimely. [Ex. 1.] Anticipating precisely the type of manufactured objection Defendants now raise, SiteOne wanted to confirm with the Court that it stood ready to comply with whatever filing procedure the Court preferred. That is diligence, not a concession. Nothing in the footnote states or suggests that a letter motion is required or that a motion on notice was improper, and Defendants cannot turn SiteOne's good-faith effort to avoid a needless dispute into a waiver of SiteOne's express right under Rule 4(A)(ii) to proceed on notice. Defendants' attempt to weaponize that footnote only confirms the gamesmanship underlying their Motion.

**Forcing SiteOne to Proceed by Letter Motion Would Be Highly Prejudicial**

SiteOne's spoliation motion is not a routine discovery dispute. It arises from serious and deliberate misconduct by Defendants, and SiteOne has expended substantial time, effort, and expense, including through document retention depositions, subpoena practice, and device collection and searches, to uncover the full scope of Defendants' bad acts. Compressing SiteOne's claims and evidence of spoliation by three separate named Defendants into letter motions not to exceed three single-spaced pages[1] is wholly inadequate to address the scope of the issues presented, and would deprive the Court of the complete record it needs to determine the appropriate sanctions given the severity of Defendants conduct. Defendants, who have already received

[1] Should the Court nonetheless direct SiteOne to proceed by letter motion, SiteOne will file three separate letter motions, one against each individual Defendant, Don, Vic, and Nick. Each Defendant engaged in distinct intentional acts of spoliation, which cannot be adequately addressed in a single three-page submission. As such, proceeding by way of letter motion would not lead to further judicial economy but instead multiply the filings before the Court, while denying the Court a cohesive presentation of the record.

SiteOne's full motion papers, would suffer no prejudice whatsoever if the motion proceeds as served. SiteOne, by contrast, would be severely prejudiced if it were forced to abandon a fully developed motion in favor of truncated letter motions.

SiteOne respectfully requests that the Court deny Defendants' Motion in its entirety and permit SiteOne's spoliation motion on notice to proceed under the Bundle Rule as served.

Respectfully submitted,

J. Evan Gibbs III