Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

Magistrate Judge Steven Locke
Eastern District Court New York

**Re:** ***SiteOne Landscape Supply, LLC v. Giordano, et al.*** **(2:23-CV-02084)**
**SiteOne's Opposition to Defendants' Motion for Sanctions Under Rule 37(e)(2)**

Dear Judge Locke:

We write on behalf of Plaintiff SiteOne Landscape Supply, LLC ("SiteOne") in response to Defendants' letter motion for an adverse inference and sanctions under Fed. R. Civ. P. 37(e)(2) (the "Motion") filed on October 8, 2026. [ECF 304.] The Motion should be denied for two reasons. First, "sanctions are not warranted unless there is proof that some *information of significance* has actually been lost" and Defendants fail to explain how the text messages of Kevin Peattie, Phil Sausto, or Gerard Passaro bear on any claim or defense in a case that is about ***Defendants' conduct***.[1] *In re Keurig Antitrust Litig.*, 341 F.R.D. 474, 497 (S.D.N.Y. 2022) (emphasis added). Second, Defendants identify no evidence, direct or circumstantial, that SiteOne acted with the "intent to deprive" that Rule 37(e)(2) requires.

## I. Defendants Have Not Shown Relevance or Prejudice.

Rule 37(e)(1) permits the imposition of sanctions only upon a finding of "prejudice to another party from loss of the information," and "[a]n evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." *Leidig v. Buzzfeed, Inc.*, 2017 WL 6512353, at *12 (S.D.N.Y. Dec. 19, 2017) (imposing limited sanctions under Rule 37(e)(1) where defendant demonstrated how the missing information would have helped it establish information relevant to the claims and defenses in the action).

The moving party must identify with specificity the materials it contends would have aided its claims. Conjecture does not establish relevance, and relevance cannot be inferred merely because some evidence once held by key witnesses is no longer available. *In re Keurig*, 341 F.R.D. at 497 (citation omitted). Rather, while the movant may rely on circumstantial evidence that gives rise to an inference the spoliated evidence would help the movant's case, *AT&T Enters., LLC v. Atos IT Sols. & Servs., Inc.*, 2026 WL 1090227, at *30 (S.D.N.Y. Apr. 22, 2026), the movant bears the burden of "articulating what that evidence is with some degree of factual detail." *In re Keurig*, 341 F.R.D. at 497 (citation omitted). Further, the movant must show that the "lost information was not only probative, but that it would *affirmatively* support the movant's claim." *Id.* (citation omitted) (emphasis added). Defendants themselves rely on *Richard Green v. McClendon*, in which the court denied the imposition of adverse inferences where there was no evidence that "any destroyed documents would have been unfavorable" to defendant. 262 F.R.D. 284, 291 (S.D.N.Y.

[1] Defendants assert, without any support, that SiteOne's "failures began at the top," because SiteOne's CEO Doug Black lost his cellphone – even though it was later recovered and SiteOne searched for and produced all responsive messages. [ECF 285-5]. It is telling that Defendants make this assertion, yet do not move for sanctions as to Mr. Black. His phone underwent extensive forensic analysis, the results of which demonstrate that Defendants' witch hunt was baseless; Mr. Black did not use his cellphone after January 26, 2024, the date it was lost. [ECF 304-5.]

2009). There, the court explicitly found that "without some proof that the [spoliating party's] actions created an unfair evidentiary imbalance, an adverse inference is not appropriate." *Id.*[2] Defendants' motion is devoid of any explanation as to how or what information on Peattie, Sausto, or Passaro's cellphones would support the claims or defenses in this action.

Defendants offer only that Peattie's phone "no doubt" held relevant communications, that Sausto's missing texts "include" communications about Defendants' new property, and that Passaro's "follow" Giordano's termination. [ECF 304 at 1, 3.] Nowhere in the Motion, its exhibits, or at ***any point*** in this case, do Defendants say what the texts would show or how they would be relevant to the claims and defenses in this action. This is plainly insufficient to establish prejudice under Rule 37(e)(1). *Compare AT&T Enters.*, 2026 WL 1090227, at *27 (denying motion for sanctions where movant "failed to establish prejudice from the loss of this information because it is purely speculative that the lost data would support its defense") *with Moody v. CSX Transportation, Inc.*, 271 F. Supp. 3d 410, 430 (W.D.N.Y. 2017) (finding that moving party established prejudice by making "plausible, concrete suggestions as to what [the destroyed] evidence might have been" where defendants acknowledged the data would have "conclusively determined" a key element of the case and as such, was "critical"). Defendants do not, and cannot, demonstrate that they have been prejudiced by the loss of information, as they have failed entirely to explain how any information from these witnesses would bear on the issues in this action.

Indeed, Defendants' motion is entirely conclusory. They contend that "*relevant* communications are forever lost," [ECF 304 at 1] (emphasis added), but fall flat in their revealingly brief attempt to articulate that "relevan[ce]." They rely heavily on the temporal, contending that the missing texts were "during a period of time central to the case," *id.* at 3, and that the messages included the subject of Defendants' "new property and [ ] reports of Garden Dept. activity," *id.*, but fail to articulate precisely what, if any, relevant questions the missing texts would help the finder of fact resolve, much less articulate how Defendants are prejudiced by their absence. Since, as mentioned above, this case is exclusively about Defendants' conduct rather than Plaintiff's conduct, Defendants would find this burden impossible to articulate even were they writing on blank slate. That they are not—and that this Court has repeatedly found, as a matter of the law of this case, that Plaintiff's motivations are irrelevant—makes Defendants' failure all the more fatal to their latest motion. It should be recognized for what Defendants candidly admit it is: an attempt to show that "SiteOne does not have clean hands here." [ECF 304 at 3.] It is reflexive rather than relevant. However, if the Court nevertheless finds any prejudice, any remedy must be "no greater than necessary to cure the prejudice" and must not "have the effect of measures that are permitted under subdivision (e)(2)." *Leidig*, 2017 WL 6512353, at *13. Defendants' request to "argue the resulting inferences, with an appropriate instruction," [ECF 304 at 3], is entirely inappropriate.

## II. Defendants Cannot Show an Intent to Deprive as Required Under Rule 37(e)(2).

Rule 37(e)(2) permits an adverse inference "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." *Hoffer*, 128 F.4th at 438

[2] Further, *Richard Green* was decided well before the 2015 Amendments to Rule 37(e). The same is true for *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 201 (S.D.N.Y. 2007), which Defendants rely upon. There, the court implemented adverse inferences for spoliation of evidence where the spoliating party was "grossly negligent." The "gross negligence" standard for the imposition of adverse inferences under Rule 37(e)(2) has been explicitly rejected. *See Hoffer v. Tellone*, 128 F.4th 433, 438 (2d Cir. 2025).

(citation omitted). Intent to deprive may be found where evidence once existed that "could fairly be supposed to have been material to the proof or defense of a claim at issue in the case" and "the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator." *Moody*, 271 F. Supp. 3d at 431. The 2015 Advisory Committee Note to Rule 37 rejects cases permitting adverse inferences on a finding of negligence, because "negligent—or even grossly negligent—behavior does not logically support that inference." *Hoffer*, 128 F.4th at 438. Accordingly, "[a] party's acting negligently or knowingly will not suffice." *Id*. In *Hoffer*, the Second Circuit affirmed denial of a request for an adverse inference instruction where the district court did not find "*any* direct or circumstantial evidence that the [allegedly spoliating party] had the requisite intent to warrant an adverse inference instruction under Rule 37([e])(2)." *Id*. at 442. Defendants fall far short of demonstrating the intent to deprive.

Courts routinely refuse to impose sanctions under Rule 37(e)(2) where the movant fails to establish that any evidence was spoliated "out of the desire to deprive [movant] of such evidence during the litigation." *Leidig*, 2017 WL 6512353, at *11; *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2019 WL 6838672, at *6 (S.D.N.Y. Dec. 16, 2019) (declining to impose sanctions under rule 37(e)(2) and explaining that if the failure "to take reasonable steps to preserve [ ] ESI was found sufficient to also award sanctions under Rule 37(e)(2), that would render meaningless the separate 'intent to deprive' requirement."). Here, Defendants have not shown that the text messages were lost out of the desire to deprive them of such messages in this litigation. Peattie did not even work at the legacy Garden Department locations until after Don, Nick and Vic had left SiteOne. [SiteOne Mar. 4, 2026 Dep., Ex. 1, at 255:11–18.] Passaro was a sales employee and Sausto was a branch manager; they similarly had no decision-making authority over Don, Nick, or Vic. [Ex. 1, at 84:14–17, 84:24–85:3.] It is thus unclear how any of their lost messages would be material to any claim or defense. Peattie, Passaro, and Sausto's conduct was, at worst, negligent. It is not bad faith required for the imposition of sanctions under Rule 37(e)(2).[3]

Accordingly, Defendants cannot show that SiteOne acted with the intent to deprive necessary for the imposition of sanctions under Rule 37(e)(2).[4] SiteOne respectfully requests that the Court deny the Motion in its entirety, including Defendants' alternative requests for relief under Rule 37(e)(1) and for fees and costs.

Respectfully submitted,

J. Evan Gibbs III

---

[3] SiteOne also took reasonable steps to preserve information. SiteOne sued on March 17, 2023, and by April 2023, each of the three custodians received a written litigation hold and signed an acknowledgment of receipt. [ECF 285-1 at 3.]. "Unlike cases in which courts have found intent where a party did not issue a litigation hold at all" SiteOne "cast a wide net in timely issuing litigation holds." *In re Keurig*, 341 F.R.D. at 521. In *In re Keurig*, the party cast a wide net in timely issuing litigation holds but "sloppily implemented" them "by not following up with certain of its custodians sooner." *Id*. The court explicitly held that this "constitutes negligence, not an intent to deprive." *Id*.

[4] If, however, this Court finds an intent to deprive, the "remedy should fit the wrong" and the "severe" measures authorized by Rule 37(e)(2) "should not be used when the information lost was relativity unimportant" or when "lesser measures such as those specified" in Rule 37(e)(1) would sufficiently redress the loss. Fed. R. Civ. P. 37(e)(2) advisory committee note to 2015 amendment. This is in stark contrast to SiteOne's motion for sanctions against Defendants, given the egregiousness of their conduct, the fact that they are the named Defendants in this action, and the evidence that Defendants' lost communications bear directly on SiteOne's claims against them.