quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

**VIA ECF**
October 13, 2026

The Honorable Steven I. Locke
U.S. Magistrate Judge, E.D.N.Y.

**RE**: *SiteOne Landscape Supply, LLC v. Giordano et al.*, Case No. 2:23-cv-02084-GRB-SIL

Dear Magistrate Judge Locke:

Defendants respectfully submit this opposition to SiteOne's motion to compel. *See* ECF 302. SiteOne's three post-deposition demands are overly broad, unduly burdensome, and seek documents irrelevant to this litigation. The pursuit of these requests is a fishing expedition embarked on in the hope that SiteOne will uncover proof of its claims at the eleventh hour that it could not in the three years of litigation to date.[1] This Court should deny SiteOne's motion.

Discovery must be relevant and "proportional to the needs of the case," and the Court must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i). SiteOne has failed to establish the relevance of its requests, let alone that they are proportional. *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013). SiteOne's demands seek: (1) seven years of complete bank records from non-party Oneway Road, LLC; (2) the same from non-party Don Caroleo Ventures, LLC ("DCV"); and (3) "all financial records" of Don Caroleo, Vic Caroleo, and every entity they own or control relating to the purchase of the Middle Island and Horseblock Road properties. ECF 302-1 at 2, 8. SiteOne claims these records are necessary to identify the particulars of a series of loans made by Don Caroleo to his father, Vic, including "who received the funds, how they were applied, or whether any of the money was ever repaid." ECF 302 at 3. But SiteOne *already* has in its possession the information it seeks. Defendants produced documents reflecting the dates, sources, amounts, and recipients of Don Caroleo's loans. *See infra* Section I. Don and Vic both testified that Don loaned Vic the money used to purchase both properties. What remains are SiteOne's requests for complete bank records from two non-party entities that SiteOne has not demonstrated are relevant. As to DCV, SiteOne acknowledges that it seeks these documents to learn where its rent payments to Narrow Way went after they were transferred to DCV, an entity it claims Vic controls. ECF 302 at 2. But this Court has already held that "whatever Vic did with [the money] subsequent in terms of his business or otherwise is not relevant to the case." Oct. 15, 2024 Hr'g Tr. (ECF 180) ("Oct. 2024 Tr.") 65:5–66:1, 67:2–14, 84:2–9.

---

[1] SiteOne's charge that Defendants were "sitting on" the demands, ECF 302 at 1, is false. Defendants informed the Court that they intended to object to SiteOne's requests at the parties' May 18, 2026 hearing, and Defendants served their responses and objections and made their production within the time frame ordered by the Court. *See* ECF 298 (Court order setting schedule); ECF 302-2 (Defendants' production cover letter).

## I. DEFENDANTS PRODUCED DOCUMENTS RESPONSIVE TO DEMAND 3

Demand 3 seeks "[a]ll financial records of Don and Vic (and any entity that Defendants Don and/or Vic Caroleo own or control) reflecting" (1) "[t]he receipt and payment of all monies relating to the purchase of the Horseblock Road property," and (2) "[t]he receipt and payment of all monies relating to the purchase of the Middle Island property." On September 28, 2026, Defendants produced Morgan Stanley wire confirmations for Don's (i) March 24, 2022 transfer of $165,000 to Webster Bank N.A. for the benefit of Harras Bloom Archer LLP, (ii) July 7, 2022 transfer of $1.67 million to Manufacturers & Traders Trust Co. for the benefit of Oneway Road LLC, and (iii) January 4, 2023 transfer of $935,049.75 to Dime Community Bank for the benefit of Johannesen and Johannesen PLLC. These amounts correspond to the amounts Vic testified he paid for the Horseblock Road and Middle Island properties: (i) a $165,000 down payment for Horseblock Road, ECF 302-3 ("Vic Tr.") 298:3–13, (ii) a $1.6 million closing payment for Horseblock Road, *id.* 281:8–10, and (iii) a $900-950,000 closing payment for Middle Island, *id.* 92:22–24, 157:22–158:4. Defendants have also testified that Don loaned Vic this money. *See* ECF 302-4 ("Don Tr.") 200:8–202:10, 299:25–301:5; Vic Tr. 282:23–284:2, 297:2–298:7.

Nevertheless, SiteOne moves to compel "all financial records" of Don and Vic, and every entity either of them owns or controls, unlimited by account or date, ECF 302-1 at 2, contending that the requested records go to "Don's involvement and the true nature of these transfers," ECF 302 at 3. But Don already identified his involvement under oath: giving a loan to Vic to fund both purchases. And his involvement is confirmed by the records produced. Additional records would be duplicative and cumulative, and SiteOne has failed to explain why *all* financial records are necessary. Fed. R. Civ. P. 26(b)(2)(C)(i).

## II. BANK RECORDS OF ONEWAY ROAD (DEMAND 1) ARE NOT RELEVANT

Demand 1 seeks "[t]he complete bank records from 2019-the present for Oneway Road, LLC." ECF 302-1 at 2. SiteOne's sole basis for Demand 1 is a single transaction: Don's July 7, 2022 wire to Manufacturers & Traders Trust Co. for the benefit of "Oneway Road LLC." Oneway Road is not a party to the litigation. A demand for every deposit, withdrawal, and payment a non-party made over seven years, untethered to Horseblock Road or any of SiteOne's claims, is overly broad on its face. SiteOne's rhetoric that Oneway Road was a "conduit for hiding $1.67 million of Defendants' money," ECF 302 at 1, cannot fill that gap. The record shows a disclosed wire of $1.67 million from Don's account, made after he emailed his banker for wire instructions, to fund a closing whose statement SiteOne already holds. Don Tr. 281:2–11; Vic Tr. 297:2–25. This accords with Defendants' testimony about Don's $1.6 million loan to Vic to fund the purchase of Horseblock Road. *See* Don Tr. 200:8–202:10, 299:25–301:5; Vic Tr. 282:23–284:2, 297:2–298:7.

SiteOne's attempt to obtain information "about what Oneway Road is, who controls it, or where the money went next," ECF 302 at 1, bears no relevance to the claims and defenses in this action. Indeed, Don testified that he did not remember what Oneway Road was or who formed it. Don Tr. 281:12–13, 284:16–23. SiteOne points to no evidence that any Defendant owns or controls it. Oneway Road's connection to this case begins and ends with one wire that has already been produced, and SiteOne has not established otherwise.

## III. THE COURT ALREADY REJECTED SITEONE'S DEMAND 2

Demand 2 seeks "[t]he complete bank records from 2019-the present for Don Caroleo Ventures, LLC." ECF 302-1 at 2. SiteOne moved to compel a similar set of documents in October 2024: (i) "documents sufficient to show all financial transactions between Don Caroleo Ventures LLC and any named Defendant in this lawsuit from January 1, 2019 to the present"; (ii) "all documents and correspondence relating to the relationship between Don Caroleo Ventures LLC and any Defendant in this lawsuit"; and (iii) "all documents and correspondence related to Don Caroleo Ventures LLC's involvement with running, financing, leasing, operating, providing land for, and/or owning a landscape supply business." ECF 171-1 at 8. During the parties' October 15, 2024 hearing, the Court rejected SiteOne's argument that the records were relevant to show where rental payments it made to Narrow Way went after they purportedly reached DCV, owned by Vic. Specifically, the Court held: once money reaches Vic, "whatever Vic did with it subsequent in terms of his business or otherwise is not relevant to the case." Oct. 2024 Tr. 84:2–9. The Court further stated, "I don't see how … these are relevant," prompting SiteOne to withdraw them. *Id.* 105:8–106:12. The Court allowed SiteOne to later make a "specific request" only if "a more crystalized reason" arose. *Id.*

SiteOne claims it now has that "more crystalized reason." Not so.[2] *First*, it argues that "[w]ithout DCV's complete financial records, SiteOne cannot determine whether DCV is making payments to Defendants, or to other entities in which Defendants hold an ownership or control interest …." ECF 302 at 2. That justification—to ascertain what Vic did with the funds—is precisely the one the Court previously rejected. *See* Oct. 2024 Tr. 84:2–9, 105:8–106:12. Indeed, at the parties' October 8 meet and confer, when counsel for Defendants inquired whether SiteOne had any justification for Demand 2 beyond the one the Court had already rejected, SiteOne identified none. *Second*, SiteOne argues the records are necessary because Don Caroleo received $8,000 each month from DCV but "Defendants' witnesses could not [] agree on why." ECF 302 at 2. But the bank records showing those transfers will not reveal their purpose. In any event, the testimony from Don, Vic, and Narrow Way consistently represents that the $8,000 is a monthly payment made to reimburse Don for his interest-free loan to Vic to pay off the note on the Dix Hills property. *See* Don Tr. 161:9–163:7, 164:8–165:8; ECF 302-6 33:18–35:3; Vic Tr. 293:2–13.

For these reasons, SiteOne's motion to compel should be denied in its entirety.

Respectfully submitted,

Manisha M. Sheth

Cc: All counsel of record (via ECF)

---

[2] This demand for every deposit, withdrawal, and payment a non-party made over seven years, untethered to Horseblock Road, Middle Island, or any of SiteOne's claims, is also overbroad on its face.