# EXHIBIT 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

-against-

NICHOLAS GIORDANO, DOMINICK CAROLEO, VICTOR CAROLEO, NARROW WAY REALTY, LTD., NARROW WAY 2 LLC, THE GARDEN DEPT. CORP., GROUP 5 ASSOCIATES, LTD., 3670 ROUTE 112 LLC, 9 4TH ST. LLC, SCAPES SUPPLY, LLC, NEWAY MANAGEMENT, LLC, AND NEWAY TRUCKING,

Defendants.

---------------------------------------------------------X

Civil Action No. 2:23-cv-02084-GRB-SIL

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VICTOR CAROLEO**

Defendant, Victor Caroleo ("Vic" or "Defendant"), by and through his attorneys, Rivkin Radler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Eastern District of New York's Local Rules of Civil Procedure, submits the following amended responses and objections to Plaintiff's first set of interrogatories to Defendant Victor Caroleo, dated April 25, 2024 (the "Interrogatories" and each an "Interrogatory"), as follows:

## GENERAL STATEMENTS

By making information and/or documents available to Plaintiffs, Defendant does not waive any objections that he may have regarding Plaintiffs' use of such information or documents, or the truth or accuracy of any term, phrase or characterization contained in the Interrogatories or Defendant's responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevancy, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to Plaintiffs' use of any information provided or document produced, in whole or in part, or to limit the subject matter

covered thereby, in any later stage or proceeding in this litigation on any or all of the grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or documents produced by Defendant; and (3) all objections as to vagueness and ambiguity.

Privileged information and/or documents responsive to a particular Interrogatory, if any such information and/or document exists, are not being provided and will be identified as required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws. Moreover, if any information or document which is properly the subject of any attorney-client, joint defense or work-product privilege is provided or produced, such production is not to be construed as a waiver of the attorney-client, joint defense or work-product privilege or any other privilege and the production of responsive documents and/or information is made based on the condition that if any privileged materials are inadvertently produced or provided, all such materials and copies of all such materials will be returned to Defendant or his attorneys immediately upon Defendant's or his attorney's written request.

Defendant reserves its rights to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

Nothing herein shall be construed as an admission by Defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories.

Where the answer to an Interrogatory may be derived or ascertained from business records of Defendant or from an examination of such business records, and the burden of deriving or

ascertaining the answer is substantially similar for Defendant as it is for Plaintiffs, Defendant may exercise the option to produce business records by specifying the records from which the answer may be derived or ascertained and will make such documents available for examination, inspection and/or photocopying.

**GENERAL OBJECTIONS**

Defendant responds to each and every Interrogatory subject to the General Statements and the General Objections stated herein. These limitations and objections form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain Interrogatories for purposes of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of such General Objection even if other General Objections are specifically stated in response to an Interrogatory.

1. Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, and/or other applicable laws.

2. By responding to these Interrogatories, Defendant does not adopt or agree with the defined terms specified herein and such response shall not be construed as an admission or acceptance of such defined terms.

3. Defendant objects to the Interrogatories to the extent that the documents or information sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.

4. Defendant objects to the Interrogatories to the extent that they are vague, overly broad, unduly burdensome, seek information irrelevant or not material or necessary in the prosecution or defense of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that they seek documents and information over which Plaintiff lacks possession, custody, or control, or which are already in the possession of Plaintiff and/or its agents, employees, representatives, principal and/or counsel.

6. Defendant objects to the Interrogatories to the extent that responding would cause undue expense, embarrassment, disadvantage, or prejudice to Defendant.

7. Defendant objects to the Interrogatories to the extent that they seek information that Defendant cannot possess until further discovery has taken place in this action.

8. Defendant objects to the Interrogatories to the extent that they call for the production of documents, or categories of documents, that do not exist. By stating below that he will produce documents responsive to a particular Interrogatory, Defendant neither concedes nor admits that any documents responsive to a particular Interrogatory do in fact exist.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all banks and other financial institutions with which you have had an account of any kind since January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:** For each bank or other financial institution identified in response to Interrogatory No. 1, identify the account type and number.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** For each account identified in response to Interrogatory No. 1, list all account signatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:** Identify every entity of which you are or were a shareholder, member, or owner from January 1, 2019 through the present, including all titles and offices that were or are held and the dates each such title or office was or is held.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and general objections, Defendant is an owner of Defendants Narrow Way Realty Ltd., Narrow Way 2 LLC, Group 5 Associates, Ltd., Neway Management, LLC, and Scapes Supply, LLC.

**INTERROGATORY NO. 5:** Identify the addresses for all properties at which you have resided, owned, operated or rented property from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:** Identify every mobile phone number associated with you personally or associated with any entity you own, control, or operate from January 1, 2020 through the present and, for each number, identify the dates you had each number and the carrier or service provider.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant's phone number is [redacted]3535.

**INTERROGATORY NO. 7:** Identify all sources of income greater than $1,000 from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing

objections and General Objections, Defendant has received income from SiteOne and may have received income and/or distributions from the entities identified in response to Interrogatory No. 4.

**INTERROGATORY NO. 8:** Identify all email addresses, websites, and social media accounts with which you are currently associated, or have been associated, with from January 1, 2020 through the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, Defendant identifies victor@scapessupply.com and victorcaroleo@aol.com.

**INTERROGATORY NO. 9:** Excluding services which are purely domestic or household in nature (e.g., plumbers, electricians, cleaners for your personal residence), identify each individual who has performed services for you or any entity you own, control, or operate as an employee or independent contractor since January 1, 2020 through the present, and, for each individual, identify the dates on which they provided services and the types of services they provided.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General

Objections, Defendant refers Plaintiff to the interrogatory responses of Defendant Scapes Supply, and also identifies Janet Damiano as an independent contractor that has provided bookkeeping services to Defendant and several of the entities identified in response to Interrogatory #4.

**INTERROGATORY NO. 10:** Identify all entities that provided auditing or accounting services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:** Identify all entities that provided legal services for you or any entity you own, control, or operate from January 1, 2020 through the present. Include in your answer the type of service provided, the reason for retaining that entity, and the approximate dates of service.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, as not reasonably calculated to lead to the discovery of admissible evidence, and as seeking information protected by attorney-client privilege or other applicable privilege.

**INTERROGATORY NO. 12:** Explain the purpose for your purchase of the property located at 2001-2177 Horseblock Road, Medford, New York 11763 (the "Horseblock Road Property") and state the purchase price.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this request as seeking information that is irrelevant to the subject matter of this action, as seeking information equally or more readily available to Plaintiff, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:** Explain, in detail, the purpose of the development work which has been conducted at the Horseblock Road Property and identify the estimated date of completion.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:** State whether you intend to use the Horseblock Road Property to operate a nursery, landscaping, and/or landscaping supply business.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**<u>INTERROGATORY NO. 15:</u>** Identify the date on which you ceased to be an owner, shareholder, or member of Garden Department and explain, in detail, the reason you ceased to be an owner, shareholder, or member.

**<u>RESPONSE TO INTERROGATORY NO. 15:</u>**

Defendant objects to this request as overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence.

**<u>INTERROGATORY NO. 16:</u>** Identify all payments or amounts, monetary or otherwise, you or any entity you own, operate, or control have received from Narrow Way Realty, Ltd. and the dates such amounts were received, from January 1, 2020 to the present, and identify what has been done with those amounts.

**<u>RESPONSE TO INTERROGATORY NO. 16:</u>**

Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, as seeking information that is irrelevant to the subject matter of this action, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and General Objections, payments received by Defendant, if any, would have been distributions to him as an owner of Narrow Way Realty, Ltd., and the information requested in this Interrogatory is more readily and appropriately identifiable through the records already requested by Plaintiff and produced, or to be produced, from American Community Bank.

**PLEASE TAKE NOTICE** that Defendant reserves the right to supplement and/or amend the foregoing responses as information and/or documents become available through further investigation and/or discovery.

Dated: Uniondale, New York
August 21, 2024

Yours, etc.,

RIVKIN RADLER LLP
Attorneys for Defendant(s)
*Nicholas Giordano, Victor Caroleo, Narrow Way Realty, Ltd., Narrow Way 2, LLC., Group 5 Associates, Ltd., Scapes Supply, LLC and Neway Management, LLC,*

By: *Michael Impellizeri*
Michael Impellizeri (MI -5627)
926 RXR Plaza
Uniondale, New York 11556-0921

# VERIFICATION

My name is Victor Caroleo. I am a Defendant in this action. I have reviewed the answers to Plaintiff's First Set of Interrogatories set out in this document.

I declare under penalty of perjury of the laws of the State of New York that these answers are true and correct to the best of my knowledge.

VICTOR CAROLEO

Dated: 8/21/2024