# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - -

SITEONE LANDSCAPE SUPPLY, LLC,
Plaintiff, Civil Action No.
v. 2:23-CV-2084(GRB)(SL)
NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPARTMENT CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,
Defendants.

- - -

March 13, 2025

- - -

Videotaped deposition of VICTOR CAROLEO, conducted at Farrell Fritz, P.C., 400 RXR Plaza, Uniondale, New York, commencing at 10:00 a.m. EDT, on the above date.

Magna Legal Services
866-624-6221
www.MagnaLS.com

Marie Foley
RMR, CRR

APPEARANCES:

ON BEHALF OF PLAINTIFF:

TROUTMAN PEPPER HAMILTON SANDERS, LLP
BY: EVAN GIBBS, ESQUIRE
600 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30308
PHONE: 470.885.3093
EMAIL: evan.gibbs@troutman.com

-and-

FARRELL FRITZ, P.C.
BY: KEVIN P. MULRY, ESQUIRE
400 RXR Plaza
Uniondale, New York 11556
PHONE: 516.227.0620
EMAIL: kmulry@farrellfritz.com

A. These --

Q. -- in particular?

A. These gentlemen here.

Q. And do you know if anyone at the -- any of the -- either of the prior law firms that represented you, they reviewed your text messages as well?

A. That I don't recall.

Q. And I did, speaking of not recalling, I did want to go back just really quickly before I forget.

You mentioned at the beginning of the deposition that you were [redacted], and I just wanted to ask you a little more specifically how does -- how does that [redacted]

A. [redacted]

[redacted] [redacted]

[redacted] [redacted],

[redacted]

CONFIDENTIAL



[redacted],
[redacted]

Q. When did you begin [redacted]

A. I started about, as -- as I recall, [redacted]

Q. And --

A. I want -- I want to strike that. [redacted].
[redacted]
[redacted] [redacted].

Q. Was there any particular condition or diagnosis [redacted] [redacted]?

A. [redacted] [redacted]
[redacted]

Q. With respect -- before -- I'll take a step back.

Before our break, we were talking about your personal email account which is the victorcaroleo@aol.com. I want to ask you a few more questions about that.

Have you communicated with Nick Giordano via that email account at any point?

A. No.

Q. Was that particular email account searched as part of the discovery process in this case?

A. I don't know.

Q. Do you recall turning over access of the account to any of your attorneys?

A. I don't recall.

Q. Since this case was filed, have you deleted any emails from that particular email account?

A. I'm sure I deleted stuff. It's my common practice.

Q. And talking just about emails, you mean it's a common practice for you to

delete emails --
A. Correct.
Q. -- in that account?
How often do you delete emails?
A. Basically every time I get something it gets deleted, [redacted] and it -- I get overwhelmed when I have a lot of emails to go through. So I -- once I go through them, I delete them.
Q. Do you know if your email account retains deleted emails for any period of time?
A. You know, if the -- if it does, they get deleted too.
Q. So you double delete? You do a --
A. Correct.
Q. You delete the deleted?
A. And this is a practice I've been dealing with for years, [redacted]

[redacted]

Q. And on the AOL email account, do you check that email account from your phone?

A. Yes.

Q. And turning to the Scapes Supply email account, do you know what platform that account uses? Is it a Gmail or an Outlook type account?

A. I have no idea.

Like I said, I don't use it.

Q. Do you know if a litigation hold was turned on for that particular email account?

MR. MULE: I'm going to object.

BY MR. GIBBS:

Q. And the -- the question is just do you know, not did an attorney instruct you to do so. It's just do you know if a litigation hold was placed on that account?

MR. LABUDA: Yeah, I mean, I think we're objecting.