**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiff,

v.

NICHOLAS GIORDANO; DOMINICK CAROLEO; VICTOR CAROLEO; NARROW WAY REALTY, LTD.; NARROW WAY 2 LLC; THE GARDEN DEPT. CORP.; GROUP 5 ASSOCIATES, LTD.; 3670 ROUTE 112 LLC; 9 4TH ST. LLC; SCAPES SUPPLY, LLC; NEWAY MANAGEMENT, LLC; AND NEWAY TRUCKING,

Defendants.

Civil Action No.: 2:23-CV-02084

**ORAL ARGUMENT REQUESTED**

# PLAINTIFF SITEONE LANDSCAPE SUPPLY, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS BASED ON DEFENDANTS' SPOLIATION OF EVIDENCE

# TABLE OF CONTENTS


**ARGUMENT** ..... 1

- **I. Defendants Had a Duty to Preserve and Failed to Take Reasonable Steps** ..... 1
- **II. The Lost Messages Cannot Be Restored or Replaced** ..... 3
- **III. Defendants Acted with the Intent to Deprive SiteOne of Evidence** ..... 4
  - A. *Hoffer* Confirms That Intent May Be Inferred From This Record ..... 4
  - B. Vic Acted with Intent to Deprive ..... 5
  - C. Don Acted with Intent to Deprive ..... 5
  - D. Nick Acted with Intent to Deprive ..... 6
  - E. Defendants' Coordinated Attempt to Deprive ..... 7
- **IV. SiteOne Has Been Prejudiced by the Destruction of Evidence** ..... 7
- **V. The Relief Requested Is Appropriate** ..... 8

**CONCLUSION** ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Sonotec US Inc.*,
2025 WL 2614993 (E.D.N.Y. Sept. 10, 2025) ............................................................ *passim*

*Capital Senior Living, Inc. v. Barnhiser*,
713 F. Supp. 3d 407 (N.D. Ohio 2024)..........................................................................5, 7

*Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*,
2019 WL 5694256 (E.D.N.Y. July 22, 2019).................................................................1, 10

*Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*,
337 F.R.D. 47 (S.D.N.Y. 2020) ......................................................................................6, 10

*Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*,
138 F. Supp. 3d 352 (S.D.N.Y. 2015)..................................................................................10

*Doe v. Black*,
2026 WL 1102540 (S.D.N.Y. Apr. 23, 2026)........................................................................10

*First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*,
2016 WL 5870218 (N.D. Cal. Oct. 7, 2016)...........................................................................4

*Fuhs v. McLachlan Drilling Co.*,
2018 WL 5312760 (W.D. Pa. Oct. 26, 2018) ..........................................................................2

*Gerges v. LGA 2020 JV LLC*,
2025 WL 1272922 (E.D.N.Y. Feb. 28, 2025).......................................................................1, 8

*Hermann v. Unily Inc.*,
2026 WL 2982989 (S.D.N.Y. Oct. 5, 2026).......................................................................6, 10

*Hice v. Lemon*,
2021 WL 6053812 (E.D.N.Y. Nov. 17, 2021).....................................................................7, 10

*HMS Holdings Corp. v. Arendt*,
2015 WL 2403099 (Sup. Ct. Albany Cnty. May 19, 2015)..................................................4, 5

*Hoffer v. Tellone*,
128 F.4th 433 (2d Cir. 2025) ......................................................................................... *passim*

*Karlyg v. City of New York*,
2024 WL 4333858 (E.D.N.Y. Sept. 28, 2024) ..........................................................................1

*Karsch v. Blink Health Ltd.*,
2019 WL 2708125 (S.D.N.Y. June 20, 2019) ....................................................................7

*Kleiman v. Wright*,
2020 WL 3451682 (S.D. Fla. June 24, 2020) ....................................................................5

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
2018 WL 1512055 (S.D.N.Y. Mar. 12, 2018) ..............................................................2, 8

*Moody v. CSX Transp., Inc.*,
271 F. Supp. 3d 410 (W.D.N.Y. 2017) ....................................................................2, 5, 6

*Oakley v. MSG Networks, Inc.*,
792 F. Supp. 3d 377 (S.D.N.Y. 2025)..................................................................4, 5, 7, 8

*Orellana v. Lopez*,
2026 WL 915309 (S.D.N.Y. Apr. 3, 2026)..........................................................................3

*Ronen v. RedRoute, Inc.*,
2025 WL 2790808 (E.D.N.Y. June 16, 2025) ............................................................ *passim*

*Rossbach v. Montefiore Med. Ctr.*,
81 F.4th 124 (2d Cir. 2023) .................................................................................................8

*United States ex rel. Staggers v. Medtronic, Inc.*,
830 F. Supp. 3d 49 (D.D.C. 2026).......................................................................................2

*Tarasewicz v. Royal Caribbean Cruises Ltd.*,
2016 WL 3944176 (S.D. Fla. Feb. 9, 2016) .........................................................................5

**Other Authorities**

Fed. R. Civ. P. 37 .............................................................................................................. *passim*

Don, Vic, and Nick—alleged to have planned, financed, and launched a competing business—destroyed years of texts and e-mails through deletion, auto-delete, phone trade-ins, and a wiped device. [Mot. 4–9, 12–19.] As the Court put it: "Your client should not have destroyed evidence. Period." [Mot. 1 (quoting Mar. 26, 2025 Hrg. Tr.).] Caught red-handed and condemned repeatedly, one might have expected Defendants to accept responsibility and only argue the measure of the penalty. Instead, Defendants concede "text messages were lost" [Opp. 1], yet deny any duty, unreasonable conduct, loss, intent, or prejudice. [Opp. 7–24.] Defendants minimize each destructive act, blaming "habit," vendor error, an unnoticed auto-delete setting, and a [redacted]. Individually the violations are material; collectively, they erased essentially every written communication among Don, Vic, and Nick, from conception, financing, and opening of the competing business. "Dad do not text me…Ever…Only calls" is not the sentiment of a man of pure heart and no bad intent. [*See* Ex. 14 at NXTPT0001462–63, 68.] The motion must be granted.

## <u>ARGUMENT</u>

### I. Defendants Had a Duty to Preserve and Failed to Take Reasonable Steps

Rule 37(e) requires "reasonable steps" [Opp. 6, 8], but Don, Vic, and Nick took no reasonable steps.[1] The duty to preserve arises "no later than the date the action is commenced" but "may arise earlier." *Adler v. Sonotec US Inc.*, 2025 WL 2614993, at *5 (E.D.N.Y. Sept. 10, 2025). March 21, 2023 service is the *latest* possible trigger, but not the only one. Nick, who was preparing a competing nursery by January 2023 while on SiteOne's payroll [Ex. 9 at 137:8–144:7, 148:12–21, 160:9–161:12], should have reasonably foreseen litigation once his duplicitous conduct began. *Gerges v. LGA 2020 JV LLC*, 2025 WL 1272922, at *3 (E.D.N.Y. Feb. 28, 2025). It is undisputed

[1] Defendants' "sophistication" cases are inapposite. [Opp. 6–9.] *Karlyg v. City of New York*, 2024 WL 4333858, at *5–7 (E.D.N.Y. Sept. 28, 2024) (only metadata missing); *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, 2019 WL 5694256, at *10–12 (E.D.N.Y. July 22, 2019) (lost information's importance not shown).

that each individual Defendant deleted documents. Each as a result now has a lot of excuses, all of which evaporate as follows:

**Vic.** Vic deletes his texts and "double deletes" his e-mails. [Ex. 2[2] at 43:19–45:3.] He replaced his phone during this litigation and never confirmed his messages carried over. [Mot. 4; Ex. 2 at 35:5–36:19, 39:9–40:7.] In April 2026, over a year after a written hold[3], he still deleted "all of them" within "[h]alf an hour." [Ex. 4 at 35:2–15; Ex. 3 at 19:23–20:18; Opp. 17.] No doctor told him to destroy evidence. [*Contra* Opp. 4; Sheth Decl. Ex. C at 44:5–25].

**Don.** Defendants rely on Don's July 2023 engagement of WRD to assert that Don took reasonable steps to preserve ESI. [Opp. 1–2, 9.] But counsel merely "briefly reviewed" the WRD drive and Report then "put [them] in the file." [ECF 188.] Any genuine review would have revealed the extraction failure then and there: the Report held 39 chats, mostly eight days of Don–Vic messages, while the drive held "no human-readable data." [Mot. 7 n.9 & n.15; ECF 188 at 2.] It is unreasonable to "blindly" copy data and "put it in a drawer without ever looking at it" while the original is destroyed without confirming "that the appropriate data had been uploaded and was accessible." *Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 428–29 (W.D.N.Y. 2017). Meanwhile, auto-delete kept running, and Don disposed of the phone without notice. [Mot. 6.][4]

**Nick.** Defendants say Nick complied with his duty "save for 2-3 weeks after service," as his increased post-April 2023 message volume "corroborates." [Opp. 5, 10.] Their shifting

---

[2] Numbered exhibits refer to the Exhibits to the Declaration of John ("Evan") S. Gibbs III, dated October 8, 2026, unless otherwise stated herein.

[3] The timing of Vic's February 2025 written hold [Opp. 18 n.8] does not excuse his earlier deletions; his duty attached no later than service.

[4] Defendants' cases do not distinguish *Moody*. *Lokai Holdings LLC v. Twin Tiger USA LLC*, involved a contracted-for archiving service with no warning signs, 2018 WL 1512055, at *11 (S.D.N.Y. Mar. 12, 2018); Don never checked the Report in over a year. *United States ex rel. Staggers v. Medtronic, Inc.* involved a failed migration of "over one billion records," 830 F. Supp. 3d 49, 67 (D.D.C. 2026); here, auto-delete caused the loss, and any look would have exposed it. In *Fuhs v. McLachlan Drilling Co.*, an unsophisticated plaintiff disabled auto-delete when his lawyers told him to, kept the phone, and had it imaged. 2018 WL 5312760, at *10–11, *18–19 (W.D. Pa. Oct. 26, 2018). Don left auto-delete running over a year after suit, then traded in the phone.

accounts say otherwise: believing the phone's messages began in April 2023 [ECF 198-1 n.3], they reported reviewing 42,939 messages [ECF 183], then claimed Nick's phone contained over 150,000 messages dating back to 2020, and claimed they reviewed "all text communications" between Nick, on the one hand, and Vic and/or Don, dating back to November 4, 2020. [Opp. 5, 17; ECF 184-2.] Retaining 2020–2022 messages but almost nothing from the enterprise-formation months demonstrates selective loss.

## II. The Lost Messages Cannot Be Restored or Replaced

Defendants concede "messages were lost from the cell phones of Don, Vic, and Nick" [Opp. 1], so *Orellana v. Lopez*—where only metadata was at issue, 2026 WL 915309, at *3 (S.D.N.Y. Apr. 3, 2026) [Opp. 7]—is inapposite. Nor is Nick's phone the "principal replacement source." [Opp. 11.] It cannot replace Don–Vic messages; the forensic examination yielded none. [Mot. 9–10.] The only surviving Don–Vic messages—in July 2023 on Don's competing property involvement [Ex. 14 at NXTPT0001432–68]—exist only in the Cellebrite Report,[5] a sliver that heightens, rather than allays, concern about destruction. Not one Nick–Vic message survives from the formation window [Opp. 12], remarkable since Defendants claim that Nick's phone supposedly holds 150,000 messages from 2020 on.[6] While he was a SiteOne employee, Nick prepared the new site in January 2023 while Vic was in Florida. It is not plausible that these two partners supposedly exchanged no relevant texts. [Ex. 9 at 137:8–144:7; Ex. 4 at 188:2–12.] Nick's phone cannot replace anything before mid-April 2023, when he admits deleting. [Ex. 8 at 35:14–21.]

---

[5] Defendants' argument that these messages "do not support an (e)(2) finding" because they "were not lost" [Opp. 16] gets it backwards: had Defendants had their way, SiteOne would never have seen them.

[6] The protocol's challenge mechanism [Opp. 12] reached withheld documents, not destroyed ones, and its "landscape-related" limit cannot explain silence between partners building a nursery. SiteOne moved promptly once the unredacted Report revealed that additional relevant evidence may have been withheld. [ECF 275.]

## III. Defendants Acted with the Intent to Deprive SiteOne of Evidence

Defendants heavily rely on purported lack of intent. [Opp. 12–19.] Negligence or knowing conduct "will not suffice" under Rule 37(e)(2), *Hoffer v. Tellone*, 128 F.4th 433, 438 (2d Cir. 2025), but intent by preponderance "frequently depends upon circumstantial evidence." *Id.* at 440. Defendants admit Don auto-deleted; Vic deletes after reading; Nick deleted by "habit." [Opp. 1.] Their destruction of evidence, coupled with the timing and stated desire to minimize ("Calls only"), is circumstantial proof of intent rather than "suspicion alone." [*Contra* Opp. 15.]

### A. *Hoffer* Confirms That Intent May Be Inferred From This Record

SiteOne never argued negligence suffices for Rule 37(e)(2) intent. [Mot. 20 n.17.] *Hoffer* rejected a negligence standard, 128 F.4th at 438; it did not immunize repeated post-duty destruction. Post-*Hoffer* courts continue to find intent on similar records. *Oakley v. MSG Networks, Inc.* 792 F. Supp. 3d 377, 390–91 (S.D.N.Y. 2025) ("*passively* allow[ing] ESI to be lost can still support an inference of intentionality") (citation omitted); *Ronen v. RedRoute, Inc*. 2025 WL 2790808, at *5–7 (E.D.N.Y. June 16, 2025) (intent where defendants replaced phones mid-litigation "without first confirming that their text messages were preserved"—as Don's failed "affirmative action" [Opp. 14 n.6] did not). And while Defendants criticize SiteOne's citation to *Adler*, as if *Hoffer* overruled it, *Adler* not only post-dates *Hoffer* but *applied* its preponderance standard, and recognized "*passive* deletion of text messages alone" may suffice. 2025 WL 2614993, at *8. A "habit" is no excuse. *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL 5870218, at *3–4 (N.D. Cal. Oct. 7, 2016); *HMS Holdings Corp. v. Arendt*, 2015 WL 2403099, at *14 (Sup. Ct. Albany Cnty. May 19, 2015).

### B. Vic Acted with Intent to Deprive

Defendants concede Vic deleted texts with Don and Nick after suit and after a written preservation instruction. [Opp. 17.] Each *Moody* factor is met.[7] 271 F. Supp. 3d at 431. Purging every message after a written hold is a "conscious act of destruction." *Oakley*, 792 F. Supp. 3d at 390; *Capital Senior Living, Inc. v. Barnhiser*, 713 F. Supp. 3d 407, 416, 419 (N.D. Ohio 2024) (rejecting "routine practice of deleting text messages . . . regardless of sender" and imposing Rule 37(e)(2) sanctions).

Calling the practice "indiscriminate" and at most "knowing[]" [Opp. 17–18] misreads *Hoffer*. One told in writing that his messages are evidence, who keeps destroying them through depositions and the Court's admonitions, is choosing that his adversary not have them. *See HMS Holdings*, 2015 WL 2403099, at *14 (rejecting "highly unusual practice of routinely deleting" texts). Indiscriminate deletion is no defense where nothing survives. *Ronen*, 2025 WL 2790808, at *7; *Oakley*, 792 F. Supp. 3d at 381; *Capital Senior Living*, 713 F. Supp. 3d at 416, 419. Vic's health does not explain it. Counsel blamed "compulsive tendencies," a man "set in his ways" [ECF 188 at 3]; only later did [redacted] [Opp. 3–4, 11, 18.][8] In addition to not being credible on its face, this collides headlong with Defendants' position that Vic and Nick planned and ran a $10-million-a-year business with no help from Don. [Mot. 10, 15.]

### C. Don Acted with Intent to Deprive

Nearly two years into the case, counsel reported that Don's phone and iCloud were set to auto-delete. [ECF 184-2.] In December 2024, Don traded in the phone without confirming its contents were preserved, and cannot recall telling his lawyers. [Ex. 6 at 22:15–23:3.] His reason

[7] The factors are material evidence, an affirmative act causing loss, knowledge of the duty, and no credible explanation "as not involving bad faith." *See Moody*, 271 F. Supp. 3d at 431.

[8] *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 2016 WL 3944176, at *6 (S.D. Fla. Feb. 9, 2016), *Kleiman v. Wright*, 2020 WL 3451682, at *18 (S.D. Fla. June 24, 2020), addressed inconsistent testimony, not deletion.

shifted from a broken screen [Ex. 5 at 34:11–19] to, in counsel's words, "time for an upgrade." [Feb. 10, 2025 Hrg. Tr. 26:16.] The Court found he got rid of "a phone with potentially relevant information on it" without notice: "I don't see any other conclusion to draw." [*Id.* at 27:10–19.] That is *Ronen*, 2025 WL 2790808, at *6–7, and *Moody*, 271 F. Supp. 3d at 431–32 ("so stunningly derelict as to evince intentionality."). *Hermann v. Unily Inc.* draws the same line: auto-delete may weigh against intent; disposing of a device "without ensuring that the data was properly backed up" does not. 2026 WL 2982989, at *12 (S.D.N.Y. Oct. 5, 2026).[9]

The surviving messages confirm intent. As the business was being set up, Vic wrote "Nick wants to have a meeting right away with the three of us" and "Let[']s be in private." [Ex. 14 at NXTPT0001432–34.] After discussing Don's help with the Middle Island Road property, Don wrote "Calls only" and "Dad do not text me…Ever…Only calls." [*Id.* at NXTPT0001436–40, 1448, 1462–63.] Defendants first produced the Report with every message redacted and told the Court none of it concerned "landscape-related issues." [ECF 275 at 2–3.] Concealing the only surviving evidence is bad faith.

**D. Nick Acted with Intent to Deprive**

Nick's February 20, 2023 reset did not pre-date his duty. [Opp. 16–17.] The duty arose when Nick should have known "the evidence may be relevant to future litigation," *Adler*, 2025 WL 2614993, at *4–5 (citation omitted), *i.e.*, when a reasonable party "would have foreseen litigation." *Hermann*, 2026 WL 2982989, at *5. An employee secretly preparing a competing nursery while on SiteOne's payroll—confronted and fired for it—would have reasonably foreseen litigation at least by the morning he wiped his phone. [Ex. 9 at 137:8–144:7, 160:21–161:19; Ex. 4 at 188:21–189:24.]

---

[9] *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47 (S.D.N.Y. 2020) [Opp. 15], applied the "clear and convincing" standard *Hoffer* rejected. 128 F.4th at 440.

Defendants now tell a story too remarkable to be coincidental: Nick just happened to order a new phone the day before his termination, a decision they maintain had nothing to do with his long-scheduled meeting the next day with SiteOne. [Ex. 9 at 165:5–19; Ex. 8 at 18:5–11.] He then reset the old one before the meeting and handed SiteOne a blank device. [Ex. 8 at 26:21–28:8.] *Karsch v. Blink Health Ltd.*, 2019 WL 2708125 (S.D.N.Y. June 20, 2019), which cautions against inferring intent "based almost entirely on the timing" [Opp. 16], applied the clear-and-convincing standard *Hoffer* rejected, and the spoliator there had a "more plausible" explanation—a server shut down in a data transfer. *Id.* at *21–22. Nick has none: a man who transferred only "photos and contacts" and deleted "everything" [Ex. 8 at 19:22–20:9, 33:20–34:17] somehow retains years of messages except from the months that matter. *See supra* Part I; [ECF 184-2]. That is selective deletion. Even habitual deleters act with intent when nothing survives. *Ronen*, 2025 WL 2790808, at *7; *Oakley*, 792 F. Supp. 3d at 381; *Capital Senior Living*, 713 F. Supp. 3d at 416.

### E. Defendants' Coordinated Attempt to Deprive

That SiteOne lacks evidence of an agreement to delete [Opp. 18] is the predictable result of Defendants deleting the communications. The surviving record shows coordination: a meeting of the three "right away" and "in private," and "Only calls." [Ex. 14 at NXTPT0001432–34, 1462–63.] And because the entity Defendants are owned and controlled by Don and Vic and were used to move money among them, relief runs against them too. [*Contra* Opp. 18 n.10, 21; Mot. 2–3.]

## IV. SiteOne Has Been Prejudiced by the Destruction of Evidence

Intent to deprive obviates a separate prejudice showing. *Adler*, 2025 WL 2614993, at *8; *Hice v. Lemon*, 2021 WL 6053812, at *5 (E.D.N.Y. Nov. 17, 2021). Regardless, prejudice is plain. A movant "need not establish" a "smoking gun," only "plausible, concrete suggestions" of what was destroyed. *Karsch*, 2019 WL 2708125, at *21. The Report supplies them: private meetings,

calls-only instructions, and the competing property. [Ex. 14 at NXTPT0001432–40.] Defendants concede Don financed land for competition, yet deny his further involvement before January 2025. [Opp. 23 n.13; Mot. 3.] Only the destroyed messages could show the scope of Don's involvement during his non-compete period. SiteOne's inference is tethered to evidence, not "unimportant."[10]

Where, as here, Defendants—the ones "with actual knowledge"—offer "nothing but legal argument, premised almost entirely on [SiteOne's] inability to prove that which [Defendants'] misconduct has prevented the Court from determining," curative sanctions follow. [Mot. 24.] Nor does "ample evidence" remain [Opp. 22]: unlike *Lokai*, where the movant obtained meaningful evidence elsewhere, 2018 WL 1512055, at *13, all three key witnesses spoliated here.

Defendants assert SiteOne cannot show prejudice as forensic exams occurred and Defendants had spoliation-related depositions. [Opp. 23.] But these steps *confirmed* the loss; they restored nothing. *Lokai*, 2018 WL 1512055, at *12 (testimony "cannot be deemed equivalent to the missing documents"). And *Gerges* does not confine prejudice to post-service losses [Opp. 22–23]; foreseeability is "flexible," 2025 WL 1272922, at *3, and Nick's February 2023 wipe falls within the Rule. *Supra* Part III.D.

## V. The Relief Requested is Appropriate

Defendants' conduct evinces an intent to deprive SiteOne of evidence. *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 139–40 (2d Cir. 2023) (affirming dismissal of claims; *Hoffer* noted only *Rossbach*'s negligence "implication," not its intent-based dismissal); *Oakley*, 792 F. Supp. 3d at 393 (intent to deprive due to significant failure to preserve text messages; granting adverse inference instruction). While the terminating sanction of a default judgment would be

[10] SiteOne's showing is specific to each Defendant, channel, and period [*contra* Opp. 22]: no Don–Vic texts beyond eight days in July 2023; Don on auto-delete until at least December 2024; Vic deleting to this day; and Nick's duty arising by January 2023.

entirely appropriate, SiteOne spares the Court that choice, instead seeking the far more limited sanction of an adverse inference. An adverse inference against each Defendant is warranted under Rule 37(e)(2). This is not merely a case where communications support contentions of law and fact; rather, the communications in many ways *are* the violation. That Don, Vic and Nick were communicating about setting up a competing store was a breach of contractual and common law duties in and of itself, irrespective of the communications.

The surviving record is just eight days of communications from the time in which Defendants contend Don was not competing. Defendants make multiple excuses for this gap, but the gap remains. Defendants created that gap, knowing full well what the evidence would have shown. Yet they now argue that the relief SiteOne seeks here is disproportionate since, in Defendants' words, "the information lost was relatively unimportant." [Opp. 19 (citations omitted)]. This is circular: if the evidence was important enough for Defendants to destroy, it is important enough for SiteOne to receive an inference about it.

A mandatory sanction is particularly appropriate since Defendants repeatedly trumpeted the lack of evidence. *See e.g.*, ECF 184-2 ("utter absence of any proof even suggesting any competition by Don [and] the substantial comprehensiveness of Nick's data"); ECF 188 ("…after two years…SiteOne has produced <u>zero</u> evidence to support <u>any</u> of its claims"); ECF 200 ("this case is more than two years old and SiteOne has yet to produce any evidence that even remotely supports its allegations that Nick, Don and Vic defrauded it in any manner…[T]here is no evidence that any of Nick's text messages would have been relevant…[T]here is no evidence that Nick, Don and Vic were texting about anything relevant to those claims").[11] Defendants cannot be left to

[11] Such was Defendants' zeal on "no evidence" that they threatened sanctions: "when SiteOne can produce a shred of credible evidence supporting its claims, we will gladly consider withdrawing the Rule 11. All SiteOne has is purported evidence of deleted text messages – even if you get a negative inference at trial – which you likely will not – you still can't prevail with just an inference…" Declaration of John ("Evan") S. Gibbs III, dated October 19, 2026, Ex. 23.

destroy evidence, taunt that the surviving evidentiary record cripples Plaintiff's case, then come to this Court and say none of it was important. [Opp. 21–22.]

A mandatory inference would not "operate[] as a default." [Opp. 20–21.] Defendants can still declaim all they wish to the jury that they are innocent and that the store that wrecked SiteOne's business was started for pure reasons. They are free to give that testimony, but they should not be permitted to do so while stating the missing texts would have supported such purity. *See Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 138 F. Supp. 3d 352 (S.D.N.Y. 2015) ("clear intent to deprive"; precluding evidence "to rebut that specific inference").

*Hice* and *Capricorn* [Opp. 20] favor SiteOne. In *Hice*, the movant could "ferret out from other sources the documents that Hice deleted," and the court still awarded fees and recommended an adverse inference. 2021 WL 6053812, at *6–7, 9. Here, no other source exists. In *Capricorn*, the movant had no evidence the lost ESI was exculpatory, 2019 WL 5694256, at *12; SiteOne has exactly that evidence—the Report. [Ex. 14 at NXTPT0001436–40.] At minimum, a permissive instruction is warranted, and even absent intent, the prejudice warrants Rule 37(e)(1) sanctions. *Hermann*, 2026 WL 2982989, at *13 (permitting evidence of loss and resulting gaps); *Doe v. Black*, 2026 WL 1102540, at *30 (S.D.N.Y. Apr. 23, 2026).[12] SiteOne is also entitled to fees for finding the spoliation and related motion practice. *Adler*, 2025 WL 2614993, at *9; *Ronen*, 2025 WL 2790808, at *7; *Charlestown*, 337 F.R.D. at 67–69 (imposing fees "jointly and severally").[13]

## **CONCLUSION**

For the foregoing reasons and those in its moving papers, SiteOne respectfully requests that the Court grant its motion for sanctions in its entirety.

[12] Defendants never explain how presenting evidence of each Defendant's own spoliation would have the "effect of" Rule 37(e)(2) measures. [Opp. 23–24.]

[13] Because each Defendant's spoliation required the same discovery and motion practice, the costs are indivisible and joint and several liability is appropriate [*contra* Opp. 24]; alternatively, fees should be apportioned, not denied.

Dated: October 19, 2026

TROUTMAN PEPPER LOCKE LLP

By: ______________________________
John S. Gibbs III (*pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Phone: (404) 885-3000
email: evan.gibbs@troutman.com

Daniel E. Gorman
Paris L. Kent
875 Third Avenue
New York, New York 10022
Phone: (212) 704-6000
email: daniel.gorman@troutman.com
email: paris.kent@troutman.com

Matthew H. Adler (*pro hac vice*)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, Pennsylvania 19103
Phone: (215) 981-4802
email: matt.adler@troutman.com

FARRELL FRITZ, P.C.

Kevin P. Mulry
400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0620
kmulry@farrellfritz.com

*Attorneys for Plaintiff*
*SiteOne Landscape Supply, LLC*